UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE STREET GROUP, LLC,<br><br>                    *Plaintiff*,<br><br>   v.<br><br>MILLENNIUM MANAGEMENT LLC, DOUGLAS SCHADEWALD, and DANIEL SPOTTISWOOD<br><br>                    *Defendants*. | Civil Action No. 24-cv-02783<br><br>**[PROPOSED] ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING ORDER, EXPEDITED DISCOVERY, AND AN EXPEDITED PRELIMINARY INJUNCTION HEARING** |

Upon the Complaint of Plaintiff Jane Street Group, LLC ("Jane Street") dated April 12, 2024, the accompanying Declaration of Jeff Nanney dated April 16, 2024, the accompanying Declaration of Deborah K. Brown dated April 16, 2024, the exhibits appended thereto, and the supporting Memorandum of Law in Support of a Temporary Restraining Order, Expedited Discovery, and an Expedited Preliminary Injunction Hearing, and such further submissions as may be made, and good and sufficient cause having been shown therefore, it is hereby:

**ORDERED** that Defendants Millennium Management LLC ("Millennium"), Douglas Schadewald, and Daniel Spottiswood or their counsel appear and show cause at a hearing before the Honorable Paul A. Engelmayer, United States District Judge, in Courtroom _____, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York, on _____, 2024 at _____.m, or as soon thereafter as counsel may be heard, why the Court should not enter an order for a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure and the Court's inherent powers, pending final determination of this action:

    (a)    enjoining Mr. Schadewald and Mr. Spottiswood, and any other Millennium employees or individuals working on the same trading team (or "trading pod"),

from placing orders in the relevant international options and equities markets which rely on the methods of Jane Street's Trading Strategy, including based upon an interpretation of the price signals and market trends used by the Trading Strategy, or which otherwise exceed a position larger than the maximum position taken by Millennium in the same markets between January 7 and February 7, 2024;

(b) enjoining Mr. Schadewald and Mr. Spottiswood from breaching their IP Agreements;[1]

(c) enjoining Defendants from using, disclosing, misappropriating, or exploiting Jane Street's confidential information, intellectual property, trade secrets, proprietary trading strategies, and/or business strategies, including the Trading Strategy;

(d) enjoining Defendants from taking positions or trading in the relevant international options or equity markets based on knowledge of Jane Street's trading or trading strategies in those markets or the Trading Strategy (including trading with or against the Trading Strategy), which is Jane Street's confidential information and protected by the IP Agreements and trade secret law; and

(e) ordering such further relief the Court deems just and proper;

**AND IT IS FURTHER ORDERED**, that good and sufficient cause having been shown, pending the hearing and determination of Jane Street's motion for a preliminary injunction, Jane Street will suffer immediate and irreparable harm unless a temporary restraining order is in effect providing the relief requested by Jane Street's Proposed Order to Show Cause for a Temporary Restraining Order, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, it is hereby:

---

[1] Capitalized terms have the same meaning provided in the Complaint unless otherwise defined herein.

**ORDERED** that Defendants are temporarily ENJOINED AND RESTRAINED, until the hearing and determination of Jane Street's motion for a preliminary injunction, as follows:

(a) Mr. Schadewald and Mr. Spottiswood, and any other Millennium employees or individuals working on the same trading team (or "trading pod"), are temporarily restrained and enjoined from placing orders in the relevant international options and equities markets which rely on the methods of Jane Street's Trading Strategy, including based upon an interpretation of the price signals and market trends used by the Trading Strategy, or which otherwise exceed a position larger than the maximum position taken by Millennium in the same markets between January 7 and February 7, 2024;

(b) Mr. Schadewald and Mr. Spottiswood are temporarily restrained and enjoined from breaching their IP Agreements;

(c) Defendants are temporarily restrained and enjoined from using, disclosing, misappropriating, or exploiting Jane Street's confidential information, intellectual property, trade secrets, proprietary trading strategies, and/or business strategies, including the Trading Strategy;

(d) Defendants are temporarily restrained and enjoined from taking positions or trading in the relevant international options or equity markets based on knowledge of Jane Street's trading or trading strategies in the those markets or the Trading Strategy (including trading with or against the Trading Strategy), which is Jane Street's confidential information and protected by the IP Agreements and trade secret law; and

    (e)       Defendants are temporarily restrained and enjoined in all other such ways necessary to bring Mr. Schadewald and Mr. Spottiswood in full and complete compliance and conformance with Mr. Schadewald's and Mr. Spottiswood's post-Jane Street confidentiality and intellectual property obligations as set forth in the IP Agreements;

**AND IT IS FURTHER ORDERED**, that good cause and reasonableness having been shown, Jane Street's request for expedited discovery is granted, and Defendants shall respond to Jane Street's requests for production (including written responses, production of documents, and a privilege log, if applicable) by no later than five (5) business days of the date of this Order; and further, Mr. Schadewald and Mr. Spottiswood shall each make themselves available for depositions of no longer than seven (7) hours, on the record, in duration by Jane Street, respectively, conducted before persons authorized to administer oaths at mutually convenient places in New York, New York, by no later than ten business days of the date of this Order;

**AND IT IS FURTHER ORDERED**, that because Mr. Schadewald and Mr. Spottiswood agreed in their IP Agreements that, in the event of a breach of their contractual obligations, Jane Street would be "entitle[d] [] to injunctive relief" (Schadewald IP Agreement § 2.6; Spottiswood IP Agreement § 4.8), may seek "at its discretion [] a temporary restraining order, preliminary injunction, permanent injunction, or any comparable injunctive relief" (Schadewald IP Agreement § 8), and "shall be entitled to obtain preliminary and permanent injunctive relief" (Spottiswood IP Agreement § 8), and Mr. Schadewald and Mr. Spottiswood "agree[] not to seek, and [] agree[] to waive any requirement for, the securing or posting of a bond in connection with [injunctive] relief" (Schadewald IP Agreement § 8) and "expressly waive[]" "the necessity of posting bond or security [in connection with injunctive relief]" (Spottiswood IP Agreement § 8), and based upon a

balancing of the equities, which from the submissions herein overwhelmingly favor Jane Street, in this Court's discretion no securing or posting of any bond by Jane Street in connection with the remedies herein is required;

**AND IT IS FURTHER ORDERED**, that there is good cause to permit notice of this Order to Show Cause and all supporting documents by alternative means, given the exigent circumstances and need for prompt relief, and the following means of service is authorized by law, satisfies due process and Rule 4(f)(3) of the Federal Rules of Civil Procedure, and shall be deemed to notify Defendants of this Order to Show Cause: Jane Street shall provide a copy of this Order to Show Cause, together with supporting documents upon which it is based, by e-mail to Millennium's counsel, Martin Black, Dechert LLP, martin.black@dechert.com, and Mr. Schadewald's and Mr. Spottiswood's counsel, Rollo Baker, Elsberg Baker & Maruri PLLC, rbaker@elsberglaw.com, by April ____, 2024, which delivery shall constitute good and proper service and notice thereof;

**AND IT IS FURTHER ORDERED**, that there is good cause for the sealed documents supporting this Order to Show Cause, including Jane Street's Memorandum of Law in Support of an Order to Show Cause, the Declaration of Jeff Nanney, and the Declaration of Deborah K. Brown, and any sealed exhibits thereto, to be designated "Highly Confidential" / "Attorney's Eyes & Client Representative Only" pending entry of an appropriate Protective Order that protects any confidential information, trade secrets, or intellectual property exchanged between the parties;

**AND IT IS FURTHER ORDERED**, following the close of expedited discovery, that Jane Street's motion for a preliminary injunction and supporting documents shall be served by and filed on ECF on or before _____, 2024;

**AND IT IS FURTHER ORDERED**, that opposition papers to Jane Street's motion for a preliminary injunction, if any, shall be served by and filed on ECF on or before _____, 2024;

**AND IT IS FURTHER ORDERED**, that reply papers in further support of Jane Street's motion for a preliminary injunction, if any, shall be served by and filed on ECF on or before _____, 2024.

DATED:   New York, New York

April ____, 2024

SO ORDERED

_____
U.S.D.J.