**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7116**

WRITER'S EMAIL ADDRESS
deborahbrown@quinnemanuel.com

April 16, 2024

<u>VIA ECF</u>

Hon. Paul A. Engelmayer
United States District Court for the Southern
  District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re:    <u>Jane Street Group, LLC v. Millennium Management LLC et al., No. 1:24-cv-02783</u>

Dear Judge Engelmayer:

We represent Plaintiff Jane Street Group, LLC ("Jane Street") in the above-referenced action. Pursuant to Your Honor's Individual Rule 4(B)(2) (Sealing/Redaction Requiring Court Approval), we write to request permission to seal certain materials that contain Jane Street's proprietary, commercially sensitive, or trade secret information in Jane Street's Proposed Order to Show Cause for a Temporary Restraining Order, Expedited Discovery, and an Expedited Preliminary Injunction Hearing and supporting documents. Jane Street will discuss proposed redactions to the sealed documents with Defendants and attempt to reach agreement prior to presenting redacted versions of the sealed documents to the Court for approval, at which point a redacted version can be filed in the public record.

## I.    STANDARD

To determine whether sealing is appropriate, courts in the Second Circuit apply the three-step test described in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under this test, the Court must determine: (1) whether the documents subject to a sealing request qualify as "judicial documents;" (2) the weight of the presumption of public access attaching to any judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to any judicial documents. *Id.* at 119–20. A district court has "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed" on its docket. *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).

quinn emanuel urquhart & sullivan, llp
ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON |
LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY |
SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

The competitively sensitive material Plaintiff seeks to seal concerns the confidential, proprietary, and trade secret information underlying the proprietary trading strategy that is the subject of this action. This information includes descriptions of the confidential and trade secret tools and processes that Plaintiff uses to identify and develop market opportunities and execute proprietary trading strategies therein; descriptions of the confidential and proprietary variables, indicators, and techniques that Plaintiff deploys through the subject proprietary trading strategy to capitalize on and profit from the opportunity discussed in the Complaint; and the identity of the markets targeted by the proprietary trading strategy. The public interest in the details that Plaintiff seeks to redact is limited compared to the private parties' interest. *See, e.g., News Corp. v. CB Neptune Holdings, LLC*, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) ("[D]isclosure of . . . competitively sensitive financial information *provides no specific benefit to the public*, including competitors. The competitive disadvantages . . . if such information were disclosed outweighs the general public interest in disclosure." (emphasis added)).

At the same time, a party's interest in preserving competitively sensitive business operations frequently merits sealing. *See, e.g., In re. Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1225-26 (Fed. Cir. 2013) (district court abused its discretion by denying request to seal confidential financial information).

To this end, courts grant motions to seal documents that "contain proprietary, competitively sensitive business information or are related to internal procedures, the disclosure of which would put [the moving party] at a competitive disadvantage." *Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*, 2018 WL 739580, at *19 (S.D.N.Y. Jan. 10, 2018); *see also, e.g., Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (upholding ruling that party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *Avocent Redmond Corp. v. Raritan Ams., Inc.*, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) (identifying documents that "[t]he parties may file ... under seal because they include confidential business information—market forecasts, sales, inventory management, profit margins, etc.—the disclosure of which would cause competitive harm").

## II.    DOCUMENTS JANE STREET SEEKS TO SEAL

In connection with Jane Street's Proposed Order to Show Cause for a Temporary Restraining Order, Expedited Discovery, and Expedited Preliminary Injunction Hearing, Jane Street seeks to seal certain exhibits that contain competitively sensitive information regarding Jane Street's business operations and confidential, proprietary, and trade secret information, and intellectual property, including Jane Street's proprietary trading strategies. Jane Street also seeks to seal documents containing discussion of this competitively sensitive information, namely the memorandum of law and declarations accompanying Jane Street's Proposed Order to Show Cause.

Jane Street seeks to seal 16 exhibits reflecting the detailed market and trading analysis conducted by Jane Street and its traders, as well as the memorandum of law and declarations accompanying

Jane Street's Proposed Order to Show Cause that discuss this same detailed market and trading analysis. This information should not be made public, as Jane Street maintains this information as confidential and its secrecy is a significant competitive asset to Jane Street. Jane Street has spent significant sums of money to develop, use, and protect this confidential information and making it public would place Jane Street at a massive competitive disadvantage. *See Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (granting redaction request for qualitative market research because "Plaintiffs would be competitively harmed if they were revealed"). Therefore, Jane Street respectfully requests that the Court (i) seal the Memorandum of Law in support of Jane Street's Proposed Order to Show Cause; (ii) seal the Declaration of Jeff Nanney filed in support of the proposed order; and (iii) seal Exhibits A-Q, attached to the Declaration of Deborah K. Brown and filed in support of the proposed order.

Following negotiations with Defendants, Jane Street will submit proposed redactions to the sealed documents, providing the public with ample information to understand the dispute. *See Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018) (permitting proposed redactions where a "member of the public reviewing the parties' redacted submissions . . . would have information sufficient to understand the parties' arguments and the Court's adjudication"); *KeyBank Nat'l Assoc. v. Element Transp. LLC*, 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017) (permitting proposed redactions where redacted document was "irrelevant" to parties' claims).

Respectfully submitted,


*/s/ Deborah K. Brown*
Deborah K. Brown

*Attorney for Plaintiff Jane Street Group, LLC*

cc:    All Counsel of Record

GRANTED.

SO ORDERED.

Dated: April 17, 2024                    PAUL A. ENGELMAYER
       New York, New York                United States District Judge

3