**ELSBERG BAKER + MARURI**

Elsberg Baker & Maruri PLLC
1 Penn Plaza, Suite 4015
New York, NY 10119
elsberglaw.com

Hon. Paul A. Engelmayer
United States District Court
for the Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

April 18, 2024

Re: *Jane Street Group, LLC v. Millennium Management LLC, Douglas Schadewald, and Daniel Spottiswood*, No. 1:24-cv-02783

Dear Judge Engelmayer:

I write on behalf of Defendants Douglas Schadewald ("Schadewald") and Daniel Spottiswood ("Spottiswood," and together with Schadewald, "Defendants"). Pursuant to Local Civil Rule 7.1.(d) and Individual Practice Rule 4.B, we seek permission to file under seal Defendants' Opposition to Plaintiff's Motion for a Temporary Restraining Order ("Defendants' Opposition"), the Declarations and exhibit in support of Defendants' Opposition, and letter to the Court regarding expedited discovery and schedule.

Plaintiff Jane Street ("Plaintiff") has asserted that certain information in its papers is confidential and has moved to seal its motion papers. Letter Mtn. to Seal, Dkt. 5 at 1-2. As shown in Defendants' Opposition, Plaintiff has failed to identify any confidential, propriety, or trade secret information, and in fact information related to the specific market and trading opportunities at issue have been the subject of significant press coverage for over a year. In any event, as discussed in Defendants' Opposition, Defendants have not used any even arguable trading secret of Jane Street in their trading at Millennium. Plaintiff's belated request for injunctive relief is nothing more than an attempt to avoid competition from its former employees—who were not subject to a non-compete agreement, who are not using Plaintiff's confidential information, and who are simply practicing their profession.

Out of an abundance of caution, because Defendants' Opposition and supporting Declarations and exhibit, as well as letter to the Court regarding expedited discovery and schedule, discuss information Plaintiff claims is confidential, Defendant moves to seal these documents until the Court has the opportunity to review the parties' submissions and the parties are able to agree to appropriate redactions. Defendants respectfully request that the Court order the following procedure:

(i)  the parties are to exchange proposed redacted versions of their submissions no later than Saturday, April 20, 2024 at 7 pm;
(ii) the parties must meet and confer on the scope of redactions no later than Sunday, April 21, 2024 at 5 pm;
(iii) redacted versions of the submissions shall be filed no later than 10 am on April 22, 2024;

**ELSBERG
BAKER +
MARURI**

Elsberg Baker & Maruri PLLC
1 Penn Plaza, Suite 4015
New York NY 10019
www.elsberglaw.com

  (iv) if the parties are unable to agree on the scope of redactions, any disputed redactions should be identified for the Court in a letter of no more than two pages accompanying the redacted filing, which may be filed under seal.

Respectfully submitted,

/s/ *Rollo C. Baker*

Rollo C. Baker