quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7116**

WRITER'S EMAIL ADDRESS
**deborahbrown@quinnemanuel.com**

April 18, 2024

**VIA ECF**
Hon. Paul A. Engelmayer
United States District Court for the Southern
District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re:   **Application to Close Show Cause Hearing, Scheduled April 19, 2024**
      ***Jane Street Group, LLC v. Millennium Management LLC*, No. 1:24-cv-02783**

Dear Judge Engelmayer:

We represent Plaintiff Jane Street Group, LLC ("Jane Street") in the above-referenced action. Jane Street respectfully requests the Court close the courtroom for the hearing scheduled for tomorrow, Friday, April 19, 2024, at 9:00 a.m. ET, for Jane Street's Proposed Order to Show Cause for a Temporary Restraining Order, Expedited Discovery, and a Preliminary Injunction Hearing.

During the hearing, Jane Street expects argument and references to testimony and exhibits regarding Jane Street's trade secrets, including proprietary trading strategies, as well as other confidential information and intellectual property. Due to the trade secret, confidential, and competitively sensitive nature of this material, Jane Street requests the Court close the courtroom and limit attendance at the hearing to Court personnel, counsel, and party representatives. Jane Street has corresponded with Defendants, and they do not agree to Jane Street's request.

Much like the First Amendment presumption of public access to judicial documents, the Second Circuit has recognized that, in general, "the First Amendment does secure to the public and to the press a right of access to civil proceedings." *Westmoreland v. Columbia Broad. Sys., Inc.*, 752 F.2d 16, 23 (2d Cir. Nov. 2, 1984). However, as with judicial documents, "[t]he protection of trade secrets is a value that may be sufficient to defeat the First Amendment presumption of public access." *Richards v. Kallish*, 2023 WL 6276684, at *3 (S.D.N.Y. Sept. 26, 2023). Further, the public interest in a hearing for a temporary restraining order, as opposed to, *e.g.*, a trial in a defamation suit, is severely limited.

Courts routinely hold that the public's right to access judicial records is outweighed by the parties' interests when a party would be commercially harmed by disclosure of competitively sensitive confidential information, including trade secrets. A party's interest in preserving competitively sensitive business operations may thus outweigh the public's interest in access to

judicial records.  *See, e.g., In re. Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  The public's interest in the details of the Order to Show Cause hearing is largely limited compared to the private parties' interest.  *See*, *e.g.*, *News Corp. v. CB Neptune Holdings, LLC*, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) ("[D]isclosure of … competitively sensitive financial information ***provides no specific benefit to the public***, including competitors.  The competitive disadvantages … if such information were disclosed outweighs the general public interest in disclosure.") (emphasis added).

Even in the case of hearings, courts have recognized that parties' interests in confidentiality can outweigh the public's interest in access to hearings.  *See, e.g.*, *BP Am. Prod. Co. v. Hamer*, 2019 WL 7049990, at *2 (D. Colo. Dec. 23, 2019) (restricting access to preliminary injunction hearing pursuant to 18 U.S.C. § 1835) (citing *Uni-Systems, LLC v. U.S. Tennis Ass'n, Inc.*, 2019 WL 3753780 (E.D.N.Y. Aug. 8, 2019)).  In particular, where trade secrets are at issue, 18 U.S.C. § 1835(a) authorizes: "In any prosecution or other proceeding under this chapter, the court shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets …. "  *See also* Fed. R. Civ. P. 26(c)(1)(G) (allowing courts to require that "a trade secret or other confidential research, development, or commercial information not be revealed").  Courts therefore approve closure when discussion of trade secrets is likely.  *See, e.g.*, *United States v. Aleynikov*, 2010 WL 5158125, at *1 (S.D.N.Y. Dec. 14, 2010) (Cote, J.) (approving closure pursuant to § 1835 when parties were to examine witnesses about specifics of trade secrets, and subsequently reviewing transcript for proposed redactions); *Stamicarbon, N.V. v. Am. Cyanamid Co.*, 506 F.2d 532, 539 (2d Cir. 1974) (permitting trial judge to restrict access to criminal contempt proceedings when testimony would reveal trade secrets).

Here, Jane Street's trade secrets and related confidential information, including Jane Street's Trading Strategy and the financial markets it targets, are highly confidential information that Jane Street does not disclose publicly.  Public disclosure would cause Jane Street significant competitive harm if its competitors – including financial firms like Millennium Management, LLC – knew (i) which markets Jane Street was targeting with the Trading Strategy and (ii) the details of the Trading Strategy itself.  Indeed, the parties agreed to treat the sealed Complaint as highly confidential, "Attorney's Eyes and Client Representative" only, and today the Court ordered the sealed documents supporting Jane Street's Proposed Order to Show Cause to be treated the same. ECF 14.  Jane Street further expects both parties will protect any trade secrets or other confidential information disclosed in this action pursuant to an appropriate Protective Order to be entered.

If this application is approved, upon receipt of the transcript of the April 19 hearing, Jane Street will promptly provide proposed redactions for the Court's approval limited to the protected information so that the transcript may otherwise be made available on the public docket.

For the foregoing reasons, Jane Street respectfully requests that the Court grant this application to close the Courtroom for the hearing on Jane Street's Proposed Order to Show Cause scheduled for tomorrow, April 19, 2024.

```
```
Respectfully submitted,

*/s/ Deborah K. Brown*

Deborah K. Brown

*Attorney for Plaintiff Jane Street Group, LLC*

cc:   All Counsel of Record (by ECF)