IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE STREET GROUP, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>MILLENNIUM MANAGEMENT LLC, DOUGLAS SCHADEWALD, and DANIEL SPOTTISWOOD,<br><br>*Defendants*. | Case No. 24-CV-02783<br><br>Hon. Paul A. Engelmayer<br><br>**DEFENDANTS' DOUGLAS SCHADEWALD AND DANIEL SPOTTISWOOD [AMENDED] LETTER MOTION TO SEAL** |

Dear Hon. Paul A. Engelmayer:

    We write on behalf of defendants Douglas Schadewald and Daniel Spottiswood (the "Individual Defendants") in the above-captioned action. Pursuant to this Court's oral order at the parties' April 19, 2024 hearing (the "Hearing," Hearing Tr. 4:14-5:8) and this Court's Individual Practice Rule 4(B)(2), we write with regard to the sealing or redaction of certain of Defendants' submissions (D.I. 22, 22-1, 23-1, 25, 28, 29) on the Motion for a Temporary Restraining Order (D.I. 6) filed on April 15, 2024, by Plaintiff Jane Street Group, LLC ("Plaintiff"), as well as Plaintiff's proposed redactions for its submissions in respect of that motion (D.I. 7, 8, 9).

    Plaintiff has advised that it believes that substantial portions of the Individual Defendants' submissions should be redacted from public view, and that the Individual Defendants should not file their submissions publicly. Simultaneous with this Letter Motion, the Individual Defendants are filing under seal highlighted versions of each of the Individual Defendants' submissions, with portions that Plaintiff has advised it seeks to redact shown in yellow highlighting. Portions which

the Individual Defendants seek to redact are shown in green highlighting. Plaintiff has also advised that Plaintiff intends to redact substantial portions of its own submissions.

The Individual Defendants recognize that this matter is one of public interest and, as instructed by Your Honor during the April 19, 2024 hearing (Hearing Tr. 4:14-6:8), have taken a realistic approach to redactions in light of the highly generalized allegations at issue in these papers and the presumption of the public's right of access to these documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Though the Individual Defendants do not believe the redactions proposed by Plaintiff—with respect to both Plaintiff's and Defendants' submissions—are necessary in light of the sealing standard, the Individual Defendants also recognize that whether certain information is competitively sensitive may be a disputed issue in the case. Therefore, in an effort to reach compromise with Plaintiff, the Individual Defendants have agreed to seek sealing of very narrowly tailored portions of their submissions, reserving the right to seek unsealing in the future pending the resolution of the case. The narrowly tailored portions which the Individual Defendants seek to seal reflect (a) specific compensation numbers and structures not otherwise known to the public[1], (a) specific loss exposure numbers not otherwise known to the public[2], and (b) the name of one non-party whose identity is not germane to the disputed issues before the Court,[3] and whose privacy interest outweighs the need for public disclosure. *See Wiav Sols. Inc. v. HTC Corp.*, 2021 WL 871415, at *2 (S.D.N.Y. Mar. 9, 2021) (permitting redaction to protect the "privacy interests" of third parties, as well as "financial information and pricing data in commercial transactions" only to the extent the redactions were narrowly tailored.).

Others of Plaintiff's proposed redactions are unnecessarily overbroad. By way of example only, Plaintiff seeks to redact discussions of general trading concepts in the Nanney Declaration and responses in the Schadewald Declaration (Defendants' Douglas Schadewald and Daniel Spottiswood's Memorandum of Law in Opposition to Plaintiff's Order to Show Cause (D.I. 25) at 10, 13; Schadewald Declaration (D.I. 28) ¶¶ 95, 97). The Parties' exchange on these issues in their written submissions has been entirely cabined to a very high-level discussion, which the Court appeared to acknowledge at the Hearing. *See* Hearing Tr. at 21:12-22:6 ("THE COURT: Your papers, even though filed under seal, do not ultimately put any metes and bounds on the trading strategy…. [I]f [the TRO] were granted, you would presumably under seal provide something with much more definition so that there would be fair notice. MS. BROWN: We could do that, your Honor."); *see also id.* at 5:25-6:4 ("THE COURT… I will promise you that I am not going to disclose any trade secret today, and I couldn't if I intended to. I don't understand what the trade secrets are except at an extremely high level that would be unrevealing to anybody.").

Likewise, Plaintiff seeks to redact information concerning Mr. Schadewald's and Mr. Spottiswood's positions at Jane Street and indications of Plaintiff's view of Mr. Schadewald's and

---

[1] Declaration of Rollo C. Baker in Opposition re: Order to Show Cause, Exhibit 1 (D.I. 23-1) §§ 1.3, 3.4.
[2] Schadewald Declaration ¶¶ 101, 113(d).
[3] Schadewald Declaration ¶¶ 105.

Mr. Spottiswood's skill as traders. Schadewald Declaration ¶¶ 38, 113(c). Defendants do not believe these general points reflect any competitively sensitive or otherwise protected information.

Defendants are available at the Court's convenience should the Court have any questions or concerns.

Respectfully submitted,

*s/ Brian Campbell*

Cc: Counsel of Record (via ECF)

Dated: April 23, 2024
New York, NY

**ELSBERG BAKER & MARURI PLLC**

*s/ Brian Campbell*

Rollo Baker
David Elsberg
Vivek Tata
Brian Campbell
Nicholas Martin
One Penn Plaza
Suite 4015
New York, NY 10119
(212) 597-2600
rbaker@elsberglaw.com
delsberg@elsberglaw.com
vtata@elsberglaw.com
bcampbell@elsberglaw.com
nmartin@elsberglaw.com

*Attorneys for Defendants Douglas Schadewald and Daniel Spottiswood*