**ELSBERG BAKER + MARURI**

Elsberg Baker & Maruri PLLC
1 Penn Plaza, Suite 4015
New York NY 10019
www.elsberglaw.com

**By ECF – Under Seal**

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

> **Re;  *Jane Street Group, LLC v. Millennium Management LLC, at al.*, No. 1:24-cv-02783-PAE – Jane Street's Motion For Temporary Restarting Order, Expedited Limited Discovery, and an Expedited Preliminary Injunction Hearing**

Dear Judge Engelmayer:

We represent Defendants Douglas Schadewald and Daniel Spottiswood in the above-referenced proceedings.  Defendant Millennium Management LLC is separately represented by Dechert LLP.  We write pursuant to Your Honor's Order to Show Cause dated April 17, 2024.

Messrs. Schadewald and Spottiswood have contemporaneous with this letter filed an opposition brief to Plaintiff Jane Street Group, LLC's motion for a temporary restraining order, along with declarations from Messrs. Schadewald and Spottiswood.  Millennium Management LLC is also filing a letter brief and declaration of Michael Asmar in response to that motion.

We write here to address Plaintiff's request for expedited discovery and an expedited preliminary injunction hearing.  Plaintiff's proposed schedule is as follows:

- Close of written and document discovery:  April 26, 2024
- Close of depositions:  May 3, 2024
- Preliminary injunction brief:  May 8, 2024
- Preliminary injunction opposition:  May 13, 2024
- Preliminary injunction reply:  May 16, 2024
- Preliminary injunction hearing:  May 20, 2024.

Defendants welcome mutual expedited discovery subject to the following slight revision to the schedule which would have the net effect of extending Plaintiff's proposed schedule by four weeks—comprised of 1.5 weeks added to the period for written document discovery and 1.5 weeks added to the period for depositions—and to account for the fact that Defendants' counsels have arbitrations during the weeks of June 3 and June 10[1]:

---

[1]  Defendants understand that Plaintiff's request for expedited discovery is premised upon the specific discovery requests set forth in Exhibit Q to the Declaration of Deborah K. Brown In Support of Order To Show Cause, and they do not intend to seek any additional discovery prior to the preliminary injunction hearing.

1

- Close of written and document discovery: May 7, 2024
- Close of depositions: May 24, 2024
- Preliminary injunction brief: May 28, 2024
- Preliminary injunction opposition: June 3, 2024
- Preliminary injunction reply: June 5, 2024
- Preliminary injunction hearing: June 17, 2024.

Defendants' proposed modest schedule extension is necessary for the following reasons. *First,* the 1.5 week extension of written and document discovery ensures adequate time to complete mutual expedited written and document discovery, pursuant to which Defendants intend to propound ten document requests and four interrogatories as set forth in the attached Exhibit A. Defendants are also prepared to promptly exchange proposed custodian lists and search terms. While Defendants' contemplated document requests are targeted to the key issues to be addressed at a preliminary injunction hearing, the heavily expedited 2.5 week written and document discovery period is necessary so that the parties' have adequate time to negotiate search terms and custodians and share hit reports and to ensure that Defendants obtain discovery material to their defenses.

*Second*, the proposed 2.5 week period for depositions is based on Defendants' intention to seek 7-hour depositions of Jane Street witnesses as follows:

- Sandor Lehoczky: Located in New York, Mr. Schadewald reported directly to Mr. Lehockzy at the time of his departure and engaged in discussions with Mr. Schadewald regarding his exit from Jane Street and contemplated activities at Millennium. He has overall responsibility for the options desk group, and is knowledgeable about the India option market strategies, P&L, and other relevant issues.

- Jeff Nanney: Located in Hong Kong, Mr. Nanney submitted the declaration in support of Plaintiff's application. He is the head of the Hong Kong office and is responsible for overseeing trading in Asia, which includes the India options market.

- Andrew Westerdale: Located in New York, Mr. Westerdale was Mr. Schadewald's manager for several years. Mr. Westerdale is knowledgeable about the India options trading strategy, P&L, and the allegations regarding confidential or proprietary information and trade secrets. He took over many of Mr. Schadewald's responsibilities when he left Jane Street. He has responsibility for overseeing the options trading business, and he is believed to have been personally involved in Jane Street's March 28, 2024 trading activity ████████████

- Clement Woo: Located in Hong Kong, Mr. Woo is a manual trader who worked with Mr. Spottiswood in trading India options. ████████████████████████████████ ████████████████████████████. He is responsible for drafting trade recaps and descriptions which will be relevant in demonstrating the differences between Defendants' India option trading

2

versus Jane Street's allegedly confidential and proprietary strategies.

- Jan Kruszewski: Located in Hong Kong, Mr. Kruszewski was intimately involved in the ▮▮▮▮▮ and design of execution plans for ▮▮▮ and other strategies and will have relevant information concerning Jane Street's absence of any evidence or legitimate support for the allegations that Defendants are mirroring Plaintiff's allegedly proprietary and confidential India options trading strategies.

- Rob Granieri: Located in New York, Mr. Granieri is knowledgeable about Jane Street's P&L and strategies in India option trading versus other markets and, as an original founder, Jane Street's purported collegial culture and the allegations that absent injunctive relief that culture will be jeopardized. He also is knowledgeable about Jane Street's policy of allowing restrictive covenants to lapse as in the case of Mr. Schadewald and not imposing restrictive covenants for more junior traders to attract talent to Jane Street, as in the case of Mr. Spottiswood.

In addition, Defendants will likely seek a 30(b)(6) deposition of Plaintiff related to the key allegations in the Complaint, as well as serve a third-party subpoena on The Omerta Group—a human resources firm retained by Plaintiff to recruit potential traders of India options.

As reflected in the list above, each of these witnesses has unique and material information and knowledge relevant to the claims and defenses in this case—and their testimony is critical for purposes of the expedited preliminary injunction hearing. In addition, certain of these witnesses are located abroad, including Mr. Nanney (the declarant in support of Plaintiff's application) who is located in Hong Kong. Defendants' 2.5 week proposal for depositions is premised on the assumption that Plaintiff will agree to make these witnesses available for depositions in New York during normal business hours.

Respectfully submitted,

/s/ Rollo C. Baker

Rollo C. Baker

cc. Counsel of Record