UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE STREET GROUP, LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>MILLENNIUM MANAGEMENT LLC, DOUGLAS SCHADEWALD, and DANIEL SPOTTISWOOD<br><br>    *Defendants*. | Civil Action No. 24-cv-02783<br><br>**DECLARATION OF DEBORAH K. BROWN IN SUPPORT OF PLAINTIFF'S PROPOSED ORDER TO SHOW CAUSE**<br><br>**FILED UNDER SEAL** |

**DECLARATION OF DEBORAH K. BROWN IN SUPPORT OF
PLAINTIFF'S PROPOSED ORDER TO SHOW CAUSE FOR A TEMPORARY
RESTRAINING ORDER, EXPEDITED DISCOVERY, AND AN EXPEDITED
PRELIMINARY INJUNCTION HEARING**

I, Deborah K. Brown, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am a partner in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), attorneys for Plaintiff Jane Street Group, LLC ("Jane Street"). I am a member in good standing of the Bar of the State of New York and admitted to practice in the Southern District of New York.

2. I respectfully submit this Declaration in Support of Plaintiff's Proposed Order to Show Cause for a Temporary Restraining Order, Expedited Discovery, and an Expedited Preliminary Injunction Hearing against Defendants Millennium Management LLC ("Millennium"), Douglas Schadewald, and Daniel Spottiswood (the "Proposed Order"). I am personally familiar with the facts included in this declaration.

3. On April 12, 2024, Jane Street filed a Complaint against Defendants for breach of contract, tortious interference, misappropriation of trade secrets, unjust enrichment, and unfair

competition. Copies of the sealed Complaint, redacted Complaint, and supporting documents were transmitted to Defendants that day.

4. On April 15, 2024, Defendants' counsel agreed to accept electronic service of the sealed Complaint in lieu of physical service.

5. The purpose of the Proposed Order to Show Cause is to enjoin Millennium, a hedge fund and competitor to Jane Street, and Mr. Schadewald and Mr. Spottiswood, former employees of Jane Street who now work as traders at Millennium, from violating the Schadewald and Spottiswood IP Agreements[1] and confidentiality obligations, from misappropriating Jane Street's trade secrets, from unfairly competing and unjustly enriching themselves at the expense of Jane Street, and to prevent irreparable harm to Jane Street that would be caused by Defendants' continued breach of contractual obligations, trade secret misappropriations, and torts, and to protect Jane Street's confidential information, client goodwill, and competitive standing.

6. To my knowledge, no prior application for this or similar relief has been made in this or any other action.

7. On April 15, 2024, at approximately 6:40 p.m. ET, Quinn Emanuel informed counsel for Defendants by e-mail that Jane Street intended to move for a temporary restraining order, expedited discovery, and an expedited preliminary injunction hearing against Defendants. Quinn Emanuel further informed Defendants' counsel that we would provide Defendants with the Proposed Order to Show Cause and supporting papers upon their filing.

8. Plaintiff's Proposed Order to Show Cause is further supported by the accompanying Memorandum of Law.

---

[1] Capitalized terms have the same meaning given to them in the Complaint, unless otherwise defined herein.

9. Attached hereto as **Exhibit A** is a true and correct copy of the Schadewald IP Agreement dated December 22, 2023 between Jane Street and Schadewald.

10. Attached hereto as **Exhibit B** is a true and correct copy of the Spottiswood IP Agreement dated August 17, 2020 between Jane Street and Spottiswood.

11. Attached hereto as **Exhibit C** is a true and correct copy of a September 8, 2023 e-mail from Mr. Schadewald to Mr. Spottiswood.

12. Attached hereto as **Exhibit D** is a true and correct copy of a March 29, 2023 Slack conversation between Mr. Schadewald and Christopher Roberts.

13. Attached hereto as **Exhibit E** is a true and correct copy of a March 22, 2023 e-mail from Mr. Spottiswood to Will Nygard.

14. [**Exhibit F** intentionally omitted].

15. Attached hereto as **Exhibit G** is a true and correct copy of a September 11, 2023 Slack message from Mr. Schadewald to Jeff Nanney.

16. Attached hereto as **Exhibit H** is a true and correct copy of the separation letter between Jane Street and Mr. Schadewald, executed February 7, 2024.

17. Attached hereto as **Exhibit I** is a true and correct copy of the separation letter between Jane Street and Mr. Spottiswood, executed March 20, 2024.

18. Attached hereto as **Exhibit J** is a true and correct copy of a March 19, 2024 e-mail from Jeff Nanney to Katrina Baker, forwarding a March 20, 2024 e-mail from Mr. Spottiswood to others regarding his acceptance of a job offer from Millennium.

19. Attached hereto as **Exhibit K** is a true and correct copy of an April 3, 2024 letter from Deborah K. Brown to Millennium.

20. Attached hereto as **Exhibit L** is a true and correct copy of an April 3, 2024 letter from Deborah K. Brown to Mr. Schadewald.

21. Attached hereto as **Exhibit M** is a true and correct copy of an April 3, 2024 letter from Deborah K. Brown to Mr. Spottiswood.

22. Attached hereto as **Exhibit N** is a true and correct copy of an April 5, 2024 letter from Dechert LLP to Quinn Emanuel Urquhart & Sullivan, LLP on behalf of Millennium.

23. Attached hereto as **Exhibit O** is a true and correct copy of an April 5, 2024 letter from Elsberg Baker & Maruri PLLC to Quinn Emanuel Urquhart & Sullivan, LLP on behalf of Mr. Schadewald and Mr. Spottiswood.

24. Attached hereto as **Exhibit P** is a true and correct copy of a May 29, 2023 e-mail from Mr. Spottiswood to others.

25. Jane Street also seeks expedited discovery of relevant information regarding the allegations in the Complaint that are not within Jane Street's control. The limited discovery sought by Jane Street is attached hereto as **Exhibit Q** to this declaration.

I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, New York on April 16, 2024.

                                            */s/ Deborah K. Brown*
                                              Deborah K. Brown