# EXHIBIT O

**ELSBERG BAKER + MARURI**

Elsberg Baker & Maruri PLLC
1 Penn Plaza, Suite 4015
New York NY 10019
www.elsberglaw.com

April 5, 2024

Dear Deb:

We have been retained to represent Messrs. Douglas Schadewald and Daniel Spottiswood in connection with allegations raised by Jane Street Group, LLC ("Jane Street") concerning their departure from Jane Street and hiring by Millennium Management LLC ("Millennium").  I request that you direct all further correspondence with Messrs. Schadewald and Spottiswood to my firm.

We are in receipt of your letters dated April 3, 2024 (the "Letters").  The Letters allege a vague "concern" that Mr. Schadewald and Mr. Spottiswood have "improperly us[ed] Jane Street's confidential and proprietary information and trade secrets" in connection with their work at Millennium.  But the Letters provide nothing to substantiate Jane Street's alleged concerns, and do not even describe in general terms any conduct by Mr. Schadewald or Mr. Spottiswood that Jane Street believes implicates any confidential information of Jane Street.  Our clients of course take their legal obligations seriously and have complied with all obligations.  In the absence of even the barest factual support for Jane Street's allegations, we are gravely concerned that the Letters represent a retaliatory effort to chill Jane Street's former employees' ability to obtain gainful employment elsewhere within their industry.  But the public policy of New York clearly supports the right of former Jane Street employees to lawfully participate in the industry after their departures from Jane Street.  *See, e.g.*, *Int'l Bus. Machines Corp. v. Visentin*, 2011 WL 672025, at *21 (S.D.N.Y. Feb. 16, 2011) ("the possible loss of livelihood [is] a result strongly disfavored by public policy in New York." (quotations omitted)).

We have investigated Jane Street's purported concerns to the extent of our ability given the paucity of information provided by Jane Street and the short deadline imposed by Jane Street and have identified nothing that would suggest that Jane Street's allegations are legitimate.  To the extent the "trading strategies" generically referred to by your Letters concern Messrs. Schadewald and Spottiswood's experience trading in the Indian options market, we have seen no indication (and your Letters provide none) that any of their current work employs any Jane Street trade secrets.  To the contrary, the Indian options market is openly known as a large and inefficient market that presents compelling opportunities for arbitrage.[1]  Indeed, as you well know, Mr. Schadewald has his own "███████████████████ ███████████████████████████████████████████████," and he and Mr. Spottiswood are entitled to put their own hard-earned skill and ability to work at other firms.  *See* Re: Notice, Non-Interference and Restricted Trading Agreement dated July 18, 2018.

---

[1] *See* "Eighty Percent of the World's Stock Options Aren't Traded Where You Think," Wall Street Journal (Mar. 11, 2024), available at https://www.wsj.com/finance/stocks/eighty-percent-of-the-worlds-stock-options-arent-traded-where-you-think-35a46ddc.  *See also* Joshi, et al., "An empirical analysis of market efficiency in Indian options market," Indian Institute of Management Bangalore, 2011, available at https://repository.iimb.ac.in/handle/2074/18226.

1

As to your Letters' demand for Messrs. Schadewald and Spottiswood to confirm that they are not involved in improper activity, we so confirm. In the interest of avoiding an unnecessary and meritless dispute, we are willing to schedule a discussion between representatives for Jane Street and representatives for Messrs. Spottiswood and Schadewald and, if you and Millennium agree, Millennium. We would expect that Jane Street would be prepared to provide further information concerning their allegations. Such discussion would of course need to appropriately respect Messrs. Spottiswood and Schadewald's obligations of confidentiality to their current employer.

Be advised that Jane Street's effort to interfere with Messrs. Schadewald and Spottiswood's current employment is improper and constitutes tortious conduct. Messrs. Schadewald and Spottiswood are prepared to pursue their rights against Jane Street for such improper conduct to the fullest extent of the law. This will include, but is not limited to, sanctions against Jane Street for bringing bad faith claims against Mr. Schadewald or Mr. Spottiswood under the DTSA. 18 U.S.C. § 1836(b)(3)(D).

Please further consider this letter a notice that Jane Street is obligated to preserve all documents that could be relevant to a dispute between Jane Street, Millennium, Mr. Schadewald, Mr. Spottiswood, or any other former Jane Street employees who now work for Millennium. This includes, but is not limited to, all documents concerning Jane Street's recruitment, hiring and onboarding of Mr. Schadewald or Mr. Spottiswood, all agreements at any time between Jane Street and Mr. Schadewald or Mr. Spottiswood, all documents concerning Mr. Schadewald or Mr. Spottiswood's departure from Jane Street or employment at Millennium, all work performed by Mr. Schadewald or Mr. Spottiswood for Jane Street including any alleged proprietary and confidential information or trade secrets related to their work, all non-confidential information known by Jane Street concerning the types of trading activities engaged in by Mr. Schadewald or Mr. Spottiswood at Jane Street or which Jane Street believes either Mr. Schadewald or Mr. Spottiswood is engaged in at Millennium (whether such non-confidential information was internal to Jane Street and then disclosed to persons external to Jane Street, or originally from sources external to Jane Street), all information known to Jane Street concerning the trading activities of Millennium or any other entity in the markets which either Mr. Schadewald or Mr. Spottiswood engaged in during his employment by Jane Street or which Jane Street believes either Mr. Schadewald or Mr. Spottiswood engages in during his employment by Millennium, and all documents concerning any employment agreements, intellectual property agreements, noncompete agreements, non-interference agreements, restricted trading agreements or other similar agreements with any Jane Street employees, or the enforcement thereof by Jane Street.

We trust that this responds to the concerns raised in your Letters. Please feel free to contact me should you want to discuss any of the above.

Our clients reserve all rights and remedies.

Best regards,

/s/  Rollo C. Baker

Rollo C. Baker

cc.  Brian Campbell