**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7116**

WRITER'S EMAIL ADDRESS
**deborahbrown@quinnemanuel.com**

April 26, 2024

<u>VIA ECF</u>
Hon. Paul A. Engelmayer
United States District Court for the Southern
District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re:   <u>Sealing Motion for Jane Street's Amended Complaint,</u>
      <u>*Jane Street Group, LLC v. Millennium Mgmt. LLC*, No. 1:24-cv-02783</u>

Dear Judge Engelmayer:

We represent Plaintiff Jane Street Group, LLC ("Jane Street") in the above-referenced action. Pursuant to Your Honor's Individual Rule 4(B)(2) (Sealing/Redaction Requiring Court Approval), we write to request permission to redact and seal certain information reflecting Jane Street's proprietary, commercially sensitive, or trade secret information contained in Jane Street's Amended Complaint.

At the April 19, 2024 hearing, Your Honor expressed concern as to whether Jane Street would be able to establish irreparable harm, a criteria for injunctive relief.  Taking this to heart, and in light of concerns regarding the prejudice of an accelerated schedule in advance of a full merits trial, and the necessity of a reasonable amount of time to complete discovery in advance of a full merits trial, Jane Street now files an Amended Complaint that removes its requests for preliminary or permanent injunctive relief but otherwise maintains its causes of action.

Jane Street is filing two versions of the Amended Complaint: (1) a redacted version, which redacts Jane Street's commercially sensitive and trade secret information, including discussions of Jane Street's proprietary trading strategies; and (2) a version under seal with the proposed redactions highlighted in blue.

I.     **STANDARD**

To determine whether sealing is appropriate, courts in the Second Circuit apply the three-step test described in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).  Under this test, the Court must determine: (1) whether the documents subject to a sealing request qualify as "judicial documents;" (2) the weight of the presumption of public access attaching to any judicial document; and (3) if any countervailing factors or higher values outweigh the right of access to any judicial documents.  *Id.* at 119–20.  A district court has "considerable discretion in

**quinn emanuel urquhart & sullivan, llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

determining whether good cause exists to overcome the presumption of open access to documents filed" on its docket.  *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).

The competitively sensitive material Plaintiff seeks to redact concerns the confidential, proprietary, and trade secret information underlying the proprietary trading strategy that is the subject of this action.  This information includes descriptions of the confidential and trade secret tools and processes that Plaintiff uses to identify and develop market opportunities and execute proprietary trading strategies therein; descriptions of the confidential and proprietary variables, indicators, and techniques that Plaintiff deploys through the subject proprietary trading strategy to capitalize on and profit from the opportunity discussed in the Complaint.  The public interest in the details that Plaintiff seeks to redact is limited compared to the private parties' interest.  *See, e.g.*, *News Corp. v. CB Neptune Holdings, LLC*, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) ("[D]isclosure of … competitively sensitive financial information *provides no specific benefit to the public*, including competitors.  The competitive disadvantages … if such information were disclosed outweighs the general public interest in disclosure." (emphasis added)).

At the same time, a party's interest in preserving competitively sensitive business operations frequently merits redaction/sealing.  *See, e.g., In re. Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1225-26 (Fed. Cir. 2013) (district court abused its discretion by denying request to seal confidential financial information).

To this end, courts grant motions to seal documents that "contain proprietary, competitively sensitive business information or are related to internal procedures, the disclosure of which would put [the moving party] at a competitive disadvantage."  *Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*, 2018 WL 739580, at *19 (S.D.N.Y. Jan. 10, 2018); *see also, e.g., Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (upholding ruling that party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *Avocent Redmond Corp. v. Raritan Ams., Inc.*, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) (identifying documents that "[t]he parties may file … under seal because they include confidential business information—market forecasts, sales, inventory management, profit margins, etc.—the disclosure of which would cause competitive harm").

## II.    INFORMATION JANE STREET SEEKS TO REDACT AND SEAL

As with the original Complaint, Jane Street seeks to redact portions of the Amended Complaint containing competitively sensitive information regarding Jane Street's business operations and confidential, proprietary, and trade secret information, and intellectual property, including Jane Street's proprietary trading strategies.  The proposed redactions are the same redactions already approved for Jane Street's original Complaint (ECF No. 1).

This information should not be made public, as Jane Street maintains this information as confidential and its secrecy is a significant competitive asset to Jane Street.  Jane Street has spent

significant sums of money to develop, use, and protect this confidential information and making it public would place Jane Street at a massive competitive disadvantage. *See Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (granting redaction request for qualitative market research because "Plaintiffs would be competitively harmed if they were revealed"). Therefore, Jane Street respectfully requests that the Court (i) grant this request to redact the competitively sensitive material and trade secret information contained in the Amended Complaint, which parallels the redactions in the original Complaint; and (ii) seal the version of the Amended Complaint that highlights the proposed redactions.

## III.   JANE STREET'S PROPOSED PROCESS

Jane Street respectfully proposes that its redactions to the Amended Complaint sufficiently provide the public with ample information to understand the dispute. *See Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018) (permitting proposed redactions where a "member of the public reviewing the parties' redacted submissions … would have information sufficient to understand the parties' arguments and the Court's adjudication"); *KeyBank Nat'l Assoc. v. Element Transp. LLC*, 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017) (permitting proposed redactions where redacted document was "irrelevant" to parties' claims).

As Your Honor recognized, there is great importance to the parties that redactions are accurate and fair, including to sufficiently protect Jane Street's trade secrets from disclosure. *See, e.g.,* April 19, 2024 Hearing Tr. 23:1-2 ("you don't even want to give catnip to other people to start digging"). Jane Street believes that its currently-proposed redactions are limited and appropriate; should the Court disagree, we respectfully request the opportunity to revise these proposed redactions.


Respectfully submitted,


*/s/ Deborah K. Brown*
Deborah K. Brown

*Attorney for Plaintiff Jane Street Group, LLC*

cc:     All Counsel of Record