**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7116**

WRITER'S EMAIL ADDRESS
**deborahbrown@quinnemanuel.com**

April 26, 2024

**VIA ECF**
Hon. Paul A. Engelmayer
United States District Court for the Southern
District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re: **Plaintiff's Proposed Case Management Plan**
*Jane Street Group, LLC v. Millennium Management LLC*, No. 1:24-cv-02783

Dear Judge Engelmayer:

Jane Street Group, LLC ("Jane Street") respectfully submits this letter regarding its Proposed Case Management Plan and Scheduling Order ("PCMP"), per the Court's Order dated April 24, 2024. ECF No. 59. Plaintiff requests that the Court enter the PCMP attached as Exhibit A, which adheres to the timeline set forth in the Court's Individual Rule 2(B). The primary points of disagreement between the parties' proposed schedules are: (1) whether trial on the merits can be expedited under FRCP 65(a)(2) when Plaintiff is no longer seeking a preliminary or permanent injunction; (2) whether any trial should be "bifurcated" into liability and damages phases; (3) whether Plaintiff is entitled to a trial by jury; (4) whether Plaintiff is required to engage in pre-discovery disclosures of its trade secrets; and (5) whether opening expert disclosures should be simultaneous. Plaintiff believes fairness and efficient use of judicial resources weighs heavily in Plaintiff's favor for all these questions.[1]

***Expedited Trial On The Merits.*** Pursuant to FRCP 15, Plaintiff has filed an amended complaint that no longer seeks a preliminary or permanent injunction. *See* ECF No. 64. Consequently, there is no basis under FRCP 65(a)(2) to expedite a trial on the merits. At the TRO hearing, the Court stated that it was "hard to imagine an entity in the United States economy better positioned to tabulate its own damages reasonably and with great sophistication than Jane Street" and "challenging" calculations "do[] not equate to irreparable harm." 4/19 Hr'g 57:8-18. Taking these comments under advisement, Jane Street has decided to pursue its claims without seeking injunctive relief.

Furthermore, it has become apparent that, given the amount of discovery required in this case, including third-party discovery, and the need for expert disclosures that will address highly

---

[1] These issues are critical to the resolution of this case and as such deserve full briefing before they are decided by the Court.

complicated and technical trading data,[2] Jane Steet would be highly prejudiced if not allowed to pursue its claims with a full and complete record prior to a trial on the merits. *See In re 650 Fifth Ave. & Related Props.*, 934 F.3d 147, 157 (2d Cir. 2019) (party must be afforded a "meaningful opportunity" to support its claims through discovery) (quotations omitted); *Lopez v. J & K Floral USA, Inc.*, 307 F. Supp. 3d 257, 259 (S.D.N.Y. 2018) ("limiting one's adversary's access to discoverable information is undoubtedly prejudicial, even to the extent that this information assists the Plaintiffs in proving their case"). As Plaintiff has withdrawn its claim for injunctive relief, Defendants must now satisfy the *Notaro v. Koch* standard for expedited discovery—which they cannot do. *See Litwin v. OceanFreight, Inc.*, 865 F. Supp. 2d 385, 402 (S.D.N.Y. Nov. 2, 2011).

***Bifurcation.*** Defendants' request to hold a liability trial on July 15-17, 2024, and then hold a second, separate trial on damages at some later date, should be denied. Not only do Defendants have no basis under Rule 65 to request an expedited liability trial, Defendants' request for bifurcation is a concession that a July 15 trial date provides insufficient time for the parties to complete all of the necessary discovery such that they could proceed with a full trial on the merits on July 15. Significantly, under Defendants' proposal, instead of advancing the trial on the merits to "do this once," as the Court was initially "inclined" to do (4/19 Hr'g 64:8, 15), the parties would be doing a trial twice, in a situation where it is highly prejudicial to Plaintiff's liability claims.

Regardless of the trial date, bifurcation is not warranted here. "[B]ifurcated trials are generally disfavored and remain the exception rather than the rule," with the party seeking bifurcation "bear[ing] the burden of establishing that separate trials will further convenience or avoid prejudice." *Mattsson v. Pat McGrath Cosms. LLC*, 2022 WL 1658516, at *3 (S.D.N.Y. May 25, 2022) (quotations omitted) (denying bifurcation of liability and damages). Given that this case concerns theft of Plaintiff's Trading Strategy, Defendants' gains as a result of that misappropriation are tightly connected to both liability and damages. Because significant discovery pertaining to liability and damages will overlap, bifurcation does not provide any benefits and should be denied. Moreover, given Plaintiff's right to a jury trial (*see infra*), a bifurcated trial would present 7th Amendment issues, where a second jury impaneled to hear damages evidence would inevitably have to hear and consider the same liability evidence already considered by the first jury. *Blyden v. Mancusi*, 186 F.3d 252, 268 (2d Cir. Aug. 3, 1999) (violation of Seventh Amendment where bifurcated liability jury and damages jury were necessarily asked to determine the same questions of fact).

***Jury Trial.*** Plaintiff demanded trial by jury on all claims triable by jury in its Complaint. Plaintiff has not waived its right to a trial by jury, and there is no motion to strike Plaintiff's jury demand before the Court.[3] The 7th Amendment guarantees the right to a trial by jury in civil

---

[2] Responding to the defendants' request for trading data alone would likely entail Jane Street collecting, validating and producing tens of billions of line items of order and activity information.

[3] Any waiver of a right to a trial by jury must be done "knowingly and intentionally" through an express stipulation, must be "clear and unequivocal," cannot be done "informally," and should "never [] be lightly inferred." *National Equipment Rental, Ltd. v. Hendrix*, 565 F.2d 255, 258 (2d Cir. 1977); *Tray-Wrap, Inc. v. Six L's Packing Co.*, 984 F.2d 65, 68 (2d Cir. 1993). Plaintiff's draft scheduling order attached to the April 22 Joint Letter (ECF No. 34-1) indicated a stipulation

actions, and, under FRCP 38, "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution ... is preserved to the parties inviolate." *See also National Equipment Rental, Ltd.*, 565 F.2d at 258 ("[T]he Seventh Amendment right to a jury is fundamental and … its protection can only be relinquished knowingly and intentionally."). Although Defendants rely on what they identify as a jury waiver in the Schadewald IP Agreement, Plaintiff has asserted ***seven causes of action***, and at most ***one*** of those counts against ***one*** defendant ***may*** be impacted by this clause.

*Trade Secrets.* Defendants demand that Jane Street make particularized disclosures of every aspect of every trade secret at issue in this case in four days (April 30, 2024)—before Defendants have answered the Amended Complaint and before any interrogatories or other written discovery has been served. The Court should reject this unusual demand as both unreasonable and prejudicial. *First*, Jane Street is entitled to know which allegations are disputed and which are not before making a particularized disclosure. Jane Street is not aware of any authority that has required a plaintiff to particularize with specificity its trade secrets before receiving the defendant's answer. *Second*, there is no basis to demand such disclosures outside of discovery; such information is routinely sought through an interrogatory, as courts in this District recognize. *See, e.g., Bytemark, Inc. v. Xerox Corp.*, 2022 WL 120980, at *5 (S.D.N.Y. Jan. 11, 2022) (citing cases) (where "case is in its very early stages," *i.e.*, prior to document production, "at this stage of the litigation, Plaintiff is not required – as a prerequisite for obtaining relevant discovery from Defendants – to identify its trade secrets with the specificity that Defendants demand."). Jane Street is willing to respond to an interrogatory that seeks further specification of its asserted trade secrets within the timing set forth in the FRCP, even though Jane Street would otherwise not be required to respond to such an interrogatory at that time under Local Rule 33.3(a) (limiting interrogatories "at the commencement of discovery" to names of witnesses, computation of category of damages, and location of documents).

*Expert Disclosure Timing.* Plaintiff requests that expert disclosures occur pursuant to this Court's standard case management order; *i.e.*, the "expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s)." Accordingly, there should be a single date for simultaneous exchange of all opening expert disclosures (including any affirmative defenses or counterclaims for which Defendants bear the burden of proof) and a subsequent date for the exchange of all rebuttal expert disclosures. Defendants' proposal for a first date for all of Plaintiff's expert disclosures, and then a later date for all of Defendants' expert disclosures is prejudicial (especially in the context of an expedited trial, as Defendants demand). Defendants' proposal would deny Plaintiff the opportunity to review and rebut Defendants' expert reports, particularly any reports on topics for which Defendants bear the burden of proof.

---

to a bench proceeding in the event the parties were moving forward on an expedited basis to hear Plaintiff's claim for injunctive relief (a claim that is no longer applicable) and was meant to demonstrate progress being made in the on-going scheduling negotiations. It was not a formal request of the Court and thus does not constitute a formal, clear, and unequivocal waiver of Plaintiff's right to a jury trial.

Respectfully submitted,

*/s/  Deborah K. Brown*

Deborah K. Brown

*Attorney for Plaintiff Jane Street Group, LLC*

cc:     All Counsel of Record (via ECF)