**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7116**

WRITER'S EMAIL ADDRESS
**deborahbrown@quinnemanuel.com**

May 14, 2024

**VIA ECF**
Hon. Paul A. Engelmayer
United States District Court, Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re:   **Sealing Motion for Defendants' Answers and Counterclaims,**
      ***Jane Street Group, LLC v. Millennium Management LLC*, No. 1:24-cv-02783**

Dear Judge Engelmayer:

We write on behalf of Plaintiff Jane Street Group, LLC ("Jane Street") pursuant to this Court's Orders (Dkts. 75, 76) and Individual Rule 4(B)(2) (Sealing/Redaction Requiring Court Approval) to request that certain portions of Defendants' Answers and Counterclaims that contain Jane Street's proprietary, trade secret, and competitively sensitive information be sealed and redacted from the public docket (*see* Dkts. 82 and 84).

Jane Street has carefully reviewed the Defendants' Answers and Counterclaims and heeded this Court's guidance at the outset of the April 19 Hearing regarding the balance that must be struck between the public's right to access with Jane Street's need to protect its confidential and proprietary business information. (4/19/24 Tr. at 4:1-5:8.) Accordingly, the narrow set of redactions Jane Street seeks with respect to Defendants' Answers and Counterclaims are limited to particular words, phrases, and portions of sentences that specifically disclose Jane Street's competitively sensitive information, including: (i) information relating to or tending to reveal elements of Jane Street's trade secret trading strategies, including Jane Street's proprietary research used to develop those strategies (*see* Dkt. 84 [Millennium Answer] at ¶ 44 and counterclaim ¶¶ 26, 27, 52; Dkt. 84 [Millennium Answer Ex. A] at 3; Dkt. 82 [Individual Defendants' Answer] at ¶¶ 9, 36, 38, 40, 42, 44, 45, 46, 50, 51, 52, 154); (ii) Jane Street's profits relative to certain markets or strategies (*see* Dkt. 82 [Individual Defendants' Answer] at ¶¶ 53, 57 and counterclaim ¶¶ 2, 23); and (iii) Jane Street's proprietary practices relating to compensation structure and employee evaluation (*see* Dkt. 82 [Individual Defendants' Answer] at counterclaim ¶¶ 23, 25, 29).

The parties exchanged emails regarding Jane Street's proposed redactions on May 14, 2024. Defendants objected to Jane Street's proposed redactions, and reiterated that position in their letters to the Court. (Dkts. 79, 80.) Therefore, Jane Street respectfully requests that this Court approve the redaction of the narrow disclosures of information identified by Jane Street, and seal the unredacted versions. Jane Street further respectfully requests that, should the Court

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

determine that Jane Street's redactions are unduly excessive, notwithstanding its good-faith effort to address Defendants' concerns, that Jane Street be given further opportunity to account for any of the Court's concerns.

Jane Street's proposed narrow set of redactions falls squarely within the type of information that courts in the Second Circuit allow to be redacted from the public record. *See, e.g., In re. Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1225-26 (Fed. Cir. 2013) (district court abused its discretion by denying request to seal confidential financial information). And to this end, courts grant motions to seal documents that "contain proprietary, competitively sensitive business information or are related to internal procedures, the disclosure of which would put [the moving party] at a competitive disadvantage." *Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*, 2018 WL 739580, at *19 (S.D.N.Y. Jan. 10, 2018); *see also, e.g., Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (upholding ruling that party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *Avocent Redmond Corp. v. Raritan Ams., Inc.*, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) (identifying documents that "[t]he parties may file … under seal because they include confidential business information—market forecasts, sales, inventory management, profit margins, etc.—the disclosure of which would cause competitive harm").

Jane Street is mindful of the public's right to access and specifically weighed that concern when requesting the limited redactions to Defendants' Answers and Counterclaims. However, the importance of keeping Jane Street's proprietary and confidential information under seal cannot be overstated—this case has garnered significant media and industry attention, with many of Jane Street's competitors and other financial services firms following closely. Indeed, following the April 19 Hearing, there were dozens of articles published detailing the arguments put forward by counsel during the hearing, including details about Jane Street's trade secrets and discussions about the finance industry's attempts to discover Jane Street's proprietary trading strategies through the publicly available information in the pleadings *and* argument at the April 19 Hearing, including the location of the market that is the target of the Trading Strategy: "[T]he now-legendary **Indian options** trade *that half of Wall Street is trying to unearth*." *See* Ex. A (compilation of news articles following the April 19 hearing). These articles prove that Jane Street's concerns about public disclosure are well founded—and that competitors in the finance industry are actively using any information publicly disclosed to try to pick apart Jane Street's Trading Strategy and potentially reverse engineer it.[1] Although Jane Street believes that no competitor (other than

---

[1] In addition, to traditional news outlets, there are multiple tweets on X (formerly Twitter), discussing the disclosures made at the April 19 Hearing. The following are a sample of tweets pulled from X on May 14, 2024: (i) "But Millennium's legal strategy seems to work. ("Oops, I didn't mean to say India, sorry judge") ***Downside is, the whole world is now looking at Indian options***" (available at https://twitter.com/TradingDutchman/status/1784946684172304808) (emphasis added); and (ii) "Hidden no more: Court case unveils inner workings of hedge funds.

2

Millennium) has so far been successful in discovering its Trading Strategy, each hint along the way only increases the chances that Jane Street's trade secret will be divulged.

As Jane Street argued in prior motions to seal (Dkts. 43, 62) and at the April 19 Hearing, Jane Street has a serious and valid competitively sensitive interest in redacting and protecting its trade secrets and confidential information, including any "catnip" that could lead to interested parties "digging" into and deciphering those secrets. (4/19/24 Tr. at 22:12-23:9.) Further, the articles and statements discussed above reinforce Jane Street's arguments in favor of the scope of its proposed redactions for its TRO application and the Amended Complaint. Dkts. 43, 62.

Jane Street's proposed limited redactions to Defendants' Answers and Counterclaims provide the public with ample information to understand the dispute. *See, e.g.*, *Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018) (permitting proposed redactions where a "member of the public reviewing the parties' redacted submissions … would have information sufficient to understand the parties' arguments and the Court's adjudication").

Accordingly, Jane Street respectfully requests that portions of the Defendants' Answers and Counterclaims be redacted in accordance with those proposed in Dockets 82 and 84.

Respectfully submitted,

*/s/ Deborah K. Brown*
Deborah K. Brown

*Attorney for Plaintiff Jane Street Group, LLC*

cc:   All Counsel of Record (by ECF)

---

Jane Street's $1bn revelation in Indian options business stuns industry giants. Transparency at its finest." (available at https://twitter.com/callmohitmittal/status/1786401755867001330).