UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE STREET GROUP, LLC,<br><br>   *Plaintiff*,<br><br>v.<br><br>MILLENNIUM MANAGEMENT LLC,<br>DOUGLAS SCHADEWALD, and<br>DANIEL SPOTTISWOOD<br><br>   *Defendants*. | Civil Action No. 24-cv-2783<br><br>Hon. Paul A. Engelmayer<br><br>**[PROPOSED]**<br>**CIVIL CASE MANAGEMENT**<br>**PLAN AND SCHEDULING**<br><u>**ORDER**</u> |

PAUL A. ENGELMAYER, U.S.D.J.:

  After consultation with counsel for the parties, the Court adopts the following Civil Case Management Plan and Scheduling Order, in accordance with Federal Rules of Civil Procedure 16 and 26(f).

1.  All parties **do not** consent to conducting further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).

2.  The question as to which claims and defenses, if any, will be tried by jury will be determined pursuant to a briefing schedule set at the Court's pre-motion conference, currently scheduled for December 13, 2024.

3.  No additional parties may be joined except with leave of the Court. Except for good cause shown, any motion to join additional parties or amend the pleadings must be filed within 30 days from the date of this Order.

4.  The parties must file a proposed protective order no later than May 22, 2024.

5.  Plaintiff must identify to Defendants the trade secrets upon which it relies in this action, in compliance with the manner ordered by the Court at the May 16, 2024 conference, no later than 5 p.m. ET, May 23, 2024. The confidentiality status of this document will be "HIGHLY CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" and any future filing of this document or any portion of or description of this document must be done under seal.

6.  Plaintiff must file any response to Defendants' Answers and Counterclaims no later than May 31, 2024. Any response must be filed under seal subject to a meet and confer with

      opposing counsel.  The parties shall identify appropriate redactions and a redacted version shall be filed publicly within two business days.

7. The parties must complete their initial disclosures under Federal Rule of Civil Procedure 26(a)(1) no later than May 31, 2024.

8. The parties must complete <u>fact</u> discovery no later than September 30, 2024.  This deadline cannot be extended without leave of the Court.

9. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

10. The following interim deadlines may be extended without leave of the Court, provided the parties consent in writing.  Under these interim deadlines, the parties must:

    a. Serve initial requests for production of documents no later than June 7, 2024.

    b. Serve initial interrogatories no later than June 7, 2024.

    c. Serve responses and objections to initial requests for production of documents two weeks after service, and no later than June 21, 2024

    d. Serve responses and objections to initial interrogatories three weeks after service, and no later than June 28, 2024.

    e. Substantially complete production of documents no later than July 31, 2024, with the expectation that parties will make rolling productions as documents are reviewed and prepared for production.

    f. Complete depositions of fact witnesses no later than September 30, 2024.

        i. Unless the parties agree or the Court so orders, the parties may not hold depositions until all parties have substantially completed document productions.

        ii. There is no priority in deposition by reason of a party's status as plaintiff or defendant.

        iii. Consistent with Federal Rule of Civil Procedure 30(d), the parties may not extend depositions beyond one business day (of seven hours duration) without mutual agreement or prior leave of the Court.

    g. Serve contention interrogatories no later than August 30, 2024.

    h. Serve requests to admit no later than August 30, 2024.

11. All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

12. The parties must complete <u>expert</u> discovery no later than November 18, 2024. This deadline cannot be extended without leave of the Court.

13. The following interim deadlines may be extended without leave of the Court, provided the parties consent in writing. Under these interim deadlines, the parties must:

    a. For each party bearing the burden of proof on a claim, counterclaim, or affirmative defense, serve expert reports pursuant to Fed. R. Civ. P. 26(a)(2), including reliance materials, no later than October 7, 2024.

    b. Serve rebuttal expert reports, including reliance materials, no later than November 4, 2024.

    c. Complete depositions of expert witnesses no later than November 18, 2024.

    d. Plaintiff anticipates expert testimony concerning the following issues: Damages, trade secrets, industry custom and practice.

    e. Defendants anticipate expert testimony concerning the following issues: Damages, trade secrets, industry custom and practice.

14. All motions and applications shall be governed by the Court's Individual Rules and Practices, including the requirement of a pre-motion conference before a motion for summary judgment is filed. Pursuant to the authority of Fed. R. Civ. P. 16(c)(2), any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within fourteen (14) days of the date in paragraph 10, *i.e.*, the close of expert discovery. Opposition letters are due no later than 7 days after the submission by the movant.

15. The pre-motion conference will be held on December 13, 2024, at 2 p.m. ET.

16. Pursuant to 5(A) of the Court's Individual Rules and Practices, the Court will set a date for trial at the pre-trial conference held after the close of expert discovery and/or the completion of summary judgment briefing, whichever is later. At the pre-trial conference, the Court will also set a deadline for the joint pre-trial order.

17. By the joint pre-trial order date, the parties shall submit a joint pre-trial order prepared in accordance with this Court's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3).

18. Any motions *in limine* shall be filed after the close of expert discovery and on or before the joint pre-trial order date.

19. If any claims, counterclaims, or defenses are to be tried before a jury, proposed *voir dire*, jury instructions, and verdict form shall also be filed on or before the joint pre-trial order date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the joint pre-trial order date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A).

20. Counsel for the parties have conferred and their present best estimate for length of trial is: five (5) days.

    This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend must be made in a written application in accordance with the Court's Individual Rules and Practices.

Dated: New York, New York
_____

SO ORDERED.

_____

Paul A. Engelmayer
United States District Judge