**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7116**

WRITER'S EMAIL ADDRESS
**deborahbrown@quinnemanuel.com**

May 22, 2024

<u>VIA ECF</u>
Hon. Paul A. Engelmayer
United States District Court for the Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re:   <u>***Jane Street Group, LLC v. Millennium Mgmt. LLC***, No. 1:24-cv-02783</u>

Dear Judge Engelmayer:

Plaintiff Jane Street Group, LLC ("Jane Street") submits this letter regarding its Proposed Protective Order ("PPO"), pursuant to the Court's direction. *See* 5/16/24 Tr. 13:14-16. Jane Street requests that the Court enter Jane Street's PPO, attached hereto as <u>Exhibit A</u>, which largely follows the standard template for this District. While the parties agree on most provisions, there remains a dispute regarding who can access documents designated under the highest tier of confidentiality under the PPO. Jane Street's PPO contains a provision permitting either party in appropriate circumstances to designate particularly sensitive information as "**Highly Confidential – Attorneys' Eyes Only**" and limit it to outside counsel only—a level of protection that is necessary in trade secret cases and commonly used. Jane Street's PPO also contains a provision permitting disclosure to in-house counsel ("Highly Confidential"). Defendants, on the other hand, propose that the highest level of protection afforded any documents in this case—including Jane Street's trade secret disclosure—be provided to outside counsel, in-house counsel, Messrs. Schadewald and Spottiswood, and, remarkably, certain of a party's internal "business professionals." Such a broad disclosure of Jane Street's highly sensitive and competitive trade secret data—when Defendants are in direct competition with Jane Street and are alleged to have misappropriated Jane Street's confidential and proprietary trade secrets—would be devastating to Jane Street.

**I.   THE PROTECTIVE ORDER SHOULD INCLUDE "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" AS A TOP-LEVEL CONFIDENTIALITY TIER**

Jane Street proposes that the protective order include a top-level tier of protection permitting a party to designate certain particularly sensitive material as "Highly Confidential – Attorneys' Eyes Only" limiting its disclosure to ***only***: (1) receiving party's outside counsel of record (and its employees); (2) the Court and its personnel; (3) consultants necessary for the case (*e.g.*, expert witnesses and trial vendors); and (4) the authors, recipients, or possessors of the document.

The disclosure of Jane Street's most valuable information, including its detailed trade secret disclosure, to Millennium's employees (in-house counsel, business representative, and Mr.

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON |

Schadewald and Mr. Spottiswood) represents an insurmountable risk of Jane Street losing control over the secrecy of this information. All three Defendants are alleged to have misappropriated Jane Street's proprietary information, and Mr. Schadewald and Mr. Spottiswood are ***actively competing with Jane Street by trading in the India market right now***. To provide them with Jane Street's most valuable and competitively sensitive information, including documents and trading data that ***post-date*** Messrs. Schadewald and Spottiswood's departure from Jane Street and that disclose how Jane Street continues to use and/or modify its trade secrets, would be extremely harmful to Jane Street's business. Furthermore, there is no need to provide Millennium's employees with access to documents they have never seen before and, in the case of the trade secret disclosure, are created solely for the purpose of litigation. If anything, such disclosure only risks further—and perhaps even more efficient—misappropriation.

***First***, the availability of an outside counsel only designation is essential in a case involving trade secrets. At the May 16 conference, this Court recognized that protective orders in this District generally "leave[] in the designated counsel's hands the authority to tier designations, including ***attorneys' eyes only***"). 5/16/24 Tr. 14:21-24 (emphasis added). This is particularly true in trade secrets cases, which implicate information that, if improperly disclosed, could cause devastating effects. *See* Fed. R. Civ. P. 26(c)(1)(G) (courts may issue a protective order "requiring that a trade secret … not be revealed or be revealed only in a specified way").

In the Second Circuit, "[t]he disclosure of confidential information on an 'attorneys' eyes only' basis is a ***routine feature*** of civil litigation involving trade secrets." *In re City of N.Y.*, 607 F.3d 923, 935-36 (2d Cir. 2010) (emphasis added). As Judge Pauley recognized, "[p]rotective orders that limit access to certain documents to counsel and experts are commonly entered in litigation involving trade secrets." *Vesta Corset Co. v. Carmen Foundations, Inc.*, 1999 WL 13257, at *3 (S.D.N.Y. 1999) (citing cases). Courts thus routinely enter protective orders that allow a designation limiting disclosure to outside counsel. *See GlobalFoundries U.S. Inc. v. IBM Corp.*, 2023 WL 7297266, at *1 (S.D.N.Y. 2023) (permitting restriction to outside counsel based on "the risk that [a party] could obtain an unwarranted competitive advantage"); *In re Dental Supplies Antitrust Litig.*, 2017 WL 1154995, at *4 (E.D.N.Y. 2017) (granting application "authorizing the addition of an Outside Attorney's Eyes Only designation"); *Sullivan Mktg., Inc. v. Valassis Commc'ns, Inc.*, 1994 WL 177795, at *3 (S.D.N.Y. 1994) (restricting access to outside counsel only); *see also, e.g.*, *Duffy v. Ill. Tool Works Inc.*, 2018 WL 1335357, at *5 (E.D.N.Y. 2018) ("access to Rain-X's formula should be restricted to Plaintiff's counsel and Plaintiff's expert only"); *Errant Gene Therapeutics, LLC v. Sloan-Kettering Inst. For Cancer Research*, 2016 WL 4618972, at *4 (S.D.N.Y. 2016) (similar).

***Second***, there is no prejudice to Defendants if the Court enters Jane Street's proposed order because the Court is not being asked to make any determination about any ***particular*** document now. Such a determination is fact-specific, turning on the balance of the material at issue, who wishes to view it, the need for the disclosure, and the potential injury. For example, where in-house counsel or employees "[are] determined to be involved in competitive decision-making, the issue is whether there is a demonstrated need for access to the documents sufficient to outweigh the concerns such access gives rise to." *Infosint S.A. v. H. Lundbeck A.S.*, 2007 WL 1467784, at *5 (S.D.N.Y. May 16, 2007); *see also, e.g.*, *ABC Rug & Carpet Cleaning Serv. Inc. v. ABC Rug Cleaners, Inc.*, 2009 WL 105503, at *3 (S.D.N.Y. Jan. 14, 2009) (permitting designation where "disclosure of [] customer list could potentially cause [] economic harm"). But the Court should

not presuppose such fact-specific balancing now; if Defendants wish to challenge a designation, they can do so through the PPO's challenge mechanism. *See* Fed. Judicial Ctr.'s TRADE SECRET CASE MGMT. JUDICIAL GUIDE § 6.5.2 ("FJC GUIDE") (recommending that disputes concerning the "over-designation of confidential documents" be addressed on a "document-by-document basis").

***Third***, outside counsel would adequately protect Defendants' interests as to those particular documents—including the individual defendants. As the FJC GUIDE explains, "[s]ome courts have concluded that where outside counsel represents a party, outside counsel can adequately represent the party's interests in the litigation even if in-house counsel is precluded from viewing confidential information." § 6.5.5 (citing cases).[1] Indeed, the purpose of an "attorneys' eyes only" protection "is to prevent a ***party*** from viewing the sensitive information while nevertheless allowing the ***party*'s** lawyers to litigate on the basis of th[e] information" disclosed. *Flores v. Stanford*, 2021 WL 4441614, at *8 (S.D.N.Y. 2021) (quoting *In re City of N.Y.*, 607 F.3d at 935-36) (emphasis in original). And just as party corporations and their in-house counsel are often denied access to the most sensitive documents (*see supra*), the same applies to individual defendants. Moreover, Jane Street's proposal is narrow—the individual defendants, for example, may still access documents they personally authored, received, or saw while at Jane Street.

## II. THE PROTECTIVE ORDER SHOULD EXCLUDE ANY "BUSINESS PROFESSIONAL" FROM THE "HIGHLY CONFIDENTIAL" TIER

Defendants' proposed protective order includes a confidentiality designation of "Highly Confidential – Attorneys' Eyes Only" that, notwithstanding its name, would ***also*** include permission to disclose such information to one "business professional," *i.e.*, a party's hand-selected non-attorney employee. The Court should reject the inclusion of a "business professional" as receiving access to what Defendants concede is "highly confidential" information that is competitively sensitive to Jane Street's business.

Defendants' "business professionals" are in direct competition with Jane Street's, and are involved in competitive decision-making against Jane Street; any such information, if received by one or more of Defendants' ***business*** professionals, will put Jane Street at a significant disadvantage. In contrast, Jane Street's "Highly Confidential" designation allows for such information to be disclosed to certain identified ***in-house*** counsel; with such permission, there is no need for a "business professional" in direct competitive proximity to Jane Street to access that highly sensitive information, and Defendants have not articulated any need for such highly confidential information when they are adequately protected by both in-house and outside counsel.

In the event a protective order is not entered before 5:00 pm tomorrow (May 23), Jane Street respectfully requests that the Court endorse this letter prior to that time with an order indicating that Jane Street's trade secret disclosure can only be disclosed to a parties' outside counsel of record, pending the entry of a protective order in this case. Jane Street intends to serve its trade secret disclosure by the required deadline; however, it asks that the Court provide the necessary protections so that Jane Street will not be harmed by doing so.

---

[1] The FJC GUIDE includes model protective orders that include "Attorneys' Eyes Only" provisions limiting disclosures to outside counsel only. FJG GUIDE at 6-60 (D.N.J.); *id.* at 6-47 (N.D. Cal.).

Respectfully submitted,

*/s/   Deborah K. Brown*

Deborah K. Brown

*Attorney for Plaintiff Jane Street Group, LLC*

cc:    All Counsel of Record (via ECF)