**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JANE STREET GROUP, LLC,

                 *Plaintiff*,

      v.

MILLENNIUM MANAGEMENT LLC,
DOUGLAS SCHADEWALD, and DANIEL
SPOTTISWOOD,

                 *Defendants*.

Civil Action No. 24-cv-2783(PAE)

---

**JANE STREET'S MEMORANDUM OF LAW IN SUPPORT OF ITS: (1) MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS; AND (2) MOTION TO STRIKE CERTAIN OF DEFENDANTS' AFFIRMATIVE DEFENSES**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ...................................................................................1

BACKGROUND ..........................................................................................................3

    A.    Jane Street's Claims ................................................................................3

    B.    Defendants' Answers, Affirmative Defenses, And Counterclaims ........5

ARGUMENT ................................................................................................................7

I.    THE COURT SHOULD DISMISS DEFENDANTS' DECLARATORY
    JUDGMENT COUNTERCLAIMS, WHICH SIMPLY MIRROR JANE
    STREET'S CLAIMS ...........................................................................................7

    A.    Legal Standard ........................................................................................7

    B.    Defendants' Counterclaims Are Redundant Of Jane Street's
           Misappropriation Claims And Defendants' Affirmative Defenses ........8

    C.    Defendants' Counterclaims Should Be Dismissed Because There Is No
           Independent Cause Of Action For A Request For Attorneys' Fees.....................11

II.    THE COURT SHOULD STRIKE DEFENDANTS' INSUFFICIENTLY-
     PLEADED AFFIRMATIVE DEFENSES .........................................................16

    A.    Legal Standard ......................................................................................16

    B.    Unclean Hands .......................................................................................17

    C.    Statute of Limitations ............................................................................18

    D.    Waiver, Estoppel, And Laches...............................................................19

    E.    Failure To Mitigate ...............................................................................21

    F.    Failure To Perform Or To Satisfy Condition Precedent ........................22

    G.    Defendants' "Affirmative Defenses" That Are Not Affirmative Defenses ..........22

CONCLUSION...........................................................................................................23

# TABLE OF AUTHORITIES

**Page**

## Cases

*Admiral Ins. Co. v. Niagara Transformer Corp.*,
   57 F.4th 85 (2d Cir. 2023) ...........................................................................................7, 8

*Allstate Life Ins. Co. v. Mota*,
   2021 WL 5166819 (S.D.N.Y. Nov. 5, 2021) ............................................................12, 13

*Am. Home Energy Inc. v. AEC Yield Cap. LLC*,
   2022 WL 595186 (E.D.N.Y. Feb. 28, 2022)...................................................................19

*Apex Oil Co. v. DiMauro*,
   713 F. Supp. 587 (S.D.N.Y. 1989)...................................................................................23

*Arista Recs. LLC v. Usenet.com., Inc.*,
   2008 WL 4974823 (S.D.N.Y. Nov. 24, 2008) ..........................................................11, 12

*Cap. Inventory, Inc. v. Green*,
   2021 WL 9938794 (N.D. Ga. June 15, 2021) ...............................................................14

*Capri Sun GmbH v. Am. Beverage Corp.*,
   414 F. Supp. 3d 414 (S.D.N.Y. 2019)..............................................................................16

*City of N.Y. v. Fedex Ground Package Sys., Inc.*,
   314 F.R.D. 348 (S.D.N.Y. 2016) .....................................................................................16

*Cmty. Care Cos., Inc. v. Interim Healthcare, Inc.*,
   2021 WL 12102892 (E.D.N.Y. Jan. 19, 2021) .................................................................9

*Coach, Inc. v. Kmart Corps.*,
   756 F. Supp. 2d 421 (S.D.N.Y. 2010)..............................................16, 17, 18, 19, 20, 21, 22

*Coastal Power Int'l, Ltd. v. Transcon. Cap. Corp.*,
   10 F. Supp. 2d 345 (S.D.N.Y. 1998)................................................................................21

*Concordia Pharms. Inc. SARL v. Lazarus Pharms. Inc.*,
   2019 WL 2502212 (D.S.C. May 17, 2019).......................................................................14

*DD 11th Ave. LLC v. Travelers Prop. Cas. Co. of Am.*,
   2013 WL 12618565 (S.D.N.Y. Jan. 2, 2013) ....................................................................9

*DM Manager LLC v. Fid. Nat'l Info. Servs., Inc.*,
   2024 WL 1347724 (S.D.N.Y. Mar. 29, 2024) ..................................................................19

*Dorce v. City of N.Y.*,
   2022 WL 16639141 (S.D.N.Y. Oct. 14, 2022) .................................................................20

*Dubov v. Lewis*,
    2019 WL 1060652 (S.D.N.Y. Mar. 6, 2019) ....................................................................9, 10

*EFG Bank AG, Cayman Branch v. AXA Equitable Life Ins. Co.*,
    309 F. Supp. 3d 89 (S.D.N.Y. 2018) ..................................................................................9

*Elias Indus., Inc. v. Kissler & Co.*,
    2022 WL 911759 (W.D. Pa. Mar. 29, 2022) ....................................................................13

*Estee Lauder, Inc. v. Fragrance Counter, Inc.*,
    189 F.R.D. 269 (S.D.N.Y. 1999) .....................................................................................21

*Fiduciary Ins. Co. of Am. v. Med. Diagnostic Servs.*,
    P.C., 150 A.D.3d 498 (1st Dept 2017) .............................................................................11

*Frommer v. MoneyLion Techs. Inc.*,
    2024 WL 2158589 (S.D.N.Y. May 14, 2024) ...............................................................8, 9

*GEOMC Co. v. Calmare Therapeutics Inc.*,
    918 F.3d 92 (2d Cir. Mar. 12, 2019) .........................................................................16, 19

*Hello I Am Elliot, Inc. v. Sine*,
    2020 WL 3619505 (S.D.N.Y. July 2, 2020) ....................................................................12

*KCG Holdings, Inc. v. Khandekar*,
    2020 WL 7053229 (S.D.N.Y. Dec. 2, 2020) ...................................................................14

*Laba v. JBO Worldwide Supply Pty Ltd*,
    2023 WL 4985290 (S.D.N.Y. July 19, 2023) ..................................................................15

*Liz Claiborne, Inc. v. Mademoiselle Knitwear, Inc.*,
    13 F. Supp. 2d 430 (S.D.N.Y. 1998) ...............................................................................18

*McGriff Ins. Servs., Inc. v. Littlestone*,
    2021 WL 6197378 (M.D. Fla. Dec. 30, 2021) .................................................................14

*Nat'l Acad. of Tele. Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*,
    551 F. Supp. 3d 408 (S.D.N.Y. 2021) .............................................................................11

*Obabueki v. IBM Corp.*,
    145 F. Supp. 2d 371 (S.D.N.Y. 2001) .............................................................................17

*Outlogic, LLC v. Advan Rsch. Corp., LLC*,
    2024 WL 2203280 (2d Cir. May 16, 2024) ......................................................................7

*Paul Rudolph Found. v. Paul Rudolph Heritage Found.*,
    2022 WL 4109723 (S.D.N.Y. Sept. 8, 2022) ..................................................................20

*Peloton Interactive, Inc. v. ICON Health & Fitness, Inc.*,
    2021 WL 3794829 (D. Del. Aug. 26, 2021) ........................................................9

*Phyto Tech Corp. v. Givaudan SA*,
    2023 WL 1437714 (S.D.N.Y. Jan. 31, 2023) .....................................................14

*Pike Co., Inc. v. Universal Concrete Prod., Inc.*,
    616 F. Supp. 3d 253 (W.D.N.Y. 2022) .............................................................22

*Pinebrook Holdings, LLC v. Narup*,
    2020 WL 871578 (E.D. Mo. Feb. 21, 2020) .....................................................14

*R.J. Heating Co. v. Rust*,
    2024 WL 1307114 (N.D. Ohio Mar. 27, 2024) .................................................13

*Rail Scale, Inc. v. Balanced Railscale Cert., LLC*,
    2017 WL 319077 (E.D. Tex. Jan. 23, 2017).......................................................9

*Republic of Turkey v. Christie's Inc.*,
    527 F. Supp. 3d 518 (S.D.N.Y. 2021)...............................................................17

*Rogers v. Blacksmith Brands, Inc.*,
    2011 WL 6293764 (S.D.N.Y. Dec. 13, 2011) ..................................................23

*Schaub & Williams, L.L.P. v. Augme Techs., Inc.*,
    2014 WL 625390 (S.D.N.Y. Feb. 14, 2014).................................................17, 20

*Shambaugh & Son, L.P. v. Reichhart*,
    2024 WL 1929280 (N.D. Ind. May 2, 2024) ....................................................12

*Silva v. Hornell Brewing Co.*,
    2020 WL 8079823 (E.D.N.Y. Dec. 1, 2020) ....................................................20

*Starr Indem. & Liab. Co. v. Exist, Inc.*,
    2024 WL 503729 (2d Cir. Feb. 9, 2024)........................................................8, 16

*Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*,
    2024 WL 1116090 (S.D.N.Y. Mar. 13, 2024) ..................................................14

*Tabatznik v. Turner*,
    2016 WL 1267792 (S.D.N.Y. Mar. 30, 2016) ..................................................21

*Terra Energy & Res. Techs., Inc. v. Terralinna Pty. Ltd.*,
    2014 WL 5690416 (S.D.N.Y. Nov. 5, 2014).....................................................15

*Tesla Wall Sys., LLC v. Related Cos., L.P.*,
    2017 WL 6507110 (S.D.N.Y. Dec. 18, 2017) .....................................................7

*Travelers Prop. Cas. Co. of Am. v. Harleysville Worcester Ins. Co.*,
    685 F. Supp. 3d 187 (S.D.N.Y. 2023)......................................................................8

*Washington v. Landmark Tech. A, LLC*,
    2023 WL 2527173 (W.D. Wash. Mar. 15, 2023) .................................................11

*Wilton* v. *Seven Falls Co.*,
    515 U.S. 277 (1995).............................................................................................8

*Worldwide Home Prod., Inc. v. Bed Bath & Beyond, Inc.*,
    2013 WL 247839 (S.D.N.Y. Jan. 22, 2013) .........................................................9

*Yurman Design, Inc. v. Golden Treasure Imps., Inc.*,
    275 F. Supp. 2d 506 (S.D.N.Y. 2003)................................................................17

## Statutes/Rules

18 U.S.C. § 1836(b)(1) ...........................................................................................13

18 U.S.C. § 1836(b)(3)(D)....................................................................5, 6, 11, 12, 13, 14

18 U.S.C. § 1836(d) ...............................................................................................19

28 U.S.C. § 2201...............................................................................2, 5, 6, 7, 12

Fed. R. Civ. P. 9(c) ................................................................................................22

Fed. R. Civ. P. 12(b)(1)............................................................................................1

Fed. R. Civ. P. 12(b)(6).............................................................................1, 12, 13, 16

Fed. R. Civ. P. 12(f)..............................................................................................1, 16, 21

Fed. R. Civ. P. 54(d) ....................................................................................11, 13, 14, 15

Federal Rule of Evidence 201 ................................................................................6

## Other Authorities

Trade Secret Management Judicial Guide §4.3.1 ........................................................7

Plaintiff Jane Street Group, LLC ("Jane Street") respectfully submits this memorandum of law in support of its motion to: (1) dismiss Defendants Millennium Management LLC's ("Millennium"), Douglas Schadewald's and Daniel Spottiswood's (together the "Individual Defendants") counterclaims pursuant to Fed. R. Civ. P. 12(b)(1) and (6); and (2) strike certain of Defendants' affirmative defenses pursuant to Fed. R. Civ. P. 12(f).[1]

## PRELIMINARY STATEMENT

In early April, after it uncovered Defendants' bad acts, Jane Street filed this action alleging, among other things, that the Individual Defendants had breached certain contractual obligations to Jane Street and that all of the Defendants had violated the DTSA and New York trade secret law through their use (and in the case of the Individual Defendants, disclosure) of Jane Street's proprietary and confidential Trading Strategy. Dkt. 1. In response, seeming to recognize Jane Street's claims were well-pleaded, Defendants did not move to dismiss, but instead filed Answers and four counterclaims for declaratory judgment. Dkts. 72 (Millennium) and 74 (Individual Defendants). Defendants' aim in filing their counterclaims does not appear to be to assert legally cognizable causes of action against Jane Street; indeed, the so-called "counterclaims" are nothing more than Defendants claiming "we didn't do it." Instead, Defendants' aim appears to be to use the improperly asserted counterclaims as vehicles to publicize their views of the case, and to smear Jane Street with factually unsupported claims of "bad faith." This is not the proper use of a pleading for counterclaims. All of the Defendants' counterclaims are without merit and should be dismissed.

---

[1]    For the Court's convenience, and given the overlap of legal issues with respect to the counterclaims and defenses asserted, Jane Street brings a combined motion to dismiss the two sets of pleadings, rather than two separate motions.

Under 28 U.S.C. § 2201, the Court has broad discretion in deciding whether to exercise jurisdiction over Defendants' counterclaims for declaratory judgment. The Court should decline to exercise that discretion here. Defendants' counterclaims are wholly redundant and the mirror image of Jane Street's claims, as well as Defendants' own affirmative defenses. Thus, the counterclaims serve no independent purpose; the issues on which the counterclaims are based will all be resolved as part of Jane Street's claims; and the counterclaims should be dismissed.

In addition, to the extent Defendants' "counterclaims" seek a declaration that Defendants are entitled to attorneys' fees as the "prevailing party" under Jane Street's claims, they fail as a matter of law because none is a valid standalone cause of action. Defendants are merely seeking a discretionary remedy that may be provided to a party at the conclusion of a case and upon full resolution of the merits of Jane Street's claims. Because there is no set of facts that Defendants have alleged (or could allege) to state a cause of action for fees, all four counterclaims should be dismissed with prejudice.

In addition, Defendants filed a collective thirty affirmative defenses, many of which suffer from numerous deficiencies and should be stricken. Dkt. 72 at 30-33; Dkt. 74 at 33-35. Nearly all of Defendants' affirmative defenses are stated in a single sentence, with little to no alleged facts to support them, and thus fail to meet the requisite pleading standard. Other of Defendants' "affirmative defenses" fail because they are quite simply not affirmative defenses at all and thus should be stricken.

Accordingly, Jane Street respectfully requests that this Court dismiss Defendants' four counterclaims with prejudice and strike certain of the Defendants' affirmative defenses.

**BACKGROUND**

A.    **Jane Street's Claims**

Jane Street is a global proprietary trading firm in the financial services industry.  Dkt. 63 (First Amended Complaint or "FAC") ¶ 16.  As a trading firm, one of Jane Street's most valuable assets is its trade secrets, which include its confidential and proprietary trading strategies. Defendants Schadewald and Spottiswood are former Jane Street traders who were involved in researching, developing, and implementing Jane Street's proprietary trading strategies, including the specific Trading Strategy at issue in this case. *Id.* ¶¶ 61-67, 96-99.[2]  In February 2024, Messrs. Schadewald and Spottiswood left Jane Street to work as traders for a competitor firm, Millennium.

Within weeks of Messrs. Schadewald and Spottiswood's joining Millennium, Jane Street saw evidence indicating that all three Defendants were, in fact, using and/or exploiting Jane Street's proprietary Trading Strategy.  FAC ¶ 140.  For example, Jane Street discovered that, contemporaneous with Messrs. Schadewald and Spottiswood's arrival at Millennium, (1) a new competitor began trading in the same market as the Trading Strategy, and in a manner strongly indicative of the Trading Strategy; and (2) Jane Street's trading profits through its Trading Strategy decreased significantly.  *Id.* ¶ 141.  Jane Street also learned that the compensation package Millennium offered to Messrs. Schadewald and Spottiswood was significantly above market standards, indicating that Millennium was paying for something valuable other than just general options trading know-how, *i.e.*, Jane Street's proprietary trade secrets.  In addition, the method of trade executions that Jane Street observed, and based on its years of expertise in this particular market (and trading markets generally), led Jane Street to conclude that Defendants were

_____

[2]  The Trading Strategy is described at length in Jane Street's FAC.  *Id.* ¶¶ 31-60.

deploying Jane Street's proprietary Trading Strategy and reaping the profits that Jane Street previously received. *Id.* ¶ 143.

Jane Street promptly commenced this action on April 10, 2024, seeking temporary and permanent injunctive relief to prevent Defendants from continuing their improper use of the Trading Strategy, and seeking money damages to compensate for the harm caused to Jane Street. Jane Street also sought limited and narrow expedited discovery in connection with a preliminary injunction hearing.  At the April 19, 2024 hearing on Jane Street's application for a temporary restraining order, the Court recognized the plausibility of Jane Street's claims.  *See* 4/19/24 Tr. 55:5-7 ("Jane Street's claims are undeniably serious ones.  They absolutely have the potential to be established."); *id.* 61:2-4 ("Look, ultimately these issues require discovery.  This is a complicated matter.  Jane Street has certainly identified smoke, but it has not established a fire."). However, the Court ruled that, on the record before it, Jane Street had not made a sufficient showing of irreparable harm necessary to issue a temporary restraining order, with the Court opining that money damages would likely afford Jane Street sufficient relief.  *Id.* 54:24-58:4. Rather than set a preliminary injunction hearing, with narrow and limited expedited discovery, the Court set an expedited trial date for all claims to be heard on July 15, 2024—leaving three months to complete all necessary discovery (fact and expert) for all claims in the case.

Given the seriousness of Jane Street's claims, the significance to Jane Street's business, the impossibility of preliminary injunctive relief—only a full trial on the merits was now available—the Court's preliminary findings regarding irreparable harm, and the sheer amount of discovery that would be required to fully and fairly present Jane Street's claims at trial, Jane Street voluntarily filed an amended complaint on April 26, 2024, which in relevant part withdrew its request for injunctive relief without prejudice.  Jane Street decided to pursue money damages for

its claims against Defendants related to: (1) Messrs. Schadewald and Spottiswood's breach of their IP confidentiality agreements with Jane Street; (2) Messrs. Schadewald and Spottiswood's violation of the DTSA and New York law by disclosing and/or using Jane Street's Trading Strategy at Millennium; and (3) Millennium's violation of the DTSA and New York law by using the Trading Strategy.  The Court subsequently entered a Case Management Plan and Scheduling Order ("CMO") that required, among other things, a particularized disclosure of Jane Street's trade secrets on May 23, 2024, with which Jane Street timely complied.  Dkt. 88 ¶ 5.

### B.   Defendants' Answers, Affirmative Defenses, And Counterclaims

On May 10, 2024, Defendants responded to the FAC by filing Answers, Affirmative Defenses, and Counterclaims.  Dkt. 72 (Millennium); Dkt. 74 (Individual Defendants).  Together, Defendants filed thirty affirmative defenses and four counterclaims.  All four counterclaims seek a declaration under 28 U.S.C. § 2201 that Jane Street brought it claims in bad faith, status as a "prevailing party" and entitlement to attorneys' fees on Jane Street's claims for trade secret misappropriation and the Individual Defendants' breaches of their IP Agreements.

**Millennium.**  In its Answer, Millennium asserts nine affirmative defenses.  Dkt. 72 at 30-33.  It also filed one counterclaim against Jane Street seeking declarations under 28 U.S.C. § 2201 (1) "of no liability for trade secret misappropriation under DTSA or New York law," (2) "that Jane Street has brought its DTSA and New York trade secret misappropriation claims in bad faith," and (3) that Millennium is the "prevailing party" under the DTSA, 18 U.S.C. § 1836(b)(3)(D), and is entitled to an award of attorneys' fees.  *Id.* ¶¶ 75-76.  The alleged basis for this counterclaim is that (1) the Court denied Jane Street's motion for a temporary restraining order, (2) Jane Street thereafter voluntarily amended its complaint to withdraw its request for injunctive relief without prejudice, and (3) Jane Street did not voluntarily provide a particularization of its trade secrets in advance of the Court's May 23, 2024 deadline.  Millennium claims this means Jane Street "knows

it cannot prevail" on the merits of its trade secrets claims and thus brought its claims "in bad faith" only to deter Millennium's "lawful trading activities under the threat of money damages." *Id.* ¶¶ 63-74.   Millennium fails to recognize that Jane Street voluntarily withdrew its request for injunctive relief only ***after*** the Court opined that irreparable harm was unlikely because money damages would afford Jane Street sufficient relief, and that Jane Street's subsequent position was that the case could be managed on a typical discovery schedule, including providing a particularization of Jane Street's trade secrets in the normal course through standard discovery requests.   On May 21, 2024, the Court entered the CMO, which required Jane Street to provide a particularization of its trade secrets by 5 p.m. ET, May 23, 2024, which Jane Street did.   Under Federal Rule of Evidence 201, the Court can take judicial notice of these facts.

   **The Individual Defendants.**   In their Answer, the Individual Defendants assert twenty-one affirmative defenses.   Dkt. 74 at 33-35.   They also filed three counterclaims seeking declarations under 28 U.S.C. § 2201 that (1) "Jane Street has brought its trade secret misappropriation claims in bad faith," (2) the Individual Defendants are the "prevailing parties" under the DTSA, 18 U.S.C. § 1836(b)(3)(D), and are entitled to an award of attorneys' fees, (3) Schadewald is the "prevailing party under the Schadewald IP Agreement with respect to Jane Street's [breach of contract] claims against him" and is entitled to an award of "all costs and expenses, including attorney's fees," and (4) Spottiswood is the "prevailing party under the Spottiswood IP Agreement with respect to Jane Street's [breach of contract] claims against him" and is entitled to an award of "all costs and expenses, including attorney's fees."   *Id.* ¶¶ 40-45 (Schadewald); ¶¶ 46-51 (Spottiswood).   The Individual Defendants provide no factual allegations to support their position that Jane Street's trade secret claims were made in bad faith other than the conclusory allegation that "Jane Street cannot identify any trade secret that Schadewald and

Spottiswood allegedly misappropriated" and that the claims therefore "are meritless and brought in bad faith, are without factual support, and are prosecuted for illegitimate reasons." *Id.* ¶ 37. Of course, Jane Street was under no obligation to particularize its trade secrets in its complaint,[3] and on May 23, 2024, pursuant to the CMO, Jane Street served on Defendants its Initial Identification of Trade Secrets.  The Individual Defendants' respective IP Agreement counterclaims lack any factual support and are premised solely on a provision in each agreement that the "prevailing party" as to a breach-of-contract claim is entitled to reasonable attorney's fees and costs.  *Id.* ¶¶ 43, 49.

## **ARGUMENT**

## I.   THE COURT SHOULD DISMISS DEFENDANTS' DECLARATORY JUDGMENT COUNTERCLAIMS, WHICH SIMPLY MIRROR JANE STREET'S CLAIMS

The four declaratory judgment counterclaims should be dismissed because: (1) they are entirely redundant of Jane Street's affirmative claims; and (2) there is no independent cause of action for attorneys' fees under the DTSA or the parties' contracts.

### A.   **Legal Standard**

The Declaratory Judgment Act ("DJA") provides that a district court "***may*** declare the rights and other legal relations of an[] interested party."  28 U.S.C. § 2201(a) (emphasis added). The DJA, however, provides "a broad grant of discretion to district courts to refuse to exercise jurisdiction over a declaratory action that they would otherwise be empowered to hear."  *Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 96 (2d Cir. 2023) (citation omitted); *see also Outlogic, LLC v. Advan Rsch. Corp., LLC*, 2024 WL 2203280 at *1 (2d Cir. May 16, 2024)

---

[3]    *See* Trade Secret Management Judicial Guide §4.3.1 ("Plaintiffs alleging trade secret misappropriation are not, and should not be, required to identify their alleged trade secrets in a public filing such as a complaint.  To do so would destroy the trade secret itself."); *see also, e.g.*, *Tesla Wall Sys., LLC v. Related Cos., L.P.*, 2017 WL 6507110, at *10 (S.D.N.Y. Dec. 18, 2017) ("trade secrets need not be disclosed in detail in a complaint alleging misappropriation").

(summary order) (district courts' "broad discretion to decline to exercise jurisdiction" over declaratory judgment claim reviewed "deferentially, for abuse of discretion") (quotations and citations omitted); *Starr Indem. & Liab. Co. v. Exist, Inc.*, 2024 WL 503729, at *1 (2d Cir. Feb. 9, 2024) (summary order) ("District courts have broad discretion to decline jurisdiction in declaratory judgment actions.") (quotations and citation omitted).

**B.    Defendants' Counterclaims Are Redundant Of Jane Street's Misappropriation Claims And Defendants' Affirmative Defenses**

As noted above, "just because a court ***may*** hear a DJA claim does not mean that it ***must***." *Travelers Prop. Cas. Co. of Am. v. Harleysville Worcester Ins. Co.*, 685 F. Supp. 3d 187, 202 (S.D.N.Y. 2023).   In *Admiral Insurance*, the Second Circuit set forth multiple non-exclusive factors that "should inform a district court's exercise of discretion":

> [1] whether the declaratory judgment sought will serve a useful purpose in clarifying or settling the legal issues involved; [2] whether such a judgment would finalize the controversy and offer relief from uncertainty; [3] whether the proposed remedy is being used merely for procedural fencing or a race to res judicata; [4] whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; [5] whether there is a better or more effective remedy; and [6] whether concerns for judicial efficiency and judicial economy favor declining to exercise jurisdiction.

57 F.4th at 99-100 (quotations omitted, cleaned up).   The Court's discretion includes a "wide latitude to address ... factors as relevant to the ultimate question of whether 'the normal principle that federal courts should adjudicate claims [over which they have] jurisdiction' should 'yield[ ] to considerations of practicality and wise judicial administration' in a particular case[.]" *Id.* at 100 (quoting *Wilton* v. *Seven Falls Co.*, 515 U.S. 277, 288 (1995)).   For example, Judge Furman recently "easily dismissed" a defendant's DJA claims on the grounds that the claims were "duplicative" of other claims that would "resolve the same issues," and thus "considerations of practicality and wise judicial administration" favored dismissal. *Frommer v. MoneyLion Techs.*

*Inc.*, 2024 WL 2158589, at *11 (S.D.N.Y. May 14, 2024) (quoting *Admiral Ins.*, 57 F.4th at 99-100).

This is standard practice: "courts generally reject a DJA claim when other claims in the suit will resolve the same issues." *Id.* (quoting *EFG Bank AG, Cayman Branch v. AXA Equitable Life Ins. Co.*, 309 F. Supp. 3d 89, 99 (S.D.N.Y. 2018). "When a counterclaim is merely the 'mirror image' of an opposing party's claim and the counterclaim serves no independent purpose, the counterclaim may be dismissed." *Worldwide Home Prod., Inc. v. Bed Bath & Beyond, Inc.*, 2013 WL 247839, at *2 (S.D.N.Y. Jan. 22, 2013) (citation omitted). This Court, for example, dismissed a defendant's DJA counterclaim that would necessarily be adjudicated by a plaintiff's claim as "not serv[ing] a useful purpose" because the plaintiff's claims "will likely" resolve the issues. *Dubov v. Lewis*, 2019 WL 1060652, at *3 (S.D.N.Y. Mar. 6, 2019) (Engelmayer, J.).

Courts equally apply this rule to DTSA claims. *See, e.g.*, *Peloton Interactive, Inc. v. ICON Health & Fitness, Inc.*, 2021 WL 3794829, at *2 (D. Del. Aug. 26, 2021) (declining jurisdiction over defendant's mirror image DTSA counterclaim); *Rail Scale, Inc. v. Balanced Railscale Cert., LLC*, 2017 WL 319077, at *2 (E.D. Tex. Jan. 23, 2017) ("Defendants' liability for … trade secret misappropriation will be resolved as part of RSI's claims. A declaratory judgment from the Court is unnecessary."). So too with breach of contract: courts do not hesitate to deny jurisdiction over declaratory judgment claims that are the mirror image of the plaintiff's breach of contract claim because "[w]hen a court must necessarily analyze the parties' rights in connection with a breach of contract claim, a declaratory judgment on the same issues would be superfluous." *DD 11th Ave. LLC v. Travelers Prop. Cas. Co. of Am.*, 2013 WL 12618565, at *3 (S.D.N.Y. Jan. 2, 2013); *see also, e.g.*, *Cmty. Care Cos., Inc. v. Interim Healthcare, Inc.*, 2021 WL 12102892, at *14 (E.D.N.Y.

Jan. 19, 2021) ("courts routinely dismiss requests for declaratory judgment when the parties' rights will be adjudicated through a breach of contract claim in the same action") (collecting cases).

Here, in the FAC, Jane Street alleges that Defendants "misappropriated Jane Street's trade secrets" under the DTSA and New York law (¶¶ 193-219) and in its prayer for relief asks that the Court enter judgment finding Defendants liable for trade secret misappropriation. FAC ¶¶ 202, 216 (Fourth and Fifth Claims). Jane Street also alleges that the Individual Defendants breached their contracts with Jane Street by "using and disclosing Jane Street's confidential information, including its intellectual property and trade secrets relating to Jane Street's Trading Strategy." FAC ¶¶ 175, 183 (First and Second Claims). Mirroring these claims, Millennium's counterclaim seeks a declaration "of no liability for trade secret misappropriation under DTSA or New York law." Dkt. 72 ¶ 75. And the Individual Defendants' counterclaims seek a declaration that they are the "prevailing parties" under Jane Street's DTSA claim (first counterclaim), and under Jane Street's breach of contract claims for breach of the Schadewald IP Agreement and Spottiswood IP Agreement (second and third counterclaims). Of course, to be declared the prevailing party on each of Jane Street's claims, the Court first would have to find there was no liability under those claims.

Thus, each of the four counterclaims is nothing more than a mirror image of Jane Street's claims, along with a request for attorneys' fees as a "prevailing party" as a remedy on those same claims. As such, the counterclaims will not serve a useful purpose and "will do nothing to clarify or settle the legal relations at issue here." *Dubov*, 2019 WL 1060652, at *3. Because the issues raised in Defendants' counterclaims will all be settled through Jane Street's affirmative claims, the counterclaims serve no purpose in this litigation other than to say "no I didn't"—they should each be dismissed.

Should the Court need any further assurance, Defendants' counterclaims are also duplicative of their own affirmative defenses and their requests for attorney's fees in their Answers.  *See, e.g.,* Dkt. 72 at 32 (No. 4: "bad faith claim of trade secret misappropriation" and arguing "entitle[ment] to an award of reasonable attorneys' fees" under § 1836(b)(3)(D)); Dkt. 74 at 34 (No. 10: "Jane Street is prosecuting its claims in bad faith"), *id.* at 36 (asking Court to award attorneys' fees under § 1836(b)(3)(D)).  Courts decline to exercise jurisdiction over DJA claims that are redundant with a defendant's own affirmative defenses.  *See, e.g.*, *Nat'l Acad. of Tele. Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*, 551 F. Supp. 3d 408, 430 (S.D.N.Y. 2021) (dismissing counterclaim for fair use in copyright case as "duplicative of Defendant's affirmative defense"); *Arista Recs. LLC v. Usenet.com., Inc.*, 2008 WL 4974823, at *5 (S.D.N.Y. Nov. 24, 2008) (dismissing six counterclaims that "serve no purpose because they mirror the issues raised in Plaintiffs' Complaint, constitute no affirmative cause of action, and are duplicative of [defendant's] affirmative defenses"); *Washington v. Landmark Tech. A, LLC*, 2023 WL 2527173, at *2 (W.D. Wash. Mar. 15, 2023) (dismissing counterclaims that are duplicative of affirmative defenses).

## C.    Defendants' Counterclaims Should Be Dismissed Because There Is No Independent Cause Of Action For A Request For Attorneys' Fees

Defendants' request for attorneys' fees as part of their declaratory judgment counterclaims does not save the claims.  Under § 1836(b)(3)(D), after the case is resolved, either party (if it is the "prevailing party") may file a Rule 54(d) motion for fees.[4]  The Court retains the discretion to hear

---

[4]   Jane Street's trade secret misappropriation under New York law is a common law claim, not a statutory claim.  Under New York law, "a prevailing party may not recover attorneys' fees from the losing party except where authorized by statute, agreement or court rule."  *Fiduciary Ins. Co. of Am. v. Med. Diagnostic Servs.*, P.C., 150 A.D.3d 498, 498 (1st Dept 2017).  Here, there is no agreement between the parties with respect to attorneys' fees for the New York trade secret misappropriation claims.

such a motion *regardless* of whether a separate counterclaim exists. *See, e.g.*, *Arista*, 2008 WL 4974823, at *5 (dismissing counterclaims "because they mirror the issues raised in Plaintiffs' Complaint," noting under Copyright Act's "prevailing party" attorneys' fees statute: "If Plaintiffs' claim were ultimately to fail, this Court would have the discretion to award costs and attorneys' fees, irrespective of any counterclaims."). Thus, a DJA counterclaim for "prevailing party" fees is unnecessary.

Moreover, given that Defendants could not assert causes of action against Jane Street under the DTSA for a "bad faith claim," Defendants should not be allowed to proceed by merely reframing this non-existent claim as a declaratory judgment claim under 28 U.S.C. § 2201. "A party seeking a declaratory judgment must … provide a substantive claim to relief based on a law other than the [DJA]." *Hello I Am Elliot, Inc. v. Sine*, 2020 WL 3619505, at *11 (S.D.N.Y. July 2, 2020) (Engelmayer, J.) (citing cases). Nor can the counterclaim be salvaged by amendment; because the cause of action does not even exist, no further factual allegations may fix it.

Under DTSA § 1836(b)(3)(D), there is no independent cause of action for a defendant's fees. Rather, the DTSA allows a "prevailing party" to move for fees after resolution of the merits of the plaintiff's DTSA claim. "[T]he majority view of courts is that claims for fees under the DTSA are not separate counterclaims. Instead, those claims are matters that can be addressed to the court, if appropriate, at the close of the case." *Shambaugh & Son, L.P. v. Reichhart*, 2024 WL 1929280, at *2 (N.D. Ind. May 2, 2024). Accordingly, Defendants' counterclaims for a "declaration" of "bad faith claim of misappropriation" under the DTSA should be dismissed pursuant to Rule 12(b)(6).

For example, Judge Liman recently dismissed a counterclaim for a "bad faith claim" under § 1836(b)(3)(D) where the counterclaimant alleged that the plaintiff's DTSA claim was brought

in bad faith and that he was entitled to attorneys' fees and costs. *Allstate Life Ins. Co. v. Mota*, 2021 WL 5166819, at *6 (S.D.N.Y. Nov. 5, 2021). The counterclaim was dismissed because "the statute does not provide a separate, independent cause of action for a claim under the [DTSA] brought in bad faith." *Id.* Rather, if the counterclaimant "proves in his defense" that the claim was brought in bad faith, "he may seek … attorneys' fees." *Id.*

The structure of the DTSA confirms this—the statute states in the section titled "REMEDIES" that "in a civil action brought under this subsection with respect to the misappropriation of a trade secret, a court may … award reasonable attorney's fees to the prevailing party." 18 U.S.C. § 1836(b)(3)(D). A fee award is a discretionary ***remedy*** for the prevailing party (***either*** party) "in" an existing action brought under the DTSA; § 1836(b)(3)(D) does not create its own separate cause of action. In contrast, the section titled "PRIVATE CIVIL ACTIONS" expressly creates a cause of action for trade secret misappropriation. *Id*. § 1836(b)(1). This is consistent with Rule 54(d)(2), which provides that "[a] claim for attorney's fees … must be made ***by motion*** unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A) (emphasis added). The DTSA does not require that proof of attorneys' fees must be proved at trial as an "element of damages."

On this basis, courts regularly dismiss counterclaims brought under § 1836(b)(3)(D) in response to a DTSA claim pursuant to Rule 12(b)(6), as Judge Liman did. *See, e.g.*, *R.J. Heating Co. v. Rust*, 2024 WL 1307114, at *6 (N.D. Ohio Mar. 27, 2024) (dismissing § 1836(b)(3)(D) counterclaim: DTSA and state-law analog "provide a remedy for a party who is otherwise successful under the respective statutory schemes; but they do not create separate, independent causes of action"); *Elias Indus., Inc. v. Kissler & Co.*, 2022 WL 911759, at *6 (W.D. Pa. Mar. 29, 2022) (same: "claims for attorneys' fees under the DTSA … are not independent causes of action

and should be made through a motion"); *McGriff Ins. Servs., Inc. v. Littlestone*, 2021 WL 6197378, at \*3 (M.D. Fla. Dec. 30, 2021) (similar, dismissing § 1836(b)(3)(D) counterclaim); *Cap. Inventory, Inc. v. Green*, 2021 WL 9938794, at \*7 (N.D. Ga. June 15, 2021) (dismissing § 1836(b)(3)(D) counterclaim: "no independent cause of action"); *Pinebrook Holdings, LLC v. Narup*, 2020 WL 871578, at \*9 (E.D. Mo. Feb. 21, 2020) (similar, citing cases); *Concordia Pharms. Inc. SARL v. Lazarus Pharms. Inc.*, 2019 WL 2502212, at \*7 (D.S.C. May 17, 2019) (denying leave to add § 1836(b)(3)(D) counterclaim because the statute does not require proof of damages at trial, only provides for a potential remedy "for a party who has already prevailed on the merits," so Rule 54(d) requires fees to be sought "by motion").[5]

In addition, with respect to the Individual Defendants' IP Agreement-based counterclaims, a declaration that someone is the prevailing party on the breach of contract claims is not a standalone cause of action, but rather a ***remedy*** the Court may award to the prevailing party only ***after*** Jane Street's breach of contract claims are resolved on the merits. The relevant operative language, as alleged, is below (emphasis added):

---

[5] This commonsense reading of the fee-shifting provision of DTSA is borne out in practice, as parties seeking attorneys' fees under § 1836(b)(3)(D) do so by motion, either after resolution of the merits or as part of a dispositive motion. *See, e.g.*, *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, 2024 WL 1116090, at \*1 (S.D.N.Y. Mar. 13, 2024) (granting motion for attorney's fees following jury trial); *Phyto Tech Corp. v. Givaudan SA*, 2023 WL 1437714, at \*1 (S.D.N.Y. Jan. 31, 2023) (plaintiff filed motion for attorney's fees following jury trial); *KCG Holdings, Inc. v. Khandekar*, 2020 WL 7053229, at \*2 (S.D.N.Y. Dec. 2, 2020) (motion for attorney's fees followed finding of judgment as a matter of law as to DTSA claims).

| Schadewald IP Agreement (Dkt. 74 ¶ 20) | Spottiswood IP Agreement (Dkt. 74 ¶ 22) |
|---|---|
| [Schadewald] and [Jane Street] further agree that the ***prevailing party*** in any action brought pursuant to this Section 8 shall be entitled to recover all costs and expenses (including attorneys' fees) incurred in connection with the ***enforcement*** of its or their rights hereunder.  If a party prevails on some, but not all issues, the court shall apportion such fees and costs between the parties. | ***Enforcement***: … Employee hereby agrees to indemnify and hold harmless the Company from and against any damages incurred by the Company as assessed by a court of competent jurisdiction as a ***result of any breach of this Agreement*** by Employee.  The ***prevailing party*** shall be entitled to reasonable attorney's fees and costs, whether or not such costs are allowable as costs under applicable law.  If a party prevails on some, but not all issues, the court shall apportion such fees and costs between the parties. |

Under each provision, only if an Individual Defendant is determined to be a "prevailing party" either "in connection with the enforcement of its rights" (Schadewald) or "as a result of any breach of this Agreement by Employee" (Spottiswood), the prevailing party is entitled to reasonable attorneys' fees.  Moreover, neither of these provisions provides that the amount of attorneys' fees must be proved at trial as an element of damages.

A contractual "prevailing party" fees provision does not create a standalone cause of action; it is a post-litigation form of collateral relief that may be requested after the matter is resolved on the merits.  And Rule 54(d)(2) requires that "[a] claim for attorneys' fees and related nontaxable expenses ***must*** be made by ***motion*** unless the substantive law requires those fees to be proved at trial as an element of damages."   Fed. R. Civ. P. 54(d)(2)(A) (emphasis added).   Because "prevailing party" fee awards are not "to be proved at trial as an element of damages," they may be afforded only by a motion, not a claim.  *See, e.g.*, *Terra Energy & Res. Techs., Inc. v. Terralinna Pty. Ltd.*, 2014 WL 5690416, at *4 (S.D.N.Y. Nov. 5, 2014) ("award of prevailing party attorneys' fees" afforded by contract ***not*** an element of damages to be proven at trial, and must be made through Rule 54(d)(2) motion); *Laba v. JBO Worldwide Supply Pty Ltd*, 2023 WL 4985290, at *6

(S.D.N.Y. July 19, 2023) (similar).  This also makes sense—the IP Agreements do not create a cause of action for "attorneys' fees," but for "enforcement" of the agreements.[6]

## II.   THE COURT SHOULD STRIKE DEFENDANTS' INSUFFICIENTLY-PLEADED AFFIRMATIVE DEFENSES

Defendants collectively assert thirty affirmative defenses with their Answers, most of which are stated in a single sentence, devoid of any factual allegations.  Specifically, Millennium asserts nine affirmative defenses (Dkt. 72 at 30-33) and the Individual Defendants assert twenty-one (Dkt. 74 at 33-35).  Many of these affirmative defenses are legally and/or factually insufficient, and Jane Street would be prejudiced by their unnecessary inclusion.

### A.   <u>Legal Standard</u>

"[T]o strike an affirmative defense as insufficient on a Rule 12(f) motion to strike, '(1) there must be no question of fact that might allow the defense to succeed; (2) there must be no substantial question of law that might allow the defense to succeed; and (3) the plaintiff must be prejudiced by the inclusion of the defense.'"  *Capri Sun GmbH v. Am. Beverage Corp.*, 414 F. Supp. 3d 414, 435 (S.D.N.Y. 2019) (Engelmayer, J.) (quoting *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010)).

"In considering the first and second prongs, courts apply the same legal standard as that applicable to a motion to dismiss under Rule 12(b)(6)."  *City of N.Y. v. Fedex Ground Package Sys., Inc.*, 314 F.R.D. 348, 355 (S.D.N.Y. 2016).  Courts apply "the plausibility standard ... to

---

[6]   To the extent Defendants intend to argue they are entitled to a declaration that they are the prevailing parties with respect to Jane Street's request for a temporary restraining order or injunctive relief (Dkt. 74 ¶¶ 31, 33), the claim should be dismissed because it "goes only to liability for past damages, not the avoidance of (nonspeculative) future damages." *Starr Indem. & Liab.*, 2024 WL 503729, at *1 ("Liability for past damages can be addressed just as easily in an ordinary suit for breach of contract and, thus, an action for declaratory judgment yields no incremental benefit.").

determining the sufficiency of all pleadings, including the pleading of an affirmative defense." *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2d Cir. Mar. 12, 2019). "[A]ffirmative defenses that are merely 'conclusory allegations absent any supporting factual allegations[,] are insufficient as a matter of law and fail to provide a plaintiff with notice as to how the defense applies to plaintiff's claims.'" *Schaub & Williams, L.L.P. v. Augme Techs., Inc.*, 2014 WL 625390, at *7 (S.D.N.Y. Feb. 14, 2014) (quoting *Coach, Inc.,* 756 F. Supp. 2d at 425).

### B. <u>Unclean Hands</u>

Millennium contends Jane Street has "unclean hands" because it filed its claims "to injure Millennium's business prospects and cast a cloud over Millennium's legitimate business activities."  Dkt. 72 at 31-32 (No. 3).  The Individual Defendants say even less, simply alleging that Jane Street "acted with unclean hands, including with respect to its dealings … and trading activities." Dkt. 74 at 34 (No. 9).  This affirmative defense should be stricken for multiple reasons.

***First***, Defendants' allegations are facially insufficient, as they simply describe what unclean hands is, without providing any factual allegations as to ***what*** particular unconscionable acts Jane Street committed to injure Defendants.  *See Republic of Turkey v. Christie's Inc.*, 527 F. Supp. 3d 518, 521 (S.D.N.Y. 2021) (defendant must allege plaintiff: "[1] committed some unconscionable act that is directly related to the subject matter in litigation and [2] has injured the party attempting to invoke the doctrine"); *Obabueki v. IBM Corp.*, 145 F. Supp. 2d 371, 401 (S.D.N.Y. 2001) ("[p]leading the words 'unclean hands' without more" is insufficient).

***Second***, even if Defendants' threadbare assertions of vague injury were enough, there is no factual allegation that Jane Street committed an "unconscionable act" in obtaining or using the trade secrets it asserts Defendants misappropriated.  This ***alone*** defeats Defendants' defense.  For example, in trademark cases, courts recognize a defendant "cannot maintain a defense of unclean hands where the basis of the defense is premised on the posture taken by the plaintiffs with respect

17

to its trade dress in the course of litigation." *Yurman Design, Inc. v. Golden Treasure Imps., Inc.*, 275 F. Supp. 2d 506, 518 (S.D.N.Y. 2003). That is, "alleged conduct in ***filing*** this suit, … cannot be the basis of an unclean hands defense" "because any bad faith or inequitable conduct in filing the lawsuit" "is unrelated to Plaintiffs' ***obtaining*** or ***using*** the rights in suit." *Coach, Inc.*, 756 F. Supp. 2d at 429-30 (emphasis added) (citing cases); *see also, e.g.*, *Liz Claiborne, Inc. v. Mademoiselle Knitwear, Inc.*, 13 F. Supp. 2d 430, 445 (S.D.N.Y. 1998) (rejecting argument that "bad faith in bringing suit can itself be the basis for an unclean hands defense"). Otherwise, ***every*** defendant who believed a plaintiff's trade secrets claim was unmeritorious would have an unclean hands defense. Because Defendants do not allege Jane Street engaged in any misconduct in connection with its ***own obtaining*** or ***own use*** of the trade secrets at issue, no unclean hands defense can lie as a matter of law.

      ***Third***, its inclusion would prejudice Jane Street. As the Court has already acknowledged, this is a complex and fact-intensive case that is on a fast track. The substantial completion of document production is scheduled to close on July 31, 2024 (in just ***two*** months) with all fact depositions to be completed just by one month later. Dkt. 88 ¶¶ 10(e)-(f). In light of the complexity and timeline of the case, Jane Street "would be prejudiced by the increased time and expense, including unnecessary discovery costs that would result from litigating a legally insufficient unclean hands defense," as well as by unnecessarily expanding the length and scope of trial. *Coach, Inc.*, 756 F. Supp. 2d at 426, 430. Moreover, this legally insufficient claim should not function to grant Defendants a discovery fishing expedition when Defendants have no factual basis to assert the defense in the first place.

### C.    <u>Statute of Limitations</u>

      The Individual Defendants provide a single sentence claiming that Jane Street's claims are "barred by the relevant statutes of limitations." Dkt. 74 at 35 (No. 18). Such an unsupported

sentence standing alone is enough to strike the defense, as it "fail[s] to provide a plaintiff with any notice as to how the defense applies to the plaintiff's claims"—Jane Street has no idea which of its claims (if any) is supposedly barred by a statute of limitations, or what act supposedly triggered that unstated statute. *Coach, Inc.*, 756 F. Supp. 2d at 425. Moreover, the Court may strike this defense with prejudice, as it cannot stand in the face of the FAC. *GEOMC*, 918 F.3d at 98 ("the facts needed to plead a statute-of-limitations defense will usually be readily available"). The statute of limitations for a DTSA claim is three years from the date of discovery, 18 U.S.C. § 1836(d), and for a breach-of-contract claim under New York law the statute of limitations is six years from the date of breach, *DM Manager LLC v. Fid. Nat'l Info. Servs., Inc.*, 2024 WL 1347724, at *15 (S.D.N.Y. Mar. 29, 2024). No plausible set of facts alleged can support this defense.

And because there is no plausible defense, Jane Street would be prejudiced by the increased time and expense, including discovery costs, in litigating it. *Coach, Inc.*, 756 F. Supp. 2d at 426.

### D.  Waiver, Estoppel, And Laches

Defendants assert defenses of "waiver and estoppel," allegedly relating to Jane Street's supposed failure to take steps to protect its trade secrets, or in vague "dealings" with the Individual Defendants. Dkt. 72 at 32 (No. 5); Dkt. 74 at 34 (No. 6). In addition, the Individual Defendants allege, without any explanation, that Jane Street's claims "are barred by laches." Dkt. 74 at 35 (No. 19).

Defendants' bare allegations facially fail to allege sufficient facts to support these affirmative defenses as pleaded; at best, they simply describe legal doctrines. Because Defendants have "not explained how these equitable defenses could apply in this case," they should be stricken. *Am. Home Energy Inc. v. AEC Yield Cap. LLC*, 2022 WL 595186, at *17 (E.D.N.Y. Feb. 28, 2022) (striking waiver, estoppel and laches defenses where defendant "merely lists the standard … without connecting that standard to any pleaded facts").

19

Such factual allegations matter as Jane Street is entitled to some notice of what alleged conduct constitutes waiver, estoppel, or laches.  For example, as to ***estoppel***, "[t]here is no indication that the Defendants relied, to their detriment or otherwise, on any conduct by [Jane Street]," or that Jane Street "intended" that its own conduct be relied upon by any Defendant. *Coach, Inc.*, 756 F. Supp. 2d at 426-27 (striking estoppel defense); *see also Dorce v. City of N.Y.*, 2022 WL 16639141, at *4 (S.D.N.Y. Oct. 14, 2022) ("Defendants offer no factual basis on which the Court could conclude that they relied, to their detriment or otherwise, on any conduct by the Plaintiffs."); *Silva v. Hornell Brewing Co.*, 2020 WL 8079823, at *4 (E.D.N.Y. Dec. 1, 2020) (similar).  As to ***waiver***, which requires Defendants to show that Jane Street "relinquished a right with both knowledge of the existence of the right and an intention to relinquish it," Defendants fail to provide any factual allegations to make such a defense plausible—for example, "[t]here is no indication that [Jane Street] intentionally relinquished any rights."  *Coach, Inc.*, 756 F. Supp. 2d at 428 (striking waiver defense); *see also Shaub & Williams*, 2014 WL 625390, at *9 (S.D.N.Y. Feb. 14, 2014) (striking defense: "Defendant has not alleged any fact supporting the assertion that Plaintiff at any point intentionally renounced, by actions or words, a previously held right to the balance of billed fees.").  And as to ***laches***, which requires Defendants to show that they "suffered a prejudice because of [Jane Street's] unreasonable and inexcusable delay in bringing the claim," Defendants' pleadings again "lack any facts supporting a laches defense."  *Coach, Inc.*, 756 F. Supp. 2d at 428 (striking laches defense); *Dorce*, 2022 WL 16639141, at *4-5 (similar); *Paul Rudolph Found. v. Paul Rudolph Heritage Found.*, 2022 WL 4109723, at *12 (S.D.N.Y. Sept. 8, 2022) (striking laches: "Defendants' pleading is nothing more than a formulaic recitation of the elements of laches; there are no facts relating to the purported 'undue prejudice' to Defendants from any delay.").

Moreover, the "[i]nclusion of the above legally insufficient defenses would prejudice" Jane Street because Jane Street would "incur increased discovery costs in having to explore the factual basis for these defenses." *Coach, Inc.*, 756 F. Supp. 2d at 428; *Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D. 269, 272 (S.D.N.Y. 1999) ("Increased time and expense of trial may constitute sufficient prejudice to warrant granting plaintiff's Rule 12(f) motion.").

### E.   Failure To Mitigate

Defendants allege an unexplained affirmative defense that Jane Street "failed to mitigate its damages." Dkt. 72 at 32 (No. 6); Dkt. 74 at 35 (No. 17). This is legally insufficient. "[T]he defense of failure to mitigate requires the defendant to establish not only that the plaintiff unreasonably failed to mitigate, but that reasonable efforts would have reduced the damages." *Coastal Power Int'l, Ltd. v. Transcon. Cap. Corp.*, 10 F. Supp. 2d 345, 370 (S.D.N.Y. 1998). Thus, "the defendant bears the burden of introducing evidence to prove that the plaintiff could have lessened its damages and acted unreasonably in failing to do so." *Tabatznik v. Turner*, 2016 WL 1267792, at *15 (S.D.N.Y. Mar. 30, 2016). Defendants plead no factual allegations to support their threadbare defense, including any allegation of: (1) how Jane Street acted unreasonably; or (2) what reasonable efforts would have reduced its damage. "Based on even the most generous reading of the pleadings, there is no indication that [Jane Street] failed to take reasonable efforts to mitigate any of [its] alleged damages," and Defendants provide no factual explanation otherwise. *Coach*, *Inc.,* 756 F. Supp. 2d at 430-31.

In addition, for the same reasons as above, Jane Street "would be prejudiced by the increased time and expense, including unnecessary discovery costs that would result in litigating a legally insufficient failure to mitigate damages defense." *Coach*, *Inc.,* 756 F. Supp. 2d at 431.

**F.**   **Failure To Perform Or To Satisfy Condition Precedent**

The Individual Defendants allege, without explanation, that Jane Street's claims are "barred by its failure to perform under or satisfy conditions precedent" of the two IP agreements. Dkt. 74 at 34 (No. 14).   There is no articulation of how Jane Street allegedly failed to perform, rendering that portion of this defense insufficiently pleaded under *Twombly*.   Moreover, Rule 9(c) sets forth that "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed.   But when ***denying*** that a condition precedent has occurred or been performed, a party must do so with ***particularity***."   Fed. R. Civ. P. 9(c) (emphasis added).   That is, "a defendant's defense based on a condition precedent must be pleaded with particularity under Rule 9(c)."   *Pike Co., Inc. v. Universal Concrete Prod., Inc.*, 616 F. Supp. 3d 253, 259 (W.D.N.Y. 2022) (striking affirmative defense of condition precedent).   Because the Individual Defendants both fail to: (1) specify how Jane Street failed to perform; and (2) identify with particularly which condition precedents were not met and how they failed to occur, this affirmative defense is insufficiently pleaded as a matter of law.

And again, given these failures, Jane Street would be prejudiced by the increased time and expense, including discovery costs, to litigate this defense.   *Coach, Inc.*, 756 F. Supp. 2d at 426. There is no claim that Jane Street breached any agreement, and it would be improper for the Individual Defendants to use this insufficiently-pleaded defense as a tool to fish for discovery.

**G.**   **Defendants' "Affirmative Defenses" That Are Not Affirmative Defenses**

Finally, Defendants invoke a litany of "affirmative defenses" that are actually just denials of Jane Street's claims or requests for relief, pleaded in conclusory fashion, and thus they can be stricken on that basis, including (i) ***failure to state a claim*** (Dkt. 74 at 33 (No. 1); Dkt. 72 at 30-31 (No. 1)); (ii) ***failure to satisfy element of a trade secret claim*** (Dkt. 74 at 33-34 (Nos. 4-8); Dkt. 72 at 31 (No. 2)); (iii) ***failure to satisfy element of a breach-of-contract claim*** (Dkt. 74 at 34

(No. 12-14); (iv) **no damages** (Dkt. 72 at 32 (No. 6); Dkt. 74 at 35 (Nos. 16, 17)); (v) **failure to satisfy elements of punitive damages** (Dkt. 72 at 32 (No. 7); Dkt. 74 at 35 (No. 21)); (vi) **failure to sufficiently plead joint or several liability** (Dkt. 72 at 33 (No. 9)).  *See Rogers v. Blacksmith Brands, Inc.*, 2011 WL 6293764, at *8 (S.D.N.Y. Dec. 13, 2011) (striking defenses that are "mere denials of liability"); *Apex Oil Co. v. DiMauro*, 713 F. Supp. 587, 604 (S.D.N.Y. 1989) (same).

## CONCLUSION

Jane Street respectfully requests that the Court grant Jane Street's motion in its entirety.

DATED:  May 31, 2024                         Respectfully submitted,

                                             */s/ Deborah K. Brown*
                                             Alex Spiro
                                             Deborah K. Brown
                                             Todd Anten
                                             Jeffrey C. Miller
                                             QUINN EMANUEL URQUHART & SULLIVAN, LLP
                                             51 Madison Avenue, 22nd Floor
                                             New York, New York 10010
                                             Telephone: (212) 849-7000
                                             alexspiro@quinnemanuel.com
                                             deborahbrown@quinnemanuel.com
                                             toddanten@quinnemanuel.com
                                             jeffreymiller@quinnemanuel.com

                                             Greg Miraglia (*pro hac vice* forthcoming)
                                             QUINN EMANUEL URQUHART & SULLIVAN, LLP
                                             300 West 6th Street
                                             Austin, Texas 78701
                                             Telephone: (737) 667-6100
                                             gregmiraglia@quinnemanuel.com

                                             Jeff Nardinelli (*pro hac vice* forthcoming)
                                             QUINN EMANUEL URQUHART & SULLIVAN, LLP
                                             50 California Street, 22nd Floor
                                             San Francisco, CA 94111
                                             Telephone: (415) 875-6600
                                             jeffnardinelli@quinnemanuel.com

                                             *Attorneys for Plaintiff Jane Street Group, LLC*