UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JANE STREET GROUP, LLC,

                        Plaintiff,

         -v-

MILLENNIUM MANAGEMENT LLC, *et al.*,

                        Defendants.

24 Civ. 2783 (PAE)

ORDER

---

**PAUL A. ENGELMAYER, District Judge:**

Before the Court is a dispute between plaintiff Jane Street Group, LLC ("Jane Street") and defendants Millennium Management LLC ("Millennium"), Douglas Schadewald, and Daniel Spottiswood over the terms of a proposed protective order to govern the use of confidential information produced in this case. Dkts. 89 ("Pl. Br."), 90 ("Def. Br."). For the reasons that follow, the Court orders the parties to submit a proposed protective order consistent with the restrictions set forth in this order.

### I. Legal Standard

A court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). In particular, a court may "requir[e] that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). A court has "broad discretion" under Rule 26(c) to "decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see also Dove v. Atl. Capital Corp.*, 963 F.2d 15, 20 (2d Cir. 1992) ("[T]he grant or denial of a protective order lies within the sound discretion of the district

court.""). "[T]he party seeking a protective order has the burden of showing that good cause exists for issuance of that order." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004) (citation omitted). "Ordinarily, good cause exists when a party shows that disclosure will result in a clearly defined, specific and serious injury." *In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006) (quotation marks omitted); *see also Blackbird Tech LCC v. Serv. Lighting & Elec. Supplies, Inc.*, No. 15 Civ. 53 (RGA), 2016 WL 2904592, at *1–2 (D. Del. May 18, 2016).

## II. Discussion

All parties agree that a protective order is necessary and on certain aspects of that order. But they disagree about the access that should be afforded to (1) Schadewald and Spottiswood, (2) in-house counsel at Millennium, (3) a business professional at Millennium. Jane Street seeks to deny these individuals access to certain discovery material, which would be limited to "outside counsel eyes' only." Defendants argues that these individuals should be able to access all produced discovery. The Court considers each group in turn.

### A. Schadewald and Spottiswood

As to Schadewald and Spottiswood, the Court finds some level of access appropriate, but denies their request for unfettered access.

"The disclosure of confidential information on an 'attorneys' eyes only' basis is a routine feature of civil litigation involving trade secrets." *In re the City of New York*, 607 F.3d 923, 935 (2d Cir. 2010); *see also Chase Manhattan Bank, N.A. v. Turner & Newall, PLC*, 964 F.2d 159, 164 (2d Cir. 1992) ("[A]n attorney may in appropriate cases learn an adversary's trade secrets under an obligation not to disclose them to clients or others who might put them to commercial use."). To enter a protective order with an "attorneys' eyes only" provision, a court "must

balance the risk of economic harm to the producing party against the requesting party's need for the information." *Tory Burch LLC v. Creative Eyewear, Inc.*, No. 12 Civ. 7422 (HB) (JCF), 2013 WL 1294561, at *1 (S.D.N.Y. Apr. 1, 2013) (citing *Asch/Grossbardt Inc. v. Asher Jewelry Co.*, No. 02 Civ. 5914 (SAS), 2003 WL 660833, at *2 (S.D.N.Y. Feb. 28, 2003)). Where an individual is "involved in competitive decision-making, the issue is whether there is a demonstrated need for access to the documents sufficient to outweigh the concerns such access gives rise to." *Infosint S.A. v. H. Lundbeck A.S.*, No. 06 Civ. 2869 (LAK) (RLE), 2007 WL 1467784, at *5 (S.D.N.Y. May 16, 2007); *see also Vesta Corset Co. v. Carmen Foundations, Inc.*, No. 97 Civ. 5139 (WHP), 1999 WL 13257, at *2 (S.D.N.Y. Jan. 13, 1999) ("[A] party's right to review all material produced in discovery may be limited due to the commercially sensitive nature of the information.").

Jane Street proposes to allow Schadewald and Spottiswood access to documents they either authored or received while at Jane Street. Schadewald and Spottiswood, in contrast, seek full access to all documents produced in the course of this litigation. The Court adopts Jane Street's proposal. Although the Court must protect "the ability of the former employee to defend themselves," the Court also must limit "the harm to the former employer, which has allegedly already been harmed by the misappropriation and now is exposed to harm again by allowing the former employee unfettered access to the trade secret information." Federal Judicial Center, *Trade Secret Case Management Judicial Guide* ("FJC Guide") § 6.5.7 (2023) (citing *Mobilitie Mgmt., LLC v. Harkness*, No. 16 Civ. 4396, 2018 WL 7858685, at *3 (N.D. Ga. July 10, 2018)). An "effective balance" of those interests requires that the individual defendants have access to information about the alleged trade secrets at issue—information to which they already had access (and to some degree allegedly authored) while at Jane Street. *Rodo Inc. v. Guimaraes*,

3

No. 22 Civ. 9736 (VSB), 2022 WL 17974911, at *1 (S.D.N.Y. Dec. 27, 2022); *see also Mobilitie Mgmt.*, 2018 WL 7858685, at *2 ("[A] defendant must be provided sufficient information to defend himself or herself."). But the individual defendants—who today are pled to be direct competitors of Jane Street—need not have access to "highly confidential and sensitive information" to which they did not have access while employed at Jane Street. *Rodo*, 2022 WL 17974911, at *1 (citation omitted). Such includes, for example, information about how Jane Street has adapted its protocols and process since, and perhaps in response to, their departure. This restriction is apt to "cause[] minimal prejudice" where, as here, a party has retained able counsel "fully familiar with the facts" of the case. *Infosint*, 2007 WL 1467784, at *5; *see also Blackbird*, 2016 WL 2904592, at *5 ("Courts have found time and again that requiring a party to rely on its competent outside counsel does not create an undue or unnecessary burden.").

The Court thus adopts this aspect of Jane Street's proposed protective order.

**B.      Millennium's In-House Counsel**

As to Millennium's designated in-house counsel, the Court does not find a persuasive basis to preclude access to sensitive documents. "In-house counsel may not be denied access to confidential information solely because of her status as in-house counsel. Nor should in-house counsel be permitted such access solely because she is bound by the rules of professional responsibility." *Travel Leaders Grp. Holdings, LLC v. Thomas*, No. 24 Civ. 1208 (LAP), 2024 WL 2058436, at *1 (S.D.N.Y. May 8, 2024) (citing, *inter alia*, *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1467 (Fed. Cir. 1984)); *see also Koninklijke Philips N.V. v. iGuzzini Lighting USA, Ltd.*, 311 F.R.D. 80, 83 (S.D.N.Y. 2015). To determine whether such access is appropriate, the Court first considers whether in-house counsel is involved in "competitive decisionmaking,"

4

and then must "balance the risk of inadvertent disclosure against the requesting party's need for such information." *Travel Leaders*, 2024 WL 2058436, at *1.

Here, Millennium seeks to designate two in-house counsel to review discovery material designed by Jane Street for "attorneys' eyes only."[1] Jane Street argues that certain material should be limited to "outside counsel's eyes only." Importantly, Millennium represents, and Jane Street does not dispute, that the two in-house counsel it proposes to designate "are not involved in competitive decision-making or trading decisions for Millennium." Def. Br. at 3. As many courts in and outside this District have held, the fact that in-house counsel is not involved in competitive decision-making significantly limits the likelihood of inadvertent disclosure of sensitive material. *See, e.g., Travel Leaders*, 2024 WL 2058436, at *2–3; *Koninklijke Philips N.V.*, 311 F.R.D. at 83; *see also In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010) ("[T]he counsel-by-counsel determination should turn on the extent to which counsel is involved in 'competitive decisionmaking' with its client."). And in a case as complex as this one, with "highly technical matters" at issue, it is all the more important that "in-house counsel . . . have access" to all relevant discovery material in order "to adequately defend the company." FJC Guide § 6.5.5; *see also, e.g., Koninklijke Philips N.V. v. Amerlux, LLC*, 167 F. Supp. 3d 270, 273 (D. Mass. 2016) ("[T]he risk of inadvertent disclosure presented by the three in-house counsel in question is attenuated and outweighed by Philips's interest in facilitating access by its counsel most involved in this case to the information necessary to press its

---

[1] In its brief, Millennium states that it seeks to designate two in-house counsel. Def. Br. at 3. But in its proposed protective order, it states that it may designate "[n]o more than three . . . in-house counsel." Def. Br., Ex. 1 at 6. The Court relies on Millennium's representations in its brief, to wit, that it requires only two in-house counsel to review sensitive discovery.

5

claims."). The Court therefore adopts this aspect of Millennium's proposed protective order, limited to two designated in-house counsel.

### C.   Millennium's Business Professional

As to Millennium's proposal to give one of its business professionals access to all discovery, the Court sides with Jane Street. "Few circumstances can justify giving an adversary's employees access to a competitor's trade secret information." FJC Guide § 6.5.7. Millennium's proposal is not supported by case law; its one citation is to a consented-to protective order. Def. Br. at 3 (citing Dkt. 76, *Patriarch Partners Agency Services, LLC v. Zohar CDO 2003-1*, No. 16 Civ. 4488 (VM) (KHP) (S.D.N.Y. Feb. 13, 2017)). The Court respects Millennium's concern that its counsel may be unable to interpret certain technical discovery produced by Jane Street. Millennium, however, is at liberty retain external experts to assist it to do so. *See* Pl. Br., Ex. 1 at 7 (providing that receiving party may "disclose any information or item designated 'HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY'" to an expert if "disclosure is reasonably necessary for this litigation" and the expert "ha[s] signed" a non-disclosure agreement). The use of such independent experts is common in trade secret litigation as a means "to avoid any risk of competitive harm" necessitated by the disclosure of sensitive material to one party's business professionals. FJC Guide § 6.5.7; *see also, e.g., Vesta Corset Co.*, 1999 WL 13257, at *3 ("Protective orders that limit access to certain documents to counsel and experts are commonly entered in litigation involving trade secrets."). The Court thus adopts this aspect of Jane Street's proposed protective order.

6

## CONCLUSION

The Court directs the parties, by June 7, 2024, to jointly file a proposed protective order consistent with this order.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: June 3, 2024
      New York, New York