**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7116**

WRITER'S EMAIL ADDRESS
**deborahbrown@quinnemanuel.com**

June 7, 2024

<u>VIA ECF</u>
Hon. Paul A. Engelmayer
United States District Court for the Southern
District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re:   <u>*Jane Street Group, LLC v. Millennium Mgmt. LLC*</u>, **No. 1:24-cv-02783**

Dear Judge Engelmayer:

Plaintiff Jane Street Group, LLC ("Jane Street") submits this letter regarding its Proposed Confidentiality Agreement and Protective Order ("PPO") pursuant to the Court's direction.  *See* June 3, 2024 Order [ECF 94] ("Order").  Jane Street respectfully requests that the Court enter Jane Street's PPO, attached as <u>Exhibit A</u>, which is consistent with Your Honor's Order.

Jane Street has no desire to burden the Court with unnecessary disputes.  However, Mr. Schadewald and Mr. Spottiswood (the "Individual Defendants") have insisted that the Court's Order provides the Individual Defendants with access to Jane Street's May 24, 2024 trade secret disclosure ("TS Disclosure")—a document created purely for litigation.  This issue was previously litigated and specifically addressed by the parties as part of the prior protective order briefing. [ECF 89-90].

In its Order, the Court resolved the parties' dispute concerning the Individual Defendants' scope of access to highly sensitive material, stating:  "Jane Street proposes to allow Schadewald and Spottiswood access to documents they either ***authored or received*** while at Jane Street. Schadewald and Spottiswood, in contrast, seek full access to all documents produced in the course of this litigation.  ***The Court adopts Jane Street's proposal***."  Order at 3 (emphasis added).  The Court ordered the parties to "jointly file a proposed protective order consistent with this order." *Id.* at 7.  This is exactly what Jane Street included in its PPO.  *See* Ex. A ¶ 2 (designation of "Highly Confidential – Attorneys and Individual Defendants Only" to include material "either authored or received by Douglas Schadewald and Daniel Spottiswood … while at Jane Street"); *id.* ¶ 15(b) (permitting access).

Despite the Order, the Individual Defendants continue to demand access to highly confidential and sensitive documents they did ***not*** author or receive while at Jane Street, including material created ***after*** their departure in February 2024.  *See* <u>Exhibit B</u> (demanding access to "Jane Street's trade secret disclosure dated May 23, 2024").  The Individual Defendants' re-litigation of this issue is

quinn emanuel urquhart & sullivan, llp
ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON |

wasteful and inefficient.  The Court's ruling was not ambiguous, and the Court should deny the Individual Defendants' request for reconsideration of the Order.  Because Defendants bring no new facts or law to bear, such a request is improper.  *See Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) ("a motion for reconsideration should only be granted to correct a clear error or where the moving party presents new facts or law that might cause the Court to alter its original decision").

For avoidance of doubt, the Individual Defendants' proposed protective order should be rejected, and Jane Street's PPO should be entered, for the same reasons Jane Street previously presented [ECF 89].  As the Court explained:

> The disclosure of confidential information on an "attorneys' eyes only" basis is a routine feature of civil litigation involving trade secrets. … Where an individual is involved in competitive decision-making, the issue is whether there is a demonstrated need for access to the documents sufficient to outweigh the concerns such access gives rise to.

Order at 2-3.  The Court recognized that, pursuant to the Federal Judicial Center *Trade Secret Case Management Judicial Guide* § 6.5.7 (2023) ("FJC GUIDE"), the Court must limit "the harm to the former employer, which has allegedly already been harmed by the misappropriation and now is exposed to harm again by allowing the former employee unfettered access to the trade secret information." *Id.* at 3.  Consequently, the Court found that "the individual defendants—who today are [] direct competitors of Jane Street—need not have access to 'highly confidential and sensitive information' to which they did not have access while employed at Jane Street." *Id.*  For example, while Jane Street provided its TS Disclosure to "streamline[] discovery [and] allow the Court to zero in promptly on the relevant issues" (5/16/04 Tr. 11:17-22), Jane Street should not be required to hand over to the Individual Defendants—who are in direct competition with Jane Street—a bespoke, made-for-litigation document ***that was created after they left Jane Street*** and would serve as a detailed roadmap for further misappropriation.

The Court ruled that it achieved an "effective balance" by restricting the Individual Defendants' "access to [highly confidential and sensitive] documents they either authored or received while at Jane Street," which "is apt to cause[] minimal prejudice where, as here, a party has retained able counsel fully familiar with the facts of the case."  Order at 3-4 (quotations omitted).  In compliance with the Order, Jane Street's PPO permits the Individual Defendants' outside counsel **and** select members of their current employer's in-house counsel (who are not involved in competitive decision-making or trading decisions) access to **all** documents.  Order at 4-5.[1]

---

[1]  Indeed, this limitation is more generous than the FJC GUIDE's model protective orders that include provisions limiting disclosures to outside counsel only.  FJC GUIDE at 6-60 (D.N.J.); *id.* at 6-47 (N.D. Cal.).  As the FJC GUIDE explains, "[s]ome courts have concluded that where outside counsel represents a party, outside counsel can adequately represent the party's interests in the litigation even if in-house counsel is precluded from viewing confidential information."  § 6.5.5 (citing cases).

Unlike the Individual Defendants' proposed order—which allows Defendants' counsel to make unilateral, secret judgments to self-select which "Highly Confidential" documents the Individual Defendants can have access to, with no transparency to Jane Street—Jane Street's PPO provides a fully transparent, workable process: "Highly Confidential" documents the Individual Defendants "authored or received while at Jane Street" will be marked as "Highly Confidential – Attorneys and Individual Defendants Only"; "Highly Confidential" documents the Individual Defendants ***did not*** "author[] or receive[] while at Jane Street" will be marked "Highly Confidential – Attorneys' Eyes Only" and access will be limited to outside counsel and select members of Millennium's in-house counsel.  *See* Ex A ¶¶ 2-3, 15(b)-(c), 16(b).  This is both workable and consistent with what the Court ordered.

Finally, Jane Street's TS Disclosure is properly designated as "Highly Confidential – Attorney's Eyes Only" because neither Individual Defendant "authored or received [it] while at Jane Street." Order at 3.  It was created *after* litigation began, bespoke for this case.  The Individual Defendants' last days of employment at Jane Street were in February 2024, and they do not claim they ever authored or received the TS Disclosure (nor could they).  To the extent the Individual Defendants argue the TS Disclosure draws in part on information from materials they authored or received while at Jane Street, they will have access to those underlying materials they authored or received in discovery.

Under the Individual Defendants' proposed protective order, they could arguably have access to any highly sensitive material that includes any information they now nebulously claim to have awareness of earlier.  Thus, the "Highly Confidential" classification would be so broad and amorphous as to be pointless because it would effectively capture *any* material arguably reflecting Jane Street's trade secrets, whether or not the Individual Defendants ever saw it.  *See Tomahawk Mfg., Inc. v. Spherical Indus., Inc.*, 344 F.R.D. 468, 474-75 (D. Nev. 2023) (declining to allow defendants' consultants, who were counter parties in parallel actions, access to trade secret information where they had allegedly provided the misappropriated trade secrets to defendant-competitor because "[q]uite plainly, the game is not worth the candle if a plaintiff aggrieved of trade secret misappropriation must, as part of seeking recourse through litigation, provide the same alleged bad actors with its trade secret information to its further competitive detriment").

But the Court need not wend down this road again.  The issue was decided on June 3, and Jane Street's PPO tracks what "the Court adopt[ed]."  Order at 3.  Jane Street respectfully requests that the Court enter Jane Street's PPO.

Respectfully submitted,

*/s/ Deborah K. Brown*

Deborah K. Brown

*Attorney for Plaintiff Jane Street Group, LLC*

cc:     All Counsel of Record (via ECF)