**By ECF**

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

> Re:  *Jane Street Group, LLC v. Millennium Management LLC, at al.*, No. 1:24-cv-02783-PAE – Proposed Protective Order

Dear Judge Engelmayer:

We write on behalf of Defendants in the above-referenced action to seek clarification from the Court regarding the Individual Defendants' access to highly confidential information pursuant to the Court's order dated June 3, 2024.  D.I. 94 (the "Order").

In the Order, the Court struck a balance between the interests of Individual Defendants in accessing discovery information to defend themselves and Jane Street in guarding against economic harm from disclosure of their confidential information.

While Defendants accept the Court's restriction on information that post-dates the Individual Defendants' employment at Jane Street, Defendants had access to the Trading Strategy while employed at Jane Street and believe they should have access to Plaintiff's May 23, 2024 Trade Secret Identification (the "Trade Secret Identification").  Such access is consistent with the Court's Order.  The Order states:

> An "effective balance" of those interests requires that the individual defendants have access to information about the alleged trade secrets at issue—information to which they already had access (and to some degree allegedly authored) while at Jane Street. [Citations omitted].  But the individual defendants—who today are pled to be direct competitors of Jane Street—need not have access to "highly confidential and sensitive information" to which they did not have access while employed at Jane Street.

D.I. 94 at 3-4.

The Order clearly permits the Individual Defendants to access (for purposes of litigation only) discovery information that they already had access to while at Jane Street, including the Trade Secret Identification.  As is readily apparent when reading the purported trade secret disclosure, the Trade Secret Identification generally describes the alleged trade secrets which Jane Street alleges Individual Defendants know from their time at Jane Street and now allegedly improperly use at Millennium.

But Plaintiff has, to date, embargoed Defendants' counsel from allowing Individual Defendants to review the identification, simply because it is not a document Defendants actually "authored or received while at Jane Street."  Jane Street ignores the latter part of the Order which

1

refers to "access to information about the alleged trade secrets at issue." D.I. 94 at 3-4. Plaintiff therefore argues the Order permits them to restrict the identification because Doug Schadewald and Daniel Spottiswood were not the individuals who sat at a keyboard and typed up that "document," and therefore did not "author" it.

Defendants also inquired as to whether the Trade Secret Identification describes any elements of any trade secrets that were developed after Individual Defendants' departure from Jane Street. Plaintiff did not identify any.

Plaintiff's overly formal application of the Order to the Trade Secret Identification has made it impossible for the parties to agree on language in the proposed protective order. Defendants agree on every aspect of Plaintiff's proposed protective order except one clause that relates to this issue. That clause is marked in brackets in the attached Proposed Protective Order. Ex. 1 §2.

Defendants' language clarifies that Plaintiff may designate information as "Highly Confidential – Attorneys' And Individual Defendants Only" if it was authored by, received by, or constitutes information to which Individual Defendants had access while at Jane Street. If it does not, but still meets the remaining criteria for designation as Highly Confidential, Plaintiff may designate the information as "Highly Confidential – Attorneys' Eyes Only." To be clear, the Individual Defendants do not seek access to trading data that post-dates their employment or information about how Jane Street has adapted its processes since their departure. They simply seek to ensure that they have access to "information to which they already had access (and to some degree allegedly authored while at Jane Street." D.I. 94 at 3. That information includes the Trade Secret Identification.

Should the Court have concerns about the Individual Defendants' access to the Trade Secret Identification, Defendants propose to file it under seal for the Court's review. We thank the Court for its guidance.

Respectfully submitted,

*/s/ Brian R. Campbell*
Brian R. Campbell
ELSBERG BAKER & MARURI PLLC
One Penn Plaza, Suite 4015
New York, NY 10119
BCampbell@elsberglaw.com

*Counsel for Defendants*
*Douglas Schadewald and*
*Daniel Spottiswood*

*/s/ Andrew J. Levander*
Andrew J. Levander
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
andrew.levander@dechert.com

*Counsel for Defendant*
*Millennium Management LLC*

cc. Counsel of Record via ECF