**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JANE STREET GROUP, LLC,

                    *Plaintiff,*

    *v.*

MILLENNIUM MANAGEMENT LLC,
DOUGLAS SCHADEWALD, and DANIEL
SPOTTISWOOD,

                  *Defendants.*

Case No. 24-CV-02783

Hon. Paul A. Engelmayer

**PUBLIC VERSION**

---

**DEFENDANT MILLENNIUM MANAGEMENT LLC'S COUNTERCLAIMS AND**
**AMENDED ANSWER TO JANE STREET GROUP, LLC'S COMPLAINT**

      Defendant Millennium Management LLC ("Millennium") hereby sets forth its Amended

Answer to the Amended Complaint of Plaintiff Jane Street Group, LLC ("Plaintiff" or "Jane

Street") as follows:

## NATURE OF THE ACTION

      1.      Paragraph 1 states legal conclusions to which no response is required.  To the

extent a response is required, Millennium denies the allegations of Paragraph 1.

      2.      Millennium is without sufficient information to admit or deny the allegations of

Paragraph 2.  To the extent a response is required, Millennium denies the allegations of

Paragraph 2.

      3.      Millennium admits only that Schadewald and Spottiswood began working with

Millennium in February 2024.  Millennium denies the remaining allegations of Paragraph 3.

      4.      Millennium denies the allegations of Paragraph 4.

5.      Millennium is without sufficient information to admit or deny the allegations of Paragraph 5.  To the extent a response is required, Millennium denies the allegations of Paragraph 5.

6.      Millennium is without sufficient information to admit or deny the allegations of Paragraph 6.  To the extent a response is required, Millennium denies the allegations of Paragraph 6.

7.      Millennium is without sufficient information to admit or deny the allegations of Paragraph 7.  To the extent a response is required, Millennium denies the allegations of Paragraph 7.

8.      Millennium denies the allegations of Paragraph 8.

9.      Millennium admits only that Schadewald and Spottiswood began working with Millennium in February 2024, and that Schadewald and Spottiswood engage in options trading in the India options market.  Millennium denies the remaining allegations of Paragraph 9.

10.     Paragraph 10 states legal conclusions to which no response is required.  To the extent a response is required, Millennium admits only that Schadewald and Spottiswood notified Millennium of their continuing obligations to Jane Street, including in respect of their IP Agreements with Jane Street.  Millennium otherwise denies the allegations of Paragraph 10.

11.     Paragraph 11 states legal conclusions to which no response is required.  To the extent a response is required, Millennium denies the allegations of Paragraph 11.

12.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 12.  To the extent a response is required, Millennium denies the allegations of Paragraph 12.

13.     Millennium denies that it has used Jane Street's trade secrets in any manner. Millennium is without sufficient information to admit or deny the remaining allegations of Paragraph 13.  To the extent a response is required, Millennium denies the remaining allegations of Paragraph 13.

14.     Paragraph 14 states legal conclusions to which no response is required.  To the extent a response is required, Millennium denies the allegations of Paragraph 14.

15.     Paragraph 15 states legal conclusions to which no response is required.  To the extent a response is required, Millennium denies the allegations of Paragraph 15.

## THE PARTIES

16.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 16.

17.     Millennium admits the allegations of Paragraph 17.

18.     Millennium admits that Douglas Schadewald resides in New York and previously worked at Jane Street.  Millennium admits the allegations of the second sentence of Paragraph 18 on information and belief.  Millennium denies the remaining allegations of the first sentence of Paragraph 18.

19.     Millennium admits that Daniel Spottiswood previously worked at Jane Street. Millennium admits the allegations of the second sentence of Paragraph 19 on information and belief.  Millennium denies the remaining allegations of Paragraph 19.

## JURISDICTION AND VENUE

20.     Paragraph 20 states legal conclusions to which no response is required.  To the extent a response is required, Millennium does not contest that the Court has subject matter jurisdiction over this case.

21.     Paragraph 21 states legal conclusions to which no response is required.  To the extent a response is required, Millennium is without sufficient information to admit or deny the allegations of Paragraph 21.

22.     Paragraph 22 states legal conclusions to which no response is required.  To the extent a response is required, Millennium does not contest that the Court has personal jurisdiction over Millennium in this case.

23.     Paragraph 22 states legal conclusions to which no response is required.  To the extent a response is required, Millennium does not contest venue with respect to Millennium in this case.

## FACTUAL ALLEGATIONS[1]

24.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 24.  To the extent a response is required, Millennium denies the allegations of Paragraph 24.

25.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 25.  To the extent a response is required, Millennium denies the allegations of Paragraph 25.

26.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 26.  To the extent a response is required, Millennium denies the allegations of Paragraph 26.

---

[1] Jane Street included subheadings with its factual allegations, which were argumentative and contained additional allegations.  Millennium has omitted Jane Street's headings in its Answer; for the avoidance of doubt, Millennium denies all allegations made in Jane Street's headings.

27.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 27.  To the extent a response is required, Millennium denies the allegations of Paragraph 27.

28.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 28.  To the extent a response is required, Millennium denies the allegations of Paragraph 28.

29.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 29.  To the extent a response is required, Millennium denies the allegations of Paragraph 29.

30.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 30.  To the extent a response is required, Millennium denies the allegations of Paragraph 30.

31.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 31.  To the extent a response is required, Millennium denies the allegations of Paragraph 31.

32.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 32.  To the extent a response is required, Millennium denies the allegations of Paragraph 32.

33.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 33.  To the extent a response is required, Millennium denies the allegations of Paragraph 33.

34.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 34.  To the extent a response is required, Millennium denies the allegations of Paragraph 34.

35.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 35.  To the extent a response is required, Millennium denies the allegations of Paragraph 35.

36.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 36.  To the extent a response is required, Millennium denies the allegations of Paragraph 36.

37.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 37.  To the extent a response is required, Millennium denies the allegations of Paragraph 37.

38.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 38.  To the extent a response is required, Millennium denies the allegations of Paragraph 38.

39.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 39.  To the extent a response is required, Millennium denies the allegations of Paragraph 39.

40.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 40.  To the extent a response is required, Millennium denies the allegations of Paragraph 40.

41.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 41.  To the extent a response is required, Millennium denies the allegations of Paragraph 41.

42.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 42.  To the extent a response is required, Millennium denies the allegations of Paragraph 42.

43.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 43.  To the extent a response is required, Millennium denies the allegations of Paragraph 43.

44.     Millennium admits only that there are ███████████████████████████ ████████████████████████████. To the extent a response is required, Millennium denies the allegations of Paragraph 44.

45.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 45.  To the extent a response is required, Millennium denies the allegations of Paragraph 45.

46.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 46.  To the extent a response is required, Millennium denies the allegations of Paragraph 46.

47.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 47.  To the extent a response is required, Millennium denies the allegations of Paragraph 47.

48.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 48.  To the extent a response is required, Millennium denies the allegations of Paragraph 48.

49.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 49.  To the extent a response is required, Millennium denies the allegations of Paragraph 49.

50.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 50.  To the extent a response is required, Millennium denies the allegations of Paragraph 50.

51.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 51.  To the extent a response is required, Millennium denies the allegations of Paragraph 51.

52.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 52.  To the extent a response is required, Millennium denies the allegations of Paragraph 52.

53.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 53.  To the extent a response is required, Millennium denies the allegations of Paragraph 53.

54.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 54.  To the extent a response is required, Millennium denies the allegations of Paragraph 54.

55. Millennium is without sufficient information to admit or deny the allegations of Paragraph 55. To the extent a response is required, Millennium denies the allegations of Paragraph 55.

56. Millennium is without sufficient information to admit or deny the allegations of Paragraph 56. To the extent a response is required, Millennium denies the allegations of Paragraph 56.

57. Millennium is without sufficient information to admit or deny the allegations of Paragraph 57. To the extent a response is required, Millennium denies the allegations of Paragraph 57.

58. Millennium is without sufficient information to admit or deny the allegations of Paragraph 58. To the extent a response is required, Millennium denies the allegations of Paragraph 58.

59. Millennium denies that it misappropriated Jane Street's intellectual property or trade secrets. Millennium is without sufficient information to admit or deny the remaining allegations of Paragraph 59. To the extent a response is required, Millennium denies the allegations of Paragraph 59.

60. Millennium is without sufficient information to admit or deny the allegations of Paragraph 60. To the extent a response is required, Millennium denies the allegations of Paragraph 60.

61. Millennium admits that Schadewald previously worked at Jane Street. Millennium is without sufficient information to admit or deny the remainder of allegations in Paragraph 61.

62.     Millennium admits only that, upon information and belief, Schadewald held a position at Barclays Capital prior to his employment with Jane Street.  Millennium is without sufficient information to admit or deny the remaining allegations of Paragraph 62.

63.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 63.  To the extent a response is required, Millennium denies the allegations of Paragraph 63.

64.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 64.  To the extent a response is required, Millennium denies the allegations of Paragraph 64.

65.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 65.  To the extent a response is required, Millennium denies the allegations of Paragraph 65.

66.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 66.  To the extent a response is required, Millennium denies the allegations of Paragraph 66.

67.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 67.  To the extent a response is required, Millennium denies the allegations of Paragraph 67.

68.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 68.  To the extent a response is required, Millennium responds that any cited document speaks for itself, and Millennium otherwise denies the allegations of Paragraph 68.

69.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 69.  To the extent a response is required, Millennium denies the allegations of Paragraph 69.

70.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 70.  To the extent a response is required, Millennium denies the allegations of Paragraph 70.

71.     Paragraph 71 states legal conclusions to which no response is required.  To the extent a response is required, any cited document speaks for itself, and Millennium otherwise denies the allegations of Paragraph 71.

72.     Paragraph 72 states legal conclusions to which no response is required.  To the extent a response is required, Millennium denies the allegations of Paragraph 72.

73.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 73.  To the extent a response is required, Millennium admits the allegations of Paragraph 73 on information and belief.

74.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 74.  To the extent a response is required, Millennium responds that the Schadewald IP Agreement in its entirety speaks for itself, and Millennium otherwise denies the allegations of Paragraph 74.

75.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 75.  To the extent a response is required, Millennium responds that the Schadewald IP Agreement in its entirety speaks for itself, and Millennium otherwise denies the allegations of Paragraph 75.

76.     Paragraph 76 states legal conclusions to which no response is required.  To the extent a response is required, Millennium responds that the Schadewald IP Agreement in its entirety speaks for itself, and Millennium otherwise denies the allegations of Paragraph 76.

77.     Paragraph 77 states legal conclusions to which no response is required.  To the extent a response is required, Millennium responds that the Schadewald IP Agreement in its entirety speaks for itself, and Millennium otherwise denies the allegations of Paragraph 77.

78.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 78.  To the extent a response is required, Millennium responds that the Schadewald IP Agreement in its entirety speaks for itself, and Millennium otherwise denies the allegations of Paragraph 78.

79.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 79.  To the extent a response is required, Millennium responds that the Schadewald IP Agreement in its entirety speaks for itself, and Millennium otherwise denies the allegations of Paragraph 79.

80.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 80.  To the extent a response is required, Millennium responds that the Schadewald IP Agreement in its entirety speaks for itself, and Millennium otherwise denies the allegations of Paragraph 80.

81.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 81.  To the extent a response is required, Millennium responds that the Schadewald IP Agreement in its entirety speaks for itself, and Millennium otherwise denies the allegations of Paragraph 81.

82.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 82.  To the extent a response is required, Millennium responds that the Schadewald IP Agreement in its entirety speaks for itself, and Millennium otherwise denies the allegations of Paragraph 82.

83.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 83.  To the extent a response is required, Millennium responds that the Schadewald IP Agreement in its entirety speaks for itself, and Millennium otherwise denies the allegations of Paragraph 83.

84.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 84.  To the extent a response is required, Millennium responds that the Schadewald IP Agreement in its entirety speaks for itself, and Millennium otherwise denies the allegations of Paragraph 84.

85.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 85.  To the extent a response is required, Millennium responds that the Schadewald IP Agreement in its entirety speaks for itself, and Millennium otherwise denies the allegations of Paragraph 85.

86.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 86.  To the extent a response is required, Millennium responds that the Schadewald IP Agreement in its entirety speaks for itself, and Millennium otherwise denies the allegations of Paragraph 86.

87.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 87.  To the extent a response is required, Millennium responds that the Schadewald IP

Agreement in its entirety speaks for itself, and Millennium otherwise denies the allegations of Paragraph 87.

88.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 88.  To the extent a response is required, Millennium responds that the Schadewald IP Agreement in its entirety speaks for itself, and Millennium otherwise denies the allegations of Paragraph 88.

89.     Paragraph 89 states legal conclusions to which no response is required.  To the extent a response is required, Millennium responds that the Schadewald IP Agreement in its entirety speaks for itself, and Millennium otherwise denies the allegations of Paragraph 89.

90.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 90.  To the extent a response is required, Millennium responds that the Schadewald IP Agreement in its entirety speaks for itself, and Millennium otherwise denies the allegations of Paragraph 90.

91.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 91.  To the extent a response is required, Millennium admits the allegations of Paragraph 91 on information and belief.

92.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 92.  To the extent a response is required, Millennium denies the allegations of Paragraph 92.

93.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 93.  To the extent a response is required, Millennium responds that the quoted document in its entirety speaks for itself, and Millennium otherwise denies the allegations of Paragraph 93.

94.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 94.  To the extent a response is required, Millennium responds that the quoted document in its entirety speaks for itself, and Millennium otherwise denies the allegations of Paragraph 94.

95.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 95.  To the extent a response is required, Millennium responds that the quoted document in its entirety speaks for itself, and Millennium otherwise denies the allegations of Paragraph 95.

96.     Millennium admits the allegations of Paragraph 96 on information and belief.

97.     Millennium admits that Spottiswood was a trader at Jane Street and previously reported to Schadewald.  Millennium is without sufficient information to admit or deny the allegations of Paragraph 97.  To the extent a response is required, Millennium denies the allegations of Paragraph 97.

98.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 98.  To the extent a response is required, Millennium denies the allegations of Paragraph 98.

99.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 99.  To the extent a response is required, Millennium admits the allegations of Paragraph 99 on information and belief.

100.    Millennium is without sufficient information to admit or deny the allegations of Paragraph 100.  To the extent a response is required, Millennium responds that the quoted document in its entirety speaks for itself, and Millennium otherwise denies the allegations of Paragraph 100.

101.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 101.  To the extent a response is required, Millennium responds that the quoted document in its entirety speaks for itself, and Millennium otherwise denies the allegations of Paragraph 101.

102.     Millennium admits that it is aware of the Spottiswood IP Agreement, but Millennium is without sufficient information to admit or deny the allegations of Paragraph 102. To the extent a response is required, Millennium denies the allegations of Paragraph 102.

103.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 103.  To the extent a response is required, Millennium denies the allegations of Paragraph 103.

104.     Paragraph 104 states legal conclusions to which no response is required.  To the extent a response is required, Millennium denies the allegations of Paragraph 104.

105.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 105.  To the extent a response is required, Millennium admits the allegations of Paragraph 105 on information and belief.

106.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 106.  To the extent a response is required, Millennium responds that the Spottiswood IP Agreement in its entirety speaks for itself, and Millennium otherwise denies the allegations of Paragraph 106.

107.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 107.  To the extent a response is required, Millennium responds that the Spottiswood IP Agreement in its entirety speaks for itself, and Millennium otherwise denies the allegations of Paragraph 107.

108.     Paragraph 108 states legal conclusions to which no response is required.  To the extent a response is required, Millennium responds that the Spottiswood IP Agreement in its entirety speaks for itself, and Millennium otherwise denies the allegations of Paragraph 108.

109.     Paragraph 109 states legal conclusions to which no response is required.  To the extent a response is required, Millennium responds that the Spottiswood IP Agreement in its entirety speaks for itself, and Millennium otherwise denies the allegations of Paragraph 109.

110.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 110.  To the extent a response is required, Millennium responds that the Spottiswood IP Agreement in its entirety speaks for itself, and Millennium otherwise denies the allegations of Paragraph 110.

111.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 111.  To the extent a response is required, Millennium responds that the Spottiswood IP Agreement in its entirety speaks for itself, and Millennium otherwise denies the allegations of Paragraph 111.

112.     Paragraph 112 states legal conclusions to which no response is required.  To the extent a response is required, Millennium responds that the Spottiswood IP Agreement in its entirety speaks for itself, and Millennium otherwise denies the allegations of Paragraph 112.

113.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 113.  To the extent a response is required, Millennium denies the allegations of Paragraph 113.

114.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 114.  To the extent a response is required, Millennium admits the allegations of Paragraph 114 on information and belief.

115.    Millennium is without sufficient information to admit or deny the allegations of Paragraph 115.  To the extent a response is required, Millennium denies the allegations of Paragraph 115.

116.    Millennium is without sufficient information to admit or deny the allegations of Paragraph 116.  To the extent a response is required, Millennium responds that the quoted document in its entirety speaks for itself, and Millennium otherwise denies the allegations of Paragraph 116.

117.    Millennium is without sufficient information to admit or deny the allegations of Paragraph 117.  To the extent a response is required, Millennium responds that the quoted document in its entirety speaks for itself, and Millennium otherwise denies the allegations of Paragraph 117.

118.    Millennium is without sufficient information to admit or deny the allegations of Paragraph 118.  To the extent a response is required, Millennium responds that the quoted document in its entirety speaks for itself, and Millennium otherwise denies the allegations of Paragraph 118.

119.    Millennium is without sufficient information to admit or deny the allegations of Paragraph 119.  To the extent a response is required, Millennium denies the allegations of Paragraph 119.

120.    Millennium admits that it is aware of Schadewald's and Spottiswood's IP Agreements with Jane Street.  Unless specifically admitted, Millennium denies the remaining allegations of Paragraph 120.

121.    Millennium responds that the documents referenced in Paragraph 121 speak for themselves, and Millennium otherwise denies the remaining allegations of Paragraph 121.

122.     Millennium admits only that Schadewald and Spottiswood began working with Millennium in February 2024.  Unless specifically admitted, Millennium denies the remaining allegations of Paragraph 122.

123.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 123.  To the extent a response is required, Millennium denies the allegations of Paragraph 123.

124.     Millennium admits only that Schadewald and Spottiswood began working with Millennium in February 2024.  Unless specifically admitted, Millennium denies the remaining allegations of Paragraph 124.

125.     Millennium admits only that it made an offer to Schadewald to join Millennium on January 19, 2024, which he accepted two days later.  Unless specifically admitted, Millennium denies the remaining allegations of Paragraph 125.

126.     Millennium admits only that Schadewald's compensation is structured similarly to other portfolio managers and is within range of other traders at Millennium and in the industry.  Unless specifically admitted, Millennium denies the remaining allegations of Paragraph 126.

127.     Millennium denies the allegations of Paragraph 127.

128.     Millennium denies the allegations of Paragraph 128.

129.     Millennium denies the allegations of Paragraph 129.

130.     Millennium admits only that Schadewald and Spottiswood work together at Millennium.  Unless specifically admitted, Millennium denies the remaining allegations of Paragraph 130.

131.     Millennium denies the allegations of Paragraph 131.

132.    Paragraph 132 states legal conclusions to which no response is required.  To the extent a response is required, Millennium denies the allegations of Paragraph 132.

133.    Millennium admits only that Jane Street sent Millennium a letter dated April 3, 2024 demanding that it stop using Jane Street's purported trade secrets.  That letter speaks for itself.  Unless specifically admitted, Millennium denies the remaining allegations of Paragraph 133.

134.    Millennium is without sufficient information to admit or deny the allegations of Paragraph 134.  To the extent a response is required, Millennium denies the allegations of Paragraph 134.

135.    Millennium admits only that, on April 5, 2024, it sent a letter to Jane Street noting that Schadewald and Spottiswood "have not been using confidential or trade secrets of Jane Street in their work for Millennium" and "[i]ndeed, far from a trade secret, [Schadewald's and Spottiswood's] option trading techniques are literally as well as figuratively textbook techniques that are the subject of numerous books and courses."  Unless specifically admitted, Millennium denies the remaining allegations of Paragraph 135.

136.    Millennium admits that, on April 5, 2024, it informed Jane Street that Schadewald "is just one of many traders working in a highly liquid, public market which has grown exponentially in the last ten years," citing a public document for support for the massive upswing in options trading in India in the last decade.  Unless specifically admitted, Millennium denies the remaining allegations of Paragraph 136.

137.    Millennium admits only that, on April 5, 2024, it informed Jane Street that "[t]he Indian market has long been recognized as presenting particularly compelling opportunities for arbitrage, given its inefficiencies," citing a public document for support.  Millennium further

admits that it informed Jane Street that Millennium had been trading in the Indian market for years prior to February 2024.  Unless specifically admitted, Millennium denies the remaining allegations of Paragraph 137.

138.    Millennium denies the allegations of Paragraph 138.

139.    Millennium admits only that Schadewald began working with Millennium in February 2024.  Millennium denies the remaining allegations of Paragraph 139.

140.    Millennium is without sufficient information to admit or deny the allegations of Paragraph 140.  To the extent a response is required, Millennium denies the allegations of Paragraph 140.

141.    Millennium is without sufficient information to admit or deny the allegations of Paragraph 141.  To the extent a response is required, Millennium denies the allegations of Paragraph 141.

142.    Millennium is without sufficient information to admit or deny the allegations of Paragraph 142.  To the extent a response is required, Millennium denies the allegations of Paragraph 142.

143.    Millennium is without sufficient information to admit or deny the allegations of Paragraph 143.  To the extent a response is required, Millennium denies the allegations of Paragraph 143.

144.    Millennium denies the allegations of Paragraph 144.

145.    Millennium admits only that Spottiswood began working with Millennium in February 2024.  Millennium denies the remaining allegations of Paragraph 145.

146.    Millennium denies the allegations of Paragraph 146.

147.    Millennium admits the allegations in Paragraph 147.

148.     Millennium admits only that Schadewald and Spottiswood trade manually based on their personal knowledge and expertise, and not with "automated computer programmed trades."  Unless specifically admitted, Millennium denies the remaining allegations of Paragraph 148.

149.     Millennium denies the allegations of Paragraph 149.

150.     Millennium admits the allegations of Paragraph 150 upon information and belief.

151.     Paragraph 151 states legal conclusions to which no response is required.  To the extent a response is required, Millennium denies the allegations of Paragraph 151.

152.     Millennium admits only that Schadewald began working with Millennium in February 2024.  Millennium is without sufficient information to admit or deny the remaining allegations of Paragraph 152.

153.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 153.  To the extent a response is required, Millennium denies the allegations of Paragraph 153.

154.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 154.  To the extent a response is required, Millennium denies the allegations of Paragraph 154.

155.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 155.  To the extent a response is required, Millennium denies the allegations of Paragraph 155.

156.     Millennium is without sufficient information to admit or deny the allegations of Paragraph 156.  To the extent a response is required, Millennium denies the allegations of Paragraph 156.

157.    Millennium is without sufficient information to admit or deny the allegations of Paragraph 157.  To the extent a response is required, Millennium denies the allegations of Paragraph 157.

158.    Millennium is without sufficient information to admit or deny the allegations of Paragraph 158.  To the extent a response is required, Millennium denies the allegations of Paragraph 158.

159.    Millennium is without sufficient information to admit or deny the allegations of Paragraph 159.  To the extent a response is required, Millennium denies the allegations of Paragraph 159.

160.    Paragraph 160 states legal conclusions to which no response is required.  To the extent a response is required, Millennium denies the allegations of Paragraph 160.

161.    Millennium admits that it is aware of Schadewald's and Spottiswood's IP Agreements with Jane Street and the contents of those Agreements.  Unless specifically admitted, Millennium denies the remaining allegations of Paragraph 161.

162.    Millennium denies the allegations of Paragraph 162.

163.    Millennium denies the allegations of Paragraph 163.

164.    Millennium is without sufficient information to admit or deny the allegations of Paragraph 164.  To the extent a response is required, Millennium denies the allegations of Paragraph 164.

165.    Millennium denies the second sentence of Paragraph 165.  Millennium is without sufficient information to admit or deny the remaining allegations of Paragraph 165.  To the extent a response is required, Millennium denies the remaining allegations of Paragraph 165.

166.    Millennium denies the third sentence of Paragraph 166.  Millennium is without sufficient information to admit or deny the remaining allegations of Paragraph 166.  To the extent a response is required, Millennium denies the remaining allegations of Paragraph 166.

167.    Millennium is without sufficient information to admit or deny the allegations of Paragraph 167.  To the extent a response is required, Millennium denies the allegations of Paragraph 167.

168.    Millennium denies the allegations of Paragraph 168.

169.    Millennium admits only that Schadewald's compensation is structured similarly to other portfolio managers and is within range of other traders at Millennium and in the industry.  Unless specifically admitted, Millennium denies the remaining allegations of Paragraph 169.

170.    Paragraph 170 states legal conclusions to which no response is required.  To the extent a response is required, Millennium denies the allegations of Paragraph 170.

## <u>JANE STREET'S ALLEGED CAUSES OF ACTION</u>

### <u>FIRST CAUSE OF ACTION</u>
**Breach of Contract (Schadewald IP Agreement)**
**New York Law**
**(Against Schadewald)**

171.    Millennium incorporates by reference and re-alleges all Answers in the foregoing paragraphs.

172.    Millennium is not named as a Defendant in this cause of action, and thus no Answer to this cause of action is required by Millennium.  To the extent a response is required, Millennium denies the allegations in this paragraph.

173.    Millennium is not named as a Defendant in this cause of action, and thus no Answer to this cause of action is required by Millennium.  To the extent a response is required, Millennium denies the allegations in this paragraph.

174.    Millennium is not named as a Defendant in this cause of action, and thus no Answer to this cause of action is required by Millennium.  To the extent a response is required, Millennium denies the allegations in this paragraph.

175.    Millennium is not named as a Defendant in this cause of action, and thus no Answer to this cause of action is required by Millennium.  To the extent a response is required, Millennium denies the allegations in this paragraph.

176.    Millennium is not named as a Defendant in this cause of action, and thus no Answer to this cause of action is required by Millennium.  To the extent a response is required, Millennium denies the allegations in this paragraph.

177.    Millennium is not named as a Defendant in this cause of action, and thus no Answer to this cause of action is required by Millennium.  To the extent a response is required, Millennium denies the allegations in this paragraph.

178.    Millennium is not named as a Defendant in this cause of action, and thus no Answer to this cause of action is required by Millennium.  To the extent a response is required, Millennium denies the allegations in this paragraph.

## SECOND CAUSE OF ACTION
### Breach of Contract (Spottiswood IP Agreement)
### New York Law
### (Against Spottiswood)

179.    Millennium incorporates by reference and re-alleges all Answers in the foregoing paragraphs.

180.     Millennium is not named as a Defendant in this cause of action, and thus no Answer to this cause of action is required by Millennium.  To the extent a response is required, Millennium denies the allegations in this paragraph.

181.     Millennium is not named as a Defendant in this cause of action, and thus no Answer to this cause of action is required by Millennium.  To the extent a response is required, Millennium denies the allegations in this paragraph.

182.     Millennium is not named as a Defendant in this cause of action, and thus no Answer to this cause of action is required by Millennium.  To the extent a response is required, Millennium denies the allegations in this paragraph.

183.     Millennium is not named as a Defendant in this cause of action, and thus no Answer to this cause of action is required by Millennium.  To the extent a response is required, Millennium denies the allegations in this paragraph.

184.     Millennium is not named as a Defendant in this cause of action, and thus no Answer to this cause of action is required by Millennium.  To the extent a response is required, Millennium denies the allegations in this paragraph.

185.     Millennium is not named as a Defendant in this cause of action, and thus no Answer to this cause of action is required by Millennium.  To the extent a response is required, Millennium denies the allegations in this paragraph.

186.     Millennium is not named as a Defendant in this cause of action, and thus no Answer to this cause of action is required by Millennium.  To the extent a response is required, Millennium denies the allegations in this paragraph.

**THIRD CAUSE OF ACTION**
**Tortious Interference with Contract (IP Agreements)**
**New York Law**
**(Against Millennium)**

187.    Millennium incorporates by reference and re-alleges all Answers in the foregoing paragraphs.

188.    Millennium denies the allegations of Paragraph 188.

189.    Millennium admits only that Schadewald and Spottiswood notified Millennium of their continuing obligations to Jane Street, including in respect of their IP Agreements with Jane Street, and that the documents referenced in Paragraph 189 speak for themselves.  Unless specifically admitted, Millennium denies the remaining allegations of Paragraph 189.

190.    Millennium denies the allegations of Paragraph 190.

191.    Millennium denies the allegations of Paragraph 191.

192.    Millennium denies the allegations of Paragraph 192.

**FOURTH CAUSE OF ACTION**
**Misappropriation of Trade Secrets**
**New York Law**
**Defend Trade Secrets Act of 2016, 18. U.S.C. § 1836 *et seq.***
**(Against All Defendants)**

193.    Millennium incorporates by reference and re-alleges all Answers in the foregoing paragraphs.

194.    Millennium denies the allegations of Paragraph 194.

195.    Millennium denies the allegations of Paragraph 195.

196.    Millennium is without sufficient information to admit or deny the allegations of Paragraph 196.  To the extent a response is required, Millennium denies the allegations of Paragraph 196.

197.    Millennium is without sufficient information to admit or deny the allegations of Paragraph 197.  To the extent a response is required, Millennium denies the allegations of Paragraph 197.

198.    Millennium is without sufficient information to admit or deny the allegations of Paragraph 198.  To the extent a response is required, Millennium denies the allegations of Paragraph 198.

199.    Millennium is without sufficient information to admit or deny the allegations of Paragraph 199.  To the extent a response is required, Millennium denies the allegations of Paragraph 199.

200.    Millennium admits that it was aware of Schadewald's and Spottiswood's IP Agreements with Jane Street.  The remaining allegations of Paragraph 200 state legal conclusions to which no Answer is required.  To the extent a response is required, and unless specifically admitted, Millennium denies the remaining allegations of Paragraph 200.

201.    Millennium denies the allegations of Paragraph 201.

202.    Millennium denies the allegations of Paragraph 202.

203.    Millennium denies the allegations of Paragraph 203.

204.    Millennium denies the allegations of Paragraph 204.

205.    Millennium denies the allegations of Paragraph 205.

206.    Millennium denies the allegations of Paragraph 206.

**<u>FIFTH CAUSE OF ACTION</u>**
**Misappropriation of Trade Secrets**
**New York Law**
**(Against All Defendants)**

207.    Millennium incorporates by reference and re-alleges all Answers in the foregoing paragraphs.

208.    Millennium denies the allegations of Paragraph 208.

209.    Millennium denies the allegations of Paragraph 209.

210.    Millennium is without sufficient information to admit or deny the allegations of Paragraph 210.  To the extent a response is required, Millennium denies the allegations of Paragraph 210.

211.    Millennium is without sufficient information to admit or deny the allegations of Paragraph 211.  To the extent a response is required, Millennium denies the allegations of Paragraph 211.

212.    Millennium is without sufficient information to admit or deny the allegations of Paragraph 212.  To the extent a response is required, Millennium denies the allegations of Paragraph 212.

213.    Millennium is without sufficient information to admit or deny the allegations of Paragraph 213.  To the extent a response is required, Millennium denies the allegations of Paragraph 213.

214.    Millennium admits that it was aware of Schadewald's and Spottiswood's IP Agreements with Jane Street.  The remaining allegations of Paragraph 214 state legal conclusions to which no Answer is required.  To the extent a response is required, and unless specifically admitted, Millennium denies the remaining allegations of Paragraph 214.

215.    Millennium denies the allegations of Paragraph 215.

216.    Millennium denies the allegations of Paragraph 216.

217.    Millennium denies the allegations of Paragraph 217.

218.    Millennium denies the allegations of Paragraph 218.

219.    Millennium denies the allegations of Paragraph 219.

## SIXTH CAUSE OF ACTION
**Unjust Enrichment**
**New York Law**
**(Against All Defendants)**

220.     Millennium incorporates by reference and re-alleges all Answers in the foregoing paragraphs.

221.     Millennium denies the allegations of Paragraph 221.

222.     Millennium denies the allegations of Paragraph 222.

223.     Millennium denies the allegations of Paragraph 223.

224.     Millennium denies the allegations of Paragraph 224.

225.     Millennium denies the allegations of Paragraph 225.

226.     Millennium denies the allegations of Paragraph 226.

227.     Millennium denies the allegations of Paragraph 227.

## SEVENTH CAUSE OF ACTION
**Unfair Competition**
**New York Law**
**(Against All Defendants)**

228.     Millennium incorporates by reference and re-alleges all Answers in the foregoing paragraphs.

229.     Millennium denies the allegations of Paragraph 229.

230.     Millennium denies the allegations of Paragraph 230.

231.     Millennium denies the allegations of Paragraph 231.

232.     Millennium denies the allegations of Paragraph 232.

233.     Millennium denies the allegations of Paragraph 233.

234.     Millennium denies the allegations of Paragraph 234.

235.     Millennium denies the allegations of Paragraph 235.

236.    Millennium denies the allegations of Paragraph 236.

## VICARIOUS LIABILITY / RESPONDEAT SUPERIOR

237.    Millennium incorporates by reference and re-alleges all Answers in the foregoing paragraphs.

238.    Millennium denies the allegations of Paragraph 238.

## JOINT AND SEVERAL LIABILITY

239.    Millennium incorporates by reference and re-alleges all Answers in the foregoing paragraphs.

240.    Millennium denies the allegations of Paragraph 240.

## JANE STREET'S PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL

**WHEREFORE** Millennium respectfully requests judgment in its favor and against Jane Street as to all Causes of Action of the Amended Complaint stated against Millennium. Millennium requests the Court deny all relief requested by Jane Street and deny Jane Street's demand for a jury trial.

## AMENDED AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct on the part of Millennium and without conceding that Millennium has the burden of proof on any of the following defenses, Millennium asserts the following Defenses to the Amended Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

"It is well settled that a failure-to-state-a-claim defense can be properly asserted as an affirmative defense in an answer." *See, e.g.*, *Inter-Am. Dev. Bank v. IIG Trade Opportunities*

*Fund N.V.*, No. 16-civ- 9782-PAE, 2017 WL 6025350, at *9 (S.D.N.Y. Dec. 4, 2017) (quoting *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 432 (S.D.N.Y. 2010)).  Jane Street's Amended Complaint fails to state, and Jane Street cannot prove, any claim upon which relief can be granted.  Jane Street's claims against Millennium are barred because Jane Street fails to identify its alleged trade secrets and other confidential/proprietary information with reasonable particularity.  Jane Street's claims against Millennium are barred because Jane Street's alleged trade secrets are not trade secrets or confidential to Jane Street in that, among other things, these broad categories of information are generally known to the public, to persons in the financial services industry, and/or to others who can obtain economic value from their disclosure or use. Jane Street's claims against Millennium are barred because Jane Street has failed to keep its alleged "Trading Strategy" a secret.  Jane Street's claims against Millennium are barred because, even if Millennium had knowledge of Jane Street's confidential information or trade secrets, it has not disclosed or used such information for any improper purpose.  Jane Street's claims against Millennium are barred because Millennium has not tortiously interfered with Jane Street's contracts.  Jane Street's claims against Millennium are barred because Millennium has not been unjustly enriched at the expense of Jane Street.  Jane Street's claims against Millennium are barred because Millennium has not engaged in unfair competition with Jane Street.

## SECOND AFFIRMATIVE DEFENSE

### (Discovery through Fair and Proper Means)

Jane Street's trade secret misappropriation claims are barred, in whole or in part, because any purported "trade secret" information allegedly misappropriated by Millennium through the actions of Schadewald and/or Spottiswood was independently developed and discovered through fair and proper means by Millennium.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

Jane Street has unclean hands for at least the reasons asserted in Millennium's counterclaims, which it incorporates herein by reference.  Further, Jane Street knew or should have known that it did not have a colorable trade secret claim before it filed this lawsuit.  Rather, Jane Street purports to have developed a "Trading Strategy" that relies on publicly available signals and "heuristics" that are well known and used throughout the options-trading industry. Jane Street then asserted its so-called "Trading Strategy" against Millennium and its former employees, Schadewald and Spottiswood, in this lawsuit to injure Millennium's business prospects and cast a cloud over Millennium's legitimate business activities.  Further, on information and belief, Jane Street has engaged in highly unusual trading activity following Schadewald's and Spottiswood's departure from Jane Street, including in March 2024.  On information and belief, Jane Street alleges the loss of profits it has sustained from its own unusual trading activity as damages caused by Millennium's alleged conduct.  On information and belief, when filing its Complaint in this action, Jane Street knew or had reason to know that the loss of profits it alleges—the over fifty-percent decline of its profits attributable to the alleged "Trading Strategy"—could not have been and were not caused by trading at Millennium. Jane Street's immoral, unconscionable, and/or bad faith acts constitute unclean hands.  In fact, as Jane Street well knows, the reduction in profits is undoubtedly related not only to the departure of Jane Street's two most experienced traders in this market, but also the shorter trading period and reduced volatility in this market in comparative trading periods.

## FOURTH AFFIRMATIVE DEFENSE

### (Bad Faith Claim of Trade Secret Misappropriation)

Jane Street's Fourth Cause of Action is barred because Jane Street is prosecuting its claims in bad faith and for an improper purpose; therefore, Millennium is entitled to an award of reasonable attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3)(D).

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver or Estoppel)

Jane Street's claims are barred by the doctrines of waiver or estoppel because Jane Street has failed to take adequate steps to protect its alleged trade secrets or confidential information. Jane Street has also waived its claims against Millennium, or is estopped from asserting those claims, because Jane Street allowed its non-compete agreement with Schadewald to lapse, and never even had a non-compete agreement with Spottiswood.  Through its course of conduct, Jane Street has waived any claim that Schadewald or Spottiswood can be precluded from using their own experience, skill, and judgment, as well as available market data, to take positions on options and to react to real-time changes in volatility in markets while trading for Millennium, and Jane Street is estopped from obtaining relief on such a claim.  Jane Street has waived its claims or is estopped from asserting those claims through its course of conduct in failing to enforce its confidentiality agreements, non-compete agreements, and garden-leave agreements with third parties.

## SIXTH AFFIRMATIVE DEFENSE

### (No Damages)

Jane Street has suffered no damages and/or has failed to mitigate its damages, if any.

*Oliner v. McBride's Indus., Inc.*, 106 F.R.D. 14, 20 n.7 (S.D.N.Y. 1985) (refusing to strike

affirmative defense of no damages and noting plaintiff not prejudiced by such defense).  Jane

Street has failed to state a claim for damages against Millennium and has failed to mitigate any

such damages at least because any damages Jane Street alleges are attributable to Millennium are

instead attributable to Jane Street's highly unusual trading activity since at least March 2024.

Jane Street has failed to mitigate its damages at least by continuing to ████████████████

█████████████ despite actions outside of Millennium's control, including the growth

in that market over at least the last six months by outside investors and despite the attention the

Indian options market has received from global media as a result of Jane Street filing this case.

*See, e.g.*, *Jane Street's $1 billion trade draws attention to Indian Options*, ICICIDIRECT.COM

(May 10, 2024) https://www.icicidirect.com/ research/equity/finace/jane-streets-1-billion-trade-

draws-attention-to-indian-options ("The lawsuit reveals Jane Street's focus on options trading in

India, a market segment experiencing rapid growth.").

## SEVENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

Jane Street has failed to sufficiently plead a public wrong or extraordinary egregiousness

required for an award of punitive damages.  *See Oliner*, 106 F.R.D. at 20 n.7; *Willman v. Zelman
& Assocs., LLC*, No. 11-civ-1216-KBF, 2012 WL13388813, at *1 (S.D.N.Y. Sept. 6, 2012)

("The mere redundancy of an affirmative defense with a general denial is not prejudicial.").

## EIGHTH AFFIRMATIVE DEFENSE

### (No Vicarious Liability/Respondeat Superior)

Jane Street's vicarious liability allegation is barred because, to the extent Millennium's

alleged liability is based on its employment of Schadewald and Spottiswood, Millennium is not

liable for any damages under any doctrine of vicarious liability.  *Willman*, 2012 WL 13388813, at *1.

## NINTH AFFIRMATIVE DEFENSE

### (No Joint and Several Liability)

Jane Street's Joint and Several Liability allegation is barred because Millennium is not liable for any damages to Jane Street and because Jane Street has not sufficiently pleaded any joint actions by Millennium and any Defendant causing harm to Jane Street.  *Willman*, 2012 WL 13388813, at *1.

## RESERVATION OF ADDITIONAL DEFENSES

Millennium does not presently know all facts concerning Jane Street's conduct and claims sufficient to state all affirmative defenses at this time.  Millennium will seek leave of the Court to amend its affirmative defenses should it later discover facts demonstrating the existence of additional affirmative defenses.

Dated: New York, NY
June 10, 2024

Respectfully submitted,

**DECHERT LLP**

By:    /s/ *Andrew J. Levander*

Andrew J. Levander
May Chiang
1095 Avenue of the Americas
New York, NY 10036
andrew.levander@dechert.com
may.chiang@dechert.com
Martin J. Black (*pro hac vice forthcoming*)
Daniel R. Roberts (*pro hac vice forthcoming*)
Cira Centre
2929 Arch Street
martin.black@dechert.com
daniel.roberts@dechert.com

*Counsel for Millennium Management LLC*

35

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MILLENNIUM MANAGEMENT LLC

*Counterclaim-Plaintiff*,

*v.*

JANE STREET GROUP, LLC,

*Counterclaim-Defendant.*

---

Case No. 24-CV-02783

Hon. Paul A. Engelmayer

**PUBLIC VERSION**

## MILLENNIUM'S COUNTERCLAIMS AGAINST JANE STREET

Millennium, by and through its undersigned counsel, for its counterclaims against Plaintiff Jane Street, alleges as follows:

1.     Jane Street commenced this trade secret action against Millennium in bad faith.

2.     After two former Jane Street traders each exercised their right to change employers and join Millennium, Jane Street threatened and then brought this baseless lawsuit to disrupt their trading activity and thwart competition.

3.     Jane Street took advantage of the presumption of confidentiality afforded to trade secrets by filing a heavily redacted complaint that accused Millennium of theft and misappropriation when Millennium committed no such acts.

4.     Jane Street then ran to this Court seeking an emergency temporary restraining order and arguing that a hearing on its requested relief needed to be held within two months.

5.     But when Jane Street's allegations were tested, it became apparent that Jane Street's alleged injuries are entirely self-inflicted.  Jane Street lacks a non-compete or garden-leave provision with either of the two traders, Douglas Schadewald and Daniel Spottiswood, and Jane Street's recent trading losses are attributable to market conditions and the relative skill of Jane Street's remaining trading team, not any improper activity by Millennium.

36

6.      The Court appropriately denied Jane Street a temporary restraining order, and should award relief on Millennium's claim for attorney's fees under the Defend Trade Secrets Act, 18 U.S.C. § 1836(b)(3)(D) ("DTSA").

## PARTIES

7.      Counterclaim-Plaintiff Millennium Management LLC ("Millennium") is a global investment management firm with a track record over 30 years.  Millennium pursues a diverse array of investment strategies and empowers its over 5,500 employees to deliver exceptional outcomes and enables its portfolio managers to do what they do best—navigate the markets.

8.      Millennium is incorporated in Delaware and has its principal place of business in New York, New York.

9.      Millennium and its affiliates have over $63 billion in assets under management.

10.     Millennium's business is driven by specialized portfolio management teams that identify and pursue opportunities according to their specialties and within a risk framework established by Millennium that is tailored to the portfolio management team's strategies.  Portfolio managers are overseen by experienced executives who manage the firm's various business units corresponding to the firm's primary strategies.

11.     Counterclaim-Defendant Jane Street Group, LLC ("Jane Street") is incorporated in Delaware and has its principal place of business in New York, New York.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over Millennium's counterclaims pursuant to 28 U.S.C. § 1331 because these counterclaims arise under the laws of the United States, namely the DTSA.  To the extent any counterclaim implicates state law doctrines, the

Court has supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367(a) since the state law claims are part of the same case or controversy.

13.     This Court further has subject matter jurisdiction as they arise out of the same transactions or occurrences that are the subject matter of Jane Street's claims.

14.     The Court has general personal jurisdiction over Jane Street because Jane Street's principal place of business is in New York.  Additionally, through Jane Street's IP Agreements with Schadewald and Spottiswood, Jane Street submitted to the personal jurisdiction of the courts of the State of New York and the United States District Court for the Southern District of New York. *See, e.g.*, Schadewald IP Agreement § 9.  Further, this is a Consolidated Court Proceeding under § 10 of the Schadewald IP Agreement, and Jane Street waived "any and all right" to challenge personal jurisdiction or venue in such a proceeding.

15.     The Court has specific personal jurisdiction over Millennium's counterclaims in this action because Jane Street has submitted to this Court's jurisdiction by filing the Complaint and Amended Complaint in this district.

16.     Venue is proper in this judicial district under 28 U.S.C. § 1391 because the events giving rise to Millennium's counterclaims occurred in this district.

## FACTUAL BACKGROUND

### A.     Millennium Has Traded in the Indian Markets for Years

17.     Millennium pursues a diverse array of investment strategies globally and seeks to empower its portfolio managers to deliver exceptional outcomes and to navigate the markets successfully.  Prior to 2024, Millennium has made significant investments to build the legal, operational, and technical infrastructure necessary to trade securities, including options, in India.

18.     To that end, one of Millennium's affiliates obtained regulatory approval eight years ago in 2016, to engage in Foreign Portfolio Investment (FPI), which allows a non-Indian

38

entity like Millennium to hold Indian securities and other financial assets.  Millennium has also established relationships with a number of brokers registered to conduct business in India.  These relationships are at least several years old.

        **B.**      **Millennium Has Not Used Any of Jane Street's Purported Secret Strategies**

19.      Millennium hired Douglas Schadewald on February 12, 2024.  Douglas Schadewald trades through Millennium and is employed by MPG Operations LLC.  Douglas Schadewald had a reputation as an extremely talented trader with deep experience in options trading both in the United States and in foreign markets.

20.      Millennium also hired Daniel Spottiswood on February 28, 2024.  Daniel Spottiswood trades through Millennium and is employed by MPG Operations LLC.

21.      Millennium provides training to new employees relating to confidentiality and intellectual property.  Both Schadewald and Spottiswood completed this training shortly after they joined Millennium.

22.      Millennium has strict policies prohibiting employees from bringing third-party confidential material into Millennium or onto Millennium's systems without a thorough review and approval process.

23.      Millennium has put in place technological and other measures designed to prevent employees from bringing confidential material onto Millennium's systems.

24.      Both Schadewald and Spottiswood rely on their own experience, skill, and judgment, as well as available market data, to take positions on options and to react to real-time changes in volatility in markets.

25.      Neither Schadewald nor Spottiswood rely on algorithms or automated signals to conduct their trades on behalf of Millennium.

26.     Neither Schadewald nor Spottiswood has disclosed to Millennium any code-named signals listed in Jane Street's amended complaint, including ███████████████ ████████████████████. Millennium does not know what any of the code-named signals are or what they refer to, including ██████████████████████ ██████, aside from the code names as listed in Jane Street's Amended Complaint.

27.     Millennium had never heard of any of Jane Street's code-named signals before authorized representatives received a copy of Jane Street's initial Complaint.

**C.     Jane Street Filed This Meritless Action in Bad Faith**

28.     In early April 2024, Jane Street, through counsel, sent a letter to Millennium expressing "significant concerns" that Millennium was improperly using Jane Street's confidential and proprietary information and trade secrets.

29.     Jane Street accused Millennium of hiring Mr. Schadewald and Mr. Spottiswood expressly to exploit Jane Street's intellectual property.

30.     Millennium responded to Jane Street, noting that the traders had no non-compete obligations to Jane Street and that the traders were using ordinary options-trading techniques, not any of Jane Street's proprietary or confidential methods.

31.     Millennium also pointed to several public sources regarding the market where Schadewald and Spottiswood were trading, which identified this market as being highly liquid and presenting a particularly compelling opportunity for arbitrage.

32.     Nonetheless, Jane Street filed its original complaint on April 12, 2024, seeking a temporary restraining order, a preliminary injunction, permanent injunctive relief, and unspecified damages.

33.     The complaint was heavily redacted to create the impression that Millennium had wrongfully stolen Jane Street's confidential information.

34.     But in fact, the complaint did not describe the alleged trade secrets in detail and redacted references to the market which had already been written about in the Wall Street Journal, Bloomberg, and other news sources.  Nor did Jane Street specify any act of authorized piracy, concealment, or misappropriation by Millennium's new employees, much less Millennium.

35.     On April 16, 2024, Jane Street filed a motion for a temporary restraining order, telling the Court that "[t]he full extent of the harm [to Jane Street] is immeasurable" and that "it is difficult or impossible to measure the full set of downstream effects caused by Millennium's misappropriation."  ECF No. 7, at 19.

36.     On April 16, 2024, Jane Street further told the Court that it needed immediate injunctive relief in the form of a temporary restraining order because "it is difficult (if not impossible) to fully reconstruct what Jane Street's profits would have been in the but-for world in which there was no misappropriation by Millennium, or to reconstruct how long the Trading Strategy would remain profitable into the future."  ECF No. 7, at 21.

37.     On April 19, 2024, the Court held a hearing on Jane Street's request for a temporary restraining order.  Jane Street had previously requested that the courtroom be closed for the hearing; the court denied that request, stating: "With extreme emphasis, I'm denying that application as borderline frivolous."  April 19, 2024 Hr'g Tr. at 5:9-25.

38.     At the April 19, 2024 hearing, counsel for Jane Street stated that

Jane Street was fully aware being in the industry that anything that was put in that complaint would be picked apart just even – even, frankly your Honor, even the country.  That was honestly a concern because [Jane Street] knew that even if that was identified, people would then take that country, take what else is being said, put it together, try to find – I mean, this is what people do, and this is part of their job, right?

***

41

> We define this as, you can imagine, Jane Street's most profitable strategy. People
> know that. They know the country. They know there's a signal. They know there's
> something there. They will start digging. This is something that people will want
> to know, and Jane Street desperately wants to protect.

April 19, 2024 Hr'g Tr. at 22:6-23:9

39.     The Court noted "I have no compunction here about stating the name of the
country whose equities, if you will, or securities have been traded." April 19, 2024 Hr'g Tr. at
4:22-25.

40.     The Court ultimately denied Jane Street's application for a temporary restraining
order and set an expedited bench trial on Jane Street's injunctive relief claims for the week of
July 15, 2024.

41.     The parties agreed to the Court's proposal at the April 19, 2024 hearing, and
agreed to meet and confer regarding an expedited schedule to prepare for trial.

42.     One business day later, after exchanging drafts of the case management order,
Jane Street informed Millennium that it was refusing to provide an early disclosure of the
identity of its trade secrets, despite the accelerated nature of the proceeding, and that "Plaintiff
will provide the requisite disclosure in response to an interrogatory as appropriate." Ex. A,
Email from J. Miller to M. Black, April 22, 2024, 4:11 PM.

43.     One day later, on April 23, 2024, Jane Street informed Millennium during a meet
and confer that it was dropping all requests for injunctive relief and would only be seeking
money damages in this case. Jane Street further informed Millennium that it would pursue a
merits trial sometime in Spring 2025, nearly a year later than the Court's proposed timeline.

44.     On April 26, 2024, Jane Street filed a letter with the court attempting to explain
its sudden change in position. ECF No. 65. Jane Street, after initially seeking a temporary
restraining order with no discovery and a 48-hour time window, as well as a preliminary

injunction hearing within weeks, suddenly believed that it "would be highly prejudiced if not allowed to pursue its claims with a full and complete record prior to a trial on the merits."  ECF No. 65, at 2.

45.     Jane Street also changed course by seeking a jury trial, rather than a bench trial as agreed at the April 19, 2024 hearing and as required by Jane Street's IP Agreement with Schadewald.

46.     Jane Street calls Defendants' "demand that Jane Street make particularized disclosures" of its trade secrets within a few days "unusual," "unreasonable," and "prejudicial"— despite the fact that Jane Street sought a temporary restraining order enjoining Millennium, Schadewald, and Spottiswood from "misappropriating" those very "trade secrets" a week earlier.

47.     Further, counsel for Jane Street admitted that she was "prepared to go into more detail" regarding Jane Street's alleged trade secrets at the April 19, 2024 hearing had the courtroom been sealed.  And, had the Court granted Jane Street's injunctive relief, counsel for Jane Street reassured the Court that Jane Street could quickly, under seal, "provide something with much more definition so that there would be fair notice."  April 19, 2024 Hr'g Tr. at 21:23-22:5.

48.     Yet now, under Jane Street's shifting sands litigation approach, Jane Street will only identify its alleged trade secret through the normal discovery process.  ECF No. 65, at 3.

49.     Jane Street is clearly attempting to draw out this litigation to chill Millennium's trading activity in the Indian options market and disrupt Millennium's business through protracted and prolonged discovery.

50.     At best, if Millennium served an interrogatory on the day of the Court's conference currently scheduled in this matter (May 16, 2024; *see* ECF No. 66), Jane Street would be required to respond to that interrogatory by June 15, 2024 under the Federal Rules.

51.     Jane Street represented to the Court on April 19, 2024 that it could readily identify its trade secrets with the particularity required to provide fair notice to Millennium of the trading activities Jane Street was seeking to enjoin with its emergency motion.

52.     Upon information and belief, Jane Street's alleged trade secret amounts to ███ ███████████████████████████████████████████████████.

53.     Upon information and belief, Jane Street's strategy for keeping this "Trading Strategy" a secret was upended by the Court's refusal to seal the courtroom or prevent the public from hearing that this case was about very well-known options trading in India.

54.     Upon information and belief, Jane Street is unable to commit to identifying its trade secret because the "Trading Strategy" is not actually a trade secret and was not misappropriated by Millennium.

55.     Upon information and belief, Jane Street is purposefully delaying disclosure of its alleged trade secret because it does not possess a relevant trade secret as defined under the DTSA or New York trade secret law.

56.     Upon information and belief,  Jane Street dropped its request for injunctive relief to avoid having to disclose that it does not have a plausible, relevant trade secret.

57.     According to Jane Street, any trader who "captur[es] profits from the same source that the Trading Strategy capitalizes on" must be using Jane Street's alleged trade secret.  Am. Compl. ¶ 143.  Jane Street ignores that it is possible to trade in the Indian options market by

2e0f553d57b9e6c7

using well-known options trading techniques as Schadewald and Spottiswood are doing and have been doing since joining Millennium.

58.     The real purpose of Jane Street's lawsuit is to thwart competition.  Jane Street is trying to prevent Millennium from trading options in the Indian market and is seeking to sideline two skilled traders Jane Street failed to retain.

59.     Jane Street's failure to timely disclose whether or not it has a trade secret is causing harm to Millennium.  Schadewald and Spottiswood are not using any of the alleged "signals" or "heuristics" described in Jane Street's Amended Complaint.  However, this litigation is intended to chill and disrupt Millennium's trading activity until the case is resolved.

60.     Upon information and belief, Jane Street wants to draw out this case to continue chilling Millennium's activity in the Indian options market and capture a greater share of profits in that market.

61.     Upon information and belief, Jane Street wants to delay disclosure of its alleged trade secret until after it obtains discovery of Millennium's trading data, so that Jane Street can mold the contours of its trade secret to match Millennium's trading data.

62.     Jane Street's actions here epitomize bad faith under the DTSA.


**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**MILLENNIUM'S CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**Declaratory Judgment of Bad Faith Claim of Misappropriation**
**Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836(b)(3)(D)**
**(Against Jane Street)**

63.     Millennium incorporates by reference and re-alleges the foregoing paragraphs.

64.     As described above, Jane Street has made baseless allegations against Millennium in a failed attempt to obtain a temporary restraining order and injunction.

65.     Jane Street continues to make baseless allegations against Millennium in an attempt to deter Millennium from pursuing lawful trading activities under the threat of money damages.

66.     Jane Street's motion for a temporary restraining order was denied on April 19, 2024.  Jane Street represented to the Court on April 19, 2024 that it was still seeking preliminary and permanent injunctive relief and agreed to coordinate with Defendants on a case management order in anticipation of a trial on Jane Street's claims in July 2024.

67.     Had the Court granted Jane Street's motion for a temporary restraining order, Jane Street would have had to quickly and specifically disclose what its alleged trade secrets are.

68.     Jane Street gave up its claims for injunctive relief less than a week after filing its motion for a temporary restraining order and preliminary injunction.

69.     Based on the Court's statements that options trading in India is not a trade secret, Jane Street is now unable to fashion a plausible trade secret claim against Millennium.

70.     Jane Street has given up its claims for injunctive relief to delay its disclosure of its trade secret because it does not have a plausible trade secret claim against Millennium.

71.     Jane Street knows that it cannot prevail on any of its claims and is delaying this litigation to chill Millennium's trading activity in the Indian options market and/or to sideline Mr. Schadewald and Mr. Spottiswood.

72.     In light of the foregoing, Jane Street's pursuit of a temporary restraining order and injunctive relief was made in bad faith.

73.     In light of the foregoing, Jane Street's termination of its request for injunctive relief was made in bad faith.

74.     In light of the foregoing, Jane Street's current pursuit of money damages in this case is being made in bad faith.

75.     Millennium is entitled to a declaratory judgment under 28 U.S.C. § 2201 of no liability for trade secret misappropriation under DTSA or New York law, and that Jane Street has brought its DTSA and New York trade secret misappropriation claims in bad faith.

76.     As the prevailing party, Millennium is entitled to an award of reasonable attorneys' fees for being required to defend against Jane Street's baseless, bad faith claims, including under 18 U.S.C. § 1836(b)(3)(D).

## PRAYER FOR RELIEF

WHEREFORE, Defendant-Counterclaim Plaintiff Millennium respectfully requests that this Court enter judgment in its favor and against Jane Street as follows:

A.     For a judgment that Millennium has not committed tortious interference with Jane Street's IP agreements, and that Millennium has not misappropriated any Jane Street confidential or proprietary information for the purpose of making trades in the Indian options market;

B.  For a judgment that Millennium has not engaged in unfair competition with respect to Jane Street's positions in the Indian options market;

C.  That as the prevailing party under the DTSA, for a judgment that Millennium be awarded its reasonable attorneys' fees for defending against Jane Street's bad faith assertion of trade secret misappropriation and for defending against Jane Street's bad faith request for a temporary restraining order and injunctive relief; and

D.  Any and all other relief the Court deems just and proper.

Dated: New York, NY
      June 10, 2024

Respectfully submitted,
DECHERT LLP

By:    /s/ *Andrew J. Levander*

Andrew J. Levander
May Chiang
1095 Avenue of the Americas
New York, NY 10036
andrew.levander@dechert.com
may.chiang@dechert.com

Martin J. Black (*pro hac vice forthcoming*)
Daniel R. Roberts (*pro hac vice forthcoming*)
Cira Centre
2929 Arch Street
martin.black@dechert.com
daniel.roberts@dechert.com

*Counsel for Millennium Management LLC*

# **EXHIBIT A**

| | |
|---|---|
| **From:** | Jeffrey Miller <jeffreymiller@quinnemanuel.com> |
| **Sent:** | Monday, April 22, 2024 4:10 PM |
| **To:** | Black, Martin |
| **Cc:** | Deborah Brown; Chiang, May; David Elsberg; Brian Campbell; Rollo Baker; Roberts, Daniel |
| **Subject:** | RE: Jane Street v. Millennium et al, No. 24-cv-02783 |
| **Attachments:** | 2024.04.24 Pltf Redline Scheduling Order (14854732_1).docx |

[EXTERNAL EMAIL]

Marty,

Thank you for the response to our proposal. Please see the attached redline against your proposal (edits in track changes). We are highlighting the below items:

1. We disagree on bifurcating the trial given that discovery pertaining to liability and damages is likely to be largely overlapping and, as such, we believe the parties should retain the July 15-19 trial dates offered by the Court.

2. Defendants' modification to paragraph 4 suggests Defendants are contemplating filing a non-Answer response, such as a Motion to Dismiss. Can you please confirm whether one or more Defendants intend to file a MTD?

3. We don't believe it is reasonable for Defendants to demand Plaintiff's specified identification of trade secrets by April 26, but not provide an Answer by April 29.  Plaintiff requires Defendant's Answer before making any such identifications.  Further, at this early stage, there is no basis, nor vehicle, for Defendants to be provided such pre-discovery, which is more properly sought through an interrogatory.  *See, e.g.*, *Bytemark, Inc. v. Xerox Corp.*, 2022 WL 120980, at *5 (S.D.N.Y. Jan. 11, 2022) (citing cases) (where "case is in its very early stages," *i.e.*, prior to document production, "at this stage of the litigation, Plaintiff is not required – as a prerequisite for obtaining relevant discovery from Defendants – to identify its trade secrets with the specificity that Defendants demand.").  Plaintiff will provide the requisite disclosure in response to an interrogatory as appropriate.

4. Defendants' edits to the expert disclosure paragraph create a scenario where Plaintiff issues reports (regardless of burdens of proof) on June 7, and Defendants issue reports (regardless of burdens of proof) on June 21. In light of the expedited trial schedule, we believe staggered reports are unrealistic, and the parties should proceed with simultaneous expert disclosures, with opportunity for rebuttal reports, as originally contemplated in Plaintiff's proposed CMO.

5. We believe May 15 is an unrealistic date for substantial completion of production of documents and have reverted to May 22.

Please let us know if you will send us any further proposals in writing or would like to meet and confer regarding the schedule.

Thank you,
Jeff

---

**From:** Black, Martin <martin.black@dechert.com>
**Sent:** Monday, April 22, 2024 11:56 AM
**To:** Jeffrey Miller <jeffreymiller@quinnemanuel.com>

**Cc:** Deborah Brown <deborahbrown@quinnemanuel.com>; Chiang, May <May.Chiang@dechert.com>; David Elsberg <delsberg@elsberglaw.com>; Brian Campbell <BCampbell@elsberglaw.com>; Rollo Baker <rbaker@elsberglaw.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>
**Subject:** RE: Jane Street v. Millennium et al, No. 24-cv-02783

[EXTERNAL EMAIL from martin.black@dechert.com]

Jeff,

Thanks for putting together the draft scheduling order.  The defense group edits are attached.  We left a blank for the production date of the trading data, as we are confirming how long that will take.

Marty

**From:** Jeffrey Miller <jeffreymiller@quinnemanuel.com>
**Sent:** Sunday, April 21, 2024 6:05 PM
**To:** Black, Martin <martin.black@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>
**Cc:** Deborah Brown <deborahbrown@quinnemanuel.com>; Chiang, May <May.Chiang@dechert.com>; David Elsberg <delsberg@elsberglaw.com>; Brian Campbell <BCampbell@elsberglaw.com>
**Subject:** RE: Jane Street v. Millennium et al, No. 24-cv-02783

[EXTERNAL EMAIL]

Counsel,

Pursuant to the Court's direction for the parties to file a proposed joint case management order by end of day on Monday, April 22, please see the attached proposal by Jane Street.

Best,

Jeff

**From:** Jeffrey Miller
**Sent:** Tuesday, April 16, 2024 12:45 PM
**To:** Black, Martin <martin.black@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>

**Cc:** Deborah Brown <deborahbrown@quinnemanuel.com>; Chiang, May <May.Chiang@dechert.com>; David Elsberg <delsberg@elsberglaw.com>; Brian Campbell <BCampbell@elsberglaw.com>
**Subject:** Jane Street v. Millennium et al, No. 24-cv-02783

Marty and Rollo,

As per the notice we provided yesterday, we intend to submit our TRO application today. We will provide the moving papers when we make our submission.

Given the sensitivity and value of the trade secrets at issue, we would strongly prefer to be heard on the motion tomorrow. However, we are willing to make reasonable accommodations of your schedules. Given that we are not available Thursday, is there a time either Wednesday or Friday that works for you to appear at any TRO hearing?

Alternately, please let us know if you consent to temporary injunctive relief in the absence of our motion, *i.e.* if Millennium, Mr. Schadewald, and Mr. Spottiswood will agree to cease using Jane Street's confidential information and trade secrets, including Jane Street's proprietary trading strategy, ██████████████████ ███████████████.

Thank you,

**Jeffrey Miller**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7194 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
jeffreymiller@quinnemanuel.com

www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.