UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>JANE STREET GROUP, LLC,<br><br>                             Plaintiff,<br>      -v-<br><br>MILLENIUM MANAGEMENT LLC, <em>et al.</em>,<br><br>                         Defendants.</td><td>24 Civ. 2783 (PAE)<br><br><u>ORDER</u></td></tr>
</table>

PAUL A. ENGELMAYER, District Judge:

Before the Court is a renewed dispute as to the terms of a protective order to govern the use of confidential information produced in this case. *See* Dkts. 99 (plaintiff), 100 (defendants).

As to the dispute over whether defendants Schadewald and Spottiswood (the "individual defendants") ought to be able to access Jane Street's trade secret disclosure, the Court sides with the individual defendants. As the Court explained in its earlier order, "a defendant must be provided sufficient information to defend himself or herself." Dkt. 95 at 4 (quoting *Mobilitie Mgmt., LLC v. Harkness*, No. 16 Civ. 4396, 2018 WL 7858685, at *3 (N.D. Ga. July 10, 2018)). The trade secret disclosure here is essential to the preparation of a defense. It serves to particularize the allegations Jane Street has made against the defendants and to clarify the claims being brought. And Jane Street's premise in bringing this case is that the individual defendants knew these trade secrets (indeed, that they developed them). It would be unreasonable for Jane Street to allege that the individual defendants "misappropriated information, then deny [them] access to the information allegedly misappropriated." *Water Tree Ventures, LLC v. Giles*, 2019 WL 13162408, at *3-4 (N.D. Fla. Apr. 26, 2019). Given that the trade secret disclosure (1) consists solely of information allegedly known to and exploited by the individual defendants, and

(2) is of central importance to allowing the individual defendants to mount an adequate defense, the Court deems it appropriate for the individual defendants to access Jane Street's trade secret disclosure.

Defendants separately propose that Schadewald and Spottiswood be able to access all documents containing "information to which [they] had access while at Jane Street." The Court declines to grant that request, but with leave to formulate a refined request towards a similar end once a concrete dispute arises as to particular documents. At this stage, defendants' formulation appears difficult to administer and overbroad. It does not embed an evident means by which counsel could determine the scope of the information to which Schadewald and Spottiswood had "access" at the time of the employment. And if "access" were understood merely to mean the materials to which the individual defendants in theory could have accessed while at Jane Street, the defense proposal—given Jane Street's representation that it imposed limited internal access controls at the time of the individual defendants' employ, Dkt. 7 at 23—could give the individual defendants unnecessarily broad-ranging access to documents merely based on their theoretical ability to have gained access to them while employed.

At this stage, Jane Street's proposal—allowing the individual defendants access to all documents they received or authored—is more sensible, in that it assures the individual defendants the ability to review materials which they demonstrably accessed. That said, the Court recognizes the possibility that other documents (*e.g.*, conceivably, documents accessed by Jane Street employees acting at the direction of the individual defendants on relevant projects) could be germane to this litigation and important for the individual defendants to review. The Court is prepared to revisit this dispute to the extent that a concrete dispute arises as to particular documents that defense counsel believes the individual defendants ought to able to review.

Upon such a review, the Court will be able to determine whether a refinement of the protective order to address the situation at hand is in order.

Finally, Jane Street's proposed protective order fails to identify each side's designated in-house counsel (specifically, in § 15(g)). The Court thus cannot enter its proposed protective order without attending to this detail. There also appear to be other minor differences in language between the parties' proposed protective orders. The Court directs the parties, by June 17, 2024, to jointly file a proposed protective order, based off Jane Street's proposed protective order.

SO ORDERED.

_Paul A. Engelmayer_

PAUL A. ENGELMAYER
United States District Judge

Dated: June 12, 2024
       New York, New York

3