IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE STREET GROUP, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>MILLENNIUM MANAGEMENT LLC, DOUGLAS SCHADEWALD, and DANIEL SPOTTISWOOD,<br><br>*Defendants*. | Case No. 24-CV-02783<br>Hon. Paul A. Engelmayer |

**DEFENDANTS DOUGLAS SCHADEWALD AND DANIEL SPOTTISWOOD'S AMENDED AFFIRMATIVE DEFENSES**

Defendants Douglas Schadewald ("Schadewald") and Daniel Spottiswood ("Spottiswood" and together with Schadewald, "Individual Defendants"), by and through counsel, pursuant to Rule l5(a)(2) and the Court's order dated June 3, 2024, D.I. 95, submit the Amended Affirmative Defenses against the Amended Complaint of Plaintiff Jane Street Group, LLC ("Jane Street").

Individual Defendants do not know all facts concerning Jane Street's conduct and claims and, therefore, have not knowingly and intentionally waived any applicable affirmative defenses and reserve the right to amend their answer and affirmative defenses to raise affirmative defenses in addition to those below as they become known to Individual Defendants through discovery in this matter, and following Individual Defendants' access to Jane Street's Trade Secret Identification dated May 23, 2024.

Without prejudice to the denials set forth herein, and without admission that they carry the burden of proof on any of the matters set forth below, Individual Defendants asserts the following defenses that preclude and/or bar, in whole or in part, claims asserted by Jane Street in the Amended Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Jane Street has failed to state a claim upon which relief may be granted. *See, e.g.*, *Inter-Am. Dev. Bank v. IIG Trade Opportunities Fund N.V.*, No. 16-civ- 9782-PAE, 2017 WL 6025350, at *9 (S.D.N.Y. Dec. 4, 2017) (declining to strike an affirmative defense for failure to state a claim).

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Identify Trade Secrets and Confidential Information)

Jane Street has failed to identify and describe its alleged trade secrets and confidential information with sufficient specificity or particularity. *Orientview Techs. LLC v. Seven For All Mankind, LLC*, 2013 WL 4016302, at *3 (S.D.N.Y. Aug. 7, 2013) (declining to strike an affirmative defense that "could have been set forth in simple denials" as the defense "[bore] on the issues in the case" and posed "no risk of prejudice" to the plaintiff).

## THIRD AFFIRMATIVE DEFENSE

### (No Trade Secrets or Confidential Information)

Jane Street's alleged trade secrets and confidential information are vague and ambiguous and therefore cannot constitute trade secrets or confidential information. *Orientview Techs. LLC v. Seven For All Mankind, LLC*, 2013 WL 4016302, at *3 (S.D.N.Y. Aug. 7, 2013) (declining to strike an affirmative defense that "could have been set forth in simple denials" as the defense "[bore] on the issues in the case" and posed "no risk of prejudice" to the plaintiff).

### **FOURTH AFFIRMATIVE DEFENSE**

### **(General Knowledge and Skill and Independent Development)**

Jane Street's alleged trade secrets and confidential information are readily ascertainable; generally known to the public, and/or to persons in the industry in which Jane Street does business; were independently developed by or for Individual Defendants and/or Defendant Millennium Management LLC ("Millennium"); and/or constitute general knowledge and skill or experience of Individual Defendants.  *Orientview Techs. LLC v. Seven For All Mankind, LLC*, 2013 WL 4016302, at *3 (S.D.N.Y. Aug. 7, 2013) (declining to strike an affirmative defense that "could have been set forth in simple denials" as the defense "[bore] on the issues in the case" and posed "no risk of prejudice" to the plaintiff).

### **FIFTH AFFIRMATIVE DEFENSE**

### **(Failure to Protect Alleged Trade Secrets and Confidential Information)**

Jane Street has failed to take adequate steps to protect its alleged trade secrets and/or confidential information, including by failing to implement or enforce confidentiality policies, permitting employees and/or interns to access alleged trade secret or confidential information not necessary to the scope of their responsibilities, and by allowing disclosure or disclosing alleged trade secret or confidential information to third parties or the public.  *Orientview Techs. LLC v. Seven For All Mankind, LLC*, 2013 WL 4016302, at *3 (S.D.N.Y. Aug. 7, 2013) (declining to strike an affirmative defense that "could have been set forth in simple denials" as the defense "[bore] on the issues in the case" and posed "no risk of prejudice" to the plaintiff).

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

Jane Street's claims are barred by the doctrines of waiver and estoppel in respect of its dealings with Individual Defendants and/or steps taken to protect its alleged trade secrets and/or confidential information.

As alleged in this Action, Jane Street's alleged trade secrets and confidential information would encompass substantially any options trading in the India options market by Individual Defendants and constitute an indefinite non-compete in all but name as applied by Jane Street. Jane Street has also demanded that Individual Defendants be restricted from trading in the India options market, confirming that, on information and belief, Jane Street's objective is to impose non-compete obligations on Individual Defendants. Jane Street's alleged property interests and alleged contractual rights stand in direct opposition to Jane Street's repeated statements in public that its employees are not subject to enforceable non-compete obligations, and statements to Individual Defendants that they were not subject to any non-compete obligations at the time of their departure.

Jane Street is a highly sophisticated party. Before Spottiswood accepted a permanent position at Jane Street, Jane Street represented that Spottiswood would not be bound by non-compete obligations. This was a material factor in Spottiswood's decision to accept employment at Jane Street. Defendant Spottiswood accepted Jane Street's offer over another from a different firm.

Prior to Individual Defendants' departure, Jane Street expressly confirmed to Schadewald that it had elected not to renew his contractual non-compete, garden leave, non-solicit, and trading restriction covenants under the Notice, Non-Interference and Restricted Trading Agreement dated

4

as of July 18, 2018. Nor did Jane Street impose any non-compete on Spottiswood during his employment at Jane Street.

Individual Defendants communicated with Jane Street repeatedly about their potential departure before giving notice. On information and belief, Jane Street knew that Individual Defendants would continue trading for their new firm in the same markets as they had traded in while at Jane Street. Jane Street knew or should have known that the absence of any non-compete obligations, or any other legal obligation to refrain from trading in the India options market was a material factor in their decisions. Nevertheless, Jane Street never informed Individual Defendants that their alleged trade secrets encompassed essentially all trading in the India options market, and that their alleged intellectual property was tantamount to a non-compete covenant. Nor does Jane Street make efforts to inform its employees as to which of its trading strategies constitute confidential or trade secret strategies and which are common knowledge in the industry, learned from third parties, or otherwise do not constitute confidential or trade secret strategies. This is so notwithstanding that Jane Street alleges in this Action to have deliberately developed the alleged confidential or trade secret strategies over the course of years, and therefore necessarily had knowledge of the scope of its alleged confidential or trade secret strategies prior to Individual Defendants' departure from Jane Street.

For the foregoing reasons, Jane Street voluntarily and knowingly relinquished the right to rely on alleged confidential or trade secret strategies that are tantamount to a non-compete in India options market trading; and has misrepresented or knowingly failed to disclose the alleged facts to Individual Defendants, to Individual Defendants' substantial detriment. Jane Street, by its conduct, has waived any claim that Individual Defendants are prohibited from using their own

experience, skill, judgment, and available market data to trade options, and Jane Street is estopped from asserting such claims.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Allege Disclosure of Trade Secrets or Misappropriation of Confidential Information)

Jane Street has failed to sufficiently allege that Individual Defendants disclosed and/or inappropriately used any alleged trade secrets and/or confidential information. *Orientview Techs. LLC v. Seven For All Mankind, LLC*, 2013 WL 4016302, at *3 (S.D.N.Y. Aug. 7, 2013) (declining to strike an affirmative defense that "could have been set forth in simple denials" as the defense "[bore] on the issues in the case" and posed "no risk of prejudice" to the plaintiff).

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Allege Access to Trade Secrets or Confidential Information by Improper Means)

Jane Street has failed to sufficiently allege that Individual Defendants acquired, accessed, viewed, or downloaded any alleged trade secrets and/or confidential information by improper means. *Orientview Techs. LLC v. Seven For All Mankind, LLC*, 2013 WL 4016302, at *3 (S.D.N.Y. Aug. 7, 2013) (declining to strike an affirmative defense that "could have been set forth in simple denials" as the defense "[bore] on the issues in the case" and posed "no risk of prejudice" to the plaintiff).

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Jane Street engaged in inequitable conduct and/or acted with unclean hands, including with respect to its dealings with Individual Defendants and trading activities. Jane Street has acted

inequitably and with unclean hands for the reasons stated in Individual Defendants' counterclaims, which are incorporated herein by reference. On information and belief, when filing the complaint, Jane Street knew or had reason to know that Individual Defendants did not copy, download or otherwise improperly acquire any alleged models, algorithms, or machine learning models—and that it would not have been possible for Individual Defendants to replicate such models or algorithms, especially in light of their complexity. On information and belief, when filing the complaint, Jane Street knew or had reason to know that other market participants used similar trading strategies in the India options market. On information and belief, Jane Street has engaged in a concerted effort to draw public attention to its allegations against Individual Defendants, including by providing the complaint in this Action or portions thereof to third parties before serving it or providing courtesy copies to Individual Defendants.

Furthermore, on information and belief, Jane Street has engaged in instances of highly unusual trading activity following Individual Defendants' departure from Jane Street, including on or about March 28, 2024. On information and belief, Jane Street alleges the losses it has sustained from its own unusual trading activity as damages caused by Individual Defendants' alleged conduct. On information and belief, when filing the complaint in this action, Jane Street knew or had reason to know that the losses it alleges—the decline of its profits allegedly attributable to the alleged trading strategies by over fifty percent—could not have been and were not caused by Individual Defendants' trading at Millennium.

## TENTH AFFIRMATIVE DEFENSE

### (Bad Faith and Improper Purpose)

Jane Street is prosecuting its claims in bad faith and for an improper purpose, including to prevent fair competition in markets in which Jane Street trades, to interfere with Individual

Defendants' current employment, and to chill current employees' prospective ability to obtain employment with competitors.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Jane Street's cause of action for unjust enrichment is duplicative of its breach of contract and tortious interference claims.

## TWELFTH AFFIRMATIVE DEFENSE

### [RESERVED]

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unenforceable Contractual Confidentiality Obligations)

The scope of confidential information under the Confidentiality and Intellectual Property Agreement dated as of December 22, 2023, between Schadewald and Jane Street ("Schadewald IP Agreement") and the Confidentiality and Intellectual Property Agreement dated as of August 17, 2020, between Spottiswood and Jane Street ("Spottiswood IP Agreement") are so ambiguous, indefinite, and undefined as to be unenforceable.  The scope of the alleged confidentiality obligations in Schadewald IP Agreement and Spottiswood IP Agreement, as interpreted are sought to be enforced by Jane Street, are overbroad and vague and effectively prevents Individual Defendants from trading in the India options market. *Orientview Techs. LLC v. Seven For All Mankind, LLC*, 2013 WL 4016302, at *3 (S.D.N.Y. Aug. 7, 2013) (refusing to strike an affirmative defense that "could have been set forth in simple denials" as the defense "[bore] on the issues in the case" and its retention possessed  "no risk of prejudice" to the plaintiff and thus there was "no reason" for the court to exercise its discretion to strike the defense).

## FOURTEENTH AFFIRMATIVE DEFENSE

### [RESERVED]

## FIFTEENTH AFFIRMATIVE DEFENSE

### (General Knowledge and Skill, Discovery Through Proper and Fair Means)

Jane Street's claims are barred by the terms of Jane Street's agreements with Schadewald and/or Spottiswood, including provisions acknowledging their extensive prior relevant experience and provisions specifying that Individual Defendants' general skills, knowledge and experience, as well as information publicly available, generally known, or readily ascertainable from public sources, as well as information disclosed by third parties, as well as information known to Individual Defendants prior to their employment by Jane Street do not constitute confidential information.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Injury or Damages)

Jane Street has not sustained any injury or damages as a result of any act or conduct by Individual Defendants. *Oliner v. McBride's Indus., Inc.*, 106 F.R.D. 14, 20 n.7 (S.D.N.Y. 1985) (refusing to strike an affirmative defense of no damages as a general denial not prejudicial to plaintiff).

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Jane Street's claims are barred, in whole or in part, by its failure to mitigate damages. On information and belief, Jane Street has engaged in instances of highly unusual trading activity following Individual Defendants' departure from Jane Street which resulted in losses to Jane

9

Street, including on or about March 28, 2024. On information and belief, Jane Street has also failed to modify its trading activities to adapt to changing dynamics in the India options market, including the changing dynamics that resulted from Jane Street's election to, on information and belief, disclose information to third parties and to the public by foregoing any confidential dispute resolution forum. *See Gorwin v. Local 282, I.B.T.*, 838 F.Supp. 116, 123 (S.D.N.Y. 1993) (denying motion to strike failure to mitigate affirmative defense as premature prior to discovery).

### EIGHTEENTH AFFIRMATIVE DEFENSE

**[RESERVED]**

### NINETEENTH AFFIRMATIVE DEFENSE

**[RESERVED]**

### TWENTIETH AFFIRMATIVE DEFENSE

**(Unjust Enrichment)**

The damages Jane Street seeks, if awarded, would result in unjust enrichment to Jane Street.

### TWENTY FIRST AFFIRMATIVE DEFENSE

**(No Punitive Damages)**

Jane Street's claims for punitive damages are barred on the grounds that Individual Defendants' actions were not fraudulent, malicious, oppressive, wanton, or reckless, and Individual Defendants acted in good faith. See *Oliner, 106 F.R.D. at 20 n.7; Willman v. Zelman & Assocs., LLC*, No. 11-civ-1216-KBF, 2012 WL13388813, at *1 (S.D.N.Y. Sept. 6, 2012) ("The mere redundancy of an affirmative defense with a general denial is not prejudicial").

| | | |
|---|---|---|
| Dated: | June 10, 2024<br>New York, New York | **ELSBERG BAKER & MARURI PLLC**<br><br>By:  */s/ Rollo C. Baker*<br>     Rollo C. Baker<br>     David Elsberg<br>     Vivek Tata<br>     Brian Campbell<br>     Nicholas Martin<br><br>*Counsel for Defendants Douglas Schadewald and Daniel Spottiswood* |

11