**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| JANE STREET GROUP, LLC, |
| *Plaintiff*, |
| v. |
| MILLENNIUM MANAGEMENT LLC, DOUGLAS SCHADEWALD and DANIEL SPOTTISWOOD |
| *Defendants*. |

Civil Action No. 24-cv-2783
Hon. Paul A. Engelmayer

**JANE STREET'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE
CERTAIN OF DEFENDANTS' AMENDED AFFIRMATIVE DEFENSES**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT .................................................................................................1

BACKGROUND ......................................................................................................................2

    A.    Jane Street's Claims ................................................................................................2

    B.    Defendants' Initial Responses, Jane Street's Motion To Dismiss And To Strike, And Defendants' Amended Affirmative Defenses ......................................4

LEGAL STANDARD................................................................................................................4

ARGUMENT ...........................................................................................................................5

I.    CERTAIN OF DEFENDANTS' AFFIRMATIVE DEFENSES ARE INSUFFICIENTLY PLEADED AND SHOULD BE STRICKEN....................................5

    A.    The Court Should Strike Defendants' Unclean Hands Defenses.............................6

    B.    The Court Should Strike Defendants' Waiver/Estoppel Defenses .......................10

    C.    The Court Should Strike The Individual Defendants' Defense That The IP Agreements Are "Unenforceable" ........................................................................13

    D.    The Court Should Strike The Individual Defendants' Unjust Enrichment Defense ...............................................................................................................14

    E.    The Court Should Strike The Individual Defendants' "Reserved" Defenses........15

    F.    The Court Should Strike Defendants' "Affirmative Defenses" That Are Not Affirmative Defenses ....................................................................................15

CONCLUSION......................................................................................................................16

# TABLE OF AUTHORITIES

**Page**

## Cases

*adidas Am., Inc. v. Thom Browne, Inc.*,
   629 F. Supp. 3d 213 (S.D.N.Y. 2022)........................................................................ 14

*Am. Home Energy Inc. v. AEC Yield Cap. LLC*,
   2022 WL 595186 (E.D.N.Y. Feb. 28, 2022)............................................................ 13

*Apex Oil Co. v. DiMauro*,
   713 F. Supp. 587 (S.D.N.Y. 1989)............................................................................ 16

*Ass'n of Am. Med. Colleges v. Princeton Rev., Inc.*,
   332 F. Supp. 2d 11 (D.D.C. 2004) .............................................................................. 9

*Boss Prods. Corp. v. Tapco Int'l Corp.*,
   2001 WL 135819 (W.D.N.Y. Feb. 16, 2001) .......................................................... 15

*Capri Sun GmbH v. Am. Beverage Corp.*,
   414 F. Supp. 3d 414 (S.D.N.Y. 2019)............................................................... 5, 9, 13

*Citizens United v. Schneiderman*,
   882 F.3d 374 (2d Cir. 2018)......................................................................................... 8

*City of N.Y. v. Fedex Ground Package Sys., Inc.*,
   314 F.R.D. 348 (S.D.N.Y. 2016) ................................................................................. 5

*CJ Prods. LLC v. Snuggly Plushez LLC*,
   809 F. Supp. 2d 127 (E.D.N.Y. 2011) ...................................................................... 10

*Coach, Inc. v. Kmart Corps.*,
   756 F. Supp. 2d 421 (S.D.N.Y. 2010)............................................................... *passim*

*Congelados del Cibao v. 3 Kids Corp.*,
   2021 WL 3774141 (S.D.N.Y. Aug. 24, 2021) ......................................................... 10

*Dorce v. City of N.Y.*,
   2022 WL 16639141 (S.D.N.Y. Oct. 14, 2022) ........................................................ 10

*Estee Lauder, Inc. v. Fragrance Counter, Inc.*,
   189 F.R.D. 269 (S.D.N.Y. 1999) .............................................................................. 13

*Excelsior Cap., LLC v. Devine*,
   2011 WL 13305363 (E.D.N.Y. Jan. 26, 2011) .......................................................... 7

*FDIC v. Murex LLC*,
   500 F. Supp. 3d 76 (S.D.N.Y. 2020)........................................................................... 6

*FTC v. Quincy Bioscience Holding Co.*,
   2020 WL 1031271 (S.D.N.Y. Mar. 2, 2020) ........................................................... 15

*GEOMC Co. v. Calmare Therapeutics Inc.*,
   918 F.3d 92 (2d Cir. 2019)........................................................................................... 5

*Gucci Am., Inc. v. Guess?, Inc.*,
  868 F. Supp. 2d 207 (S.D.N.Y. 2012)....................................................................... 7

*Jackpocket, Inc. v. Lottomatrix NY LLC*,
  645 F. Supp. 3d 185 (S.D.N.Y. 2022) ...................................................................... 8

*JBCholdings NY, LLC v. Pakter*,
  931 F. Supp. 2d 514 (S.D.N.Y. 2013) ...................................................................... 8

*Keane Dealer Servs., Inc. v. Harts*,
  968 F. Supp. 944 (S.D.N.Y. 1997)......................................................................... 10

*Liz Claiborne, Inc. v. Mademoiselle Knitwear, Inc.*,
  13 F. Supp. 2d 430 (S.D.N.Y. 1998)..................................................................... 7, 9

*loanDepot.com, LLC v. CrossCountry Mortg., LLC*,
  2023 WL 3884032 (S.D.N.Y. Jun. 8, 2023) ............................................................ 6

*Microsoft Corp. v. Hon Hai Precision Indus. Co.*,
  2020 WL 5128629 (N.D. Cal. Aug. 31, 2020) ...................................................... 13

*Orientview Techs. LLC v. Seven for All Mankind, LLC*,
  2013 WL 4016302 (S.D.N.Y. Aug. 7, 2013) ......................................................... 16

*Paul Rudolph Found. v. Paul Rudolph Heritage Found.*,
  2022 WL 4109723 (S.D.N.Y. Sept. 8, 2022) ........................................................... 5

*Rogers v. Blacksmith Brands, Inc.*,
  2011 WL 6293764 (S.D.N.Y. Dec. 13, 2011) ....................................................... 16

*Schaub & Williams, L.L.P. v. Augme Techs., Inc.*,
  2014 WL 625390 (S.D.N.Y. Feb. 14, 2014)............................................... 5, 12, 14

*Silva v. Hornell Brewing Co., Inc.*,
  2020 WL 8079823 (E.D.N.Y. Dec. 1, 2020) ......................................................... 11

*Times Mirror Mags., Inc. v. Field & Stream Licenses Co.*,
  294 F.3d 383 (2d Cir. 2002).................................................................................. 10

*Voest-Alpine Int'l Corp. v. Chase Manhattan Bank, N.A.*,
  707 F.2d 620 (2d Cir. 1983).................................................................................. 11

*Yurman Design, Inc. v. Golden Treasure Imps., Inc.*,
  275 F. Supp. 2d 506 (S.D.N.Y. 2003)..................................................................... 6

## Rules

Fed. R. Civ. P. 12(f)..................................................................................................... 1

Fed. R. Civ. P. 15(a)(1).................................................................................................. 3

Plaintiff Jane Street Group, LLC ("Jane Street") submits this memorandum of law in support of its motion to strike certain of Millennium Management LLC's ("Millennium"), Douglas Schadewald's and Daniel Spottiswood's ("Individual Defendants," and with Millennium, "Defendants") amended affirmative defenses with prejudice pursuant to Fed. R. Civ. P. 12(f).

## PRELIMINARY STATEMENT

In early April, after it uncovered Defendants' bad acts, Jane Street filed this action alleging, among other things, that: (1) the Individual Defendants breached certain contractual obligations with Jane Street to maintain the confidentiality of Jane Street's confidential and proprietary information; and (2) all of the Defendants violated the Defend Trade Secrets Act ("DTSA") and New York trade secret law through their use (and in the case of the Individual Defendants, disclosure) of Jane Street's proprietary and confidential Trading Strategy.  Dkt. 1.  After the Court *sua sponte* afforded Defendants the chance to amend their affirmative defenses (Dkt. 95), Defendants filed an amended laundry-list of twenty-six combined affirmative defenses, most of which do nothing to remedy the deficiencies that Jane Street identified.  For example, instead of adding factual allegations in support of their defenses, Defendants added baseless allegations stated on "information and belief" that reflect nothing more than conjecture—a clear attempt to broaden discovery into fishing expeditions into areas that Defendants have no grounds to pursue.

Jane Street does not bring this motion lightly.  But given the narrow discovery window in this already complex and highly-technical case, the Court and the parties are best served by maximizing efficiency and obtaining clarity on which affirmative defenses are properly asserted and may proceed through discovery.  Because certain of Defendants' affirmative defenses are insufficiently pleaded (and apparently were not capable of being cured on amendment), Jane Street respectfully requests that this Court grant this motion and strike the at-issue affirmative defenses with prejudice.

## BACKGROUND

### A.      Jane Street's Claims

Jane Street is a global proprietary trading firm in the financial services industry.  Dkt. 63 (First Amended Complaint or "FAC") ¶ 16.  The Individual Defendants are former Jane Street traders who were involved in researching, developing, and implementing Jane Street's proprietary trading strategies, including the specific "Trading Strategy" at issue in this case.  *Id.* ¶¶ 61-67, 96-99.[1]  In February 2024, Messrs. Schadewald and Spottiswood left Jane Street to work as traders for a competitor firm, Millennium.  Within weeks of Messrs. Schadewald and Spottiswood joining Millennium, Jane Street identified multiple pieces of evidence indicating that all three Defendants were, in fact, using and/or exploiting Jane Street's proprietary Trading Strategy.  *Id.* ¶¶ 140-41, 143.  In an attempt to avoid ligation, on April 3, 2024, Jane Street sent Defendants letters summarizing the evidence it had gathered and demanding that they immediately cease misappropriating Jane Street's confidential and proprietary Trading Strategy.  *Id.* ¶ 133. Defendants responded two days later refusing to comply with Jane Street's demand but confirming that they are actively trading in the "Indian Options Market."  *Id.* ¶ 136.

Jane Street promptly commenced this action on April 10, 2024, seeking temporary and permanent injunctive relief to prevent Defendants from continuing their improper use of Jane Street's Trading Strategy, and seeking money damages to compensate for the harm caused to Jane Street.  At the April 19, 2024 hearing on Jane Street's application for a temporary restraining order, the Court recognized the plausibility of Jane Street's claims.  *See* 4/19/24 Tr. 55:5-7 ("Jane Street's claims are undeniably serious ones.  They absolutely have the potential to be established."); *Id.*

---

[1]   The Trading Strategy is described at length in Jane Street's FAC, and that defined term as used in the FAC is used herein.  *Id.* ¶¶ 31-60.

61:2-4 ("Look, ultimately these issues require discovery.  This is a complicated matter.  Jane Street has certainly identified smoke, but it has not established a fire.").  However, the Court ruled that, on the record before it, Jane Street had not made a sufficient showing of irreparable harm necessary to satisfy the heavy burden for issuing a temporary restraining order, opining that money damages would likely afford Jane Street sufficient relief.  *Id.* 54:24-58:4.

Given the seriousness of Jane Street's claims and their significance to Jane Street's business, the sheer amount of discovery fully and fairly presenting those claims at trial would require (including the extensive discovery that Defendants indicated they would demand in this action), and in light of the Court's guidance at the April 19 hearing, Jane Street voluntarily filed an amended complaint on April 26, 2024 pursuant to Fed. R. Civ. P. 15(a)(1), withdrawing its request for injunctive relief while continuing to pursue monetary damages for its claims against Defendants.  These operative claims primarily consist of in relevant part:

(1)     Messrs. Schadewald's and Spottiswood's breach of their IP confidentiality agreements with Jane Street by disclosing and/or using the Trading Strategy and failing to maintain the confidentiality required by their respective agreements;

(2)     Messrs. Schadewald's and Spottiswood's violation of the DTSA and New York law by disclosing and/or using Jane Street's Trading Strategy at Millennium; and

(3)     Millennium's violation of the DTSA and New York law by using the Trading Strategy.

The Court subsequently entered a Case Management Plan and Scheduling Order that required, among other things, a more reasonably particularized disclosure of Jane Street's asserted trade secrets on May 23, 2024, with which Jane Street timely complied.  Dkt. 88 ¶ 5.

3

**B.** **Defendants' Initial Responses, Jane Street's Motion To Dismiss And To Strike, And Defendants' Amended Affirmative Defenses**

On May 10, 2024, Defendants responded to the FAC by filing Answers, Affirmative Defenses, and Counterclaims.  Dkt. 72 (Millennium); Dkt. 74 (Individual Defendants).  Relevant here, Defendants collectively filed thirty affirmative defenses—many of which consisted of a single sentence and were plagued with deficiencies.  On May 31, 2024, Jane Street filed a combined motion to dismiss Defendants' counterclaims and to strike Defendants' affirmative defenses.  Dkt. 93.  Upon receipt of Jane Street's motion, this Court *sua sponte* entered an Order granting Defendants the option to: (1) withdraw some (or all) of their affirmative defenses; (2) file amended affirmative defenses; or (3) stand on their affirmative defenses as pleaded.  Dkt. 95.

On June 10, 2024, Defendants filed amended affirmative defenses.  Dkt. 102 (Millennium); Dkt. 106 (Individual Defendants).  In its amended affirmative defenses, Millennium maintains all nine of its original affirmative defenses.  Dkt. 102 at 30-35.  The Individual Defendants also filed amended affirmative defenses in which they maintain seventeen of their twenty-one original affirmative defenses.[2]  Dkt. 106 at 1-10.  As a result, Defendants maintain a combined twenty-six affirmative defenses in this action.  For certain of their affirmative defenses, Defendants provide additional factual allegations; for others, they do not.

## LEGAL STANDARD

"[T]o strike an affirmative defense as insufficient on a Rule 12(f) motion to strike, '(1) there must be no question of fact that might allow the defense to succeed; (2) there must be no substantial question of law that might allow the defense to succeed; and (3) the plaintiff must be

---

[2]   The Individual Defendants withdrew the following affirmative defenses: No. 12 (Failure of Consideration with Respect to the Individual Defendants' IP Agreements); No. 14 (Failure to Satisfy Conditions Precedent to the Individual Defendants' IP Agreements); No. 18 (Statutes of Limitations); and No. 19 (Laches).

prejudiced by the inclusion of the defense.'" *Capri Sun GmbH v. Am. Beverage Corp.*, 414 F. Supp. 3d 414, 435 (S.D.N.Y. 2019) (Engelmayer, J.) (quoting *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010)).

"In considering the first and second prongs, courts apply the same legal standard as that applicable to a motion to dismiss under Rule 12(b)(6)." *City of N.Y. v. Fedex Ground Package Sys., Inc.*, 314 F.R.D. 348, 355 (S.D.N.Y. 2016). Courts apply "the plausibility standard ... to determin[e] the sufficiency of all pleadings, including the pleading of an affirmative defense." *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2d Cir. 2019). "[A]ffirmative defenses that are merely 'conclusory allegations absent any supporting factual allegations[,] are insufficient as a matter of law and fail to provide a plaintiff with any notice as to how the defense applies to plaintiff's claims.'" *Schaub & Williams, L.L.P. v. Augme Techs., Inc.*, 2014 WL 625390, at *7 (S.D.N.Y. Feb. 14, 2014) (quoting *Coach, Inc.*, 756 F. Supp. 2d at 425).

## ARGUMENT

### I. CERTAIN OF DEFENDANTS' AFFIRMATIVE DEFENSES ARE INSUFFICIENTLY PLEADED AND SHOULD BE STRICKEN

Many of Defendants' twenty-six affirmative defenses suffer from the same legal and factual deficiencies identified in Jane Street's original motion to strike. Dkt. 93. Jane Street would be prejudiced by their unnecessary inclusion in this case. Accordingly, these affirmative defenses should be stricken with prejudice, particularly because the Court has already given Defendants leave to amend and, despite that opportunity, the defenses remain defective. *Paul Rudolph Found. v. Paul Rudolph Heritage Found.*, 2022 WL 4109723, at *12-13 (S.D.N.Y. Sept. 8, 2022) (dismissing amended affirmative defenses with prejudice and denying defendant leave to amend because to do so would prejudice the plaintiff and be futile).

A.   <u>__The Court Should Strike Defendants' Unclean Hands Defenses__</u>

Defendants fail to plead sufficient factual allegations to support an unclean hands defense as a matter of law.  As this Court has recognized: "Under New York law, the doctrine of unclean hands is never used unless the plaintiff is guilty of immoral, unconscionable conduct and even then only when the conduct relied on is ***directly related*** to the subject matter in litigation and the party seeking to invoke the doctrine was injured by such conduct." *FDIC v. Murex LLC*, 500 F. Supp. 3d 76, 122 (S.D.N.Y. 2020) (Engelmayer, J.) (quotations omitted, emphasis added).  "Courts generally apply the doctrine only where they have found plaintiffs guilty of truly unconscionable and brazen behavior." *Id.* (quotations omitted).

Particularly instructive is *loanDepot.com, LLC v. CrossCountry Mortg., LLC*, 2023 WL 3884032 (S.D.N.Y. Jun. 8, 2023).  In that case—just as here—a plaintiff brought an action for trade secret misappropriation under the DTSA and New York law against former employees and the competing company they had joined.  *Id.* at *1-2.  The Court held that unclean hands was ***unavailable*** as a defense as a matter of law, relying on this Court's decision in *Murex*:

> If the alleged misconduct is unrelated to the claim to which it is asserted as a defense, it does not constitute unclean hands.  …  Whether or not loanDepot encourages its new hires to bring along client information is irrelevant to the subject of this litigation: whether Individual Defendants, in breach of their agreements with loanDepot, took confidential and proprietary information with them when they left and poached other loanDepot employees.

*Id.* at *8 (citations omitted) (citing *Murex*).

A defendant "cannot maintain a defense of unclean hands where the basis of the defense is premised on the posture taken by the plaintiffs with respect to its [asserted intellectual property] in the course of litigation." *Yurman Design, Inc. v. Golden Treasure Imps., Inc.*, 275 F. Supp. 2d 506, 518 (S.D.N.Y. 2003).  That is, "alleged conduct in ***filing*** this suit, … cannot be the basis of an unclean hands defense" "because any bad faith or inequitable conduct in filing the lawsuit" "is

*unrelated* to Plaintiffs' obtaining or using the rights in suit." *Coach, Inc.*, 756 F. Supp. 2d at 429-30 (emphasis added) (citing cases); *see also, e.g.*, *Gucci Am., Inc. v. Guess?, Inc.*, 868 F. Supp. 2d 207, 245 (S.D.N.Y. 2012) ("The filing of a trademark infringement lawsuit, without more, does not merit the application of this doctrine [of unclean hands]."); *Liz Claiborne, Inc. v. Mademoiselle Knitwear, Inc.*, 13 F. Supp. 2d 430, 445 (S.D.N.Y. 1998) (rejecting argument that "bad faith in bringing suit can itself be the basis for an unclean hands defense").[3]  With this understanding, Defendants' unclean hands defenses as alleged must fail.

    *First*, Millennium alleges that Jane Street has "unclean hands" because it "knew or should have known that it did not have a colorable trade secret claim before it ***filed this lawsuit***."  Dkt. 102 at 32 (No. 3) (emphasis added).  The Individual Defendants similarly assert "on information and belief" that Jane Street "acted with unclean hands" because "***when filing the complaint***," Jane Street "knew or had reason to know that [the] Individual Defendants did not copy, download, or otherwise acquire any alleged models, algorithms, or machine learning models."  Dkt. 106 at 6-7 (No. 9) (emphasis added).  Indeed, all of Defendants' unclean hands allegations turn on what Jane Street allegedly "knew" or "should have known" in connection with its decision to initiate this action.[4]  But as detailed above, Jane Street's alleged prior knowledge or motivations for filing a lawsuit cannot support an unclean hands defense.  In *Coach, Inc.*, for example, the defendant

---

[3]  Unclean hands is an equitable defense and is thus inapplicable to the breach of contract causes of action against the Individual Defendants.  *See Excelsior Cap., LLC v. Devine*, 2011 WL 13305363, at *3 (E.D.N.Y. Jan. 26, 2011).

[4]  *See also, e.g.*, Dkt. 102 at 32 ("***when filing its Complaint*** in this action, Jane Street knew or had reason to know that the loss of profits it alleges … could not have been and were not caused by trading at Millennium") (emphasis added); Dkt. 106 at 7 ("***when filing the complaint***, Jane Street knew or had reason to know that other market participants used similar trading strategies") (emphasis added); *id.* ("***when filing the complaint*** in this action, Jane Street knew or had reason to know that the losses it alleges … could not have been and were not caused by Individual Defendants' trading at Millennium") (emphasis added).

alleged an affirmative defense of unclean hands because the plaintiff allegedly brought a counterfeit goods action "knowing that the goods in issue are not counterfeit." 756 F. Supp. 2d at 429-30. The Court struck this affirmative defense at the pleading stage because "Plaintiffs' alleged conduct in filing this suit … cannot be the basis of an unclean hands defense because it is unrelated to Plaintiffs' obtaining or using the rights in suit." *Id.* at 430. If such allegations were sufficient, every defendant could bring an unclean hands defense—an absurd proposition.

**Second**, Millennium's amended defense adds allegations on "information and belief"—*i.e.*, without firsthand knowledge to support them. Dkt. 102 at 32. The Individual Defendants' amendments take the same approach. Dkt. 106 at 7.[5] Defendants then assert "on information and belief" that it was Jane Street's trading that caused its loss in profits, rather than Defendants' conduct, and that Jane Street allegedly "knew or had reason to know that" "when filing its Complaint in this Action." Dkt. 102 at 32; Dkt. 106 at 7. As explained above, these new allegations are insufficient to support an unclean hands defense. They merely continue Defendants' approach of disputing the basis for Jane Street's claims, rather than pointing to any unconscionable conduct that **directly relates** to the Trading Strategy.

Defendants do not allege that Jane Street committed a "truly unconscionable act" in **obtaining** or **using** the trade secrets Jane Street asserts Defendants misappropriated. *See, e.g.*, *Jackpocket, Inc. v. Lottomatrix NY LLC*, 645 F. Supp. 3d 185, 276 (S.D.N.Y. 2022) (dismissing

---

[5] Although it is impossible to know what Defendants are alluding to with these allegations—let alone how they are "unconscionable"—one thing is certain: such conclusory allegations made on "information and belief" and without any factual support should be disregarded by the Court. *See Citizens United v. Schneiderman*, 882 F.3d 374, 384-85 (2d Cir. 2018) ("A litigant cannot merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory."); *JBCholdings NY, LLC v. Pakter*, 931 F. Supp. 2d 514, 527 (S.D.N.Y. 2013) (dismissing claims alleged "upon information and belief" because "such allegations must be accompanied by a statement of the facts upon which the belief is founded") (quotations omitted).

unclean hands defense: "alleged unclean hands must relate to plaintiff's acquisition or use of the ... trademark") (citations and quotations omitted); *Coach, Inc.*, 756 F. Supp. 2d at 429-30 (defense must allege facts showing unconscionable conduct related to "Plaintiffs' obtaining or using the rights in suit"); *Liz Claiborne, Inc.*, 13 F. Supp. 2d at 445 ("what is material is not that the plaintiff's hands are dirty, but that he dirtied them in acquiring the right he now asserts") (quotations omitted).[6] Defendants' conclusory allegations that Jane Street engaged in some type of trading ***after*** the Individual Defendants left (when Defendants have no basis to know Jane Street's trades), and that those trades led to Jane Street's lost profits, are not facts that could support the conclusion that Jane Street ***unconscionably acquired*** or ***used*** its own Trading Strategy. And if that were not enough, Defendants do not allege any "immoral, unconscionable conduct" that as a result injured Defendants.

***Third***, maintaining this deficient affirmative defense would prejudice Jane Street. As the Court has acknowledged, this is a complex and fact-intensive case that is already on a highly expedited track, with the substantial completion of document production scheduled for July 31, 2024, and fact discovery scheduled to close on September 30, 2024. Dkt. 88 ¶¶ 8, 10(e)-(f). Jane Street "would be prejudiced by the increased time and expense, including unnecessary discovery costs that would result from litigating a legally insufficient unclean hands defense," as well as by unnecessarily expanding the length and scope of trial. *Coach, Inc.*, 756 F. Supp. 2d at 426, 430; *see also Capri Sun GmbH*, 414 F. Supp. 3d at 435 (striking affirmative defense where "inclusion of the legally insufficient defense would needlessly increase the time and expense of trial or duration and expense of litigation," and plaintiff "would face the burden of additional discovery

---

[6]   Indeed, some courts have found that "an unclean hands defense does not bar a trade secrets misappropriation claim" at all. *Ass'n of Am. Med. Colleges v. Princeton Rev., Inc.*, 332 F. Supp. 2d 11, 25 (D.D.C. 2004) (citing cases).

and increasing the duration and expense of litigation, which here would constitute sufficient prejudice") (quotations omitted).  This legally insufficient claim should not function to open the door to an improper discovery fishing expedition when Defendants have no factual basis to assert the defense in the first place.  *See Congelados del Cibao v. 3 Kids Corp.*, 2021 WL 3774141, at *2 (S.D.N.Y. Aug. 24, 2021) (denying defendant's motion to compel discovery for unclean hands evidence based on insufficiently pleaded defense).

### B.    <u>The Court Should Strike Defendants' Waiver/Estoppel Defenses</u>

Defendants assert affirmative defenses of "waiver" and "estoppel," allegedly relating to Jane Street's supposed failure to take steps to protect its trade secrets, or in vague "dealings" with the Individual Defendants.  Dkt. 102 at 33 (No. 5); Dkt. 106 at 4-6 (No. 6).  Whatever these allegations may be, Defendants do not allege sufficient facts to support the particular affirmative defenses of estoppel or waiver, and these defenses should be stricken.

**<u>Estoppel.</u>**    Estoppel "requires proof of three elements: (1) the senior user actively represented that it would not assert a right or a claim; (2) the delay between the active representation and assertion of the right or claim was not excusable; and (3) the delay caused the defendant undue prejudice." *CJ Prods. LLC v. Snuggly Plushez LLC*, 809 F. Supp. 2d 127, 162 (E.D.N.Y. 2011) (quoting *Times Mirror Mags., Inc. v. Field & Stream Licenses Co.*, 294 F.3d 383, 395 (2d Cir. 2002)).  "Estoppel is a drastic remedy and must be utilized sparingly." *Keane Dealer Servs., Inc. v. Harts*, 968 F. Supp. 944, 948 (S.D.N.Y. 1997).

Defendants' allegations do not meet this standard: "There is no indication that the Defendants relied, to their detriment or otherwise, on any conduct by [Jane Street]," or that Jane Street "intended" that its own conduct be relied upon by any Defendant. *Coach, Inc.*, 756 F. Supp. 2d at 426-27 (striking estoppel defense); *see also, e.g.*, *Dorce v. City of N.Y.*, 2022 WL 16639141, at *4 (S.D.N.Y. Oct. 14, 2022) ("Defendants offer no factual basis on which the Court could

conclude that they relied, to their detriment or otherwise, on any conduct by the Plaintiffs.")
(quotations omitted); *Silva v. Hornell Brewing Co., Inc.*, 2020 WL 8079823, at *4 (E.D.N.Y. Dec.
1, 2020) (similar). For example, Millennium's allegations focus on purported interactions between
Jane Street and the Individual Defendants, and Jane Street's purported failing to renew a non-
compete with Schadewald or to obtain a non-compete agreement with Spottiswood. Dkt. 102 at
33. Similarly, the Individual Defendants allege that Jane Street made purported promises to them
with respect to non-compete agreements and/or failed to secure non-compete agreements with
them. Dkt. 106 at 4-6. But all of these allegations are irrelevant as ***Jane Street does not seek to
enforce a non-compete in this action***. Rather, Jane Street alleges misappropriation of its trade
secrets and breach of the IP Agreements' confidentiality obligations. Defendants offer no
allegations that Jane Street ever represented that it would not assert those rights or claims, let alone
that Defendants relied to their detriment on such conduct. Because no Defendant pleads any facts
as to the representations and/or their purported reliance upon any representations with respect to
Jane Street's claims for which estoppel is asserted as an affirmative defense, it should be stricken.
Moreover, amendment would be futile, as Defendants have already had an opportunity to amend
but still failed to allege any facts that, if accepted, could establish an estoppel affirmative defense.[7]

**Waiver.** "To establish waiver under New York law one must show that the party charged
with waiver [1] relinquished a right with both [2] knowledge of the existence of the right and [3]
an intention to relinquish it." *Coach, Inc.*, 756 F. Supp. 2d at 428 (quoting *Voest-Alpine Int'l Corp.
v. Chase Manhattan Bank, N.A.*, 707 F.2d 620, 685 (2d Cir. 1983)). In other words, it is "the

---

[7] Nor should Jane Street be faulted for not imposing non-compete agreements upon Schadewald
or Spottiswood, and instead seeking to protect its confidential information through IP Agreements.
Indeed, the FTC recently announced a rule banning non-competes. *See* FTC, *FTC Announces Rule
Banning Noncompetes* (Apr. 23, 2024), *available at* https://www.ftc.gov/news-events/news/press-
releases/2024/04/ftc-announces-rule-banning-noncompetes.

intentional relinquishment of a known right." *Id.* As with estoppel, Defendants fail to allege facts sufficient to plausibly establish this defense.

While Defendants provide a lengthy narrative about Jane Street in their allegations (*see* Dkt. 102 at 33; Dkt. 106 at 4-6), they do not provide any factual allegations that Jane Street intentionally relinquished any known right. Rather, as with estoppel, Defendants allege that: (1) Jane Street purportedly failed to take steps to protect information (Dkt. 102 at 33; Dkt. 106 at 4-6); and (2) Jane Street "allowed its non-compete with Schadewald to lapse" and never obtained a non-compete with Spottiswood (Dkt. 102 at 33; Dkt. 106 at 4-6). But again, Jane Street does not seek to enforce a non-compete; rather, it seeks relief for the misappropriation of its trade secrets and the breach of the IP Agreements' confidentiality obligations. Defendants allege no facts that Jane Street ever "intentionally relinquished" any of those rights. *See, e.g.*, *Coach, Inc.*, 756 F. Supp. 2d at 428 (S.D.N.Y. 2010) (striking waiver defense: "There is no indication that Plaintiffs have intentionally relinquished any rights."). As with estoppel, any waiver must be as to the ***right asserted by the plaintiff*** in the action, not some other right not at issue. *See, e.g.*, *Schaub & Williams, L.L.P.*, 2014 WL 625390, at *9 (striking waiver defense: "Defendant has not alleged any fact supporting the assertion that Plaintiff at any point intentionally renounced, by actions or words, a previously held right to the balance of billed fees."). The Individual Defendants remain free to work at Millennium, as long as they do not breach their separate contractual confidentiality obligations or otherwise misappropriate Jane Street's trade secrets. Because Defendants were unable to remedy their deficient pleading on amendment, the Court should strike this affirmative defense with prejudice.

As noted above, *see supra* Part I.A, the "[i]nclusion of the above legally insufficient defenses would prejudice" Jane Street because it would "incur increased discovery costs in having

to explore the factual basis for these defenses." *Coach, Inc.*, 756 F. Supp. 2d at 428; *Capri Sun GmbH*, 414 F. Supp. 3d at 435 (similar); *Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D. 269, 272 (S.D.N.Y. 1999) ("Increased time and expense of trial may constitute sufficient prejudice to warrant granting plaintiff's Rule 12(f) motion."). The insertion of these deficient defenses will unnecessarily increase the scope and cost of discovery when there is no such time to spare.

### C.     The Court Should Strike The Individual Defendants' Defense That The IP Agreements Are "Unenforceable"

The Individual Defendants allege that the "scope" of their confidential information obligations under their respective IP Agreements are "so ambiguous, indefinite, and undefined as to be unenforceable." Dkt 106 at 8 (No. 13). Yet despite having the opportunity to file an amended pleading, the Individual Defendants fail to allege any facts as to **what** is "ambiguous, indefinite, [or] undefined" with respect to the scope of confidential information in those agreements; rather, they summarily plead that the scope of that provision is "overbroad and vague and effectively prevents Individual Defendants from trading in the India options market." *Id.* at 8. These are not factual allegations to put Jane Street on notice of how the scope of the confidentiality obligations in the IP Agreements are unenforceable; they merely restate the legal standard of contract unenforceability. *See, e.g.*, *Am. Home Energy Inc. v. AEC Yield Cap. LLC*, 2022 WL 595186, at *17 (E.D.N.Y. Feb. 28, 2022) (striking defenses where defendant "merely lists the standard … without connecting that standard to any pleaded facts"). The Individual Defendants have the IP Agreements in hand, they should be perfectly able to support their conclusion with factual allegations. They do not. Because the Individual Defendants do not allege sufficient facts to support this defense, the Court should strike it with prejudice. *See, e.g.*, *Microsoft Corp. v. Hon Hai Precision Indus. Co.*, 2020 WL 5128629, at *20 (N.D. Cal. Aug. 31, 2020) (striking affirmative defense of contract unenforceability for vagueness: "Hon Hai does not specifically

point to anything in this definition that is so uncertain and indefinite that the intention of the parties in material particulars cannot be ascertained.") (quotation omitted).

> D.     **The Court Should Strike The Individual Defendants' Unjust Enrichment Defense**

The Individual Defendants assert an affirmative defense of "unjust enrichment," alleging in a single sentence that "[t]he damages Jane Street seeks, if awarded, would result in unjust enrichment to Jane Street." Dkt. 106 at 10 (No. 20).[8] As one Court in this District explained in dismissing the same asserted affirmative defense: "This 'defense' is nonsensical" because "damages, if any, are part of [plaintiff's] claims." *adidas Am., Inc. v. Thom Browne, Inc.*, 629 F. Supp. 3d 213, 221 (S.D.N.Y. 2022). This Court should reach the same result.

Even if such a defense were available, this one-sentence unexplained statement facially fails to allege any facts to support the defense as pleaded or put Jane Street on notice of its basis— it is nothing more than a legal label. *See id.*, at 222 (defendant's "asserted defense [of unjust enrichment] does not give fair notice" to plaintiff and thus fails to "meet the plausibility requirements"); *see also Schaub & Williams, L.L.P.*, 2014 WL 625390, at *7. ("[A]ffirmative defenses that are merely 'conclusory assertions, absent any supporting factual allegations[,] are insufficient as a matter of law and fail to provide a plaintiff with any notice as to how the defense applies to plaintiff's claims.'") (quoting *Coach, Inc.*, 756 F. Supp 2d at 425). Because the Individual Defendants have already been given opportunity to replead, the Court should strike this affirmative defense with prejudice.

---

[8]    The Individual Defendants separately assert another affirmative defense also titled "Unjust Enrichment," premised on the position that Jane Street's own unjust enrichment claim is "duplicative" of its breach of contract and tortious interference claims. Dkt. 106 at 8 (No. 11). Jane Street does not seek to strike that affirmative defense here.

### E.   The Court Should Strike The Individual Defendants' "Reserved" Defenses

In place of each of the four affirmative defenses that the Individual Defendants withdrew, they insert the term "Reserved."  Dkt. 106 at 8-10 (Nos. 12, 14, 18, 19).  Whatever these are, courts do not permit defendants to plead placeholders and "reserve" the right to add affirmative defenses at a later date.  *See, e.g.*, *FTC v. Quincy Bioscience Holding Co.*, 2020 WL 1031271, at *5 (S.D.N.Y. Mar. 2, 2020) (striking affirmative defense "reserving" space for future affirmative defenses because "absent permission of the court, the defendants are required to assert every defense in their answer") (quotations omitted); *Boss Prods. Corp. v. Tapco Int'l Corp.*, 2001 WL 135819, at *1 (W.D.N.Y. Feb. 16, 2001) ("[D]efendant's affirmative defense which seeks to reserve to itself the unilateral right to add additional affirmative defenses is stricken with prejudice.").  The Court should strike these four "reserved" affirmative defenses with prejudice.

### F.   The Court Should Strike Defendants' "Affirmative Defenses" That Are Not Affirmative Defenses

Finally, Defendants continue to invoke a litany of "affirmative defenses" that are nothing more than denials of Jane Street's claims or requests for relief, pleaded in conclusory fashion, and thus can be stricken on that basis.  This includes: (i) *failure to state a claim* (Dkt. 102 at 30-31 (No. 1); Dkt. 106 at 2 (No. 1)); (ii) *failure to satisfy an element of a trade secret claim* (Dkt. 102 at 31 (No. 2); Dkt. 106 at 2-6 (Nos. 2-5, 7-8)); (iii) *failure to satisfy an element of a breach-of-contract claim* (Dkt. 106 at 9 (No. 15)); (iv) *no damages* (Dkt. 102 at 33-34 (Nos. 6-7); Dkt. 106 at 9-10 (Nos. 16, 21)); and (v) *no vicarious liability/respondeat superior* or *joint or several liability* (Dkt. 102 at 34-35 (Nos. 8-9)).

The sheer number of non-affirmative defenses asserted is striking: *sixteen* out of Defendants' combined *twenty-six* asserted affirmative defenses are not affirmative defenses at all.  Courts in this district do not hesitate to strike such "defenses" as nothing more than denials of

liability.  *See, e.g.*, *Rogers v. Blacksmith Brands, Inc.*, 2011 WL 6293764, at *8 (S.D.N.Y. Dec. 13, 2011) (striking defenses that are "mere denials of liability"); *Apex Oil Co. v. DiMauro*, 713 F. Supp. 587, 604 (S.D.N.Y. 1989) (same).

And while Defendants rely on *Orientview Techs. LLC v. Seven for All Mankind, LLC*, 2013 WL 4016302 (S.D.N.Y. Aug. 7, 2013) to argue that Jane Street would not suffer prejudice if these defenses are permitted, in *Orientview* the Court addressed whether one affirmative defense (out of eight) was redundant of another.  *Id.* at *3.  The Court found that there was no prejudice to maintaining the asserted affirmative defense because the plaintiff was "already obligated to defend itself against" the other affirmative defense anyway.  *Id.*

With this case on an expedited schedule, the parties are only benefitted by having transparency on which affirmative defenses are truly at play.  In addition, to the extent that Defendants have a good-faith basis to disagree as to whether a particular asserted affirmative defense is or is not a "real" one, Jane Street is entitled to be placed on notice of that position so that it may craft its discovery appropriately and make proper use of its limited number of interrogatories.  In these circumstances, the Court should strike the affirmative defenses that Defendants have conceded are not affirmative defenses.  *See e.g.* Dkt. 102 at 33-35; Dkt. 106 at 2-3, 6, and 8.

## <u>CONCLUSION</u>

Jane Street respectfully requests that the Court grant Jane Street's motion and strike the requested affirmative defenses with prejudice.

DATED:  June 19, 2024                 Respectfully submitted,

*/s/ Deborah K. Brown*
Alex Spiro
Deborah K. Brown
Todd Anten
Jeffrey C. Miller
Kaitlin P. Sheehan (*pro hac vice* pending)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
alexspiro@quinnemanuel.com
deborahbrown@quinnemanuel.com
toddanten@quinnemanuel.com
jeffreymiller@quinnemanuel.com
kaitlinsheehan@quinnemanuel.com

Greg Miraglia (*pro hac vice* pending)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
300 West 6th Street
Austin, Texas 78701
Telephone: (737) 667-6100
gregmiraglia@quinnemanuel.com

Jeff Nardinelli (*pro hac vice* pending)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
jeffnardinelli@quinnemanuel.com

*Attorneys for Plaintiff Jane Street Group, LLC*