IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE STREET GROUP, LLC,<br><br>        *Plaintiff*,<br><br>        v.<br><br>MILLENNIUM MANAGEMENT LLC, DOUGLAS SCHADEWALD, and DANIEL SPOTTISWOOD,<br><br>        *Defendants*. | Case No. 24-cv-02783<br>Hon. Paul A. Engelmayer |

**DEFENDANTS DOUGLAS SCHADEWALD AND DANIEL SPOTTISWOOD'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS**

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................1

ARGUMENT........................................................................................................................4

    I.       The Court should exercise declaratory jurisdiction and allow the counterclaims to proceed. ..........................................................................................4

    II.      The counterclaims are proper................................................................................9

           A.      Second Circuit precedent requires a party demanding contractual attorney's fees to do so in its pleadings. ....................................................10

           B.      The proper procedure for seeking fees under the DTSA is unclear...........11

CONCLUSION...................................................................................................................12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Admiral Ins. Co. v. Niagara Transformer Corp.*,
  57 F.4th 85 (2d Cir. 2023) ............................................................................................................ 4

*Andrew Corp. v. Van Doren Indus., Inc.*,
  No. CIV. A. 88-2414-O, 1990 WL 136779 (D. Kan. July 5, 1990) ........................................... 12

*Arista Records LLC v. Usenet.com, Inc.*,
  No. 1:07-cv-08822 (HB) (THK), 2008 WL 4974823 (S.D.N.Y. Nov. 24, 2008) ....................... 8

*Canon U.S.A., Inc. v. F&E Trading LLC*,
  No. 2:15-cv-6015 (DRH) (AYS), 2017 WL 4357339 (E.D.N.Y. Sep. 29, 2017) .................. 5, 6

*Cmty. Care Cos., Inc. v. Interim Healthcare, Inc.*,
  No. 19-cv-4870 (DRH) (SIL), 2021 WL 12102892 (E.D.N.Y. Jan. 19, 2021) .......................... 6

*Cumberland Farms, Inc. v. Lexico Enters., Inc.*,
  No. 10-cv-4658 (ADS) (AKT), 2012 WL 526716 (E.D.N.Y. Feb. 16, 2012) .......................... 10

*DD 11th Ave. LLC v. Travelers Prop. Casualty Co. of Am.*,
  No. 12 Civ. 3673 (CM), 2013 WL 12618565 (S.D.N.Y. Jan. 2, 2013) ...................................... 6

*Degussa Admixtures, Inc. v. Burnett*,
  277 F. App'x 530 (6th Cir. 2008) ................................................................................................ 6

*Dubov v. Lewis*,
  No. 18 Civ. 3854 (PAE), 2019 WL 1060652 (S.D.N.Y. Mar. 6, 2019) ..................................... 5

*Ellicott Mach. Corp. v. Wiley Mfg. Co.*,
  297 F. Supp. 1044 (D. Md. 1969) ............................................................................................. 12

*Exist, Inc. v. Vt. Country Store, Inc.*,
  No. 2:19-cv-00058, 2019 WL 5310476 (D. Vt. Oct. 21, 2019) ................................................. 5

*Ferring B.V. v. Fera Pharms., LLC*,
  No. cv 13-4640 (SJF) (AKT), 2014 WL 4829053 (E.D.N.Y. Aug. 13, 2014),
  *rep. & rec. adopted*, 2014 WL 4829458 (E.D.N.Y. Sept. 29, 2014), *adhered to on
  reconsideration*, 2015 WL 5307793 (E.D.N.Y. Sept. 10, 2015) ............................................... 5

*Frommer v. MoneyLion Techs. Inc.*,
  No. 23-cv-6339 (JMF), 2024 WL 2158589 (S.D.N.Y. May 14, 2024) ...................................... 6

*Greif, Inc. v. MacDonald*,
  No. C.A. 3:06cv-312-H, 2007 WL 679040 (W.D. Ky. Mar. 1, 2007) ..................................... 12

*Hanley v. Herrill Bowling Corp.*,
  No. 94 Civ. 4611 (RPP), 1996 WL 79324 (S.D.N.Y. Feb. 23, 1996) ..................................... 10

*Ibeto Petrochemical Indus., Ltd. V. M/T/ "Beffen"*,
  412 F. Supp. 2d 285 (S.D.N.Y. 2005), 475 F.3d 56 (2d Cir. 2007) ........................................... 8

*Janus et Cie v. Kahnke*,
  No. 12 Civ. 7201 (WHP), 2013 WL 5405543 (S.D.N.Y. Aug. 29, 2013) ................................ 7

*Laba v. JBO Worldwide Supply Pty. Ltd.*,
  No. 20-cv-3443 (AKH) (KHP), 2023 WL 4985290 (S.D.N.Y. July 19, 2023) ....................... 11

*Marvel Worldwide, Inc. v. Kirby*,
  756 F. Supp. 2d 461 (S.D.N.Y. 2010) ..................................................................................... 4

*McGuire v. Russell Miller, Inc.*,
  1 F.3d 1306, 1315  (2d Cir. 1993) ......................................................................................... 10

*Orientview Techs. LLC v. Seven For All Mankind, LLC*,
  No. 13 Civ. 0538 (PAE), 2013 WL 4016302 (S.D.N.Y. Aug. 7, 2013) ................................... 9

*Ruby Slipper Cafe, LLC v. Belou*,
  No. cv 18-1548, 2019 WL 1254897 (E.D. La. Mar. 19, 2019) .............................................. 11

*Terra Energy & Res. Techs., Inc. v. Terralinna Pty. Ltd.*,
  No. 12-cv-1337 (KNF), 2014 WL 5690416 (S.D.N.Y. Nov. 5, 2014) ................................... 11

*Town & Country Linen Corp. v. Ingenious Designs LLC*,
  No. 18-cv-5075 (LJL), 2020 WL 3472597 (S.D.N.Y. June 25, 2020) ..................................... 5

*Town of Poughkeepsie v. Espie*,
  221 F. App'x 61 (2d Cir. 2007) .............................................................................................. 10

*Worldwide Home Prods., Inc. v. Bed Bath and Beyond, Inc.*,
  No. 11 Civ. 03633 (LTS) (MHD), 2013 WL 247839 (S.D.N.Y. Jan. 22, 2013) .................... 5-6

*Wyndham Vacation Resorts, Inc. v. Wesley Fin. Grp.*, LLC,
  No. 3:12-cv-559, 2013 WL 785938 (M.D. Tenn. Feb. 28, 2013) ...................................... 11-12

**Federal Statutes & Rules**

18 U.S.C. § 1836 ............................................................................................................... *passim*

28 U.S.C. § 2201(a) ..................................................................................................................... 4

Federal Rule of Civil Procedure 41(a) ....................................................................................... 8

Federal Rule of Civil Procedure 54 ........................................................................ *passim*

**Other Authorities**

BLACK'S LAW DICTIONARY (11th ed. 2019) .................................................................... 9

Charles Alan Wright & Arthur R. Miller,
5 FEDERAL PRACTICE AND PROCEDURE § 1270 (4th ed.) ......................................................... 9

Trade Secret Management Judicial Guide § 6.11.3 ......................................................... 2

Defendants and Counterclaim-Plaintiffs Douglas Schadewald and Daniel Spottiswood respectfully request that the Court deny Plaintiff and Counterclaim-Defendant Jane Street Group, LLC's ("Jane Street") motion to dismiss defendants' counterclaims (Dkt. 93) and submit this brief in support.

## INTRODUCTION

Messrs. Schadewald and Spottiswood are former employees of Jane Street who left Jane Street in February 2024 to join Millennium Management LLC ("Millennium"). Counterclaim ¶¶ 2-3, 28.[1] In response to Schadewald and Spottiswood finding employment at another firm, Jane Street initiated this proceeding. *Id.* ¶ 4. Jane Street asserts that Schadewald and Spottiswood violated the federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, and breached their respective contracts with Jane Street, by misappropriating Jane Street's purported trade secrets and related confidential information. Am. Compl. ¶¶ 171-206. Jane Street originally sought injunctive relief as well as damages (*see* Dkt. 1 ¶¶ 15, 184, 192, 213, 227, 236, 246 & Prayer for Relief) but abandoned its demand for injunctive relief after the Court denied Jane Street's motion for a temporary restraining order and set a July hearing date on Jane Street's motion for a preliminary injunction on April 19, 2024 (Dkt. 32). *See* Counterclaim ¶¶ 7, 33.

Messrs. Schadewald and Spottiswood filed counterclaims against Jane Street on May 10, 2024, seeking declaratory relief and attorney's fees. The first counterclaim seeks a declaration that "Jane Street has brought its trade secret misappropriation claims in bad faith," such that

---

[1]  Throughout this brief, "Counterclaim" refers to Defendants Douglas Schadewald and Daniel Spottiswood's Answer, Affirmative Defenses, and Counterclaims filed on May 10, 2024 (Dkt. 74); "Am. Compl." refers to the Amended Complaint filed by Jane Street on April 26, 2024 (Dkt. 63); and "Mem." refers to Jane Street's Memorandum of Law in Support of its: (1) Motion to Dismiss Defendants' Counterclaims; and (2) Motion to Strike Certain of Defendants' Affirmative Defenses filed on May 31, 2024 (Dkt. 93).

1

"Schadewald and Spottiswood are entitled to an award of their reasonable attorney's fees incurred in defending against Jane Steet's baseless claims, as provided by 18 U.S.C. § 1836(b)(3)(D)." Counterclaim ¶ 39.[2] The second and third counterclaims seek declarations that Schadewald and Spottiswood are the "prevailing parties" "with respect to Jane Street's claims … in this action" such that they are "entitled to an award of all costs and expenses, including attorney's fees, incurred in connection with defending against Jane Street's baseless claims," as provided by their Confidentiality and Intellectual Property Agreements with Jane Street. *Id.* ¶¶ 45, 51.

Jane Street filed a motion to dismiss the counterclaims on May 31, 2024. Notably, Jane Street does not dispute that Schadewald and Spottiswood are entitled to attorney's fees if they prevail in this lawsuit. *See* Mem. 11 ("after the case is resolved, either party (if it is the 'prevailing party') may file a Rule 54(d) motion for fees"); *see also id.* at 15 (similar). Nor does Jane Street dispute that Schadewald and Spottiswood are entitled to take discovery to prove the allegations supporting the counterclaims. *See* Trade Secret Management Judicial Guide § 6.11.3 (discovery into a plaintiff's motives and bases for filing suit under the DTSA "is to be expected"). Rather, Jane Street argues that the Court should decline to exercise declaratory jurisdiction over the counterclaims because the counterclaims are "entirely redundant" of Jane Street's misappropriation and breach of contract claims, and even if they weren't, there is no independent cause of action for a demand for attorney's fees. Mem. 7-16. Jane Street's motion should be denied.

*First*, the counterclaims are not "entirely redundant" of Jane Street's claims because they seek relief above and beyond what is available to Schadewald and Spottiswood in defense of

---

[2] Under the DTSA, the Court may award the prevailing party attorney's fees "if a claim of misappropriation is made in bad faith, which may be established by circumstantial evidence." 18 U.S.C. § 1836(b)(3)(D).

2

Jane Street's claims. The Court should therefore exercise its declaratory jurisdiction and allow the counterclaims to proceed. *See* Point I, *infra*.

*Second*, the purpose of the counterclaims is to put Jane Street on notice that Schadewald and Spottiswood seek to recover their fees under the DTSA and the parties' contracts. Although some courts have held that a demand for attorney's fees must be made by post-judgment motion under Federal Rule of Civil Procedure 54(d), others have allowed a party to assert the demand as a counterclaim. Because the proper procedure for requesting fees in these circumstances is not settled, defendants respectfully submit that the Court should sustain the counterclaims to avoid any potential ambiguity. *See* Point II, *infra*.

At bottom, Schadewald and Spottiswood asserted their demand for attorney's fees by counterclaim so that Jane Street would be fully apprised of the grounds upon which defendants would seek to recover such fees. Jane Street has not identified any controlling caselaw that suggests that defendants are foreclosed from making a fee demand in a pleading. Nor has Jane Street provided *any explanation* for why it believes that seeking fees through counterclaims—as opposed to post-trial motion practice—is somehow prejudicial to Jane Street. Regardless of the outcome on the instant motion, Jane Street is now on full notice of the facts and legal theories that support defendants' entitlement to fees.

**ARGUMENT**

I. **The Court should exercise declaratory jurisdiction and allow the counterclaims to proceed.**

The Declaratory Judgment Act gives the Court broad discretion in determining whether to exercise jurisdiction over declaratory judgment claims. *See* 28 U.S.C. § 2201(a) (courts, "upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought"). The Court should exercise its declaratory jurisdiction in this case and allow the counterclaims to proceed.

The Second Circuit has articulated six "non-exhaustive" factors that "should inform a district court's exercise of such discretion":

> (1) "whether the [declaratory] judgment [sought] will serve a useful purpose in clarifying or settling the legal issues involved"; (2) "whether [such] a judgment would finalize the controversy and offer relief from uncertainty"; (3) "whether the proposed remedy is being used merely for procedural fencing or a race to res judicata"; (4) "whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court"; (5) "whether there is a better or more effective remedy"; and (6) whether concerns for "judicial efficiency" and "judicial economy" favor declining to exercise jurisdiction.

*Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 99-100 (2d Cir. 2023) (internal citations omitted). Jane Street focuses entirely on the first factor, arguing that the counterclaims "will not serve a useful purpose" in this litigation because they are "redundant" and the "mirror image" of Jane Street's claims. Mem. 8-10. Not so.

A declaratory judgment counterclaim is not redundant if it "asserts an independent case or controversy that survives the dismissal of the plaintiff's claim." *Marvel Worldwide, Inc. v. Kirby*, 756 F. Supp. 2d 461, 467 (S.D.N.Y. 2010). Likewise, a declaratory judgment counterclaim is not

4

simply the "mirror image" of an affirmative claim where additional relief is sought. *See Town & Country Linen Corp. v. Ingenious Designs LLC*, No. 18-cv-5075 (LJL), 2020 WL 3472597, at *14 (S.D.N.Y. June 25, 2020) (non-infringement and no trade secret or idea misappropriation counterclaims not "improperly redundant" of infringement and trade secret and idea misappropriation claims where counterclaims "would remain viable after dismissal of the Plaintiffs' claims"); *Ferring B.V. v. Fera Pharms., LLC*, No. cv 13-4640 (SJF) (AKT), 2014 WL 4829053, at *6 (E.D.N.Y. Aug. 13, 2014) (trademark invalidity counterclaim not redundant of trademark infringement claim), *rep. & rec. adopted*, 2014 WL 4829458 (E.D.N.Y. Sept. 29, 2014), *adhered to on reconsideration*, 2015 WL 5307793 (E.D.N.Y. Sept. 10, 2015); *see also Exist, Inc. v. Vt. Country Store, Inc.*, No. 2:19-cv-00058, 2019 WL 5310476, at *5 (D. Vt. Oct. 21, 2019) (denying motion to dismiss declaratory counterclaim on "mirror image" grounds because defendant was also seeking injunctive relief, damages, and attorney's fees). Rather, mirror image declaratory counterclaims are "generally the exact opposite of the original claim <u>with no added nuances</u>." *Canon U.S.A., Inc. v. F&E Trading LLC*, No. 2:15-cv-6015 (DRH) (AYS), 2017 WL 4357339, at *10 (E.D.N.Y. Sep. 29, 2017) (emphasis added).

The decisions Jane Street cites are consistent with this legal framework. For example, in *Dubov v. Lewis*, No. 18 Civ. 3854 (PAE), 2019 WL 1060652, at *3 (S.D.N.Y. Mar. 6, 2019) (cited at Mem. 9-10), the defendants sought a declaratory judgment that they did not breach any agreement with the plaintiff and were not obligated to make payment to the plaintiff. This Court dismissed the counterclaim as the "mirror image" of the plaintiff's breach of contract claim, in which the plaintiff sought payment from the defendants, because the counterclaim "is not addressed to a discrete issue relating to any party's rights or responsibilities that has the potential to go unaddressed." *Id.* And in *Worldwide Home Prods., Inc. v. Bed Bath and Beyond, Inc.*, No. 11

5

Civ. 03633 (LTS) (MHD), 2013 WL 247839, at *3 (S.D.N.Y. Jan. 22, 2013) (cited at Mem. 9), the defendants sought a declaratory judgment of non-infringement and patent invalidity. The court dismissed the non-infringement counterclaim as the "mirror image" of the plaintiff's infringement claim, but allowed the invalidity counterclaim to proceed on the basis that a claim of patent invalidity is "legally and factually distinct from infringement." *Id.*[3]

The counterclaims in this action are not "the exact opposite" of Jane Street's claims "with no added nuances." *Canon*, 2017 WL 4357339, at *10. The counterclaim based on the DTSA does not simply seek a declaration of no trade secret misappropriation. Rather, the counterclaim seeks a declaration that *Jane Street brought its trade secret misappropriation claims in bad faith*, including to prevent fair competition in the markets in which Jane Street trades, to interfere with Schadewald's and Spottiswood's employment with Millennium, and to chill current employees' prospective ability to obtain employment with competitors. *See* Counterclaim ¶¶ 8, 29, 34-39; *see also Degussa Admixtures, Inc. v. Burnett*, 277 F. App'x 530, 535-36 (6th Cir. 2008) ("Filing a trade-secret action to restrain legitimate competition and job mobility, needless to say, is not proper"; noting that plaintiff had improperly sought to "convert [the defendant's] confidentiality agreement into a non-compete agreement").

---

[3] The other decisions that Jane Street cites (at Mem. 8-10) are inapposite because they involve redundant claims filed by the *same party in the same pleading*. *See Frommer v. MoneyLion Techs. Inc.*, No. 23-cv-6339 (JMF), 2024 WL 2158589, at *11 (S.D.N.Y. May 14, 2024) (defendants' counterclaims for declaratory judgment, conversion, and unjust enrichment were duplicative of defendants' other counterclaims for fraud and misrepresentation); *DD 11th Ave. LLC v. Travelers Prop. Casualty Co. of Am.*, No. 12 Civ. 3673 (CM), 2013 WL 12618565, at *3 (S.D.N.Y. Jan. 2, 2013) (plaintiff's declaratory judgment claim was duplicative of plaintiff's breach of contract claim); *Cmty. Care Cos., Inc. v. Interim Healthcare, Inc.*, No. 19-cv-4870 (DRH) (SIL), 2021 WL 12102892, at *14 (E.D.N.Y. Jan. 19, 2021) (plaintiff's declaratory judgment claim would be resolved by plaintiff's other claims).

In support of this counterclaim, Schadewald and Spottiswood have alleged, among other things, that Jane Street brought its misappropriation claim without evidence that Schadewald and Spottiswood actually misappropriated any of Jane Street's purported trade secrets and described the alleged trade secrets in terms that would prevent Schadewald and Spottiswood from almost any trading in options on exchanges in India. Counterclaim ¶¶ 30, 32; *see Janus et Cie v. Kahnke*, No. 12 Civ. 7201 (WHP), 2013 WL 5405543, at *2 (S.D.N.Y. Aug. 29, 2013) (explaining that courts have "resorted" to the inevitable disclosure of trade secrets doctrine "only in instances where there is evidence of the actual misappropriation of trade secrets, or where the plaintiff asserts a claim for breach of a non-compete agreement"); 18 U.S.C. § 1836(b)(3)(A)(i)(I) (injunctions imposing conditions on employment under the DTSA cannot be based "merely on the information the person knows"). Accordingly, the counterclaim based on the DTSA puts Jane Street's motives and bases for filing suit directly at issue, and the counterclaim's supporting factual allegations give Jane Street fair notice of the grounds upon which the counterclaim is based.

Likewise, the counterclaims based on the parties' contracts are not the exact opposite of Jane Street's breach of contract claims because the counterclaims do not just seek a declaration of no breach of contract. The counterclaims seek a declaration that Schadewald and Spottiswood are entitled to recover their fees from Jane Street including because they were the prevailing parties with respect to all injunctive relief Jane Street sought when it initiated this proceeding. *See* Counterclaim ¶¶ 6, 7, 9, 20, 22, 31, 33, 40-51. Schadewald's contract with Jane Street, for example, provides that a prevailing party is entitled to recover fees and expenses "in any action brought pursuant to this Section 8," concerning actions for injunctive relief. *Id.* ¶ 20; *see also id.* ¶ 22. Thus, at a minimum, Schadewald and Spottiswood assert that they are entitled to their fees relating

to Jane Street's failed temporary restraining order application, regardless of the outcome on the merits of Jane Street's remaining claims for damages.

The counterclaims here raise multiple issues, some of which might be addressed by a ruling on Jane Street's complaint, and some of which may not. For example, the counterclaim based on the DTSA may not be resolved simply by defeating Jane Street's misappropriation claim because defendants must establish that Jane Street brought its misappropriation claim in bad faith to be entitled to attorney's fees under the DTSA. *See* 18 U.S.C. § 1836(b)(3)(D) (party can establish bad faith misappropriation claim with "circumstantial evidence"). Moreover, the counterclaims ensure that defendants can prosecute their demand for attorney's fees even if Jane Street seeks to withdraw those claims (as it did with its demand for injunctive relief, *see* Counterclaim ¶¶ 7, 33). *See Ibeto Petrochemical Indus., Ltd. V. M/T "Beffen"*, 412 F. Supp. 2d 285, 290 (S.D.N.Y. 2005) (denying motion for voluntary dismissal; observing that "[t]he presence of [defendants'] counter-claims weighs against granting plaintiff's motion to dismiss" and reasoning that the counterclaims would continue to stand if the action were dismissed), *aff'd in part, modified in part*, 475 F.3d 56 (2d Cir. 2007); *see also* Fed. R. Civ. P. 41(a)(2) ("If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.").[4]

---

[4] The court in *Arista Records LLC v. Usenet.com, Inc.*, No. 1:07-cv-08822 (HB) (THK), 2008 WL 4974823, at *5 (S.D.N.Y. Nov. 24, 2008) (cited at Mem. 11-12) rejected an argument that a counterclaim was necessary to protect against a plaintiff's dismissal without prejudice. But the counterclaims in *Arista*, unlike the ones at issue here, were not distinguishable from the plaintiff's claims because the defendant had not "made any independent factual allegations." *Id.* at *4. Furthermore, unlike in *Arista*, there is a threat of "future litigation" here because if Jane Street is permitted to dismiss its DTSA claim without prejudice, it could then seek to remand the action to state court. Given the Court's and the parties' significant investment of resources in this action to date—and given Jane Street's history of delay in this action—defendants' counterclaims are necessary to protect defendants' interest in swift resolution of this dispute.

Because it is not possible to determine at this stage whether the counterclaims will be rendered moot by the disposition of the main action, the Court should allow the counterclaims to proceed.[5]

## II.     The counterclaims are proper.

Jane Street also argues that the counterclaims should be dismissed because there is no independent cause of action for a demand for attorney's fees. Mem. 11-16. Jane Street argues that demands for attorney's fees must instead be made by post-judgment motion under Federal Rule of Civil Procedure 54(d). *Id.* In making this argument, however, Jane Street ignores relevant caselaw suggesting that a party waives its right to demand attorney's fees if it makes its fee demand too late. To avoid any possibility of waiver here, Schadewald and Spottiswood asserted their entitlement to attorney's fees at the earliest possible stage—in their pleadings.

---

[5]     Jane Street also argues that the counterclaims are duplicative of defendants' own affirmative defenses, including their defense that "Jane Street is prosecuting its claims in bad faith." Mem. 11; *see* Dkt. 106 at 7-8. This argument is incorrect. An affirmative defense is a means to defeat an otherwise *meritorious* claim. *See Affirmative Defense*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("A defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true."); Charles Alan Wright & Arthur R. Miller, 5 FEDERAL PRACTICE AND PROCEDURE § 1270 (4th ed.) ("An affirmative defense will defeat the plaintiff's claim if it is accepted by the district court or the jury."). The counterclaims here, by contrast, assert that Schadewald and Spottiswood are entitled to fees because Jane Street brought an *unmeritorious* claim in bad faith. *See* Counterclaim ¶ 37 ("Jane Street's claims of misappropriation against Schadewald and Spottiswood are *meritless*…." (emphasis added)); *id.* ¶¶ 45, 51 (demanding fees "incurred in connection with defending against Jane Street's *baseless claims*" (emphasis added)). Thus, the counterclaims are not duplicative of the affirmative defenses. But even if they were, they should still remain in the case because there is no risk of prejudice to Jane Street in letting the counterclaims stand. *See Orientview Techs. LLC v. Seven For All Mankind, LLC*, No. 13 Civ. 0538 (PAE), 2013 WL 4016302, at *3 (S.D.N.Y. Aug. 7, 2013) ("To the extent that [the plaintiff] argues that the defense is redundant, its retention poses no risk of prejudice to [the plaintiff], which is already obligated to defend itself against the First Affirmative Defense and the Non-Infringement Counterclaim.").

9

### A. Second Circuit precedent requires a party demanding contractual attorney's fees to do so in its pleadings.

"The plain text of Rule 54(d) and the Advisory Committee Notes to the 1993 Amendments clearly indicate that the recovery of [contractual] attorney's fees … must be submitted to the jury as an element of damages in a counterclaim [and] cannot be awarded merely on the basis of the adjudication of a post-judgment motion." *Town of Poughkeepsie v. Espie*, 221 F. App'x 61, 62 (2d Cir. 2007) (summary order); *see also McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1315 (2d Cir. 1993) ("counterclaim for attorneys' fees was a claim for a contractual 'legal right,' and plaintiff had the right to have a jury decide whether defendants should recover attorneys' fees under the agreement").[6] In *Espie*, the lower court denied the defendants' request for fees under the parties' closing agreement of a property sale brought under Rule 54(d) after judgment. The Second Circuit held that "[b]ecause the district court properly identified that the [defendants'] only ground for the recovery of attorney's fees was contractual, it was not error to deny this application as inconsistent with the provisions of Rule 54(d)." 221 F. App'x at 62; *see also Hanley v. Herrill Bowling Corp.*, No. 94 Civ. 4611 (RPP), 1996 WL 79324, at *2 (S.D.N.Y. Feb. 23, 1996) ("Thus, attorney's fees were recoverable pursuant to 'the terms of a contract' to which Rule 54(d)(2)(B) does not apply."); *Cumberland Farms, Inc. v. Lexico Enters., Inc.*, No. 10-cv-4658 (ADS) (AKT), 2012 WL 526716, at *10 (E.D.N.Y. Feb. 16, 2012) (Rule 54(d) is inapplicable where "recovery of attorney's fees and costs would be contractual and thus can only be recovered as an element of damages to be proved at trial").

---

[6] The advisory committee notes to Rule 54 provide that Rule 54(d)(2) does not apply "to fees recoverable as an element of damages, as when sought under the terms of a contract; such damages typically are to be claimed in a pleading and may involve issues to be resolved by a jury."

10

Jane Street ignores this case law entirely and suggests that the rule is different where the demand for attorney's fees is made under a "prevailing party" contractual fee-shifting provision. *See* Mem. 15-16. But neither of Jane Street's cases indicate that a demand for attorney's fees under a prevailing party contractual fee-shifting provision cannot be asserted in a pleading. *See Terra Energy & Res. Techs., Inc. v. Terralinna Pty. Ltd.*, No. 12-cv-1337 (KNF), 2014 WL 5690416, at *3 (S.D.N.Y. Nov. 5, 2014) (cited at Mem. 15) (allowing a defendant to request prevailing party contractual attorney's fees under Rule 54(d) without discussing the propriety of a counterclaim for such fees); *Laba v. JBO Worldwide Supply Pty. Ltd.*, No. 20-cv-3443 (AKH) (KHP), 2023 WL 4985290, at *6 (S.D.N.Y. July 19, 2023) (cited at Mem. 15-16) (holding that Rule 54 does not provide a basis for awarding fees where the defendant had not "raise[d] a statutory or contractual basis for an entitlement to attorneys' fees"). Jane Street therefore offers no support for its assertion that there is no "cause of action" for attorney's fees under the parties' contracts.

### B. The proper procedure for seeking fees under the DTSA is unclear.

Federal district courts have taken inconsistent approaches to the question of what procedure a party should follow to establish their entitlement to attorney's fees under the DTSA, and the Second Circuit has not weighed in on the issue. Jane Street is correct that many courts have held that a party seeking to recover attorney's fees under the DTSA must do so by filing a post-judgment motion under Federal Rule of Civil Procedure 54(d). *See* Mem. 12-14 (citing cases). However, other courts have sustained counterclaims seeking a declaration that a party brought a trade secret misappropriation claim in bad faith. *See Ruby Slipper Cafe, LLC v. Belou*, No. cv 18-1548, 2019 WL 1254897, at *13 (E.D. La. Mar. 19, 2019) (permitting counterclaim for attorney's fees under DTSA and state law statute to proceed in light of the lack of "any dispositive jurisprudence on the issue"); *see also Wyndham Vacation Resorts, Inc. v. Wesley Fin. Grp., LLC*, No. 3:12-cv-559, 2013 WL 785938, at *12 (M.D. Tenn. Feb. 28, 2013) (refusing to dismiss a counterclaim for

11

attorney's fees brought under Tennessee's Uniform Trade Secrets Act, but stating that the court would hold that claim in abeyance until the merits of the misappropriation claim had been decided); *Greif, Inc. v. MacDonald*, No. C.A. 3:06cv-312-H, 2007 WL 679040, at *4 (W.D. Ky. Mar. 1, 2007) (same; finding that "[t]here is some precedent in other jurisdictions for attorney's fees as a counterclaim under the Uniform Trade Secrets Act").[7]

In light of the varying approaches that courts have taken, Schadewald and Spottiswood asserted their entitlement to fees by counterclaim to avoid any argument that they waived their right to fees or otherwise prejudiced Jane Street by demanding fees too late. Jane Street suffers no prejudice from being put on notice at this early stage that defendants will request discovery into and seek to establish facts showing that Jane Street brought its misappropriation claim in bad faith. *See* 18 U.S.C. § 1836(b)(3)(D) (a bad faith misappropriation claim may be "established by circumstantial evidence").

## CONCLUSION

For these reasons, the Court should deny Jane Street's motion to dismiss defendants' counterclaims (Dkt. 93). However, if the Court determines that Schadewald and Spottiswood should seek their attorney's fees by motion rather than as separate causes of action, then Schadewald and Spottiswood respectfully request that any dismissal of their counterclaims be without prejudice to their right to move for attorney's fees by appropriate motion as soon as the Court will permit.

---

[7] *Accord Andrew Corp. v. Van Doren Indus., Inc.*, No. CIV. A. 88-2414-O, 1990 WL 136779, at *5 (D. Kan. July 5, 1990) (deciding attorney's fees counterclaim under Kansas trade secrets statute on summary judgment); *Ellicott Mach. Corp. v. Wiley Mfg. Co.*, 297 F. Supp. 1044, 1055-56 (D. Md. 1969) (allowing attorney's fees counterclaim under Uniform Trade Secrets Act to go to trial, ultimately denying relief due to the doctrine of unclean hands).

Dated: June 21, 2024
        New York, New York

**ELSBERG BAKER & MARURI PLLC**

By:   <u>*/s/ Rollo C. Baker*</u>
      Rollo C. Baker
      David Elsberg
      Vivek Tata
      Brian Campbell
      Alexandra Sadinsky
      Kateryna Shokalo

*Counsel for Defendants Douglas Schadewald and Daniel Spottiswood*