**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7116**

WRITER'S EMAIL ADDRESS
**deborahbrown@quinnemanuel.com**

June 25, 2024

**VIA ECF**
Hon. Paul A. Engelmayer
United States District Court, Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re: **Sealing Motion for Defendant's Amended Answer and Counterclaims,** ***Jane Street Group, LLC v. Millennium Management LLC*, No. 1:24-cv-02783**

Dear Judge Engelmayer:

We write on behalf of Plaintiff Jane Street Group, LLC ("Jane Street") in relation to a sealing letter from Defendant Millennium (Dkt. 121, Ordered at Dkt. 123).

Jane Street requests that certain information containing Jane Street's proprietary, trade secret, and competitively sensitive information be sealed and redacted from the public docket. The narrow set of redactions Jane Street seeks are limited to particular words, phrases, and portions of sentences that fall within the type of information that courts in the Second Circuit allow to be redacted from the public record. *See, e.g., In re. Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1225-26 (Fed. Cir. 2013) (district court abused its discretion by denying request to seal confidential financial information). Jane Street's proposed limited redactions provide the public with ample information to understand the dispute. *See, e.g., Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018) (permitting proposed redactions where a "member of the public reviewing the parties' redacted submissions … would have information sufficient to understand the parties' arguments and the Court's adjudication").

Jane Street has a serious and valid competitively sensitive interest in redacting and protecting its trade secrets and confidential information, including any "catnip" that could lead to interested parties deciphering those secrets. (4/19/24 Tr. at 22:12-23:9.) The importance of keeping Jane Street's proprietary and confidential information under seal cannot be overstated—this case has garnered significant media and industry attention, with media outlets reporting about the finance industry's attempts to discover Jane Street's proprietary trading strategies through the publicly available information in the pleadings. *See, e.g.*, Robin Wigglesworth, "Jane Street is

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

big. Like, really, really big," Financial Times, April 29, 2024. (referencing "the now-legendary **Indian options** trade *that half of Wall Street is trying to unearth*.").

The filings at issue are discussed below.

> 1. DEFENDANT MILLENNIUM MANAGEMENT LLC'S AMENDED COUNTERCLAIMS AND AMENDED ANSWER TO JANE STREET GROUP, LLC'S COMPLAINT (Dkt. 122)
> (sealing letter, Dkt. 121, Ordered at Dkt. 123)

**Request:** Jane Street requests that the Court approve the redactions proposed in highlighting at Exhibit 1 to this letter.

The proposed redactions are consistent with the redactions applied to Defendant's original Counterclaims and Answer on May 14, 2024. Dkt. 84; *see also* Dkts. 71, 75, 85 (letters and order regarding sealing of Millennium's original Counterclaims and Answer). Similar redactions were applied to Defendant's Amended Answer and Counterclaims, filed June 10, 2024. Dkt. 104. The redacted information relates to:

| Type of information | Dkt. 103, Millennium Amended Answer |
|---|---|
| Information relating to or tending to reveal elements of Jane Street's trade secret trading strategies, including Jane Street's proprietary research used to develop those strategies | Answer, ¶ 44<br><br>Sixth Affirmative Defense, page 35<br><br>Counterclaim ¶¶ 26, 52, 53<br><br>Exhibit A, at 3 |

\* \* \*

Jane Street respectfully requests that this Court approve the redactions identified above, and seal the unredacted versions. Jane Street further respectfully requests that, should the Court determine that Jane Street's redactions are unduly excessive, that Jane Street be given further opportunity to account for any of the Court's concerns.

Respectfully submitted,

*/s/ Deborah K. Brown*
Deborah K. Brown

*Attorney for Plaintiff Jane Street Group, LLC*

cc:   All Counsel of Record (by ECF)