**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANE STREET GROUP, LLC, | |
| *Plaintiff*, | |
| *v.* | Case No. 24-cv-02783 |
| MILLENNIUM MANAGEMENT LLC, DOUGLAS SCHADEWALD, and DANIEL SPOTTISWOOD, | Hon. Paul A. Engelmayer |
| *Defendants.* | |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION TO STRIKE CERTAIN OF DEFENDANTS' AMENDED AFFIRMATIVE
DEFENSES**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................1

BACKGROUND ..............................................................................................................2

LEGAL STANDARD ......................................................................................................3

ARGUMENT ....................................................................................................................4

    I.    **The Court Should Not Strike Defendants' Waiver, Estoppel, Unclean Hands, or Unenforceability Defenses.** ................................................4

        A.    **Defendants' Unclean Hands Defenses Are Legally Sufficient.** .............4

        B.    **Defendants Adequately Plead Waiver and Estoppel** .............................9

        C.    **The Court Should Not Strike Schadewald's and Spottiswood's Reserved Defenses.** ....................................................................................13

    II.    **The Court Should Not Strike Affirmative Defenses Denying Liability** ..........13

        A.    **Defendants' Denial of Liability Defenses Are Not Prejudicial.** ...........13

        B.    **Schadewald and Spottiswood Sufficiently Plead Contractual Unenforceability as an Affirmative Defense.** ........................................16

    III.    **If the Court Strikes Any Affirmative Defenses, It Should Do So Without Prejudice** ...............................................................................................17

CONCLUSION .................................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*A1 Garage Door Serv., L.L.C. v. West*,
   C.A. No. 21-CV-01821-PAB-NRN, 2022 WL 952874 (D. Colo. Mar. 30, 2022) .................. 15

*Abdou v. Walker*,
   No. 19-civ-1824-PAE, 2022 WL 3334700 (S.D.N.Y. Aug. 12, 2022) ............................ passim

*adidas Am., Inc. v. Thom Browne, Inc.*,
   629 F. Supp. 3d 213 (S.D.N.Y. 2022)................................................................. 15, 16

*Agress v. Clarkstown Cent. Sch. Dist.*,
   69 A.D.3d 769 (N.Y. App. Div. 2010) ...................................................................... 11

*Am. Home Energy Inc. v. AEC Yield Cap. LLC*,
   No. 21-civ-1337, 2022 WL 595186 (E.D.N.Y. Feb. 28, 2022) ........................................... 7, 17

*Anderson News, L.L.C. v. Am. Media, Inc.*,
   No. 09-civ-2227-PAC, 2013 WL 1746062 (S.D.N.Y. 1976)...................................................... 3

*Apex Oil Co. v. DiMauro*,
   713 F. Supp. 587 (S.D.N.Y. 1989)................................................................................. 14

*Arista Records, LLC v. Doe 3*,
   604 F.3d 110 (2d Cir. 2010).......................................................................................... 8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................ 3

*Case v. Clivilles*,
   216 F. Supp. 3d 367 (S.D.N.Y. 2016)........................................................................ 17

*City of New York v. Fedex Ground Package Sys. Inc.*,
   314 F.R.D. 348 (S.D.N.Y. 2016) ............................................................................. 10

*Coach Inc. v. Kmart Corps.*,
   756 F. Supp. 2d 421 (S.D.N.Y. 2010)................................................................... passim

*Denson v. Donald J. Trump for President, Inc.*,
   530 F. Supp. 3d 412 (S.D.N.Y. 2021)....................................................................... 16

*E.F.S. Ventures Corp. v. Foster*,
   71 N.Y.2d 359 (1988) ............................................................................................. 11

*Fundamental Portfolio Advisors, Inc. v. Tocqueville Asset Mgmt., L.P.*,
    850 N.E.2d 653 (N.Y. 2006)............................................................................... 10, 11

*Genger v. Genger*,
    76 F. Supp. 3d 488 (S.D.N.Y. 2015)............................................................................. 5

*GEOMC Co. v. Calmare Therapeutics Inc.*,
    918 F.3d 92 (2d Cir. 2019) .................................................................................. passim

*Inter-Am. Dev. Bank v. IIG Trade Opportunities Fund N.V.*,
    No. 16-civ-9782-PAE, 2017 WL 6025350 (S.D.N.Y. Dec. 4, 2017) ...................................... 14

*Jablonski v. Special Counsel, Inc.*,
    No. 16-civ-5243-ALC, 2020 WL 1444933 (S.D.N.Y. Mar. 25, 2020)...................................... 8

*Keystone Driller Co. v. Gen. Excavator Co.*,
    290 U.S. 240 (1933) ........................................................................................... 6

*Kochan v. Kowalski*,
    478 F. Supp. 3d 440 (W.D.N.Y. 2020)....................................................................... 13

*Lefkowitz v. McGraw-Hill Glob. Educ. Holdings, LLC*,
    23 F. Supp. 3d 344 (S.D.N.Y. 2014).......................................................................... 8

*loanDepot.com, LLC v. CrossCountry Mortgage, LLC*,
    No. 22-civ-5971-LGS, 2023 WL 3884032 (S.D.N.Y. June 8, 2023) ...................................... 7

*Microsoft Corp v. Hon Hai Precision Indus. Co.*,
    Case No. 19-civ-01279-LHK, 2020 WL 5128629 (N.D. Cal. Aug 31, 2020)......................... 17

*Murray v. Town of N. Hempstead*,
    853 F. Supp. 2d 247 (E.D.N.Y. 2012)....................................................................... 9

*Nassau Operating Co., LLC v. DeSimone*,
    206 A.D.3d 920(N.Y. App. Div. 2022) .................................................................... 16

*Nassau Tr. Co. v. Montrose Concrete Prod. Corp.*,
    56 N.Y.2d 175 (1982) ..................................................................................... 9, 11

*Orientview Techs. LLC v. Seven For All Mankind, LLC*,
    No. 13-civ-0538-PAE, 2013 WL 4016302 (S.D.N.Y. Aug. 7, 2013) ............................ 3, 14, 15

*Paul Rudolph Found. v. Paul Rudolph Heritage Found.*,
    2022 WL 4109723 (S.D.N.Y. Sept. 8, 2022)............................................................... 18

*Perfect Pearl Co. v. Majestic Pearl & Ston, Inc.*,
    887 F. Supp. 2d 519 (S.D.N.Y. 2012)..................................................................... 6, 7

*Phillips v. Am. Int'l. Grp., Inc.*,
    498 F.Supp.2d 690 (S.D.N.Y. 2007) .......................................................................... 17

*Rogers v. Blacksmith Brands*, Inc.,
    2011 WL 6293764 (S.D.N.Y. Dec. 13, 2011) ........................................................... 14

*Town & Country Linen Corp. v. Ingenious Designs LLC*,
    No. 18-civ-5075-LJL, 2020 WL 3472597 (S.D.N.Y. June 25, 2020) ........................... 4, 14, 16

*TufAmerica, Inc. v. Codigo Music LLC*,
    162 F. Supp. 3d 295 (S.D.N.Y. 2016) ..................................................................... 4, 7

*Zicklin v. Breuer*,
    534 F. Supp. 745 (S.D.N.Y. 1982) ......................................................................... 17

## <u>Statutes</u>

18 U.S.C. § 1836 ................................................................................................................ 2

Defendants and Counterclaim-Plaintiffs Douglas Schadewald, Daniel Spottiswood (with Schadewald, the "Individual Defendants"), and Millennium Management, LLC ("Millennium," and with Individual Defendants, the "Defendants") respectfully request that the Court deny Plaintiff and Counterclaim-Defendant Jane Street Group, LLC's ("Jane Street") Motion to Strike Certain of Defendants' Amended Affirmative Defenses (Dkt. 119) and submit this brief in support.

## **INTRODUCTION**

Jane Street's motion is a distraction brought in the name of "efficiency" that serves only to burden the parties and the Court when the focus should be on executing discovery. The motion does not clear the high bar required for "disfavored" motions to strike affirmative defenses. Defendants more than meet the relaxed plausibility standard that applies here. Nor can Jane Street identify any prejudice from litigating affirmative defenses at this early stage in the litigation. Defendants' affirmative defenses identify a multitude of problems with Jane Street's case and put at issue Jane Street's conduct that vitiates its claims: Jane Street's unclean hands in causing its purported losses (and disingenuously citing those purported losses as evidence of misappropriation) and its true (and bad faith) motivation for bringing this suit; the waiver and estoppel of any right to enforce any implied agreement not to compete; and the unenforceability of the agreements Jane Street claims were breached.

Jane Street's motion is part of an unfortunate pattern: after bringing this baseless lawsuit with much fanfare (and, on information and belief, alongside an aggressive PR strategy) to prevent the Individual Defendants from working for Millennium, a competitor, Jane Street now wants to shield itself from scrutiny. Jane Street dropped its demand for expedited proceedings when Defendants pressed for an early trial; Jane Street sought to avoid disclosing the purported trade secrets at issue to the Individual Defendants (an effort which this Court rejected, *see* Dkt. 86); and

Jane Street now seeks dismissal of affirmative defenses because they put at issue Jane Street's own conduct in relation to this litigation and the facts underlying its claims.

The Court should deny Jane Street's wasteful motion.

## BACKGROUND

The Individual Defendants are former employees of Jane Street who left Jane Street in February 2024 to join Millennium.  Ind. Def. Answer ¶¶ 2-3, 28.[1]  Jane Street initiated this proceeding against the Individual Defendants and Millennium, asserting seven claims, including claims for violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836, and breach of contract. Am. Compl. ¶¶ 171–206.  Jane Street originally sought injunctive relief as well as damages (*see* Dkt. 1 ¶¶ 15, 184, 192, 213, 227, 236, 246 & Prayer for Relief) and expedited proceedings, but abandoned its demand for injunctive relief and expedited proceedings after the Court denied Jane Street's Motion for a Temporary Restraining Order on April 19, 2024.  *See* Order, Dkt. 32; Ind. Def. Answer ¶¶ 7, 33.

On May 10, 2024, Defendants answered the allegations in Jane Street's complaint and asserted counterclaims and affirmative defenses against Jane Street.  *See generally* Ind. Def. Answer, Dkt. 74; Millennium's Answer, Dkt. 72.  Jane Street filed a Motion to Dismiss Defendants' counterclaims and to strike certain affirmative defenses on May 31, 2024.  *See* Dkt. 92. On June 10, with leave of Court, Defendants filed Amended Affirmative Defenses, dispensing

---

[1] Throughout this brief, "Ind. Defs.' Answer" refers to the Individual Defendants' Answer, Affirmative Defenses, and Counterclaims filed on May 10, 2024 (Dkt. 74); "Am. Compl." refers to the Amended Complaint filed by Jane Street on April 26, 2024 (Dkt. 63); "Millennium Am. Aff. Def." refers to Millennium's Amended Answer with Amended Affirmative Defenses filed on June 10, 2024 (Dkt. 104); "Ind. Defs.' Am. Aff. Def." refers to Schadewald and Spottiswood's Amended Affirmative Defenses filed on June 10, 2024 (Dkt. 106); "Mem." refers to Jane Street's Memorandum of Law in Support of its Motion to Strike Certain of Defendants' Amended Affirmative Defenses (Dkt. 119).

with certain affirmative defenses and supplementing with additional factual allegations as to others. *See* Dkts. 95, 104, 106. On June 19, 2024, Jane Street again moved to strike certain[2] of Defendants' affirmative defenses. Dkt. 119.

## LEGAL STANDARD

Motions to strike affirmative defenses "are generally 'disfavored and granted only if there is strong reason to do so.'" *Abdou v. Walker*, No. 19-civ-1824-PAE, 2022 WL 3334700, at *2 (S.D.N.Y. Aug. 12, 2022) (Engelmayer, J.) (citation omitted) (quoting *Anderson News, L.L.C. v. Am. Media, Inc.,* No. 09-civ-2227-PAC, 2013 WL 1746062, at *3 (S.D.N.Y. 1976)); *see also Orientview Techs. LLC v. Seven For All Mankind, LLC*, No. 13-civ-0538-PAE, 2013 WL 4016302, at *3 (S.D.N.Y. Aug. 7, 2013) (Engelmayer, J.) (noting that, "[i]n general, motions to strike are not viewed favorably" (internal quotation marks and citation omitted)).

Federal courts have "discretion in deciding whether to grant motions to strike." *Abdou*, 2022 WL 3334700, at *2 (citation omitted). To successfully strike an affirmative defense, a plaintiff must show that "(1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense." *Abdou*, 2022 WL 3334700, at *5 (quoting *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 96 (2d Cir. 2019)). The first prong is governed by a "relaxed" version of the familiar "plausibility" pleading standard. *GEOMC Co.*, 918 F.3d at 98. Thus, an affirmative defense is sufficient if it pleads facts giving rise to a "reasonable inference" that the defense applies. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). But

---

[2] Jane Street does not address Defendants' affirmative defenses for bad faith and improper purpose (Individual Defendants' Aff. Def. No. 10, Millennium's Aff. Def. No. 4), duplicativeness of Jane Street's unjust enrichment claim (Individual Defendants' Aff. Def. No. 11), and failure to mitigate damages (Individual Defendants' Aff. Def. No. 17, Millennium's Aff. Def. No. 6); any arguments by Jane Street regarding these defenses are thus waived.

"context" matters when pleading. *GEOMC Co.*, 918 F.3d at 98. In the context of affirmative defenses, the Second Circuit has instructed courts to consider the shorter amount of time that defendants, as compared to plaintiffs, have to develop their allegations. *See id.* It is also often the case that the "facts needed to plead [a] defense … may not be readily known to the defendant, a circumstance warranting a relaxed application of the plausibility standard." *Id.* "A factually sufficient and legally valid defense should always be allowed if timely filed even if it will prejudice the plaintiff by expanding the scope of the litigation. A defendant with such a defense is entitled to a full opportunity to assert it and have it adjudicated before a plaintiff may impose liability." *Id.* And where an affirmative defense could have been pleaded as a simple denial of liability and does not expand the scope of discovery, the defense should not be stricken. *See, e.g.*, *Town & Country Linen Corp. v. Ingenious Designs LLC*, No. 18-civ-5075-LJL, 2020 WL 3472597, at *11 (S.D.N.Y. June 25, 2020).

## ARGUMENT

**I.    The Court Should Not Strike Defendants' Waiver, Estoppel, Unclean Hands, or Unenforceability Defenses.**

Jane Street comes nowhere close to giving a "strong reason" to strike Defendants' affirmative defenses of waiver, estoppel, unclean hands, and unenforceability. *Abdou*, 2022 WL 3334700, at *2. Jane Street also fails to identify any prejudice it would suffer from the inclusion of these defenses. The Court should therefore deny Jane Street's motion to strike these defenses.

### A.    Defendants' Unclean Hands Defenses Are Legally Sufficient.

Under New York law, the doctrine of unclean hands prevents a plaintiff from recovering damages if the plaintiff is "guilty of immoral, unconscionable conduct and even then only when the conduct relied on is directly related to the subject matter in litigation and the party seeking to invoke the doctrine was injured by such conduct." *TufAmerica, Inc. v. Codigo Music LLC*, 162 F.

4

Supp. 3d 295, 328 (S.D.N.Y. 2016) (quoting *Genger v. Genger*, 76 F. Supp. 3d 488, 502 (S.D.N.Y. 2015)).

Defendants plead two independently sufficient bases for their unclean hands defense. *First*, that "Jane Street has engaged in instances of highly unusual trading activity following [the Individual Defendants'] departure from" Jane Street which, on information and belief, Jane Street understood accounted for (at least in part) Jane Street's purported trading losses.  Individual Defs.' Am. Aff. Def. at 7; Millennium Am. Aff. Def. at 32.  But rather than acknowledging that the purported trading losses were connected to this highly unusual trading activity, Jane Street instead improperly labels those purported trading losses as evidence of Defendants' trade secrets misappropriation in the complaint. *See, e.g.*, Dkt. 63 (Am. Compl.) ¶¶ 9, 152-159.  *Id.  Second*, Jane Street seeks to chill competition in the markets the Individual Defendants trade in, chill competition among firms for skilled employees, and send a message to Jane Street's own employees that departures to a competitor will be met with legal action even in the absence of a noncompete agreement or valid legal claims.  Individual Defs.' Am. Aff. Def. at 7; Millennium Am. Aff. Def. at 32.  Each of these bases involves contested questions of fact, and for that reason alone the Court should deny the motion to strike.

Jane Street argues that this Court should simply disregard Defendants' allegation of Jane Street's losses due to "highly unusual trading activity" on the basis that the allegation pertains to conduct that occurred after Schadewald and Spottiswood left Jane Street and began working at Millennium.  Mem. at 8-9.  That makes no sense.  The core of Jane Street's causation theory is that the Individual Defendants' trading at Millennium caused Jane Street's purported reduced profits; the Individual Defendants are entitled to defend against, and test, those allegations.  On information and belief, and based on publicly available data concerning market activity on those

days, discovery into Jane Street's purported damages is likely to show that Jane Street's highly unusual trading behavior, not the Individual Defendants' conduct, is to blame for Jane Street's reduction in profits and the limitations placed on it by its broker (Dkt. 63 (Am. Compl.) ¶¶ 153-158), and that Jane Street brought its claims in knowing disregard of this fact. This allegation is more than sufficient to raise a question of fact as to whether Jane Street's trading involved improper means, or was done for an improper purpose, ultimately resulting in the purported reduction in profits that Jane Street now improperly seeks to blame on Defendants. *Abdou*, 2022 WL 3334700 at *5 (noting that a plaintiff must show "there is no question of fact which might allow the defense to succeed").

Defendants' second basis for their unclean hands defense is also amply sufficient. Jane Street does not come to this case with clean hands—rather, its hands are sullied by asserting claims it knows to be false for the purpose of chilling competition. *Perfect Pearl Co. v. Majestic Pearl & Ston, Inc.*, 887 F. Supp. 2d 519, 546 (S.D.N.Y. 2012) (Engelmayer, J.) ("The doctrine of unclean hands allows a court to deny relief to a party which has entered litigation in bad faith." (citing *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 243 (1933)). In *Keystone Driller*, for example, the court upheld an unclean hands defense where the plaintiff in a patent infringement case had concealed evidence of prior use, which it knew cast doubt on the validity of the patent. *See id.* at 242–44. Just as the plaintiff in *Keystone Driller* had acted in bad faith by concealing prior use, Jane Street has acted in bad faith by falsely asserting violations of trade secrets and confidentiality agreements. *See id.* at 246–247. Thus, like the plaintiff in *Keystone Driller*, Jane Street does not come to this suit with clean hands. *See id.* at 247. Defendants will prove that Jane

Street is using its meritless claim to thwart competition—a quintessentially fact-intensive inquiry that cannot be resolved at the pleading stage.[3]

Jane Street gives this Court no reason to depart from this line of authority.  It cites other courts that have struck unclean hands defenses on the basis that the "lawsuit is unrelated to the plaintiff's acquisition or use of the [rights] at issue."  *See, e.g.*, *Coach Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 429 (S.D.N.Y. 2010); *loanDepot.com, LLC v. CrossCountry Mortgage, LLC*, No. 22-civ-5971-LGS, 2023 WL 3884032, at *8 (S.D.N.Y. June 8, 2023) (striking unclean hands defense because the facts allegedly giving rise plaintiff's unclean hands were "irrelevant to the subject of this litigation").  That is not the case here.  Indeed, the court in *loanDepot.com* distinguished the facts there from a case with a viable unclean hands defense where "the allegedly fraudulent conduct was directly related to the subject matter of the litigation . . . as that case concern[ed] the *same* agreements and business relationships."  *Id.* (cleaned up) (quoting *Am. Home Energy Inc. v. AEC Yield Cap. LLC*, No. 21-civ-1337, 2022 WL 595186, at *17 (E.D.N.Y. Feb. 28, 2022)).

The "subject matter [in this] litigation" includes Jane Street's improper use of purported trade secret and confidentiality rights to quash competition and to blame Defendants for Jane Street's own blunders.  Individual Defs.' Aff. Def. at 6-7; Millennium's Aff. Def. at 32.  Jane Street's "unconscionable" conduct is therefore "directly related to the subject matter in litigation." *TufAmerica, Inc*, 162 F. Supp. 3d at 328.  That further distinguishes this case from *Coach*, as in

---

[3] To illustrate, in *loanDepot*, the defendant only lost its unclean hands defense after a preliminary injunction hearing and a "period of expedited discovery."  *loanDepot*, 2023 WL 3884032, at *1; *see also Perfect Pearl*, 887 F. Supp. 2d at 546 (defendant losing on this issue at *summary judgment* only because there was "no evidence in the record to support a claim here that [the plaintiff] initiated this litigation in bad faith").  Here, the Individual Defendants are under no obligation right now to prove their claims and need only adequately allege them under the relaxed pleading standards applicable to affirmative defenses.  *See Abdou*, 2022 WL 3334700, at *2.

that case, the pleadings "lack[ed] any other allegations of inequitable or bad faith conduct by Plaintiffs." *Coach*, 756 F. Supp. 2d at 430. At the very least, considering the general policy disfavoring motions to strike affirmative defenses, the court should exercise its discretion *against* striking this defense at this juncture. *Abdou*, 2022 WL 3334700, at *2.

The remaining arguments that Jane Street lodges at the unclean hands defense also miss the mark. Nothing "[prevents] a [defendant] from pleading facts alleged 'upon information and belief' where the facts are peculiarly within the possession and control of the [plaintiff]." *Lefkowitz v. McGraw-Hill Glob. Educ. Holdings, LLC*, 23 F. Supp. 3d 344, 356 (S.D.N.Y. 2014) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)). Whether Jane Street has employed or acquired any purported trade secrets it possesses through unconscionable conduct is not something that any firm would disclose without discovery. It is therefore in the "nature of [this] affirmative defense" that "factual support" is not "readily available." *Abdou*, 2022 WL 3334700, at *5 (quoting *Jablonski v. Special Counsel, Inc.*, No. 16-civ-5243-ALC, 2020 WL 1444933, at *2 (S.D.N.Y. Mar. 25, 2020)); *accord GEOMC Co.* 918 F.3d at 98.

Nor is there any "prejudice" to Jane Street in litigating this affirmative defense through discovery. Jane Street vaguely alludes to "open[ing] the door to an improper discovery fishing expedition" (Mem. at 10) but does not identify any areas of discovery that would be exclusively relevant to this affirmative defense. Indeed, discovery into (a) Jane Street's acquisition and use of its alleged trade secret strategies, including on those days in which Jane Street's irregular trading was observed (Dkt. 63 (Am. Compl.) ¶¶ 153-158) and (b) "Jane Street's alleged prior knowledge or motivations for filing a lawsuit" (Mem. at 7) will be taken regardless of the presence or absence of the unclean hands defense. Defendants served their Requests for Production more than three weeks *before* Jane Street filed this motion; Jane Street's inability to point to even a ***single request***

that relates solely to this affirmative defense undermines the hackneyed argument that the defense is the basis for a "fishing expedition" (Mem. at 1). And even if the defense did necessitate some incremental discovery, it should not be stricken because it was timely pled. *GEOMC Co.*, 918 F.3d at 93.

The Court should deny Jane Street's motion to strike Defendants' unclean hands defenses.

### B.  Defendants Adequately Plead Waiver and Estoppel

#### 1.   *The Court Should Not Strike Defendants' Waiver Defense*

Under New York law, a defendant proves waiver by establishing that the plaintiff "voluntar[ily] and intentional[ly] abandon[ed] … a known right." *Nassau Tr. Co. v. Montrose Concrete Prod. Corp.*, 56 N.Y.2d 175, 184 (1982).[4]

As alleged in the Individual Defendants' Counterclaims and Affirmative Defenses, Jane Street seeks to convert the confidentiality provisions in the Individual Defendants' Confidentiality and Intellectual Property Agreements with Jane Street into non-compete agreements preventing the Individual Defendants from engaging in "substantially any options trading in the India options market." Ind. Defs.' Am. Aff. Def. at 4.[5]  Under Jane Street's proffered interpretation of these agreements, they are non-compete agreements in all but name, because enforcement would prevent the Individual Defendants from using their skills anywhere, including at Millennium. Ind. Defs.' Am. Aff. Def. at 4; Millennium's Am. Aff. Def. at 33.  But Jane Street waived any right to enforce non-compete restrictions on either Individual Defendant because it chose *not* to execute non-

---

[4] Jane Street does not dispute that New York law applies to this defense. Mem. at 11. In any event, federal law similarly requires waivers to be "knowing, voluntary, and intelligent." *Murray v. Town of N. Hempstead*, 853 F. Supp. 2d 247, 259 (E.D.N.Y. 2012).

[5] *See also* Ind. Def. Am. Aff. Def. at 7 (incorporating Individual Defendants' counterclaims by reference).

competition agreements with Schadewald and Spottiswood—representing to Spottiswood that he would not be bound by non-compete obligations and expressly confirming to Schadewald that it had elected not to renew various restrictive agreements that might otherwise have prevented him from competing with Jane Street.  Ind. Defs.' Am. Aff. Def. at 4–6; *see also* Ind. Defs.' Answer at ¶ 26 ("Before Schadewald left Jane Street, he confirmed with Jane Street's head of Human Resources that his noncompete obligations had sunsetted and were no longer in effect.").   The Individual Defendants are not unique in this respect:  Jane Street has touted its practice of not requiring its employees to sign noncompete agreements.   Individual Defs.' Answer ¶ 29; Millennium's Am. Aff. Def. at 33; *see also* Ind. Def. Answer at 42 ¶ 29 ("Jane Street markets itself as being unique in not requiring its employees to sign noncompete agreements[,]").

Having declared—both publicly and to the Individual Defendants—that it does not bind employees with non-compete obligations, Jane Street has consented to competition by the Individual Defendants and has therefore waived its right to enforce any implied agreement not to compete, whether in the guise of confidentiality agreements or otherwise.  *Cf. Fundamental Portfolio Advisors, Inc. v. Tocqueville Asset Mgmt., L.P.*, 850 N.E.2d 653, 658 (N.Y. 2006) (holding that a plaintiff waived enforcement of a non-compete agreement through consent).

Jane Street's contrary argument boils down to its assertion that "***Jane Street does not seek to enforce a non-compete in this action***." Mem. at 11 (emphasis original); *see also* Mem. at 12. But a plaintiff's say-so is not a reason to strike a well-pled affirmative defense.  At this stage, all reasonable inferences must be drawn in Defendants' favor.  *See City of New York v. Fedex Ground Package Sys. Inc.*, 314 F.R.D. 348, 355 (S.D.N.Y. 2016).   It is sufficient at this stage for Defendants to plausibly *allege* that Jane Street's claims would bar competition in a manner that is contrary to Jane Street's prior statements.  *See GEOMC Co.*, 918 F.3d at 98 (explaining that

affirmative defenses are subject to a plausibility standard).  This is particularly true considering the general policy disfavoring motions to strike, *Abdou*, No. 19-civ-1824-PAE, 2022 WL 3334700, at *2, coupled with the fact-intensive nature of waiver and estoppel.  *See Agress v. Clarkstown Cent. Sch. Dist.*, 69 A.D.3d 769, 771 (N.Y. App. Div. 2010) (denying summary judgment on promissory estoppel defense because fact issue remained); *Fundamental Portfolio Advisors, Inc. v. Tocqueville Asset Mgmt., L.P.*, 7 N.Y.3d 96, 104 (2006) (noting that, generally, waiver "is a question of fact").

    2. *The Court Should Not Strike Defendants' Estoppel Defense*

    Defendants also plausibly allege estoppel.  A plaintiff may be estopped from enforcing a right when the defendant "rightfully relies upon [plaintiff's] word or deed," and, in so doing, the defendant detrimentally "changes" their "position." *E.F.S. Ventures Corp. v. Foster*, 71 N.Y.2d 359, 1369 (1988).[6]  The Individual Defendants "rightfully relie[d]" to their detriment upon Jane Street's representations when they confirmed with Jane Street prior to their departure for Millennium that they were not bound by any noncompete obligations.  *See* Ind. Defs.' Am. Aff. Def. at 4; Millennium's Am. Aff. Def. at 33; *see also Nassau Tr. Co.*, 56 N.Y.2d at 186 (holding that a defendant reasonably relied on the plaintiff's "past history" of conduct).  Nor did anyone at Jane Street inform either Schadewald or Spottiswood before they left for Millennium that Jane Street's view was (i) the confidentiality provisions in the Individual Defendants' Confidentiality and Intellectual Property Agreements with Jane Street or (ii) trade secret law more generally prevented the Individual Defendants from competing with Jane Street in the India options market. *See* Ind. Defs.' Am. Aff. Def. at 5.

---

[6] Estoppel under federal law likewise requires the defendants' detrimental and reasonable reliance on the plaintiff's conduct.  *See, e.g.*, *Coach*, 756 F. Supp. 2d at 426.

11

Defendants allege that Jane Street is estopped from advancing in litigation an interpretation of the confidentiality provisions in the Individual Defendants' contracts with Jane Street and Jane Street's alleged trade secrets that would create broad non-compete restrictions when Jane Street knowingly and purposefully relinquished the right to assert any sort of non-compete restrictions as part of its business practices.  Ind. Defs.' Am. Aff. Def. at 4–6.  Discovery will bear out the plausibility of those allegations.  This distinguishes the present case from the circumstances present in *Coach*.  Mem. at 11–13.  In *Coach*, unlike here, there was "no indication that the [d]efendants relied, to their detriment, or otherwise, on any conduct by the [p]laintiffs." *Coach*, 756 F. Supp. at 426-27.  As a result, the court found the pleading "void of any facts supporting a defense of estoppel." *See id.* at 426 (cleaned up).  Similarly, the pleading in *Coach*, unlike here, "lack[ed] any facts supporting a waiver defense." *Id.* a 428.

Jane Street's only argument with respect to prejudice on the issues of estoppel and waiver is a conclusory assertion of "increased discovery costs."  Mem. at 12.  Even if this defense *did* increase costs, that would not be a basis to strike it because it is timely pled. *See GEOMC Co.*, 918 F.3d at 98 (a "[f]actually sufficient and legally valid defense should always be allowed if timely filed").  Furthermore, Jane Street has had Defendants' discovery requests since May 24, 2024 and yet cannot identify the source of purported "increased" costs—because discovery into the contours of Jane Street's contracts and agreements with (and representations to) the Individual Defendants will be coextensive with discovery into Jane Street's claims, which include claims for breach of contract (against Individual Defendants) and tortious interference with contract (against Millennium). *See* Am. Compl. at 36-40.  This alone is sufficient to deny Jane Street's motion.

### C. The Court Should Not Strike Schadewald's and Spottiswood's Reserved Defenses.

The Court should also reject Jane Street's argument for striking Schadewald's and Spottiswood's reservations of rights. On the first page of the Amended Affirmative Defenses, the Individual Defendants put Jane Street on notice that Schadewald and Spottiswood reserve the right to seek to amend their defenses—consistent with applicable law—as new facts "become known to [them] through discovery in this matter." Ind. Defs.' Am. Aff. Def. at 1. Later in the document, the Individual Defendants used the notation "[RESERVED]" in place of the withdrawn affirmative defenses so that the numbering of the remaining affirmative defenses would not change. To the extent Jane Street challenges the reservation of rights, when faced with nearly the same language in *Kochan v. Kowalski*, 478 F. Supp. 3d 440, 455 (W.D.N.Y. 2020), the court correctly concluded that these defenses "do nothing more than" reserve the right "to seek leave to amend the answer should facts supporting additional affirmative defenses become known to" the defendants," and denied the motion to strike. *Id.* at 455 (quoting *Wi3, Inc. v. Actiontec Elecs., Inc.,* 71. F. Supp. 3d 358, 363 (W.D.N.Y. 2014)). So too here.

## II.    The Court Should Not Strike Affirmative Defenses Denying Liability

### A.  Defendants' Denial of Liability Defenses Are Not Prejudicial.

The Court should also decline Jane Street's motion with respect to Defendants' affirmative defenses that deny liability.[7]

---

[7] Defendants' affirmative defenses falling into that category include the following: failure to state a claim (Ind. Defs.' Am. Aff. Def. No. 1; Millennium's Am. Aff. Def. No. 1); failure to identify trade secrets and confidential information (Ind. Defs.' Am. Aff. Def. No. 2); no trade secrets or confidential information (Ind. Defs.' Am. Aff. Def. No. 3); general knowledge and skill and independent development (Ind. Defs.' Am. Aff. Def. No. 4); failure to protect alleged trade secrets and confidential information (Ind. Defs.' Am. Aff. Def. No. 5); failure to allege disclosure of trade secrets or misappropriation of confidential Information (Ind. Defs.' Am. Aff. Def. No. 7); failure

It is well established in this Court and Circuit that it is inappropriate to strike defenses that deny one or more essential elements of a claim. *See, e.g.*, *Inter-Am. Dev. Bank v. IIG Trade Opportunities Fund N.V.*, No. 16-civ-9782-PAE, 2017 WL 6025350, at *9 (S.D.N.Y. Dec. 4, 2017) (Engelmayer, J.) (declining to strike failure-to-state-a-claim affirmative defense); *Orientview Techs. LLC v. Seven For All Mankind*, LLC, No. 13-civ-0538-PAE, 2013 WL 4016302, at *3 (S.D.N.Y. Aug. 7, 2013) (Engelmayer, J.) (declining to strike affirmative defense that could have been set forth as simple denial). These defenses do not prejudice Jane Street because they do not raise new issues in the case, and a court should not strike an affirmative defense when the plaintiff suffers no prejudice from retaining the defense. *Id. see also*, *Town & Country,* 2020 WL 3472597, at *11 (denying motion to strike a denial-of-liability defense).

The two contrary decisions Jane Street cites are at odds with the weight of recent authority on this issue. *See* Mem. at 16 (citing *Rogers v. Blacksmith Brands*, Inc., 2011 WL 6293764, at *8 (S.D.N.Y. Dec. 13, 2011) and *Apex Oil Co. v. DiMauro*, 713 F. Supp. 587, 604 (S.D.N.Y. 1989)). Neither decision articulates a rationale for striking an affirmative defense that simply denied an element of a claim or addresses the general policy disfavoring motions to strike affirmative defenses. More recent precedent in this court rejects striking such denial-of-liability defenses. *See Town & Country*, 2020 WL 3472597, at *10-11. This approach is prudent particularly as denial-of-liability defenses are not prejudicial to a plaintiff. *See Abdou* 2022 WL 3334700, at *5 ("To

---

to allege access to trade secrets or confidential information (Ind. Defs.' Am. Aff. Def. No. 8); unenforceability due to vagueness or indefiniteness (Ind. Defs.' Am. Aff. Def. No. 13); general knowledge and skill, discovery through proper and fair means (Ind. Defs.' Am. Aff. Def. No. 15, Millennium's Am. Aff. Def. No. 2); no injury or damages (Ind. Defs.' Am. Aff. Def. No. 16, Millennium's Am. Aff. Def. No. 6); unjust enrichment (Ind. Defs.' Am. Aff. Def. No. 20); no punitive damages defense (Ind. Defs.' Am. Aff. Def. No. 21, Millennium's Am. Aff. Def. No. 7); and no vicarious liability/respondeat superior or joint or several liability (Millennium's Am. Aff. Def. Nos. 8-9).

successfully strike an affirmative defense, a plaintiff must show that ' … (3) the plaintiff would be prejudiced by inclusion of the defense").

Jane Street fares no better trying to distinguish *Orientview*.  Mem. at 16.  There, the court sustained the affirmative defense because it would not burden the plaintiff.  *Orientview*, 2013 WL 4016302, at *3.  So too here.  Because Jane Street is "already obligated to" establish its affirmative case, retaining Defendants' denial-of-liability affirmative defenses poses no additional litigation burden on Jane Street (and, as noted above, Jane Street has failed to identify any burden).  *Id.*; *see also Coach*, 756 F. Supp. 2d at 431 (denying motion to strike eleven denial-of-liability affirmative defenses because their inclusion did not prejudice plaintiffs).

For similar reasons, the Court should reject Jane Street's argument (Mem. at 14) that the Individual Defendants' unjust enrichment affirmative defense must be brought as a counterclaim. The Individual Defendants allege that because Jane Street has not been damaged by Schadewald and Spottiswood, Jane Street would be unjustly enriched if Jane Street "[were] awarded" the "damages [it] seeks" in this action.  Individual Defs.' Am. Aff. Def. at 10.  In other words, the Individual Defendants' unjust enrichment defense denies liability to Jane Street.  And just as other denial-of-liability defenses pose no prejudice to Jane Street, neither does this one, so the Court should not strike it.  *See, e.g., Abdou*, 2022 WL 3334700 at *5 (explaining that a plaintiff must show that he or she would suffer prejudice to strike an affirmative defense); *see also A1 Garage Door Serv., L.L.C. v. West*, C.A. No. 21-CV-01821-PAB-NRN, 2022 WL 952874, at *5 (D. Colo. Mar. 30, 2022)   (refusing to strike an unjust enrichment affirmative defense because it was developed and there was no prejudice).  Even *adidas Am., Inc. v. Thom Browne, Inc.*, 629 F. Supp. 3d 213, 221-22 (S.D.N.Y. 2022), relied on by Jane Street (Mem. at 14), allowed the defendant to

15

keep the portion of the defense alleging that the plaintiff "suffered no harm or damages," recognizing that it caused no prejudice to the plaintiff. *Id.* at 222. So too here.

### B. Schadewald and Spottiswood Sufficiently Plead Contractual Unenforceability as an Affirmative Defense.

The Court should reject Jane Street's argument (Mem. at 13) that the Individual Defendants have insufficiently pled contractual unenforceability due to indefiniteness (Ind. Defs.' Am. Aff. Def. No. 13). As an initial matter, this is a denial-of-liability-type defense because it attacks an element of Jane Street's breach-of-contract claim on which Jane Street bears the burden of proof: that the Schadewald and Spottiswood IP agreements constitute valid, enforceable contracts. Under New York law, a plaintiff fails to establish a breach of contract if the plaintiff cannot prove the existence of an "enforceable contract." *Nassau Operating Co., LLC v. DeSimone*, 206 A.D.3d 920, 926(N.Y. App. Div. 2022). And a non-disclosure agreement is "unduly burdensome" and "unenforceable under basic principles of contract law" if its "vague and indefinite nature" precludes the contract from representing a genuine meeting of the minds. *Denson v. Donald J. Trump for President, Inc.*, 530 F. Supp. 3d 412, 433-434 (S.D.N.Y. 2021). Accordingly, the defense is not subject to affirmative defense pleading standards. *See, e.g.*, *Town & Country*, 2020 WL 3472597, at *11.

Even if this defense *were* subject to this pleading standard, the Individual Defendant's allegations are sufficient. The Individual Defendants plead that this defense is directed toward the "scope of confidential information" covered under Schadewald IP Agreement and the Spottiswood IP Agreement, referencing the very same confidentiality provisions Jane Street itself relies on in the Amended Complaint. Ind. Defs.' Am. Aff. Def. at 8; *see, e.g.*, Am. Compl. ¶¶ 75, 106. And the Individual Defendants explained that under Jane Street's interpretation of the confidentiality

provisions—which would convert those provisions into broad non-compete restrictions—the provisions are fatally indefinite.  Ind. Defs.' Am. Aff. Def. at 8.

These allegations thus distinguish the conclusory allegations deemed insufficient in the two decisions Jane Street cited (Mem. at 13-14) in support of its argument.  *See Am. Home Energy Inc. v. AEC Yield Cap. LLC*, Case No. 21-civ-1337 (ARR) (RR), 2022 WL 595186, at *17 (E.D.N.Y. Feb. 28, 2022) (holding that defenses were legally insufficient for merely listing standards "without connecting that standard to any pleaded facts"); *Microsoft Corp v. Hon Hai Precision Indus. Co.*, Case No. 19-civ-01279-LHK, 2020 WL 5128629, at *20 (N.D. Cal. Aug 31, 2020) (striking affirmative defense of contract unenforceability where the defendant did not point to anything in the contract that rendered its terms "so uncertain and indefinite that the intention of the parties in material particulars cannot be ascertained").  Given the well-pled allegations supporting this defense and the strong policy in this Circuit disfavoring motions to strike affirmative defenses, the unenforceability affirmative defense should be sustained.

## III.    If the Court Strikes Any Affirmative Defenses, It Should Do So Without Prejudice

For the reasons discussed above, the Court should not strike *any* of Defendants' affirmative defenses.  But in the event the Court strikes any, it should do so *without* prejudice, just as it would do for a plaintiff which fails to plead facts to support a claim.  "Generally, where plaintiff fails to plead facts to support a claim, the Court will dismiss the claim without prejudice 'if plaintiff provides a reasonable basis for believing that he will be able to re-plead in a manner that will cure the defect.'" *Case v. Clivilles*, 216 F. Supp. 3d 367, 379 (S.D.N.Y. 2016) (quoting *Phillips v. Am. Int'l. Grp., Inc.*, 498 F.Supp.2d 690, 697–98 (S.D.N.Y. 2007)).  The Court can "dismiss the claim with prejudice" only if the "plaintiff demonstrates that he cannot provide specific evidence to state a claim." *Id.* (quoting *Zicklin v. Breuer*, 534 F. Supp. 745, 748 (S.D.N.Y. 1982).

If the Court grants any part of Jane Street's motion, Defendants respectfully request leave to amend because they would then have the benefit of the Court's analysis of any pleading deficiencies.[8]

**CONCLUSION**

For the foregoing reasons, the Court should deny Jane Street's Motion to Strike.

Dated:  June 26, 2024
New York, New York

**DECHERT LLP**

By:  /s/ *Andrew J. Levander*
Andrew J. Levander
May Chiang
1095 Avenue of the Americas
New York, NY 10036
andrew.levander@dechert.com
may.chiang@dechert.com

Martin J. Black (*pro hac vice forthcoming*)
Daniel R. Roberts (*pro hac vice forthcoming*)
Cira Centre
2929 Arch Street
martin.black@dechert.com
daniel.roberts@dechert.com

*Counsel for Millennium
Management LLC*

**ELSBERG BAKER & MARURI PLLC**

By: /s/ *Rollo C. Baker*
Rollo C. Baker
David Elsberg
Vivek Tata
Brian R. Campbell
Alexandra Sadinsky
Kateryna Shokalo
One Penn Plaza, Suite 4015
New York, NY 10119

*Counsel for Defendants Douglas
Schadewald and Daniel Spottiswood*

---

[8]    *Paul Rudolph Found. v. Paul Rudolph Heritage Found.,* 2022 WL 4109723, at \*12-13 (S.D.N.Y. Sept. 8, 2022), cited by Jane Street (Mem. at 5) is inapposite.  Defendants in that case moved for leave to amend *nine months* after they filed their operative answer where they "had ample time to investigate and plead sufficiently."   Defendants here would again move expeditiously to amend their affirmative defenses if, depending on the Court's analysis, Defendants could allege additional facts curing any pleading deficiencies.