UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE STREET GROUP, LLC,<br><br>    *Plaintiff*,<br><br>  v.<br><br>MILLENNIUM MANAGEMENT LLC, DOUGLAS SCHADEWALD, and DANIEL SPOTTISWOOD,<br><br>    *Defendants*. | Civil Action No. 24-cv-2783(PAE) |

**JANE STREET'S REPLY IN FURTHER SUPPORT OF ITS
MOTION TO DISMISS THE INDIVIDUAL DEFENDANTS' COUNTERCLAIMS**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT .........................................................................................................................2

I. THE INDIVIDUAL DEFENDANTS' DECLARATORY JUDGMENT COUNTERCLAIMS SHOULD BE DISMISSED BECAUSE THE RELIEF SOUGHT MUST BE MADE BY MOTION ......................................................................2

    A. There Is No Independent Cause Of Action For A Request For Prevailing Party Attorneys' Fees Under The DTSA ................................................................2

    B. There Is No Independent Cause Of Action For A Request For Prevailing Party Attorneys' Fees Under The IP Agreements ...................................................4

II. IN THE ALTERNATIVE, THE INDIVIDUAL DEFENDANTS' DECLARATORY JUDGMENT COUNTERCLAIMS SHOULD BE DISMISSED BECAUSE THEY ARE REDUNDANT OF JANE STREET'S CLAIMS .......................6

CONCLUSION.......................................................................................................................8

i

# TABLE OF AUTHORITIES

Page

## Cases

*Cumberland Farms, Inc. v. Lexico Enters., Inc.*,
  2012 WL 526716 (E.D.N.Y. Feb. 16, 2012) ............................................................................. 4

*Drip Cap., Inc. v. M/S. Goodwill Apparels*,
  2024 WL 1116166 (S.D.N.Y. Mar. 12, 2024) .......................................................................... 6

*Hanley v. Herrill Bowling Corp.*,
  1996 WL 79324 (S.D.N.Y. Feb. 23, 1996) ............................................................................... 4

*Hello I Am Elliot, Inc. v. Sine*,
  2020 WL 3619505 (S.D.N.Y. July 2, 2020) ............................................................................. 2

*Locuspoint Networks, LLC v. D.T.V. LLC*,
  2015 WL 2398168 (N.D. Cal. May 19, 2015) ..................................................................... 6, 8

*Lokai Holdings LLC v. Twin Tiger USA LLC*,
  306 F. Supp. 3d 629 (S.D.N.Y. 2018) ....................................................................................... 3

*Marvel Ent. LLC v. Kimble*,
  2016 WL 9525586 (D. Ariz. Apr. 14, 2016) ............................................................................ 5

*Philadelphia Stock Exch. v. Int'l Secs. Exch., Inc.*,
  2005 WL 2923519 (S.D.N.Y. Nov. 2, 2005) ............................................................................ 8

*Rockland Tr. Co. v. Computer Assoc. Int'l, Inc.*,
  2008 WL 3824791 (D. Mass. Aug. 1, 2008) ............................................................................ 5

*Ruby Slipper Cafe, LLC v. Belou*,
  2019 WL 1254897 (E.D. La. Mar. 19, 2019) ........................................................................... 3

*Terra Energy & Res. Techs., Inc. v. Terralinna Pty. Ltd.*,
  2014 WL 5690416 (S.D.N.Y. Nov. 5, 2014) ............................................................................ 5

*Town of Poughkeepsie v. Espie*,
  221 F. App'x 61 (2d Cir. 2007) ................................................................................................ 4

*Wong v. I.A.T.S.E.*,
  2024 WL 898866 (S.D.N.Y. Mar. 1, 2024) .............................................................................. 8

*Worldwide Home Prod., Inc. v. Bed Bath & Beyond, Inc.*,
  2013 WL 247839 (S.D.N.Y. Jan. 22, 2013) ............................................................................. 8

## Statutes & Rules

18 U.S.C. § 1836(b)(3)(D) ................................................................................................. 1, 2, 3, 4, 7

35 U.S.C. § 285 ............................................................................................................................... 3

Fed. R. Civ. P. 12(b)(1) ............................................................................................................... 1, 6

Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 1, 2

Fed. R. Civ. P. 12(c) ....................................................................................................................... 6

Fed. R. Civ. P. 15(a) ....................................................................................................................... 8

Fed. R. Civ. P. 54(d) ............................................................................................................. *passim*

Plaintiff Jane Street Group, LLC ("Jane Street") respectfully submits this reply in further support of its motion to dismiss Defendants Douglas Schadewald's and Daniel Spottiswood's (the "Individual Defendants") counterclaims pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

## PRELIMINARY STATEMENT

The Individual Defendants do not dispute that the Declaratory Judgment Act ("DJA") provides a district court with broad discretion to decline to exercise jurisdiction over a declaratory judgment claim. Dkt. 120 ("Opp.") at 4. Nor do they dispute that it would be appropriate for the Court to dismiss their counterclaims if: (1) those counterclaims are redundant of Jane Street's affirmative claims; or (2) their demand for attorneys' fees as "prevailing parties" on Jane Street's Defend Trade Secrets Act ("DTSA") or breach of contract claims should be presented to the Court by post-trial motions under Rule 54(d). *See generally* Opp. 4-12.

Consequently, Jane Street's motion presents the Court with a simple, direct path that will provide **both** parties with the relief they seek: the Court should dismiss the Individual Defendants' counterclaims with prejudice for failure to state an independent cause of action under Fed. R. Civ. P. 12(b)(6), while acknowledging the right for either party to bring a Rule 54(d) motion for "prevailing party" attorneys' fees at the conclusion of this case. Specifically, the Individual Defendants request that "if the Court determines that Schadewald and Spottiswood should seek their attorney's fees by motion rather than as separate causes of action, then … any dismissal of their counterclaims be without prejudice to their right to move for attorney's fees by appropriate motion." Opp. 12. Although Jane Street does not agree that the Individual Defendants will be entitled to **any** attorneys' fees, Jane Street does not oppose that the Individual Defendants may move for attorneys' fees by "appropriate motion" if they are prevailing parties. Indeed, that is the proper procedure for any party in this case that seeks attorneys' fees under either 18 U.S.C. § 1836(b)(3)(D) or the IP Agreements. Because dismissal of these counterclaims with prejudice

will not interfere with the Individual Defendants' rights to claim attorneys' fees at the appropriate time, the Court should grant Jane Street's motion in its entirety.

**ARGUMENT**

**I. THE INDIVIDUAL DEFENDANTS' DECLARATORY JUDGMENT COUNTERCLAIMS SHOULD BE DISMISSED BECAUSE THE RELIEF SOUGHT MUST BE MADE BY MOTION**

The Court should dismiss the Individual Defendants' counterclaims pursuant to Rule 12(b)(6) because they do not state independent, cognizable causes of action; rather, they are pure post-trial remedies. *See* Dkt. 93 ("Br.") at 11-16. The Individual Defendants do not seriously dispute this point, but claim to worry that seeking "prevailing party" attorneys' fees through a Rule 54(d) motion rather than a counterclaim might result in "waiver." Opp. 9. There is no such danger—as long as the Court acknowledges the Individual Defendants' right to seek "prevailing party" attorneys' fees through a post-trial motion, this would resolve the issue entirely and Jane Street's motion should be granted.

**A.  There Is No Independent Cause Of Action For A Request For Prevailing Party Attorneys' Fees Under The DTSA**

As explained in Jane Street's motion (Br. 11-14), there is no independent cause of action under the DTSA that gives rise to a claim for "prevailing party" attorneys' fees. Under 18 U.S.C. § 1836(b)(3)(D), it is only ***after*** the case is resolved—and a party has already in fact "prevailed"—that the "prevailing party" may then file a Rule 54(d) motion for fees and costs.

The Individual Defendants do not dispute that "[a] party seeking a declaratory judgment must … provide a substantive claim to relief based on a law other than the [DJA]." *Hello I Am Elliot, Inc. v. Sine*, 2020 WL 3619505, at *11 (S.D.N.Y. July 2, 2020) (Engelmayer, J.) (citing cases) (Br. 12). They also acknowledge Jane Street's extensive authorities where courts—including in this District—dismissed counterclaims seeking attorneys' fees under § 1836(b)(3)(D)

2

because no such cause of action exists; such relief must be brought by motion.  Opp. 11; *see also* Br. 12-14 & n.5 (citing cases).

This is not unique to the DTSA.  In *Lokai Holdings LLC v. Twin Tiger USA LLC*, 306 F. Supp. 3d 629 (S.D.N.Y. 2018), for example, the Court dismissed a defendant's counterclaim for attorneys' fees as the "prevailing party" under 35 U.S.C. § 285 of the Patent Act because "the statute provides for reasonable attorney's fees to the 'prevailing party' in the context of an existing action or proceeding.  Thus, an award of attorney's fees is a remedy that underlies a cause of action, but does not give rise to a separate one."  *Id.* at 644-45 (collecting cases).  *Lokai* further confirmed that Rule 54 "provides that [a] claim for attorney's fees ... ***must*** be made by motion," and so the defendant "is free to make an application for such fees at the conclusion of this case, and indeed has included a request for attorney's fees in their prayer for relief."  *Id.* at 643-45 (quotations omitted, emphasis in original).  Likewise here, the Individual Defendants request in the Prayer for Relief in their Answer that the Court "award Individual Defendants their attorneys' fees and costs under 18 U.S.C. § 1836."  Dkt. 74 at 35(II).

The Individual Defendants' only response is that they are "unclear" as to the "proper procedure" because in a few older decisions, "some courts" previously sustained a defendant's counterclaim for fees for trade secret misappropriation, so they assert a counterclaim here "to avoid any argument that they waived their right to fees."  Opp. 11-12.  But courts—including in this District—now agree that a claim for prevailing party fees under § 1836(b)(3)(D) is to be brought by motion under Rule 54(d), not a counterclaim.[1]  Notably, the Individual Defendants cite no case where such a request was deemed "waived" because it was not sought by counterclaim.

---

[1] The only case cited by the Individual Defendants under § 1836(b)(3)(D) is *Ruby Slipper Cafe, LLC v. Belou*, 2019 WL 1254897 (E.D. La. Mar. 19, 2019) (*see* Opp. 11), which permitted the counterclaim at issue to continue because of "the lack of clear authority on the issue" at that time.

3

This Court should not recognize a nonexistent counterclaim because of the Individual Defendants' personal uncertainty. It need merely confirm that *any* "prevailing party" who satisfies the requirements under § 1836(b)(3)(D) may seek its attorneys fees' by motion under Rule 54(d). This gives all parties what they need. With this understanding, the Court should dismiss the Individual Defendants' first counterclaim with prejudice.

> **B.** **There Is No Independent Cause Of Action For A Request For Prevailing Party Attorneys' Fees Under The IP Agreements**

Similarly, there is no cognizable cause of action under the IP Agreements that gives rise to an independent claim for "prevailing party" attorneys' fees. As with the DTSA, the fee provisions of the IP Agreements are simply remedies that the "prevailing party" may seek after the merits of Jane Street's breach of contract claims have been fully resolved. *See* Br. 14-16.

The Individual Defendants' concern that contractual attorneys' fees provisions must be raised in counterclaims is misguided, as the cases they rely upon do not involve ***prevailing party*** contractual provisions, which must be sought through a post-trial motion. Opp. 10-11. In *Town of Poughkeepsie v. Espie*, 221 F. App'x 61 (2d Cir. 2007), for example, while the Second Circuit found that the recovery of contractual attorneys' fees "must be submitted to the jury as an element of damages in a counterclaim" and not a Rule 54(d) motion, there the claim of attorney's fees was "pursuant to the closing agreement of a property sale" and ***not*** a post-trial "prevailing party" provision. *Id.* at 61. None of the other authorities cited by Individual Defendants involve "prevailing party" contractual provisions either.[2]

---

*Id.* at *13. There is no lack of clear authority now. The Individual Defendants do not dispute that attorneys' fees are not available for New York state law trade secret misappropriation. Br. 11 n.4.

[2] *See* Opp. 10 (citing *Hanley v. Herrill Bowling Corp.*, 1996 WL 79324, at *2 (S.D.N.Y. Feb. 23, 1996) (terms of contract rendered defendant "responsible for all legal costs including legal fees," regardless of prevailing party); *Cumberland Farms, Inc. v. Lexico Enters., Inc.*, 2012 WL 526716,

4

This makes all the difference—a fee award to the "prevailing party" is necessarily collateral to the underlying merits of a breach of contract claim, as it can only be assessed ***after*** the underlying merits have been fully resolved and a "prevailing party" has been named, so it is not an "element" of underlying damages. As one court explains: "A line of cases has treated attorney's fees as a collateral issue when a party seeks them pursuant to a prevailing party contract provision. … Prevailing party provisions generally state that when a dispute over the contract arises the party who loses in litigation must pay the legal fees of the party who prevails in litigation. ... When attorney's fees are collateral a party may properly seek them pursuant to a Rule 54(d)(2) motion." *Rockland Tr. Co. v. Computer Assoc. Int'l, Inc.*, 2008 WL 3824791, at *5 (D. Mass. Aug. 1, 2008).

Indeed, a Court in this District granted a motion for reconsideration addressing this precise issue, where it initially denied the prevailing party's Rule 54(d) motion on the ground that the Rule does not apply to attorneys' fees sought under the terms of the contract. *Terra Energy & Res. Techs., Inc. v. Terralinna Pty. Ltd.*, 2014 WL 5690416, at *2 (S.D.N.Y. Nov. 5, 2014). On reconsideration, the Court found that "its prior determination cannot stand," ruling:

> [T]he attorneys' fees Terralinna sought, through its Rule 54(d)(2) motion, were ***collateral to the merits*** of the breach of contract claim made by the plaintiffs in Count Three of their Second Amended Complaint. ***This is so because the award of prevailing party attorneys' fees, permitted by NDNCA's paragraph eight, is independent of the remedy for the alleged breach of that contract.*** Thus, the Court's previous determination, that Terralinna's Rule 54(d)(2) motion could not be granted because the requested attorneys' fees were an element of damages that had to be proved at trial, ***was clearly erroneous***.

*Id.* at *4-5 (emphasis added).[3] In other words, a prevailing party's request for attorneys' fees is not an element of a breach of contract claim, but rather a purely collateral request for post-trial

---

at *1 (E.D.N.Y. Feb. 16, 2012) (terms of contract required defendant to reimburse plaintiff for "all attorneys' fees" that it "incurs in enforcing its right," regardless of prevailing party)).

[3] *See also, e.g.*, *Marvel Ent. LLC v. Kimble*, 2016 WL 9525586, at *3 n.5 (D. Ariz. Apr. 14, 2016) ("Because an award of prevailing party attorneys' fees … is collateral to the merits of Marvel's

5

relief to be made under Rule 54(d). It is a remedy, not a cause of action. *See, e.g.*, *Locuspoint Networks, LLC v. D.T.V. LLC*, 2015 WL 2398168, at *6 (N.D. Cal. May 19, 2015) (dismissing claim on pleadings under Fed. R. Civ. P. 12(c): "A request for attorneys' fees pursuant to a [prevailing party] contractual provision is simply a remedy that is dependent upon prevailing on an actual cause of action—it is not a separate cause of action.") (quotations omitted). The IP Agreements permit a party to seek attorneys' fees (and costs) only *after* it is determined to be the "prevailing party" (Br. 14-15), so such an award necessarily is independent of, and collateral to, whether there has been any underlying breach of the IP Agreements.

Further, the Individual Defendants request in the Prayer for Relief in their Answer that the Court find them to be "prevailing parties in this action and award [them] their attorneys' fees and costs" under their IP Agreements, so there is no concern of waiver. Dkt. 74 at 36(III). The Court should dismiss the second and third counterclaims with prejudice, and confirm that *any* "prevailing party" may seek attorneys' fees under those Agreements through a Rule 54(d) motion.

## II. IN THE ALTERNATIVE, THE INDIVIDUAL DEFENDANTS' DECLARATORY JUDGMENT COUNTERCLAIMS SHOULD BE DISMISSED BECAUSE THEY ARE REDUNDANT OF JANE STREET'S CLAIMS

Although the Court need not reach the issue because the Individual Defendants' counterclaims are not cognizable causes of action to begin with (*see supra* Part I), the Court may alternatively decline to exercise jurisdiction over the Individual Defendants' counterclaims under Rule 12(b)(1) on the grounds that they are redundant of Jane Street's own DTSA and breach of contract claims, and thus add nothing to this case.

---

declaratory judgment counterclaim in the 2008 litigation, the requested attorneys' fees were not an element of damages that had to be proved at trial, and Rule 54(d) was applicable."); *Drip Cap., Inc. v. M/S. Goodwill Apparels*, 2024 WL 1116166, at *1-2 (S.D.N.Y. Mar. 12, 2024) (applying Rule 54(d)(2) to request for attorneys' fees under contractual "prevailing party" provision).

The Individual Defendants agree it is "consistent" with the DJA for the Court to decline jurisdiction over declaratory judgment claims that serve no independent purpose. Opp. 5-6. The only area of disagreement is whether the counterclaims asserted here are in fact redundant of Jane Street's DTSA and breach of contract claims. They unquestionably are.

***First***, the Individual Defendants' first counterclaim, seeking a declaration that they are entitled to attorneys' fees under the DTSA as the "prevailing party," does not raise any issue that will not be addressed by Jane Street's own DTSA claim. Br. 9-11. The Individual Defendants argue that their counterclaim is not fully duplicative because it also alleges that Jane Street brought its DTSA claim in "bad faith," which Jane Street's own DTSA claim does not require. Opp. 6-7. But this allegation can only support the Individual Defendants' request for a post-trial ***remedy*** of attorneys' fees, not an independent cause of action. 18 U.S.C. § 1836(b)(3)(D) (in "Remedies" section: award of "reasonable attorney's fees" available to "prevailing party" "if a claim of the misappropriation is made in bad faith"). Courts consistently strike claims for attorneys' fees under the DTSA on the basis that it is a remedy, not a separate cause of action. *See supra* Part I.A; Br. 13-14. Here, absent their request for attorney's fees, all that remains is the Individual Defendants' demand that the Court declare them to be "prevailing party"—an issue that necessarily will be resolved through Jane Street's DTSA claim. This counterclaim therefore is wholly redundant.

***Second***, the Individual Defendants' second and third counterclaims, seeking a declaration to be named as the "prevailing party" under their respective IP Agreements, also do not raise any issue that will not be addressed by Jane Street's breach of contract claims. Br. 9-10. The Individual Defendants do not dispute that resolution of Jane Street's breach of contract claims will resolve who the "prevailing party" is under the IP Agreements; thus these counterclaims simply state that Individual Defendants intend to seek attorneys' fees under the contracts' prevailing party

7

provisions. Opp. 7. Again, a post-trial accounting of a prevailing party's fees under a contract is not a claim; it's a remedy. *See supra* Part I.B; *Locuspoint Networks*, 2015 WL 2398168, at *6.[4] Because Jane Street's breach of contract claim will resolve who the "prevailing party" is, these counterclaims "serve[] no independent purpose." *Worldwide Home Prod., Inc. v. Bed Bath & Beyond, Inc.*, 2013 WL 247839, at *2 (S.D.N.Y. Jan. 22, 2013).

\* \* \*

In its June 3, 2024 Order, the Court directed the Individual Defendants to "file any amended counterclaims" by June 21, 2024, and warned that "[n]o further opportunities to amend will ordinarily be granted." Dkt. 95 at 1. They chose to stand on their counterclaims as alleged, and do not argue that any further amendment can cure their deficiencies. Having failed to assert actionable counterclaims, the Court should dismiss each with prejudice. *See Wong v. I.A.T.S.E.*, 2024 WL 898866, at *5 n.3 (S.D.N.Y. Mar. 1, 2024) (Engelmayer, J.) (dismissing with prejudice).

Such an outcome, by the Individual Defendants' admission, would not prejudice their right to pursue attorneys' fees under Rule 54(d)—the procedure the Federal Rules intend to govern. Given the expedited discovery schedule in this complex, fact-intensive case, streamlining the issues to those truly in dispute, and disposing of unnecessary and duplicative filler (such as the Individual Defendants' counterclaims), would serve the goals of efficiency and clarity.

## CONCLUSION

Jane Street respectfully requests that the Court grant its motion in its entirety.

---

[4] The Individual Defendants also claim they are entitled to attorneys' fees as a "prevailing party" with "respect to all injunctive relief Jane Street sought" earlier in this case (Opp. 7-8), but Jane Street's voluntary amendment of its complaint pursuant to Fed. R. Civ. P. 15(a) cannot deem Defendants as "prevailing parties" on a **withdrawn** request for relief. Because Jane Street's "decision to withdraw its claim [for injunctive relief] was completely voluntary … as a matter of law, [the Individual Defendants] could not be the prevailing party" on that basis. *Philadelphia Stock Exch. v. Int'l Secs. Exch., Inc.*, 2005 WL 2923519, at *2 (S.D.N.Y. Nov. 2, 2005).

8

DATED:  June 28, 2024    Respectfully submitted,

/s/ Deborah K. Brown
Alex Spiro
Deborah K. Brown
Todd Anten
Jeffrey C. Miller
Kaitlin P. Sheehan (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
alexspiro@quinnemanuel.com
deborahbrown@quinnemanuel.com
toddanten@quinnemanuel.com
jeffreymiller@quinnemanuel.com
kaitlinsheehan@quinnemanuel.com

Greg Miraglia (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
300 West 6th Street
Austin, Texas 78701
Telephone: (737) 667-6100
gregmiraglia@quinnemanuel.com

Jeff Nardinelli (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
jeffnardinelli@quinnemanuel.com

*Attorneys for Plaintiff Jane Street Group, LLC*