**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANE STREET GROUP, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>MILLENNIUM MANAGEMENT LLC, DOUGLAS SCHADEWALD, and DANIEL SPOTTISWOOD,<br><br>*Defendants*. | Civil Action No. 24-cv-2783(PAE) |

**JANE STREET'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO STRIKE CERTAIN OF DEFENDANTS' AMENDED AFFIRMATIVE DEFENSES**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT...................................................................................................................................1

I. THE COURT SHOULD STRIKE DEFENDANTS' INSUFFICIENTLY PLEADED AFFIRMATIVE DEFENSES..........................................................................1

    A. Defendants Fail To Plead Sufficient Facts To Support Unclean Hands .................1

    B. Defendants Fail To Plead Sufficient Facts To Support Waiver/Estoppel...............5

    C. The Court Should Strike The Individual Defendants' "Unenforceable" Affirmative Defense...................................................................................................8

    D. The Individual Defendants Fail To Allege Sufficient Facts To Support "Unjust Enrichment"................................................................................................9

    E. The Individual Defendants' "Reserved" Defenses Are Not Permitted.................10

    F. The Court Should Strike Defendants' Denials That They Admit Are Mislabeled As "Affirmative Defenses" .............................................................10

II. THE COURT SHOULD STRIKE THE CHALLENGED AFFIRMATIVE DEFENSES WITH PREJUDICE................................................................................10

CONCLUSION..............................................................................................................................10

**TABLE OF AUTHORITIES**

Page

**Cases**

*Am. Home Energy Inc. v. AEC Yield Cap. LLC*,
  2022 WL 595186 (E.D.N.Y. Feb. 28, 2022) ...........................................................................8

*adidas Am., Inc. v. Thom Browne, Inc.*,
  629 F. Supp. 3d 213 (S.D.N.Y. 2022) ....................................................................................9

*Associated Press v. Meltwater U.S. Holdings, Inc.*,
  931 F. Supp. 2d 537 (S.D.N.Y. 2013) ....................................................................................7

*Congelados del Cibao v. 3 Kids Corp.*,
  2021 WL 3774141 (S.D.N.Y. Aug. 24, 2021) .......................................................................4

*Day v. Meyer*,
  2001 WL 456327 (S.D.N.Y. Apr. 30, 2001) ..........................................................................8

*FDIC v. Murex LLC*,
  500 F. Supp. 3d 76 (S.D.N.Y. 2020) ..................................................................................1, 2

*Fundamental Portfolio Advisors, Inc. v. Tocqueville Asset Mgmt., L.P.*,
  850 N.E.2d 653 (N.Y. 2006) ..................................................................................................6

*Inter-Am. Dev. Bank v. IIG Trade Opportunities Fund N.V.*,
  2017 WL 6025350 (S.D.N.Y. Dec. 4, 2017) ........................................................................10

*Keystone Driller Co. v. Gen. Excavator Co.*,
  290 U.S. 240 (1933) ...............................................................................................................3

*Legal Recovery Assocs. LLC v. Brenes L. Grp., P.C.*,
  2024 WL 1073119 (S.D.N.Y. Feb. 13, 2024).........................................................................5

*MBIA Ins. Corp. v. Patriarch Partners VIII, LLC*,
  842 F. Supp. 2d 682 (S.D.N.Y. 2012) ....................................................................................4

*Orientview Techs. LLC v. Seven for All Mankind, LLC*,
  2013 WL 4016302 (S.D.N.Y. Aug. 7, 2013) .......................................................................10

*Paul Rudolph Found. v. Paul Rudolph Heritage Found.*,
  2022 WL 4109723 (S.D.N.Y. Sept. 8, 2022) ...................................................................9, 10

*Perfect Pearl Co. v. Majestic Pearl & Son, Inc.*,
  887 F. Supp. 2d 519 (S.D.N.Y. 2012) ....................................................................................3

*Robinson v. Fischer*,
  2010 WL 5376204 (S.D.N.Y. Dec. 29, 2010) ....................................................................5, 7

*Signify N. Am. Corp. v. Reggiani Lighting USA, Inc.*,
  2020 WL 1331919 (S.D.N.Y. Mar. 23, 2020) .......................................................................4

*Tiffany (NJ) Inc. v. eBay Inc.*,
  2006 WL 8461405 (S.D.N.Y. Mar. 31, 2006) .......................................................................3

*Town & Country Linen Corp. v. Ingenious Designs LLC*,
  2020 WL 3472597 (S.D.N.Y. June 25, 2020) ............................................................3, 8, 10


**Statutes/Rules**

Fed. R. Civ. P. 12(f) ........................................................................................................................ 1
Fed. R. Civ. P. 16(b)(4) ................................................................................................................ 10

Plaintiff Jane Street Group, LLC ("Jane Street") respectfully submits this reply in further support of its motion to strike certain of Defendants Millennium Management, LLC's ("Millennium"), Douglas Schadewald's and Daniel Spottiswood's (the "Individual Defendants," and collectively, "Defendants") amended affirmative defenses pursuant to Fed. R. Civ. P. 12(f).

## PRELIMINARY STATEMENT

Jane Street's motion established that certain of Defendants' amended affirmative defenses should be stricken with prejudice because they remain plagued with both legal flaws and factual deficiencies.  In their Opposition, Defendants prove Jane Street right—opting to devote significant pages to rehashing baseless (and often irrelevant) allegations and using heightened rhetoric, the sole purpose of which is to smear Jane Street, and make litigating this case more expensive, more burdensome and more convoluted.  But the purpose of an affirmative defense is not to provide defendants with a vehicle to sling mud, engage in discovery fishing expeditions, or lard pleadings with improper matter.  Because these affirmative defenses remain defective after Defendants were put on notice of their deficiencies, the Court should grant Jane Street's motion.

## ARGUMENT

**I.  THE COURT SHOULD STRIKE DEFENDANTS' INSUFFICIENTLY PLEADED AFFIRMATIVE DEFENSES**

  **A.  Defendants Fail To Plead Sufficient Facts To Support Unclean Hands**

It is undisputed that unclean hands is only available when: (i) the plaintiff is guilty of immoral, unconscionable conduct; (ii) when that immoral, unconscionable conduct is directly related to the subject matter in litigation; *and* (iii) the party seeking to invoke the doctrine was injured by such immoral, unconscionable conduct.  *FDIC v. Murex LLC*, 500 F. Supp. 3d 76, 122 (S.D.N.Y. 2020) (Engelmayer, J.); Dkt. 119 ("Br.") at 6-10; Dkt. 131 ("Opp.") at 4-5.  Thus, for Defendants' unclean hands defense to stand, they must plausibly plead facts to support that Jane

1

Street engaged in egregious conduct in acquiring or developing the Trading Strategy that is the subject of this litigation, and that this conduct injured Defendants, such that it would be unconscionable for the Court to allow Jane Street to assert its DTSA and breach of contract claims. Defendants fail to do so, instead devoting pages trying to force a square peg into a round hole.

*First*, as to Defendants "first" basis for the defense—that Jane Street's own trading activity caused it to lose profits rather than Defendants' misappropriation and use of the Trading Strategy (Opp. 5-6)—even assuming for the purpose of this motion these allegations are true (they are not), this has nothing to do with Jane Street's supposed "unclean hands." Rather, this is simply argument about the elements of causation and damages. A defendant's mere denial of an element of a claim cannot amount to a plaintiff's "truly unconscionable and brazen behavior" that can support this rare defense. *Murex*, 500, F. Supp. 3d at 122. Notably, Defendants cite **no authority** that such a "factual" allegation—even if true—could establish unclean hands. In any event, Defendants admit these allegations "pertain[] to conduct that occurred after Schadewald and Spottiswood left Jane Street and began working at Millennium." Opp. 5. Accordingly, these post-departure allegations do not, and cannot, relate to any supposed unconscionable or immoral conduct by Jane Street in acquiring or developing its Trading Strategy, as required. Br. 7-8.

*Second*, as to Defendants' "second" basis for the defense—that Jane Street filed this suit "for the purpose of chilling competition" (Opp. 6-7)—again, even treating these (baseless) allegations as true, they are nothing more than a repackaging of Defendants' argument that Jane Street had an improper motive in filing its lawsuit. It is well established that a party's motivation for filing a lawsuit cannot support an unclean hands defense. Br. 6-7 (citing cases). Defendants' cases do not hold otherwise. For example, in *Perfect Pearl Co. v. Majestic Pearl & Son, Inc.* (Opp. 6), the plaintiff merely argued on summary judgment that the defendant "failed to put forth any

evidence" on unclean hands, No. 10-cv-03998, Dkt. 55 at 19-20 (S.D.N.Y. Mar. 22, 2012), and the Court found that defendant "failed to brief th[is] defense[]" and so deemed it "abandoned," *id.*, 887 F. Supp. 2d 519, 544 (S.D.N.Y. 2012). And there, the defendant's answer simply provided notice pleading supported by zero allegations. *Id.*, No. 10-cv-03998, Dkt. 45 at 8 (S.D.N.Y. Jan. 27, 2012). There is no indication of what that unclean hands theory was based on at all, let alone that an allegation that a lawsuit was brought in "bad faith" is enough; otherwise, ***every*** lawsuit that a defendant believes was brought in "bad faith" would permit such a defense. "Bad faith" is a conclusory label—what matters are the facts that the defendant alleges ***shows*** bad faith that could support unclean hands. *Town & Country Linen Corp. v. Ingenious Designs LLC*, 2020 WL 3472597, at *10 (S.D.N.Y. June 25, 2020) ("a party must support affirmative defenses with some factual allegations to make them plausible") (quotations omitted). Defendants cite ***no authority*** that allegations of "chilling competition," even if true, can show "unclean hands."[1]

With this, Defendants are not helped by *Keystone Driller Co. v. Gen. Excavator Co.*, which upheld an unclean hands defense because the alleged conduct (***concealing*** prior use) was directly relevant to the claim at issue (that defendant infringed on plaintiff's patent). 290 U.S. 240, 246-47 (1933). But it does not follow that "[j]ust as the plaintiff in *Keystone Driller* had acted in bad faith by concealing prior use," so Jane Street "acted in bad faith by falsely asserting violations of

---

[1] Courts in fact ***reject*** unclean hands defenses premised on the theory that a lawsuit was filed to "chill" competition. In *Tiffany (NJ) Inc. v. eBay Inc.*, for example, the Court denied a defendant leave to amend a pleading to add an unclean hands defense premised on allegations that the plaintiffs made representations that "improperly enlarge[ ] the scope of the very trademark rights [they] seek[ ] to assert." 2006 WL 8461405, at *2 (S.D.N.Y. Mar. 31, 2006). The Court found such allegations to be "facially insufficient" including because "[a]t best, it could represent some other form of improper anti-competitive behavior" under antitrust law, but "that is a different claim than one grounded in unclean hands." *Id.* at *4 n.1. *Tiffany* also noted that a party's "aggressive" defense of its intellectual property, including with statements "intended to scare off would-be sellers of counterfeit Tiffany products … do[es] not rise to the level of unconscionable or brazen behavior that is necessary to succeed under the clean hands doctrine." *Id.* at *3.

trade secrets and confidentiality agreements." Opp. 6-7. The logical "similar" allegation here would have been an allegation that Jane Street concealed its own theft of the Trading Strategy from a competitor (Millennium). But Defendants do not (and cannot) allege any such thing. *MBIA Ins. Corp. v. Patriarch Partners VIII, LLC*, 842 F. Supp. 2d 682, 713 (S.D.N.Y. 2012) ("If the alleged misconduct is unrelated to the claim to which it is asserted as a defense, [it] does not constitute unclean hands.") (quotations omitted).

**Third**, Defendants err in arguing that their unclean hands allegations relate to the "subject matter [in this] litigation" (Opp. 7-8), because they fail to allege that Jane Street *acquired* or *used* its Trading Strategy in a brazenly unconscionable manner. *See* Br. 6-7 (citing cases). On this dispositive point, Defendants sheepishly admit **they do not have any such facts**, instead arguing that this is "not something that any firm would disclose without discovery." Opp. 8. This exposes exactly why striking this affirmative defense now is proper: Defendants concede they cannot offer any such allegations in good faith (and don't even allege such a theory of unclean hands), but nonetheless ask for a Court-sanctioned discovery fishing expedition. This is the very prejudice that courts recognize warrants striking such defenses. *See, e.g.*, *Signify N. Am. Corp. v. Reggiani Lighting USA, Inc.*, 2020 WL 1331919, at *10 (S.D.N.Y. Mar. 23, 2020) (striking unclean hands defense: "given the deficiencies in Reggiani's inequitable conduct and 'bad faith' allegations and the completely conclusory nature of the asserted defense, the Court sees no reason to allow such a fishing expedition at this time"); *Congelados del Cibao v. 3 Kids Corp.*, 2021 WL 3774141, at *2 (S.D.N.Y. Aug. 24, 2021) (similar). And because the two theories that Defendants' *do* assert cannot succeed as a matter of law, no discovery could save such a defense.

**Finally**, Jane Street will be prejudiced if this defense is allowed to proceed. Having alleged no unconscionable conduct that could support this defense at trial, Defendants will inevitably expend the parties' limited time and resources trying to fish for discovery. Opp. 8; *Legal Recovery*

4

*Assocs. LLC v. Brenes L. Grp., P.C.*, 2024 WL 1073119, at *5 (S.D.N.Y. Feb. 13, 2024) (where "it is clear that an affirmative defense cannot succeed as a matter of law, the court may presume prejudice flowing from the time and expense required to litigate it."). Jane Street should not be saddled with discovery on a deficient defense in a complex case already on an expedited timeline where Defendants admit they have no factual basis to properly assert it. Br. 9-10.

### B. Defendants Fail To Plead Sufficient Facts To Support Waiver/Estoppel

Defendants now limit their waiver and estoppel defenses to allegations that Jane Street told the Individual Defendants there were no non-compete agreements in effect when they left, and that Jane Street allegedly is now interpreting the confidential trading strategies under the IP Agreements in a manner that would preclude Individual Defendants from working anywhere, transforming the Agreements into non-compete agreements. Opp. 9-10. Even if these hypothetical allegations were true (they are not), they are facially irrelevant: ***Jane Street has not sought to enforce a non-compete agreement against the Individual Defendants***. There are no allegations Jane Street ever took any steps to stop the Individual Defendants from working at Millennium—indeed, ***they are working there now***. Both are free to continue trading at Millennium—they just cannot use Jane Street's proprietary Trading Strategy, as they promised they would not do.

Moreover, as to Millennium, Defendants fail to plead: (1) any representations Jane Street made to Millennium; (2) any express relinquishing of a contractual right that existed between Jane Street and Millennium; or (3) any facts regarding Millennium's detrimental reliance upon a representation made by Jane Street. *See* Opp. 9-13. This is not surprising (because no such facts exist), but also provides this Court with all it needs to strike Millennium's waiver/estoppel defense. *See Robinson v. Fischer*, 2010 WL 5376204, at *10 (S.D.N.Y. Dec. 29, 2010) (issue is deemed abandoned when not addressed in party's opposition brief).

5

***Waiver.***  The Individual Defendants argue that: (1) "Jane Street waived any right to enforce non-compete restrictions on either Individual Defendant because it chose not to execute non-competition agreements" with them (Opp. 9-10); and (2) because Jane Street has generally stated that it does not bind employees with non-compete obligations, it therefore "waived its right to enforce any implied agreement not to compete" (Opp. 10).  But such allegations are ***irrelevant*** because Jane Street does not seek to enforce a non-compete here, either express or implied.  Br. 11 & n.7.  Defendants do not argue otherwise—this alone is enough to strike this defense.

Moreover, as Defendants' own cases make clear (Opp. 10-11), "waiver should not be lightly presumed and must be based on a clear manifestation of intent to relinquish a contractual protection."  *Fundamental Portfolio Advisors, Inc. v. Tocqueville Asset Mgmt., L.P.*, 850 N.E.2d 653, 658 (N.Y. 2006) (quotations omitted).  Jane Street's purportedly public statements on ***non-compete*** agreements cannot give rise to a clear manifestation of intent to relinquish Jane Street's ***confidentiality*** provisions under the IP Agreements that protect its highly valuable and confidential information.  For example, in *Fundamental Portfolio Advisors*, the plaintiff "fostered the business relationship between the [third party] and [defendant], and actively promoted the hiring of [defendant] as the [third-party's] new adviser."  *Id.*  It was ***that*** explicit conduct that the Court found constituted waiver, holding that the plaintiff "waived the right to enforce [defendant's] agreement not to conduct business with the [third party] in the absence of [plaintiff's] written consent."  *Id*.  Here, Jane Street did not "foster" a relationship between the Individual Defendants and Millennium to encourage use of the Trading Strategy, nor did it encourage the Individual Defendants to work for Millennium.

***Estoppel.***  Similar to waiver, Defendants contend that they relied, to their detriment, upon Jane Street's representations that "they were not bound by any non-compete obligations."  Opp.

6

11. Again, missing from this argument is any purported reliance—detrimental or otherwise—by Millennium, which waives the argument. *Robinson*, 2010 WL 5376204, at *10. And with respect to the Individual Defendants, even if they relied upon some statement from Jane Street that it would not enforce a non-compete, that would only be relevant if Jane Street now sought to enforce a non-compete agreement. Jane Street's claim (which the estoppel defense is meant to block) is for breach of the IP Agreements based on the Individual Defendants' acts of misappropriation and disclosure, not based on their employment at Millennium. Br. 2-3.

Defendants also contend their estoppel allegations are sufficient because no one at Jane Street told them before they left that their IP Agreements would prohibit them from competing with Jane Street in the India options market. Opp. 11. But again, Jane Street does ***not*** seek to prohibit the Individual Defendants from trading in the India options market, but rather that they comply with their contractual promise to not use Jane Street's Trading Strategy when doing so. And even if this were relevant (it is not), "[s]ilence alone is rarely a basis for finding equitable estoppel" and it is saved for circumstances where a party has a legal duty to speak. *Associated Press v. Meltwater U.S. Holdings, Inc.*, 931 F. Supp. 2d 537, 565 (S.D.N.Y. 2013). There is no allegation that Jane Street was under any legal duty to speak.

Finally, Jane Street will be prejudiced by the inclusion of these improper affirmative defenses because they will result in increased time and expense in discovery. For example, Defendants' Request for Production No. 14 relates solely to their waiver defense.[2] Jane Street should not be forced to incur costs and fees on this meritless defense.

---

[2] Defendants' Request for Production No. 14 asks Jane Street to produce "[a]ll documents and communications concerning any noncompete, nonsolicit, restricted trading, non-interference, garden leave, restrictive covenant, or any other obligation of either Individual Defendant to Jane Street, including the sunset, expiration, or termination thereof."

### C. The Court Should Strike The Individual Defendants' "Unenforceable" Affirmative Defense

In its motion, Jane Street established that the Individual Defendants' "unenforceable" affirmative defense should be stricken for failure to allege any facts as to what renders the IP Agreements "ambiguous, indefinite, [or] undefined." Br. 13. The Individual Defendants now contend that this is not an affirmative defense, but rather "attacks an element of Jane Street's breach of contract claim on which Jane Street bears the burden of proof." Opp. 16 (citing *Town & Country Linen Corp. v. Ingenious Designs LLC*, 2020 WL 3472597 at *11). But *Town & Country* does not even include an "unenforceable" contract affirmative defense. *Id.* Rather, in *Town & Country*, the court declined to strike an affirmative defense based upon a federal statute that prohibited a plaintiff's ability to recover damages under certain circumstances in a patent suit. *Id.* None of those facts, allegations, or legal issues are present here. Moreover, by Defendants' own admission (Opp. 16), "unenforceable" is not an affirmative defense and therefore the defense should be stricken (Br. 13-14); *Am. Home Energy Inc. v. AEC Yield Cap. LLC*, 2022 WL 595186, at *17 (E.D.N.Y. Feb. 28, 2022) (striking defenses where defendant "merely lists the standard … without connecting that standard to any pleaded facts").[3]

The Individual Defendants also argue in the alternative that they adequately pleaded this (non) affirmative defense. Opp. 16. But they merely allege that the "scope of confidential information" in the IP Agreements is "vague and indefinite." Opp. 16. They do not allege ***what*** about the "scope of confidential information" in the IP Agreements renders them vague and indefinite. And because the Individual Defendants have the Agreements in hand and were put on

---

[3] A defendant's claim that a contractual provision is unenforceable ***can*** be an affirmative defense. *See, e.g.*, *Day v. Meyer*, 2001 WL 456327, at *1 (S.D.N.Y. Apr. 30, 2001) (striking affirmative defense that contractual provision was unenforceable under public policy for failure to allege sufficient facts). That the Individual Defendants do not allege sufficient factual allegations to support the defense is the reason to strike it.

notice of this deficiency, but still fail to provide any facts to support their conclusory assertion, the Court should strike this defense. *Paul Rudolph Found. v. Paul Rudolph Heritage Found.*, 2022 WL 4109723, at *12-13 (S.D.N.Y. Sept. 8, 2022) (dismissing amended affirmative defenses with prejudice and denying defendant leave to amend because to do so would prejudice plaintiff).

### D. The Individual Defendants Fail To Allege Sufficient Facts To Support "Unjust Enrichment"

Jane Street established that the Individual Defendants' one-sentence, unexplained unjust enrichment defense should be stricken for two independent reasons: (i) it is not an affirmative defense at all; and (ii) even if it was a defense, Defendants failed to adequately plead it. Br. 14.

***First***, the Individual Defendants falsely argue that Jane Street asserts this defense "must be brought as a counterclaim." Opp. 15. Jane Street ***never*** made such a bizarre argument. *See* Br. 14. Rather, Jane Street argued that they cannot bring such a defense because Jane Street's damages are part of ***Jane Street's*** claim. Br. 14 (quoting *adidas Am., Inc. v. Thom Browne, Inc.*, 629 F. Supp. 3d 213, 221 (S.D.N.Y. 2022)). If Jane Street succeeds, it cannot be "unjustly enriched."

***Second***, the Individual Defendants again argue that this is a "denial-of-liability defense" that poses no prejudice to Jane Street. Opp. 15. This is wrong: Jane Street established that a one-sentence affirmative defense that fails to allege ***any*** facts or even put Jane Street on notice of its basis fails *Twombly*. Br. 14. Jane Street will be prejudiced by having to devote resources in discovery to ferret out how Defendants contend Jane Street would be "unjustly enriched." As *adidas Am.* explained, "[the defendant] is correct that at this stage it need not prove its asserted affirmative defenses, but it still must meet the plausibility requirements as set forth in *Twombly* and *Iqbal.*" 629 F. Supp. 3d 213, 222 (S.D.N.Y. 2022). And the portion that *adidas Am.* permitted to survive (Opp. 15-16) was an explicit allegation in the defense that the plaintiff "suffered no harm or damages," *id.*—the Individual Defendants do not even allege that level of detail.

9

### E.  The Individual Defendants' "Reserved" Defenses Are Not Permitted

Jane Street does not contest that if discovery later proves an additional affirmative defense may be applicable, Rule 16(b)(4) affords a vehicle to seek leave of the Court to amend a pleading at that time upon a showing of good cause. Dkt. 88 ¶ 3. However, in the context of this complex and technical case, there is no place for placeholder "reserved" defenses. They should be stricken.

### F.  The Court Should Strike Defendants' Denials That They Admit Are Mislabeled As "Affirmative Defenses"

Defendants argue that the Court should not strike their sixteen denial defenses because they "do not prejudice Jane Street because they do not raise new issues in the case." Opp. 14. As Jane Street explained, with an expedited discovery schedule in this highly complex case, the need for clarity on which affirmative defenses are at issue, and the need to avoid efforts associated with defenses that are not truly at issue, is heightened. Br. 16.[4]

## II.  THE COURT SHOULD STRIKE THE CHALLENGED AFFIRMATIVE DEFENSES WITH PREJUDICE

In a last-ditch effort, Defendants ask if the Court strikes any of their affirmative defenses, it should do so without prejudice so that they "have the benefit of the Court's analysis" of any deficiencies. Opp. 18. But this Court already provided that chance when it *sua sponte* gave them an opportunity to amend. Dkt. 95. Having been put on clear notice of their deficiencies, the Court should strike these defenses with prejudice. *Paul Rudolph Found.*, 2022 WL 4109723, at *12-13.

### CONCLUSION

The Court should grant Jane Street's motion in its entirety.

---

[4] Defendants' cases are also inapposite for the same reasons set forth in Jane Street's motion with respect to *Orientview Techs. LLC v. Seven for All Mankind, LLC*, 2013 WL 4016302 (S.D.N.Y. Aug. 7, 2013)—*i.e.*, a limited set of non-affirmative defenses were not stricken. *See* Opp. 14 (citing *Inter-Am. Dev. Bank v. IIG Trade Opportunities Fund N.V.*, 2017 WL 6025350, at *9 (S.D.N.Y. Dec. 4, 2017) (Engelmayer, J.) (failure to state a claim the sole remaining affirmative defense in a non-expedited case); *Town & Country*, 2020 WL 3472597, at *11 (similar)).

10

DATED:  July 1, 2024                              Respectfully submitted,

<u>/s/ Deborah K. Brown</u>
Alex Spiro
Deborah K. Brown
Todd Anten
Jeffrey C. Miller
Kaitlin P. Sheehan (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
alexspiro@quinnemanuel.com
deborahbrown@quinnemanuel.com
toddanten@quinnemanuel.com
jeffreymiller@quinnemanuel.com
kaitlinsheehan@quinnemanuel.com

Greg Miraglia (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
300 West 6th Street
Austin, Texas 78701
Telephone: (737) 667-6100
gregmiraglia@quinnemanuel.com

Jeff Nardinelli (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
jeffnardinelli@quinnemanuel.com

*Attorneys for Plaintiff Jane Street Group, LLC*