**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JANE STREET GROUP, LLC,

                 *Plaintiff*,

    v.

MILLENNIUM MANAGEMENT LLC,
DOUGLAS SCHADEWALD, and DANIEL
SPOTTISWOOD,

                 *Defendants*.

Civil Action No. 24-cv-2783(PAE)

---

**JANE STREET'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO
DISMISS MILLENNIUM MANAGEMENT LLC'S AMENDED COUNTERCLAIMS**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ....................................................................................................1

BACKGROUND ..........................................................................................................................2

      A.      Jane Street's Claims ...............................................................................................2

      B.      Millennium's Counterclaims ..................................................................................4

ARGUMENT ................................................................................................................................6

I.      THE COURT SHOULD DISMISS MILLENNIUM'S COUNTERCLAIM FOR
UNFAIR COMPETITION (COUNT II) ...........................................................................6

II.     THE COURT SHOULD DISMISS MILLENNIUM's DECLARATORY
JUDGMENT COUNTERCLAIM (COUNT I) .................................................................10

      A.      The Court Should Dismiss Millennium's DJA Counterclaim Because
There Is No Independent Cause Of Action For A Request For Attorneys'
Fees ......................................................................................................................10

      B.      In The Alternative, The Court Should Dismiss Millennium's DJA
Counterclaim As Redundant Of Jane Street's Misappropriation Claims .............13

CONCLUSION.............................................................................................................................17

## **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Admiral Ins. Co. v. Niagara Transformer Corp.*,
  57 F.4th 85 (2d Cir. 2023) ......................................................................13, 14

*Allstate Life Ins. Co. v. Mota*,
  2021 WL 5166819 (S.D.N.Y. Nov. 5, 2021) ...............................................2, 7, 11

*Arista Recs. LLC v. Usenet.com., Inc.*,
  2008 WL 4974823 (S.D.N.Y. Nov. 24, 2008) ...........................................16

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2007)..................................................................................6, 8

*Bayer Schera Pharma AG v. Sandoz, Inc.*,
  2010 WL 1222012 (S.D.N.Y. Mar. 29, 2010) ...........................................7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..................................................................................6

*Bio-Technology Gen. Corp. v. Genentech, Inc.*,
  886 F. Supp. 377 (S.D.N.Y. 1995)............................................................7

*CA, Inc. v. Simple.com, Inc.*,
  621 F. Supp. 2d 45 (E.D.N.Y. 2009) ........................................................7, 9

*Cap. Inventory, Inc. v. Green*,
  2021 WL 9938794 (N.D. Ga. June 15, 2021)............................................12

*Concordia Pharms. Inc. SARL v. Lazarus Pharms. Inc.*,
  2019 WL 2502212 (D.S.C. May 17, 2019)................................................12

*Dubov v. Lewis*,
  2019 WL 1060652 (S.D.N.Y. Mar. 6, 2019) .............................................15

*EFG Bank AG, Cayman Branch v. AXA Equitable Life Ins. Co.*,
  309 F. Supp. 3d 89 (S.D.N.Y. 2018).........................................................15

*Elias Indus., Inc. v. Kissler & Co.*,
  2022 WL 911759 (W.D. Pa. Mar. 29, 2022) .............................................11

*Fiduciary Ins. Co. of Am. v. Med. Diagnostic Servs., P.C.*,
  150 A.D.3d 498 (1st Dept 2017)...............................................................10

*Frommer v. MoneyLion Techs. Inc.*,
  2024 WL 2158589 (S.D.N.Y. May 14, 2024) ...........................................14, 15

*Fung-Schwartz v. Cerner Corp.*,
  2019 WL 4393022 (S.D.N.Y. Sept. 13, 2019)...........................................8

*Gas Nat., Inc. v. Iberdrola, S.A.*,
  33 F. Supp. 3d 373 (S.D.N.Y. 2014)..........................................................8

*Hello I Am Elliot, Inc. v. Sine*,
   2020 WL 3619505 (S.D.N.Y. July 2, 2020) ........................................................11

*KCG Holdings, Inc. v. Khandekar*,
   2020 WL 7053229 (S.D.N.Y. Dec. 2, 2020) ........................................................12

*Lokai Holdings LLC v. Twin Tiger USA LLC*,
   306 F. Supp. 3d 629 (S.D.N.Y. 2018)..................................................................12

*LoPresti v. Mass. Mut. Life Ins. Co.*,
   30 A.D.3d 474 (N.Y. 2d Dep't 2006) ....................................................................8

*Lyle/Carlstrom Assocs., Inc. v. Manhattan Store Interiors, Inc.*,
   1986 WL 84361 (S.D.N.Y. Apr. 21, 1986)............................................................7

*McGriff Ins. Servs., Inc. v. Littlestone*,
   2021 WL 6197378 (M.D. Fla. Dec. 30, 2021)......................................................12

*Moore U.S.A. Inc. v. The Standard Register Co.*,
   139 F. Supp. 2d 348 (W.D.N.Y. 2001)..................................................................7

*Nat'l Acad. of Tele. Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*,
   551 F. Supp. 3d 408 (S.D.N.Y. 2021)..................................................................16

*Outlogic, LLC v. Advan Rsch. Corp., LLC*,
   2024 WL 2203280 (2d Cir. May 16, 2024) .........................................................13

*Peloton Interactive, Inc. v. ICON Health & Fitness, Inc.*,
   2021 WL 3794829 (D. Del. Aug. 26, 2021) ........................................................15

*Phyto Tech Corp. v. Givaudan SA*,
   2023 WL 1437714 (S.D.N.Y. Jan. 31, 2023) .......................................................12

*Pinebrook Holdings, LLC v. Narup*,
   2020 WL 871578 (E.D. Mo. Feb. 21, 2020).........................................................12

*Priority Fulfillment Servs., Inc. v. Gaiam Ams. Inc.*,
   2018 WL 5981950 (S.D.N.Y. Nov. 14, 2018)........................................................6

*R.J. Heating Co. v. Rust*,
   2024 WL 1307114 (N.D. Ohio Mar. 27, 2024) ...................................................11

*Rail Scale, Inc. v. Balanced Railscale Cert., LLC*,
   2017 WL 319077 (E.D. Tex. Jan. 23, 2017).........................................................15

*SA Luxury Expeditions, LLC v. Schleien*,
   2022 WL 3718310 (S.D.N.Y. Aug. 29, 2022).........................................................9

*Shambaugh & Son, L.P. v. Reichhart*,
   2024 WL 1929280 (N.D. Ind. May 2, 2024) .......................................................11

*Starr Indem. & Liab. Co. v. Exist, Inc.*,
   2024 WL 503729 (2d Cir. Feb. 9, 2024)..............................................................14

*Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*,
   2024 WL 1116090 (S.D.N.Y. Mar. 13, 2024) ......................................................12

*Travelers Prop. Cas. Co. of Am. v. Harleysville Worcester Ins. Co.*,
   685 F. Supp. 3d 187 (S.D.N.Y. 2023) ...................................................................14

*Washington v. Landmark Tech. A, LLC*,
   2023 WL 2527173 (W.D. Wash. Mar. 15, 2023) ....................................................16

*Wilton* v. *Seven Falls Co.*,
   515 U.S. 277 (1995) ................................................................................................14

*Wong v. I.A.T.S.E.*,
   2024 WL 898866 (S.D.N.Y. Mar. 1, 2024) ...........................................................17

*Worldwide Home Prod., Inc. v. Bed Bath & Beyond, Inc.*,
   2013 WL 247839 (S.D.N.Y. Jan. 22, 2013) ..........................................................15

## <u>Statutes/Rules</u>

18 U.S.C. § 1836(b)(3)(D)..............................................................4, 9, 10, 11, 12, 13

28 U.S.C. § 2201 ............................................................................................................4, 13

35 U.S.C. § 285 ..................................................................................................................12

Fed. R. Civ. P.
   12(b)(1) .......................................................................................................1, 13, 16
   12(b)(6) .........................................................................................................1, 6, 13
   15(a)(1) .....................................................................................................................5
   54(d) ........................................................................................................10, 11, 12

Plaintiff Jane Street Group, LLC ("Jane Street") respectfully submits this memorandum of law in support of its motion to dismiss Defendant Millennium Management LLC's ("Millennium") Amended Counterclaims (Dkt. 122) with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

## PRELIMINARY STATEMENT

This Court is familiar with this dispute, as this is Jane Street's third active motion in connection with Defendants' deficient responsive pleadings in this action. *See* Dkt. 92 (Jane Street's motion to dismiss the Individual Defendants' counterclaims); Dkt. 120 (Jane Street's motion to strike certain of Defendants' amended affirmative defenses). Jane Street must once again seek relief from the Court, this time for Millennium's deficient amended counterclaims, which remain futile as a matter of law. Millennium was warned that any further opportunity to amend will be unlikely, yet it failed to cure the deficiencies in its pleading. The Court should therefore dismiss both of Millennium's counterclaims with prejudice.

In early April, after it uncovered Defendants' bad acts, Jane Street filed this action alleging, among other things, that: (1) its former employees, Messrs. Douglas Schadewald and Daniel Spottiswood ("the Individual Defendants") breached certain contractual confidentiality obligations to Jane Street and; (2) both the Individual Defendants and Millennium (their current employer and a competitor of Jane Street) violated the Defend Trade Secrets Act ("DTSA") and New York trade secret law through their use of Jane Street's proprietary and confidential Trading Strategy.

In response, Millennium now asserts two counterclaims, neither of which is a cognizable cause of action under New York law. ***First***, Millennium again seeks a declaratory judgment that it did not violate trade secret law and that it should be declared the "prevailing party" and awarded its attorneys' fees. But this is simply the same counterclaim Jane Street previously moved to dismiss. As Jane Street already explained—and Millennium ignores—there is no independent cause of action for a counterclaim of "bad faith" litigation or attorneys' fees under the DTSA, and

1

in any event Millennium's request for a declaration of "no liability" is nothing more than a mirror image of Jane Street's affirmative trade secret claims.  Courts in this District consistently dismiss such counterclaims on **both** grounds, and this Court should follow suit.

      ***Second***, rather than try to remedy any deficiencies with its declaratory judgment counterclaim (which it could not have done anyway), Millennium instead used the opportunity to amend to allege a second new counterclaim of "unfair competition" based solely on Jane Street's filing of this action against Millennium, allegedly in "bad faith."  But Millennium ignores that "New York does not recognize bad faith litigation as a type of unfair competition," *Allstate Life Ins. Co. v. Mota*, 2021 WL 5166819, at *5 (S.D.N.Y. Nov. 5, 2021), so this claim is futile as a matter of law and should be dismissed with prejudice.  While this second counterclaim is also deficient for failure to allege sufficient facts (and the Court should not give Millennium a third chance to prolong the pleading stage of this case), its futility is enough reason to dismiss it now.

      With the deadline for the parties' substantial completion of document production mere weeks away, the Court should not allow Millennium to use this Court's docket to assert useless counterclaims as vehicles to publicize its views of the case, and to smear Jane Street with factually unsupported claims of "bad faith."  Millennium's counterclaims, which are facially futile and, at minimum, wholly redundant of Jane Street's claims, should be dismissed.

## BACKGROUND

### A.    Jane Street's Claims

      Jane Street is a global proprietary trading firm in the financial services industry.  Dkt. 63 (First Amended Complaint or "FAC") ¶ 16.  As a trading firm, one of Jane Street's most valuable assets is its trade secrets, which include its confidential and proprietary trading strategies. Defendants Schadewald and Spottiswood are former Jane Street traders who were involved in researching, developing, and implementing Jane Street's proprietary trading strategies, including

the specific Trading Strategy at issue in this case.  *Id.* ¶¶ 61-67, 96-99.[1]  In February 2024, Messrs. Schadewald and Spottiswood left Jane Street to work as traders for a competitor firm, Millennium.

Within weeks of Messrs. Schadewald and Spottiswood's joining Millennium, Jane Street saw evidence indicating that all three Defendants were, in fact, using and/or exploiting Jane Street's proprietary Trading Strategy.  FAC ¶ 140; *see also id.* ¶¶ 120-163 (detailing allegations of how Millennium recruited the Individual Defendants with the intent to misappropriate Jane Street's confidential information and trade secrets, including its Trading Strategy, and how that misappropriation enabled Millennium to improperly capitalize on and profit from Jane Street's intellectual property and trade secrets at Jane Street's expense).

Jane Street commenced this action on April 10, 2024, seeking temporary and permanent injunctive relief to prevent Defendants from continuing their improper use of the Trading Strategy, and seeking money damages to compensate for the harm caused to Jane Street.  Jane Street also sought limited and narrow discovery in connection with a preliminary injunction hearing.  At the April 19, 2024 hearing on Jane Street's application for a temporary restraining order, the Court recognized the plausibility of Jane Street's claims.  *See* 4/19/24 Tr. 55:5-7 ("Jane Street's claims are undeniably serious ones.  They absolutely have the potential to be established."); *id.* 61:2-4 ("Look, ultimately these issues require discovery.  This is a complicated matter.  Jane Street has certainly identified smoke, but it has not established a fire.").  However, the Court ruled that, on the record before it, Jane Street had not made a sufficient showing of irreparable harm necessary to issue a temporary restraining order, with the Court opining that money damages would likely afford Jane Street sufficient relief.  *Id.* 54:24-58:4.  Rather than set a preliminary injunction

---

[1]    The Trading Strategy is described at length in Jane Street's FAC.  *Id.* ¶¶ 31-60.

hearing, the Court set an expedited trial date for all claims to be heard on July 15, 2024—leaving three months to complete all necessary discovery (fact and expert) for all claims in the case.

Given the seriousness of Jane Street's claims, the significance to Jane Street's business, the Court's guidance on irreparable harm, and the sheer amount of discovery that would be required to fully and fairly present Jane Street's claims at trial, Jane Street voluntarily filed an amended complaint on April 26, 2024, which in relevant part withdrew its request for injunctive relief without prejudice.  Jane Street still pursued money damages for its claims against Millennium's violation of the DTSA and New York law by using the Trading Strategy.

On May 21, 2024, the Court entered a Case Management Plan and Scheduling Order ("CMO"), which required Jane Street to provide Millennium a reasonably particularized description of its asserted trade secrets by May 23, 2024.  Dkt. 88 ¶ 5.  Jane Street timely provided that disclosure.  Dkt. 122 ¶ 52.

### B.   Millennium's Counterclaims

On May 10, 2024, Millennium responded to the FAC by filing an Answer, Affirmative Defenses, and Counterclaim.  Dkt. 72.  In relevant part, Millennium filed one counterclaim seeking a declaration under the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201: (1) "of no liability for trade secret misappropriation under DTSA or New York law," (2) "that Jane Street has brought its DTSA and New York trade secret misappropriation claims in bad faith," and (3) that Millennium is the "prevailing party" under the DTSA, 18 U.S.C. § 1836(b)(3)(D), and is entitled to an award of attorneys' fees.  *Id.* ¶¶ 75-76.  The alleged basis for this counterclaim was that (1) the Court denied Jane Street's motion for a temporary restraining order, (2) Jane Street thereafter voluntarily amended its complaint to withdraw its request for injunctive relief without prejudice, and (3) Jane Street did not voluntarily provide a particularization of its trade secrets in advance of

the Court's deadline.  Millennium claimed this meant Jane Street "knows that it cannot prevail" on the merits of its trade secrets claims and thus brought its claims "in bad faith."  *Id.* ¶¶ 63-74.

On May 31, 2024, Jane Street filed a motion to dismiss Millennium's counterclaim.  Dkts. 92-93.  Recognizing that Fed. R. Civ. P. 15(a)(1)(B) allows Millennium to amend its counterclaim once as a matter of course, on June 3, 2024 this Court *sua sponte* ordered that, rather than respond to the motion, Millennium shall "file any amended counterclaims … by June 21, 2024.  ***No further opportunities to amend will ordinarily be granted.***"  Dkt. 95 at 1 (emphasis added).

On June 21, Millennium filed its Amended Counterclaims.  *See generally* Dkt. 122 at 37-50 ¶¶ 1-79.  In that filing, Millennium largely left untouched its counterclaim seeking a declaratory judgment under the DJA "of no liability for trade secret misappropriation under DTSA or New York law," requesting a finding that Jane Street brought its trade secret claims in "bad faith" and that Millennium is entitled to its attorneys' fees as the "prevailing party."  *Id.* ¶¶ 64-74.[2]  Rather than revise its pleading to address Jane Street's motion, Millennium instead added a new counterclaim for "unfair competition" under New York law, premised entirely on the allegation that, in filing this action, Jane Street supposedly "brought knowingly baseless claims while engaging in a shifting sands approach to litigation," with the "sole purpose … to hurt Millennium's business and reputation."  *Id.* ¶ 76.  This timely motion followed.  *See* Dkt. 95 at 1.

---

[2]   Millennium's primary modification to its declaratory judgment counterclaim was to remove its reliance on Jane Street's supposed failure to disclose its trade secrets, and acknowledge that it received Jane Street's trade secret disclosure on May 23, 2024 pursuant to the CMO.  *Compare* Dkt. 72 ¶¶ 66-68 *with* Dkt. 122 (removing those paragraphs and adding ¶¶ 51-52).

## ARGUMENT

### I.    THE COURT SHOULD DISMISS MILLENNIUM'S COUNTERCLAIM FOR UNFAIR COMPETITION (COUNT II)

In its Amended Counterclaims, Millennium inserts a new cause of action: "unfair competition" under New York law.  Dkt. 122 ¶¶ 75-79.  Because Millennium's counterclaim is futile as a matter of law, the Court should dismiss it with prejudice under Rule 12(b)(6).

"To survive a motion to dismiss under Rule 12(b)(6), a complaint (including one bringing counterclaims) must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Priority Fulfillment Servs., Inc. v. Gaiam Ams. Inc.*, 2018 WL 5981950, at *3 (S.D.N.Y. Nov. 14, 2018) (Engelmayer, J.) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A complaint is properly dismissed where, as a matter of law, 'the allegations in a complaint, however true, could not raise a claim of entitlements to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 558).  "Although the court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor, that tenet 'is inapplicable to legal conclusions."  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007)) (internal citation omitted).

Millennium's new counterclaim for unfair competition is premised solely on the ground that Jane Street supposedly brought "baseless claims while engaging in a shifting sands approach to litigation," alleging that Jane Street's "purpose in bringing this case is to hurt Millennium's business and reputation."  Dkt. 122 ¶ 76.  While these incendiary claims of course are not true, even if the Court treats Millennium's factual allegations as true solely for the purposes of this motion, they do not state a New York unfair competition claim as a matter of law.

*First*, New York courts do not recognize the alleged bad-faith filing of litigation as an actionable form of "unfair competition."  This is with good reason—otherwise, the threat of such a counterclaim would improperly chill parties from initiating suit.  As Judge Liman recently

explained in dismissing an unfair competition counterclaim premised on a plaintiff's alleged bad-faith initiation of a lawsuit asserting trade secret misappropriation claims:

> Mota, however, cannot recover under the law of unfair competition for what he claims is Allstate's bad faith claim against him for stealing its trade secrets. ***New York does not recognize bad faith litigation as a type of unfair competition.*** Other remedies may be available to Mota if he establishes that Allstate brought this action in bad faith and without complying with the rules imposed on a party and counsel before initiating litigation. Those remedies, however, will not be through the law of unfair competition.

*Allstate Life Ins. Co. v. Mota*, 2021 WL 5166819, at *5 (S.D.N.Y. Nov. 5, 2021) (emphasis added, citations omitted). This is no outlier: "[t]he weight of authority clearly holds that bad faith litigation … does not give rise to an unfair competition claim under New York law." *Bayer Schera Pharma AG v. Sandoz, Inc.*, 2010 WL 1222012, at *6-8 (S.D.N.Y. Mar. 29, 2010) (granting motion to dismiss: alleged "bad faith patent infringement litigation" not actionable form of unfair competition) (citing cases); *see also, e.g.*, *CA, Inc. v. Simple.com, Inc.*, 621 F. Supp. 2d 45, 53-54 n.4 (E.D.N.Y. 2009) ("New York apparently does not recognize bad faith litigation as a type of unfair competition"); *Moore U.S.A. Inc. v. The Standard Register Co.*, 139 F. Supp. 2d 348, 361 (W.D.N.Y. 2001) ("New York apparently does not recognize litigation as a type of unfair competition"); *Bio-Technology Gen. Corp. v. Genentech, Inc.*, 886 F. Supp. 377, 384 (S.D.N.Y. 1995) ("bringing of the [International Trade Court] action, the Delaware action, false press releases about the outcome of the [International Trade Court] action, and filing a counterclaim against [plaintiff]" are not "recognized predicates for an unfair competition claim under New York law"); *Lyle/Carlstrom Assocs., Inc. v. Manhattan Store Interiors, Inc.*, 1986 WL 84361, at *4 (S.D.N.Y. Apr. 21, 1986) ("commencement of one or more lawsuits in an effort to enforce a patent does not create a claim for unfair competition in New York").

Such an outcome is consistent with the underlying goals of unfair competition law. "Not every act, even if taken in bad faith, constitutes unfair competition." *CA, Inc.*, 621 F. Supp. 2d at

53.   "[T]he tort [of unfair competition] is not all-encompassing, and [t]he New York Court of Appeals in rejecting the notion that unfair competition is equivalent to the amorphous term 'commercial unfairness' has stated that misappropriation of another's commercial advantage is a cornerstone of the tort." *Fung-Schwartz v. Cerner Corp.*, 2019 WL 4393022, at *8 (S.D.N.Y. Sept. 13, 2019) (quotations omitted, brackets in original).  Jane Street's filing of a lawsuit to protect its confidential information does not constitute a "misappropriation of a commercial advantage which belonged exclusively to" Millennium.  *LoPresti v. Mass. Mut. Life Ins. Co.*, 30 A.D.3d 474, 476 (N.Y. 2d Dep't 2006) (affirming dismissal of unfair competition claim).

Because the sole ground asserted by Millennium underlying its unfair competition claim cannot give rise to a New York unfair competition claim as a matter of law, the Court should dismiss Millennium's second counterclaim with prejudice, as any amendment would be futile.

**Second**, although the Court need not even reach it, Millennium fails to allege any **non-conclusory** factual allegations that could give rise to an unfair competition claim.  Jane Street's litigation conduct **during** this litigation, for example, cannot give rise to an unfair competition claim.  *See* Dkt. 122 ¶ 76.  Thus, all Millennium is left with are its entirely conclusory allegations about Jane Street's supposed "purpose" in bringing this lawsuit, which are not supported by any factual allegations.  *See, e.g.*, *Gas Nat., Inc. v. Iberdrola, S.A.*, 33 F. Supp. 3d 373, 383 (S.D.N.Y. 2014) ("*Twombly* and *Iqbal* require at least some assessment of whether the Complaint has alleged facts that 'nudge' an assertion that a party has acted in bad faith 'across the line from conceivable to plausible'") (quoting *Iqbal*, 556 U.S. at 680). !

**Third**, Millennium also fails to allege special damages.  "In order to recover for unfair competition under New York law, special damages must be alleged. …  In this context, special damages refers to direct financial loss, lost dealings, or an accounting of the profits caused by the

anticompetitive acts at issue." *CA, Inc.*, 621 F. Supp. 2d at 54 (quotations omitted).  Thus, "[a] claim for unfair competition under New York law must allege special damages by identifying actual losses and their causal relationship to the alleged tortious act." *SA Luxury Expeditions, LLC v. Schleien*, 2022 WL 3718310, at *3-4 (S.D.N.Y. Aug. 29, 2022) (dismissing unfair competition claim that "has not adequately alleged special damages").  Millennium, however, fails to allege any special damages it suffered as a result of Jane Street's alleged unfair competition.  Rather, it just alleges in conclusory fashion that Jane Street "has harmed and continues to harm Millennium's reputation and business."  Dkt. 122 ¶ 77.  That is not sufficient.

In any event, the Court should not give Millennium a third chance to amend.  Dkt. 95 at 1 ("No further opportunities to amend will ordinarily be granted.").  Because the sole premise of Millennium's claim—the initiation of this lawsuit in alleged bad faith—is not an actionable form of unfair competition, amendment would be futile.  The Court should dismiss this counterclaim with prejudice.  And because this counterclaim provides the sole vehicle for Millennium's new requests for unfair competition-related relief, the Court should likewise strike its demand for a "judgment" that Jane Street engaged in unfair competition and various forms of damages, fees and costs from that alleged violation.  Dkt. 122 at 49-50 (Prayer for Relief E-I).[3]

---

[3]    In its Amended Counterclaims, Millennium adds new requests for relief, *i.e.*: (1) "exemplary damages, punitive damages, and consequential damages, including those pursuant to applicable statutes"; (2) its "[r]easonable attorneys' fees and costs" apart from 18 U.S.C. § 1836(b)(3)(D); and (3) "[p]re- and post-judgment interest."  Dkt. 122 at 50(G-I).  While Millennium does not expressly name "unfair competition" as the basis for these three new specific requests for relief, given that Millennium asserts only one counterclaim in addition to its DJA claim (*see infra* Part II) such relief necessarily is limited to Millennium's New York unfair competition counterclaim.

## II.    THE COURT SHOULD DISMISS MILLENNIUM'S DECLARATORY JUDGMENT COUNTERCLAIM (COUNT I)

With the dismissal of its unfair competition counterclaim, all that remains is Millennium's declaratory judgment counterclaim of non-violation of federal and New York trade secret misappropriation, the basis for Millennium's demand for "prevailing party" attorneys' fees under the DTSA.  Dkt. 122 ¶¶ 64-74 (Count I).

For the same reasons that the Court should dismiss the Individual Defendants' counterclaim for "prevailing party" attorneys' fees, *see* Dkts. 93 & 134, the Court should likewise dismiss Millennium's indistinguishable counterclaim with prejudice.  Specifically: (1) there is no independent cause of action for attorneys' fees under the DTSA; and (2) it is entirely redundant of Jane Street's affirmative trade secret misappropriation claims.

### A.    The Court Should Dismiss Millennium's DJA Counterclaim Because There Is No Independent Cause Of Action For A Request For Attorneys' Fees

Millennium's request for declaratory judgment under 18 U.S.C. § 1836(b)(3)(D) that it be declared the "prevailing party," and thus "entitled to an award of reasonable attorneys' fees," Dkt. 122 ¶¶ 73-74, should be dismissed because there is no such independent cause of action.[4]  Under § 1836(b)(3)(D), ***after*** the case is resolved, either party (if it is the "prevailing party") may file a motion for attorneys' fees.  Rule 54(d)(2) provides that "[a] claim for attorney's fees … ***must*** be made ***by motion*** unless the substantive law requires those fees to be proved at trial as an element of damages."  Fed. R. Civ. P. 54(d)(2)(A) (emphasis added).  The DTSA does not require that the

---

[4]    Jane Street's trade secret misappropriation claim under New York law is a common law claim, not a statutory claim.  Under New York law, "a prevailing party may not recover attorneys' fees from the losing party except where authorized by statute, agreement or court rule."  *Fiduciary Ins. Co. of Am. v. Med. Diagnostic Servs., P.C.*, 150 A.D.3d 498, 498 (1st Dept 2017).  Here, there is no agreement between the parties with respect to attorneys' fees for the New York trade secret misappropriation claim.  Nor does Millennium seek its attorneys' fees in connection with Jane Street's New York trade secret misappropriation claim.  *See* Dkt. 122 ¶ 74.

prevailing party's attorneys' fees be proved at trial as an "element of damages."  Thus, Rule 54(d)

provides the sole vehicle by which the Court awards attorneys' fees.  ***Either*** party that prevails on

Jane Street's DTSA claim may request its attorneys' fees by a post-trial Rule 54(d) motion.

Nor can Millennium turn a request for post-trial relief into a cause of action by reframing

it as a declaratory judgment counterclaim.  "A party seeking a declaratory judgment must …

provide a substantive claim to relief based on a law other than the [DJA]."  *Hello I Am Elliot, Inc.*

*v. Sine*, 2020 WL 3619505, at *11 (S.D.N.Y. July 2, 2020) (Engelmayer, J.) (citing cases).  Under

§ 1836(b)(3)(D), ***there is no independent cause of action for attorneys' fees***.  Rather, the DTSA

allows a "prevailing party" to seek the remedy of fees ***after*** resolution of the merits of the plaintiff's

DTSA claim.  "[T]he majority view of courts is that claims for fees under the DTSA are not

separate counterclaims.  Instead, those claims are matters that can be addressed to the court, if

appropriate, at the close of the case."  *Shambaugh & Son, L.P. v. Reichhart,* 2024 WL 1929280,

at *2 (N.D. Ind. May 2, 2024).  Accordingly, Millennium's counterclaim should be dismissed.

For example, Judge Liman recently dismissed a counterclaim for a "bad faith claim" under

§ 1836(b)(3)(D) because "the statute does not provide a separate, independent cause of action for

a claim under the [DTSA] brought in bad faith."  *Allstate Life Ins.*, 2021 WL 5166819, at *6.

Rather, if the counterclaimant "proves in his defense" that the claim was brought in bad faith, "he

may seek … attorneys' fees."  *Id.*  Other courts agree.  *See, e.g.*, *R.J. Heating Co. v. Rust*, 2024

WL 1307114, at *6 (N.D. Ohio Mar. 27, 2024) (dismissing § 1836(b)(3)(D) counterclaim: DTSA

and state-law analog "provide a remedy for a party who is otherwise successful under the

respective statutory schemes; but they do not create separate, independent causes of action"); *Elias*

*Indus., Inc. v. Kissler & Co.*, 2022 WL 911759, at *6 (W.D. Pa. Mar. 29, 2022) (same: "claims for

attorneys' fees under the DTSA … are not independent causes of action and should be made

through a motion"); *McGriff Ins. Servs., Inc. v. Littlestone*, 2021 WL 6197378, at *3 (M.D. Fla. Dec. 30, 2021) (similar, dismissing § 1836(b)(3)(D) counterclaim); *Cap. Inventory, Inc. v. Green*, 2021 WL 9938794, at *7 (N.D. Ga. June 15, 2021) (dismissing § 1836(b)(3)(D) counterclaim: "no independent cause of action"); *Pinebrook Holdings, LLC v. Narup*, 2020 WL 871578, at *9 (E.D. Mo. Feb. 21, 2020) (similar, citing cases); *Concordia Pharms. Inc. SARL v. Lazarus Pharms. Inc.*, 2019 WL 2502212, at *7 (D.S.C. May 17, 2019) (denying leave to add § 1836(b)(3)(D) counterclaim because the statute does not require proof of damages at trial, it only provides for a potential remedy "for a party who has already prevailed on the merits," so Rule 54(d) requires fees to be sought "by motion").[5]

This is not unique to the DTSA. *Lokai Holdings LLC v. Twin Tiger USA LLC*, 306 F. Supp. 3d 629 (S.D.N.Y. 2018), for example, dismissed a defendant's counterclaim for attorneys' fees as the "prevailing party" under 35 U.S.C. § 285 of the Patent Act because "the statute provides for reasonable attorney's fees to the 'prevailing party' in the context of an existing action or proceeding.  Thus, an award of attorney's fees is a remedy that underlies a cause of action, but does not give rise to a separate one." *Id.* at 644-45 (collecting cases).  The Court further confirmed that Rule 54 "provides that [a] claim for attorney's fees ... ***must*** be made by motion," and so the defendant "is free to make an application for such fees at the conclusion of this case, and indeed has included a request for attorney's fees in their prayer for relief." *Id.* at 645 (quotations omitted,

---

[5]    This common sense reading of the fee-shifting provision of DTSA is borne out in practice, as parties seeking attorneys' fees under § 1836(b)(3)(D) do so by motion, either after resolution of the merits or as part of a dispositive motion. *See, e.g., Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, 2024 WL 1116090, at *1 (S.D.N.Y. Mar. 13, 2024) (granting motion for attorney's fees following jury trial); *Phyto Tech Corp. v. Givaudan SA*, 2023 WL 1437714, at *1 (S.D.N.Y. Jan. 31, 2023) (plaintiff filed motion for attorney's fees following jury trial); *KCG Holdings, Inc. v. Khandekar*, 2020 WL 7053229, at *2 (S.D.N.Y. Dec. 2, 2020) (motion for attorney's fees followed finding of judgment as a matter of law as to DTSA claims).

emphasis in original).  So too here, Millennium alleges in its Amended Affirmative Defenses that Jane Street "is prosecuting its claims in bad faith and for an improper purpose; therefore, Millennium is entitled to an award of reasonable attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3)(D)."  Dkt. 102 at 33 (No. 4).

The structure of the DTSA confirms that "prevailing party" attorneys' fees is a remedy, not a cause of action.  *Compare* 18 U.S.C. § 1836(b)(3)(D) (titled "REMEDIES": "in a civil action brought under this subsection with respect to the misappropriation of a trade secret, a court may … award reasonable attorney's fees to the prevailing party") *with id.* § 1836(b)(1) (titled "PRIVATE CIVIL ACTIONS": expressly creates cause of action for trade secret misappropriation).

Accordingly, Millennium's counterclaim for a "declaration" that Jane Street brought its DTSA claim "in bad faith" and so, "[a]s the prevailing party, Millennium is entitled to an award of reasonable attorneys' fees for being required to defend against Jane Street's baseless, bad faith claims," Dkt. 122 ¶¶ 73-74, should be dismissed with prejudice pursuant to Rule 12(b)(6).

**B.     In The Alternative, The Court Should Dismiss Millennium's DJA Counterclaim As Redundant Of Jane Street's Misappropriation Claims**

Although the Court need not reach the issue because Millennium's DJA counterclaim is not a cognizable cause of action (*see supra* Part II.A), the Court may alternatively decline to exercise jurisdiction over Millennium's DJA counterclaim under Rule 12(b)(1) because it is wholly redundant of Jane Street's own trade secret misappropriation claims.

The DJA provides that a district court "***may*** declare the rights and other legal relations of an[] interested party."  28 U.S.C. § 2201(a) (emphasis added).  The DJA, however, provides "a broad grant of discretion to district courts to refuse to exercise jurisdiction over a declaratory action that they would otherwise be empowered to hear."  *Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 96 (2d Cir. 2023) (quotations omitted); *see also Outlogic, LLC v. Advan Rsch.*

*Corp., LLC*, 2024 WL 2203280 at *1 (2d Cir. May 16, 2024) (summary order) (district courts'

"broad discretion to decline to exercise jurisdiction" over declaratory judgment claim reviewed

"deferentially, for abuse of discretion") (quotations omitted); *Starr Indem. & Liab. Co. v. Exist,*

*Inc.*, 2024 WL 503729, at *1 (2d Cir. Feb. 9, 2024) (summary order) ("District courts have broad

discretion to decline jurisdiction in declaratory judgment actions.") (quotations omitted). "[J]ust

because a court **may** hear a DJA claim does not mean that it **must**." *Travelers Prop. Cas. Co. of*

*Am. v. Harleysville Worcester Ins. Co.*, 685 F. Supp. 3d 187, 202 (S.D.N.Y. 2023).

In *Admiral Insurance*, the Second Circuit set forth multiple non-exclusive factors that

"should inform a district court's exercise of discretion":

> [1] whether the declaratory judgment sought will serve a useful purpose in
> clarifying or settling the legal issues involved; [2] whether such a judgment would
> finalize the controversy and offer relief from uncertainty; [3] whether the proposed
> remedy is being used merely for procedural fencing or a race to res judicata; [4]
> whether the use of a declaratory judgment would increase friction between
> sovereign legal systems or improperly encroach on the domain of a state or foreign
> court; [5] whether there is a better or more effective remedy; and [6] whether
> concerns for judicial efficiency and judicial economy favor declining to exercise
> jurisdiction.

57 F.4th at 99-100 (quotations omitted, cleaned up). The Court's discretion includes a "wide

latitude to address ... factors as relevant to the ultimate question of whether 'the normal principle

that federal courts should adjudicate claims [over which they have] jurisdiction' should 'yield[ ]

to considerations of practicality and wise judicial administration' in a particular case[.]" *Id.* at 100

(quoting *Wilton* v. *Seven Falls Co.*, 515 U.S. 277, 288 (1995)). For example, Judge Furman "easily

dismissed" a defendant's DJA claims on the grounds that the claims were "duplicative" of other

claims that would "resolve the same issues," and thus "considerations of practicality and wise

judicial administration" favored dismissal. *Frommer v. MoneyLion Techs. Inc.*, 2024 WL

2158589, at *11 (S.D.N.Y. May 14, 2024) (quoting *Admiral Ins.*, 57 F.4th at 99-100).

This is standard practice: "courts generally reject a DJA claim when other claims in the suit will resolve the same issues." *Id.* (quoting *EFG Bank AG, Cayman Branch v. AXA Equitable Life Ins. Co.*, 309 F. Supp. 3d 89, 99 (S.D.N.Y. 2018)). "When a counterclaim is merely the 'mirror image' of an opposing party's claim and the counterclaim serves no independent purpose, the counterclaim may be dismissed." *Worldwide Home Prod., Inc. v. Bed Bath & Beyond, Inc.*, 2013 WL 247839, at *2 (S.D.N.Y. Jan. 22, 2013) (citation omitted). This Court, for example, dismissed a defendant's DJA counterclaim that would necessarily be adjudicated by a plaintiff's claim as "not serv[ing] a useful purpose" because the plaintiff's claims "will likely" resolve the issues. *Dubov v. Lewis*, 2019 WL 1060652, at *3 (S.D.N.Y. Mar. 6, 2019) (Engelmayer, J.).

Courts equally apply this rule to trade secret misappropriation claims. *See, e.g.*, *Peloton Interactive, Inc. v. ICON Health & Fitness, Inc.*, 2021 WL 3794829, at *2 (D. Del. Aug. 26, 2021) (declining jurisdiction over defendant's mirror image DTSA counterclaim); *Rail Scale, Inc. v. Balanced Railscale Cert., LLC*, 2017 WL 319077, at *2 (E.D. Tex. Jan. 23, 2017) ("Defendants' liability for … trade secret misappropriation will be resolved as part of RSI's claims. A declaratory judgment from the Court is unnecessary.").

In the FAC, Jane Street alleges that Millennium "misappropriated Jane Street's trade secrets" under the DTSA and New York law (Dkt. 63 ¶¶ 193-219), and in its prayer for relief asks the Court to enter judgment finding Millennium liable for trade secret misappropriation (*id.* ¶¶ 202, 216). Mirroring these claims, Millennium's first counterclaim seeks a declaration "of no liability for trade secret misappropriation under DTSA or New York law." Dkt. 122 ¶ 73. Millennium's counterclaim thus is nothing more than the mirror image of Jane Street's own trade secret misappropriation claims, and "will do nothing to clarify or settle the legal relations at issue here." *Dubov*, 2019 WL 1060652, at *3. To the extent Millennium argues that its allegations of bad faith

distinguish it from Jane Street's affirmative claims, those allegations only support Millennium's request for a post-trial *remedy* of attorneys' fees to a prevailing party upon a showing of bad faith, not an independent cause of action under the DJA. *See supra* Part II.A. Absent its request for attorneys' fees, all that remains is Millennium's request for a finding "of no liability" (Dkt. 122 ¶ 73)—an issue that necessarily will be fully resolved through Jane Street's trade secret misappropriation claims. This counterclaim therefore is redundant, and should be dismissed with prejudice under Rule 12(b)(1).

Should the Court need further assurance, Millennium's counterclaim is duplicative of its affirmative defense and request for attorneys' fees in its Amended Answer. *See* Dkt. 102 at 33 (No. 4) (alleging Jane Street "is prosecuting its claims in bad faith and for an improper purpose; therefore, Millennium is entitled to an award of reasonable attorneys' fees" under the DTSA). Courts decline to exercise jurisdiction over a DJA claim that is redundant of an affirmative defense. *See, e.g.*, *Nat'l Acad. of Tele. Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*, 551 F. Supp. 3d 408, 430 (S.D.N.Y. 2021) (dismissing counterclaim for fair use in copyright case as "duplicative of Defendant's affirmative defense"); *Arista Recs. LLC v. Usenet.com., Inc.*, 2008 WL 4974823, at *5 (S.D.N.Y. Nov. 24, 2008) (similar); *Washington v. Landmark Tech. A, LLC*, 2023 WL 2527173, at *2 (W.D. Wash. Mar. 15, 2023) (similar).

\* \* \*

The Court granted Millennium an opportunity to amend its counterclaims in light of Jane Street's earlier-filed motion to dismiss, warning that "[n]o further opportunities to amend will ordinarily be granted." Dkt. 95 at 1. In response, Millennium did serve amended counterclaims, one of which is futile as a matter of law (unfair competition) and the other of which failed to make any meaningful changes and likewise remains futile as a matter of law and in any event redundant (declaratory judgment). No further bites at the apple are warranted. The Court should dismiss

both counterclaims with prejudice. *See Wong v. I.A.T.S.E.*, 2024 WL 898866, at \*5 n.3 (S.D.N.Y. Mar. 1, 2024) (Engelmayer, J.) (dismissing claims with prejudice after granting opportunity to amend).

## CONCLUSION

Jane Street respectfully requests that the Court grant its motion in its entirety.

DATED:  July 2, 2024                              Respectfully submitted,

*/s/ Deborah K. Brown*
Alex Spiro
Deborah K. Brown
Todd Anten
Jeffrey C. Miller
Kaitlin P. Sheehan (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
alexspiro@quinnemanuel.com
deborahbrown@quinnemanuel.com
toddanten@quinnemanuel.com
jeffreymiller@quinnemanuel.com
kaitlinsheehan@quinnemanuel.com

Greg Miraglia (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
300 West 6th Street
Austin, Texas 78701
Telephone: (737) 667-6100
gregmiraglia@quinnemanuel.com

Jeff Nardinelli (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
jeffnardinelli@quinnemanuel.com

*Attorneys for Plaintiff Jane Street Group, LLC*