**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

JANE STREET GROUP, LLC,

      *Plaintiff and Counterclaim-Defendant*,

      *v.*

MILLENNIUM MANAGEMENT LLC, DOUGLAS SCHADEWALD, and DANIEL SPOTTISWOOD,

      *Defendants and Counterclaim-Plaintiffs.*

Case No. 24-cv-02783
Hon. Paul A. Engelmayer

**MILLENNIUM'S MEMORANDUM OF LAW IN OPPOSITION TO JANE STREET's
MOTION TO DISMISS MILLENNIUM'S AMENDED COUNTERCLAIMS**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ........................................................................................................................1

ARGUMENT ..............................................................................................................................3

    I.     JANE STREET'S ACTIONS EPITOMIZE UNFAIR COMPETITION ................3

    II.    MILLENNIUM'S DTSA COUNTERCLAIM IS PROPER .................................8

    A.    Millennium's Counterclaim Is Necessary to Protect Its Entitlement to Attorneys' Fees ........................................................................................................8

    B.    The Court Should Exercise Declaratory Judgment Jurisdiction Over Millennium's DTSA Counterclaim........................................................................10

CONCLUSION...........................................................................................................................16

# **TABLE OF AUTHORITIES**

**Page(s)**

## **Cases**

*Admiral Ins. Co. v. Niagara Transformer Corp.*,
    57 F.4th 85 (2d Cir. 2023) .................................................... 11

*Andrew Corp. v. Van Doren Indus., Inc.*,
    No. 88-civ-2414-O, 1990 WL 136779 (D. Kan. July 5, 1990)................... 9

*Arista Records LLC v. Usenet.com, Inc.*,
    No. 1:07-cv-08822-HB-THK, 2008 WL 4974823 (S.D.N.Y. Nov. 24, 2008) ........ 14

*AT&T Corp. v. Atos IT Sols. & Servs., Inc.*,
    No. 21-cv-4550-VSB-RWL, 2024 WL 379952 (S.D.N.Y. Feb. 1, 2024) ......... 3, 4, 6

*Barbagallo v. Marcum LLP*,
    820 F. Supp. 2d 429 (E.D.N.Y. 2011) ...................................... 8

*CA, Inc. v. Simple.com, Inc.*,
    621 F. Supp. 2d 45 (E.D.N.Y. 2009) ....................................... 8

*Canon U.S.A., Inc. v. F&E Trading LLC*,
    No. 2:15-cv-6015-DRH-AYS, 2017 WL 4357339 (E.D.N.Y. Sep. 29, 2017) ..... 11, 12

*Conflict Int'l, Inc. v. Komorek*,
    No. 23-cv-02165-ER, 2024 WL 1347577 (S.D.N.Y. Mar. 29, 2024) ............. 8

*Dattner v. Conagra Foods, Inc.*,
    458 F.3d 98 (2d Cir. 2006).............................................. 14

*Degussa Admixtures, Inc. v. Burnett*,
    277 F. App'x 530 (6th Cir. 2008) ......................................... 12

*Dubov v. Lewis*,
    No. 18-cv-3854-PAE, 2019 WL 1060652 (S.D.N.Y. Mar. 6, 2019)............... 12

*Ellicott Mach. Corp. v. Wiley Mfg. Co.*,
    297 F. Supp. 1044 (D. Md. 1969) ......................................... 9

*Exist, Inc. v. Vt. Country Store, Inc.*,
    No. 2:19-cv-00058, 2019 WL 5310476 (D. Vt. Oct. 21, 2019)................. 11

*Ferring B.V. v. Fera Pharms., LLC*,
    No. 13-cv-4640-SJF-AKT, 2014 WL 4829053 (E.D.N.Y. Aug. 13, 2014) ......... 11

*Greif, Inc. v. MacDonald*,
    No. 3:06-cv-312-H, 2007 WL 679040 (W.D. Ky. Mar. 1, 2007)................. 9

*Ibeto Petrochemical Indus., Ltd. v. M/T "Beffen"*,
412 F. Supp. 2d 285 (S.D.N.Y. 2005),
*aff'd in part, modified in part*, 475 F.3d 56 (2d Cir. 2007) ................................. 13

*Lefkowitz v. McGraw-Hill Glob. Educ. Holdings, LLC*,
23 F. Supp. 3d 344 (S.D.N.Y. 2014) ......................................................................... 7

*LoPresti v. Mass. Mut. Life Ins. Co.*,
30 A.D.3d 474 (N.Y. 2d Dep't 2006) ......................................................................... 5

*Marvel Worldwide, Inc. v. Kirby*,
756 F. Supp. 2d 461 (S.D.N.Y. 2010) ...................................................................... 11

*Orientview Techs. LLC v. Seven For All Mankind, LLC*,
No. 13-cv-0538-PAE, 2013 WL 4016302 (S.D.N.Y. Aug. 7, 2013) ........................ 15

*Out of Box Promotions, LLC v. Koschitzki*,
866 N.Y.S.2d 677 (App. Div. 2008) ........................................................................... 8

*Prudent Pub. Co. v. Myron Mfg. Corp.*,
722 F. Supp. 17 (S.D.N.Y. 1989) ............................................................................... 6

*Roy Exp. Co. Establishment of Vaduz, Liechtenstein v. Columbia Broad. Sys. Inc.*,
672 F.2d 1095 (2d Cir. 1982) ............................................................................. 3, 4, 6

*Ruby Slipper Cafe, LLC v. Belou*,
No. 18-cv-1548, 2019 WL 1254897 (E.D. La. Mar. 19, 2019) ................................. 9

*Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc.*,
106 F. Supp. 2d 519 (S.D.N.Y. 2000) ........................................................................ 6

*Town & Country Linen Corp. v. Ingenious Designs LLC*,
No. 18-cv-5075-LJL, 2020 WL 3472597 (S.D.N.Y. June 25, 2020) ....................... 11

*Worldwide Home Products, Inc. v. Bed Bath and Beyond, Inc.*,
No. 11-cv-03633-LTS-MHD, 2013 WL 247839, at *3 (S.D.N.Y. Jan. 22, 2013) .................. 12

*Wyndham Vacation Resorts, Inc. v. Wesley Fin. Grp., LLC*,
No. 3:12-cv-559, 2013 WL 785938 (M.D. Tenn. Feb. 28, 2013) ............................. 9

## **Statutes**

18 U.S.C. § 1836 .......................................................................................................... 1

18 U.S.C. § 1836(b)(3)(D) .............................................................................. 1, 10, 13

28 U.S.C. § 2201(a) .................................................................................................... 10

## **Other Authorities**

BLACK'S LAW DICTIONARY (11th ed. 2019) ............................................................. 15

Charles Alan Wright & Arthur R. Miller,
   5 FED. PRACTICE AND PROCEDURE § 1270 (4th ed.) ................................................................ 15

Trade Secret Management Judicial Guide § 6.11.3 .......................................................... 3, 10, 16

**Rules**

Fed. R. Civ. P. 41(a)(2) ........................................................................................................ 14

Defendant and Counterclaim-Plaintiff Millennium Management, LLC ("Millennium" respectfully requests that the Court deny Plaintiff and Counterclaim-Defendant Jane Street Group, LLC's ("Jane Street" or "Plaintiff") Motion to Dismiss Millennium's Amended Counterclaims (Dkt. 139) and submit this brief in support.

## INTRODUCTION

Millennium is the current employer of Individual Defendants and Counterclaim-Plaintiffs Schadewald and Spottiswood (collectively, the "Individual Defendants"). The Individual Defendants are former employees of Jane Street who left that company in February 2024 to join Millennium. Dkt. 74, ¶¶ 2-3, 28. Jane Street initiated this proceeding against Millennium and the Individual Defendants, asserting, among other claims, violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836, and breach of contract. Dkt. 63 (Am. Compl.), ¶¶ 171–206. Jane Street originally sought injunctive relief as well as damages (*see* Dkt. 1, ¶¶ 15, 184, 192, 213, 227, 236, 246 & Prayer for Relief) but abandoned its demand for injunctive relief after the Court denied Jane Street's Motion for a Temporary Restraining Order. *See* Order, Dkt. 32; Dkt. 74, ¶¶ 7, 33.

On May 10, 2024, Millennium answered the allegations in Jane Street's complaint and asserted counterclaims and affirmative defenses against Jane Street. *See generally* Dkt. 72. Jane Street filed a Motion to Dismiss Millennium's counterclaims and to strike certain affirmative defenses on May 31, 2023. *See* Dkt. 92. On June 25, 2024, with leave of court, Millennium filed Amended Counterclaims, adding a cause of action for unfair competition against Jane Street in addition to Millennium's cause of action for a declaratory judgment that Jane Street's claim for misappropriation under the DTSA was made in bad faith, 18 U.S.C. § 1836(b)(3)(D). *See* Dkts. 95, 122. On July 2, 2024, Jane Street again moved to dismiss Millennium's counterclaims. Dkt. 139.

The Court should deny Jane Street's motion.   Millennium has sufficiently pled counterclaims for unfair competition and for a declaratory judgment under the DTSA, and Jane Street's argument that the claims are futile or redundant are entirely meritless.

*First*, Millennium's unfair competition counterclaim is based on a pattern of behavior by Jane Street—including the timing and nature of Jane Street's suit and communications with the press—intentionally calculated to harm Millennium's business by preventing Schadewald and Spottiswood from using their significant skills to the benefit of Millennium.  This counterclaim is not "futile."  Jane Street characterizes Millennium's counterclaim as based solely on Jane Street's "bad faith litigation" in order to shoehorn this counterclaim into a line of non-binding precedent, but this District's jurisprudence is more nuanced than Jane Street asserts.  Jane Street's further arguments that Millennium's allegations are "conclusory" and that Millennium has failed to allege special damages (Dkt. 139 at 8-9) similarly fall by the wayside.

*Second*, Millennium's DTSA counterclaim seeks relief above and beyond what is available to Millennium in defense of Jane Street's claims and is intended to protect Millennium's interest in having this case concluded quickly and in this Court.  It is not "entirely redundant" of Jane Street's claims and the Court should therefore exercise its declaratory jurisdiction and allow the counterclaims to proceed.

*Third*, the purpose of Millennium's DTSA counterclaim is to put Jane Street on notice that Millennium seeks to recover its fees under the DTSA.  Although some courts have held that a demand for attorneys' fees must be made by post-judgment motion under Federal Rule of Civil Procedure 54(d), others have allowed a party to assert the demand as a counterclaim.  Because the proper procedure for requesting fees in these circumstances is not settled, Millennium respectfully submits that the Court should sustain Millennium's DTSA counterclaim to avoid any potential

ambiguity or prejudice to Millennium.  Millennium asserts its demand for attorneys' fees by counterclaim so that Jane Street would be fully apprised of the grounds upon which it would seek to recover such fees.  Jane Street has not identified any controlling caselaw that suggests that Millennium is foreclosed from making a fee demand in a pleading.  Nor has Jane Street provided *any explanation* for why it believes that seeking fees through counterclaims—as opposed to post-trial motion practice—is somehow prejudicial to Jane Street.  Regardless of the outcome on the instant motion, Jane Street is now on full notice of the facts and legal theories that support Millennium's entitlement to fees.

Notably, Jane Street does not dispute that Millennium is entitled to attorneys' fees if it prevails in this lawsuit.  Dkt. 139 at 10 ("***after*** the case is resolved, either party (if it is the 'prevailing party') may file a motion for attorneys' fees").  Nor does Jane Street dispute that Millennium is entitled to take discovery to prove the allegations supporting its counterclaims, including bad faith litigation and unfair competition in hamstringing the trading capabilities of the Individual Defendants.  *See* Trade Secret Management Judicial Guide § 6.11.3 (discovery into a plaintiff's motives and bases for filing suit under the DTSA "is to be expected").  The Court should deny Jane Street's motion.

## ARGUMENT

### I.   JANE STREET'S ACTIONS EPITOMIZE UNFAIR COMPETITION

The Second Circuit has noted that there is an "incalculable variety of illegal practices falling within the unfair competition rubric."  *See Roy Exp. Co. Establishment of Vaduz, Liechtenstein v. Columbia Broad. Sys. Inc.*, 672 F.2d 1095, 1105 (2d Cir. 1982).  Unfair competition is a "broad and flexible doctrine that depends more upon the facts set forth . . . than in most causes of action."  *AT&T Corp. v. Atos IT Sols. & Servs., Inc.*, No. 21-cv-4550-VSB-RWL, 2024 WL 379952, at *17 (S.D.N.Y. Feb. 1, 2024) (quoting *Roy Exp.*, 672 F.2d at 1105).  "The tort

is 'adaptable and capacious,' and New York courts have broadly described it as encompassing 'any form of commercial immorality,' or 'misappropriating for the commercial advantage of one person a benefit or property right belonging to another.'" *Id.* (cleaned up). At bottom, unfair competition is a proper cause of action where a wrongdoer has misappropriated "the skill, expenditures and labors of a competitor" to its own commercial advantage. *Roy Exp.*, 672 F.2d at 1105.

Here, Millennium alleges that Jane Street has engaged in unfair competition by bringing this action to chill competition in the Indian options market. Specifically, Jane Street seeks to deprive Millennium of a commercial advantage—"Schadewald and Spottiswood's expertise" (Dkt. 122, ¶ 78)—and "seeks to gain unfairly and capture market share by thwarting the full trading capabilities of Schadewald and Spottiswood, ex-Jane Street traders who are using their considerable skill and expertise at Millennium" (Dkt. 122, ¶ 79). In this way, Jane Street is disrupting "the skill, expenditures and labors" of Millennium for its own commercial advantage— precisely the scope of unfair competition claims permitted by the Second Circuit. *See Roy Exp.*, 672 F.2d at 1105.

Jane Street's arguments to the contrary are not persuasive. It cites only one paragraph of Millennium's counterclaim regarding Jane Street's "baseless claims" and "purpose in bringing this case" (Dkt. 139 at 6 (citing Dkt. 122 ¶ 76)) and then cites a line of cases that bad faith litigation is not "an actionable form of 'unfair competition.'" Dkt. 139 at 6-8. But Jane Street's bad faith litigation is squarely addressed in Millennium's first cause of action under DTSA, not its second cause of action for unfair competition. *Compare* Dkt. 122 ¶¶ 64-74 *with* ¶¶ 75-79. In any event, Millennium's unfair competition claim is broader, encompassing Jane Street's purpose, timing, and publicity in bringing this case and its intent to interfere with Millennium's business (Dkt. 122

4

¶¶ 76-77) as well as Jane Street's interference with Schadewald and Spottiswood's ability to trade, causing harm to Millennium (Dkt. 122 ¶¶ 78-79).

Indeed, in an Interrogatory response served three days after Millennium filed its Amended Counterclaims, Jane Street admitted to providing the redacted Complaint to Chris Dolmetsch, a reporter at Bloomberg, through Jane Street's public relations firm in order to maximize press attention of its baseless claims. *See* Ex. A, Jane Street's Resp. to Defs, Interrog. No. 5 (June 28, 2024). Such press attention was not incidental to Jane Street's litigation: it was part of its strategy to damage Millennium as much as possible and hamstring Millennium as a competitor. Such an action is not simply "bad faith litigation"—it is a course of conduct outside of the courts designed to put a spotlight on Jane Street's allegations and to chill trading by Schadewald and Spottiswood, a "commercial advantage which belonged exclusively to" Millennium. *See LoPresti v. Mass. Mut. Life Ins. Co.*, 30 A.D.3d 474, 476 (N.Y. 2d Dep't 2006).

Regardless, even if, as Jane Street claims, there is some authority in this District is that bad faith litigation "does not give rise to an unfair competition claim under New York law" (*see* Dkt. 139 at 7), none of the cases cited by Jane Street are binding authority and none match the allegations here because Millennium alleges more than garden-variety bad faith litigation. Jane Street ostensibly believes that the market for its so-called "Trading Strategy" is zero-sum; that is, the "entrance of a competitor" in the market will create an "abrupt change in trading profits." *See* Dkt. 63 ¶¶ 140-143. As a result, Jane Street took actions including filing this case for the sole purpose of removing Millennium from (or at least hamstringing its participation in) the Indian options market and keeping market share to itself. Dkt. 122, ¶ 79. This is more than bad faith litigation: it is a concerted effort to misappropriate Millennium's profits into Jane Street's own hands.

And while Jane Street cites a number of decisions dismissing unfair competition counterclaims based on bad faith litigation, such dismissals are not categorically required and the allegations should be assessed based "upon the facts" of each case. *AT&T Corp.*, 2024 WL 379952, at *17 (quoting *Roy Exp.*, 672 F.2d at 1105). "A plaintiff who proves that the defendant has acted unfairly in some manner may prevail in an unfair competition case." *Prudent Pub. Co. v. Myron Mfg. Corp.*, 722 F. Supp. 17, 23 (S.D.N.Y. 1989). In *Prudent Pub.*, the defendant "allege[d] the bringing of meritless claims unfairly damage[d] [its] reputation and business, that [plaintiff] sought to gain unfairly because of the nature of the competition between the two companies, the timing in bringing these claims, all constituting bad faith." *Id.* "Finally, [defendant] allege[d] that [plaintiff]'s withdrawal of claims, without any further findings of fact, established its bad faith." *Id.* At summary judgment, the court dismissed this counterclaim after finding that defendant had not "presented facts sufficient to make out an unfair competition claim based on the filing of meritless claims." *Id.* But that was at summary judgment, which is obviously a different procedural posture than this stage of the case.

Similarly, *System Management Arts Inc. v. Avesta Technologies, Inc.*, 106 F. Supp. 2d 519, 522 (S.D.N.Y. 2000), concerned an unfair competition counterclaim that was allowed to proceed past the pleading stage. The theory behind that claim was that the plaintiff "initiated this suit and publicized incorrect information about [defendant] for strategic reasons, namely, to thwart [defendant] in its efforts to market a competing software product." *Id.* While the court ultimately dismissed the counterclaim at summary judgment, again it was because the defendant "failed to produce evidence that this suit and the conduct around it [were] simply a strategy by [plaintiff] to stifle its competition," not based on any *per se* rule. *Id.* at 523.

At the pleading stage, Millennium's allegations must be taken as true, and it is entitled to take discovery to prove its claims, particularly here where Jane Street has already admitted to coordinating with the press to publicize its allegations against Millennium. *See* Ex. A. Jane Street will be free to move for leave to file a summary judgment motion at the close of discovery if it believes Millennium's counterclaim is still unfounded. *See* Dkt. 88, ¶ 14 (Civil Case Management Plan and Scheduling Order).

Further, while Jane Street argues that "litigation conduct ***during*** this litigation . . . cannot give rise to an unfair competition claim," it tacitly admits that "Jane Street's supposed 'purpose' in bringing this lawsuit" may provide such a basis. Dkt. 139 at 8. Jane Street merely argues that Millennium's allegations are "conclusory" regarding Jane Street's purpose (*id.*) but this is not persuasive. Millennium has alleged that "Jane Street's sole purpose in bringing this case is to hurt Millennium's business and reputation as a direct competitor" (Dkt. 122, ¶ 76) and that "Jane Street seeks to gain unfairly and capture market share by thwarting the full trading capabilities of Schadewald and Spottiswood" (Dkt. 122, ¶ 79). The true motives behind Jane Street's actions will be borne out by discovery, particularly in a case where "the facts are peculiarly within the possession and control of the [plaintiff]." *Lefkowitz v. McGraw-Hill Glob. Educ. Holdings, LLC*, 23 F. Supp. 3d 344, 356 (S.D.N.Y. 2014). Whether Jane Street has an improper or illegal motive in bringing this lawsuit is not something that any firm would readily disclose. And given that Jane Street's interrogatory response—revealing that it has coordinated with the press to bring more attention to this case—is Jane Street's initial response with its own spin, discovery is highly likely to uncover additional actions by Jane Street that are intended to harm Millennium's business.

Finally, Millennium has adequately pled special damages. Under New York law it is sufficient to plead a general "loss of business" to satisfy the requirement for special damages. *See,*

*e.g.*, *CA, Inc. v. Simple.com, Inc.*, 621 F. Supp. 2d 45, 54 (E.D.N.Y. 2009); *see also Conflict Int'l, Inc. v. Komorek*, No. 23-cv-02165-ER, 2024 WL 1347577, at *15 (S.D.N.Y. Mar. 29, 2024) (loss of customers sufficient to satisfy special damages requirement); *Out of Box Promotions, LLC v. Koschitzki*, 866 N.Y.S.2d 677, 681 (App. Div. 2008) (allegation that party diverted business was sufficient for unfair competition special damages); *Barbagallo v. Marcum LLP*, 820 F. Supp. 2d 429, 447 (E.D.N.Y. 2011) ("Simply alleging that defendant diverted plaintiff's customers and business is sufficient to show special damages."). Even where a party "do[es] not yet know the total dollar value" of its loss, pleading an economic loss qualifies as special damages at the pleading stage. *See Conflict Int'l*, 2024 WL 1347577, at *15. Any further specificity is only required in the context of unfair competition framed as disparagement of goods or other related causes of action. *Id.*

Here, Millennium has pleaded that Jane Street's actions have "harm[ed] Millennium's reputation and business" and has led Jane Street to "gain unfairly and capture market share" to the detriment of Millennium. Dkt. 122, ¶¶ 77, 79. This is sufficient to satisfy the standard for pleading special damages at this stage and is not grounds for dismissal. *See Conflict Int'l*, 2024 WL 1347577, at *15.

## II.   MILLENNIUM'S DTSA COUNTERCLAIM IS PROPER

### A.   Millennium's Counterclaim Is Necessary to Protect Its Entitlement to Attorneys' Fees

Millennium has properly pled a counterclaim for legal fees under DTSA arising from Jane Street's bad faith litigation. Dkt. 122, ¶¶ 64-74. Jane Street argues that Millennium's DTSA counterclaim should be dismissed because there is no independent cause of action for a demand for attorneys' fees, and that demands for attorneys' fees must instead be made by post-judgment motion under Federal Rule of Civil Procedure 54(d). Dkt. 139 at 10-13. In making this argument,

however, Jane Street ignores relevant caselaw suggesting that a party waives its right to demand attorneys' fees if it makes its fee demand too late.  To avoid any possibility of waiver here, Millennium asserts its entitlement to attorneys' fees at the earliest possible stage—in its pleading.

Federal district courts have taken inconsistent approaches to the question of what procedure a party should follow to establish their entitlement to attorneys' fees under the DTSA, and the Second Circuit has not yet weighed in on the issue.  While Jane Street cites many cases showing that courts have required parties to seek attorneys' fees under the DTSA by post-judgment motion, that is not the full picture.  *See* Dkt. 139 at 11-12 (citing cases).  Federal courts have sustained counterclaims seeking a declaration that a party brought a trade secret misappropriation claim in bad faith.  *See Ruby Slipper Cafe, LLC v. Belou*, No. 18-cv-1548, 2019 WL 1254897, at *13 (E.D. La. Mar. 19, 2019) (permitting counterclaim for attorneys' fees under DTSA and state law statute to proceed in light of the lack of "any dispositive jurisprudence on the issue"); *see also Wyndham Vacation Resorts, Inc. v. Wesley Fin. Grp., LLC*, No. 3:12-cv-559, 2013 WL 785938, at *12 (M.D. Tenn. Feb. 28, 2013) (refusing to dismiss a counterclaim for attorneys' fees brought under Tennessee's Uniform Trade Secrets Act, but stating that the court would hold that claim in abeyance until the merits of the misappropriation claim had been decided); *Greif, Inc. v. MacDonald*, No. 3:06-cv-312-H, 2007 WL 679040, at *4 (W.D. Ky. Mar. 1, 2007) (same; finding that "[t]here is some precedent in other jurisdictions for attorneys' fees as a counterclaim under the Uniform Trade Secrets Act"); *accord Andrew Corp. v. Van Doren Indus., Inc.*, No. 88-civ-2414-O, 1990 WL 136779, at *5 (D. Kan. July 5, 1990) (deciding attorney's fees counterclaim under Kansas trade secrets statute on summary judgment); *Ellicott Mach. Corp. v. Wiley Mfg. Co.*, 297 F. Supp. 1044, 1055-56 (D. Md. 1969) (allowing attorneys' fees counterclaim to go to trial; ultimately denying relief due to the doctrine of unclean hands).

In light of the varying approaches that courts have taken, Millennium asserts its entitlement to fees by counterclaim to avoid any argument that it waived any right to fees or otherwise prejudiced Jane Street by demanding fees too late.  Jane Street suffers no prejudice from being put on notice at this early stage that Millennium will request discovery into and seek to establish facts showing that Jane Street brought its misappropriation claim in bad faith. *See* 18 U.S.C. § 1836(b)(3)(D) (a bad faith misappropriation claim may be "established by circumstantial evidence"); *see also* Trade Secret Management Judicial Guide § 6.11.3 (discovery into a plaintiff's motives and bases for filing suit under the DTSA "is to be expected").

### B.    The Court Should Exercise Declaratory Judgment Jurisdiction Over Millennium's DTSA Counterclaim

The Declaratory Judgment Act gives the Court broad discretion in determining whether to exercise jurisdiction over declaratory judgment claims.  *See* 28 U.S.C. § 2201(a) (courts, "upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought").  The Court should exercise its declaratory jurisdiction in this case and allow the counterclaims to proceed.

The Second Circuit has articulated six "non-exhaustive" factors that "should inform a district court's exercise of such discretion":

(1)  "whether the [declaratory] judgment [sought] will serve a useful purpose in clarifying or settling the legal issues involved";
(2)  "whether [such] a judgment would finalize the controversy and offer relief from uncertainty";
(3)  "whether the proposed remedy is being used merely for procedural fencing or a race to res judicata";
(4)  "whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court";
(5)  "whether there is a better or more effective remedy"; and
(6)  whether concerns for "judicial efficiency" and "judicial economy" favor declining to exercise jurisdiction.

*Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 99-100 (2d Cir. 2023) (internal citations omitted).  Jane Street focuses entirely on the first factor, arguing that Millennium's DTSA counterclaim "will not serve a useful purpose" in this litigation because it is "redundant" and the "mirror image" of Jane Street's claims.  Dkt. 139 at 13-16.  Not so.

A declaratory judgment counterclaim is not redundant if it "asserts an independent case or controversy that survives the dismissal of the plaintiff's claim."  *Marvel Worldwide, Inc. v. Kirby*, 756 F. Supp. 2d 461, 467 (S.D.N.Y. 2010).  Likewise, a declaratory judgment counterclaim is not simply the "mirror image" of an affirmative claim where additional relief is sought.  *See Town & Country Linen Corp. v. Ingenious Designs LLC*, No. 18-cv-5075-LJL, 2020 WL 3472597, at *14 (S.D.N.Y. June 25, 2020) (non-infringement and no trade secret or idea misappropriation counterclaims not "improperly redundant" of infringement and trade secret and idea misappropriation claims where counterclaims "would remain viable after dismissal of the Plaintiffs' claims"); *Ferring B.V. v. Fera Pharms., LLC*, No. 13-cv-4640-SJF-AKT, 2014 WL 4829053, at *6 (E.D.N.Y. Aug. 13, 2014) (trademark invalidity counterclaim not redundant of trademark infringement claim), *report & recommendation adopted*, 2014 WL 4829458 (E.D.N.Y. Sept. 29, 2014), *adhered to on reconsideration*, 2015 WL 5307793 (E.D.N.Y. Sept. 10, 2015); *see also Exist, Inc. v. Vt. Country Store, Inc.*, No. 2:19-cv-00058, 2019 WL 5310476, at *5 (D. Vt. Oct. 21, 2019) (denying motion to dismiss declaratory counterclaim on "mirror image" grounds because defendant was also seeking injunctive relief, damages, and attorneys' fees).  Rather, mirror image declaratory counterclaims are "generally the exact opposite of the original claim *with no added nuances*."  *Canon U.S.A., Inc. v. F&E Trading LLC*, No. 2:15-cv-6015-DRH-AYS, 2017 WL 4357339, at *10 (E.D.N.Y. Sep. 29, 2017) (emphasis added); *see also* Dkt. 139 at 14-15 (Jane Street's cited cases discussing mirror image counterclaims without further nuance).

11

Indeed, the decisions Jane Street cites are consistent with this legal framework.  For example, in *Dubov v. Lewis*, No. 18-cv-3854-PAE, 2019 WL 1060652, at *3 (S.D.N.Y. Mar. 6, 2019) (Dkt. 139 at 15), the defendants sought a declaratory judgment that they did not breach any agreement with the plaintiff and were not obligated to make payment to the plaintiff.  This Court dismissed the counterclaim as the "mirror image" of the plaintiff's breach of contract claim, in which the plaintiff sought payment from the defendants, because the counterclaim "is not addressed to a discrete issue relating to any party's rights or responsibilities that has the potential to go unaddressed."  *Id.*  And in *Worldwide Home Products, Inc. v. Bed Bath and Beyond, Inc.*, No. 11-cv-03633-LTS-MHD, 2013 WL 247839, at *3 (S.D.N.Y. Jan. 22, 2013) (Dkt. 139 at 15), the defendants sought a declaratory judgment of non-infringement and patent invalidity.  The Court dismissed the non-infringement counterclaim as the "mirror image" of the plaintiff's infringement claim, but allowed the invalidity counterclaim to proceed on the basis that a claim of patent invalidity is "legally and factually distinct from infringement."  *Id.*

Contrary to Jane Street's motion, Millennium's DTSA counterclaim is not "the exact opposite" of Jane Street's claims "with no added nuances."  *Canon*, 2017 WL 4357339, at *10.  It does not simply seek a declaration of no trade secret misappropriation.  Rather, the counterclaim seeks a declaration that *Jane Street brought its trade secret misappropriation claims in bad faith*, including to prevent fair competition in the markets in which Jane Street trades, to interfere with Schadewald's and Spottiswood's employment with Millennium, and to chill current employees' prospective ability to obtain employment with competitors. *See* Dkt. 122, ¶¶ 64-74; *see also Degussa Admixtures, Inc. v. Burnett*, 277 F. App'x 530, 535-36 (6th Cir. 2008) ("Filing a trade-secret action to restrain legitimate competition and job mobility, needless to say, is not proper";

12

noting that plaintiff had improperly sought to "convert [the defendant's] confidentiality agreement into a non-compete agreement").

In support of its DTSA counterclaim, Millennium has alleged, among other things, that Jane Street brought its misappropriation claim without any evidence that Millennium actually misappropriated any of Jane Street's purported trade secrets, that Jane Street is unable to fashion a plausible trade secret claim against Millennium, that the real purpose of Jane Street's lawsuit is to thwart competition, and that Millennium is entitled to recover its reasonable attorneys' fees from Jane Street. *See* Dkt. 122, ¶¶ 52-74. Accordingly, Millennium's DTSA counterclaim puts Jane Street's motives and bases for filing suit directly at issue, rendering it legally and factually distinct from Jane Street's claims. And the counterclaim would survive, and likely thrive, if Jane Street's DTSA claim were dismissed.

Indeed, Millennium's DTSA counterclaim here raises multiple issues, some of which might be addressed by a ruling on Jane Street's complaint, and some of which may not. For example, Millennium's DTSA counterclaim may not be resolved simply by defeating Jane Street's misappropriation claim because defendants must establish that Jane Street brought its misappropriation claim in bad faith to be entitled to attorneys' fees under the DTSA. *See* 18 U.S.C. § 1836(b)(3)(D) (party can establish bad faith misappropriation claim with "circumstantial evidence"). Moreover, Millennium's DTSA counterclaim ensures that Millennium can demand attorneys' fees even if Jane Street seeks to withdraw that claim (as it did with its demand for injunctive relief). *See Ibeto Petrochemical Indus., Ltd. v. M/T "Beffen"*, 412 F. Supp. 2d 285, 290 (S.D.N.Y. 2005) (denying motion for voluntary dismissal; observing that "[t]he presence of [defendants'] counterclaims weighs against granting plaintiff's motion to dismiss" and reasoning that the counterclaims would continue to stand if the action were dismissed), *aff'd in part, modified*

*in part*, 475 F.3d 56 (2d Cir. 2007); *see also* Fed. R. Civ. P. 41(a)(2) ("If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication."); *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 103 (2d Cir. 2006) (finding that non-merits or voluntary dismissal may not confer prevailing party status). Indeed, Jane Street has argued in support of its motion to dismiss the Individual Defendants' counterclaims that a voluntary withdrawal of a claim does not confer prevailing party status. *See* Dkt. 134 at 8, n.4. Thus, if the Court dismisses Millennium's counterclaim now, and Jane Street moves to voluntarily withdraw its DTSA claim later (as it has already withdrawn its request for injunctive relief), it could severely prejudice Millennium's ability to collect its fees spent defending Jane Street's baseless claims.

Millennium's DTSA counterclaim is also necessary to preserve judicial economy because it will prevent Jane Street from unilaterally dropping its DTSA claim and seeking to remand this case to state court (or to dismiss this action entirely). The court in *Arista Records LLC v. Usenet.com, Inc.*, No. 1:07-cv-08822-HB-THK, 2008 WL 4974823, at *5 (S.D.N.Y. Nov. 24, 2008) (Dkt. 139 at 16) rejected an argument that a counterclaim was necessary to protect against a plaintiff's dismissal without prejudice. But the counterclaims in *Arista*, unlike the counterclaim at issue here, were not distinguishable from the plaintiff's claims because the defendant had not "made any independent factual allegations." *Id.* at *4. Furthermore, unlike in *Arista*, there is a threat of "future litigation" here because if Jane Street is permitted to dismiss its DTSA claim without prejudice, it could then seek to remand the action to state court. Given the Court's and the parties' significant investment of resources in this action to date—and given Jane Street's history

of delay in this action (Dkt. 122, ¶¶ 51, 56, 62, 68)—Millennium's DTSA counterclaim is necessary to protect Millennium's interest in swift resolution of this dispute.

Jane Street also argues that Millennium's DTSA counterclaim is duplicative of its own affirmative defenses, including its defense that "Jane Street is prosecuting its claims in bad faith." *See* Dkt. 139 at 16. This argument is incorrect. An affirmative defense is a means to defeat an otherwise *meritorious* claim. *See Affirmative Defense*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("A defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true."); Charles Alan Wright & Arthur R. Miller, 5 FED. PRACTICE AND PROCEDURE § 1270 (4th ed.) ("An affirmative defense will defeat the plaintiff's claim if it is accepted by the district court or the jury."). The counterclaims here, by contrast, assert that Millennium is entitled to fees because Jane Street brought an *unmeritorious* claim in bad faith. *See* Dkt. 122, ¶ 63 ("Jane Street's actions here epitomize bad faith and unfair competition."), ¶¶ 70-74. Thus, Millennium's DTSA counterclaim is not duplicative of its affirmative defenses. But even if it were, it should still remain in the case because there is no risk of prejudice to Jane Street in letting Millennium's DTSA counterclaim stand. *See Orientview Techs. LLC v. Seven For All Mankind, LLC*, No. 13-cv-0538-PAE, 2013 WL 4016302, at *3 (S.D.N.Y. Aug. 7, 2013) ("To the extent that [the plaintiff] argues that the defense is redundant, its retention poses no risk of prejudice to [the plaintiff], which is already obligated to defend itself against the First Affirmative Defense and the Non-Infringement Counterclaim.").

The risk of prejudice to Millennium combined with the need for relief from uncertainty weigh in favor of the Court exercising jurisdiction. And the prejudice to Jane Street is minimal, since the motives and bases for its suit are "expected" to be the subject of discovery regardless of

the status of Millennium's counterclaims.  *See* Trade Secret Management Judicial Guide § 6.11.3. Conceptually, the Court should allow the counterclaims to proceed.

## **CONCLUSION**

For these reasons, the Court should deny Jane Street's motion to dismiss Millennium's counterclaims.  If the Court determines that Millennium's unfair competition counterclaim be dismissed or that Millennium should seek its attorneys' fees by motion rather than as separate causes of action, then Millennium respectfully requests that any dismissal be without prejudice, both to Millennium's right to plead additional facts in support of its counterclaims and to move for attorneys' fees by appropriate motion as soon as the Court will permit.


Dated:  July 9, 2024
New York, New York

<div style="margin-left:40%">

**DECHERT LLP**

By:  /s/ *Andrew J. Levander*
Andrew J. Levander
May Chiang
1095 Avenue of the Americas
New York, NY 10036
andrew.levander@dechert.com
may.chiang@dechert.com

Martin J. Black (*pro hac vice forthcoming*)
Daniel R. Roberts (*pro hac vice forthcoming*)
Cira Centre
2929 Arch Street
martin.black@dechert.com
daniel.roberts@dechert.com

*Counsel for Millennium Management LLC*

</div>