UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE STREET GROUP, LLC,<br><br>    *Plaintiff*,<br><br>  v.<br><br>MILLENNIUM MANAGEMENT LLC, DOUGLAS SCHADEWALD, and DANIEL SPOTTISWOOD,<br><br>    *Defendants*. | Civil Action No. 24-cv-2783(PAE) |

**JANE STREET'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS
MILLENNIUM MANAGEMENT LLC'S AMENDED COUNTERCLAIMS**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...................................................................................................................................2

I. THE COURT SHOULD DISMISS MILLENNIUM'S UNFAIR COMPETITION COUNTERCLAIM AS NON-COGNIZABLE AND IMPROPERLY PLEADED ............2

II. THE COURT SHOULD DISMISS MILLENNIUM'S DTSA DECLARATORY JUDGMENT COUNTERCLAIM BECAUSE THE RELIEF SOUGHT MUST BE MADE BY MOTION AND IS REDUNDANT ............................................................5

    A. Millennium's Non-Cognizable Counterclaim Is Not "Necessary" To "Protect" A Future Request For Prevailing Party Attorneys' Fees Under The DTSA ..................................................................................................................6

    B. In The Alternative, Millennium's DTSA Counterclaim Of Non-Violation Of The DTSA Is Wholly Redundant Of Jane Street's DTSA Claim .......................7

CONCLUSION ..............................................................................................................................10

## **TABLE OF AUTHORITIES**

**Page**

### **Cases**

*Allstate Life Ins. Co. v. Mota*,
  2021 WL 5166819 (S.D.N.Y. Nov. 5, 2021) ..................................................................1, 3, 4

*CA, Inc. v. Simple.com, Inc.*,
  621 F. Supp. 2d 45 (E.D.N.Y. 2009) ...............................................................................2, 5

*Conflict Int'l, Inc. v. Komorek*,
  2024 WL 1347577 (S.D.N.Y. Mar. 29, 2024) .....................................................................5

*Exist, Inc. v. Vermont Country Store, Inc.*,
  2019 WL 5310476 (D. Vt. Oct. 21, 2019) ..........................................................................9

*Ferring B.V. v. Fera Pharms., LLC*,
  2014 WL 4829053 (E.D.N.Y. Aug. 13, 2014) ....................................................................9

*Fullsend, Inc. v. Cannafellas, Inc.*,
  2023 WL 2970458 (E.D.N.Y. Jan. 31, 2023) ......................................................................5

*Gas Nat., Inc. v. Iberdrola, S.A.*,
  33 F. Supp. 3d 373 (S.D.N.Y. 2014) ..................................................................................4

*Hutson v. Notorious B.I.G., LLC*,
  2015 WL 9450623 (S.D.N.Y. Dec. 22, 2015) .....................................................................8

*Larson v. Gen. Motors. Corp.*,
  134 F.2d 450 (2d Cir. 1943) ................................................................................................9

*Lokai Holdings LLC v. Twin Tiger USA LLC*,
  306 F. Supp. 3d 629 (S.D.N.Y. 2018) ................................................................................8

*Marvel Worldwide, Inc. v. Kirby*,
  756 F. Supp. 2d 461 (S.D.N.Y. 2010) .............................................................................8, 9

*Metro. Life Ins. Co. v. Sicoli & Massaro Inc.*,
  2016 WL 5390899 (S.D.N.Y. Sept. 26, 2016) ....................................................................8

*Obeid v. Mack*,
  2016 WL 5719779 (S.D.N.Y. Sept. 30, 2016) ....................................................................5

*Prudent Pub. Co. v. Myron Mfg. Corp.*,
  722 F. Supp. 17 (S.D.N.Y. 1989) .......................................................................................4

*PopSockets LLC v. Partnerships & Unincorp. Ass'ns*,
  2023 WL 130524 (N.D. Ill. Jan. 9, 2023) ......................................................................8, 10

*RBG Mgmt. Corp. v. Vill. Super Mkt., Inc.*,
  692 F. Supp. 3d 135 (S.D.N.Y. 2023) ................................................................................3

*Ruby Slipper Cafe, LLC v. Belou*,
  2019 WL 1254897 (E.D. La. Mar. 19, 2019) .....................................................................7

*SA Luxury Expeditions, LLC v. Schleien*,
  2022 WL 3718310 (S.D.N.Y. Aug. 29, 2022) ....................................................................5

*Sys. Mgmt. Arts Inc. v. Avesta Techs. Inc.*,
  106 F. Supp. 2d 519 (S.D.N.Y. 2000) ................................................................................3

*Town & Country Linen Corp. v. Ingenious Designs LLC*,
  2020 WL 3472597 (S.D.N.Y. June 25, 2020) ....................................................................9

## Statutes & Rules

17 U.S.C. § 304(c) ..................................................................................................................8
18 U.S.C. § 1836(b)(3)(D) ..........................................................................................1, 2, 6, 7, 8
Fed. R. Civ. P. 12(b)(1) ........................................................................................................1, 7
Fed. R. Civ. P. 12(b)(6) ........................................................................................................1, 5
Fed. R. Civ. P. 41(a)(2) ...........................................................................................................10
Fed. R. Civ. P. 54(d) ...........................................................................................................1, 2, 6

Plaintiff Jane Street Group, LLC ("Jane Street") respectfully submits this reply in further support of its motion to dismiss Defendant Millennium Management LLC's ("Millennium") amended counterclaims with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

## PRELIMINARY STATEMENT

In its motion, Jane Street established—supported by extensive authority—that neither of Millennium's counterclaims is a cognizable cause of action under the law. Despite the incendiary rhetoric Millennium employs in its opposition (Dkt. 141 ("Opp.")), at base it does not dispute that both counterclaims, as alleged, are incapable of stating cognizable causes of action.

*First*, as to its newly asserted unfair competition counterclaim, Millennium does not dispute that this claim is based solely on allegations that Jane Street initiated this litigation in bad faith (or in Millennium's words, "baselessly"). But New York law does not recognize the act of filing a lawsuit, even in bad faith, as a form of unfair competition. *See* Br. 6-8 (citing cases). Indeed, Millennium fails to identify a *single* case where such a counterclaim was permitted to proceed. Millennium errs in suggesting that adding allegations about *why* it believes this lawsuit was filed in bad faith (*e.g.*, to allegedly chill competition) should save its counterclaim—they do not. In *Allstate Life Ins. Co. v. Mota*, 2021 WL 5166819 (S.D.N.Y. Nov. 5, 2021), for example, Judge Liman dismissed an unfair competition counterclaim alleging that a plaintiff's trade secret misappropriation claim was brought in bad faith, *even though* the defendant—like Millennium— argued the dispute was brought "to chill" the defendant and other former employees "from continuing their legitimate work in the industry." *Id.* at *2, *5. This Court should do the same.

*Second*, Millennium largely repeats the same arguments offered by the Individual Defendants, not disputing that a request for "prevailing party" attorneys' fees under the DTSA must be made by a Rule 54(d) motion, but nonetheless is asserting the counterclaim to "avoid any argument that it waived any right" to seek fees. Opp. 10. But § 1836(b)(3)(D) is exclusively a

post-trial remedy, not an independent cause of action. And all of Millennium's remaining "bad faith" allegations go to the very same demand for attorneys' fees under § 1836(b)(3)(D). The solution is not to recognize a non-existent cause of action, but rather to dismiss the counterclaim, while acknowledging both parties' ability to file a Rule 54(d) motion for "prevailing party" attorneys' fees. Because dismissal of this counterclaim will not interfere with Millennium's ability to file a Rule 54(d) motion if it is the prevailing party, the Court should grant Jane Street's motion.

## ARGUMENT

**I.    THE COURT SHOULD DISMISS MILLENNIUM'S UNFAIR COMPETITION COUNTERCLAIM AS NON-COGNIZABLE AND IMPROPERLY PLEADED**

Millennium does not dispute that its unfair competition counterclaim is premised ***solely*** on the allegation that Jane Street initiated this litigation in bad faith. Br. 6-7; Dkt. 122 ¶ 76 (alleging "Jane Street brought knowingly baseless claims while engaging in a shifting sands approach to litigation"); *id.* ("Jane Street's sole purpose in bringing this case …."); *id.*; ¶ 77 (alleging harm from Jane Street's "meritless, bad faith claims"); *id.* at 49(E) (seeking "a judgment that Jane Street has engaged in unfair competition by filing its baseless lawsuit against Millennium"). Millennium concedes as much in its brief, arguing "Jane Street has engaged in unfair competition ***by bringing this action***." Opp. 4 (emphasis added). But, as Jane Street explained, extensive authority rejects the precise position Millennium forwards: the mere filing of a lawsuit—even if in bad faith—is ***insufficient*** as a matter of law to state a claim for unfair competition. Br. 6-8 (citing cases).

***First***, although the tort of unfair competition is broad (Opp. 3-4), "[t]he tort is not all-encompassing ...; the New York Court of Appeals, rejecting the notion that unfair competition is equivalent to the amorphous term 'commercial unfairness' has stated that misappropriation of another's commercial advantage is a cornerstone of the tort." *CA, Inc. v. Simple.com, Inc.*, 621 F. Supp. 2d 45, 53 (E.D.N.Y. 2009) (quotations omitted). Thus, the tort is "limited to instances where

2

a defendant took the skill, expenditures and labors of plaintiff in bad faith and employed it for its own commercial advantage." *RBG Mgmt. Corp. v. Vill. Super Mkt., Inc.*, 692 F. Supp. 3d 135, 152 (S.D.N.Y. 2023) (quotations omitted).

The filing of a lawsuit—even for an allegedly improper motive—does not constitute the misappropriation of another's skill, expenditures or labor. *See* Br. 6-8 (citing cases). In contrast, Millennium identifies **no case** where the mere initiation of a lawsuit was found to be enough to plead unfair competition. While Millennium represents that an unfair competition claim alleging bad-faith initiation of suit in *System Management Arts Inc. v. Avesta Techs., Inc.*, 106 F. Supp. 2d 519 (S.D.N.Y. 2000) was "allowed to proceed past the pleading stage" (Opp. 6), there is no indication on the public docket that a motion to dismiss the claim was *ever* filed, let alone that an unfair competition claim was "allowed to proceed" over objection, so it is unclear how Millennium may even make such a representation. *See Sys. Mgmt. Arts Inc.*, No. 1:97-cv-8101 (S.D.N.Y. Oct. 31, 1997). And as Millennium concedes (Opp. 6), at summary judgment the inquiry is different.

Nor can Millennium save its deficient counterclaim by arguing that it alleges "more than garden-variety bad faith litigation," whatever that is. Opp. 5. The sole premise of Millennium's unfair competition claim is that Jane Street filed this lawsuit with the motive of chilling and to "hurt" a competitor by "thwarting" the Individual Defendants' "full trading capabilities." Dkt. 122 ¶¶ 76-79. Millennium expressly describes these supposed motives as showing "bad faith" in its counterclaim. *Id.* ¶ 77. Even if such allegations were true (they are not), these are simply Millennium's arguments supporting why it believes this action was brought in bad faith. *Allstate Life Ins. Co. v. Mota*, 2021 WL 5166819 (S.D.N.Y. Nov. 5, 2021), for example, dismissed an unfair competition counterclaim alleging that a plaintiff's trade secret claim was brought in bad faith, **even though** the defendant argued that the underlying cease-and-desist letters were sent "to

3

chill Mota and other former Allstate Financial Specialists from continuing their legitimate work in the industry." *Id.* at *2, *5.[1]  To the extent Millennium alleges this action is now "disrupting" its business (Opp. 4), any lawsuit that seeks to protect the misappropriation of confidential information is "disruptive."  But that cannot be enough; otherwise, every trade secret case against a competitor could give rise to an alleged "unfair competition" counterclaim.

*Second*, although the Court need not reach it, Millennium does not identify any non-conclusory factual allegations to give rise to an unfair competition claim.  Br. 8.  Millennium still fails to direct the Court to any such facts, instead arguing that its "allegations must be taken as true, and it is entitled to take discovery to prove its claims."  Opp. 7 (admitting it alleges ***no facts*** but wishes to find them in discovery).  This violates the central tenets of *Twombly* and *Iqbal*, which "require at least some assessment of whether the Complaint has alleged facts that 'nudge' an assertion that a party has acted in bad faith across the line from conceivable to plausible."  *Gas Nat., Inc. v. Iberdrola, S.A.*, 33 F. Supp. 3d 373, 383 (S.D.N.Y. 2014) (quotations omitted).  Otherwise, any defendant could bring a counterclaim for unfair competition alleging an improper motive based on nothing but rank speculation.  *Cf.* Dkts. 131 at 8; 142 at 7 (dismissing affirmative defense where Millennium similarly argued it required discovery to sufficiently allege "bad faith").

*Third*, Millennium fails to allege special damages.  Br. 8.  It is not enough to utter the words "harm to business" without more to satisfy this pleading requirement.  *Contra* Opp. 7-8.  Here, "special damages refers to direct financial loss, lost dealings, or an accounting of the profits

---

[1]  Millennium's argument that Jane Street's provision to its PR company of a redacted version of its complaint after this suit was filed (Opp. 5, 7) could somehow support an unfair competition claim is bizarre.  Not only is this not alleged in Millennium's pleading, but it also defies common sense—how could a party's provision to anyone of an accurate copy of an already-filed pleading be unfair in any manner, let alone show that a lawsuit was filed in bad faith?  *See, e.g., Prudent Pub. Co. v. Myron Mfg. Corp.*, 722 F. Supp. 17, 23 n.1 (S.D.N.Y. 1989).

caused by the anticompetitive acts at issue." *CA, Inc.*, 621 F. Supp. 2d at 54 (quotations omitted). Courts therefore dismiss unfair competition claims that simply allege "harm" without further detail of lost financials, deals or profits. *See Fullsend, Inc. v. Cannafellas, Inc.*, 2023 WL 2970458, at *5 (E.D.N.Y. Jan. 31, 2023) (dismissing unfair competition claim: "must allege special damages by identifying actual losses and their causal relationship to the alleged tortious act … and must be fully and accurately stated, with sufficient particularity to identify actual losses") (quotations omitted); *SA Luxury Expeditions, LLC v. Schleien*, 2022 WL 3718310, at *3 (S.D.N.Y. Aug. 29, 2022) ("must allege special damages by identifying actual losses and their causal relationship to the alleged tortious act"); *Obeid v. Mack*, 2016 WL 5719779, at *6 (S.D.N.Y. Sept. 30, 2016) (allegations that plaintiff "caused and will continue to cause irreparable harm and injury" and "damage to the goodwill and reputation of [defendant]" insufficient).[2] Millennium's simply states: Jane Street "harmed and continues to harm Millennium's reputation and business with its meritless, bad faith claims." Dkt. 122 ¶ 77. Millennium identifies no authority where a threadbare allegation of "harm" to "reputation and business" was enough to plead special damages.

## II. THE COURT SHOULD DISMISS MILLENNIUM'S DTSA DECLARATORY JUDGMENT COUNTERCLAIM BECAUSE THE RELIEF SOUGHT MUST BE MADE BY MOTION AND IS REDUNDANT

The Court should dismiss Millennium's counterclaim for declaratory judgment under the DTSA pursuant to Rule 12(b)(6) because it does not state an independent, cognizable cause of

---

[2] Millennium cites *Conflict Int'l, Inc. v. Komorek*, 2024 WL 1347577, at *15 (S.D.N.Y. Mar. 29, 2024) for the proposition that "even where a party 'do[es] not yet know the total dollar value' of its loss, pleading an economic loss qualifies as special damages at the pleading stage." Opp. 8. But *Conflict* found special damages to be adequately pleaded where the plaintiff alleged the defendant "used [plaintiff's confidential] information to successfully solicit Conflict clients," and "persuaded some to end their relationship with Conflict and remain with [defendant]." 2024 WL 1347577, at *15, *2. Millennium has no such allegations. Millennium also cites cases where a party sufficiently alleged "loss of customers" or "diversion of business." Opp. 8 (citing cases). But Millennium does ***not*** allege damages in those forms here. It merely alleges general "harm."

5

action.³  *See* Br. 10-17.  Millennium does not meaningfully dispute this point, but expresses concern of "waiver" if it makes its demand "too late." Opp. 9.  There is no such danger—the Court may acknowledge any party's right to seek "prevailing party" fees through a post-Rule 54(d) trial motion, which resolves the issue entirely.⁴  Jane Street's motion should be granted.

### A. Millennium's Non-Cognizable Counterclaim Is Not "Necessary" To "Protect" A Future Request For Prevailing Party Attorneys' Fees Under The DTSA

As detailed in Jane Street's motion (Br. 10-13), there is no independent cause of action under the DTSA that gives rise to a claim for "prevailing party" attorneys' fees.  Under § 1836(b)(3)(D), it is only after the case is resolved—and a party has in fact "prevailed"—that the "prevailing party" may file a Rule 54(d) motion for fees.  This process is mandatory.  *See* Fed. R. Civ. P. 54(d)(2) ("A claim for attorney's fees … ***must*** be made ***by motion*** unless the substantive law requires those fees to be proved at trial as an element of damages.") (emphasis added).

Millennium does ***not***: (1) contest that "prevailing party" attorneys' fees is not an element of DTSA damages, and so must be brought under Rule 54(d), *see* Br. 10-11; (2) challenge Jane Street's extensive authorities where courts—including in this District—dismissed counterclaims seeking attorneys' fees under § 1836(b)(3)(D) because no independent cause of action exists, so such relief must be brought by motion, *see* Br. 11-13 & n.5 (citing cases); or (3) dispute that the DTSA's text lists a request for attorneys' fees as a remedy, not a cause of action, *see* Br. 13.

---

³  Millennium does not oppose the dismissal of its declaratory judgment counterclaim to the extent it would apply to Jane Street's trade secret misappropriation claim under New York law.  *See* Opp. 8-16 (limiting opposition to dismissal of its counterclaim under the DTSA); *see also* Br. 10 n.4.

⁴  Millennium takes the outrageous position that Jane Street supposedly does not dispute that Millennium "is entitled to attorneys' fees if it prevails." Opp. 3.  This is false—Jane Street argued that "[u]nder § 1836(b)(3)(D), ***after*** the case is resolved, either party (if it is the "prevailing party") ***may file a motion*** for attorneys' fees." Br. 10 (second emphasis added).  Such a motion of course may be opposed on any number of grounds, including Millennium's failure to establish bad faith.

6

Millennium's only response is to concede that while "many cases" require parties to seek attorneys' fees by motion, other older cases sustained a defendant's counterclaim for attorneys' fees for trade secret misappropriation, so it presents such a counterclaim here "[t]o avoid any possibility of waiver." Opp. 9. But courts—including in this District—now consistently agree that a claim for fees under § 1836(b)(3)(D) is to be brought by a motion, not a counterclaim. And the only case cited (at Opp. 9) by Millennium under § 1836(b)(3)(D), *Ruby Slipper Cafe, LLC v. Belou*, 2019 WL 1254897 (E.D. La. Mar. 19, 2019), permitted that counterclaim to continue because of "the lack of clear authority on the issue" at that time. *Id.* at *13. There is no lack of clear authority now. Millennium cites **no case** where such a request was ever deemed "waived."

Nor need the Court credit Millennium's concern about providing "notice" by counterclaim. Millennium's Amended Answer alleges that Jane Street "is prosecuting its claims in bad faith and for an improper purpose; therefore, Millennium is entitled to an award of reasonable attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3)(D)." Dkt. 122 at 34 (No. 4). The Court need not tangle with whether this is or is not actually an "affirmative defense"; Millennium presented its position in its pleading. There is no basis to accept a non-cognizable counterclaim just to give notice twice.

### B. In The Alternative, Millennium's DTSA Counterclaim Of Non-Violation Of The DTSA Is Wholly Redundant Of Jane Street's DTSA Claim

Although the Court need not reach the issue because Millennium's DJA counterclaim is not a cognizable cause of action (*see supra* Part II.A), the Court may alternatively decline to exercise jurisdiction over this counterclaim under Rule 12(b)(1) because it is redundant of Jane Street's own DTSA claim, and thus adds nothing to this case.

*First*, Millennium's counterclaim is nothing more than a mirror image of Jane Street's own DTSA claim, which will necessarily resolve who is the "prevailing party." Br. 15-16. Seeking to avoid this truism, Millennium argues that it also alleges Jane Street brought its DTSA claim in

7

"bad faith," which Jane Street's own DTSA claim does not require. Opp. 12-13. But this allegation is tied solely to Millennium's post-trial *remedy* of attorneys' fees as a "prevailing party" on Jane Street's affirmative claim, not an independent cause of action. 18 U.S.C. § 1836(b)(3)(D) (in "Remedies" section: award of "reasonable attorney's fees" available to "prevailing party" "if a claim of the misappropriation is made in bad faith"). *See supra* Part II.A; Br. 11-12.[5] Millennium does not dispute that the sole hook for the counterclaim's "bad faith" allegations is its § 1836(b)(3)(D) attorneys' fees demand, and does not identify any extra "nuance" (Opp. 12) that saves the claim from redundancy. In *PopSockets LLC v. Partnerships & Unincorp. Ass'ns*, 2023 WL 130524 (N.D. Ill. Jan. 9, 2023), for example, a defendant filed a declaratory judgment counterclaim for non-infringement based on "a request for attorneys' fees," which it argued saved the counterclaim from being duplicative. *Id.* at *2. The Court dismissed the counterclaim as "unnecessary" and "duplicative" because it "essentially present[ed] nothing more than the flip side of [plaintiff's] claims," and the defendant could argue for its fees post-trial. *Id.* at *2 & n.2.

The authorities upon which Millennium relies confirm that Millennium is not asserting a cause of action that differs from Jane Street's affirmative claim. In *Marvel Worldwide, Inc. v. Kirby*, 756 F. Supp. 2d 461, 466-67 (S.D.N.Y. 2010) (cited at Opp. 11), for example, Marvel filed a "lone claim" for declaratory judgment that Jack Kirby did not have the rights under 17 U.S.C. § 304(c) to terminate certain assignments Marvel had given to Kirby in the copyright for certain comic books specifically because those contributions were works made for hire. Kirby's family,

---

[5]   *See also, e.g.*, *Lokai Holdings LLC v. Twin Tiger USA LLC*, 306 F. Supp. 3d 629, 644 (S.D.N.Y. 2018) ("an award of attorney's fees is a remedy that underlies a cause of action, but does not give rise to a separate one"); *Metro. Life Ins. Co. v. Sicoli & Massaro Inc.*, 2016 WL 5390899, at *3 n.6 (S.D.N.Y. Sept. 26, 2016) ("A request for an award of attorney's fees seeks a remedy; it does not plead a cause of action."); *Hutson v. Notorious B.I.G., LLC*, 2015 WL 9450623, at *8 (S.D.N.Y. Dec. 22, 2015) (requests for "attorneys' fees … are remedies, not causes of action").

in response, filed a counterclaim that the termination notices were valid. *Id.* at 467.  These were not mirror images, because a declaration that the notices were valid would afford Kirby broader relief than what Marvel sought—for example, if Marvel later sought to challenge the validity of the notices for some reason *other* than on a work for hire basis. *Id.*  That is, the counterclaim sought a **broader** declaration of rights than what the plaintiff sought.  The Court specifically contrasted that scenario to one where, in a patent case, "[t]he Second Circuit … concluded that it was proper to dismiss the defendant's counterclaim, which sought a determination that the defendant had not infringed the plaintiff's patent (and not a determination as to the patent's validity)." *Id.* (citing *Larson v. Gen. Motors. Corp.*, 134 F.2d 450, 452-53 (2d Cir. 1943)).[6]

Here, the relief sought in Millennium's counterclaim is a declaration "of **no liability** for trade secret misappropriation" for Jane Street's DTSA claim.  Dkt. 122 ¶ 73 (emphasis added).  This is indistinguishable from the relief of "no infringement" that the Second Circuit found to be impermissibly redundant in *Larson*.  The only remaining relief sought for in this counterclaim is attorneys' fees as the prevailing party, which cannot support a DJA cause of action.

**Second**, Millennium's invented argument that its counterclaim is necessary as a prophylactic just in case Jane Street were to withdraw its entire DTSA claim and refile in state

---

[6] Millennium's additional authorities (Opp. 11) confirm this distinction: in each, the defendant sought an affirmative declaration of rights **beyond** a denial of liability, such as a declaration of invalidity.  *See Town & Country Linen Corp. v. Ingenious Designs LLC*, 2020 WL 3472597, at *14 (S.D.N.Y. June 25, 2020) (defendants challenged "the validity of the patent they are alleged to have infringed"); *Ferring B.V. v. Fera Pharms., LLC*, 2014 WL 4829053, at *6 (E.D.N.Y. Aug. 13, 2014) (defendant alleged "Plaintiff's trademarks are invalid" and "a threat of future litigation"). And in *Exist, Inc. v. Vermont Country Store, Inc.*, 2019 WL 5310476, at *1-2, *5 (D. Vt. Oct. 21, 2019), the nominal plaintiff filed a DJA claim of non-infringement of copyright, and the defendant (the true plaintiff) brought a compulsory counterclaim of copyright infringement—**not** a claim under the DJA—and sought all forms of relief, including an injunction, actual and statutory damages, and the infringer's profits.  As the Court noted, "if [Defendant] prevailed on Plaintiff's declaratory judgment claim, it would not be entitled to the remedies it seeks." *Id.* *5.  Millennium identifies no remedy it cannot seek if it succeeds on Jane Street's DTSA claim.

9

court (Opp. 13) is a non-starter: if this were enough, *no* "mirror image" counterclaim would ever be dismissed as redundant. In any event, because Millennium filed an answer to Jane Street's DTSA claim, Jane Street cannot voluntarily dismiss that claim absent order of the Court under Fed. R. Civ. P. 41(a)(2). As *PopSockets LLC* reminded in rejecting the same argument—*i.e.*, the defendant invoked the spectre of voluntary dismissal to argue that its counterclaim for attorney's fees should remain—"Rule 41(a)(2) allows the Court to condition dismissal on whatever terms and conditions [it] deems necessary to offset the possible prejudice defendant may otherwise suffer from plaintiff dismissing his complaint." 2023 WL 130524, at *2 (quotations omitted).

*Third*, as a final plea, Millennium argues that any prejudice is "minimal" from allowing its improper counterclaim to continue. Opp. 15-16. But this gets the inquiry backwards—the point of courts' consistent dismissal of mirror-image DJA counterclaims is that there is no prejudice to a ***defendant*** to dismissing these empty, redundant counterclaims and allowing a case to proceed in the normal course. There is no need for this Court to double this claim just to provide Millennium with the psychic benefit of availing itself of the label "plaintiff."

\*    \*    \*

The Court warned that "[n]o further opportunities to amend will ordinarily be granted." Dkt. 95 at 1. Millennium did not amend its DTSA counterclaim, and instead added a futile unfair competition counterclaim. Millennium does not identify any further amendments that would cure any deficiencies, instead vaguely asking that dismissal be "without prejudice" to its "right to plead additional facts." Opp. 16. Millennium already had two chances. It should not be given a third. The Court should dismiss both counterclaims with prejudice.

## CONCLUSION

The Court should dismiss Millennium's amended counterclaims with prejudice.

DATED: July 15, 2024                      Respectfully submitted,

*/s/ Deborah K. Brown*
Alex Spiro
Deborah K. Brown
Todd Anten
Jeffrey C. Miller
Kaitlin P. Sheehan (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
alexspiro@quinnemanuel.com
deborahbrown@quinnemanuel.com
toddanten@quinnemanuel.com
jeffreymiller@quinnemanuel.com
kaitlinsheehan@quinnemanuel.com

Greg Miraglia (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
300 West 6th Street
Austin, Texas 78701
Telephone: (737) 667-6100
gregmiraglia@quinnemanuel.com

Jeff Nardinelli (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
jeffnardinelli@quinnemanuel.com

*Attorneys for Plaintiff Jane Street Group, LLC*

11