**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7116**

WRITER'S EMAIL ADDRESS
**deborahbrown@quinnemanuel.com**

July 16, 2024

<u>VIA ECF</u>

Hon. Paul A. Engelmayer
United States District Court,
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re:     **Sealing Motion for Defendants' Motion to Compel Document Discovery,**
        ___Jane Street Group, LLC v. Millennium Management LLC, et al___., **No. 1:24-cv-02783**

Dear Judge Engelmayer:

We write on behalf of Plaintiff Jane Street Group, LLC ("Jane Street") in relation to sealing letters from Defendant Millennium (Dkts. 145, 148; Ordered at Dkts. 150, 151).

Jane Street requests that certain information containing Jane Street's proprietary, trade secret, and competitively sensitive information be sealed and redacted from the public docket. The narrow set of redactions Jane Street seeks are limited to particular words, phrases, and portions of sentences that fall within the type of information that courts in the Second Circuit allow to be redacted from the public record. *See, e.g., In re. Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1225-26 (Fed. Cir. 2013) (district court abused its discretion by denying request to seal confidential financial information). Jane Street's proposed limited redactions provide the public with ample information to understand the dispute. *See, e.g., Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018) (permitting proposed redactions where a "member of the public reviewing the parties' redacted submissions … would have information sufficient to understand the parties' arguments and the Court's adjudication").

Jane Street has a serious and valid competitively sensitive interest in redacting and protecting its trade secrets and confidential information, including any "catnip" that could lead to

**quinn emanuel urquhart & sullivan, llp**

interested parties deciphering those secrets. (4/19/24 Tr. at 22:12-23:9.) The importance of keeping Jane Street's proprietary and confidential information under seal cannot be overstated—this case has garnered significant media and industry attention, with media outlets reporting about the finance industry's attempts to discover Jane Street's proprietary trading strategies through the publicly available information in the pleadings. *See, e.g.*, Robin Wigglesworth, "Jane Street is big. Like, really, really big," Financial Times, April 29, 2024. (referencing "the now-legendary **Indian options** trade *that half of Wall Street is trying to unearth*.").

The filings at issue are discussed below.

1.      DEFENDANTS DOUGLAS SCHADEWALD, DANIEL SPOTTISWOOD, AND MILLENNIUM MANAGEMENT LLC'S LETTER MOTION TO COMPEL DOCU-MENT DISCOVERY (Dkt. 146, corrected at Dkt. 149) AND SUPPORTING DECLARA-TION OF BRIAN R. CAMPBELL AND EXHIBITS THERETO (Dkt. 147)
(sealing letter, Dkt. 145; Ordered at Dkt. 150)
(sealing letter for corrected motion, Dkt. 148; Ordered at Dkt. 151)

**Request:** Jane Street requests that the Court approve the redactions proposed in highlighting as filed as attachments to this letter.

The redacted information relates to:

| Type of information | Dkt. 146/149, Defendants' Letter Motion |
|---|---|
| Information relating to or tending to reveal elements of Jane Street's trade secret trading strategies, including Jane Street's proprietary research used to develop those strategies | Letter Motion, p. 1, fn.2<br><br>Letter Motion, p. 2, ¶2<br><br>Letter Motion, p. 2, ¶3<br><br>Letter Motion, p. 2, fn.3<br><br>Letter Motion, p. 3, ¶1<br><br>Letter Motion, p. 3, fn.4<br><br>Letter Motion, p. 3, ¶3 |
| Information relating to or tending to reveal sensitive information regarding Jane Street's employees. | Letter Motion, p. 3, ¶2 |

| Type of information | Dkt. 147, Declaration of Brian R. Campbell |
|---|---|

| | |
|---|---|
| Information relating to or tending to reveal elements of Jane Street's trade secret trading strategies, including Jane Street's proprietary research used to develop those strategies | Declaration, ¶10 |
| | Exhibit 1, row 2 |
| | Exhibit 1, row 4 |
| | Exhibit 2, p. 2 |
| | Exhibit 2, p. 5 |
| | Exhibit 2, p. 6 |
| | Exhibit 2, p. 7 |
| | Exhibit 2, p. 10 |
| | Exhibit 3, Request No. 1 |
| | Exhibit 3, Response to Request No. 1 |
| | Exhibit 3, Request No. 2 |
| | Exhibit 3, Response to Request No. 2 |
| | Exhibit 3, Response to Request No. 3 |
| | Exhibit 3, Request No. 7 |
| | Exhibit 3, Response to Request No. 7 |
| | Exhibit 3, Request No. 8 |
| | Exhibit 3, Response to Request No. 8 |
| | Exhibit 3, Request No. 9 |
| | Exhibit 3, Response to Request No. 9 |
| | Exhibit 3, Response to Request No. 10 |
| | Exhibit 3, Request No. 18 |
| | Exhibit 3, Response to Request No. 18 |
| | Exhibit 3, Request No. 19 |
| | Exhibit 3, Response to Request No. 19 |

| | |
|---|---|
| | Exhibit 3, Response to Request No. 22 |
| | Exhibit 4, p. 1 |
| | Exhibit 4, p. 5 |
| | Exhibit 4, p. 6 |
| | Exhibit 4, p. 8 |
| | Exhibit 5, p. 1 |
| | Exhibit 5, p. 5 |
| | Exhibit 5, p. 7 |
| | Exhibit 5, p. 8 |
| | Exhibit 5, p. 10 |
| | Exhibit 5, p. 11 |
| | Exhibit 6 (all) |
| | Exhibit 7 (all) |
| | Exhibit 8 (all) |
| Information revealing the nature of Jane Street's data and information storage, financial practices, or scope of document production in this case | Exhibit 2, p. 1 |
| | Exhibit 2, p. 2 |
| | Exhibit 2, p. 3 |
| | Exhibit 2, p. 4 |
| | Exhibit 2, p. 6 |
| | Exhibit 2, p. 7 |
| | Exhibit 2, p. 8 |
| | Exhibit 3, Request No. 9 |
| | Exhibit 3, Response to Request No. 9 |
| | Exhibit 3, Response to Request No. 15 |

| | Exhibit 3, Response to Request No. 16 |
| --- | --- |
| | Exhibit 4, p. 8 |
| | Exhibit 4, p. 9 |
| | Exhibit 5, p. 1 |
| | Exhibit 5, p. 2 |
| | Exhibit 5, p. 3 |
| | Exhibit 5, p. 5 |
| | Exhibit 5, p. 7 |
| | Exhibit 5, p. 10 |
| | Exhibit 5, p. 11 |

*    *    *

Jane Street respectfully requests that this Court approve the redactions identified above, and seal the unredacted versions. Jane Street further respectfully requests that, should the Court determine that Jane Street's redactions are unduly excessive, that Jane Street be given further opportunity to account for any of the Court's concerns.

Respectfully submitted,

*/s/ Deborah K. Brown*
Deborah K. Brown

*Attorney for Plaintiff Jane Street Group, LLC*

cc:    All Counsel of Record (by ECF)