Case 1:24-cv-02783-PAE Document 147-2 Filed 07/11/24 Page 1 of 15

# Exhibit 2

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**Via Email**

Deborah Brown
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Ave., 22nd Fl.
New York, NY 10010

June 20, 2024

**Re: *Jane Street Group, LLC v. Millennium Management LLC, at al.*, No. 1:24-cv-02783-PAE**

Counsel:

We write on behalf of all Defendants regarding Plaintiff Jane Street's Responses and Objections ("Objections") to Defendants' First Set of Requests for Production ("Requests") in the above-referenced action.

As described more fully below, Jane Street's Objections are deficient for a number of reasons, including because Jane Street has failed to specify any of its boilerplate objections and because Defendants' Requests are squarely relevant and proportional to the claims and defenses in this action. For the avoidance of doubt, this correspondence does not provide an exhaustive list of all deficiencies in the Objections, and Defendants reserve the right to identify additional deficiencies at a later time.

Please advise us of your availability on Friday (June 21, 2024) or Monday (June 24, 2024), to meet and confer regarding these disputes pursuant to Rule 2.C of Judge Engelmayer's Individual Rules.

### *1. Jane Street's Boilerplate Objections*

Jane Street has asserted various boilerplate objections, including that the Requests are burdensome, overbroad, not proportional to the needs of this action, complex, or seek publicly available information or information that can be obtained from other means. Jane Street listed its boilerplate objections in the "General Objections" section of its responses and also incorporated them into its responses to specific Requests in violation of Rule 34. Rule 34 requires a party to state the grounds for objecting to a discovery request "with specificity," "including the reasons." *See* Fed. R. Civ. P. 34(b)(2)(B). Jane Street's approach "does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection)" and thus results in "a waiver of all objections (except as to privilege)." *Fischer v. Forrest*, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017).

By way of example only, Requests Nos. 3, 4, 5, 7, 8, 9, 18 call for the production of documents that generally relate to information about India Options Trading known to or originating from anyone other than Jane Street, the elements of the Strategies, [REDACTED]

and Jane Street's India Options Trading [redacted] Without justification, Jane Street objects to producing responsive documents to the extent they "seek[] information that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive." But Jane Street does not explain what other sources the information sought could be obtained from or why those sources provide a more convenient means of obtaining the requested discovery. That is because Jane Street's objection has no basis.

Indeed, these Requests concern information about Jane Street's ***own*** knowledge, information, or alleged trade secrets:

- *Jane Street's* understanding of trading activities of other market participants with respect to India Options Trading (Request No. 3);[1]
- *Jane Street's* efforts to maintain the confidentiality of the Strategies (Request No. 4);
- *Jane Street's* communications with any person outside of Jane Street as well as information that originated outside of Jane Street but was *used by Jane Street* in the development, implementation, or execution of the Strategies (Request No. 5);
- *Jane Street's* quantification and characterization of [redacted]
- The elements of *Jane Street's* Strategies ([redacted]) in respect of India Options Trading (Request No. 8; *see* May 23, 2024 Trade Secret Identification, Trade Secret No. 1 [redacted]
- *Jane Street's* [redacted] and *Jane Street's* communications about [redacted]; and
- *Jane Street's* consideration of, purpose of, or decision to [redacted]

---

[1] Jane Street's pleadings and filings in this case make clear that Jane Street possesses information about strategies and positions of others with respect to India Options Trading. For example, [redacted]

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Jane Street, as the plaintiff in this action, must produce relevant documents in its possession, custody, or control. *See* Fed. R. Civ. P. 34(a)(1). Jane Street's boilerplate objections do not pass muster. *See Fischer*, 2017 WL 773694, at *3 ("Why is it burdensome? How is it overly broad? This language tells the Court nothing."); *see also Marin v. Apple-Metro, Inc.*, 2023 WL 2060133, at *7 (E.D.N.Y. Feb. 8, 2023) (the party objecting to a discovery request bears the burden of demonstrating that (i) "the discovery sought is burdensome or expensive," *and* (ii) "the burden or expense is unreasonable in light of the benefits to be secured from the discovery" (quoting *Melendez v. Greiner*, 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003)).

Please confirm that Jane Street will not withhold responsive documents on the basis of its boilerplate objections.

2. ***Jane Street's Improper Responses Seeking To Producing Documents "Sufficient to Show" Various Issues***

In response to almost ***half*** of Defendants' Requests (Requests 1-10, 14, 22, 26, 27), Jane Street agrees to produce only information "sufficient to show" certain issues. Document discovery is not an opportunity for parties to provide curated documents based on a party's unchecked view of what is "sufficient." Indeed, nothing in the Federal Rules of Civil Procedure or the Local Rules supports such an approach, nor is it justified by proportionality to the needs of this action given the critical nature of the information sought. *See, e.g.*, *Black Card LLC v. Visa USA Inc.*, 2019 WL 13180684, at *7 (D. Wyo. Dec. 2, 2019) (rejecting a party's compromise to produce "documents sufficient to show" the information sought "because the ambiguity inherent in the phrase will likely lead to subjective production of documents and additional motion practice").

Defendants are willing to meet and confer regarding a search protocol for responding to these Requests—but cannot and will not agree to Jane Street's cherry picking the information that it will produce.

3. ***Jane Street's Limitation of Responsive Documents to "the India options market"***

Requests 4, 5, and 7 call for the production of documents that relate generally to the development, definition, implementation, and efforts to maintain the confidentiality of the alleged Strategies. In response, Jane Street limits the scope of responsive documents to those that concern "the India options market" without explanation. This limitation is improper. Documents reflecting "aspects of the Strategies known to persons outside of Jane Street" are relevant to establish the lack of a trade secret even if those Strategies were employed in markets other than the India options market.

expectation contains correlative insights developed by Jane Street (for example, that an Indian stock index will move in the same direction at close as a stock index *in China* moved at close)."

Moreover, as you know, defendants maintain that the various trading strategies deployed in India Options Trading are not bespoke to that market, and therefore Jane Street's use of options trading strategies across different markets speaks to whether those strategies reflect some alleged trade secret (as Jane Street claims) or generalized knowledge and skill deployed by options traders as part of the standard toolkit.

Please confirm that Jane Street will not withhold documents on the basis that they concern a market other than "the India options market."

4. ***<u>Jane Street's Objections To Requests Nos. 1 and 2</u>***

Requests Nos. 1 and 2 seek documents and communications from January 1, 2023 to the present concerning the Strategies and Jane Street's India Options Trading. Request No. 1 seeks all documents and communications concerning "the Strategies or *any individual trades or collection of trades* by Jane Street related to the Strategies, [REDACTED] Request No. 2 seeks all documents and communications concerning "Jane Street's India Options Trading, including Jane Street's profit and loss, [REDACTED]

Jane Street improperly seeks to limit its production in response to these Requests in several respects:

*First*, Jane Street seeks to exclude from its production information concerning "[trades] by Jane Street related to the Strategies." Information about Jane Street's trades, including the account and portfolio of each trade such as trade descriptions, recaps, or writeups, of all transactions and all orders, however, is central to numerous issues in this case, including the scope, characteristics, existence, and value of the alleged Strategies, whether Defendants have applied the alleged Strategies as Jane Street alleges, and potentially damages (or the lack thereof). Jane Street's refusal to produce this information would deprive Defendants of critically relevant information. Jane Street must withdraw this objection and produce the requested trading data.

*Second*, Jane Street does not commit to producing Jane Street's profit and loss, [REDACTED] This information is relevant for the same reasons, and Defendants understand that this information exists in a centralized database and can be captured without difficulty. In any event, trade secret cases often require the production of such technical information. *See* Federal Judicial Center, Trade Secret Case Management Judicial Guide ("FJC Guide") § 6.4.2 (2023). Defendants are willing to meet and confer concerning the information that is available and the format in which it may be produced.

*Third*, in its response to Request No. 2, Jane Street limits its agreed-production to information concerning Jane Street's India Options Trading "relating to Jane Street's Strategies…." This limitation is improper to the extent it excludes information that would otherwise be responsive to Request No. 2. Based on Jane Street's pleadings and disclosures to

date, Defendants do not know if the Strategies at issue in this case encompass the entirety of Jane Street's trading in India. Defendants are therefore unable to determine whether any India Options Trading information is outside the scope of this litigation. If Jane Street can identify what, if any, India Options Trading activity is not related to the Strategies at issue in this case and explain why that is the case, Defendants can consider the limitation that Jane Street proposes in its response to Request No. 2.

Without that information, Defendants cannot agree to this limitation, and ask that Jane Street withdraw this objection and produce the full scope of information requested.

***5. Jane Street's Objections To Request No. 3***

Request No. 3 seeks information concerning "any actual or potential strategies, techniques, or tendencies of, or positions held by any Person or group of Persons (such as retail investors, institutional investors) other than Jane Street with respect to India Options Trading." Jane Street limits its agreed scope of production to documents regarding Jane Street's "*analysis or discussion of*" the strategies, techniques, tendencies, and positions of others. But information concerning strategies, techniques, tendencies, and positions held by others in this market is relevant regardless of whether any person within Jane Street "analyzed or discussed" it. Such information will be relevant to, among other things, establish whether and the extent to which Jane Street's alleged Strategies are known to Jane Street or used by others in the industry. Defendants also understand that some of the alleged Strategies rely on information concerning strategies, techniques, tendencies, and positions of other market participants, so this information is also relevant to the Strategies themselves. [redacted]

Defendants are willing to meet and confer regarding a search protocol for responding to this Request.

***6. Jane Street's Objections To Requests Nos. 4 and 5***

Requests 4 and 5 seek documents regarding Jane Street's development and confidentiality of the purported Strategies for the period of January 1, 2018 through the present. In its responses, Jane Street agrees to produce documents only from within the limited timeframe of January 1, 2023 to the filing of the Complaint on April 12, 2024. This time limitation is improper:

- ***Start date:*** Jane Street alleges that its development of the alleged trade secrets at issue in this case began in 2018. *See* Am. Compl. (Dkt. 63) ¶¶ 31, 56. Jane Street cannot withhold documents necessary to test that allegation. Please confirm that Jane Street will produce responsive documents dating from January 1, 2018.

- ***End date:*** Information concerning the development and confidentiality of the alleged trade secrets does not cease being relevant just because it was created after the action was filed. Defendants are willing to meet and confer concerning an appropriate end date applicable to the production of documents by both sides, but to the extent that Jane Street is asserting that the alleged trade secrets remain trade

secrets after Jane Street filed this case, Jane Street must produce relevant documents during the post-filing period.

### *7. Jane Street's Objections To Requests Nos. 7 and 8*

Requests Nos. 7 and 8 relate to components of the Strategies identified in Jane Street's pleadings and Trade Secret Identification. [redacted]

Requests 7 and 8 call for the production of documents for the Relevant Period, i.e. from January 1, 2018, to the present. In response, Jane Street agrees to produce documents for the limited period of "January 1, 2023 through the filing of the Complaint [i.e., April 12, 2023]." This limitation is improper because the profits and losses of other market participants before January 1, 2023 are relevant to understanding whether any other market participants executed strategies in the India options market that are allegedly proprietary to Jane Street. Moreover, to the extent that Jane Street is seeking damages for time periods beyond the date of filing the Complaint, Jane Street cannot impose a complaint-filing cut-off date.

Jane Street also limits its agreed scope of production for Request 8 to documents regarding Jane Street's "*analysis of*" [redacted] But Jane Street's alleged Trade Secret No. 16 is specifically based on the "inputs" and "outputs" of Jane Street's [redacted] And, as previously noted, trade secret cases often require the production of such technical information. *See* Federal Judicial Center, Trade Secret Case Management Judicial Guide ("FJC Guide") § 6.4.2 (2023). Furthermore, Jane Street relies not only on its analysis but active implementation of its analysis about [redacted] May 23, 3024 Trade Secret Identification, Trade Secret No. 2. Therefore, information about, *e.g.*, Jane Street's development, application and use of [redacted] are all relevant to Jane Street's own allegations.

Jane Street must produce all documents and communications responsive to these Requests.

### *8. Jane Street's Objections To Requests Nos. 9 and 10*

Requests No. 9 and 10 concern [redacted] allegedly experienced by Jane Street in connection with India Options Trading and communications regarding actual or potential [redacted]. In particular, Request No. 9 seeks "all documents and communications concerning [redacted] Request No. 10 is a

tailored request for communications of Jane Street's personnel involved in the India Options Trading on and around the days when Jane Street [redacted] March 6 and March 28, 2024.

Jane Street limits its agreed scope of production in several respects. These limitations are improper.

*First*, in response to both Requests, Jane Street agrees to produce only documents concerning "[redacted] described in Paragraphs 153-156 of the Amended Complaint. This restriction leaves out documents related to Jane Street's trading on those days, the strategies it was employing, the positions it was taking, and the risks it would be exposed to, all of which will be relevant to challenging Jane Street's supposition (Am. Compl. ¶¶ 158-60) that the events of these days are evidence of misconduct by Defendants.

*Second*, in response to Request No. 9, Jane Street has refused to produce documents concerning "[redacted] Jane Street in connection with India Options Trading, [redacted] This too is unacceptable:

- Jane Street alleges that it had "never previously encountered" the [redacted] it experienced on March 6 and March 28, 2024, and claims that it only [redacted]. *See* Am. [redacted] ¶¶ 153-60. Defendants dispute this assertion, and have submitted evidence in this case showing that Jane Street had [redacted] to its India Options Trading. *See* Schadewald Decl. (Dkt. 28) ¶¶ 106-08. There are many reasons why Jane Street may have [redacted] having nothing to do with Defendants—including Jane Street's traders' lack of familiarity or unwillingness to [redacted]. Indeed, Jane Street's trading activities on March 28 appear to have been highly irregular. Documents concerning Jane Street's [redacted] and communications about potential or actual [redacted] are therefore relevant to test the allegations on which Jane Street's claims are based.

- Documents concerning [redacted] are also relevant to the existence and scope of Jane Street's alleged trade secrets. As disclosed in the May 23, 2024 Trade Secret Identification, the [redacted] Discovery into how Jane Street navigates [redacted] while implementing its alleged Strategies is relevant to defining and testing those Strategies and, according to Jane Street, is a relevant point of comparison between the trading of Jane Street, Defendants, and other market participants.



*Third*, Jane Street has effectively refused to produce documents responding to Request No. 10 beyond its agreed scope of production in response to Request No. 9. This Request seeks communications from a narrow time period: the two days on which Jane Street allegedly [REDACTED], plus one day before and after. The circumstances of Jane Street's trading on or around March 6 and March 28 will shed light on [REDACTED] This discovery is relevant to the existence and scope of any Strategies as well as Jane Street's allegation that Defendants misappropriated those Strategies.

Defendants are willing to meet and confer regarding a search protocol for responding to these Requests.

***9. <u>Jane Street's Objections To Requests No. 11 and 29</u>***

Requests 11 and 29 seek documents concerning Jane Street's allegations in this case, including Jane Street's allegations that Defendants misappropriated Jane Street's trade secrets and confidential information. Jane Street agrees only to produce responsive documents dated after January 1, 2023. But such a date limitation is not sensible in respect of these Requests. Information about Jane Street's own allegations are particularly known to Jane Street, and Jane Street cannot refuse to produce documents dated earlier than January 1, 2023 that it relied on in support of its allegations. Please confirm that Jane Street will produce all documents responsive to this Request, regardless of date.

***10. <u>Jane Street's Objections To Request No. 13</u>***

Request No. 13 seeks "all documents and communications concerning the Instruments, including any drafting, negotiation, or execution of the Instruments by Jane Street or Individual Defendants." In its response, Jane Street agrees to produce only (a) executed Instruments, (b) "drafts of the Instruments *shared with the Individual Defendants*," and (c) "communications *with the Individual Defendants* concerning those Instruments."

Jane Street's Complaint is based on its allegations regarding the Individual Defendants' contractual obligations to Jane Street. Communications about those Instruments with persons other than the Individual Defendants will shed light on Jane Street's understandings as to the Individual Defendants' contractual obligations. Furthermore, such communications are relevant to Defendants' defenses in this case, including their allegations that Jane Street (a) is ginning up alleged trade secrets to bar Defendants from trading in the India market, and (b) is improperly attempting to convert a confidentiality agreement into a non-compete covenant. *See* Millennium's Answer (Dkt. 104) ¶¶ 32–33; Individual Defendants' Am. Affirm. Defenses (Dkt. 106) ¶¶ 4-8.

Defendants are willing to meet and confer regarding a search protocol for responding to this Request.

***11. <u>Jane Street's Objections To Requests Nos. 15-16</u>***

Requests Nos. 15 and 16 seeks documents sufficient to show "any rating, performance evaluation, or review of either Individual Defendant at Jane Street, including documents sufficient to show their rating relative to each other and/or to any other Jane Street trader(s)" and "total compensation of each person within Jane Street who either trades securities or derivatives or

oversees trading of securities or derivatives for 2020, 2021, 2022 and 2023." Jane Street limits the scope of its agreed production in response to Request No. 15 to Individual Defendants' "*final* year-end rating" plus "any performance notes submitted by the applicable manager in connection with Jane Street's biannual evaluation process from January 1, 2018." And Jane Street refuses to produce any compensation-related information for any employees or former employees (other than the Individual Defendants) in response to Request No. 16. This is unacceptable.

*First*, Defendants requested only information *sufficient to show* the Individual Defendants' and other traders' evaluations and compensation, including year-end bonus. But Jane Street seeks to narrow these Requests even further by offering only the Individual Defendants' "final year-end rating" and "notes *submitted* by the applicable manager" in connection therewith. But communications among Jane Street personnel or others about the Individual Defendants' performance or compensation is relevant even if such communications were not "submitted" in connection with their biannual evaluation process.

*Second*, Jane Street alleges that Defendant Schadewald's "compensation at Millennium is *atypical and above-market as compared to a competitor's typical arm's length offer to a trader* with Schadewald's experience and performance." Am. Compl. ¶ 127. At the same time, Jane Street refuses to produce documents showing what Jane Street offers to its own employees involved in the same or comparable activity. Defendants are entitled to test this allegation with discovery into how Jane Street compensates its own traders. Indeed, Jane Street's senior partners are, on information and belief, paid a multiplier with respect to Jane Street's PNL.

*Third*, Jane Street has asserted that its "ability to implement the proprietary Trading Strategy has not lessened as a result of Schadewald or Spottiswood absence" and attributed the change in its profits to Individual Defendants employing its allegedly proprietary Strategies. *See* Am. Compl. ¶ 142. Defendants dispute this allegation, and the requested information is relevant to testing this allegation too.

*Fourth*, Jane Street's refusal to produce information in response to Request No. 15 after Individual Defendants' departure from Jane Street is improper. Any communications within Jane Street about Individual Defendants' performance, skill, and compensation, including as compared to Jane Street's other employees, and the effect of the Individual Defendants' departure on Jane Street's India Options Trading are squarely relevant in this action. Indeed, Jane Street has agreed that such information is relevant at least through the filing of the Complaint on April 12, 2024 because it has agreed to produce all information sought in Request No. 20.[3]

Defendants agree that Jane Street's production under these Requests should cover the period from January 1, 2018 through Individual Defendants' departure from Jane Street. Defendants are willing to meet and confer regarding a search protocol for responding to these Requests.

---

[3] Request No. 20 seeks "all documents and communications between October 1, 2023 and April 12, 2024 concerning the actual or potential departure of either Individual Defendant from Jane Street, including the fact or possibility of either Individual Defendant seeking new employment or interviewing with potential employers other than Jane Street."

*12. __Jane Street's Objections To Requests Nos. 17, 18 and 19__*

Requests Nos. 17, 18, and 19 seek information relevant to the Individual Defendants' departure from Jane Street and Jane Street's [REDACTED]. In Request No. 17, Defendants request "all documents and communications concerning Jane Street's rating, performance [e]valuation, review, year-end bonus determination, or any other employment or compensation decision by Jane Street with respect to either Individual Defendant between October 1, 2023 and April 12, 2024." Requests Nos. 18 and 19 seek "all documents and communications concerning [REDACTED] for the Relevant Period and "all documents and communications concerning any India Options Trading [REDACTED] between July 1, 2023 and February 28, 2024" respectively.

In response to Request No. 17, Jane Street refuses to produce documents beyond what it agreed to produce in response to Request Nos. 15 and 16, discussed above. And Jane Street refuses to produce any information in response to Requests Nos. 18 and 19.

This requested information is relevant for the reasons explained above concerning Requests Nos. 15 and 16. Additionally:

- Jane Street questions Individual Defendants' motives to leave Jane Street and join Millennium. *See* Am. Compl. ¶¶ 124-32 (alleging that Millennium solicited and offered an "atypical and above-market" compensation for Schadewald's "improper use of Jane Street's confidential intellectual property and trade secrets"). These allegations are incorrect[4] but, in any event, Defendants are entitled to test them in discovery.

- Jane Street improperly objects to producing any information related to its [REDACTED] As Jane Street knows, Individual Defendants engaged in numerous conversations with members of Jane Street's management team in late 2023 and early 2024 concerning Individual Defendants' evaluation, review, year-end bonus, and continuing paths to advancement within Jane Street. Jane Street's management also discussed these matters among themselves, giving Individual Defendants an unsatisfactory assessment and compensation figure, which ultimately led to the Individual Defendants' departure. These discussions included a written narrative performance review of Mr. Schadewald that identified [REDACTED]

- At the instruction of Jane Street's management, [REDACTED]

[4] [REDACTED]

> [REDACTED] and is necessary to capture relevant evidence concerning the scope, definition, implementation, and results of the alleged Strategies as well as Jane Street's alleged investment of time and capital.

Finally, these Requests are proportional as they narrowly target only (i) a seven-month timeframe starting only four months earlier than Defendant Schadewald's departure and five months earlier than Defendant Spottiswood's departure from Jane Street; and (ii) the period of actual or potential [REDACTED] as relevant for the issue of Defendant Schadewald's review, compensation and ultimate departure from Jane Street.

Defendants are willing to meet and confer regarding a search protocol for responding to these Requests.

***13. Jane Street's Objections To Request No. 21***

Request No. 21 seeks information concerning the "*actual or potential departure of any Jane Street personnel from Jane Street*, including any actions or measures discussed, considered, or taken by Jane Street in respect of any such actual or potential departures." Jane Street refuses to produce information in response to these Requests for any employees or former employees other than the Individual Defendants. This is improper.

This Request is relevant to Jane Street's claims that it has never before filed a legal action against a former employee. *See* Am. Compl. ¶ 13. And Jane Street has specifically raised the issue of former Jane Street personnel leaving for Millennium, with Jane Street "inform[ing] Millennium of its former employees' 'obligations to maintain the confidentiality of Jane Street's intellectual property." *See id.* ¶ 121. Jane Street put this subject at issue and Defendants are entitled to discovery to test the veracity and relevance of Jane Street's allegations. Additionally, this Request is relevant to the issue of Jane Street's bad faith and improper purpose of bringing this litigation, including to send a message to its employees about the consequences of their potential departure from Jane Street. *See* In. Defs.' Countercl. (Dkt. 72) ¶¶ 8, 34; In. Defs.' Am. Affirm. Defenses (Dkt. 106) 4–8; Millennium Answer (Dkt. 104) ¶¶ 32–33; Millennium Countercl. ¶ 58; *see also* FJC Guide § 6.11.3 (discovery into a plaintiff's motives and bases for filing suit under the DTSA "is to be expected").

Defendants are willing to meet and confer regarding a search protocol for responding to this Request.

***14. Jane Street's Objections To Request No. 22***

Request No. 22 seeks information "*concerning* any policies, decisions, or questions regarding the use of any Listserv to communicate information related to India Options Trading or the Strategies, or regarding the restriction of any such information to only certain personnel within Jane Street." Jane Street agrees to produce documents "*sufficient to show any* policies, decisions, or questions regarding the use of any Listserv to communicate *trade secret information* related to India Options Trading and the Strategies, or regarding the restriction of any such trade secrets to only certain personnel within Jane Street."

Jane Street's limitation of its agreed production to communications about "trade secret information" rather than all information related to India Options Trading is highly subjective; its definition is vague and ambiguous. The issue of what exactly falls under the protected "trade secret information" will be decided by the Court.

Jane Street must produce all information requested in Request No. 22.

***15. <u>Jane Street's Objections To Requests No. 23-25</u>***

Requests Nos. 23-25 generally seek information about Jane Street's hiring for positions related to India Options Trading, barriers to entry related to India Options Trading, and Jane Street's or its agents' sharing of the Complaint or discussion of the parties' dispute with any third parties prior to its filing.[5] This information is relevant to establish, among other things, other participants in the India Options Trading and the publicity of Jane Street's trading in the market.

Jane Street asserts various boilerplate objections to these Requests, which are improper for the reasons stated above. Jane Street's objection to producing any communications between "any agent, representative, or person acting on Plaintiff's behalf and any third party" about the Complaint or this dispute in response to Request No. 25 is particularly concerning to the extent that Jane Street seeks to withhold documents between its lawyers at Quinn Emanuel and members of the press. Such documents are within Jane Street's possession, custody, or control. *See In re Alghanim*, 2022 WL 1423088, at *3 (S.D.N.Y. May 5, 2022) ("Documents in the possession of a party's attorney are deemed to be within the party's possession, custody, or control because the party has the legal right to obtain the documents on demand.").[6]

While we do not agree that Jane Street has validly asserted any of its boilerplate objections in response to these Requests, we accept, without prejudice, Jane Street's proposal to meet and confer.

***16. <u>Jane Street's Objections To Requests Nos. 26-27</u>***

In Request Nos. 26 and 27, Defendants seek all documents and communications concerning each of the Defendants in the time since Individual Defendants' departed from Jane Street for Millennium. Jane Street limits its production to the "analysis or discussion of India Options Trading activity Plaintiff knew or suspected may have been conducted or performed by" either Individual Defendant or Millennium before the filing of the Complaint.

Documents and communications within Jane Street concerning Defendants during this critical window of time have relevance beyond just Jane Street's "analysis or discussion" of

---

[5] Request No. 25, which seeks information with "any third party concerning the Complaint dated April 22, 2024 any draft of said complaint, or the dispute that is the subject of this Action," contains a drafting error. Defendants intended the start date for this Request to be April 5, 2024, not April 15, 2024. Please confirm that Jane Street will produce relevant documents beginning April 5, 2024 without the need for Defendants to serve an amended Request.

[6] Jane Street's first objection to Defendants' Definition of "Plaintiff," "You," and "Jane Street" is improper for the same reason.

Defendants' trading activities. For example, documents responsive to these Requests will also reflect:

- Jane Street's reaction to Individual Defendants' departure;
- Jane Street's ability or inability to replace Individual Defendants with equally skilled and highly rated traders, which bears on Jane Street's allegation that its reduction in profitability could not be due to the loss of skilled employees (Am. Compl. ¶142);
- Jane Street's understanding of the reasons for Individual Defendants' departure, which bears on Jane Street's allegation that Individual Defendants received above-market compensation from Millennium as a result of misappropriating trade secrets (Am. Compl. ¶¶ 126-27);
- Jane Street's understanding or belief of the markets in which Individual Defendants would trade at their next employer, and what strategies they might employ, all of which bear on whether Jane Street believed in real time that their trading for Jane Street was proprietary intellectual property;
- Jane Street's communications concerning the absence of any noncompete or similar obligations and whether Individual Defendants had any obligation to refrain from trading options in India (*e.g.*, Millennium Answer (Dkt. 104) ¶¶ 32-33; Millennium Countercl. ¶ 58; In. Defs.' Am. Affirm. Defenses (Dkt. 106) 4–8);
- Whether Jane Street was motivated by a desire to effectively impose noncompete obligations on Individual Defendants notwithstanding the absence of any such obligations (*e.g.*, Millennium Answer (Dkt. 104) ¶¶ 32-33; Millennium Countercl. ¶ 58; In. Defs.' Am. Affirm. Defenses (Dkt. 106) 4–8);
- Whether any proprietary information was taken by Individual Defendants upon their departure from Jane Street;
- Jane Street's internal messaging strategy with other high-performing traders concerning Individual Defendants' departure, which may bear on whether this lawsuit was filed for an improper purpose or to send a message (*e.g.*, Millennium Answer (Dkt. 104) ¶¶ 32-33; Millennium Countercl. ¶ 58; In. Defs.' Am. Affirm. Defenses (Dkt. 106) 4–8);
- Jane Street's communications concerning Spottiswood, including the conversations Jane Street alleges took place during this period (Am. Compl. ¶ 99) and the separation letter executed during this period (*id.* ¶ 100) will bear on Jane Street's allegations concerning their communications;
- Any communications between Jane Street or its agents and any third parties concerning the matters in dispute, including members of the press (*e.g.*, Millennium Answer (Dkt. 104) ¶¶ 32-33; Millennium Countercl. ¶ 58; In. Defs.' Am. Affirm.

Case 1:24-cv-02783-PAE Document 154-2 Filed 07/11/24 Page 15 of 15



Defenses (Dkt. 106) 4–8).

In light of the myriad ways in which documents concerning Defendants in the weeks between Individual Defendants' departure and the filing of Jane Street's Complaint and the limited burden of locating and producing responsive documents for this narrow time period, Jane Street must withdraw its objection. Furthermore, documents concerning Defendants' India Options Trading activities should be produced as responsive to these requests regardless of whether they constitute "analysis or discussion" or take any other form.

Defendants are willing to meet and confer regarding a search protocol for responding to these Requests.

* * *

Please immediately remedy the deficiencies in your Objections, including the ones identified above, and respond with your availability to meet and confer on Friday or Monday.

Sincerely,

*<u>/s/ Rollo Baker</u>*
Rollo Baker
ELSBERG BAKER & MARURI PLLC
One Penn Plaza, Suite 4015
New York, NY 10119
rbaker@elsberglaw.com

*Counsel for Defendants Douglas Schadewald and Daniel Spottiswood*

*<u>/s/ Andrew J. Levander</u>*
Andrew J. Levander
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
andrew.levander@dechert.com

*Counsel for Defendant Millennium Management LLC*

cc. Counsel of Record