# Exhibit 3

***Confidential***

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANE STREET GROUP, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>MILLENNIUM MANAGEMENT LLC, DOUGLAS SCHADEWALD, and DANIEL SPOTTISWOOD<br><br>*Defendants*. | Civil Action No. 1:24-cv-02783-PAE |

**JANE STREET GROUP, LLC'S RESPONSES AND OBJECTIONS TO**
**<u>DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Jane Street Group LLC ("Jane Street" or "Plaintiff") hereby responds and objects to Defendants' First Set of Requests for the Production of Documents to Jane Street (the "RFPs" or "Requests," or, individually, each an "RFP" or "Request") served in the above-captioned action ("Action"), without waiving any claims that Plaintiff has or hereafter may assert in the Action.

Plaintiff reserves all objections to the admissibility at trial of any document provided pursuant to the Requests, including, without limitation, all objections that such documents are not authentic or that the information contained therein is not relevant or material to this Action. All documents produced in response to the Requests are provided solely for the parties in this litigation and for no other purpose.

**<u>GENERAL OBJECTIONS</u>**

Plaintiff makes the following General Objections to each Request, whether or not separately set forth in response to each and every Request. Plaintiff incorporates by reference in

each of its Specific Responses and Objections below, as if set forth fully therein, each and every one of its General Objections.

1. Plaintiff objects to the Requests to the extent they could be interpreted to call for the disclosure of protected information subject to the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, or any other applicable privilege or immunity. In responding, Plaintiff will not interpret the Requests to call for the production of such privileged materials. The inadvertent disclosure of any information or production of any document that is confidential and/or privileged, was prepared in anticipation of litigation or for trial, or is otherwise irrelevant or immune from discovery shall not constitute a waiver of any such privilege or of any ground for objection to discovery with respect to such information or document, the subject matter of the information or document, or Plaintiff's right to object to the use of any such information or document in this Action or elsewhere.

2. Plaintiff objects to the Requests on the ground and to the extent that they improperly attempt to expand, alter, or modify the scope of permissible discovery under the Federal Rules of Civil Procedure, the Southern District of New York Local Rules, any other applicable laws or rules, or any ruling or order issued in this Action.

3. Plaintiff objects to each and every Request on the ground and to the extent that it is compound, complex, or contains multiple subparts.

4. Plaintiff objects to each and every Request on the ground and to the extent it requires Plaintiff to provide documents beyond what can be obtained by a reasonably diligent search.

5. Plaintiff objects to each and every Request on the ground and to the extent that it seeks information outside of Plaintiff's possession, custody, or control.

6.     Plaintiff objects to each and every Request on the ground and to the extent that it seeks information that is publicly available, is already in Defendants' possession, or has been provided to Defendants, or to which Defendants have equal or greater access.

7.     Plaintiff objects to each and every Request on the ground and to the extent that it seeks information not relevant to the claims or defenses in this Action or is not proportional to the needs of this Action.

8.     Plaintiff objects to each and every Request on the ground and to the extent that it calls for a legal conclusion and/or expert discovery.

9.     Plaintiff objects to each and every Request on the ground and to the extent that it is duplicative or cumulative, or seeks information that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive.

10.     By responding to the Requests, Plaintiff does not admit to Defendants' characterization of any documents, facts, theories, or conclusions, nor does Plaintiff admit that the information provided in response to these Requests reflects any fact, characterization, conclusion, or concession.

11.     Plaintiff objects to the Requests on the ground and to the extent that they seek confidential, commercial, business, financial, governmental, proprietary, or competitively sensitive information, or information that is subject to non-disclosure agreements or confidentiality undertakings.   Plaintiff's responses are made subject to the requirements of the forthcoming protective order in this Action.

12.     Plaintiff's decision to provide any documents requested, notwithstanding the objectionable nature of any of the Requests themselves, is not: (a) a concession that the material

is relevant to this proceeding; (b) a waiver of the General Objections or the objections asserted in response to specific Requests; (c) an admission that any such document or information exists; or (d) an agreement that requests for similar information will be treated in a similar manner.

13. Plaintiff reserves the right to assert additional objections to the production of information or documents as appropriate and to supplement or change these objections and responses, including upon the occurrence of any disputes between the parties regarding the proper scope of discovery in this Action or upon clarification or revision by Defendants of any Request.

14. Plaintiff specifically reserves all objections as to the authenticity, competency, materiality, and admissibility of documents produced or the subject matter thereof, all objections as to burden, vagueness, overbreadth, and ambiguity, and all rights to object on any ground to the use of any document, or the subject matter thereof, in any proceeding, including, without limitation, the trial of the above-captioned, or any other, action.

15. Plaintiff may set forth one or more of these General Objections as Specific Objections to a Request for emphasis or some other reason; such a Specific Objection shall not limit the general applicability of these General Objections.

**OBJECTIONS TO DEFINITIONS**

1. Plaintiff objects to the definition of "Plaintiff," "You" and "Jane Street" to the extent it purports to incorporate any non-parties to this action, including any attorneys, agents, or representatives.

2. Plaintiff objects to the definition of "document" and "communication" to the extent they purport to include documents not in Plaintiff's possession, custody, or control.

3. Plaintiff objects to the definition of "India Options Trading" to the extent that it purports to include any trading not done by Jane Street or Defendants and to the extent that it purports to include any trading not relevant to Jane Street's trade secrets.

*Confidential*

4. Plaintiff objects to the definition of "Listserv" to the extent that it purports to include any electronic mailing list, Slack group, or any other discernable regular collection of recipients for any form of communications, including e-mail lists, not created or managed by Jane Street and to the extent that it purports to include any mailing list not relevant to Jane Street's trade secrets.

**OBJECTIONS TO INSTRUCTIONS**

1. Plaintiff objects to the Instructions to the extent that they impose obligations beyond those required by the Federal Rules of Civil Procedure, the Southern District of New York Local Rules, or any other applicable laws or rules.

2. Plaintiff objects to Instruction A to the extent it purports to instruct Plaintiff to produce documents not in Plaintiff's possession, custody, or control.

3. Plaintiff objects to Instruction O to the extent that it requests that Plaintiff continue supplementing its answers to each Request even after the close of the discovery period in the Action on the ground that it imposes an obligation beyond what is required under the Federal Rules of Civil Procedure.

4. Plaintiff objects to Instruction P to the extent that it unreasonably and burdensomely expands the Relevant Period and imposes an obligation beyond what is required under the Federal Rules of Civil Procedure.

**SPECIFIC REQUESTS AND OBJECTIONS**

**REQUEST NO. 1:**

All documents and communications from January 1, 2023 through the present concerning the Strategies or any individual trades or collection of trades by Jane Street related to the Strategies, including Jane Street's profit and loss, [redacted]

***Confidential***

**<u>RESPONSE TO REQUEST NO. 1</u>:**

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including to the extent it asks Plaintiff to produce "all" documents and communications concerning the Strategies for more than a year, including documents and communications of Jane Street's profit and loss on a daily and 5-minute basis. Plaintiff further objects to this Request to the extent that it seeks documents that are not relevant to any claim or defense asserted in this Action. Plaintiff further objects to this Request to the extent that it seeks information that is privileged or that is otherwise protected from discovery.

Subject to and without waiving any of the foregoing objections, Plaintiff responds that it will produce responsive, non-privileged documents and communications sufficient to show Jane Street's Strategies, and Jane Street's profit and loss, [REDACTED] [REDACTED] [REDACTED] from January 1, 2023 through the filing of the Complaint that can be located following a reasonably diligent search and subject to negotiations between the parties regarding appropriate search terms and custodians.

**<u>REQUEST NO. 2</u>:**

All documents and communications from January 1, 2023 through the present concerning Jane Street's India Options Trading, including Jane Street's profit and loss, [REDACTED] [REDACTED]

**<u>RESPONSE TO REQUEST NO. 2</u>:**

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including

to the extent it asks Plaintiff to produce "all" documents and communications concerning Jane Street's India Options Trading, and including to the extent that it purports to include any trading not relevant to Jane Street's trade secrets. Plaintiff further objects to this Request to the extent that it seeks documents that are not relevant to any claim or defense asserted in this Action. Plaintiff further objects to this Request to the extent that it seeks information that is privileged or that is otherwise protected from discovery. Plaintiff further objects to this Request to the extent that it is duplicative of Request No. 1.

Based on the foregoing objections, to the extent this Request seeks information duplicative of Request No. 1, and subject to and without waiving any of the foregoing objections, Plaintiff responds that it will produce responsive, non-privileged documents and communications sufficient to show Jane Street's India Options Trading relating to Jane Street's Strategies, Jane Street's profit and loss, [redacted] from January 1, 2023 through the filing of the Complaint that can be located following a reasonably diligent search and subject to negotiations between the parties regarding appropriate search terms and custodians.

**REQUEST NO. 3:**

All documents and communications from January 1, 2023 through the present concerning any actual or potential strategies, techniques, or tendencies of, or positions held by any Person or group of Persons (such as retail investors, institutional investors) other than Jane Street with respect to India Options Trading.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including to the extent it asks Plaintiff to produce "all" documents and communications concerning Persons

other than Jane Street, documents and communications that may be duplicative or cumulative, documents and communications not in Plaintiff's possession, custody, or control, and to the extent it seeks information that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive. Plaintiff further objects to this Request to the extent that it seeks documents that are not relevant to any claim or defense asserted in this Action. Plaintiff further objects to this Request to the extent that it seeks information that is privileged or that is otherwise protected from discovery.

Subject to and without waiving any of the foregoing objections, Plaintiff responds that it will produce responsive, non-privileged documents and communications sufficient to show Jane Street's analysis or discussion of [redacted] from January 1, 2023 through the filing of the Complaint that are related to Jane Street's Strategies and that can be located following a reasonably diligent search and subject to negotiations between the parties regarding appropriate search terms and custodians.

**REQUEST NO. 4:**

All documents and communications from January 1, 2018 through the present concerning the definition, development, effort used to develop, capital used to develop, value, efforts to maintain confidentiality of the Strategies, and any aspects of the Strategies known to persons outside of Jane Street.

**RESPONSE TO REQUEST NO. 4:**

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including

*Confidential*

to the extent it asks Plaintiff to produce "all" documents and communications relating to the Strategies for more than a six-year period.  Plaintiff further objects to this Request to the extent that it seeks documents that are not relevant to any claim or defense asserted in this Action. Plaintiff further objects to this Request to the extent that it seeks information that is privileged or that is otherwise protected from discovery.  Plaintiff further objects to this Request to the extent that it seeks documents that are duplicative or cumulative, or seeks information that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive.  Plaintiff further objects to this Request to the extent that it seeks information on the use of trading strategies outside of India Options Trading.

Subject to and without waiving any of the foregoing objections, Plaintiff responds that it will produce responsive, non-privileged documents and communications sufficient to show the definition, development, effort used to develop, capital used to develop, value, efforts to maintain confidentiality of the Strategies, and any aspects of the Strategies known to persons outside of Jane Street (other than former Jane Street employees), limited in scope to use in the India options market, from January 1, 2023 through the filing of the Complaint that can be located following a reasonably diligent search and subject to negotiations between the parties regarding appropriate search terms and custodians.

**REQUEST NO. 5:**

All documents and communications from January 1, 2018 through the present concerning any research, data, or information that originated outside of Jane Street or any communications with any person outside of Jane Street that was used in or considered in connection with the development, implementation, or execution of the Strategies.

**<u>RESPONSE TO REQUEST NO. 5</u>:**

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including to the extent it asks Plaintiff to produce "all" documents and communications for more than a six-year period. Plaintiff further objects to this Request to the extent that it seeks documents that are not relevant to any claim or defense asserted in this Action. Plaintiff further objects to this Request to the extent that it seeks information that is privileged or that is otherwise protected from discovery. Plaintiff further objects to this Request to the extent that it seeks documents that are duplicative or cumulative, or seeks information that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive. Plaintiff further objects to this Request to the extent that it seeks information on the use of trading strategies outside of the India options market.

Subject to and without waiving any of the foregoing objections, Plaintiff responds that it will produce responsive, non-privileged documents and communications sufficient to show any research, data, or information that originated outside of Jane Street or any communications with any person outside of Jane Street that was used in or considered in connection with the development, implementation, or execution of the Strategies in the context of the India options market from January 1, 2023 through the filing of the Complaint that can be located following a reasonably diligent search and subject to negotiations between the parties regarding appropriate search terms and custodians.

**<u>REQUEST NO. 6</u>:**

All documents and communications from January 1, 2023 through the present concerning the 2023 Trading Investigation alleged in the Amended Complaint.

**RESPONSE TO REQUEST NO. 6**:

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including to the extent it asks Plaintiff to produce "all" documents and communications concerning the 2023 Trading Investigation regardless of the content of those documents and communications. Plaintiff further objects to this Request to the extent that it seeks documents that are not relevant to any claim or defense asserted in this Action. Plaintiff further objects to this Request to the extent that it seeks information that is privileged or that is otherwise protected from discovery.

Subject to and without waiving any of the foregoing objections, Plaintiff responds that it will produce responsive, non-privileged documents and communications sufficient to show the 2023 Trading Investigation from January 1, 2023 through the filing of the Complaint that can be located following a reasonably diligent search and subject to negotiations between the parties regarding appropriate search terms and custodians.

**REQUEST NO. 7:**

All documents and communications concerning Jane Street's [REDACTED]

**RESPONSE TO REQUEST NO. 7**

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including to the extent it seeks "all" documents and communications, and to the extent it seeks information

*Confidential*

and documents that will be the subject of expert discovery. Plaintiff further objects to this Request to the extent that it seeks documents that are not relevant to any claim or defense asserted in this Action. Plaintiff further objects to this Request to the extent that it seeks information that is privileged or that is otherwise protected from discovery. Plaintiff further objects to this Request to the extent that it seeks documents that are duplicative or cumulative, or seeks information that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive. Plaintiff further objects to this Request to the extent that it seeks information on the use of Jane Street's Strategies outside of the India options market.

Subject to and without waiving any of the foregoing objections, Plaintiff responds that it will produce responsive, non-privileged documents and communications sufficient to show Jane Street's [REDACTED] from January 1, 2023 through the filing of the Complaint that can be located following a reasonably diligent search and subject to negotiations between the parties regarding appropriate search terms and custodians.

**REQUEST NO. 8:**

All documents and communications concerning [REDACTED]

**RESPONSE TO REQUEST NO. 8:**

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including to the extent it seeks "all" documents and communications, and to the extent it seeks information

*Confidential*

and documents that will be the subject of expert discovery. Plaintiff further objects to this Request to the extent that it seeks documents that are not relevant to any claim or defense asserted in this Action. Plaintiff further objects to this Request to the extent that it seeks information that is privileged or that is otherwise protected from discovery. Plaintiff further objects to this Request to the extent that it seeks documents that are duplicative or cumulative, or seeks information that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive. Plaintiff further objects to this Request to the extent that it seeks information on the use of Jane Street's Strategies outside of the India options market.

Subject to and without waiving any of the foregoing objections, Plaintiff responds that it will produce responsive, non-privileged documents and communications sufficient to show Jane Street's [redacted] from January 1, 2023 through the filing of the Complaint that can be located following a reasonably diligent search and subject to negotiations between the parties regarding appropriate search terms and custodians.

**REQUEST NO. 9:**

All documents and communications concerning [redacted] described in Paragraphs 153-156 of the Amended Complaint, including any [redacted] experienced on March 6, 2024, and March 28, 2024, any [redacted]

**RESPONSE TO REQUEST NO. 9:**

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including to the extent it seeks "all" documents and communications, and to the extent it seeks information and documents that will be the subject of expert discovery. Plaintiff further objects to this Request to the extent that it seeks documents that are not relevant to any claim or defense asserted in this Action. Plaintiff further objects to this Request to the extent that it seeks information that is privileged or that is otherwise protected from discovery. Plaintiff further objects to this Request to the extent that it seeks documents that are duplicative or cumulative, or seeks information that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive. Plaintiff further objects to this Request to the extent that it seeks information on [REDACTED]

Subject to and without waiving any of the foregoing objections, Plaintiff responds that it will produce responsive, non-privileged documents and communications sufficient to show the [REDACTED], that can be located following a reasonably diligent search and subject to negotiations between the parties regarding appropriate search terms and custodians.

**REQUEST NO. 10:**

All communications dated March 5-7, 2024 or March 27-29, 2024 by or among Jane Street traders, managers, or other personnel involved in India Options Trading.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including to the extent it asks Plaintiff to produce "all" communications concerning India Options Trading regardless of the position of the traders, managers, or other personnel, the content of those communications, or their relevance to the Strategies. Plaintiff further objects to this Request to the extent that it seeks communications that are not relevant to any claim or defense asserted in this Action. Plaintiff further objects to this Request to the extent that it seeks information that is privileged or that is otherwise protected from discovery.

Subject to and without waiving any of the foregoing objections, Plaintiff responds that it will produce responsive, non-privileged communications

that can be located following a reasonably diligent search and subject to negotiations between the parties regarding appropriate search terms and custodians.

**REQUEST NO. 11:**

All documents and communications concerning any alleged misappropriation of Jane Street trade secrets or Jane Street confidential or proprietary information by any Defendant, including as alleged in the Amended Complaint.

**RESPONSE TO REQUEST NO. 11**:

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including to the extent it asks Plaintiff to produce "all" documents and communications without regard to time period concerning any alleged misappropriation of trade secrets or confidential or proprietary information and regardless of content of the alleged misappropriation of trade secrets or confidential or proprietary information. Plaintiff further objects to this Request to the extent that it seeks documents and communications that are not relevant to any claim or defense asserted in this Action. Plaintiff further objects to this Request to the extent that it seeks information that is privileged or that is otherwise protected from discovery. Plaintiff further objects to this Request as unduly burdensome to the extent it seeks documents that are already in Defendants' possession, custody, or control, or to which Defendants have equal or greater access.

Subject to and without waiving any of the foregoing objections, Plaintiff responds that it will produce responsive, non-privileged documents and communications concerning any alleged misappropriation of Jane Street trade secrets or Jane Street confidential or proprietary information by any Defendant from January 1, 2023 through the filing of the Complaint that can be located following a reasonably diligent search and subject to negotiations between the parties regarding appropriate search terms and custodians.

**REQUEST NO. 12**:

All documents and communications concerning the solicitation, interviewing, consideration of hiring, or hiring of either Individual Defendant by Jane Street.

**RESPONSE TO REQUEST NO. 12**:

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein.  Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including to the extent it asks Plaintiff to produce "all" documents and communications concerning the solicitation, interviewing, consideration of hiring, or hiring of either Individual Defendant by Jane Street without regard to time period or the contents of those documents or communications.  Plaintiff further objects to this Request to the extent that it seeks documents and communications that are not relevant to any claim or defense asserted in this Action.  Plaintiff further objects to this Request to the extent that it seeks information that is privileged or that is otherwise protected from discovery.  Plaintiff further objects to this Request as unduly burdensome to the extent it seeks documents that are already in Defendants' possession, custody, or control, or to which Defendants have equal or greater access.

Subject to and without waiving any of the foregoing objections, Plaintiff responds that it will produce responsive, non-privileged documents and communications concerning the solicitation, interviewing, consideration of hiring, or hiring of either Individual Defendant by Jane Street that can be located following a reasonably diligent search and subject to negotiations between the parties regarding appropriate search terms and custodians.

**REQUEST NO. 13:**

All documents and communications concerning the Instruments, including any drafting, negotiation, or execution of the Instruments by Jane Street or Individual Defendants.

**RESPONSE TO REQUEST NO. 13**:

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein.  Plaintiff objects to this Request on the grounds

that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including to the extent it asks Plaintiff to produce "all" documents and communications concerning the Instruments, including any drafting, negotiation, or execution of the Instruments by Jane Street or Individual Defendants, without regard to time period and regardless of the contents of those documents or communications. Plaintiff further objects to this Request to the extent that it seeks documents and communications that are not relevant to any claim or defense asserted in this Action. Plaintiff further objects to this Request to the extent that it seeks information that is privileged or that is otherwise protected from discovery. Plaintiff further objects to this Request as unduly burdensome to the extent it seeks documents that are already in Defendants' possession, custody, or control, or to which Defendants have equal or greater access.

Subject to and without waiving any of the foregoing objections, Plaintiff responds that it will produce the executed Instruments, including any drafts of the Instruments shared with the Individual Defendants, and any communications with the Individual Defendants concerning those Instruments that can be located following a reasonably diligent search and subject to negotiations between the parties regarding appropriate search terms and custodians.

**REQUEST NO. 14:**

All documents and communications concerning any noncompete, nonsolicit, restricted trading, non-interference, garden leave, restrictive covenant, or any other obligation of either Individual Defendant to Jane Street, including the sunset, expiration, or termination thereof.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including to the extent it asks Plaintiff to produce "all" documents and communications concerning any

noncompete, nonsolicit, restricted trading, non-interference, garden leave, restrictive covenant, or any other obligation of either Individual Defendant to Jane Street, including the sunset, expiration, or termination thereof, without regard to time period and regardless of the contents of those documents or communications. Plaintiff further objects to this Request to the extent that it seeks documents and communications that are not relevant to any claim or defense asserted in this Action. Plaintiff further objects to this Request to the extent that it seeks information that is privileged or that is otherwise protected from discovery. Plaintiff further objects to this Request as unduly burdensome to the extent it seeks documents that are already in Defendants' possession, custody, or control, or to which Defendants have equal or greater access.

Subject to and without waiving any of the foregoing objections, Plaintiff responds that it will produce responsive, non-privileged documents sufficient to show any noncompete, nonsolicit, restricted trading, non-interference, garden leave, restrictive covenant, or any other obligation of either Individual Defendant to Jane Street, including documents sufficient to show the sunset, expiration, or termination thereof from January 1, 2018 through their departure from Jane Street that can be located following a reasonably diligent search.

**REQUEST NO. 15:**

Documents sufficient to show any rating, performance evaluation, or review of either Individual Defendant at Jane Street, including documents sufficient to show their rating relative to each other and/or to any other Jane Street trader(s).

**RESPONSE TO REQUEST NO. 15:**

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including to the extent it asks Plaintiff to produce documents concerning any rating, performance evaluation,

or review of either Individual Defendant at Jane Street without regard to time period and regardless of the contents of those documents. Plaintiff further objects to this Request to the extent that it seeks documents that are not relevant to any claim or defense asserted in this Action. Plaintiff further objects to this Request to the extent that it seeks information that is privileged or that is otherwise protected from discovery. Plaintiff further objects to this Request as unduly burdensome to the extent it seeks documents that are already in Defendants' possession, custody, or control, or to which Defendants have equal or greater access. Plaintiff further objects to this Request to the extent that it seeks documents related to other Jane Street traders whose performance evaluations are not relevant to the claims or defenses of this Action.

Subject to and without waiving any of the foregoing objections, Plaintiff responds that for each Individual Defendant it will produce [redacted], to the extent this information exists.

**<u>REQUEST NO. 16</u>:**

Documents sufficient to show total compensation of each person within Jane Street who either trades securities or derivatives or oversees trading of securities or derivatives for 2020, 2021, 2022 and 2023.

**<u>RESPONSE TO REQUEST NO. 16</u>:**

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including to the extent it asks Plaintiff to produce documents concerning total compensation of each person within Jane Street who either trades securities or derivatives or oversees trading of securities or derivatives for 2020, 2021, 2022 and 2023. Plaintiff further objects to this Request to the extent

that it seeks documents that are not relevant to any claim or defense asserted in this Action. Plaintiff further objects to this Request to the extent it seeks documents that are outside Plaintiff's possession, custody, or control, are publicly available, already in Defendants' possession, custody, or control, or to which Defendants have equal or greater access. Plaintiff further objects to this Request to the extent that it seeks information that is privileged, protected by the attorney work-product doctrine, or that is otherwise protected from discovery.

Subject to and without waiving any of the foregoing objections, Plaintiff responds that it will produce responsive, non-privileged documents sufficient to show [redacted] that can be located following a reasonably diligent search.

**REQUEST NO. 17:**

All documents and communications concerning Jane Street's rating, performance valuation, review, year-end bonus determination, or any other employment or compensation decision by Jane Street with respect to either Individual Defendant between October 1, 2023 and April 12, 2024.

**RESPONSE TO REQUEST NO. 17:**

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including to the extent it asks Plaintiff to produce "all" documents and communications concerning Jane Street's rating, performance valuation, review, year-end bonus determination, or any other employment or compensation decision by Jane Street with respect to either Individual Defendant between October 1, 2023 and April 12, 2024. Plaintiff further objects to this Request to the extent that it seeks documents that are not relevant to any claim or defense asserted in this Action.

Plaintiff further objects to this Request to the extent it seeks documents that are outside Plaintiff's possession, custody, or control, are publicly available, already in Defendants' possession, custody, or control, or to which Defendants have equal or greater access. Plaintiff further objects to this Request to the extent that it seeks information that is privileged, protected by the attorney work-product doctrine, or that is otherwise protected from discovery.

Subject to and without waiving any of the foregoing objections, Plaintiff cites its responses to Requests Nos. 15 and 16.

**REQUEST NO. 18:**

All documents and communications concerning any consideration of, purpose of, or decision to [redacted].

**RESPONSE TO REQUEST NO. 18:**

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including to the extent it asks Plaintiff to produce "all" documents and communications concerning any consideration of, purpose of, or decision to [redacted] without regard to time period and regardless of the contents of such documents or communications. Plaintiff further objects to this Request to the extent that it seeks documents that are not relevant to any claim or defense asserted in this Action. Plaintiff further objects to this Request to the extent it seeks documents that are outside Plaintiff's possession, custody, or control, are publicly available, already in Defendants' possession, custody, or control, or to which Defendants have equal or greater access. Plaintiff further objects to this Request to the extent that it seeks information that is privileged, protected by the attorney work-product doctrine, or that is otherwise protected from discovery. Plaintiff further objects to this Request to the extent that it

seeks documents that are duplicative or cumulative, or seeks information that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive.

Subject to and without waiving any of the foregoing objections, Plaintiff will not produce documents in response to this Request.

**REQUEST NO. 19:**

All documents and communications concerning any India Options Trading [REDACTED] between July 1, 2023 and February 28, 2024.

**RESPONSE TO REQUEST NO. 19:**

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including to the extent it asks Plaintiff to produce "all" documents and communications concerning any India Options Trading [REDACTED] between July 1, 2023 and February 28, 2024. Plaintiff further objects to this Request to the extent that it seeks documents that are not relevant to any claim or defense asserted in this Action. Plaintiff further objects to this Request to the extent it seeks documents that are outside Plaintiff's possession, custody, or control, are publicly available, already in Defendants' possession, custody, or control, or to which Defendants have equal or greater access. Plaintiff further objects to this Request to the extent that it seeks information that is privileged, protected by the attorney work-product doctrine, or that is otherwise protected from discovery.

Subject to and without waiving any of the foregoing objections, Plaintiff will not produce documents in response to this Request.

**REQUEST NO. 20:**

All documents and communications between October 1, 2023 and April 12, 2024 concerning the actual or potential departure of either Individual Defendant from Jane Street, including the fact or possibility of either Individual Defendant seeking new employment or interviewing with potential employers other than Jane Street.

**RESPONSE TO REQUEST NO. 20:**

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including to the extent it asks Plaintiff to produce "all" documents and communications concerning the actual or potential departure of either Individual Defendant from Jane Street, including the fact or possibility of either Individual Defendant seeking new employment or interviewing with potential employers other than Jane Street. Plaintiff further objects to this Request to the extent that it seeks documents that are not relevant to any claim or defense asserted in this Action. Plaintiff further objects to this Request to the extent it seeks documents that are outside Plaintiff's possession, custody, or control, are publicly available, already in Defendants' possession, custody, or control, or to which Defendants have equal or greater access. Plaintiff further objects to this Request to the extent that it seeks information that is privileged, protected by the attorney work-product doctrine, or that is otherwise protected from discovery.

Subject to and without waiving any of the foregoing objections, Plaintiff responds that it will produce responsive, non-privileged documents and communications between October 1, 2023 and April 12, 2024 concerning the actual or potential departure of either Individual Defendant from Jane Street, including the fact or possibility of either Individual Defendant seeking new employment or interviewing with potential employers other than Jane Street that can be located

following a reasonably diligent search and subject to negotiations between the parties regarding appropriate search terms and custodians.

**REQUEST NO. 21:**

All documents and communications between December 1, 2023 and April 12, 2024 concerning the actual or potential departure of any Jane Street personnel from Jane Street, including any actions or measures discussed, considered, or taken by Jane Street in respect of any such actual or potential departures.

**RESPONSE TO REQUEST NO. 21:**

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including to the extent it asks Plaintiff to produce "all" documents and communications concerning the actual or potential departure of any Jane Street personnel from Jane Street. Plaintiff further objects to this Request to the extent that it seeks documents that are not relevant to any claim or defense asserted in this Action. Plaintiff further objects to this Request to the extent that it seeks information that is privileged or that is otherwise protected from discovery.

Based on the foregoing objections, Plaintiff responds that it will produce responsive, non-privileged documents and communications between December 1, 2023 and April 12, 2024 concerning the actual or potential departure of either Individual Defendant from Jane Street.

**REQUEST NO. 22:**

All documents and communications between January 1, 2023 and April 12, 2024 concerning any policies, decisions, or questions regarding the use of any Listserv to communicate information related to India Options Trading or the Strategies, or regarding the restriction of any such information to only certain personnel within Jane Street.

**RESPONSE TO REQUEST NO. 22:**

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including to the extent it asks Plaintiff to produce "all" documents and communications concerning any policies, decisions, or questions regarding the use of any Listserv to communicate information related to India Options Trading or the Strategies, or regarding the restriction of any such information to only certain personnel within Jane Street regardless of the content of such documents or communications. Plaintiff further objects to this Request to the extent that it seeks documents that are not relevant to any claim or defense asserted in this Action. Plaintiff further objects to this Request to the extent that it seeks information that is privileged or that is otherwise protected from discovery. Plaintiff further objects to this Request to the extent that it is duplicative of Request No. 4.

Subject to and without waiving any of the foregoing objections, Plaintiff responds that it will produce responsive, non-privileged documents and communications between January 1, 2023 and April 12, 2024 sufficient to show any policies, decisions, or questions regarding [REDACTED] or regarding the restriction of any such trade secrets to only certain personnel within Jane Street that can be located following a reasonably diligent search and subject to negotiations between the parties regarding appropriate search terms and custodians.

**REQUEST NO. 23:**

All documents and communications between January 1, 2023 and the present concerning hiring for positions related to India Options Trading.

**RESPONSE TO REQUEST NO. 23:**

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including to the extent it asks Plaintiff to produce "all" documents and communications concerning hiring for positions related to India Options Trading regardless of the contents of such documents or communications. Plaintiff further objects to this Request to the extent that it seeks documents that are not relevant to any claim or defense asserted in this Action. Plaintiff further objects to this Request to the extent it seeks documents that are outside Plaintiff's possession, custody, or control, are publicly available, already in Defendants' possession, custody, or control, or to which Defendants have equal or greater access. Plaintiff further objects to this Request to the extent that it seeks information that is privileged, protected by the attorney work-product doctrine, or that is otherwise protected from discovery.

Subject to and without waiving any of the foregoing objections, Plaintiff responds that it is willing to meet and confer regarding the scope of this Request.

**REQUEST NO. 24:**

All documents and communications between January 1, 2018, and April 12, 2024 concerning regulatory approvals, exchange approvals, custodian approvals, broker approvals, filings, registrations, or any other barriers to entry related to India Options Trading.

**RESPONSE TO REQUEST NO. 24:**

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including to the extent it asks Plaintiff to produce "all" documents and communications concerning

regulatory approvals, exchange approvals, custodian approvals, broker approvals, filings, registrations, or any other barriers to entry related to India Options Trading regardless of the content of such documents or communications. Plaintiff further objects to this Request to the extent that it seeks documents that are not relevant to any claim or defense asserted in this Action. Plaintiff further objects to this Request to the extent it seeks documents that are outside Plaintiff's possession, custody, or control, are publicly available, already in Defendants' possession, custody, or control, or to which Defendants have equal or greater access. Plaintiff further objects to this Request to the extent that it seeks information that is privileged, protected by the attorney work-product doctrine, or that is otherwise protected from discovery.

Subject to and without waiving any of the foregoing objections, Plaintiff responds that it is willing to meet and confer regarding the scope of this Request.

**REQUEST NO. 25:**

All communications between April 15, 2024 and April 22, 2024 between You or any agent, representative, or person acting on Your behalf and any third party concerning the Complaint dated April 22, 2024 any draft of said complaint, or the dispute that is the subject of this Action.

**RESPONSE TO REQUEST NO. 25:**

Plaintiff incorporate by reference their General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request to the extent that it seeks information that is privileged, protected by the attorney work product doctrine, or that is otherwise protected from discovery. Plaintiff further objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including to the extent it asks Plaintiff to produce "all" communications between April 15, 2024 and April 22, 2024 between Plaintiff or any agent, representative, or person acting on Plaintiff's behalf and any third party concerning the Complaint dated April 22, 2024 any draft of said complaint, or the

Case 1:24-cv-02783-PAE Document 157-3 Filed 07/16/24 Page 30 of 37

dispute that is the subject of this Action regardless of the contents of those communications. Plaintiff further objects to this Request to the extent that it seeks documents that are not relevant to any claim or defense asserted in this Action.

Subject to and without waiving any of the foregoing objections, Plaintiff responds that it is willing to meet and confer regarding the scope of this Request.

**REQUEST NO. 26:**

All documents and communications between February 5 and April 22, 2024 concerning Douglas Schadewald, and between February 23 and April 22, 2024 concerning Daniel Spottiswood, including any analysis or discussion of India Options Trading activity You knew or suspected may have been conduct [sic] or performed by either Individual Defendant.

**RESPONSE TO REQUEST NO. 26:**

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including to the extent it asks Plaintiff to produce "all" documents and communications between February 5 and April 22, 2024 concerning Douglas Schadewald, and between February 23 and April 22, 2024 concerning Daniel Spottiswood regardless of the content of those documents or communications. Plaintiff further objects to this Request to the extent that it seeks documents that are not relevant to any claim or defense asserted in this Action. Plaintiff further objects to this Request to the extent that it seeks information that is privileged, protected by the attorney work product doctrine, or that is otherwise protected from discovery.

Subject to and without waiving any of the foregoing objections, Plaintiff responds that it will produce responsive, non-privileged documents and communications sufficient to show any analysis or discussion of India Options Trading activity Plaintiff knew or suspected may have been

conducted or performed by either Individual Defendant between February 5, 2024 and the filing of the Complaint (for documents and communications concerning activities conducted by Douglas Schadewald) and between February 23, 2024 and the filing of the Complaint (for documents and communications concerning activities conducted by Daniel Spottiswood) that can be located following a reasonably diligent search and subject to negotiations between the parties regarding appropriate search terms and custodians.

**REQUEST NO. 27:**

All documents and communications between February 5, 2024 to present concerning Millennium, including any analysis or discussion of India Options Trading activity You knew or suspected may have been conducted or performed by Millennium.

**RESPONSE TO REQUEST NO. 27:**

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including to the extent it asks Plaintiff to produce "all" documents and communications concerning Millennium regardless of the content of those documents or communications. Plaintiff further objects to this Request to the extent that it seeks documents that are not relevant to any claim or defense asserted in this Action. Plaintiff further objects to this Request to the extent that it seeks information that is privileged, protected by the attorney work product doctrine, or that is otherwise protected from discovery.

Subject to and without waiving any of the foregoing objections, Plaintiff responds that it will produce responsive, non-privileged documents and communications sufficient to show any analysis or discussion of India Options Trading activity Plaintiff knew or suspected may have been conducted or performed by Millennium between February 5, 2024 and the filing of the Complaint

that can be located following a reasonably diligent search and subject to negotiations between the parties regarding appropriate search terms and custodians.

**REQUEST NO. 28:**

All documents and communications concerning Your alleged damages.

**RESPONSE TO REQUEST NO. 28:**

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including to the extent it asks Plaintiff to produce "all" documents and communications concerning Plaintiff's damages without regard to time period. Plaintiff further objects to this Request on the grounds that it is premature, as it seeks documents regarding matters with respect to which investigation and discovery is ongoing. Plaintiff further objects to this Request on the grounds that it is premature, as it requests that Plaintiff all documents and communications concerning Plaintiff's damages prior to the deadline set by the Court. Plaintiff also objects to this Request because it seeks information and documents that will be the subject of expert discovery. Plaintiff further objects to this Request to the extent that it seeks information that is privileged, protected by the attorney work product doctrine, or that is otherwise protected from discovery.

Subject to and without waiving any of the foregoing objections, Plaintiff responds that it will produce documents and communications in response to this Request as required by the Federal Rules of Civil Procedure and as directed by the Court and agreed to by the parties in this Action.

**REQUEST NO. 29:**

All documents and communications used, relied upon, or referred to in support of any allegation in the Amended Complaint.

**RESPONSE TO REQUEST NO. 29**:

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including to the extent it asks Plaintiff to produce "all" documents and communications used, relied upon, or referred to in support of any allegation in the Amended Complaint without regard to time period and regardless of the content of those documents or communications. Plaintiff further objects to this Request on the grounds that it is premature, as it seeks documents regarding matters with respect to which investigation and discovery is ongoing. Plaintiff also objects to this Request because it seeks information and documents that will be the subject of expert discovery. Plaintiff further objects to this Request as unduly burdensome to the extent it seeks documents that are already in Defendants' possession, custody, or control, or to which Defendants have equal or greater access. Plaintiff further objects to this Request to the extent that it seeks information that is privileged, protected by the attorney work product doctrine, or that is otherwise protected from discovery.

Subject to and without waiving any of the foregoing objections, Plaintiff responds that it will produce responsive, non-privileged documents and communications used, relied upon, or referred to in support of any allegation in the Amended Complaint from January 1, 2023 through the filing of the Complaint that can be located following a reasonably diligent search and subject to negotiations between the parties regarding appropriate search terms and custodians.

**REQUEST NO. 30**:

All documents and communications relied on by any expert witness you intend to call in this Action.

**RESPONSE TO REQUEST NO. 30:**

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action. Plaintiff further objects to this Request on the grounds that it is premature, as it seeks documents regarding matters with respect to which investigation and discovery is ongoing. Plaintiff also objects to this Request because it seeks information and documents that will be the subject of expert discovery. Plaintiff further objects to this Request on the grounds that it is premature, as it requests that Plaintiff all documents and communications concerning Plaintiff's damages prior to the deadline set by the Court. Plaintiff further objects to this Request to the extent that it seeks information that is privileged, protected by the attorney work product doctrine, or that is otherwise protected from discovery.

Subject to and without waiving any of the foregoing objections, Plaintiff responds that it will produce documents and communications in response to this Request as required by the Federal Rules of Civil Procedure and as directed by the Court and agreed to by the parties in this Action.

**REQUEST NO. 31:**

All documents and communications You receive from any nonparty to this Action pursuant to any subpoena issued by You or any other request for documents by You in connection with this Action.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Request on the grounds that it is premature, as it seeks documents regarding matters with respect to which investigation and discovery is ongoing. Plaintiff further objects to this Request to the extent it seeks documents

that are outside Plaintiff's possession, custody, or control, are publicly available, already in Defendants' possession, custody, or control, or to which Defendants have equal or greater access. Plaintiff further objects to this Request to the extent that it seeks information that is privileged, protected by the attorney work-product doctrine, or that is otherwise protected from discovery. Plaintiff also objects to this Request because it seeks information and documents that will be the subject of expert discovery. Plaintiff further objects to this Request on the grounds that it is premature, as it requests that Plaintiff identify its trial exhibit list prior to the deadline set by the Court.

Subject to and without waiving any of the foregoing objections, Plaintiff responds that it will produce responsive, non-privileged documents and communications received from any nonparty to this Action pursuant to any subpoena issued by Plaintiff or any other request for documents by Plaintiff in connection with this Action.

**REQUEST NO. 32:**

All documents and communications You may seek to introduce into evidence in this Action.

**RESPONSE TO REQUEST NO. 32:**

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein. Plaintiff further objects to this Request on the grounds that it is premature, as it seeks documents regarding matters with respect to which investigation and discovery is ongoing. Plaintiff further objects to this Request to the extent it seeks documents that are outside Plaintiff's possession, custody, or control, are publicly available, already in Defendants' possession, custody, or control, or to which Defendants have equal or greater access. Plaintiff further objects to this Request to the extent that it seeks information that is privileged, protected by the attorney work-product doctrine, or that is otherwise protected from

discovery. Plaintiff also objects to this Request because it seeks information and documents that will be the subject of expert discovery. Plaintiff further objects to this Request on the grounds that it is premature, as it requests that Plaintiff identify its trial exhibit list prior to the deadline set by the Court.

Subject to and without waiving any of the foregoing objections, Plaintiff responds that it will produce responsive, non-privileged documents and communications that Plaintiff seeks to introduce into evidence in this Action in accordance with the Federal Rules of Civil Procedure and as directed by this Court and agreed to by the parties in this Action.

Dated: New York, New York
June 7, 2024

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Deborah K. Brown*
Alex Spiro
Deborah K. Brown
Jeffrey C. Miller
Kaitlin P. Sheehan
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
alexspiro@quinnemanuel.com
deborahbrown@quinnemanuel.com
jeffreymiller@quinnemanuel.com
kaitlinsheehan@quinnemanuel.com

Greg Miraglia (*pro hac vice* submitted)
300 West 6th Street
Austin, Texas 78701
Telephone: (737) 667-6100
gregmiraglia@quinnemanuel.com

Jeff Nardinelli (*pro hac vice* submitted)
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
jeffnardinelli@quinnemanuel.com

***Confidential***

*Attorneys for Plaintiff Jane Street Group, LLC*

36