# Exhibit 5

# Brian Campbell

| | |
|---|---|
| **From:** | Jeffrey Miller <jeffreymiller@quinnemanuel.com> |
| **Sent:** | Thursday, July 11, 2024 10:03 AM |
| **To:** | Brian Campbell; Kaitlin P. Sheehan; Jeff Nardinelli; Gavin Coyle |
| **Cc:** | QE Jane Street; Chiang, May; Levander, Andrew; Black, Martin; Roberts, Daniel; Strong, Ryan; Alexandra Sadinsky; Rollo Baker; Kateryna Shokalo |
| **Subject:** | RE: Jane Street v. Millennium - M&C follow-up |

Brian, I'm writing in response to the open items concerning our responses and objections to Defendants' RFPs:

**RFPs 1 & 2:** First, ███████████████████████████████████████████. This trading is irrelevant to Jane Street's misappropriation claim, so we will not be producing trading data or documents and communications relating to it. Subject to our responses and objections, we will be producing ███████████ ███████████████████████████████████████████████████████████████████████████████.

Second, we have investigated and determined that █████████████████████████████████ █████████████████████████████████ in the ordinary course of business. We understand this information can be derived from █████████████████, however. We believe the parties should confer as to █████████████████ █████████████████████████████ We understand Millennium is investigating this as well.

**RFP 17:** Defendants are seeking documents and communications concerning Jane Street's ratings, reviews, employment, and compensation decisions with respect to the Individual Defendants for October 1, 2023 through the complaint. As I note below, we have agreed to provide documents and communications regarding the Individual Defendants' departures from Jane Street from October 1, 2023 through the complaint (Jane Street's R&O to RFP 20). We have also agreed to provide ███████████████████████████████████████████████████████████████████████████ ███████████████████████ We have further agreed to provide documents and communications relating to the Instruments, including the February and March 2024 Separation Letters (Jane Street's R&O to RFP 13, as modified by my July 5, 2024 e-mail below). We are unwilling to produce internal discussions relating to ███████████████████████████ █████████████████████████████████████ beyond what we've already agreed to produce.

Jane Street's qualitative assessment of Schadewald and Spottiswood—who left Jane Street, and were not terminated—is not at-issue. To the extent Defendants allege this request is relevant to "bad faith," we have not received any explanation of how such discovery is probative of Jane Street's alleged bad faith in bringing its DTSA claims, and any such discovery is disproportionate to the needs of the case. *See also* Dkt. 142 at 5-7 (acknowledging the need to "streamline the litigation and prevent the imposition of potential undue burdens on Jane Street"). Further, the Trade Secret Management Judicial Guide, § 6.11.3, provides that "courts have been wary" of discovery into a plaintiff's motives and bases for asserting misappropriation and "routinely deny such requests." The Guide advises that "courts should be cautious not to allow a defendant—often the plaintiff's competitor—free reign into the plaintiff's highly confidential (and potentially privileged) material as part of its challenge to plaintiff's basis for filing suit." If you have authority supporting such a discovery request, please provide it for our consideration.

**RFPs 26-27:** Defendants are requesting all documents and communications relating to Schadewald and Spottiswood (RFP 26) and Millennium (RFP 27) from February 5 – April 12, 2024, February 23 – April 12, 2024, and February 5, 2024 to the present, respectively. We have agreed to produce documents and communications concerning any analysis or discussion of India options trading Jane Street knew or suspected the Defendants were engaged in during that time period (Jane Street's R&O to RFPs 26-27). We have also agreed to produce, *e.g.*, documents and communications relating to any alleged misappropriation (Jane Street's R&O to RFP 11), supporting the allegations in the Complaint (Jane Street's R&O to RFP 29), and relating to the Individual Defendants' departure from Jane Street (Jane Street's R&O to RFP 20). We are unwilling to produce internal discussions that reference Schadewald, Spottiswood, or Millennium beyond

1

what we've already agreed to produce in response to RFPs 26-27 for the same reasons articulated above regarding RFP 17.

**Discovery end-date:** Regarding a potential June 30, 2024 discovery end date, Jane Street is willing to produce ▮▮▮▮▮ if reciprocated by the Defendants. However, separately, ▮▮▮▮▮. Briefly put, Jane Street's actions past the filing of the Complaint are irrelevant to its misappropriation claims, and any potential or hypothetical relevance does not justify the burden of additional, broad discovery absent more factual bases. On the other hand, Jane Street alleges that Defendants' misappropriation is ongoing, making Defendants' contemporary documents and communications highly relevant.

We understand Defendants are pursuing post-complaint discovery because they believe it is relevant to the calculation or mitigation of damages. As stated, we are willing to produce ▮▮▮▮▮ If you can formulate a more targeted request relevant to the calculation and mitigation of damages, we will consider it.

Please confirm whether Defendants will agree to ▮▮▮▮▮ pursuant to Rule 26, with format to be discussed and agreed to by the parties.

Best,
Jeff

**From:** Jeffrey Miller
**Sent:** Wednesday, July 10, 2024 11:57 PM
**To:** Brian Campbell <BCampbell@elsberglaw.com>; Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Gavin Coyle <gavincoyle@quinnemanuel.com>
**Cc:** QE Jane Street <qejanestreet@quinnemanuel.com>; Chiang, May <May.Chiang@dechert.com>; Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Rollo Baker <rbaker@elsberglaw.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>
**Subject:** RE: Jane Street v. Millennium - M&C follow-up

Brian,

We're in receipt of the below and will respond tomorrow morning.

Thanks,
Jeff

**From:** Brian Campbell <BCampbell@elsberglaw.com>
**Sent:** Wednesday, July 10, 2024 2:04 PM
**To:** Jeffrey Miller <jeffreymiller@quinnemanuel.com>; Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Gavin Coyle <gavincoyle@quinnemanuel.com>
**Cc:** QE Jane Street <qejanestreet@quinnemanuel.com>; Chiang, May <May.Chiang@dechert.com>; Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Rollo Baker <rbaker@elsberglaw.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>
**Subject:** RE: Jane Street v. Millennium - M&C follow-up

[EXTERNAL EMAIL from bcampbell@elsberglaw.com]

Jeff,

With respect to post-complaint discovery, you state below that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Please let us know by end of day tonight if you are willing to agree to that proposal.

We look forward to your final responses on RFPs 1, 2, 17, 26, and 27, and hope that we can resolve them without disagreement.

Thanks,
Brian

**From:** Jeffrey Miller <jeffreymiller@quinnemanuel.com>
**Sent:** Monday, July 8, 2024 3:52 PM
**To:** Brian Campbell <BCampbell@elsberglaw.com>; Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Gavin Coyle <gavincoyle@quinnemanuel.com>
**Cc:** QE Jane Street <qejanestreet@quinnemanuel.com>; Chiang, May <May.Chiang@dechert.com>; Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Rollo Baker <rbaker@elsberglaw.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>
**Subject:** RE: Jane Street v. Millennium - M&C follow-up

Brian,

The parties are not yet at an impasse regarding RFPs 1, 2, 17, 26, and 27, and we think it is unlikely there will be an impasse on those requests.

Jane Street is ascertaining ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and inform Jane Street—it has not yet done so. Nevertheless, we expect to have this information shortly.

Regarding RFPs 17 (documents relating to Individual Defendants' evaluations, compensation, etc. from October 1, 2023 through the complaint), 26 (documents relating to the Individual Defendants from February 2024 through the complaint) and 27 (documents relating to Millennium from February 2024 through the complaint), as discussed on our meet-and-confer, we are unsure whether a delta even exists here. Jane Street has already agreed to produce evidence of misappropriation in its possession (Jane Street's R&Os to RFPs 11 and 29), documents and communications regarding the Individual Defendants' departures from Jane Street from October 1, 2023 through the complaint (Jane Street's R&O to RFP 20), and documents and communications relating to any options trading conducted by the Individual Defendants and Millennium that was known to or suspected by Jane Street (Jane Street's R&Os to RFPs 26 and 27). To the extent a delta exists, we are confirming our position on any production in response and expect to have that soon.

Please let us know when you expect to be able to describe ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ you will be making to Jane Street.

Best,
Jeff

**From:** Brian Campbell <BCampbell@elsberglaw.com>
**Sent:** Monday, July 8, 2024 3:29 PM
**To:** Jeffrey Miller <jeffreymiller@quinnemanuel.com>; Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; Jeff

3

Nardinelli <jeffnardinelli@quinnemanuel.com>; Gavin Coyle <gavincoyle@quinnemanuel.com>
**Cc:** QE Jane Street <qejanestreet@quinnemanuel.com>; Chiang, May <May.Chiang@dechert.com>; Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Rollo Baker <rbaker@elsberglaw.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>
**Subject:** RE: Jane Street v. Millennium - M&C follow-up

**[EXTERNAL EMAIL from bcampbell@elsberglaw.com]**

Counsel,

We need a response on RFPs 1, 2, 17, 26, and 27 today. We have been discussing them for weeks, and most recently, on Thursday 7/4 you advised that you would "be prepared to discuss all of these items" on our meet and confer the following day. When we spoke on Friday, you then stated that you were not prepared to discuss them and the extent of the "discussion" you were prepared to have was to tell us that we would be receiving a response by email later that day. Then the email response we received Friday evening did not even address all of the items. If we do not receive a response today we will understand we need to seek judicial intervention.

Additionally, please advise whether Jane Street anticipates producing documents of its agents Gasthalter and Quinn Emanuel in response to, e.g., RFPs 25 and 33, or if Jane Street is taking the position that such responsive communications are not in its possession, custody, or control.

Thanks,
Brian

**From:** Jeffrey Miller <jeffreymiller@quinnemanuel.com>
**Sent:** Friday, July 5, 2024 8:51 PM
**To:** Brian Campbell <BCampbell@elsberglaw.com>; Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Gavin Coyle <gavincoyle@quinnemanuel.com>
**Cc:** QE Jane Street <qejanestreet@quinnemanuel.com>; Chiang, May <May.Chiang@dechert.com>; Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Rollo Baker <rbaker@elsberglaw.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>
**Subject:** RE: Jane Street v. Millennium - M&C follow-up

Counsel,

We have conferred with our client and are providing the following update regarding our document production and Responses and Objections to Defendants' First Set of Document Requests. For certain requests, as discussed below, Jane Street is willing to undertake a reasonable search for documents and communications in response to Defendants' requests. Any agreement to produce documents and communications are subject to our objections to each document request, including but not limited to our objections as to privilege, burden, reasonableness, and proportionality, and any search and production will be made pursuant to a reasonable search commensurate with our obligations under the Federal Rules.

- **2018:** Jane Street is willing to conduct a reasonable search for documents and communications relating to the development and implementation of the Trading Strategy from 2018 to the filing of the complaint. This is subject to its objections, including but not limited to its objections to burden, reasonableness, and proportionality. This relates to RFPs 4-8, 11, and 29.

- **Post-complaint:** Defendants have renewed their request for documents relating to the development and implementation of the Trading Strategy following the filing of the complaint. While Jane Street is willing to produce ███████████████████████████████████████████████████████████████████████████████, given their irrelevance to the parties' claims and defenses.

- **RFP 9:** Jane Street is willing to conduct a reasonable search for documents and communications relating to the ███████████████████████████████████████. Jane Street is also willing to conduct a reasonable search for documents and communications relating to ███████████████████████ ███████████████████████████████████████. Jane Street is unwilling to produce █████ ███████████████████████ given the vagueness and ambiguity of that concept. Jane Street is also unwilling to produce documents relating to "████████████████" given their irrelevance to this action.

- **RFP 10:** Defendants requested all work communications among Jane Street traders over a six-day period surrounding the ███████████████████████████████. Jane Street is unwilling produce these communications indiscriminately and without regard to their contents or relevance. If Defendants can narrow its request, Jane Street is willing to consider their proposal.

- **RFP 13:** Jane Street is willing to conduct a reasonable search for documents and communications relating to the "Instruments."

- **RFPs 15 & 16:** Jane Street is unwilling to produce ███████████████████████████████████████ ███████████ Pursuant to its R&Os, Jane Street is willing to produce ███████████████████████ ███████████████████████. Defendants' request for all rating and compensation information for traders across Jane Street is irrelevant to Jane Street's allegations (*i.e.*, that Mr. Schadewald is being paid above the industry standard at Millennium) and appears designed to harass Jane Street.

- **RFPs 18 & 19:** To the extent Jane Street identifies otherwise relevant documents relating to Jane Street's India options trading that also reference ███████████████████████████████████████████████████, those documents will be produced. However, Jane Street is unwilling to undertake a separate and independent search for documents relating to ███████████████████████████████████████████████. This request calls for irrelevant documents and appears to be based on a hypothetical fishing expedition by Defendants.

- **RFP 21:** Jane Street is unwilling to search for or produce documents relating to the actual or potential departure of non-Individual Defendant employees from Jane Street. This request calls for irrelevant documents and appears to be based on a hypothetical fishing expedition by Defendants.

- **RFP 23:** Jane Street is willing to conduct a reasonable search for ███████████████████████████ ███████████████████████████████████.

- **RFP 24:** Jane Street is unwilling to search for or produce ███████████████████████████████████ ███████████████████████████████████ These requests are irrelevant to the parties' claims and defenses. Jane Street is also unwilling to search for ███████████████████████████████████ ███████████████████████████████████ This request is likewise irrelevant and also too vague, ambiguous, and overbroad for the conduct of a reasonable search.

- **RFP 25:** Jane Street is willing to produce documents and communications with press or media organizations, to the extent Defendants will agree to do the same.

We are continuing to confer with our client regarding our responses to RFPs 1, 2, 17, 26, and 27 and expect to provide an update shortly. We understand that you, pursuant to the June 26 meet-and-confer, will also provide us with an update as to what format and trading data Millennium is able to produce.

5

Best,
Jeff

---

**From:** Brian Campbell <BCampbell@elsberglaw.com>
**Sent:** Friday, June 28, 2024 12:40 AM
**To:** Jeffrey Miller <jeffreymiller@quinnemanuel.com>; Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Gavin Coyle <gavincoyle@quinnemanuel.com>
**Cc:** QE Jane Street <qejanestreet@quinnemanuel.com>; Chiang, May <May.Chiang@dechert.com>; Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Rollo Baker <rbaker@elsberglaw.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>
**Subject:** Jane Street v. Millennium - M&C follow-up

[EXTERNAL EMAIL from bcampbell@elsberglaw.com]

---

Jeffs, Kaitlin, and Gavin,

Thank you for the call yesterday. I write with a recap of our meet and confer and the draft proposed Jane Street search parameters that I indicated we would send. I know Jane Street is still working on its own parameters, so we send this in the interest of moving forward expeditiously. We have tried to be as comprehensive as possible but we reserve the right to add to this if necessary as our discussions progress. One area I expect may need supplementation is post-complaint discovery, which both sides are still thinking through. Please note that there are two tabs in the attached excel.

The following summarizes our meet and confer discussion. Please let us know your position on the open topics we discussed yesterday by end of day Friday, June 28.

**Production Accompanying Jane Street's Trade Secret Identification of Trade Secrets**:

1. We reiterated our request for a response to the question we asked on Friday, June 21, concerning the document production that accompanied and was incorporated into Jane Street's trade secret identification. We asked Jane Street to confirm that Individual Defendants can have access to the 41 documents in the production. You stated that you did not believe that there should be an issue with providing Individual Defendants with access to the documents in the production and agreed to provide a response to our request by Friday, June 28.

**Jane Street's R&Os to Defendants' First RFPs**:

1. <u>Boilerplate objections</u>: You confirmed that Jane Street will not withhold documents on the basis of any General Objection except for privilege. You also confirmed that Jane Street is not withholding documents that <u>are</u> in Jane Street's possession, custody, or control on the basis of objections that the Request calls for some documents outside Jane Street's possession, custody or control (RFPs 3, 11-20, 23-24, 29, 31-32).

6

2. "Sufficient to Show" limitation: We discussed fourteen RFPs (1-10, 14, 22, 26, 27) for which Jane Street's responses were limited to "documents sufficient to show" the particular subject matter. You confirmed that, as a general matter, Jane Street did not intend to withhold any documents responsive to the particular subject matter, and that generally documents regarding Jane Street's Strategies in India are responsive and will be produced, (and which are located through a reasonable search for review) on the basis of the "sufficient to show" responses but could not definitively confirm this for all fourteen RFPs. You agreed to get back to us in writing regarding whether Jane Street is going to withhold any responsive documents in response to any of RFPs 1-10, 14, 22, 26, and 27 on the basis of the "sufficient to show" formulation in Jane Street's Responses and Objections. We asked that Jane Street produce all responsive documents that are identified pursuant to an agreed-upon search protocol in response to these Requests.

3. ██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████ You stated that this limitation was intended to exclude documents regarding Jane Street's trading in other countries. We explained that RFPs 4, 5, and 7 are narrowly tailored to seek documents regarding the Strategies (as defined) and that if, for example, some of the Strategies originated from techniques employed in other countries, we would expect responsive documents pertaining to those other countries to be produced. You stated that to your knowledge this was not the case, but if it were, you would not withhold such documents on the basis of this limitation.

4. RFPs 1 & 2: *First*, we asked whether you were seeking to exclude any documents on the basis of your limitation in RFP 2 to produce information concerning Jane Street's India Options Trading "relating to Jane Street's Strategies." ████████████████████████████████████
██████████████████████████████████████████████████ We asked for confirmation that you would not withhold any documents on the basis of this limitation. You agreed to look into it and get back to us.

*Second*, we discussed whether Jane Street would produce ████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████ We asked you to confirm what data is available, and you stated you were looking into what format was feasible for Jane Street and agreed to get back to us. Millennium is also finding out what data is available.

*Third*, we explained that RFPs 1 and 2 do not just seek trading data, but also seek responsive documents and communications such as emails discussing trades, trade recaps, and emails discussing trading at an aggregate level. We asked you to confirm that you will be producing responsive documents. You agreed that Jane Street's response did not intend to exclude such documents.

7

5. RFP 3: You agreed that Jane Street would not withhold documents on the basis of Jane Street's "analysis or discussion of" qualifier, subject to the parties agreeing to a reasonable search protocol.

6. RFPs 4 & 5: We explained that the discovery period must begin on January 1, 2018, for these requests, which seek documents that will generally be relevant to the development of the alleged trade secrets, based on Jane Street's allegations that Jane Street began developing and employing the alleged trade secrets in 2018. You explained that in practice most or all of this work took place in 2023, and expressed that producing documents back to 2018 may be too burdensome and irrelevant to the Strategies. We discussed that search parameters may be able to address the burden, but responsive documents located through a reasonable search for review should be produced. You agreed to get back to us regarding whether Jane Street will produce documents dating back to January 1, 2018.

   With respect to the ending date for the document discovery period, we explained that Jane Street's trading techniques now are relevant to the calculation of damages, mitigation of damages, as well as the ongoing existence (or non-existence) of any trade secret. You asked whether there is any limitation as to the end date, and we explained that the end date depends in large part on what Jane Street intends to claim as damages. You stated that Jane Street is interested in a quid pro quo on trading data through the present. Both sides agreed to discuss further.

7. RFPs 7 & 8: *First*, you agreed that Jane Street will not withhold ▓▓▓▓▓▓▓▓▓▓" in response to RFP 8. *Second*, you agreed to get back to us on whether Jane Street will produce documents dating back to January 1, 2018, in response to RFPs 7 & 8, as opposed to January 1, 2023, as Jane Street stated in its R&Os. You explained that the date limitation was intended to address a concern about burden, and we stated that burden concerns may be able to be addressed through search parameters. *Third*, you agreed that you would not withhold documents on the basis of Jane Street's "analysis of" qualifier to RFP 8, subject to the parties agreeing to a reasonable search protocol.

8. RFPs 9 & 10: *First*, with respect to Jane Street's ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is a fact in dispute, so we need surrounding facts. You agreed to get back to us regarding whether Jane Street is intending to withhold documents based on that qualifier.

   *Second*, you also agreed to get back to us regarding whether Jane Street is willing to produce any documents or communications relating to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and we agreed to get back to you on whether a start date of January 1, 2023, would be sufficient for these requests (as opposed to January 1, 2018, as originally requested).

   *Third*, with respect to RFP 10, we explained that the rationale for seeking all communications among traders and managers in the India Options Market over the two particular days in March referred to in Jane Street's complaint, plus the day before and after each (six days total), is to understand the factors that may have caused or contributed to the events of those dates. Jane Street alleges that the only possible cause of the events of those dates is Defendants' misappropriation; we want discovery into those days so that we can draw our own conclusions as to what happened and what caused it. We advised that we are not looking for, e.g., personal communications, and agreed to limit to this request to

8

any documents or communications related to these traders' and supervisors' work at Jane Street. You stated that some of this information will be responsive to other requests, and expressed concerns about relevance, but agreed to consider and get back to us.

9. <u>RFPs 11 & 29</u>: We explained that the date limitation does not make sense with these requests, which seek documents and communications relating to the alleged misappropriation and the allegations in the complaint. We agreed to consider a qualification to RFP 11 that would limit the request to any misappropriation *at issue in this case* in exchange for Jane Street withdrawing its date limitation. You agreed to consider this request. We can confirm that we will limit the request to "All documents and communications concerning any alleged misappropriation **at issue in this Action** of Jane Street trade secrets or Jane Street confidential or proprietary information by any Defendant, including as alleged in the Amended Complaint" in exchange for Jane Street withdrawing its date limitation. On RFP 29, you asked for clarification that RFP 29 is not so broad as to seek all documents "relevant to" the allegations of the Amended Complaint; we confirmed it only seeks documents used in, relied upon for, or referred to in support of any allegation in the Amended Complaint. With that clarification, you confirmed that such documents would be produced.

10. <u>RFP 13</u>: We asked you to confirm that Jane Street would not withhold documents (including, for example, internal discussions about the Instruments) on the basis of its objections, subject to the parties agreeing to a reasonable search protocol. You stated that you would discuss with your clients and get back to us.

11. <u>RFPs 15 & 16</u>: We explained that information regarding the compensation and rating of other Jane Street traders is relevant to, among other things, (a) the reasons for Individual Defendants' departure from Jane Street, (b) Jane Street's allegations that the allegedly above-market compensation Individual Defendants received from Millennium is evidence that they misappropriated Jane Street's trade secrets, and (c) showing that Jane Street's success while it employed Individual Defendants (and Millennium's success going forward) is more driven by Individual Defendants own high level of skill and ability, which Jane Street recognized, than the use of some specific strategy. You stated that this information is very sensitive to Jane Street, but some of it could be obtained at a deposition. We stated that the confidentiality agreement in place has a very restrictive highest tier that Jane Street could use to protect this information. We also asked you to confirm how many Jane Street traders or managers would be implicated by these requests, and for confirmation that this information is accessible (even if it is sensitive) and, if so, how this information is kept (e.g., whether there is a spreadsheet for the compensation and ratings of all Jane Street traders for each year). You agreed to consider the request and respond on your position.

12. <u>RFP 17</u>: We discussed what was being sought in RFP 17, the reasoning for it, and the time limitations. You agreed to get back to us regarding whether you'd produce internal communications about the Individual Defendants' departure with Jane Street, as opposed to just communications *with* the Individual Defendants about their departure.

9

13. RFPs 18 & 19:  We explained that these requests go to several issues, including the circumstances of Individual Defendants' departure from Jane Street, Jane Street's allegation that Individual Defendants received above-market compensation from Millennium, and implementation of the Strategies, which happened in both ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ that are unrelated to Schadewald that are not otherwise responsive to a different RFP, but would discuss internally and get back to us.

14. RFP 21:  We explained that this request seeking communications about the departure or potential departure of other Jane Street personnel is related to Jane Street's allegations in its complaint (e.g., in ¶¶ 12-13), as well as our belief that Jane Street's rationale in this Action is to use a non-viable trade secret claim as a surrogate for non-compete covenants that it does not have from the Individual Defendants.  You expressed that you did not expect to agree to produce this, but would discuss internally.  Separately, we previewed that we expected to serve a supplemental RFP seeking documents concerning the communications between Jane Street and Millennium alleged in ¶ 121 of the Complaint, but we no longer intend to do so—the letters referred to in ¶ 121 are responsive to RFP 29.

15. RFP 22:  You agreed that Jane Street would not withhold documents on the basis of Jane Street's "trade secret information" qualifier, subject to the parties agreeing to a reasonable search protocol.

16. RFP 23:  You asked why third-party recruitment is relevant.  We explained that the information that Jane Street is disclosing to third parties about its trading is India is relevant to the scope of trade secret and confidential information that Jane Street seeks to assert against Defendants in this case, and Jane Street's discussions about how candidates' experience and general skills would be important to successfully trading in India options markets for Jane Street is relevant to the importance of our clients' prior experience and skill.  You stated that you were unlikely to change your position, but would get back to us in short order.

17. RFP 24:  You asked why regulatory approvals and barriers to entry would be relevant.  We explained that the cause for why Jane Street has been profitable is in part because it's difficult to enter the India markets—not just based on the Strategies themselves.  You stated that seeking this information over six years was burdensome.  You stated that you were unlikely to change your position, but would get back to us in short order.  After consideration, we are willing to limit this request to start at January 1, 2023.

18. <u>RFP 25</u>:  With respect to the start date for RFP 25, you agreed that amending the start date of this RFP could be done in writing.  You stated that you would produce documents to the extent they are not privileged.  We asked if you would produce communications that Quinn had with the press.  You said you would get back to us with a firm answer, assuming it would be reciprocal.

19. <u>RFPs 26 & 27</u>:  We clarified that the time period should have ended with April 12, 2024, not April 22, 2024.  You agreed to get back to us and confirm that Jane Street will not withhold documents on the basis of Jane Street's "███████████████████████████████████████████████████████████████████████" qualifier, subject to the parties agreeing to a reasonable search protocol.

**Production Process**:

20. <u>Document Collection</u>:  We generally discussed each party's progress in document discovery.  All parties have begun document collections and are formulating search terms and custodian proposals.  We discussed that we expected to send you a proposed set of search terms and custodians for Jane Street in the near term.  That draft proposal is attached hereto.

21. <u>ESI Protocol</u>:  You said you have a draft ESI Protocol and would share it in the near term.

Defendants reserve all rights and waive none.

Regards,

Brian

**Brian R. Campbell**

Senior Attorney [Bio]

_____

**ELSBERG BAKER & MARURI PLLC** [Web]

212.597.2618 (o)

502.314.3919 (m)

(he/him/his)

11