UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JANE STREET GROUP, LLC,

                              Plaintiff,

                    -v-

MILLENNIUM MANAGEMENT LLC, *et al.*,

                              Defendants.

24 Civ. 2783 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On July 19, 2024, the Court held a conference with counsel to review defendants' motion to compel plaintiff Jane Street Group, LLC ("Jane Street") to respond to disputed requests for production ("RFPs") defendants had served on Jane Street on June 7, 2024. In a letter filed July 11, 2024, defendants had sought the Court's assistance resolving these disputes, noting the July 31, 2024 deadline for substantial completion of document production. Dkt. 146. In a letter filed July 17, 2024, Jane Street had responded. Dkt. 159. At the July 19 conference, the Court reviewed the areas of dispute and, applying familiar principles governing discovery,[1] and guided by thoughtful input from counsel, largely resolved these.

This order memorializes the Court's resolutions of the disputes. Largely for the reasons stated on the record at the July 19 conference, the Court grants defendants' motion in part and denies it in part, and orders as follows:

---

[1] "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The burden of demonstrating relevance is on the party seeking discovery. *Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 363 (S.D.N.Y. 2010). Once relevance has been shown, it is up to the responding party to justify curtailing discovery— for instance, on the basis of undue burden. *Id.*

- *Post-complaint discovery* (RFPs 1, 2, 3, 5, 25, and 28):  The Court orders Jane Street to respond to RFPs 1, 2, 3, 5, 25, and 28, using the cutoff date proposed by defendants of June 30, 2024, with the caveat that the scope of RFP 3 is limited to documents and communications within Jane Street's India options trading desk. Given Jane Street's stated intention to claim liability and seek damages for conduct extending past the date of its Complaint (April 12, 2024), its proposal to limit outgoing discovery to documents existing as of the date of the Complaint is not sustainable.  The extent of the profitability of Jane Street's alleged trade secret since the filing of the Complaint is relevant to damages.  And insofar as Jane Street claims ongoing breaches, discovery following April 12, 2024 is also likely relevant to liability, particularly given the possibility of changes thereafter by the parties as to their trading strategies.  Whether Jane Street has changed its strategy since the Complaint, and on what basis, also has potential to bear on whether, when, and to what extent the alleged trade secret was and remains protectable. The Court set the June 30, 2024 date mindful of the July 31, 2024 deadline for substantial competition of document discovery.  To the extent that Jane Street pursues claims that extend past June 30, 2024, it may later become necessary to extend the discovery cut-off date to match the end date of its claims.  The Court expects counsel in the coming weeks, informed by discovery, to confer as to the final date of the claims pursued in this litigation.

- *Exchange and margin limits* (RFP 9):  The Court orders Jane Street to respond to RFP 9, with the caveat that "actual or potential exchange action" does not require Jane Street to search its trading data specifically to locate "near-margin" outages.

As defendants clarified at the conference, this aspect of its request will be met by Jane Street's obligation to produce documents and communications related to Jane Street's discussions of its exchange and margin limits.

- *Outages* (RFP 10):  The Court orders Jane Street to respond to RFP 10, but with the limitation that the communications at issue be related to trading, market conditions, and positions taken in India Options Trading (as defined in the RFPs) during the two three-day periods referenced in RFP 10.  As defendants appeared to concede, requiring Jane Street to produce all work-related communications during these period would be overbroad; a narrower focus is appropriate to ensure that only relevant material is produced.

- *Internal discussions of the individual defendants' evaluations* (RFP 17): The Court orders Jane Street to respond to RFP 17, with the caveat that the Court, as with all requests, expects counsel to agree upon an appropriate set of custodians, which as to this request entails personnel with evaluative or supervisory authority relative to the individual defendants.  Given that RFP 17 by its terms is of limited scope—seeking documents related to "Jane Street's rating, performance valuation, review, year-end bonus determination, [and] . . . other employment or compensation decision" for the individual defendants during a 6.5-month time period—the Court does not find that this request will pose a significant burden on Jane Street.

- *Douglas Schadewald's departure from Jane Street* (RFPs 18 and 19):  The Court orders Jane Street to respond to RFP 18, but with the important limitation that Jane Street need only produce communications reviewed or received by, or sent

3

to, Schadewald, during his employment. As defendants appeared to concede, communications Schadewald did not receive are irrelevant to the part of his defense at issue here: that he joined Millennium due to dissatisfaction with Jane Street, rather than out of a desire to steal its trade secrets. The Court denies defendants' motion to compel a response to RFP 19.

- *Post-departure discussions within Jane Street* (RFP 21): The Court orders Jane Street to respond to RFP 21, with the significant limitation that Jane Street need only produce documents and communications that relate or refer to, or reflect upon, the departures of the individual defendants. Defendants' initial proposal—to require production of documents and communications related to *any* employees' *actual or prospective* departure—was overbroad. Only documents and communications that bear on the individual defendants are properly produced pursuant to this request.

- *Jane Street's efforts to hire for India options traders* (RFP 23): The Court orders Jane Street to respond to RFP 23, limited to (1) documents and communications with potential employees for Jane Street's India options trading desk that (2) relate or refer to, or reflect upon, India Options Trading (as defined in the RFPs). Focusing this request in this manner will reduce the burden on Jane Street in responding to this request.

- *Discussions of defendants within Jane Street* (RFPs 26 and 27): The Court orders Jane Street to respond to RFPs 26 and 27, with the understanding reviewed at the July 19 conference that Jane Street will test search terms and promptly produce a representative sample to the defense, and that the parties will promptly collaborate

4

to tailor the search used terms to more closely match the proper scope of this request. Certain materials responsive to these RFPs are clearly relevant to this case (*e.g.*, bearing on the individual defendants' trading at Jane Street). But, as Jane Street notes, other communications within Jane Street about the individual defendants are apt to be irrelevant.

The Court has drafted this order to avoid the disclosure of sensitive information discussed in the parties' letters (and properly redacted in the publicly filed versions of these). Insofar as the July 19 conference was held under seal given the expectation that discussions tending to reveal trade secrets would occur, the Court directs counsel to review and, by July 26, 2024, to jointly submit to the Court appropriate redactions to the transcript of the July 19 conference, so that the Court can arrange for the prompt public filing of a redacted transcript.

The Court respectfully directs the Clerk of Court to terminate the motions pending at Dockets 146 and 149.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: July 22, 2024
New York, New York