*Highly Confidential – Attorneys' Eyes Only*

July 17, 2024

Hon. Paul A. Engelmayer
United States District Court for the Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

**Re:** *Jane Street Group, LLC v. Millennium Mgmt. LLC*, No. 1:24-cv-02783 (S.D.N.Y.)

Dear Judge Engelmayer:

Jane Street Group, LLC ("Jane Street") submits this opposition to Defendants' motion to compel (Dkt. 149). Defendants accuse Jane Street of "slow walking" discovery, but fail to disclose the disproportionate burden and irrelevance of the RFPs and search proposals at issue, which, if credited, would require Jane Street to review **tens of millions** of documents in a matter of weeks. This is not proportional to the needs of the case. In an effort to reach compromise, Jane Street agreed to produce documents relating to: the development and implementation of the Trading Strategy **going back to 2018** (RFPs 1-8); the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (RFP 9); any suspected misappropriation of the Trading Strategy (RFPs 11, 26-27, 29); the hiring, departure, compensation, and final ratings of the Individual Defendants (RFPs 12-17, 20); and relevant job postings (RFP 23); in addition to other categories. This alone will already result in Jane Street reviewing hundreds of thousands of documents, even though the core of its claims began in 2024. Dkt. 64 (Am. Compl.) ¶¶ 139-163.

Defendants' motion largely implicates RFPs that fish for documents based on speculative allegations or accusations of Jane Street's bad faith. This is improper. **First**, speculation cannot justify discovery. *See Breaking Media, Inc. v. Jowers*, 2021 WL 1299108, at *6-7 (S.D.N.Y. 2021) (denying discovery where movant "offer[ed] only conclusory allegations in support of his accusations"). **Second**, Defendants cannot justify broad discovery based on allegations of Jane Street's "bad faith." The TRADE SECRET MGMT. JUDICIAL GUIDE § 6.11.3 notes that "courts have been wary" of discovery into a plaintiff's motives for asserting misappropriation, and "routinely deny such requests." The TS GUIDE further instructs that "courts should be cautious not to allow a defendant—often the plaintiff's competitor—free rein into the plaintiff's highly confidential (and potentially privileged) material as part of its challenge to plaintiff's basis for filing suit." *Id.* The Court echoed this in dismissing Defendants' unclean hands defense, recognizing the need to "streamline the litigation and prevent the imposition of potential undue burdens on Jane Street." Dkt. 142 at 5-7. Defendants nonetheless disregard that instruction. The motion should be denied.

***1. Post-Complaint Discovery:*** Defendants' RFPs for post-complaint discovery are extraordinarily broad—for example, they seek all documents having ***anything*** to do with: (1) the Trading Strategy in ***any*** way (RFP 1); (2) Jane Street's trading of options in India in ***any*** way (RFP 2); and (3) actual or potential strategies for anyone ***other*** than Jane Street involving the trading of options in India in ***any*** way (RFP 3). Such demands that effectively seek discovery on the ***entire*** industry post-complaint are not proportional to the needs of the case—Jane Street's post-complaint development of its trade secrets, for example, has no bearing on what Defendants took. Recognizing this, Defendants now seek an order apparently limited to compelling the production of post-complaint documents concerning: (1) the continuing "existence" of the Trading Strategy; and (2) damages.

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON |
LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY |
SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON |

Mot. 1-2.[1] But on July 11, Jane Street stated that if Defendants "formulate a more targeted request relevant to the calculation and mitigation of damages, we will consider it."  Dkt. 147-5 at 2.  Defendants did not respond, instead jumping to file this motion.  Given Jane Street's express agreement to consider an appropriate narrowing of these RFPs, this motion is premature.[2]

**2.** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮: Defendants ask for an order compelling the production of all documents concerning ▮▮▮▮▮▮▮▮▮▮▮▮.  Mot. 2.  As to ▮▮▮ ▮▮▮▮▮ Jane Street *agreed* to produce documents about: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Mot. 2.  Such discovery not only is irrelevant, but effectively impossible to search for—there either ▮▮▮▮▮▮▮▮▮▮▮▮ (which *is* searchable).  But Jane Street cannot reasonably search for ▮▮▮▮▮▮▮, and Defendants never proposed a meaningful way to do so.  ▮▮▮▮▮▮▮▮▮▮▮▮, these are irrelevant—they have no bearing on the parties' *actual* claims or defenses, and Defendants do not argue otherwise.

**3.** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮: Jane Street *agreed* to produce documents relating to the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Now, Defendants admit they nonetheless seek the indiscriminate production of *every* "work-related communication[]" (Mot. 2) made by *all* Jane Street traders, managers, and other personnel involved in India options trading ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—regardless of their content or potential relevance.  Such a fishing expedition, untethered to any substance, is improper.  Jane Street offered to consider a more narrowly-tailored RFP (Dkt. 147-5 at 5), but Defendants did not respond, filing this motion instead.

**4. Internal Discussion of Evaluations (RFP 17)**:  Defendants demand all documents concerning Jane Street's *internal* evaluations of the Individual Defendants for five months.  Jane Street's internal qualitative assessment of the Individual Defendants is not at issue: Jane Street rated both highly, and each left voluntarily.  In addition, Jane Street *agreed* to produce documents concerning their final compensation, ratings (*i.e.*, performance reviews), and exit materials and agreements.  To justify fishing into internal discussions, Defendants now allege for the first time that a "senior partner" at Jane Street "advised" that the Trading Strategy was not "very novel."  Mot. 2.  But even if true, such discovery would be responsive to RFPs about the Trading Strategy (*e.g.*, RFP 1).

**5.** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮):  Defendants now apparently claim Schadewald left Jane Street in part based on a "bad faith" critique ▮▮▮▮▮▮▮▮▮▮▮▮.  From this lone alleged comment at a year-end review, Defendants demand a full probe into the entirety of Jane Street's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  This satellite "discovery on discovery" request is irrelevant: no asserted trade secret references ▮▮▮▮▮▮▮▮▮▮▮▮, and it informs *nothing* about whether Schadewald misappropriated Jane Street's trade secrets or

---

[1] *24 Seven, LLC v. Martinez*, 2021 WL 276654 (S.D.N.Y. Jan. 26, 2021) (cited Mot. 2) held that certain **historical** data at a staffing firm, such as pricing history, was not a trade secret because (i) the data was not confidential, and (ii) the "outdated pricing and revenue data would be on scant value for a competitor today."  *Id.* at *8.  Jane Street alleges ongoing misappropriation of an *existing* strategy, not historical data.

[2] Jane Street agreed to produce documents concerning its damages claims as appropriate.  For example, Jane Street offered ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Dkt. 147-5 at 2.

breached his contract—an alleged comment at a review has no bearing on his liability or damages. And, Defendants' requested discovery on this issue *alone* would require review of hundreds of thousands of additional documents.

*6. Post-Departure Discussions of Other Employees (RFP 21)*: Defendants seek *any* documents concerning *any* discussions of "potential employee departure" for five months. But searching for documents about any "*potential*" departure for every employee is effectively impossible (and not proportionate to the needs of the case). Such discovery does not inform whether the Individual Defendants misappropriated trade secrets or breached their contracts. Jane Street does not allege any other employees misappropriated its trade secrets. While Defendants do not explain the relevance of whether Jane Street has ever sued a former employee (beyond claiming a right to "test" every statement in the Complaint), they can search public filings or tailor an RFP to that issue. And while Defendants claim this RFP is probative of "bad faith," they do not explain how.[3]

*7. Efforts to Hire for India Positions (RFP 23)*: Jane Street *agreed* to produce job postings it made in 2023-2024 for India options traders, as well as *seven years* of documents relating to the development of the Trading Strategy. Unsatisfied, Defendants request a broad set of all internal documents in any way *relating* to Jane Street's recruiting of *any* India options traders, speculating that Jane Street perhaps disclosed its trade secrets while recruiting or (as now asserted for the first time) may itself have misappropriated candidates' strategies. Mot. 3. Such speculative "what ifs" do not entitle Defendants to fish for discovery on any hypothetical scenario they can imagine.

*8. Discussions of Defendants (RFPs 26-27)*: Defendants seek *any* document referencing Schadewald, Spottiswood, or Millennium from February 5 to April 12, 2024, regardless of substance. Jane Street *already* agreed to produce documents relating to the Individual Defendants' departure and their suspected misappropriation, including any India options trading they engaged in after their departure. Defendants do not identify the potential relevance of any other material.

*9. Search Term Hit Reports*: On June 28, Defendants demanded Jane Street run *253* search strings over *25* custodians across *10* different data sources and *9* different time periods, including 30 search strings going back *6.5* years. Dkt. 147-4 at 2. Putting aside that demanding a party run over 250 search terms when the substantial completion deadline is in one month is not a serious proposal, Jane Street nonetheless alerted Defendants on July 5 that a preliminary run of these terms across *1* data source for just *5* custodians hit on more than *3,000,000* documents. The parties never agreed to exchange hit reports (which they could have discussed before commencing their reviews).[4] Given Defendants' absurd demand, on July 11 Jane Street proposed a narrower set of search terms and custodians to fairly capture Defendants' RFPs. Defendants did not submit a counterproposal, and first requested to confer only *today*. At this stage, any broadening of Jane Street's search terms may require an extension of the case management plan.

---

[3] Defendants cite *Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467 (N.D. Tex. 2004) as "allow[ing] discovery of investigations of former employees" (Mot. 3), but that decision was notwithstanding plaintiff's *privilege objections*, not relevance objections or fishing for evidence of "bad faith." *See* TS GUIDE § 6.7.3 (in trade secret cases, "party requesting employee records [must] make a showing of relevance and need").

[4] Contrary to Defendants' suggestion (Mot. 3), a party is *not* required to share hit reports. *See, e.g.*, *Freedman v. Weatherford Int'l Ltd.*, 2014 WL 3767034, at *3 (S.D.N.Y. 2014) (denying motion to compel hit report because it is "outside the bounds of Rule 26" and is "discovery on discovery").

*Highly Confidential – Attorneys' Eyes Only*

Respectfully submitted,

*/s/ Deborah K. Brown*
Deborah K. Brown
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010

*Attorney for Plaintiff Jane Street Group, LLC*