*Highly Confidential – Attorneys' Eyes Only*

July 22, 2024

Hon. Paul A. Engelmayer
United States District Court for the Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

**Re:** ___Jane Street Group, LLC v. Millennium Management LLC___, No. 1:24-cv-02783

Dear Judge Engelmayer:

Pursuant to SDNY Local Rule 37.2 and Your Honor's Individual Rule 2(C), Plaintiff Jane Street Group, LLC ("Jane Street") respectfully brings this letter motion to request that the Court compel Defendant Millennium Management LLC ("Millennium") to produce materials requested by Jane Street's first set of document requests on Millennium ("RFPs"). Millennium has refused to produce two categories of documents that are highly relevant to the claims and defenses raised in this case: (1) information related to Millennium's efforts to trade options in India *aside from* the trading done by the two Individual Defendants; and (2) documents relating to any direction given by the Individual Defendants to *other trading teams* at Millennium about India market trading. The RFPs at issue seek relevant information and are consistent with the Court's discussion of Jane Street's obligations at the July 19, 2024 discovery hearing, where the Court indicated that discovery into the parties' India trading businesses should be produced, and not be limited only to the Individual Defendants. The parties met and conferred in good faith on July 9, 19, 20, and 22 and were unable to resolve this dispute. In its last proposal on July 22, Millennium only offered to produce "summary data" and "raw trading data" of limited scope, while still improperly refusing to produce the materials pursuant to Jane Street's RFPs.[1]

### *1. Non-Schadewald India Options Trading Documents, Communications, and Trading Data.*

Jane Street seeks documents, communications, and trading data from January 1, 2023 to June 30, 2024[2] relating to Millennium's trading in the Indian markets **(RFPs 11, 15, and 21)**; Millennium's research, development, and implementation of trading strategies in the Indian markets **(RFPs 16-18, and 26)**; and Millennium's communications with ████████████████████, for orders in the India market **(RFP 19)**. *See* Ex. A. For each of these RFPs, Millennium responded that it would limit its production only "to Schadewald's team at Millennium," refusing to produce documents for "non-Schadewald teams"—*i.e.,* (1) for any trading teams prior to Schadewald's retention, or (2) any non-Schadewald teams after his hiring. Millennium's refusal is improper.

Jane Street is entitled to discovery into Millennium's firm-wide efforts to trade options in India. This discovery is highly relevant to Jane Street's claims for trade secret misappropriation and

---

[1]  On July 22, 2024, the parties agreed to extend the interim deadline for the substantial completion of the production of documents to Wednesday, August 14, 2024, pursuant to § 10(e) of the Civil Case Management Plan. Dkt. 88.

[2]  Jane Street originally sought production to the present, but consistent with the July 19 discovery hearing, now seeks such discovery through June 30, 2024 while reserving the right to seek supplemental discovery as necessary. *See* Dkt. 162 at 2.

**quinn emanuel urquhart & sullivan, llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON |
LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY |
SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON |

induced breach of contract (by Millennium).  For example, Millennium's India options trading strategies *before* the Individual Defendants commenced employment at Millennium would provide a direct comparison against any changed activity and behavior *after* the Individual Defendants joined Millennium with Jane Street's trade secrets in hand.  In addition, Jane Street alleges that Millennium misappropriated Jane Street's trade secrets (and induced the Individual Defendants to breach their IP Agreements) in part because of Millennium's failure to independently develop its own successful options trading strategies in India.  To test this theory, Jane Street should be allowed to compare Millennium's India trading before and after the alleged misappropriation, and to compare the trading done by Schadewald's team with the trading done by other Millennium traders in the India market.  Such circumstantial evidence is often critical in trade secret cases, to show both the fact and the value of misappropriation.[3]

Moreover, Millennium has put the information requested by the RFPs directly at issue in this case. Millennium has asserted that it traded options in India before hiring the Individual Defendants. Ex. B at 2 ("Millennium has been trading in that [India options] market for years."); Dkt. 27 ("Asmar Decl.") ¶ 4 (Millennium Global Head of Volatility Arbitrage stating that Millennium's portfolio managers trade options in India).  Millennium also claims to have previously researched and analyzed the Indian markets.  *Id*. ¶¶ 6-7 ("I have been aware for some time of the growth in the India options market. In 2023, I began focusing on it as a potential area of growth for the business I oversee.").  Such research and analysis are relevant for the same reasons stated above.[4]

In support of its refusal to produce any information relating to Millennium's efforts in India before hiring the Individual Defendants, Millennium cited to *Boston Scientific Corp. v. Nevro Corp.* to argue that discovery shall "begin when the alleged misappropriator began working [for the new employer]."  2020 WL 6261624 (D. Del. Oct. 19, 2020).  Ex. C at 1.  But the defendant company in *Nevro*—unlike Millennium—was *not* previously involved in the market that the later developed misappropriated system was based upon.  Here, Millennium contends that it was trading in the India options market prior to the Individual Defendants' retention, and even uses that fact *as a defense*.  Specifically, Millennium has asserted an "independent development" defense. Dkts. 102 at 31 (No. 2); 106 at 3 (No. 4).  But to test that defense, Jane Street needs to understand the experience and skills of the *other* people at Millennium who attempted to trade options in India, and to understand their level of success (or failure) in doing so.  *See, e.g.*, TRADE SECRET CASE MGMT. JUDICIAL GUIDE § 6.11.2 ("courts are typically willing to allow discovery into defendants' independent research and development because it is difficult, if not impossible, to determine whether the defendant came up with the disputed trade secrets on its own without examining its research and development"); *see also von Holdt v. A-1 Tool Corp.*, 2005 WL 8180782, at *5 (N.D. Ill. June 22, 2005) ("[D]ocuments relating to the design work performed *prior* to Central's

---

[3]  "To establish misappropriation, trade secret plaintiffs must often construct a web of perhaps ambiguous circumstantial evidence from which the trier of fact may draw inferences which convince him that it is more probable than not that what plaintiffs allege happened did in fact take place."  *Zunum Aero, Inc. v. Boeing Co.*, 2024 WL 1803118, at *6 (W.D. Wash. Apr. 22, 2024) (quotations omitted).

[4]  In response to RFP 26 requesting documents about this research, Millennium is refusing to produce *any* materials created by any "non-Schadewald" team.  That distinction is effectively a complete refusal, as any analysis conducted in November 2023 or earlier occurred before Mr. Schadewald arrived.

*Highly Confidential – Attorneys' Eyes Only*

retention of A-1 are also relevant. …  Without the prior work, Plaintiffs cannot determine A-1's contribution to Central's project.").

### 2. Communications Between Schadewald's Team and Other Millennium Teams.

Jane Street seeks documents relating to the Individual Defendants' development of India market trading strategies at Millennium **(RFPs 4 and 20)**.  *See* Ex. A.  Millennium refuses to produce documents relating to any direction given by the Individual Defendants to ***other trading teams*** at Millennium about India market trading—improperly limiting the production to only direction given by the Individual Defendants to members of Mr. Schadewald's team.  *Id.* at 8 and 17-18. By any account, the Individual Defendants' own discussions of India trading strategies at Millennium with ***other*** teams squarely implicate the disclosure of Jane Street's trade secrets. Millennium should be ordered to produce these materials.

Respectfully submitted,

*/s/ Deborah K. Brown*
Deborah K. Brown
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010

*Attorney for Plaintiff Jane Street Group, LLC*