**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANE STREET GROUP, LLC, | Civil Action No. 24-cv-02783 |
| *Plaintiff*, | |
| | **DECLARATION OF DEBORAH K. BROWN IN SUPPORT OF PLAINTIFF'S LETTER MOTION TO COMPEL** |
| v. | |
| MILLENNIUM MANAGEMENT LLC, DOUGLAS SCHADEWALD, and DANIEL SPOTTISWOOD | **FILED UNDER SEAL** |
| *Defendants*. | |

**DECLARATION OF DEBORAH K. BROWN IN SUPPORT OF**
**PLAINTIFF'S LETTER MOTION TO COMPEL**
**MILLENNIUM MANAGEMENT LLC'S PRODUCTION OF DOCUMENTS**

I, Deborah K. Brown, declare pursuant to 28 U.S.C. § 1746 as follows:

1.      I am a partner in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), attorneys for Plaintiff Jane Street Group, LLC ("Jane Street"). I am a member in good standing of the Bar of the State of New York and admitted to practice in the Southern District of New York.

2.      I respectfully submit this Declaration in Support of Jane Street's Letter Motion to Compel Defendant Millennium Management LLC ("Millennium") to Produce Documents. I am personally familiar with the facts included in this declaration.

3.      Attached hereto as **Exhibit A** is a true and correct copy of Millennium's Reponses & Objections to Jane Street's First Set of Requests for Production.

4.      Attached hereto as **Exhibit B** is a true and correct copy of an April 5, 2024 letter from Andrew J. Levander to Deborah K. Brown.

5.    Attached hereto as **Exhibit C** is a true and correct copy of an July 16, 2024 e-mail from May Chiang to Jeffrey Miller and Others.

I declare under penalty of perjury that the foregoing is true and correct.  Executed in New York, New York on July 22, 2024.

_/s/ Deborah K. Brown_
Deborah K. Brown

# EXHIBIT A

*Confidential*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

<table>
<tr><td>

JANE STREET GROUP, LLC,

                  *Plaintiff,*

    v.

MILLENNIUM MANAGEMENT LLC,
DOUGLAS SCHADEWALD, and DANIEL
SPOTTISWOOD

              *Defendants.*

</td><td>

Civil Action No. 1:24-cv-02783-PAE

</td></tr>
</table>

## DEFENDANT MILLENNIUM'S RESPONSES & OBJECTIONS TO JANE STREET'S FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rules of Civil Procedure 26 and 34 and Local Civil Rule 26.3, Defendant Millennium Management LLC ("Millennium), by and through its undersigned counsel, hereby submits the following objections and responses to the First Set of Requests for Production ("Requests") served by Plaintiff Jane Street ("Plaintiff") on June 7, 2024.

## GENERAL OBJECTIONS & RESPONSES

Millennium responds to the Requests subject to these General Objections, which form a part of Millennium's responses and objections to each Request. A General Objection may also be specifically asserted in response to certain Requests for purposes of emphasis and clarity, but the failure to do so is not and should not be construed as a waiver of any General Objection.

1. Millennium objects to the Requests to the extent they purport to impose or seek to impose any requirement or discovery obligations greater than or different from those under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, the Court's Individual Rules of Civil Practice, any Orders issued by the Court, and any other applicable law.

1

2.      Millennium objects to the Requests to the extent they seek documents or information not relevant to the claims set forth in Plaintiff's Amended Complaint ("the Complaint") nor reasonably calculated to lead to the discovery of admissible evidence.

3.      Millennium objects to the extent the Requests seek documents protected from disclosure by the attorney-client privilege, the work product doctrine, privacy and data protection laws, marital privilege, and/or any other applicable privilege, immunity, or protection from discovery afforded by law.  Millennium does not waive, and expressly preserves, the protection for materials or information prepared in anticipation of litigation, the attorney-client privilege, the work product doctrine, privacy and data protection laws, marital privilege, and/or any other applicable privilege, immunity, or protection from discovery afforded by law, including foreign law.  Inadvertent production of any such protected document or information shall not constitute a waiver of any privilege or protection or any other ground for objection to discovery with respect to the information contained therein, nor shall such inadvertent production waive Millennium's right to object to the use of any such document or the information contained therein in this action or during any subsequent proceeding.  Upon notification that such disclosure was inadvertent, the document(s) and any copies thereof shall be returned to Millennium immediately or destroyed pursuant to the terms of the Protective Order entered by the Court in this matter on June 18, 2024 (the "Protective Order").

4.      Millennium objects to the Requests to the extent they are vague, ambiguous, overbroad, or unduly burdensome.

5.      Millennium objects to the Definitions to the extent they purport to extend the defined terms beyond their natural meaning.  Millennium will interpret the Requests reasonably and in good faith in accordance with common English usage as supplemented by their understanding of the common meanings of terms.

6.      Millennium objects to the Requests to the extent they seek documents or information not in Millennium's possession, custody, or control, or not known to Millennium, or that cannot be found in the course of a reasonable and diligent search of those repositories where the documents or information are reasonably expected to be located.

7.      Millennium objects to the Requests as unduly burdensome and cumulative to the extent that they seek documents that are obtainable from other, more convenient sources, or are readily available from public sources and equally available to the Plaintiff or the burden or expense of the proposed discovery outweighs its likely benefit and is therefore disproportionate to the needs of the case.

8.      Millennium objects to the Requests as unduly burdensome and cumulative to the extent that they seek documents that the Plaintiff already possesses.

9.      Millennium objects to the Requests to the extent that they seek trade secrets or information that is confidential, financial, or commercially or competitively sensitive to Millennium and their affiliates, employees, clients, customers, and counterparties.  Subject to these objections, Millennium will produce relevant, non-privileged, non-duplicative confidential information, if any, pursuant to the terms of the Protective Order.

10.     Millennium objects to the Requests to the extent that they are unreasonably cumulative and/or duplicative of any other Request.

11.     Millennium objects to the Requests to the extent that they seek information regarding legal conclusions, work product, and/or contentions rather than factual information.

12.     Millennium objects to the Requests to the extent that they are not described with sufficient particularity or clarity in terms of scope to enable Millennium to conduct a reasonably diligent search for responsive materials.

13.     Millennium objects to the Requests to the extent that they prematurely seek documents or information that are properly the subject of expert testimony or the production of which is premature prior to the conclusion of fact discovery and/or the commencement of trial.

14.     Millennium does not adopt any of Plaintiff's characterizations or contentions in its Requests and nothing herein shall be deemed an admission of any factual or legal issue of any kind, including without limitation, that documents produced pursuant to these Requests are trade secrets, Plaintiff's confidential information, or otherwise protected intellectual property.

15.     The fact that Millennium produces documents pursuant to a Request does not constitute an admission or acknowledgment that the Request is proper, that the documents or things it seeks exist or are within the bounds of discovery, that the documents are what they purport to be, that the documents are responsive to that Request, or that a Request for similar information will be treated in similar fashion.  By producing or agreeing to produce documents in response to the Requests, Millennium does not waive its right to object on grounds of relevance, privilege, or the inadmissibility of evidence for any purpose in this action.

16.     Subject to Millennium's General and Specific Objections, Millennium, consistent with these objections, will produce non-privileged documents in their custody or control that are responsive to the Requests in due course and in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, the Court's Individual Rules of Civil Practice, any Orders issued by the Court, and any other applicable law.

17.     Any commitment to produce documents responsive to the Requests is subject to a reasonable and not unduly burdensome search that is based on an agreed ESI protocol which specifies reasonable time periods, custodians, and search terms, following testing of those search parameters against Millennium's documents.

18.     Millennium's Responses and Objections reflect only the current state of Millennium's knowledge or information regarding the information that Plaintiff has requested.  No commitment to produce responsive documents shall constitute an admission that responsive documents exist.

19.     Millennium reserves the right to supplement, amend, correct, clarify, or modify their Responses and Objections to the Requests for any reason, including without limitation, if further information becomes available.

20.     Millennium is available to meet and confer with Defendants' counsel at an appropriate time regarding the Requests and the Responses and Objections herein.

21.     Millennium objects to all definitions that are broader than those definitions including in SDNY Local Civil Rule 26.3.

22.     Millennium objects to the definitions of "Millennium," "Schadewald," and "Spottiswood" as overbroad, burdensome, and calling for documents outside of their possession, custody, or control.  To the extent applicable, "Millennium" will be interpreted as Millennium Management LLC and MPG Operations LLC.   "Schadewald" and "Spottiswood" will be interpreted as the natural persons only.

23.     Millennium objects to Millennium's characterization of "Confidential Information" and further objects to the term and its purported definition as vague and ambiguous.

24.     Millennium objections to Millennium's characterization of "Trading Strategy" and further objects to the term and its purported definition, including the documents referenced and incorporated in that purported definition, as vague and ambiguous.

25.     Millennium objects to the Requests as unduly burdensome, harassing, vexatious, and unlikely to lead to admissible evidence, because Plaintiff has stated that its Requests are "not limited by time."  Millennium objects to producing documents "to the present" which is a vague

and ambiguous term that is unduly burdensome.  Millennium will meet and confer with Plaintiff regarding reasonable time limitations.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications relating to Jane Street's Confidential Information, including the Trading Strategy.

**RESPONSE NO. 1:**  Millennium objects to this Request because of its false characterization of what constitutes Plaintiff's "Confidential Information" and its assumption that Millennium has documents relating to "Jane Street's Confidential Information, including the Trading Strategy." Millennium further objects to this request because it is vague and ambiguous.  Indeed, Plaintiff's complaint and trade secret disclosure, which it incorporates into its definitions, are littered with buzzwords like "insight" that have no reasonably defined scope and are patently unprotected by intellectual property law.  It will be up to the fact-finder to determine what constitutes Jane Street's "Confidential Information" and "Trading Strategy."

Millennium submits that it is not feasible to search for and produce documents to this Request as currently structured but is willing to meet and confer on the issue.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications relating to Defendants' directions, instructions, guides, rules, policies, procedures, controls, or efforts to comply with Schadewald's or Spottiswood's confidentiality or non-disclosure obligations to Jane Street, and/or to avoid misappropriating, using, or disclosing Jane Street's Confidential Information, including the Trading Strategy.

**RESPONSE NO. 2:**  Millennium objects to this Request because it explicitly calls for the production of privileged documents.  Millenium further objects to this Request because the terms

"Confidential Information" and "Trading Strategy" are vague and ambiguous.  Millennium further objects to the term "confidentiality or non-disclosure obligations to Jane Street" as vague and ambiguous because the nature and scope of those obligations (if any) are directly in dispute. The production of any document pursuant to this request shall not be deemed an admission that Millennium had any such obligations.

Subject to and without waiving any of its General or Specific Objections, Millennium will conduct a reasonable search for and produce non-privileged documents (if any) responsive to this Request from November 1, 2023 to April 12, 2024.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications relating to Defendants' determination that Schadewald's or Spottiswood's trading strategies and techniques in the Indian markets at Millennium were based on Schadewald's or Spottiswood's general know-how or experience prior to trading in the Indian markets at Jane Street, or public information.

**RESPONSE NO. 3:**  Millennium objects to this Request because it explicitly calls for the production of privileged documents.  Millennium further objects to this Request as overly burdensome and unlikely to lead to admissible evidence because it seeks information unrelated to the issues in this case.

Subject to and without waiving any of its General or Specific Objections, Millennium will conduct a reasonable search for and produce non-privileged documents (if any) sufficient to show that Schadewald's or Spottiswood's trading strategies and techniques at Millennium incorporate well-established, non-confidential trading techniques and publicly available information about the Indian options markets.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications relating to Schadewald's or Spottiswood's development, research, or implementation of trading strategies in the Indian markets at Millennium, including any training materials, directions, instructions, guides, rules, policies, procedures, or controls presented to or imposed by Schadewald or Spottiswood on their trading desk, team, or pod, or any other trading desk, team, or pod trading in the Indian markets at Millennium.

**RESPONSE NO. 4:**  Millennium objects to this Request because it explicitly calls for the production of privileged documents.  Millennium further objects to this Request as overbroad as it calls for information that has nothing to do with the Complaint or the trade secret disclosure, including information related to completely different trading in India and unrelated trading teams at Millennium that have nothing to do with this litigation.  Millennium further objects to the terms "pod" and "pod trading" as vague and ambiguous.

Subject to and without waiving any of its General or Specific Objections, Millennium will conduct a reasonable search for and produce non-privileged documents (if any) responsive to this Request that relate to the Complaint or trade secret disclosure and any such production will be limited to Schadewald's team at Millennium and to the period from February 12, 2024 to April 12, 2024.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications in Defendants' possession, custody, or control that originated from Jane Street, are owned by Jane Street, were accessed on or through Jane Street's computers, systems, or network, were created in the course of Schadewald's or Spottiswood's employment with Jane Street, were otherwise developed, created, or possessed by Jane Street, or comprise information originating from Jane Street, including, but not limited to, Spottiswood's Google document titled "5 year plan".

*Confidential*

**RESPONSE NO. 5:** Millennium objects to all of the contentions in this Request, including that any "5 year plan" document fits within the compound and duplicative descriptions in the Request. No production responsive to this Request shall be an admission of any of the characterizations or contentions in the Request. Millennium further objects to this Request as vague, ambiguous, and unduly burdensome, as Millennium cannot easily determine whether documents or communications "originated from Jane Street, are owned by Jane Street, were accessed on or through Jane Street's computers, systems, or network, were created in the course of Schadewald's or Spottiswood's employment with Jane Street, were otherwise developed, created, or possessed by Jane Street, or comprise information originating from Jane Street."

Subject to and without waiving any of its General or Specific Objections, Millennium will conduct a reasonable search for any non-privileged versions of the "5 year plan" document referenced in the Request.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications relating to Schadewald's or Spottiswood's solicitation by, recruitment by, application to, consideration of joining, or prospective employment with any entity other than Jane Street from August 2023 through February 2024, including communications with Millennium, third party search firms, headhunters, and other financial, trading, or investment firms, and any related agreements.

**RESPONSE NO. 6:** Millennium objects to the extent that this Request calls for documents outside of its possession, custody, or control. Millennium further objects to this Request as unduly burdensome.

Subject to and without waiving any of its General or Specific Objections, Millennium will produce non-privileged documents responsive to this Request that exist in Schadewald's and Spottiswood's employment files.

## REQUEST FOR PRODUCTION NO. 7:

All Documents and Communications relating to Schadewald's or Spottiswood's departure from Jane Street, including communications between and among Schadewald and Spottiswood regarding either individual's departure from Jane Street, prospective employment with Millennium, and/or employment offers or terms with Millennium, including discussions relating to compensation and bonuses.

**RESPONSE NO. 7:** Millennium objects to the extent that this Request calls for documents outside of its possession, custody, or control. Millennium further objects to this Request as vague, ambiguous, and unduly burdensome, including without limitation, to the extent it seeks compensation and bonus data for employees other than Schadewald and Spottiswood.

Subject to and without waiving any of its General or Specific Objections, Millennium will produce non-privileged documents responsive to this Request that exist in Schadewald's and Spottiswood's employment files.

## REQUEST FOR PRODUCTION NO. 8:

All Documents and Communications relating to Millennium's efforts to solicit, recruit, evaluate, consider, or hire Schadewald and/or Spottiswood, including employment offers and agreements, compensation-related documents, and any information relating to profits earned by or trading strategies employed by Schadewald and/or Spottiswood at Jane Street.

**RESPONSE NO. 8:** Millennium objects to the term "trading strategies" as vague and ambiguous. Millennium further objects to this Request as unduly burdensome.

Subject to and without waiving any of its General or Specific Objections, Millennium will produce non-privileged documents responsive to this Request that exist in Schadewald's and Spottiswood's employment files.

## REQUEST FOR PRODUCTION NO. 9:

*Confidential*

All Documents and Communications relating to the drafting, negotiation, or execution of any employment, compensation, confidentiality, trade secret, or intellectual property agreements between Schadewald or Spottiswood and Millennium.

**RESPONSE NO. 9:**  Millennium objects to this Request because it explicitly calls for privileged information.

Subject to and without waiving any of its General or Specific Objections, Millennium will conduct a reasonable search for and produce non-privileged documents (if any) responsive to this Request from November 1, 2023 through February 12, 2024, for Schadewald, and through February 28, 2024 for Spottiswood.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications from August 2023 to present relating to Schadewald's or Spottiswood's employment or compensation with Millennium, their participation in the Indian markets, their participation in options trading, their employment or compensation with Jane Street, their confidentiality or non-disclosure obligations to Jane Street, or their disclosure or use of Jane Street's Confidential Information.

**RESPONSE NO. 10:** Millennium objects to this Request because it is unduly burdensome, disproportional to the needs of the case, unlikely to lead to admissible evidence, harassing, and vexatious.  The Request for all documents "relating to Schadewald's and Spottiswood's employment" could conceivably cover every document and communication that Schadewald and Spottiswood touch from now until some undetermined time in the future in the course of their employment with Millennium even if such information has nothing to do with this case. Millennium further objects to this Request as compound and confusing because it covers both vastly different information, such as documents relating to Schadewald and Spottiswood's employment or compensation with Millennium, and also documents relating to their employment

or compensation with Jane Street, while also requesting all kinds of information that is internally duplicative and duplicative of other Requests.  Millennium further objects to the use of "Confidential Information" as vague and ambiguous for the reasons asserted in its General Objections and in its Response to Request No. 1, and objects to the use of "nondisclosure obligations to Jane Street" as vague and ambiguous because the nature of those obligations are actively in dispute.  Millennium does not adopt any characterization or contention in this Request, and no document produced pursuant to this Request shall be an admission of any kind.

Millennium will not produce documents responsive to this Request but is willing to meet and confer regarding a narrower request that is appropriately limited in time and scope.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications from January 1, 2023 to present relating to Millennium's trading in the Indian markets, including any Documents or Communications relating to Jane Street's performance in the Indian markets, and/or the use or disclosure of Jane Street's Confidential Information or Trading Strategy in the Indian markets.

**RESPONSE NO. 11:**  Millennium objects to this Request as unduly burdensome, disproportional to the needs of the case, and unlikely to lead to admissible evidence. Specifically, this Request improperly calls for "all" Documents and Communications relating to any trading of any kind in the Indian markets, even if that trading has nothing to do with this case.  Millennium further objects to the terms "Confidential Information" and "Trading Strategy" as vague and ambiguous for the reasons cited in its General Objections and in its Response to Request No. 1, does not adopt the characterizations and contentions in this Request, and the production of any document in response to this Request shall not be deemed of an admission of any kind.

Millennium will not produce documents responsive to this Request but is willing to meet and confer regarding a narrower request that is appropriately limited in time and scope.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications from January 1, 2023 to present relating to Jane Street, including Jane Street's Confidential Information and/or the Trading Strategy.

**RESPONSE NO. 12:** Millennium objects to this Request as unduly burdensome, disproportional to the needs of the case, and unlikely to lead to admissible evidence. Specifically, this Request improperly calls for "all" Documents and Communications relating to Jane Street, even if those documents have nothing do with this case. Millennium further objects to the terms "Confidential Information" and "Trading Strategy" as vague and ambiguous for the reasons cited in its General Objections and in its Response to Request No. 1, does not adopt the characterizations and contentions in this Request, and the production of any document in response to this Request shall not be deemed of an admission of any kind.

Millennium will not produce documents responsive to this Request but is willing to meet and confer regarding a narrower request that is appropriately limited in time and scope.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Communications from February 2024 to present relating to Schadewald's or Spottiswood's employment by Millennium, including their performance, compensation, assignments, responsibilities, any reviews thereof, and the trading data of any trading desks, teams, or pods that Schadewald or Spottiswood manage, work on, or work with that trade in the Indian markets.

**RESPONSE NO. 13:** Millennium asserts that this Request is redundant and duplicative of Request No. 10 and references and incorporates all of its specific objections to Request No. 10 as if provided herein. Millennium further objects to the term "pod" as vague and ambiguous.

*Confidential*

Millennium will not produce documents in response to this Request but is willing to meet and confer.

## REQUEST FOR PRODUCTION NO. 14:

All Documents and Communications relating to Millennium's evaluation, assessment, review, or rating of Schadewald or Spottiswood, including any consideration, analysis, or review of their qualifications and potential future performance as traders in the Indian market, or their confidentiality and non-disclosure obligations to Jane Street.

**RESPONSE NO. 14:** Millennium objects to this Request as duplicative of numerous prior Requests including without limitation, Nos. 3, 4, 6, and 8-10, and references and incorporates all of its specific objections to those Requests as if provided for herein.

Subject to and without waiving any of its General or Specific Objections, Millennium will conduct a reasonable search for and produce non-privileged documents (if any) responsive to this Request that relate to the Complaint or trade secret disclosure from November 1, 2023 to April 12, 2024.

## REQUEST FOR PRODUCTION NO. 15:

All Documents and Communications from January 1, 2023 through the present relating to Millennium's trading in the Indian markets, including Millennium's profit and loss (P&L) statements, ████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████

**RESPONSE NO. 15:** Millennium objects to this Request as unduly burdensome, disproportional to the needs of the case, and unlikely to lead to admissible evidence because it calls for information relating to Millennium's trading in the Indian markets even if that trading has nothing to with the kinds of trading at issue in this litigation. Millennium further objects to

this Request to the extent it calls for the creation of documents that do not currently exist.

Subject to and without waiving any of its General or Specific Objections, Millennium will conduct a reasonable search for and produce non-privileged documents (if any) responsive to this Request that relate to the Complaint or trade secret disclosure and any such production will be limited to Schadewald's team at Millennium and the period from February 12, 2024 to April 12, 2024.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications from January 1, 2023 through the present relating to Millennium's efforts to identify, research, develop, implement, and validate any trading strategy in the Indian markets, including any studies, summaries, or results of experimental trades and impact studies used to validate Millennium's trading strategies and sizing in the Indian markets.

**RESPONSE NO. 16:**  Millennium objects to this Request as unduly burdensome, disproportional to the needs of the case, and unlikely to lead to admissible evidence because it calls for information relating to Millennium's trading in the Indian markets even if that trading has nothing to with the kinds of trading at issue in this litigation.

Subject to and without waiving any of its General or Specific Objections, Millennium will conduct a reasonable search for and produce non-privileged documents (if any) responsive to this Request that relate to the Complaint or trade secret disclosure and any such production will be limited to Schadewald's team at Millennium and the period from February 12, 2024 to April 12, 2024.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications from January 1, 2023 through the present relating to any trading strategies, trends, techniques, or tendencies of, or positions by any Person or group of

Persons (such as retail investors or institutional investors) other than Millennium with respect to the Indian markets.

**RESPONSE NO. 17:**  Millennium objects to this Request as unduly burdensome, disproportional to the needs of the case, and unlikely to lead to admissible evidence because it calls for information relating to trading in the Indian markets even if that trading has nothing to with the kinds of trading at issue in this litigation.  Millennium further objects to the extent that this Request calls for information outside of Millennium's possession, custody, or control. Millennium further objects to this Request as vague and ambiguous.

Subject to and without waiving any of its General or Specific Objections, Millennium will conduct a reasonable search for and produce non-privileged documents (if any) responsive to this Request relating to Indian options trading conducted by Schadewald's team for the period from February 12, 2024 to April 12, 2024.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents and Communications from January 1, 2018 through the present concerning the identification, research, development (including, but not limited to, any studies or experimentation conducted to validate the strategies), implementation, or execution of trading strategies in the Indian options markets, including the personnel, effort, and capital used to develop, value, and maintain the confidentiality of those strategies, and any aspects of those strategies known to any person outside of Millennium.

**RESPONSE NO. 18:**  Millennium objects to this Request as unduly burdensome, disproportional to the needs of the case, and unlikely to lead to admissible evidence, because it requests information dating back more than five years.

Subject to and without waiving any of its General or Specific Objections, Millennium will conduct a reasonable search for and produce non-privileged documents (if any) responsive to this

16

*Confidential*

Request that relate to the specific kind of trading at issue in the Complaint and trade secret disclosure, from February 12, 2024 to April 12, 2024.

**REQUEST FOR PRODUCTION NO. 19:**

All Communications between Millennium and ███████████ from January 1, 2023 to present regarding the Indian markets.

**RESPONSE NO. 19:** Millennium objects to this Request as unduly burdensome, disproportional to the needs of the case, and unlikely to lead to admissible evidence, because it requests all communications with ███████████ by other teams at Millennium that have no relevance to the allegations in the Complaint.

Subject to and without waiving any of its General or Specific Objections, Millennium will conduct a reasonable search for and produce non-privileged documents (if any) responsive to this Request and any such production will be limited to Schadewald's team at Millennium and to the period from February 12, 2024 to April 12, 2024.

**REQUEST FOR PRODUCTION NO. 20:**

Records, including trade descriptions, recaps, or writeups, of all transactions and all orders (█████████████████████████████████████████) in the Indian markets (██████████████████████████████████████████████████) made by or at the direction of Schadewald or Spottiswood, or their related trading team, desk, or pod.

**RESPONSE NO. 20:** Millennium objects to this Request as unduly burdensome, disproportional to the needs of the case, unlikely to lead to admissible evidence, harassing, and vexatious, because it requests copious information that is regularly produced in the routine course of business. This Request appears designed to improperly surveil Schadewald and Spottiswood's activities, intimidate them and improperly prevent them from earning a living, and

17

hamper their ability to provide their services for Millennium in violation of law, including the Court's Order rejecting Plaintiff's TRO.  Millennium further objects to the term "pod" as vague and ambiguous.

Subject to and without waiving any of its General or Specific Objections, Millennium will conduct a reasonable search for and produce non-privileged documents (if any) reflecting the daily trading recaps by Schadewald's team for the period from February 12, 2024, to April 12, 2024.

**REQUEST FOR PRODUCTION NO. 21:**

Records, including trade descriptions, recaps, or writeups, of all transactions and all orders



( ) in the Indian markets

( )

made by any pod at Millennium between January 1, 2023 through February 12, 2024.

**RESPONSE NO. 21:**  Millennium objects to this Request as unduly burdensome, disproportional to the needs of the case, unlikely to lead to admissible evidence, harassing, and vexatious, because it requests copious highly sensitive information that is completely unrelated to this litigation.  Millennium further objects to the term "pod" as vague and ambiguous. Millennium further objects to this Request as duplicative of Request No. 20 and references and incorporates its response to Request No. 20 herein.

Millennium will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to show Millennium's policies and procedures relating to the confidentiality and non-disclosure of trade secrets and confidential information from former employers possessed by current Millennium employees, and Millennium's efforts to ensure compliance with those policies and procedures by their new hires and current employees.

**RESPONSE NO. 22:** Subject to and without waiving any of its General or Specific Objections, Millennium will conduct a reasonable search for and produce non-privileged documents (if any) responsive to this Request, and any such production will be limited to the policies and procedures that apply to Schadewald and Spottiswood for the period from February 12, 2024, to April 12, 2024.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications relating to Millennium's use of semi-independent trading desks, teams, or "pods" in relation to the confidentiality and non-disclosure of trade secrets and confidential information from former employers.

**RESPONSE NO. 23:** Millennium objects to the contention in this Request that it uses teams "in relation to the confidentiality and non-disclosure of trade secrets and confidential information from former employees" which is vague and ambiguous. Millennium further objects to the term "pod" as vague and ambiguous.

Millennium will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications between January 1, 2023 and present relating to Millennium's policies, decisions, or questions regarding the use of any internal e-mail list ("listserv") to communicate information relating to options trading strategies or performance in the India markets, or regarding the restriction of any such information to only certain personnel within Millennium.

**RESPONSE NO. 24:** Millennium objects to this Request as unduly burdensome, disproportional to the needs of the case, unlikely to lead to admissible evidence, harassing, and vexatious, because it requests copious information related generally to "India markets" that is completely unrelated to this litigation.

Subject to and without waiving any of its General or Specific Objections, Millennium will conduct a reasonable search for and produce non-privileged documents (if any) responsive to this Request and any such production will be limited to Schadewald's team at Millennium for the period from February 12, 2024 to April 12, 2024.

**REQUEST FOR PRODUCTION NO. 25:**

Document sufficient to show all trading policies relating to or used in the Indian markets, including but not limited to capital and/or "daily loss limits." (Schadewald Decl. at ¶ 101).

**RESPONSE NO. 25:** Millennium objects to this Request as unduly burdensome, disproportional to the needs of the case, unlikely to lead to admissible evidence, harassing, and vexatious, because it requests copious information related generally to "Indian markets" that is completely unrelated to this litigation.

Subject to and without waiving any of its General or Specific Objections, Millennium will conduct a reasonable search for and produce non-privileged documents (if any) responsive to this Request and any such production will be limited to the trading policies that apply to Schadewald's team for the period from February 12, 2024 to April 12, 2024.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications relating to research, analysis or investigation of "the Indian options market and the volatility in the market" from January 2023 to present, including but not limited to, the "presentation in late November 2023 titled 'India Business Opportunities.'" (Asmar Decl. at ¶ 7).

**RESPONSE NO. 26:** Subject to and without waiving any of its General or Specific Objections, Millennium will conduct a reasonable search for and produce non-privileged documents (if any) responsive to this Request and any such production will be limited to the issues referenced in paragraph 7 of the Asmar Declaration.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents and Communications relating to Millennium's efforts to recruit "other candidates with experience in the Indian options market" in "November and December 2023," including compensation-related documents, and employment offers and agreements. (Asmar Decl. at ¶ 7.)

**RESPONSE NO. 27:** Subject to and without waiving any of its General or Specific Objections, Millennium will conduct a reasonable search for and produce non-privileged documents (if any) responsive to this Request and any such production will be limited to the issues referenced in paragraph 8 of the Asmar Declaration.

**REQUEST FOR PRODUCTION NO. 28:**

Documents sufficient to show the compensation of "portfolio managers at Millennium." (Asmar Decl. at ¶ 15.)

**RESPONSE NO. 28:** Subject to and without waiving any of its General or Specific Objections, Millennium will conduct a reasonable search for and produce non-privileged documents (if any) responsive to this Request and any such production will be limited to documents sufficient to show that Schadewald is "paid within the range of other traders at Millennium" (Asmar Decl. at ¶ 15.)

**REQUEST FOR PRODUCTION NO. 29:**

Documents relating to Millennium's "policies prohibiting employees from bringing third party material into the firm or onto its systems without a thorough review and approval." (Asmar Decl. at ¶ 17).

**RESPONSE NO. 29:** Millennium objects to this Request as unduly burdensome, disproportional to the needs of the case, unlikely to lead to admissible evidence, harassing, and

*Confidential*

vexatious, to the extent it seeks information on policies that do not apply to Schadewald or Spottiswood or policies that have been revised or replaced.

Subject to and without waiving any of its General or Specific Objections, Millennium will conduct a reasonable search for and produce non-privileged policies related to paragraph 17 of the Asmar Declaration.

## REQUEST FOR PRODUCTION NO. 30:

All Documents and Communications from November 1, 2023 to February 23, 2024 on Schadewald's or Spottiswood's personal Google Drive or similar networked folder or personal devices relating to Millennium, Jane Street's trading, India, and/or Schadewald and Spottiswood working together outside of Jane Street (including e-mail, Slack, WhatsApp, iMessage, Signal, and other forms of electronic communications or storage).

**RESPONSE NO. 30:**  Millennium objects to this Request because it calls for information outside of Millennium's possession, custody, or control.  Millennium references and incorporates the Response to Request No. 30 submitted by Schadewald and Spottiswood.

## REQUEST FOR PRODUCTION NO. 31:

All Communications between Defendants and journalists, members of the press, media organizations (including without limitation newspapers, news websites, news or trade publications, news journals or magazines, or any other news periodicals), government regulatory bodies, and/or members of exchanges relating to the India Options market, Jane Street, and/or the allegations or conduct of this litigation.

**RESPONSE NO. 31:**  Millennium objects to this Request as unduly burdensome, disproportional to the needs of the case, and unlikely to lead to admissible evidence, because it requests a wide swath of materials that are of questionable relevance without any defined time period.  Millennium further objects to "members of exchanges relating to the India Options

market, Jane Street, and/or the allegations or conduct of this litigation" as vague, ambiguous, and overly broad and burdensome.  Millennium further objects to the requests for communications with "government regulatory bodies" to the extent it is improper, violates regulations regarding employee rights to voluntarily communicate in confidence with regulators, or is designed to impede or interfere with any investigation.

Subject to and without waiving any of its General or Specific Objections, Millennium will conduct a reasonable search for and produce non-privileged documents (if any) responsive to this Request limited to those communications between Millennium and journalists, members of the press, and media organizations regarding the allegations or conduct of this litigation for the period from April 5, 2025 to April 22, 2024.

**REQUEST FOR PRODUCTION NO. 32:**

All Communications between April 3, 2024 and May 10, 2024 between You or any agent, representative, or person acting on Your behalf and any third party concerning the Complaint dated April 22, 2024, the Answers, dated May 10, 2024, any draft of said Answers, or the dispute that is the subject of this Action.

**RESPONSE NO. 32:**  Millennium objects to this Request to the extent that it calls for privileged information.

Subject to and without waiving any of its General or Specific Objections, Millennium will conduct a reasonable search for and produce non-privileged documents (if any) regarding the dispute that is the subject of this action for the period from April 5, 2024, to April 22, 2024.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications used, relied upon, or referred to in support of any allegation or denial in Defendants' answers, counterclaims, or affirmative defenses.

*Confidential*

**RESPONSE NO. 33:**  Millennium objects to this Request because it calls for privileged information.

Subject to and without waiving any of its General or Specific Objections, Millennium will conduct a reasonable search for and produce non-privileged documents (if any) responsive to this Request limited to documents and communications referred to in Defendants' answers, counterclaims, or affirmative defenses.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents and Communications relating to Defendants' alleged damages.

**RESPONSE NO. 34:**  Millennium objects to this Request to the extent that it calls for evidence prematurely, including information relating to attorneys' fees prior to such issue becoming ripe.

Subject to and without waiving any of its General and Specific Objection, Millennium will produce non-privileged responsive documents responsive to this Request at the appropriate time.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents and Communications relied on by any expert witness you intend to call in this action.

**RESPONSE NO. 35:**  Millennium objects to this Request because it is premature and this issue is covered by the Federal Rules of Civil Procedure and the Federal Rules of Evidence. Millennium will produce non-privileged documents pursuant to its obligations under applicable rules and law, and the case management order.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents and Communications Defendants receive from any non-party to this action pursuant to any subpoena issued by Defendants or any other request for documents or communications by Defendants in connection with this action.

**RESPONSE NO. 36:**  Millennium objects to this request because it is premature and this issue is covered by the Federal Rules of Civil Procedure.  Millennium will produce documents received from third parties pursuant to subpoena in accordance with the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents and Communications Defendants may seek to introduce into evidence in this action.

**RESPONSE NO. 37:**  Millennium objects to this request because it is premature.  Exhibits will be exchanged in accordance with the Court's scheduling orders and other applicable rules and regulations at the appropriate time.

Dated: New York, NY
June 21, 2024

**DECHERT LLP**

By:  /s/ *Andrew J. Levander*

Andrew J. Levander
May Chiang
1095 Avenue of the Americas
New York, NY 10036
andrew.levander@dechert.com
may.chiang@dechert.com

Martin J. Black (*pro hac vice
forthcoming*)
Daniel R. Roberts (*pro hac vice
forthcoming*)
Cira Centre
2929 Arch Street
martin.black@dechert.com
daniel.roberts@dechert.com

*Counsel for Millennium
Management LLC*

# EXHIBIT B



Three Bryant Park
1095 Avenue of the Americas
New York, NY  10036-6797
+1 212 698 3500  Main
+1 212 698 3599  Fax
www.dechert.com

**ANDREW J. LEVANDER**

Andrew.Levander@dechert.com
+1 212 698 3683  Direct
+1 212 698 0483  Fax

April 5, 2024

**VIA ELECTRONIC MAIL**

Deborah Brown
Quinn Emmanuel
51 Madison Avenue
New York, NY 10010-1601
deborahbrown@quinnemanuel.com

> Re:    <u>Millennium Management LLC's Employment of Doug Schadewald and Daniel
> Spottiswood</u>

Dear Ms. Brown:

I write in response to your letter of April 3, 2024, to Millennium Management LLC ("Millennium") in relation to Doug Schadewald and Daniel Spottiswood, former employees of Jane Street Group, LLC ("Jane Street").  Your concern that Millennium is aware that Messrs. Schadewald and Spottiswood are "improperly using" Jane Street's information is unfounded and any tortious interference claim against Millennium would be entirely without merit.

At the outset, let me state that nothing prevented former Jane Street employees from seeking attractive opportunities elsewhere, and Millennium has acted appropriately in recruiting them. Millennium expects that its employees will abide by their obligations to their prior employers, including in respect of confidentiality and intellectual property.  Likewise, Millennium takes its legal obligations very seriously. In competing to attract the best talent, Millennium takes care to avoid potential violations of the agreements between another firm and its employees or former employees and has no use or desire for anyone else's confidential information or intellectual property.  Millennium ensures not only that its employees understand their obligations of confidentiality to Millennium, and that they are expected to respect their obligations to former employers as well.  Millennium took such steps in the case of Mr. Schadewald and Mr. Spottiswood, and they have confirmed that they have not been using confidential information or trade secrets of Jane Street in their work for Millennium.

Your letter asserts that Jane Street has "significant concerns" that Millennium is "improperly using Jane Street's confidential and proprietary information and trade secrets."  In support of this serious but wholly unsupported accusation, you point only to the fact of their hiring and certain undisclosed data. We are not aware of any non-competes covering these individuals, but please



advise us if we have missed something in that regard.  Jane Street certainly has no right to demand that they refrain from plying their trade as options traders.  Contrary to Jane Street's apparent perspective, signing on as an employee at Jane Street does not preclude future employment in the industry.  New York law clearly establishes that former employers cannot unreasonably restrain former employees, as "'the possible loss of livelihood [is] a result strongly disfavored by public policy in New York.'"  *Int'l Bus. Machines Corp. v. Visentin*, No. 11 CIV. 399 LAP, 2011 WL 672025, at *21 (S.D.N.Y. Feb. 16, 2011) (quoting *Estee Lauder Cos. V. Batra*, 430 F. Supp. 2d 158, 174 (S.D.N.Y. 2006)); *Long Island Minimally Invasive Surgery, P.C. v. St. John's Episcopal Hosp.*, 164 A.D.3d 575, 577 (2d Dep't 2018) (relying on *BDO Seidman v. Hirshberg*, 93 N.Y.2d 389, 390-91 (1999) and finding employer's restriction unenforceable because it "effectively barred him from performing surgery, his chosen field of medicine").

The second piece of "evidence" you cite is a vague allusion to "a review of data and reports for certain markets," but you provide no detail on what those data and reports are or why these materials indicate that the individuals have been engaging in improper conduct.  We have undertaken a preliminary review of their trading and communications and are unaware of any improper conduct.  Assuming your allegations are based on Mr. Schadewald's past work in the Indian options market, they lack credibility: Mr. Schadewald is just one of many traders working in a highly liquid, public market which has grown exponentially in the last ten years.  *See* "Eighty Percent of the World's Stock Options Aren't Traded Where You Think," Wall Street Journal (Mar. 11, 2024).[1]  The Indian market has long been recognized as presenting particularly compelling opportunities for arbitrage, given its inefficiencies. *See* Joshi, et al., "An empirical analysis of market efficiency in Indian options market," Indian Institute of Management Bangalore, 2011.[2]  In fact, Millennium has been trading in that market for years.

Obviously, skill in options trading is not limited to Jane Street.  Mr. Schadewald trained at Barclays for many years prior to joining Jane Street and is well versed in the various well known options trading techniques that he and Mr. Spottiswood employ.  Indeed, far from a trade secret, their option trading techniques are literally as well as figuratively textbook techniques that are the subject of numerous books and courses.  Thus, unless you are willing to provide additional information to us (or if preferable to Messrs. Schadewald and Spottiswood and their attorneys) regarding what the data, markets and trading strategies are that you believe justify your accusation, there is no way for us to investigate the matter further.  If you truly believe that you

---

[1] https://www.wsj.com/finance/stocks/eighty-percent-of-the-worlds-stock-options-arent-traded-where-you-think-35a46ddc
[2] https://repository.iimb.ac.in/handle/2074/18226



have sufficient evidence to bring a court case, please provide the information to us so that we can evaluate it.

The rest of your letter is untethered from the facts and the law. You say that a cessation of trading activity is necessary to prevent "grave and imminent harm" to Jane Street, but we do not know what you are referring to or why you think that trading activity is proprietary to Jane Street. While lauding Jane Street's intellectual property rights, you provide no information at all as to what that has to do with Mr. Schadewald or Mr. Spottiswood. You demand that they stop using trading strategies "researched, developed and implemented for and by" Jane Street, but they cannot cease what they have never begun. In fact, they are using common trading strategies (as opposed to the use of sophisticated automated computer programmed trades) based entirely on their know-how and readily available information and data sources. Nothing about their trading relies on or touches upon trade secrets proprietary to Jane Street.

You threaten – in bold and italics for effect – legal action, yet it is plain that Jane Street lacks a Rule 11 basis to proceed. As I am sure you are aware, any action brought under the DTSA is subject to 18 U.S.C. 1836(b)(3)(D), which provides for an award of fees "if a claim of the misappropriation is made in bad faith, which may be established by circumstantial evidence." *See Northstar Healthcare Consulting, LLC v. Magellan Health, Inc.,* No. 1:17-CV-1071-ODE, 2020 WL 10486256, at *35 (N.D. Ga. Feb. 20, 2020) (granting $1.3 million in attorney's fees to party baselessly accused to have alleged DTSA and Georgia Trade Secrets Act). The Second Circuit has defined bad faith as a claim that is "(1) meritless; and (2) brought for improper purposes such as harassment or delay." *Kerin v. United States Postal Service*, 218 F.3d 185, 190 (2d Cir. 2000) (Equal Access to Justice Act case).

Here, it appears that Jane Street is more concerned about restraining the lawful right of former employees to ply their chosen profession and thus is engaging in anti-competitive conduct. The lack of support in your letter strongly suggest that it was written precisely to harass and delay. Please retain any emails or other documents relating to this dispute, so that we can investigate Jane Street's knowledge and motives should this matter proceed to litigation. The FTC and courts have taken a dim view of overbearing employers trying to prevent lawful competition by former employees. *See FTC Cracks Down on Companies That Impose Harmful Noncompete Restrictions on Thousands of Workers*, https://www.ftc.gov/news-events/news/press-releases/2023/01/ftc-cracks-down-companies-impose-harmful-noncompete-restrictions-thousands-workers; *Am. Broad. Companies, Inc. v. Wolf*, 52 N.Y.2d 394, 404 (1981) ("the general public policy favoring robust and uninhibited competition should not give way merely because a particular employer wishes to insulate himself from competition"). Notably, such conduct can



raise antitrust concerns.  *See, e.g., U.S.* v. *Am. Tobacco Co.,* 221 U.S. 106, 181-83 (1911) (holding several tobacco companies violated Sections 1 and 2 of the Sherman Act due to the collective effect of six of the companies' practices, one of which was the "constantly recurring" use of non-compete clauses); *Newburger, Loeb & Co., Inc.* v. *Gross,* 563 F.2d 1057, 1082 (2d Cir. 1977) ("When a company interferes with free competition for one of its former employee's services, the market's ability to achieve the most economically efficient allocation of labor is impaired.")

With respect to the request in your letter that we confirm that the individuals are not involved in improper activity, you have that confirmation.  To the extent that Jane Street is assuming the worst based on a lack of knowledge, it would be better to engage in a dialogue.  Perhaps we can reassure Jane Street that Mr. Schadewald and Mr. Spottiswood are engaged in ordinary options trading without the use of any strategies invented at Jane Street.  If you would like to discuss this matter further, we can set up a call on Monday, but otherwise, Millennium is fully prepared to defend against Jane Street's baseless charges.

Yours Truly,


*/s/ Andrew J. Levander*


Andrew J. Levander

# EXHIBIT C

| From: | Chiang, May <May.Chiang@dechert.com> |
|-------|---------------------------------------|
| Sent: | Tuesday, July 16, 2024 11:58 PM |
| To: | Jeffrey Miller; QE Jane Street |
| Cc: | Brian Campbell; Strong, Ryan; Roberts, Daniel; Kateryna Shokalo; Alexandra Sadinsky; Vivek Tata; Chelsea Shaffer; Levander, Andrew; Black, Martin; Park, Hayoung; Rollo Baker |
| Subject: | RE: Jane Street v. Millennium: Follow-up re Defendants' R&Os to Jane Street's First RFPs |

[EXTERNAL EMAIL from may.chiang@dechert.com]

Counsel, below please find Defendants' additional responses to your July 12, 2024 correspondence. We continue to reserve all rights.

**Production of non-Schadewald India Options Trading Documents, Communications, and Trading Data:** Millennium will not be producing any documents, communications, or trading data for non-Schadewald teams at Millennium. Jane Street's complaint is premised on the allegation that Schadewald and Spottiswood misappropriated Jane Street's Trading Strategy and brought it to Millennium. Am. Compl. Para. 201. You allege that your client is a "market leader in this space" (Am. Compl. Para. 6), has worked in this market since 2018 (Am. Compl. Para. 31), and "is aware of no competitor that has implemented a similar strategy" (Am. Compl. Para. 51) until Schadewald and Spottiswood joined Millennium. Therefore, any activity by other Millennium traders in this market has no relevance to your trade secret misappropriation claims. *See Boston Scientific Corp. v. Nevro Corp.*, 2020 WL 6261624 (D. Del. Oct. 19, 2020) (finding the relevant time period for trade secret discovery to begin when the alleged misappropriator began working for Nevro as a consultant and then as an employee).

Thus, there is no inconsistency with our past letter because the requested documents, communications, and trading data for other teams is not relevant to your misappropriation claim. Nor is there any inconsistency with the affirmative defense of independent discovery, as that affirmative defense simply refers to Schadewald and Spottiswood exercising their own judgment and skill to develop the trading strategies they are using at Millennium.

**Meet/Confer Summary**

Defendants respond to certain points from your July 12, 2024 e-mail below.

1. Thank you for re-designating the July 3, 2024 letter as Confidential.

1. **"Confidential Information" and "Trading Strategy."** We dispute your characterization that Millennium said that Jane Street's profits were non-responsive; we said the very opposite. Millennium has agreed that it will produce documents relevant to the key pleadings and allegations in the case, including the trade secret disclosure, and including non-public information that was "used or disclosed by the Individual Defendants" subject to reasonable search terms. Whether such use or disclosure constitutes "misappropriation" is obviously a legal conclusion that cannot feasibly drive a document review protocol. Search terms such as "confidential" are obviously overbroad because they pick up routine email footers and Millennium's own confidential information.

1. **Post-Complaint Productions.** Please see our July 15, 2024 email regarding trading data and post-complaint documents and communications.

1. **JS Request 4.** Whether other Millennium teams discuss strategy with one another is irrelevant to your claims in this case and we represented that Schadewald's team has not collaborated with other teams at