UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JANE STREET GROUP, LLC,

                                  Plaintiff,

-v-

MILLENNIUM MANAGEMENT LLC, *et al.*,

                                  Defendants.

24 Civ. 2783 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On July 22, 2024, plaintiff Jane Street Group, LLC ("Jane Street") moved to compel defendant Millennium Management LLC ("Millennium") to respond to several disputed requests for production ("RFPs"), served on June 7, 2024. Dkt. 167. On July 25, 2024, Millennium opposed the motion. Dkt. 177.

Specifically, the parties dispute whether Millennium should be required to produce certain materials that (1) predate defendant Douglas Schadewald's arrival at Millennium in February 2024, and (2) relate to trading teams other than Schadewald's. Jane Street seeks such materials from January 1, 2023 through June 30, 2024, save that one request—for documents related to particular strategies for trading options in India—seeks materials dating back to January 1, 2018.

The Court deals with each category of disputed materials in turn. For the reasons that follow, the Court grants Jane Street's motion to compel in part and denies it in part.[1]

---

[1] In this order, the Court applies familiar principles governing discovery disputes. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The burden of demonstrating relevance is on the party seeking discovery. *Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 363 (S.D.N.Y. 2010). Once

1

***Pre-Schadewald materials***:  Jane Street argues that discovery as to options trading in India at Millennium prior to Schadewald's arrival will assist it to understand how Millennium's strategies in the relevant market changed following the individual defendants' arrival at the firm. It further argues that these materials may help test its theory that Millennium misappropriated its trade secrets as a result of its failure until then to develop a successful strategy for trading options in India. Millennium counters that it does not dispute that its trading strategies in this space changed upon the arrival of the individual defendants. It argues that the case will turn on whether strategies that Schadewald and co-defendant Daniel Spottiswood utilized protected trade secrets belonging to Jane Street, which defendants deny. Millennium also argues that the discovery that Jane Street seeks into pre-Schadewald trading is unduly burdensome.

The Court's judgment, with Jane Street, is this area of inquiry is relevant. Millennium's pre-Schadewald trading strategies in India, and the strategies Millennium used, are relevant to Jane Street's claim in this case: that Millennium's inability to trade successfully in the relevant market led it to recruit and highly compensate the individual defendants, who brought with them and allegedly used heuristics and trading strategies acquired at Jane Street, which Jane Street contends embed protected trade secrets. Comparing Millennium's pre- and post-Schadewald trading strategies in this space will assist the Court in isolating the distinct contributions that the individual defendants brought with them. Pre-Schadewald discovery as to this area of trading within Millennium will also assist the Court in identifying aspects of market knowledge as to this area of trading that Jane Street cannot claim to have been its alone.

---

relevance has been shown, it is up to the responding party to justify curtailing discovery—for instance, on the basis of undue burden. *Id.*

2

The Court therefore will permit some discovery into this area. The Court, however, is presently unpersuaded that Jane Street requires extensive trading data to meaningfully explore this subject. Thus, in response to RFPs 15, 19, and 21, the Court will not order Millennium to produce pre-Schadewald trading data beyond the data (including a summary of trading activity and certain raw data) which Millennium has offered to produce. *See* Dkt. 177 at 2. However, the Court upholds Jane Street's requests for documents and communications dating back to January 1, 2023 (essentially covering the year before the individual defendants' arrival) relating to the subjects covered in RFPs 11, 16–18 and 26, including Millennium's trading in India, India-specific trading strategies, and research relating to the same. The Court does not, however, uphold the additional time period sought for RFP 18—which would reach back to January 1, 2018. The Court expects counsel to agree upon targeted searches for a limited number of custodians sufficient to enable Jane Street to explore these areas.

***Records relating to other teams***: Jane Street seeks records of communications between Schadewald (and members of his team) and other teams at Millennium related to Indian options trading (RFPs 4 and 20). Millennium has declined to search for documents and communications among traders on other teams, but it has offered to search for communications between the individual defendants and other traders. It appears that the parties disagree as to whether Millennium is obliged to include other portfolio managers as document custodians.

On this issue, the Court sides with Millennium. Millennium must produce (and it appears it has agreed to produce) communications, related to Indian options trading, between Schadewald (and members of his team) and other teams at Millennium. Those communications are to be produced to the extent that searches of the custodians including Schadewald, Spottiswood, and members of their team yield them. But at present, the Court does not perceive a basis to add, as

custodians, portfolio managers outside that team. Jane Street's stated concern—that Schadewald may have verbally communicated to traders outside that team about Indian options trading without referencing those communications in any written document—thus far is conjectural. In the event that the authorized discovery reveals evidence that Schadewald did so, Jane Street is at liberty to seek to appropriate supplemental discovery. But such discovery is, as yet, unjustified.

The Court respectfully directs the Clerk of Court to terminate the motions pending at Docket 167, 174, and 172.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: July 26, 2024
New York, New York

4