July 25, 2024

Dechert LLP

Dear Judge Engelmayer:

On behalf of Millennium Management LLC ("Millennium"), we write to oppose the letter motion to compel filed by Jane Street Group, LLC ("Jane Street") on July 22, 2024.

1. *Non-Schadewald India Options Trading Documents, Communications, and Trading Data.*

Jane Street's motion to compel seeks wide-ranging discovery into the trading activity of *other* portfolio management teams at Millennium—both *prior to* and after Schadewald and Spottiswood started working at Millennium. Such broad discovery is not relevant to the parties' claims and defenses, is disproportionate to the needs of the case, and improperly takes a "boil the ocean" approach to discovery that the Court warned against at the July 19, 2024 conference. *See* July 19, 2024 Tr. 23:14-24:13.

Jane Street's theory of misappropriation is that its former traders, Schadewald and Spottiswood, misappropriated Jane Street's Trading Strategy and are using that strategy at Millennium. *See, e.g.*, Am. Compl. ¶¶ 3, 8-9, 11, 14, 122, 128, 140, 149, 201-202, 215-16. While Millennium has asserted an independent discovery defense, it has been clear that defense is tied to Schadewald's and Spottiswood's own trading skill and knowledge, not a trading strategy that other distinct and independent teams at Millennium developed prior to their arrival at Millennium. Ex. 3 at 1; *see also* Dkt. 27 ("Asmar Decl.") ¶ 22 ("Schadewald and Spottiswood are relying on their own experience, skill, and judgment, as well as available market data"); *id.* at ¶ 20 (disclaiming that Schadewald's trading activity at Millennium is proprietary).

Millennium is structured differently from Jane Street. Jane Street directly acknowledges this in the Amended Complaint, alleging that Schadewald's team is set up as a "pod" that "*does not share its trading strategies with the rest of Millennium.*" Am. Compl. ¶ 131 (emphasis added). Millennium utilizes "separate portfolio management teams utilizing diverse strategies and with responsibility for and compensation based on their own performance." Asmar Decl. ¶ 23. Mr. Schadewald built his own team "from scratch," Asmar Decl. ¶ 21, and Mr. Schadewald has not collaborated with other teams at Millennium on trading strategies—indeed, his compensation is based on *his team*'s performance. Ex. 3 at 1; Asmar Decl. ¶ 23.

Nonetheless, Jane Street argues that it "should be allowed to compare Millennium's India trading before and after the alleged misappropriation, and to compare the trading done by Schadewald's team with the trading done by other Millennium traders in the India market." Dkt. 167 at 2. While Millennium maintains that non-Schadewald teams are not proper document custodians, to avoid needless motion practice, it made an offer to Jane Street that would allow it to make the comparison it seeks to make. This offer was made one business day after the discovery conference held on July 19. Millennium offered to provide, on a highly confidential, attorney's-eyes-only basis:[1]

---

[1] Notably, Jane Street failed to attach Millennium's offer to its letter, simply dismissing the offer as "'summary data' and 'raw trading data' of limited scope." *See* Dkt. 167 at 1. To the contrary, the offer would give Jane Street insight into eighteen months of trading activity that occurred on non-Schadewald teams.

- A summary of trading activity showing the number of orders that any Millennium trader placed in the India options market from 2023 through June 30, 2024.
- Raw trading data showing orders with their average execution price for all teams outside of the Individual Traders' teams reporting to Pete Santoro, Global Co-Head of Equities, from January 1, 2023 through June 30, 2024.[2]
- Documents to substantiate the statements in Michael Asmar's declaration that "one of [Millennium's] affiliates obtained regulatory approval in 2016 to engage in Foreign Portfolio Investment [FPI]" and that Millennium has "established relationships with a number of brokers registered to conduct business in India, ███████."

*See* Ex. 1 at 1.  Counsel for Jane Street notified counsel for Millennium 30 minutes later that, despite Millennium's serious offer, it was still moving to compel "to preserve Jane Street's rights." *See* Ex. 2.  Counsel for Jane Street has made no attempt to meet and confer on the trading data offer despite the Court's instructions.  *See, e.g.*, July 19, 2024 Tr. at 69:1-4.

Given Millennium's offer of highly sensitive trading information that would address Jane Street's purported need to compare the pre-Schadewald trading activity with the Individual Defendants' trading activity, Jane Street has not justified why it needs other teams at Millennium to produce documents and communications relating to their trading activity or trading strategies (**RFPs 11, 15, 16-18, 21**) or their communications with the ███████ (**RFP 19**).  Indeed, Jane Street's motion appears to be a transparent bid to increase the discovery burdens on Millennium without regard to Rule 26's direction that discovery must be "proportional to the needs of the case."  Extensive discovery into Millennium's trading activity by non-Schadewald teams is far afield from Jane Street's theory of misappropriation and Jane Street's own acknowledgement (and Millennium's agreement) that trading teams at Millennium do not share trading strategies.  At most, the requested discovery is tangentially relevant to the parties' claims and defenses and Jane Street's sweeping requests far exceed the needs of this case.  *See* Fed. R. Civ. P. 26(b)(1); *Energy Transp. Grp., Inc. v. Borealis Maritime Limited*, No. 21-cv-10969-AT-JW, 2024 WL 1436133 (S.D.N.Y. Mar. 22, 2024) (denying motion to compel; finding discovery into "marginally relevant" documents "burdensome").

*Boston Scientific Corp. v. Nevro Corp.*, No. 16-cv-1163, 2020 WL 6261624 (D. Del. Oct. 19, 2020) is instructive.  In that case, the scope of trade secret discovery was limited by the plaintiff's allegation that a former employee had disclosed plaintiff's confidential, proprietary information to its new employer, which allegedly used the confidential information to launch a new product.  Similarly, here, Schadewald and Spottiswood have formed a new portfolio management team to deploy their own strategies, not those developed by other teams at Millennium.  Accordingly, discovery of any other portfolio management teams at Millennium should, at most, be extremely limited.  Nor is Jane Street's citation to *von Holdt v. A-1 Tool Corp.* persuasive, given that the Individual Defendants have never invoked Millennium's prior developed trading strategies as the basis for their current trading.

Finally, with respect to **RFP 26**, Millennium has already agreed to provide documents and communications that support Mr. Asmar's statement that his research in connection with a

---

[2] The Individual Defendants report up to Mr. Asmar, who in turn reports up to Mr. Santoro.

November 2023 business presentation led him to believe that the Indian options market presented an attractive opportunity. Asmar Decl. ¶ 7; Ex. 3 (agreeing to produce "documents and communications relating to Millennium's analysis of the Indian options market as referenced in the Asmar declaration paragraph 7, subject to reasonable search terms and custodians."). Analysis of the India options market done by other Millennium portfolio management teams in the period January 1, 2023 to October 31, 2023 was not put at issue by Mr. Asmar, nor do Defendants rely on any such analysis for their independent discovery defense.

**2.** *Communications Between Schadewald's Team and Other Millennium Teams.*

Following the filing of Jane Street's motion, Millennium sought clarification from Jane Street with respect to this category of documents. With respect to **RFP 4**, Millennium has declined to search for and produce documents and communications among traders on *other* teams, as such documents and communications are not relevant to the parties' claims and defenses, nor proportionate the needs of the case. *See* Ex. 3. **RFP 20**, as written, seeks "trading records made by or at the direction of Schadewald of Spottiswood, or their related trading team, desk of pod." Millennium agreed to produce trading data for Schadewald's team, which includes Spottiswood.

Jane Street now deems these two requests to seek documents and communications that "reflect direction provided by the Individual Defendants," even if no member of Schadewald's team is on the communication. Ex. 5. But as previously represented to Jane Street, Mr. Schadewald's team does not direct other portfolio management teams at Millennium, nor does it collaborate with other teams on trading strategies (as Jane Street alleged in the Amended Complaint). *See* Am. Compl. ¶ 131; Ex. 3 at 1; Ex. 4. Accordingly, there are no responsive documents to Jane Street's requests. *See Menard v. Chrysler Grp. LLC*, No. 14-cv-325-VB, 2015 WL 5472724, at *1 (S.D.N.Y. July 2, 2015) ("[A] party's good faith averment that the items sought simply do not exist . . . should resolve the issue of failure of production since one cannot be required to produce the impossible.").

Even if there were one-off communications between Schadewald and other portfolio managers at Millennium about trading strategies in the India options market, such documents would appear in Schadewald's custodial file and would hit on search terms for such activity, as Millennium's counsel noted to Jane Street following the filing of its motion. *See* Ex. 4.

In sum, Jane Street's motion is nothing but a ploy to add document custodians who have little connection to the case and go on a fishing expedition of Millennium's other portfolio management teams—despite Jane Street's own allegation that such teams do not share Schadewald's trading strategies. Fed. R. Civ. P. 26, however, does not allow a party to burden its opponent simply for burden's sake. The Court should deny Jane Street's motion.

Respectfully submitted,

/s/ *Andrew J. Levander*

Andrew J. Levander
DECHERT LLP