# EXHIBIT 5

| | |
|---|---|
| **From:** | Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com> |
| **Sent:** | Wednesday, July 24, 2024 10:33 PM |
| **To:** | Chiang, May; Brian Campbell; Levander, Andrew; Black, Martin; Roberts, Daniel; Strong, Ryan; Rollo Baker; Kateryna Shokalo; Shams Hirji; Alexandra Sadinsky; Park, Hayoung |
| **Cc:** | QE Jane Street |
| **Subject:** | RE: Jane Street v. Millennium - M&C follow-up |

[EXTERNAL EMAIL]

May,

Thank you for your email. Please see our responses below:

**RFP 4**: We understand Millennium to now be offering to provide a **partial** production of documents responsive to RFP 4, but it still would be limited to the custodians of "Schadewald's team." As our motion informs the court, this RFP includes documents **relating to** direction given by the Individual Defendants to other trading teams. You do not dispute that the parties are at impasse as to Jane Street's demand that custodians on those other teams be collected and reviewed for this RFP. As discussed on our many meet-and-confers, including on July 19-20, it is Jane Street's position that documents and communications that **reflect** direction provided by the Individual Defendants—even if Schadewald's team members are not included on the email itself—are responsive and must be produced. As to RFP 4, this may (as just one example) capture responsive emails reflecting verbal directions or communications provided by Mr. Schadewald or his team to other trading pods. This is what we have discussed at length, including on July 19-20, as to Millennium's global refusal to collect documents from custodians other than those on Mr. Schadewald's team. As my email of July 21 established, the parties are at impasse on this issue, which crosses multiple RFPs as raised in our motion. [K. Sheehan 7/21/2024 @ 11:33pm]. If the Court grants Jane Street's motion to compel RFP 4, it would include such custodians.

We separately note that limiting the search for responsive documents to the search terms Jane Street proposed is not sufficient because "Jane Street does not know, for example, the code names or keywords 'Schadewald's team' has used with respect to Schadewald's India Options trading" within Millennium. [K. Sheehan 7/23/2024 @ 10:42pm]. This is an independent reason why Millennium's suggestion that the production of documents in the Individual Defendants' documents that "hit on [Jane Street's] proposed search terms" is not sufficient. We seek Millennium's agreement that it will produce responsive documents that include the additional search terms we have requested, and which are in Millennium's unique possession.

**RFP 20**: As with the above, documents responsive to this RFP include those that **reflect** direction provided by the Individual Defendants as to the documents sought—even if "Schadewald's team" is not included on the email itself. It therefore does seek communications between "Schadewald's team" and other Millennium teams regarding India trading options. As noted above, the parties conferred at length about Millennium's global refusal to collect and search the documents of relevant custodians other than those on "Schadewald's team." We note that these discussions continued well after July 12, including on July 19-21.

We trust this provides the clarification sought: through our most recent meet-and-confers, Millennium made clear it has adopted the position that it globally refuses to collect documents from custodians other than "Schadewald's team," and we explained why documents from such custodians are relevant and necessary for the RFPs discussed, including where such custodians would discuss directions or guidance provided by "Schadewald's team." We are asking the Court to compel the production of such documents for these RFPs. Given that your email confirms that Millennium is standing on its objection, there is clear impasse and a pressing need for the Court's resolution of this issue.

Best,
Kaitlin