UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JANE STREET GROUP, LLC,

                            Plaintiff,

-v-

MILLENNIUM MANAGEMENT LLC, *et al.*,

                            Defendants.

24 Civ. 2783 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court has reviewed a letter-motion from plaintiff Jane Street Group, LLC ("Jane Street"), seeking a substantial extension of the dates set in the existing civil case management plan, Dkt. 192, and the response from defendants Millennium Management LLC, et al. ("Millennium"), consenting to the proposed extension, Dkt. 198.

As set forth in a revised case management plan that will issue today, the Court will grant the proposed extension, which entails, *inter alia*, the completion of fact discovery on December 13, 2024, and the completion of expert discovery on March 21, 2025. The plan will schedule an in-person case management conference for April 9, 2025, at 2 p.m., in Courtroom 1305 of the Thurgood Marshall United States Courthouse, at 40 Centre Street, New York, N.Y. 10007. The Court's expectation is that this conference will serve as a pre-motion conference with respect to anticipated motions for summary judgment.

The Court adds the following:

1.     The Court grants the requested extension because the complexity of this case plainly merits a more extended period for fact and expert discovery than the one presently set (or the yet more expedited schedules that the parties originally proposed). To the extent Jane

1

Street's letter seeks to blame the extension request on the unexpected scale of Millennium's discovery requests, Jane Street's argument is unpersuasive. Given the nature of Jane Street's claims, broad-ranging discovery requests by the defense along the lines sought were predictable, and the defense discovery requests described in Jane Street's letter do not, in scale, appear unreasonable.

2. The Court will not further extend the deadlines for fact or expert discovery. Counsel are to organize and staff themselves consistent with the expectation of extensive discovery, and to work collaboratively to assure that these deadlines are met.

3. The parties should expect the Court, at the conference on April 9, 2025, to set a schedule for summary judgment briefing, consistent with briefing being completed, at the latest, by the end of May 2025. That schedule is to permit the Court to resolve these motions during the tenure of the law clerk assigned to, and by then familiar with, the case. That schedule also respects the parties' interest, given Jane Street's assertion that defendants' alleged violations are continuing, in a prompt disposition of this matter.

4. The Court's practice, in connection with summary judgment motions in complex cases, is to require the parties to collaborate upon and submit a detailed Joint Stipulation of Facts ("JSF") prior to the filing of opening motions for summary judgment. The Court's law clerk will furnish counsel with examples of JSFs in prior cases. Counsel should begin working together on drafting a detailed and thorough JSF promptly upon the close of discovery, in the expectation that the Court, at the April 9, 2025 conference will set an imminent due date for the JSF, consistent with the time frame for summary judgment briefing.

5. The parties' proposed case management plan does not indicate any interest in the Court's referring this matter for settlement to either the assigned Magistrate Judge or to the

District's mediation program. Significant interests of the parties would assuredly be advanced by a settlement prior to the point of briefing summary judgment. The Court expects counsel to periodically discuss settlement with each another, including discussing whether use of either of the mechanisms above, or retention of a private mediator, would further settlement.

SO ORDERED.

*Paul A. Engelmayer*  
PAUL A. ENGELMAYER  
United States District Judge

Dated: August 8, 2024  
       New York, New York

3