# Exhibit 4

**ELSBERG
BAKER +
MARURI**

Elsberg Baker & Maruri PLLC
1 Penn Plaza, Suite 4015
New York, NY 10119
elsberglaw.com

<u>Via Email</u>

Deborah Brown
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Ave., 22nd Fl.
New York, NY 10010

August 29, 2024

Re:  *Jane Street Group, LLC v. Millennium Management LLC, et al.*, No. 1:24-cv-02783-PAE

Counsel:

We write on behalf of all Defendants regarding Jane Street's response to Defendants' Interrogatory No. 3. Jane Street must supplement its response to Interrogatory No. 3 to enable Defendants and the Court to understand and evaluate its damages claim.

When Jane Street filed this action and requested expedition, it told the Court that Jane Street's profits from trading in Indian options had "plummeted," Dkt. 5 at 21, as a result of what Jane Street attested could only be Defendants' tortious conduct, and warned that further competition from Millennium could "extinguish[] unquantifiable future profits," Dkt. 1 ¶ 169.  The press—which you have now confirmed was primed by Jane Street—covered these sensational claims, reporting that an "'immensely valuable' strategy is at stake."[1]  We now know that Jane Street's profits did not "plummet[]."  To the contrary, ***immediately*** after Jane Street filed a pleading relying on this supposed drop in profits as the lynchpin of its wildly speculative misappropriation claim, Jane Street reaped ***record profits*** in April and June of this year from its trading in this market.

Defendants' Interrogatory No. 3 seeks basic information about Jane Street's alleged damages. Jane Street's persistent failure to properly respond to that interrogatory confirms that Jane Street has not suffered harm and is using this litigation (and its parallel press strategy) to chill competition, retaliate against Defendants, and stem the tide of potential defections by other traders who might prefer working for a competitor.[2]

---

[1] *See* Chris Dolmetsch, *Jane Street Accuses Millennium, Ex-Traders of Strategy Theft*, https://www.bloomberg.com/news/articles/2024-04-12/jane-street-accuses-millennium-ex-traders-of-stealing-strategy.

[2] As described in Mr. Campbell's August 19, 2024 email, we are concerned by Jane Street's shifting positions on production of documents concerning its press strategy in this case.  The parties have been discussing this issue for over a month, and if we cannot reach resolution on production of responsive documents, we will seek relief from the Court.

**Jane Street's Nonexistent Lost Profit Damages**

Jane Street's first response to Interrogatory No. 3 failed to provide any computation, analysis, or amount of damages, and instead objected to the interrogatory as premature because it "seeks information that will be the subject of expert discovery." After Defendants insisted Jane Street supplement that plainly insufficient response, Jane Street alleged lost profit damages based on ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

The monthly profit calculations in that response were current only through April 12, 2024 even though the response was dated July 12, 2024.[3] Jane Street still did not provide a method of computation or any analysis supporting its alleged damages. *See* July 17, 2024 Email from A. Sadinsky.

Jane Street supplemented its response two weeks later, after Defendants identified additional significant deficiencies. This second supplemental response still did not provide any methods of computation to assess lost profits, and instead directed Defendants to review a single made-for-litigation spreadsheet, JS00247223 (the "Monthly Profit Summary") purporting to show trading profits "relating to" trading in the Indian options, including ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓" with no explanation of how those profits correspond to the alleged 23 trade secrets at issue in this case. The Monthly Profit Summary showed that far from "plummeting," profits from Jane Street's India options trading actually *increased* after the Individual Defendants joined Millennium. It also revealed that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓—the very same month Jane Street warned the Court of "immeasurable harm" if its request for preliminary injunctive relief were not granted, Dkt. 5 at 23.

Jane Street's belated supplemental responses to Interrogatory No. 3 are insufficient. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006) (affirming preclusion of lost profit damages because of party's failure to provide computation of lost profit damages or underlying documents). Jane Street has yet to provide any computation or analysis of the "lost profits" that it seeks in damages, or documents substantiating that loss—presumably because it has not in fact suffered any such losses.

If Jane Street does intend to press a lost profits damages theory in the face of evidence that it has not been damaged, it must supplement its response to Interrogatory No. 3 with a computation of lost profits damages directly resulting from each of the specific trade secrets at issue, as well as a breakdown showing profits attributable to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓—not merely a spreadsheet showing profits "relating to" India options trading in the aggregate. Additionally, because Jane Street has asserted damages based in part on purported changes to its "profit on average per day trading," its supplemental response should include, among other things, its "profit on average per day trading" from at least January 1, 2023 through the present, to ensure that Defendants have sufficient data to evaluate Jane Street's damages claim. This response must also show the per-day costs and expenses incurred to achieve these profits, so Defendants can assess how Jane Street's costs and expenses impacted its purported lost profits. *Seena Int'l, Inc. v. One Step Up, Ltd.*, No. 15CV01095PKCBCM, 2016 WL 2865350, at *1 (S.D.N.Y. May 11, 2016) (ordering supplemental production of information in lost-profits case, including "documents reflecting the expenses that were or would have been associated with the sales that [plaintiff] contends it

---

[3] Jane Street has never even attempted to explain its cherry-picked selection of the two week period prior to Mr. Schadewald's departure as an appropriate baseline for calculation of lost profits.

lost").[4]  Jane Street must also identify and produce the documentary sources of the information in its response.

**Jane Street's Insufficient Response Regarding Other Damages**

Jane Street must also supplement its response to Interrogatory No. 3 with respect to other categories of purported damages. Jane Street's first supplemental response asserts damages based on "lost customers, lost goodwill and reputational damage, and lost business or lost business opportunities," but provides *no* computation, analysis, or evidence concerning these purported bases for damages, or even an explanation of how these categories of damages differ from alleged lost profits. Similarly, Jane Street's Second Supplemental Response to Interrogatory No. 3 alleges damages based on purported "capital investment," including "hardware costs, costs of acquiring market data, professional fees, experimental trades, and opportunity cost," but provides no method of computation, analysis, or evidence of any such investment. As we have raised multiple times, Jane Street alleged in its Amended Complaint that these ███████████████████████████████, but now refuses to confirm that number in its verified interrogatory responses. Dkt. 63 ¶¶ 162, 199, 213. Jane Street must either confirm that it is no longer seeking damages based on these theories or provide a method of computation and documents evidencing each purported category of damages—including, but not limited to, the identities of lost customers, evidence of lost goodwill and reputational damage, the specific "lost business or lost business opportunities" it attributes to Defendants, and a computation of damages based on the "capital investment[s]" it listed in its supplemental response.

Please confirm that Jane Street will supplement its response to Interrogatory No. 3.

Defendants expressly reserve, and do not waive, all rights.

Sincerely,

*/s/ Rollo Baker*
Rollo Baker

---

[4] Jane Street may not continue to avoid a complete response to Interrogatory No. 3 on the basis that it seeks information that may also be the subject of an expert report. Jane Street was obligated to provide information about its damages in its initial disclosures and must continue to supplement that response throughout this litigation, including through responses to Defendants' interrogatories. Expert discovery is not a basis for delay. *See Novartis Vaccines & Diagnostics, Inc. v. Regeneron Pharms., Inc.*, No. 18CV2434(DLC), 2019 WL 3050678, at *6 (S.D.N.Y. July 12, 2019) (sanctioning plaintiff by excluding evidence of damages that plaintiff withheld until production of expert reports).