# Exhibit 5

quinn emanuel trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700

September 13, 2024

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

<u>VIA EMAIL</u>

Rollo Baker
Elsberg Baker & Maruri PLLC
1 Penn Plaza, Suite 4015
New York, NY 10119

Re:   **Response to Defendants' August 29, 2024 Letter Regarding Interrogatory No. 3**
      <u>**Jane Street Grp., LLC v. Millennium Mgmt. LLC**</u>**, No. 1:24-cv-02783 (S.D.N.Y.)**

Rollo:

We write on behalf of Jane Street Group, LLC ("Jane Street") in response to Defendants' August 29, 2024 letter with respect to the alleged deficiencies in Jane Street's responses to Defendants' Interrogatory No. 3.

As an initial matter, Jane Street disagrees with but will not otherwise address Defendants' rhetoric about subjects such as "press strategy," chilling competition, and the alleged deficiencies in earlier Interrogatory responses that Jane Street has already supplemented. Jane Street will confine its responses in this letter to Defendants' requests that Jane Street further supplement its responses to Interrogatory No. 3. These requests are, for the most part, not warranted by the limited scope of the Local Civil Rule 33.3(a), including because they require expert-level analyses. Below we address each request in turn.

**"Nonexistent Lost Profit Damages"**

Jane Street may claim lost profit damages even if Jane Street is profitable. Such damages account for any *additional* profits that Jane Street would have made but for Defendants' misappropriation. We trust that this disposes of Defendants' suggestion that lost profits damages are "nonexistent" or unavailable just because Jane Street's trading activities in India have continued to be profitable. However, calculation of this but-for evaluation requires expert analysis that goes beyond the scope of a discovery response. Further, this expert analysis requires the analysis of Millennium's documents and trading data, which Millennium is still in the process of producing.

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

**Detailed Calculations Of Jane Street's Lost Profits**

Defendants request that Jane Street supplement its response to Interrogatory No. 3 "with a computation of lost profits damages directly resulting from each of the specific trade secrets at issue" as well as "a breakdown showing profits attributable to ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ trading." This demand for detailed breakdowns reaches far beyond the bounds of the Local Civil Rule 33.3, which requires a responding party to provide only "the computation of each category of damage alleged." Local Civil Rule 33.3(a). As Defendants' letter concedes, each trade secret, and ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉, are all part of one "category of damage alleged," which is Jane Street's lost profits for trade secret misappropriation. *See Reed v. Friedman Mgt. Corp.*, 2015 WL 5008629, at *6 (S.D.N.Y. Aug. 24, 2015) ("Local Civil Rule 33.3, however, contemplates that initial interrogatories will seek a computation of damages only by 'category.'"). If Defendants have authority suggesting that Jane Street is required to respond to this Interrogatory by further breaking down a single category of damages (lost profits) to a trade-secret-by-trade-secret level, please share it so that we may consider it.

**"Profit On Average Per Day Trading"**

Defendants request that Jane Street supplement its responses to include its "profit on average per day trading" from at least January 1, 2023 through the present "to ensure that Defendants have sufficient data to evaluate Jane Street's damages claim." This is again beyond what Local Rule 33.3(a) requires. In any event, Defendants can calculate Jane Street's "profit on average per day trading" from the information Jane Street provided. Jane Street has produced its trading profits from January 1, 2023 through June 30, 2023. To find the average daily profit, Defendants simply need to divide the overall profits by the number of trading days. That said, Jane Street has agreed to produce its daily PNL data by early next week.

Further, Defendants assert that Jane Street's response "must also show the per-day costs and expenses incurred to achieve these profits, so Defendants can assess how Jane Street's costs and expenses impacted its purported lost profits." Again, this request exceeds the scope of Local Civil Rule 33.3(a). The cited *Seena* case is inapplicable not only because it concerns parties' prior agreement on explicitly waiving lost profits damages—which is not the case here—but because it concerns sales of goods which have variable costs to manufacture, ship, and sell. In the trading context at hand where no goods are manufactured or sold, those incremental costs do not exist.

**Other Damages**

Defendants also request "computation, analysis, or evidence" for theories of damages beyond lost profits, and separately request "a method of computation and documents evidencing each purported category of damages," such as "the identities of lost customers," "evidence of lost goodwill and reputational damage," and the specific "lost business or lost business opportunities" that Jane Street attributes to Defendants. Again, Local Civil Rule 33.3 does not require a party to provide "analysis," "evidence," or "documents," only computations. *See E*Trade Fin. Corp. v. Deutsche Bank, AG*, 2006 WL 3267267, at *1 (S.D.N.Y. Nov. 13, 2006) ("To the extent that Plaintiffs seek long narrative explanations of underlying assumptions and methodologies, they

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

have not shown that interrogatories are a more practical means of discovery than depositions. In the cases cited by E*Trade, courts compelled answers to interrogatories seeking only comparatively simple responses."). Jane Street is not withholding any computations. Defendants do not cite to any authority supporting these overly burdensome and unwarranted requests.

Also, Defendants are not, at this stage of the litigation, "entitled to a detailed summary" of Jane Street's proof, "particularly to the extent that calculations of an expert may be required." *New Haven Temple SDA Church v. Consol. Edison Corp.*, 1995 WL 358788, at *5-6 (S.D.N.Y. June 13, 1995) ("Although interrogatories 'seeking … the computation of each category of damage alleged' are permitted at the commencement of discovery," "it appears that in this case the interrogatory in dispute is more in the nature of a contention interrogatory with respect to plaintiff's theory of damages, and in addition may call for the opinions of plaintiff's expert 'consultant,' who may or may not be a witness at trial. For both reasons, it appears to be premature.").

Furthermore, Jane Street's Amended Complaint itself amply put Defendants on notice of its capital investments, including with good faith estimates that Jane Street expended ▮▮▮▮▮▮▮▮ in the creation, development, and implementation of this confidential and proprietary trade secret information." Dkt. 63 ¶¶ 162, 199, 213. In addition, in its responses and objections pursuant to Defendants' RFP No. 28, Jane Street has already agreed to produce all documents that it intends to rely upon to prove damages. Jane Street is not withholding such documents or communications, and its production is ongoing.

Best regards,

*/s/ Jeff Nardinelli*

*Counsel for Plaintiff Jane Street Group, LLC*

CC: All Counsel of Record