# Exhibit 6

CONFIDENTIAL

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANE STREET GROUP, LLC,<br><br>        *Plaintiff*,<br><br>v.<br><br>MILLENNIUM MANAGEMENT LLC, DOUGLAS SCHADEWALD, and DANIEL SPOTTISWOOD<br><br>        *Defendants*. | Civil Action No. 1:24-cv-02783-PAE |

## JANE STREET'S INITIAL DISCLOSURES

Plaintiff Jane Street Group, LLC ("Jane Street") makes the following initial disclosures in accordance with Federal Rule of Civil Procedure 26(a)(l) and the Court's Civil Case Management Plan and Scheduling Order, entered on May 21, 2024 (ECF No. 88).

Jane Street bases the following disclosures on information currently available to it as of the date of these Initial Disclosures. Discovery in this case is ongoing, as is Jane Street's investigation concerning this action. Accordingly, Jane Street reserves the right under Rule 26(e) of the Federal Rules of Civil Procedure to modify, amend, or supplement these disclosures as additional, relevant, and responsive information is discovered through the continued investigation of the claims, allegations, and defenses in this case, as well as through the disclosures of other parties.

These disclosures represent a good faith effort to identify information Jane Street reasonably believes may be used to support its claims. By making the following disclosures, Jane Street does not represent that every individual or entity identified herein necessarily possesses such information.

Jane Street provides these initial disclosures without waiving, in any way, any objection under the Federal Rules of Civil Procedure or the Federal Rules of Evidence including, but not

limited to, the following: (a) relevance; (b) attorney-client privilege; (c) work-product protection; (d) any other applicable privilege or protection under federal or state law; (e) undue burden; (f) materiality; (g) overbreadth; (h) the admissibility in evidence of these initial disclosures or the subject matter thereof; (i) proprietary and confidential business information, financial data, and trade secrets that belong either to Jane Street or to individuals and entities with whom or which Jane Street conducts or has conducted business; and (j) documents containing information disclosed or transmitted to any governmental agency, to the extent such information is confidential and not required to be disclosed under applicable law.  All objections are expressly preserved.

## DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(l)

**A.      Individuals Likely To Have Discoverable Information**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), Jane Street identifies the following individuals (exclusive of expert witnesses and attorneys) as persons likely to have discoverable information that Jane Street may use to support its claims.  All addresses and contact information of third parties are provided on information and belief:

CONFIDENTIAL

| Name/Category | Address (if known) | Subject Of Discoverable Information For Each Individual |
|---|---|---|
| Defendant Douglas Schadewald<br>*Millennium Management LLC ("Millennium")* | c/o counsel for Defendants | Mr. Schadewald, a portfolio manager, may have discoverable information concerning, among other things, (i) his employment with Jane Street, including the Schadewald IP Agreement; (ii) his recruitment, hiring, and employment with Millennium; (iii) Mr. Spottiswood's recruiting, hiring, and employment with Millennium; (iv) the development of Jane Street's proprietary trading strategies; (v) the disclosure, use, and misappropriation of Jane Street's trade secrets, confidential business information, intellectual property, and proprietary trading strategies by Defendants; (vi) Defendants' trading in the Indian markets; (vii) potential claims against Defendants; and (viii) potential damages. |

| | | |
|---|---|---|
| Defendant Daniel Spottiswood<br>*Millennium* | c/o counsel for Defendants | Mr. Spottiswood, an associate portfolio manager, may have discoverable information concerning, among other things, (i) his employment with Jane Street, including the Spottiswood IP Agreement; (ii) his recruitment, hiring, and employment with Millennium; (iii) Mr. Schadewald's recruiting, hiring, and employment with Millennium; (iv) the development of Jane Street's proprietary trading strategies; (v) the disclosure, use, and misappropriation of Jane Street's trade secrets, confidential business information, intellectual property, and proprietary trading strategies by Defendants; (vi) Defendants' trading in the Indian markets; (vii) potential claims against Defendants; and (viii) potential damages. |

| | | |
|---|---|---|
| Current or Former Employees of Defendant Millennium | c/o counsel for Defendants | These unknown employees may have discoverable information concerning, among other things, (i) the management, business practices, and finances of Millennium; (ii) the recruitment, hiring, and employment of Messrs. Schadewald and Spottiswood by Millennium; (iii) Millennium's business model, including its use of semi-independent trading teams in relation to confidential information brought from other financials firms; (iv) the disclosure, use, and misappropriation of Jane Street's trade secrets, confidential business information, intellectual property, and proprietary trading strategies by Defendants; (v) Defendants' trading in the Indian markets; (vi) Millennium's coordination with and disclosure of Jane Street's trade secrets and confidential business information to members of the press; (vii) potential claims against Defendants; and (viii) potential damages. |

| | | |
|---|---|---|
| ▮▮▮▮▮▮▮▮<br>*Millennium* | c/o counsel for Defendants | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, may have discoverable information concerning, among other things, (i) the management, business practices, and finances of Millennium; (ii) the recruitment, hiring, and employment of Messrs. Schadewald and Spottiswood by Millennium; (iii) Millennium's business model, including its use of semi-independent trading teams in relation to confidential information brought from other investment firms; (iv) the disclosure, use, and misappropriation of Jane Street's trade secrets, confidential business information, intellectual property, and proprietary trading strategies by Defendants; (v) Defendants' trading in the Indian markets; and (vi) potential claims against Defendants. |
| ▮▮▮▮▮▮▮▮<br>*Millennium* | c/o counsel for Defendants | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, may have discoverable information concerning, among other things, (i) the management, business practices, and finances of Millennium; (ii) the recruitment, hiring, and employment of Messrs. Schadewald and Spottiswood by Millennium; (iii) the disclosure, use, and misappropriation of Jane Street's trade secrets, confidential business information, intellectual property, and proprietary trading strategies by Defendants; (iv) Defendants' trading in the Indian markets; (v) potential claims against Defendants; and (vi) potential damages. |

| | | |
|---|---|---|
| ▉<br>*Millennium* | c/o counsel for Defendants | ▉, may have discoverable information concerning, among other things, (i) the management, business practices, and finances of Millennium; (ii) the recruitment, hiring, and employment of Messrs. Schadewald and Spottiswood by Millennium; (iii) the disclosure, use, and misappropriation of Jane Street's trade secrets, confidential business information, intellectual property, and proprietary trading strategies by Defendants; (iv) Defendants' trading in the Indian markets; (v) potential claims against Defendants; and (vi) potential damages. |
| Jeff Nanney<br>*Jane Street* | c/o counsel for Jane Street<br>Deborah K. Brown,<br>Quinn Emanuel Urquhart & Sullivan LLP<br>51 Madison Avenue, 22nd Fl.<br>New York, NY 10010 | Mr. Nanney may have discoverable information concerning, among other things, (i) Messrs. Schadewald and Spottiswood's employment with Jane Street; (ii) the development of Jane Street's proprietary trading strategies; (iii) Jane Street's trading in the Indian markets; (iv) Jane Street's efforts to maintain secrecy over the trade secrets; and (v) potential damages. |
| ▉<br>*Jane Street* | c/o counsel for Jane Street<br>Deborah K. Brown,<br>Quinn Emanuel Urquhart & Sullivan LLP<br>51 Madison Avenue, 22nd Fl.<br>New York, NY 10010 | ▉ may have discoverable information concerning, among other things, (i) Messrs. Schadewald and Spottiswood's employment with Jane Street; (ii) the development of Jane Street's proprietary trading strategies; (iii) Jane Street's trading in the Indian markets; (iv) Jane Street's efforts to maintain secrecy over the trade secrets; and (v) potential damages. |

| | | |
|---|---|---|
| ▮▮▮▮▮▮<br>*Jane Street* | c/o counsel for Jane Street<br>Deborah K. Brown,<br>Quinn Emanuel Urquhart & Sullivan LLP<br>51 Madison Avenue, 22nd Fl.<br>New York, NY 10010 | ▮▮▮▮▮▮ may have discoverable information concerning, among other things, (i) Messrs. Schadewald and Spottiswood's employment with Jane Street; (ii) the development of Jane Street's proprietary trading strategies; (iii) Jane Street's trading in the Indian markets; (iv) Jane Street's efforts to maintain secrecy over the trade secrets; and (v) potential damages. |
| ▮▮▮▮▮▮ | | These unknown employees may have discoverable information concerning Defendants' trading in the Indian market and the disclosure, use, and misappropriation of Jane Street's trade secrets, confidential business information, intellectual property, and proprietary trading strategies by Defendants. |
| Current or Former Employees of Media Organizations | | These unknown employees may have discoverable information concerning Millennium's coordination with and disclosure of Jane Street's trade secrets and confidential business information to members of the press. |
| Current or Former Employees of Other Investment Firms | | These unknown employees may have discoverable information concerning the recruitment and hiring of Messrs. Schadewald and Spottiswood; the potential terms of their employment; and the disclosure, use, and misappropriation of Jane Street's trade secrets, confidential business information, intellectual property, and proprietary trading strategies by Messrs. Schadewald and Spottiswood. |

| | | |
|---|---|---|
| Current or Former Employees of Third Party Search Firms | | These unknown employees may have discoverable information concerning the recruitment and hiring of Messrs. Schadewald and Spottiswood; the potential terms of their employment; and the disclosure, use, and misappropriation of Jane Street's trade secrets, confidential business information, intellectual property, and proprietary trading strategies by Messrs. Schadewald and Spottiswood. |

Jane Street's disclosures are based on information reasonably available as of the date of these disclosures, and Jane Street's investigation of this matter is ongoing. Jane Street reserves the right to amend or supplement this list, including by identifying additional individuals as such persons become known to Jane Street. By indicating the general subject matter of information these individuals may have, Jane Street in no way limits its right to call any individual(s) listed to testify concerning other subject(s).

Expert disclosures will be made in accordance with the Court's Civil Case Management Plan and Scheduling Order and Federal Rule of Civil Procedure 26(a)(2).

**B.      Documents and Things**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Jane Street presently believes that the following documents or categories of documents in its possession, custody, or control may be used to support its claims or defenses in this action. These disclosures are also made without waiver of, or prejudice to, any objection Jane Street may have, including to the use at trial of any of the documents or information disclosed in the categories below, this document itself, or any other document or thing produced pursuant to Rule 26. Jane Street makes these disclosures without waiving applicable limitations governing the production of ESI under Rule 26(b)(2)(B):

9

- Documents relating to the Schadewald and Spottiswood IP Agreements.[1]

- Documents relating to Messrs. Schadewald's and Spottiswood's hiring and departure from Jane Street.

- Documents relating to the research, development, and implementation of Jane Street's proprietary trading strategies in the Indian market.

- Documents relating to the misappropriation and wrongful disclosure/use of Jane Street's trade secrets, confidential business information, intellectual property, and proprietary trading strategies by Defendants.

- Any other documents revealed during discovery that are currently unknown to Jane Street and relevant to the allegations in this action.

These documents are located in Jane Street's offices and on Jane Street's computer systems. Jane Street also may rely on documents in the custody, possession, or control of Defendants or third parties, and documents available in the public sphere. Jane Street reserves the right to assert a claim of privilege or immunity and withhold from production any documents, whether or not included above, that are protected from discovery by the attorney-client privilege, work product immunity, or any other privilege or immunity. Jane Street further reserves the right to disclose additional documents that Jane Street may use to support its claims or defenses based on information discovered during the course of this litigation, and Jane Street reserves the right to rely on all documents produced by other parties or third parties throughout the course of discovery.

**C.    Damages**

Jane Street seeks compensatory damages, exemplary damages, punitive damages, consequential damages, specific performance, pre-judgment interest, post-judgment interest, reasonable attorneys' fees, expert witness fees, other reasonable costs and expenses, and such other and further relief as the Court may deem just and proper. Jane Street will provide Defendants with

---

[1] Capitalized terms not defined herein have the definitions provided for them in the Amended Complaint (ECF No. 63).

an expert damages report in accordance with the Court's Civil Case Management Plan and Scheduling Order, or any modifications to that schedule that are subsequently entered by the Court.

**D.      Insurance**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv), Jane Street states that it possesses no insurance documents applicable to this proceeding.

Dated: May 31, 2024

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

/s/ *Deborah K. Brown*
Alex Spiro
Deborah K. Brown
Jeffrey C. Miller
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
alexspiro@quinnemanuel.com
deborahbrown@quinnemanuel.com
jeffreymiller@quinnemanuel.com

Greg Miraglia (*pro hac vice forthcoming*)
300 West 6th Street
Austin, Texas 78701
Telephone: (737) 667-6100
gregmiraglia@quinnemanuel.com

Jeff Nardinelli (*pro hac vice forthcoming*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
jeffnardinelli@quinnemanuel.com

*Attorneys for Jane Street*