# Exhibit 7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE STREET GROUP, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>MILLENNIUM MANAGEMENT LLC, DOUGLAS SCHADEWALD, and DANIEL SPOTTISWOOD,<br><br>*Defendants*. | Case No. 24-CV-02783<br>Hon. Paul A. Engelmayer |

### DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 26, 33, Local Civil Rule 33.3 of the Southern District of New York, and Civil Case Management Plan and Scheduling Order, ECF No. 88 (May 21, 2024), Defendants Douglas Schadewald ("Schadewald") and Daniel Spottiswood ("Spottiswood," and together with Schadewald, "Individual Defendants") and Millennium Management LLC ("Millennium," and together with Individual Defendants, the "Defendants") by and through counsel, Elsberg Baker & Maruri PLLC and Dechert LLP, hereby demands that Plaintiff serve responses in writing under oath to each of the following interrogatories upon the undersigned attorneys at the offices for the undersigned counsel.

### DEFINITIONS

Unless otherwise indicated, the following definitions shall apply to these Interrogatories, unless the context requires otherwise. Nothing set forth below is intended to narrow the scope of discovery permitted by Federal Rules of Civil Procedure 26 and 33 and Local Civil Rule 33.3, and

any other applicable federal or local rules, and the Interrogatories should be read as broadly as permitted by those rules:

1. "Action" refers to the above-captioned action.

2. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

4. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5. "Amended Complaint" refers to Plaintiff's Amended Complaint dated April 26, 2024, filed in this Action, including all exhibits, appendices, or documents incorporated by reference therein.

6. "Concerning" means relating to, referring to, describing, evidencing or constituting.

7. "Document" is to be interpreted in the broadest possible sense and includes any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, software, code, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

8. "Electronically stored" shall be afforded the broadest possible definition and shall include any information stored electronically, magnetically, or optically, including (by way of example and not as an exclusive list): (a) digital communications (e.g., email, text messages, Slack

messages, voice mail, instant messaging); (b) word-processed documents (e.g., Word documents and drafts); (c) spreadsheets and tables (e.g., Excel worksheets); (d) accounting application data (e.g., QuickBooks files); (e) image and facsimile files (e.g., .pdf, .tiff, .jpg, .gif images); (f) sound recordings (e.g., .wav and .mp3 files); (g) video and animation (e.g., .avi and .mov files); (h) databases (e.g., Access, Oracle, SAP, SQL server data); (i) contact (e.g., Outlook .pst, blog tools); (k) online access data (e.g., temporary internet files, history, cookies); (l) presentations (e.g., PowerPoint); (m) network access and server activity logs; (n) project management application data; (o) computer aided design/drawing files; and (p) backup and archival files (e.g., .zip), (q) or any other software format in which information may be contained.

9. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

10. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

11. The word "including" means "including without limitation" or "including, but not limited to."

12. [REDACTED].

13. "Listserv" means any electronic mailing list, Slack group, or any other discernible regular collection of recipients for any form of communication, including e-mail lists at the

3

following addresses: ███████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████.

14. "Nanney Declaration" refers to Jeff Nanney's declaration of April 17, 2024, filed in support of Plaintiff's proposed order to show cause for a temporary restraining order, expedited limited discovery, and an expedited preliminary injunction hearing.

15. "Plaintiff," "You," and "Jane Street" refer to Jane Street Group, LLC, and its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, agents, representatives, consultants, advisors, attorneys, and any person acting or purporting to act on Your behalf.

16. A "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

17. The "Instruments" refers to the Confidentiality and Intellectual Property Agreement dated as of December 22, 2023, between Schadewald and Jane Street, the Employment Offer Letter dated as of July 11, 2018, between Schadewald and Jane Street, the Notice, Non-Interference and Restricted Trading Agreement dated as of July 18, 2018, between Schadewald and Jane Street, the Separation Letter dated as of February 7, 2024, between Schadewald and Jane Street, the Confidentiality and Intellectual Property Agreement dated as of August 17, 2020, between Spottiswood and Jane Street, the Employment Offer Letter dated as of August 27, 2019, between Spottiswood and Jane Street, the Separation Letter dated as of March 4, 2024, between Spottiswood and Jane Street, and any agreement between You and either Individual Defendant not previously identified.

18. The "Strategies" refers to any or all of the Trading Strategy alleged in the Amended Complaint, the alleged trade secrets identified in Jane Street's Identification of Trade Secrets dated

May 23, 2024, the codenamed strategies listed at paragraph 52 of the Amended Complaint, and the alleged strategies in paragraphs 12-14 of the Nanney Declaration.

19. The use of the singular form of any word includes the plural and vice versa.

20. The use of the masculine includes the feminine, and the use of the feminine includes the masculine.

## INSTRUCTIONS

A. In answering these Interrogatories, you shall furnish all information that is available to you, including information that is in the possession of any of your present or former agents, employees or representatives, or otherwise subject to your custody or control.

B. You shall answer each Interrogatory separately and fully, in writing and under oath.

C. Each Interrogatory shall operate and be responded to independently and, unless otherwise indicated, no request limits the scope of any other request.

D. If you contend that you do not know or—after exercising due diligence—cannot determine the answer to any part of an Interrogatory, you shall: (a) state that you do not know or cannot determine the remaining information; (b) describe the reason why you do not know or cannot determine the information; (c) describe the steps you took to attempt to determine the information; (d) provide the name and address of any person or entity that you believe might have that information; and (e) answer to the extent you do know the information.

E. If you contend that part of an Interrogatory is objectionable, you shall state the legal and factual basis for your objection with specificity, and you shall respond fully to that part of the request that you do not believe is objectionable.

F. If you claim any ambiguity in interpreting any Interrogatory or any definition or instruction applicable to any Interrogatory, you may not use such a claim as a basis for refusing to

respond to the Interrogatory, but shall respond to the Interrogatory applying the broadest interpretation possible.

G. If you contend that you do not understand the definition of any term or phrase used in an Interrogatory, you shall explain in detail what it is that you do not understand about the term or phrase at issue, and you shall respond to that part of the Interrogatory that you do understand.

H. If you contend that any part of an Interrogatory is overbroad, you shall explain in detail why it is that you consider that part of the Interrogatory to be overbroad, and you shall respond to the remainder of the request that you do not consider to be overbroad.

I. If you withhold any information responsive to an Interrogatory on the basis of a claim of privilege, you shall, for each such Interrogatory, provide a statement of the basis upon which the privilege asserted is claimed. Such description(s) shall be sufficiently detailed to permit Defendants and the Court to evaluate the claim(s) of privilege, including by describing whether the information contains a request for legal advice (and if so, identify the person who requested that advice); the nature of the privilege or protection asserted; and the general subject of the privileged or protected communication.

J. Defendants reserve the right to supplement these Interrogatories.

K. Unless otherwise specified, these Interrogatories are not limited by date or time.

L. These Interrogatories shall be deemed continuing in nature, and the responses thereto shall be supplemented to the fullest extent required by Fed. R. Civ. P. 26 and 33.

# INTERROGATORIES

**Interrogatory No. 1**

Identify all Persons who were involved in, who contributed to, or who supervised the discovery, development, or refinement of the Strategies.

**Interrogatory No. 2**

Identify all Persons employed by Jane Street with knowledge of India Options Trading activities by Defendants, or by any "new competitor" (Nanney Decl. ¶ 25) believed to be Defendants.

**Interrogatory No. 3**

Identify in detail the amount and method of computation of each category of damages alleged by You in this Action, including identifying any document(s) supporting such alleged damages.

**Interrogatory No. 4**

Identify all Persons outside of Jane Street with whom Jane Street or any Person employed by Jane Street has discussed the Strategies, in whole or in part, including but not limited to brokers in India.

**Interrogatory No. 5**

Identify all Persons with knowledge of any efforts made by, or on behalf of Jane Street (including by agencies, representatives, or counsel), successful or unsuccessful, to communicate with any member of the press from January 1, 2024 to the present regarding this litigation or its subject matter, including in Your response the date(s), participant(s) and form(s) of each attempted or actual communication with the press.

Dated:  June 7, 2024
New York, New York

| **DECHERT LLP** | **ELSBERG BAKER & MARURI PLLC** |
|---|---|
| By:  /s/ *Andrew J. Levander* | By: */s/ Brian R. Campbell* |
| Andrew J. Levander | Rollo C. Baker |
| May Chiang | David Elsberg |
| 1095 Avenue of the Americas | Vivek Tata |
| New York, NY 10036 | Brian R. Campbell |
| andrew.levander@dechert.com | Nicholas Martin |
| may.chiang@dechert.com | One Penn Plaza, Suite 4015 |
|  | New York, NY 10119 |
| Martin J. Black (*pro hac vice forthcoming*) |  |
| Daniel R. Roberts (*pro hac vice forthcoming*) | *Counsel for Defendants Douglas Schadewald and Daniel Spottiswood* |
| Cira Centre |  |
| 2929 Arch Street |  |
| martin.black@dechert.com |  |
| daniel.roberts@dechert.com |  |
|  |  |
| *Counsel for Millennium Management LLC* |  |

8