# Exhibit 9

*Highly Confidential-Attorneys' Eyes Only*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JANE STREET GROUP, LLC,

          *Plaintiff*,

    v.

MILLENNIUM MANAGEMENT LLC,
DOUGLAS SCHADEWALD, and DANIEL
SPOTTISWOOD

          *Defendants*.

Civil Action No. 24-cv-2783

---

## JANE STREET'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Civil Rule 33.3 of the Southern District of New York's Local Rules, Plaintiff Jane Street Group, LLC ("Jane Street" or "Plaintiff") hereby responds and objects to Defendants' First Set of Interrogatories to Plaintiff (Nos. 1–5) (the "Interrogatories" or, individually, each an "Interrogatory") served in the above-captioned action ("Action"), without waiving any claims that Plaintiff has or hereafter may assert in the Action.

Plaintiff's responses are made subject to the requirements and protections of the Protective Order entered in this action (Dkt. 117). Plaintiff's responses, and the information provided therein, are not intended, and shall not be construed, as an admission that any factual predicates stated in the Interrogatories are accurate. In responding to the Interrogatories, Plaintiff does not admit the correctness of any allegation or assertion.

*Highly Confidential-Attorneys' Eyes Only*

## GENERAL OBJECTIONS

1.      Plaintiff objects to the Interrogatories on the ground and to the extent that they exceed the scope of interrogatories permitted at the commencement of discovery by Local Civil Rule 33.3 of the Southern District of New York Local Rules.

2.      Plaintiff objects and reserves its right to contend that each subpart of the Interrogatories should be separately counted against the number of interrogatories permitted by the Federal Rules of Civil Procedure.

3.      Plaintiff objects to each and every Interrogatory on the ground and to the extent it requires Plaintiff to provide information beyond what can be obtained by a reasonably diligent investigation.

4.      Plaintiff objects to each and every Interrogatory on the ground and to the extent it seeks information outside of Plaintiffs' possession, custody, or control.

5.      Plaintiff objects to each and every Interrogatory on the ground and to the extent it seeks information that is publicly available, is already in Defendants' possession or has been provided to Defendants, or to which Defendants have equal or greater access.

6.      Plaintiff objects to each and every Interrogatory on the ground and to the extent it seeks information that is the subject of expert discovery and will be disclosed as part of expert discovery.  Plaintiff reserves the right to rely on information that may be disclosed as part of expert discovery, and Plaintiff's responses should not be interpreted as limiting Plaintiff's reliance on arguments or evidence that may be disclosed as part of expert discovery.

7.      Plaintiff's responses are given without prejudice to its right to produce or rely on subsequently discovered information, facts, or documents.  Plaintiff accordingly reserves its right to produce or rely on subsequently discovered documents as additional facts are ascertained. Discovery and Plaintiff's investigation in this matter are ongoing, and Plaintiff reserves the right

to supplement or amend its responses pursuant to Rule 26(e) with additional information as its investigation continues and discovery progresses. Plaintiff's responses should not be interpreted as limiting, in any way, Plaintiff's trial presentation, the evidence Plaintiff may seek to admit, or any argument or evidence that Plaintiff may rely on in connection with any motion.

## OBJECTIONS TO DEFINITIONS

1.      Plaintiff objects to the definition of "Plaintiffs," "You," and "Jane Street" to the extent it purports to incorporate any non-parties to this action, including any attorneys, agents, or representatives.

2.      Plaintiff objects to the definition of "document" and "communication" to the extent they purport to include documents not in Plaintiff's possession, custody, or control.

3.      Plaintiff objects to the definition of "to identify," to the extent it purports to impose obligations beyond what is required under the Federal Rules of Civil Procedure, the Southern District of New York Local Rules, and any other applicable laws or rules.

4.      Plaintiff objects to the definition of "India Options Trading" to the extent that it purports to include any trading not done by Jane Street or Defendants and to the extent that it purports to include any trading not relevant to Jane Street's trade secrets.

5.      Plaintiff objects to the definition of "Listserv" to the extent that it purports to include any electronic mailing list, Slack group, or any other discernible regular collection of recipients for any form of communications, including e-mail lists, not created or managed by Jane Street and to the extent that it purports to include any mailing list not relevant to Jane Street's trade secrets.

*Highly Confidential-Attorneys' Eyes Only*

## OBJECTIONS TO INSTRUCTIONS

1.      Plaintiff objects to Instruction Ltrs. A through K to the extent they purport to impose obligations beyond what is required under the Federal Rules of Civil Procedure, the Southern District of New York Local Rules, and any other applicable laws or rules.

2.      Plaintiff objects to Instruction K to the extent that it unreasonably and burdensomely expands the Relevant Period and imposes an obligation beyond what is required under the Federal Rules of Civil Procedure.

3.      Plaintiff objects to Instruction L the extent that it requests that Plaintiff continue supplementing its answers to each Interrogatory even after the close of the discovery period in the Action on the ground that it imposes an obligation beyond what is required under the Federal Rules of Civil Procedure.

## SPECIFIC RESPONSES AND OBJECTIONS

### INTERROGATORY NO. 1:

Identify all Persons who were involved in, who contributed to, or who supervised the discovery, development, or refinement of the Strategies.

### RESPONSE TO INTERROGATORY NO. 1:

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein.  Plaintiff objects to this Interrogatory to the extent that it is compound and should be counted as multiple Interrogatories per Rule 33(a)(1). Plaintiff further objects to this Interrogatory to the extent that it seeks information that is privileged or that is otherwise protected from discovery.  Plaintiff also objects to this Interrogatory to the extent it purports to impose requirements other than, or in addition to, the requirements of the Federal Rules of Civil Procedure.  Plaintiff further objects to this Interrogatory on the grounds that

*Highly Confidential-Attorneys' Eyes Only*

it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including to the extent it asks Plaintiff to identify "all" individuals "who were involved in, who contributed to, or who supervised" the "discovery, development, or refinement" of the Strategies. Plaintiff objects to this Interrogatory to the extent it seeks the identification of individuals who have developed and refined the Strategies after Defendants were no longer employed by Jane Street. Jane Street also objects on grounds of vagueness regarding who was "involved in," "contributed to," or "supervised" the discovery, development, or refinement of the strategies.

Subject to and without waiving or limiting the foregoing objections, Jane Street identifies the following as Persons who worked on, were involved in, contributed to, or supervised the discovery, development, or refinement of the Strategies, in Response to Interrogatory No. 1:



6

*Highly Confidential-Attorneys' Eyes Only*

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1 (7/12/2024):**

Jane Street incorporates by reference its previous Response and Objections as if fully set forth herein. In accordance with the parties' agreement memorialized in their July 8 and July 9, 2024 email correspondence, Jane Street further identifies title and contact information for the individuals listed in Jane Street's original response to Interrogatory No. 1:



*Highly Confidential-Attorneys' Eyes Only*



*Highly Confidential-Attorneys' Eyes Only*



**INTERROGATORY NO. 2:**

Identify all Persons employed by Jane Street with knowledge of India Options Trading activities by Defendants, or by any "new competitor" (Nanney Decl. ¶ 25) believed to be Defendants.

*Highly Confidential-Attorneys' Eyes Only*

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein.  Plaintiff further objects to this Interrogatory to the extent that it seeks information that is privileged or that is otherwise protected from discovery.  Plaintiff further objects Interrogatory on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including to the extent it asks Plaintiff to identify "all" Persons employed by Jane Street with knowledge of Defendants activities.  Plaintiff object to this Interrogatory to the extent it purports to impose requirements other than, or in addition to, the requirements of the Federal Rules of Civil Procedure.  Plaintiff objects to this Interrogatory to the extent it seeks the identification of individuals after the Complaint was filed.  Jane Street also objects on grounds of vagueness regarding who has "knowledge" of Defendants' or a competitor's India Options Trading.

Subject to and without waiving or limiting the foregoing objections, Jane Street identifies the following Persons in Response to Interrogatory No. 2:



*Highly Confidential-Attorneys' Eyes Only*



**INTERROGATORY NO. 3:**

Identify in detail the amount and method of computation of each category of damages alleged by You in this Action, including identifying any document(s) supporting such alleged damages.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiffs incorporate by reference their General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein.  Plaintiffs further object to this Interrogatory to the extent it purports to impose requirements other than, or in addition to, the requirements of the Federal Rules of Civil Procedure.  Plaintiffs also object to this Interrogatory as premature at this stage of the litigation because it seeks information that will be the subject of expert discovery.  Plaintiffs will submit expert materials in accordance with the Federal Rules of Civil Procedure, the Local Rules, any other applicable laws or rules, and the Court's Case Management Schedule.

Subject to and without waiving or limiting the foregoing objections, Jane Street further responds that it seeks compensatory damages, exemplary damages, punitive damages,

consequential damages, specific performance, pre-judgment interest, post-judgment interest, reasonable attorneys' fees, expert witness fees, other reasonable costs and expenses, and such other and further relief as the Court may deem just and proper. Jane Street will provide Defendants with an expert damages report in accordance with the Court's Civil Case Management Plan and Scheduling Order, or any modifications to that schedule that are subsequently entered by the Court.

## FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3 (7/12/2024):

Jane Street incorporates by reference its previous Response and Objections as if fully set forth herein. For avoidance of doubt, Jane Street further objects to this Interrogatory to the extent that it is compound and should be counted as multiple Interrogatories per Fed. R. Civ. P. 33(a)(1), and exceeds the scope permitted by Local Civil Rule 33.3(a) as to damages at this stage, which is limited to "the computation of each category of damage alleged." Jane Street further objects to this Interrogatory to the extent that it seeks information that is not in Jane Street's possession, custody or control, and/or is in Defendants' possession, custody or control, and thus Jane Street requires Defendants to produce such information in order to provide further information; Jane Street responds to this Interrogatory based on information reasonably known to it at this time, and reserves the right to supplement to provide additional computations in response to further information gathered in fact and expert discovery.

Jane Street further responds: Jane Street seeks damages as stated in its Prayer For Relief in its Amended Complaint (Dkt. No. 63). Jane Street further provides the following additional information with respect to the computation of each category of damage alleged, regardless of which cause or causes of action each category may or may not pertain to. Jane Street expressly reserves all rights to seek each category of damages below (alone or in combination) for each asserted cause of action to the full extent permitted by all applicable law:

   ***Compensatory damages (*e.g.*, Jane Street's actual losses)***.  Compensatory damages aim
to return Jane Street, as nearly as possible, to the position Jane Street would have been in had the
wrongdoing not occurred.  Jane Street may measure compensatory damages based on, for example,
its lost profits, lost customers, lost goodwill and reputational damage, and lost business or lost
business opportunities.  For example, Jane Street may measure its actual losses based on lost profits
to the extent caused by Defendants.  Jane Street's estimated monthly profits from January 2023
through the April 12, 2024 are described in the Declaration of Jeff Nanney (Dkt. No. 9), paragraph
19.  For example, Jane Street currently estimates the following monthly profits from the Trading
Strategy from January 2023 through April 12, 2024:

| ███ | ███ |
|---|---|
| ███████ | █████ |
| ███████ | █████ |
| █████ | █████ |
| █████ | ██████ |
| ████ | ██████ |
| █████ | █████ |
| ████ | █████ |
| ██████ | ██████ |
| ████████ | █████ |
| ██████ | █████ |
| ███████ | ██████ |
| ███████ | █████ |
| ██████ | ██████ |
| ██████ | ██████ |

|  |  |  |  |
|--|--|--|--|
|  |  |  |  |
|  |  |  |  |

Jane Street intends to supplement that monthly data on or before July 31, 2024. By further way of example, Jane Street has determined that in the two weeks preceding Mr. Schadewald's February 5, 2024 resignation, Jane Street made ████████████████████████ on average per day trading using the Trading Strategy. Jane Street estimates that throughout March 2024 (by which time Messrs. Spottiswood and Schadewald were working at Millennium), Jane Street's profit dropped to ████████████████████ on average per trading day. Jane Street currently lacks the information required to provide a complete computation of its lost revenues, including because Defendants have not yet produced information regarding Defendants' trading in the relevant markets.

Alternatively or in addition, Jane Street may measure compensatory damages based on the amount of Jane Street's investment into developing and protecting the asserted trade secrets. This computation would reflect Jane Street's capital investment into developing its trade secrets, including the value of the time spent by the individuals who developed Jane Street's trade secrets and including the capital that Jane Street deployed into trades to test and develop the trade secrets. Jane Street incorporates by reference its response to Interrogatory No. 1.

Alternatively or in addition, Jane Street seeks an award of nominal damages, which is not an amount subject to computation pursuant to Local Rule 33.3(a).

***Unjust enrichment.*** Defendants have been unjustly enriched by their misconduct, including by gaining commercial and competitive advantage and profits (both real and future potential). Jane Street may measure Defendants' unjust enrichment based on Defendants' profits earned from Defendants' use and misappropriation of Jane Street's trade secrets. Defendants'

increased profits may involve increased trading revenues, decreased costs, or both.  Jane Street currently lacks the information needed to compute Defendants' profits earned from the use and misappropriation of Jane Street's trade secrets, as Defendants have not yet produced its trading records or its profit records.

Alternatively or in addition, Jane Street may measure unjust enrichment damages based on the Individual Defendants' salaries, bonuses, or earnings in any form, to the extent such earnings were driven by the Defendants' wrongdoing.  Defendants have not yet produced earnings information.

Alternatively or in addition, Jane Street may measure unjust enrichment damages based on the amount of Defendants' saved investment, also known as "avoided costs" or "head start," from misappropriating Jane Street's trade secrets.  Jane Street would compute this amount based on the costs that Defendants would have incurred in developing the trade secrets independently, as compared to the costs that Defendants incurred to misappropriate the trade secrets.

*Reasonable royalty.*  Jane Street may compute damages in the form of a reasonable royalty accounting for Defendants' misappropriation.  Such a reasonable royalty may reflect, for example, the value of Jane Street's trade secrets in contributing to Defendants' trading profits.

*Consequential damages*.  Presently, Jane Street lacks the necessary discovery from Defendants that would enable Jane Street to provide a preliminary computation of consequential damages, and thus is not subject to computation pursuant to Local Rule 33.3(a).

*Exemplary damages / punitive damages*.  Jane Street expects to seek exemplary/punitive damages as appropriate and to the maximum extent permitted by applicable law.  For example, pursuant to 18 U.S.C. § 1836(b)(3)(C), exemplary damages are available "in an amount not more than 2 times the amount of the damages awarded under subparagraph (B)."  *See also*, *e.g.*, *24/7*

*Recs., Inc. v. Sony Music Ent., Inc.*, 566 F. Supp. 2d 305, 321 (S.D.N.Y. 2008) ("punitive damages are available for an unfair competition claim"); *Topps Co. v. Cadbury Stani S.A.I.C.*, 380 F. Supp. 2d 250, 267 (S.D.N.Y. 2005) ("under New York law punitive damages are available for a misappropriation of trade secrets claim"); *Michelle Pommier Models, Inc. v. Men Women NY Model Mgmt., Inc.*, 1997 WL 724575, at *5 (S.D.N.Y. Nov. 18, 1997) ("punitive damages may be awarded on tortious interference claims").

 ***Additional relief***: Jane Street seeks forms of additional monetary relief, including pre-judgment interest, post-judgment interest, reasonable attorneys' fees, and its other reasonable costs and expenses (including but not limited to expert witness fees) to the full extent permitted by all applicable law. *See* Dkt. 64 at 48-49. As such forms of monetary relief are post-trial remedies not capable of calculation at this time, they do not constitute categories of damage subject to computation pursuant to Local Rule 33.3(a). Jane Street also seeks forms of non-monetary relief, such as specific performance, findings of vicarious and joint-and-several liability, and any and all other relief the Court deems just and proper. *See* Dkt. 64 at 48-49. Such relief does not constitute categories of damage subject to computation pursuant to Local Rule 33.3(a). Jane Street reserves the right to seek all such damages and other relief at an appropriate time.

## SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3 (7/31/2024):

 Jane Street incorporates by reference its previous Response and Objections as if fully set forth herein. Jane Street further responds:

 ***Compensatory damages***. Jane Street provides updated monthly profits from or relating to the Trading Strategy from January 2018 through June 2024 in accounts and portfolios attributed to the Options business group: ████████████████████████████

████████████████████████████████████████

█████████████████████, but are preliminary and subject to revision pending additional review by Jane Street.

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████

*Reasonable royalty.*  Jane Street may compute damages in the form of a reasonable royalty accounting for Defendants' misappropriation.  Such a reasonable royalty may reflect, for example, the value of Jane Street's trade secrets in contributing to Defendants' trading profits.  To the extent Jane Street pursues reasonable royalty damages, the method of determining the amount of reasonable royalty is the subject of expert testimony, and therefore it is premature for Jane Street to detail that method now.  *See, e.g.*, *New Haven Temple SDA Church v. Consol. Edison Corp.*, 1995 WL 358788, at *5–6 (S.D.N.Y. June 13, 1995) (holding it is premature to provide an interrogatory response "to the extent that calculations of an expert may be required").  Jane Street may apply one or more of the following methods to determine the appropriate royalty:  established royalty, analytical approach, or hypothetical negotiation.  Jane Street may employ the methodology outlined in *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970).

*Consequential Damages*.  Consequential damages refer to damages that did not arise directly from Defendants' breach of contract, yet were reasonably foreseeable, and may include reasonably foreseeable downstream effects such as lost profits arising from Defendants' breach. Consequential damages may include losses that Jane Street has incurred as a result of ██████ caused by Defendants' misappropriation.

*Highly Confidential-Attorneys' Eyes Only*

**INTERROGATORY NO. 4:**

Identify all Persons outside of Jane Street with whom Jane Street or any Person employed by Jane Street has discussed the Strategies, in whole or in part, including but not limited to brokers in India.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein. Plaintiff further objects to this Interrogatory to the extent that it seeks information that is privileged or that is otherwise protected from discovery. Plaintiff also objects to this Interrogatory to the extent it purports to impose requirements other than, or in addition to, the requirements of the Federal Rules of Civil Procedure. Plaintiff further objects Interrogatory on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including to the extent it asks Plaintiff to identify "all" individuals it has discussed the Strategies with, including those outside of Jane Street necessary to effectuate their execution, and/or those individuals who did so without Jane Street's knowledge. Plaintiff objects to this Interrogatory to the extent it seeks the identification of individuals who Jane Street has communicated with after Defendants were no longer employed by Jane Street. Jane Street also objects on grounds of vagueness regarding the definition of "part" of the Strategies, and Jane Street objects on grounds of breadth, burden, and relevance to the extent this Interrogatory seeks to define trade orders, or other efforts to research, develop, implement, execute, or use the Strategies that do not involve a material discussion or disclosure of the Strategies themselves, as "part" of the Strategy. Jane Street further objects to the extent this Interrogatory does not delineate between Persons who were never employees of Jane Street and Persons who are now former employees of Jane Street (*e.g.*, Mr. Schadewald and Mr. Spottiswood).

*Highly Confidential-Attorneys' Eyes Only*

Subject to and without waiving or limiting the foregoing objections, Jane Street identifies the following Persons in Response to Interrogatory No. 4:

- To the best of Jane Street's knowledge, Jane Street and its employees have not discussed the Strategies with Persons outside of Jane Street at the time of the discussion, including any brokers in India.

## INTERROGATORY NO. 5:

Identify all Persons with knowledge of any efforts made by, or on behalf of Jane Street (including by agencies, representatives, or counsel), successful or unsuccessful, to communicate with any member of the press from January 1, 2024 to the present regarding this litigation or its subject matter, including in Your response the date(s), participant(s) and form(s) of each attempted or actual communication with the press.

## RESPONSE TO INTERROGATORY NO. 5:

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein.  Plaintiff further objects to this Interrogatory to the extent that it seeks information that is privileged or that is otherwise protected from discovery.  Plaintiff also objects to this Interrogatory to the extent it purports to impose requirements other than, or in addition to, the requirements of the Federal Rules of Civil Procedure. Plaintiff further objects Interrogatory on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including to the extent it asks Plaintiff to identify "all" Persons with knowledge, including those Jane Street can have no way of knowing of.

Subject to and without waiving or limiting the foregoing objections, Jane Street identifies the following Persons in Response to Interrogatory No. 5:

*Highly Confidential-Attorneys' Eyes Only*

- On April 12, 2024, ███████████, the ███████████ at Jane Street's public relations firm, ███████████, provided the redacted, publicly-filed version of the Complaint to ███████████, a reporter at ███████.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5 (7/12/2024):**

Jane Street incorporates by reference its previous Response and Objections as if fully set forth herein. In accordance with the parties' agreement memorialized in their July 8 and July 9, 2024 email correspondence, Jane Street further responds that the following individuals spoke with and/or provided information to ███████████ in connection with the April 12, 2024 communication referenced above:

- ███████████████████████
- ████████████████
- ██████████████████████████████████
- ██████████████████████
- ████████████████████████

Dated: New York, New York
       July 31, 2024

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By:    */s/ Deborah K. Brown*
       Alex Spiro
       Deborah K. Brown
       Todd S. Anten
       Jeffrey C. Miller
       Kaitlin P. Sheehan
       Mengzhou (Melissa) Fu
       51 Madison Avenue, 22nd Floor
       New York, New York 10010
       Telephone: (212) 849-7000
       alexspiro@quinnemanuel.com
       deborahbrown@quinnemanuel.com

*Highly Confidential-Attorneys' Eyes Only*

toddanten@quinnemanuel.com
jeffreymiller@quinnemanuel.com
kaitlinsheehan@quinnemanuel.com
melissafu@quinnemanuel.com

Greg Miraglia
300 West 6th Street
Austin, Texas 78701
Telephone: (737) 667-6100
gregmiraglia@quinnemanuel.com

Jeff Nardinelli
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
jeffnardinelli@quinnemanuel.com

*Attorneys for Plaintiff Jane Street*