# Exhibit 10

**Brian Campbell**

| | |
|---|---|
| **From:** | Kateryna Shokalo |
| **Sent:** | Friday, July 5, 2024 7:44 PM |
| **To:** | Kaitlin P. Sheehan; Alexandra Sadinsky; Jeffrey Miller; Strong, Ryan; Rollo Baker; Vivek Tata; Brian Campbell; Chelsea Shaffer; Levander, Andrew; Chiang, May; Black, Martin; Roberts, Daniel |
| **Cc:** | QE Jane Street |
| **Subject:** | RE: Jane Street v. Millennium: Deficiencies in Defendants' R&Os to Jane Street's First Set of Interrogatories |

Counsel,

Thanks for speaking with us today. The following summarizes our meet and confer discussion. We look forward to hearing from you on or before <u>3pm ET on Monday, July 8</u> regarding whether Jane Street will amend its responses to Defendants' First Set of Interrogatories (including which specific responses it plans to amend, if any), and whether Jane Street will serve amended interrogatory responses by Wednesday, July 10.

**Jane Street's R&Os to Defendants' First RFPs and Response to Defendants' Search Term Proposal**:

- We reiterated our request that we get a response to the RFP deficiencies that we identified by letter dated June 20. The parties discussed those deficiencies during a meet and confer on June 26 (summarized in an email from Brian Campbell on June 28), and we followed up by email on July 2 and July 3 reiterating the need for a prompt response. During our meet and confer today, we explained that, given the compressed schedule and importance of a swift resolution of this matter, we are preparing to file a motion with the Court regarding the RFP deficiencies if the parties cannot reach agreement by Monday. You stated that you were preparing a response and expected to send it to us today. We look forward to receiving that response—which has now been outstanding for 15 days.
- We sent you our proposal on search terms eight days ago (on June 27) and requested that you provide a hit report so we could consider modifications to address any burden concerns. During our meet and confer today, you stated that you had run Defendants' proposed search terms over 5 of the 25 custodians we requested (███████████████████████████████████████ ███████), which returned approximately three million documents, and that you were now preparing to send us entirely new search terms and custodians. We asked you to provide us the hit report, which you stated you have had since early this week, so we could understand the scope of Jane Street's proportionality concerns and what terms may need to be modified to negotiate the terms efficiently. *See Coventry Capital US LLC v. EEA Life Settlements Inc.*, 2020 WL 7383940, at *7 (S.D.N.Y. Dec. 16, 2020) (ordering a party to generate and produce a hit report so that the parties knew "how proceed with production most efficiently"); *In re Sampedro*, No. 3:18-MC-47 (JBA), 2018 WL 6264834, at *3 (D. Conn. Nov. 30, 2018) (ordering a party to provide "hit reports for all search terms used in order to aid the parties in their meet and confer discussions and, in particular, to determine what search terms, if any, need to be narrowed or discarded entirely"). Nonetheless, you stated without explanation that you were not prepared to agree to provide a hit report, but would consider further and get back to us by Monday, July 8. We reiterate our request

that you provide your hit report so we can engage in a good faith negotiation over search terms and custodians.

**Production Accompanying Jane Street's Trade Secret Identification of Trade Secrets**:

- We reiterated our request from 14 days ago that the Individual Defendants receive access to the document production that accompanied and was incorporated into Jane Street's trade secret identification. You stated that we would have the production by the end of the day today, and that the production would include standard electronic data, including metadata.

**Defendants' R&Os to Jane Street's First Interrogatories**:

- *Interrogatory No. 1*: Pursuant to your objections to Millennium's Response to Interrogatory No. 1, Millennium will conduct a supplemental investigation to determine if there are any other individuals who substantially participated in the recruitment and hiring of the Individual Defendants, and identify any such individuals.
- *Interrogatory No. 2*: Pursuant to your objections to Millennium's Response to Interrogatory No. 2, Millennium will add the additional names provided in Individual Defendants' Interrogatory Response to Millennium's Response.
- *Interrogatory No. 5*: Pursuant to your objections to Defendants' Response to Interrogatory No. 5, Millennium and the Individual Defendants will each amend their response to cover the period from January 1, 2024, to the date of its supplemental and amended responses, with the understanding that we do not expect that the enlarged date range will impact the substance of the response.

**Jane Street's R&Os to Defendants' First Interrogatories**:

- *Interrogatory No. 1*: You confirmed that Jane Street is not withholding any information in response to Interrogatory No. 1 based on its objection to identifying "individuals who have *developed or refined* the Strategies after Defendants were no longer employed by Jane Street." You further confirmed that Jane Street was not seeking to enforce any purported trade secrets against Defendants that did not exist at the time the Individual Defendants were employed by Jane Street. You also agreed to consider amending your response to Interrogatory No. 1 to identify the title, last known address, and place of employment for each of the individuals identified in response to Interrogatory No. 1, as Defendants have done in their responses to Jane Street's interrogatories.
- *Interrogatory No. 2*: We asked you to explain the basis for your objection to identifying persons employed by Jane Street with knowledge of India Options Trading by Defendants or competitors believed to be Defendants after the Complaint was filed. You explained that the purpose of that limitation was to exclude Jane Street personnel who only know about India Options Trading by Defendants or competitors believed to be Defendants as a result of this lawsuit. We asked whether your response excludes any persons with *firsthand* knowledge of India Options Trading by Defendants or competitors believed to be Defendants after the Complaint was filed. You stated that you did not believe that to be the case, but would confirm. You also confirmed that you were not withholding information responsive to Interrogatory No. 2 on the basis of your objections to the definition of "India Options Trading." And, as with Interrogatory No. 1, you agreed to consider amending your response to Interrogatory No. 2 to identify the title, last known address, and place of employment for each of the individuals identified in response to Interrogatory No. 2.

- *Interrogatory No. 3*: We explained that under the Federal Rules of Civil Procedure, the Local Civil Rules of the Southern District of New York, and the case law in this Circuit, Jane Street is required to identify for each category of damages it claims (e.g., compensatory damages, exemplary damages, punitive damages, etc.), the (a) amount of damages, (b) the methodology used to calculate those damages, and (c) supporting documents.  We gave the example that Jane Street alleged in the Amended Complaint that it was ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, and that we would expect Jane Street to identify what damages category its claim of lost profits falls into (e.g., compensatory damages, exemplary damages, punitive damages, etc.), the dollar amount of lost profits, the methodology Jane Street used for calculating lost profits, and the documents supporting that amount and methodology.  You stated that you were unlikely to provide any additional information in response to Interrogatory No. 3, but would confirm by Monday, July 8 at 3 PM ET.  To the extent that Jane Street refuses to amend its response to provide the requested information, please identify any case law that supports your position that the information requested is beyond what is required under the Rules.
- *Interrogatory No. 4*:  *First*, you confirmed that no information was withheld on the basis of your objections to identifying individuals at Jane Street that had discussions with persons outside of Jane Street (a) "without Jane Street's knowledge" or (b) after Defendants were no longer employed by Jane Street.

  *Second*, with respect to Jane Street's objections that it would not identify Jane Street personnel who communicated with persons outside of Jane Street if such discussions (a) were "necessary to effectuate [the Strategies'] execution" or (b) "do not involve a material discussion or disclosure of the Strategies themselves," you explained that the purpose of these objections were to exclude persons that Jane Street communicated with for the *sole* purpose of entering a trade, and that you were not excluding any other persons on the basis of these objections.

  *Third*, with respect to your objection that Interrogatory No. 4 "does not delineate between Persons who were never employees of Jane Street and Persons who are now former employees of Jane Street," you confirmed that you were only excluding persons at Jane Street who may have communicated with Schadewald and Spottiswood, and not with any other Jane Street former employees.

  *Finally*, you explained that "at the time of the discussion" limitation in Jane Street's response to Interrogatory No. 4 was intended to make clear that Jane Street was not identifying former employees to the extent that the discussions Jane Street had with those individuals were during the time those individuals were current employees of Jane Street.
- *Interrogatory No. 5*:  In addition to the parties' discussion with respect to Jane Street's Interrogatory No. 5, we asked whether Jane Street's response to this Interrogatory, which seeks identification of persons with knowledge of any efforts made by or on behalf of Jane Street to communicate with the press, reflected efforts by Quinn Emanuel.  You initially confirmed that it did, and that Quinn Emanuel did not have any communications responsive to this interrogatory. However, you later stated that your response excluded privileged communications, and stated that any communications between Quinn Emanuel and Jane Street's PR firm, ▇▇▇▇▇▇▇▇▇▇▇▇▇ (if any), would have been omitted.  We asked you to explain the basis for your position that (a) the identification of persons at Quinn Emanuel is protected by the attorney-client privilege, and (b) Quinn Emanuel's communications with Jane Street's PR firm (including any communications that led to ▇▇▇▇▇▇▇▇▇▇▇ sending the redacted complaint to ▇▇▇▇▇▇▇) are privileged.  You did not provide an answer during the meet and confer, and stated that you would get back to us regarding

3

Jane Street's response to Interrogatory No. 5. We also asked you to confirm that no one at Jane Street had knowledge of ███████'s efforts to communicate with the press on behalf of Jane Street (and otherwise to include that information within an amended response), and to confirm that the only communication between ███████ and the press was the one communication identified in Jane Street's response to Interrogatory No. 5. You agreed to get back to us regarding these issues as well.

Defendants reserve all rights and waive none.

Regards,
Kate

**Kateryna Shokalo**
Associate

_____

**ELSBERG BAKER & MARURI PLLC**
212.597.2621 (o)
646.244.5825 (m)
(she/her/hers)

---

**From:** Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>
**Sent:** Thursday, July 4, 2024 11:07 AM
**To:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Jeffrey Miller <jeffreymiller@quinnemanuel.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Brian Campbell <BCampbell@elsberglaw.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Chelsea Shaffer <cshaffer@elsberglaw.com>; Levander, Andrew <andrew.levander@dechert.com>; Chiang, May <May.Chiang@dechert.com>; Black, Martin <martin.black@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>
**Cc:** QE Jane Street <qejanestreet@quinnemanuel.com>
**Subject:** RE: Jane Street v. Millennium: Deficiencies in Defendants' R&Os to Jane Street's First Set of Interrogatories

Alex,

I just circulated a calendar invite for tomorrow afternoon at 1 pm ET.

Thanks,
Kaitlin

---

**From:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>
**Sent:** Wednesday, July 3, 2024 4:17 PM
**To:** Jeffrey Miller <jeffreymiller@quinnemanuel.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Brian Campbell <BCampbell@elsberglaw.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Chelsea Shaffer <cshaffer@elsberglaw.com>; Levander, Andrew <andrew.levander@dechert.com>; Chiang, May <May.Chiang@dechert.com>; Black, Martin <martin.black@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>
**Cc:** QE Jane Street <qejanestreet@quinnemanuel.com>
**Subject:** RE: Jane Street v. Millennium: Deficiencies in Defendants' R&Os to Jane Street's First Set of Interrogatories

**[EXTERNAL EMAIL from asadinsky@elsberglaw.com]**

Counsel,

Defendants are available to meet and confer on Friday regarding their interrogatory responses, assuming Jane Street is available to meet and confer about its own interrogatory responses at the same time. We address the deficiencies in Jane Street's Responses and Objections to Defendants' First Set of Interrogatories below. Please let us know your availability to meet and confer about all parties' interrogatory responses on **Friday, July 5, between 12pm ET and 4pm ET**.

**Interrogatory No. 1**: Identify all Persons who were involved in, who contributed to, or who supervised the discovery, development, or refinement of the Strategies.

Jane Street's response to Interrogatory No. 1 is deficient in several respects:

- *First*, Jane Street objects to identifying "individuals who have *developed* … the Strategies after Defendants were no longer employed by Jane Street." Please confirm that Jane Street is not seeking to enforce any purported trade secrets against Defendants that *did not exist* at the time the Individual Defendants were employed by Jane Street or explain Jane Street's basis for attempting to do so.
- *Second*, Jane Street's objection to identifying individuals who "refined" the Strategies after the Individual Defendants left Jane Street is improper: Information concerning the Strategies that Defendants allegedly misappropriated does not cease being relevant just because the Strategies were "refined" after the Individual Defendants departed Jane Street. For example, further refinement of the Strategies following Individual Defendants' departure to account for evolving market conditions would be evidence that any Strategies Individual Defendants knew of from their time at Jane Street would become unusable or stale soon after their departure. Please amend your response to Interrogatory No. 1 to identify all individuals who "refined the Strategies" after the Individual Defendants left Jane Street or confirm that no information was withheld on the basis of this objection.
- *Third*, the Interrogatories instruct Jane Street to identify for all persons "the person's full name, present or last known address, and … the present or last known place of employment" consistent with Federal Rule of Civil Procedure 26, and the instruction in Jane Street's First Set of Interrogatories to Defendants. Please amend your response to Interrogatory No. 1 to include the last known address and place of employment for each of the 64 persons (other than the Individual Defendants) that Jane Street identified in response to this Interrogatory.

**Interrogatory No. 2**: Identify all Persons employed by Jane Street with knowledge of India Options Trading activities by Defendants, or by any "new competitor" (Nanney Decl. ¶ 25) believed to be Defendants.

Jane Street's response to Interrogatory No. 2 is likewise deficient:

- *First*, Jane Street's objection to identifying "individuals after the Complaint was filed" is improper: Information concerning Jane Street's knowledge of India Options Trading activities by Defendants or any person that Jane Street believed at one point to be Defendants does not cease being relevant just because Jane Street became aware of such India Options Trading activities

5

after the Complaint was filed.  <u>Please amend your response to Interrogatory No. 2 to identify any individuals who obtained knowledge responsive to this Interrogatory "after the Complaint was filed" or confirm that no information was withheld on the basis of this objection.</u>

- *Second*, Jane Street objects to the definition of "India Options Trading" to the extent it includes (a) "any trading not done by Jane Street or Defendants" and (b) "any trading not relevant to Jane Street's trade secrets."
    - Interrogatory No. 2 seeks information regarding Jane Street's knowledge of India Options Trading activities "by any 'new competitor (Nanney Decl. ¶ 25) believed to be Defendants." Jane Street's objection to disclosing "any trading not done by Jane Street or Defendants" is improper:  Jane Street's understanding at one point that India Options Trading activities were being done by Defendants does not become less relevant just because Jane Street later learned those activities were being done by someone other than Defendants.  <u>Please confirm that Jane Street is not withholding any information in response to Interrogatory No. 2 concerning India Options Trading "by any 'new competitor (Nanney Decl. ¶ 25) believed to be Defendants" on the basis of its objection to the definition of India Options Trading ("any trading not done by Jane Street or Defendants").</u>
    - Jane Street's objection to the definition of "India Options Trading" to the extent it includes "any trading not relevant to Jane Street's trade secrets" is likewise improper.  During the parties' June 26, 2024 meet and confer regarding Jane Street's Responses and Objections to Defendants' First Request for Production, you stated that you were not aware of any India Options Trading by Jane Street that does not use the Strategies.  *See* June 28, 2024 email from B. Campbell to J. Miller, K. Sheehan, J. Nardinelli, and G. Coyle (recap of the parties' discussions regarding RFPs 1 & 2).  <u>Please confirm that Jane Street is not withholding information responsive to Interrogatory No. 2 on the basis of its objection to the definition of "India Options Trading" ("any trading not relevant to Jane Street's trade secrets").</u>
- *Third*, as noted above, the Interrogatories instruct Jane Street to identify for all persons "the person's full name, present or last known address, and … the present or last known place of employment."  <u>Please amend your response to Interrogatory No. 2 to include the last known address and place of employment for each of the 19 persons that Jane Street identified in response to this Interrogatory.</u>

**Interrogatory No. 3**:  Identify in detail the amount and method of computation of each category of damages alleged by You in this Action, including identifying any document(s) supporting such alleged damages.

Jane Street's response to Interrogatory No. 3 is deficient.  Jane Street objects to providing *any detail whatsoever* regarding the amount and computation of each category of damages that Jane Street seeks, and does not provide any supporting documents.  But under Local Civil Rule 33.3(a), Defendants are entitled to seek information via interrogatory concerning "the computation of each category of damage alleged," and Jane Street is obligated to disclose the amount of and analysis used to calculate each such category, and make available the supporting documents.  *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006) ("[B]y its very terms Rule 26(a) requires more than providing—without any explanation—undifferentiated financial statements; it requires a "computation," supported by documents.  The need for computation and supporting documents is especially necessary in a case like this, where the damages claim is for lost profits…."); *Williams v. Boulevard Lines, Inc.*, No. 10-cv-2924(DF), 2013 WL 5652589, at *4 (S.D.N.Y. Sept. 30, 2013) (disclosures insufficient where plaintiff provided no dollar figures or computation of any kind to quantify the damages he was seeking); *Max*

*Impact, LLC v. Sherwood Grp., Inc.*, No. 09-cv-902(JGK)(HNP), 2014 WL 902649, at *6 (S.D.N.Y. Mar. 7, 2014) (disclosures insufficient where they "merely provided … total dollar figures for each category of damages and were unaccompanied by any analysis whatsoever" and supporting documents "failed to provide a calculation or formula through which the figures were derived").

Jane Street's attempt to avoid its legal obligations by arguing that Interrogatory No. 3 is "premature" and "seeks information that will be the subject of expert discovery" is baseless.  Courts generally reject the argument that a plaintiff cannot provide a more detailed theory or calculation of damages without expert analysis.  *See W.N. Motors, Inc. v. Nissan N. Am., Inc.*, No. 21-cv-11266-ADB, 2022 WL 1568443, at *5 (D. Mass. May 18, 2022) ("While the precise method of calculation need not be disclosed if it is properly the subject of future expert testimony, this does not relieve the plaintiff from providing reasonably available information concerning its damages calculation." (citation omitted)) (collecting cases).  Indeed, the Court has already recognized that Jane Street is uniquely positioned to calculate its claimed damages in this case:

> To the extent that Jane Street asserts that its damages will be impossible to calculate, the Court is unpersuaded.  **It is hard to imagine an entity in the United States economy better positioned to tabulate its own damages reasonably and with great sophistication than Jane Street.**  And under the case law, the fact that monetary damages may be challenging to calculate with exactitude does not equate to irreparable harm.  A claim based on the diversion of trading profits in that respect is different from a claim of loss of goodwill, where it is more persuasive to claim calculative impossibility.  See, for example, the case of *Church of Scientology International v. Elmira Mission of the Church of Scientology*, 794 F.2d 38, 42 (2nd Cir. 1986).  **Here, Jane Street depicts the competing entities' use of the Trading Strategy as effectively a zero-sum competition.  It is thus not convincing that Jane Street will be unable to reasonably tabulate the profits gained by Millennium or lost by it as a result of any misappropriation.**

*See* April 19, 2024 Hearing Tr. 57:8:25 (emphasis added).  Defendants are indisputably entitled to the basic factual information requested in Interrogatory No. 3.  <u>Please amend your response to Interrogatory No. 3 to include Jane Street's claimed damages and methodology for calculating such damages for each category of damages alleged, and identify (and produce) the supporting documents.</u>

**Interrogatory No. 4**:  Identify all Persons outside of Jane Street with whom Jane Street or any Person employed by Jane Street has discussed the Strategies, in whole or in part, including but not limited to brokers in India.

Jane Street's response to Interrogatory No. 4 is deficient in many respects:

- *First*, Jane Street objects to identifying individuals outside of Jane Street that Jane Street discussed the Strategies with to the extent those individuals were "*necessary to effectuate their execution*," or to the extent individuals at Jane Street had such discussions "*without Jane Street's knowledge*."  These objections are improper.  The first limitation is improper because discussions about the Strategies that Jane Street had with individuals outside of Jane Street "necessary to effectuate their execution" is relevant to establish, among other things, other participants in Jane Street's India Options Trading, the publicity of Jane Street's trading in the market, and whether Jane Street has maintained secrecy of the alleged trade secret information.  The second limitation

7

is improper because discussions that any person employed by Jane Street had about the Strategies with individuals outside of Jane Street are relevant even if Jane Street did not authorize such discussions. Please amend your response to Interrogatory No. 4 to identify all individuals at Jane Street who discussed the Strategies with persons outside of Jane Street even if such discussions were with persons "necessary to effectuate their execution" and even if such discussions were not authorized by Jane Street, or confirm that no information was withheld on the basis of these objections.

- *Second*, Jane Street's objection to identifying individuals outside of Jane Street that it discussed the Strategies with "*after Defendants were no longer employed by Jane Street*" is improper: Jane Street's communications with outsiders concerning the Strategies is relevant to establish, among other things, Jane Street's failure to protect the secrecy of its alleged trade secrets, and such information does not cease being relevant after the Individual Defendants left Jane Street. Please amend your response to Interrogatory No. 4 to identify all individuals at Jane Street who discussed the Strategies with any person outside of Jane Street after the Individual Defendants left Jane Street or confirm that no information was withheld on the basis of this objection.

- *Third*, Interrogatory No. 4 seeks identification of all persons outside of Jane Street that Jane Street or any person employed by Jane Street discussed the Strategies with "in whole or in part." Jane Street objects to identifying individuals that had such discussions to the extent the discussions "do not involve a *material* discussion or disclosure of the Strategies themselves." But written discovery is not an opportunity for parties to provide cherry-picked information based on a party's unchecked view of what is "material." Please amend your response to Interrogatory No. 4 to identify all individuals outside of Jane Street that Jane Street or any person employed by Jane Street discussed the Strategies with "in whole or in part" or confirm that no information was withheld on the basis of this objection.

- *Fourth*, Jane Street objects "to the extent this Interrogatory does not delineate between Persons who were never employees of Jane Street and Persons who are now former employees of Jane Street (*e.g.*, Mr. Schadewald and Mr. Spottiswood)." Please identify any former employees other than the Individual Defendants to which this objection pertains. For each such former employee, state the person's full name, last known address, and current or last known place of employment.

- *Finally*, in response to Interrogatory No. 4, Jane Street states that "Jane Street and its employees have not discussed the Strategies with Persons outside of Jane Street *at the time of the discussion*, including any brokers in India." This response is incoherent. Please explain the meaning and purpose of the qualifier "at the time of the discussion," and how it is being used to limit Jane Street's response to Interrogatory No. 4.

**Interrogatory No. 5**: Identify all Persons with knowledge of any efforts made by, or on behalf of Jane Street (including by agencies, representatives, or counsel), successful or unsuccessful, to communicate with any member of the press from January 1, 2024 to the present regarding this litigation or its subject matter, including in Your response the date(s), participant(s) and form(s) of each attempted or actual communication with the press.

Jane Street's response to Interrogatory No. 5 appears deficient in several respects:

- *First*, Jane Street objects to the definition of "Plaintiff," "You," and "Jane Street" to the extent it includes "any non-parties to this action, including any attorneys, agents, or representatives," but then responds to Interrogatory No. 5 by identifying "the ▮▮▮▮▮▮▮▮ at Jane Street's *public relations firm*, ▮▮▮▮▮▮▮▮" Please confirm that Jane Street is not withholding information responsive to Interrogatory No. 5 on the basis of its objection to the definition of "Plaintiff," "You,"

8

and "Jane Street." In particular, please confirm that Jane Street is not withholding information concerning efforts by Jane Street's lawyers at Quinn Emanuel to communicate with members of the press—such information is clearly within Jane Street's possession, custody, or control. *See In re Alghanim*, No. 21-MC-00167, 2022 WL 1423088, at *3 (S.D.N.Y. May 5, 2022) ("Documents in the possession of a party's attorney are deemed to be within the party's possession, custody, or control because the party has the legal right to obtain the documents on demand.").

- *Second*, in response to Interrogatory No. 5, Jane Street lists only one individual: ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. This response suggests that no one at Jane Street was aware of or involved in or supervised ▓▓▓▓▓▓▓▓▓▓'s communications on behalf of Jane Street. Please confirm that no one at Jane Street was aware of or involved in or supervised ▓▓▓▓▓▓▓▓▓.'s efforts to communicate with the press on behalf of Jane Street.

- *Third*, is response to Interrogatory No. 5, Jane Street identifies only one communication: ▓▓▓▓▓ ▓▓▓▓▓▓▓ providing the redacted complaint to ▓▓▓▓▓▓▓▓▓▓ on April 12, 2024. Please confirm that ▓▓▓▓▓▓▓▓▓▓▓ (or any other persons employed by ▓▓▓▓▓▓▓▓▓▓) had no other communications with ▓▓▓▓▓▓▓▓▓ or anyone else regarding this litigation or its subject matter other than the single communication identified. Please also amend your response to identify the "form" of ▓▓▓▓▓▓▓▓▓ communication (e.g., email, phone) as Interrogatory No. 5 instructs, and to the extent you are relying on a document in response to Interrogatory No. 5, identify (and produce) that document.

- *Finally*, Interrogatory No. 5 requests identification of all persons with knowledge of any efforts to communicate with the press, regardless of whether those communications were successful. Please confirm that Jane Street's response to Interrogatory No. 5 is complete, i.e., there were no actual or attempted communications with the press other than the single communication identified on April 12, 2024, when ▓▓▓▓▓▓▓▓▓ provided the redacted complaint to ▓▓▓▓▓▓▓▓▓.

Thanks,
Alex

---

**From:** Jeffrey Miller <jeffreymiller@quinnemanuel.com>
**Sent:** Tuesday, July 2, 2024 11:13 PM
**To:** Strong, Ryan <Ryan.Strong@dechert.com>; Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Rollo Baker <rbaker@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Brian Campbell <BCampbell@elsberglaw.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Chelsea Shaffer <cshaffer@elsberglaw.com>; Levander, Andrew <andrew.levander@dechert.com>; Chiang, May <May.Chiang@dechert.com>; Black, Martin <martin.black@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>
**Cc:** QE Jane Street <qejanestreet@quinnemanuel.com>
**Subject:** Jane Street v. Millennium: Deficiencies in Defendants' R&Os to Jane Street's First Set of Interrogatories

Counsel,

We write to address deficiencies in Defendants' Interrogatory Responses to Jane Street's First Set of Interrogatories. Please provide your availability to meet and confer on these deficiencies this week.

**Interrogatory No. 1:** Interrogatory No. 1 requests all individuals with knowledge of "Millennium's solicitation, recruiting, and hiring of Mr. Schadewald and Mr. Spottiswood" including those "with knowledge of Millennium's motives for hiring,

Millennium's expectations of their roles and responsibilities at Millennium, their compensation (requested, negotiations, and actual), and any employment-related agreements."

Millennium's response to this Interrogatory appears deficient. The only individuals Millennium lists are: Schadewald, Spottiswood, and the five individuals who interviewed Schadewald and Spottiswood, listed by the Individual Defendants in Response to this Interrogatory. This response suggests that no one in human resources, or any other department, was aware or in any way related to Millennium's recruitment of Schadewald and Spottiswood. Please either (i) confirm that this response is complete, *i.e.*, no one at Millennium was familiar with Millennium's recruitment, motives for hiring, expectations of performance, or employment-related agreements related to Schadewald and Spottiswood beyond those who interviewed them, and Millennium has not withheld any information requested by this interrogatory as posed, or (ii) confirm Millennium will update this interrogatory response to reflect the full population of individuals responsive to this interrogatory. Otherwise, please be prepared to discuss the specific bases for withholding any information requested by this interrogatory on the upcoming meet-and-confer.

**Interrogatory No. 2:** Identify all Persons with knowledge of Millennium's trading activities in the India Market since January 1, 2023.

Millennium's response to this Interrogatory appears deficient. The Individual Defendants identify three more individuals employed by Millennium who are aware of "Millennium's trading activities in the India Market" than Millennium does. Millennium's list is also inconsistent with its representations in its responses to Jane Street's RFPs, where it objected to producing documents on grounds of undue burden, including because they supposedly implicate too many Millennium employees. *See, e.g.*, Responses to Jane Street RFPs 4, 11, 15-17, 24-25. Please confirm that each Defendant will respond fully to this interrogatory as posed, or be prepared to discuss the specific bases for withholding any information requested by this interrogatory on the upcoming meet-and-confer.

**Interrogatory No. 5:** Interrogatory No. 5 asks for Defendants to "[i]dentify all Persons with knowledge of any efforts made by, or on behalf of Millennium, Mr. Schadewald, or Mr. Spottiswood (including by agencies, representatives, or counsel), successful or unsuccessful, to communicate with any member of the press from January 1, 2024 to the present regarding this litigation or its subject matter (i.e., the India Market), including in Your response the date(s), participant(s) and form(s) of each attempted or actual communication with the press."

In response, both Millennium and the Individual Defendants arbitrarily limit the timeframe of their Responses to the period from April 5, 2024 to April 22, 2024 without explanation. This is unacceptable—such discovery is plainly potentially relevant (as it seeks information about this litigation), and Defendants identify no real burden given the limited, recent scope of the time period at issue. Please confirm that each defendant will respond to this interrogatory as posed for the full time period as requested, or be prepared to discuss the specific bases for withholding any responsive information requested by this interrogatory on the upcoming meet-and-confer.

Best,
Jeff

---

**From:** Strong, Ryan <Ryan.Strong@dechert.com>
**Sent:** Friday, June 28, 2024 6:51 PM
**To:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Deborah Brown <deborahbrown@quinnemanuel.com>; Todd Anten <toddanten@quinnemanuel.com>; Jeffrey Miller <jeffreymiller@quinnemanuel.com>; Gavin Coyle <gavincoyle@quinnemanuel.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Cc:** Rollo Baker <rbaker@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Brian Campbell <BCampbell@elsberglaw.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Chelsea Shaffer <cshaffer@elsberglaw.com>; Levander, Andrew <andrew.levander@dechert.com>; Chiang, May <May.Chiang@dechert.com>; Black, Martin <martin.black@dechert.com>; Roberts, Daniel

<Daniel.Roberts@dechert.com>
**Subject:** RE: JS v. Millennium - Individual Defendants' R&Os to First Rogs

[EXTERNAL EMAIL from ryan.strong@dechert.com]

Attached please find Millennium's R&O's to Jane Street's First Set of Interrogatories.

Best,

Ryan

**Ryan Strong**
Associate

**Dechert LLP**
212 698 3584 Office
206 604 4468 Mobile
ryan.strong@dechert.com
dechert.com

---

**From:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>
**Sent:** Friday, June 28, 2024 3:01 PM
**To:** Deborah Brown <deborahbrown@quinnemanuel.com>; Todd Anten <toddanten@quinnemanuel.com>; Jeffrey Miller <jeffreymiller@quinnemanuel.com>; Gavin Coyle <gavincoyle@quinnemanuel.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Cc:** Rollo Baker <rbaker@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Brian Campbell <BCampbell@elsberglaw.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Chelsea Shaffer <cshaffer@elsberglaw.com>; Levander, Andrew <andrew.levander@dechert.com>; Chiang, May <May.Chiang@dechert.com>; Black, Martin <martin.black@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>
**Subject:** JS v. Millennium - Individual Defendants' R&Os to First Rogs

[EXTERNAL EMAIL]

Counsel,

11

Please find attached the Individual Defendants' Responses and Objections to Jane Street's First Set of Interrogatories.

Thanks,

Alex

---

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.