# Exhibit 11

**Brian Campbell**

| | |
|---|---|
| **From:** | Alexandra Sadinsky |
| **Sent:** | Wednesday, July 17, 2024 5:25 PM |
| **To:** | Kaitlin P. Sheehan; Rollo Baker; Levander, Andrew; Chiang, May; Roberts, Daniel; Black, Martin; Brian Campbell; Kateryna Shokalo; Strong, Ryan; Vivek Tata |
| **Cc:** | QE Jane Street |
| **Subject:** | RE: JS v. Millennium: Jane Street's First Supplemental R&Os to Defs First ROGS |

Counsel,

We have reviewed Jane Street's First Supplemental Responses and Objections to Defendants' First Set of Interrogatories, dated July 12, 2024, and write regarding an ongoing deficiency with Jane Street's response to Interrogatory No. 3, which states: "Identify in detail the amount and method of computation of each category of damages alleged by You in this Action, including identifying any document(s) supporting such alleged damages."

Judge Engelmayer has made clear that Local Civil Rule 33.3(a) "tracks the mandatory disclosure in Federal Rule of Civil Procedure 26(a), which requires litigants to disclose a calculation of each category of damages and supporting documents on which the calculations are based." *Volt Elec. NYC Corp. v. A.M.E., Inc.*, 20-cv-4185 (PAE), 2020 WL 6378945, at *1 (S.D.N.Y. Oct. 30, 2020). Judge Engelmayer has also made clear that the party responding to such an interrogatory should provide some analysis regarding the computation, such as by "provid[ing] a narrative response that explains its damages calculation." *Id.* at *2. Jane Street's amended response to Interrogatory No. 3 does not comply with these legal standards.

## Compensatory Damages

Jane Street states (at pg. 14) that it "may measure compensatory damages based on, for example, its **lost profits, lost customers, lost goodwill and reputational damage, and lost business or lost business opportunities**," yet provides **no** calculations or analyses for these categories.

*Lost Profits*: Jane Street provides (at pgs. 14-15) estimates of "monthly profits from the Trading Strategy from January 2023 through April 12, 2024" and the average decline of daily profits throughout March 2024. This is insufficient for several reasons:

- *First*, Jane Street must provide an estimate of the amount of "**lost** profits" that it seeks in damages—not just an estimate of "**monthly** profits." *See Seena Int'l, Inc. v. One Step Up, Ltd.*, No. 15-cv-0195 (PKC) (BCM), 2016 WL 2865350, at *15 (S.D.N.Y. May 11, 2016) (ordering plaintiff seeking "damages that are measured in whole or in part by its own profits or lost profits" to produce "documents reflecting the expenses that were or would have been associated with the sales that [plaintiff] contends it lost").

- *Second*, Jane Street must describe its **analysis for calculating** lost profits—merely providing a total dollar figure is not enough. *See Max Impact, LLC v. Sherwood Grp., Inc.*, No. 09-cv-902(JGK)(HNP), 2014 WL 902649, at *6 (S.D.N.Y. Mar. 7, 2014) (disclosures insufficient where they "merely provided ... total dollar figures for each category of damages **and were unaccompanied**

1

*by any analysis whatsoever*" (emphasis added)); *see also Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006) ("[B]y its very terms Rule 26(a) requires more than providing—without any explanation—undifferentiated financial statements; it requires a "computation," **supported by documents**. **The need for computation and supporting documents is especially necessary in a case like this, where the damages claim is for lost profits**...." (emphasis added)).

- *Third*, to the extent that Jane Street is seeking to recover lost profits for a time period after March 2024, a calculation of lost profits limited to March 2024 is insufficient.

*Lost Customers, Lost Goodwill and Reputational Damage, and Lost Business or Lost Business Opportunities*:  Jane Street does not provide any dollar figure for these categories, much less any analysis regarding its computation.  *See Williams v. Boulevard Lines, Inc.*, No. 10-cv-2924(DF), 2013 WL 5652589, at *4 (S.D.N.Y. Sept. 30, 2013) (disclosures insufficient where plaintiff provided no dollar figures or computation of any kind to quantify the damages he was seeking).

*Investment Into Developing and Protecting the Asserted Trade Secrets*:  Jane Street states (at pg. 15) that it "may measure compensatory damages based on the amount of Jane Street's investment into developing and protecting the asserted trade secrets," which would reflect "the value of the time spent by the individuals who developed Jane Street's trade secrets" and "the capital that Jane Street deployed into trades to test and develop the trade secrets."  Again, Jane Street does not provide any dollar figure or analysis for this category—a surprising omission in light of Jane Street's allegations that it "has expended ███████████ in the creation, development, and implementation of" the Strategies and India Options Trading.  *See* Am. Compl. ¶¶ 162, 199, 213.

## Unjust Enrichment

Jane Street states (at pgs. 15-16) that it may measure unjust enrichment based on (1) "Defendants' profits earned from Defendants' use and misappropriation of Jane Street's trade secrets"; (2) "Individual Defendants' salaries, bonuses, or earnings in any form"; and/or (3) "the amount of Defendants' saved investment, also known as 'avoided costs' or 'head start,' from misappropriating Jane Street's trade secrets."

Jane Street claims (at pg. 16) that it cannot calculate damages based on Defendants' profits or Individual Defendants' salaries at this stage because "Defendants have not yet produced its trading records or profit records" and "Defendants have not yet produced earnings information."  But a party responding to an interrogatory is required to make a reasonable inquiry in order to identify and provide a complete answer based on the information reasonably known to the party or its agents.  The fact that Jane Street may, under the rules, supplement its response at a later time is not an excuse for failing to provide complete answers based on the information presently available.  In any event, Jane Street does not state that it is unable to calculate damages based on Defendants' avoided costs.  Nor could it:  Jane Street misappropriation claim is premised on trading strategies *that Jane Street developed*.  Jane Street alleges that ███████████████ in developing those strategies.  This is the type of information that is readily available to Jane Street after reasonable inquiry.  Jane Street must disclose its computation of avoided costs and analysis.

**Reasonable Royalty**

Jane Street states (at pg. 16) that it may measure damages "in the form of a reasonable royalty accounting for Defendants' misappropriation" which may reflect "the value of Jane Street's trade secrets in contributing to Defendants' trading profits." Jane Street has not identified any range of reasonable royalties or the formula on which such royalties would be calculated. And if Jane Street's theory of reasonable royalties relies on "the value of Jane Street's trade secrets," as it says it does, then Jane Street should be able to disclose its calculation of that value.

**Consequential Damages**

Jane Street's response to Interrogatory No. 3 includes one sentence regarding its claim for consequential damages (at pg. 16): "Presently, Jane Street lacks the necessary discovery from Defendants that would enable Jane Street to provide a preliminary computation of consequential damages, and thus is not subject to computation pursuant to Local Rule 33.3(a)." This is plainly insufficient. Jane Street does not state the theory on which its claim of consequential damages is based or identify the "necessary discovery from Defendants" that prevents Jane Street from providing a "preliminary computation" at this stage. If Jane Street's theory of damages relies on a calculation of consequential damages, as Jane Street says it does, Jane Street must articulate a theory and provide a computation of consequential damages that Defendants can fully explore during the course of discovery. *See Shanghai Weiyi Int'l Trade Co. v. Focus 2000 Corp.*, No. 15-cv-3533 (CM) (BCM), 2017 WL 2840279, at *4 n.8 (S.D.N.Y. June 27, 2017) (sanctioning the plaintiff for failure "to quantify (or support) its claims for 'financial charges' and 'consequential damages'").

**Exemplary/Punitive Damages**

Jane Street states (at pg. 16) that it "expects to seek exemplary/punitive damages as appropriate and to the maximum extent permitted by applicable law," yet provides no computation or analysis of exemplary/punitive damages. *See Mohr v. Sec. Credit Servs., LLC*, No. 14-cv-981 (MAD) (CFH), 2016 WL 6638198, at *6-7 (N.D.N.Y. July 6, 2016) (ordering plaintiff to provide discovery as to a calculation of his punitive damages or be precluded from "present[ing] evidence to the trier of fact regarding a specific figure as to punitive damages"). Although Jane Street states that that "pursuant to 18 U.S.C. § 1836(b)(3)(C), exemplary damages are available 'in an amount not more than 2 times the amount of the damages awarded under subparagraph (B),'" Jane Street has failed to sufficiently disclose its damages calculations for the categories that could be "awarded under subparagraph (B)," i.e., damages based on actual loss, unjust enrichment, or a reasonably royalty.

*    *    *

Defendants are entitled to receive this information from Jane Street during the fact discovery period with sufficient time to test Jane Street's damages theories through follow-up discovery requests and deposition inquiries. Please confirm Jane Street will supplement its response by no later than **Friday, July 19**. Defendants do not waive and reserve all rights.

Regards,
Alex

**From:** Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>
**Sent:** Friday, July 12, 2024 7:21 PM
**To:** Rollo Baker <rbaker@elsberglaw.com>; Levander, Andrew <andrew.levander@dechert.com>; Chiang, May <May.Chiang@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Black, Martin <martin.black@dechert.com>; Brian Campbell <BCampbell@elsberglaw.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>
**Cc:** QE Jane Street <qejanestreet@quinnemanuel.com>
**Subject:** JS v. Millennium: Jane Street's First Supplemental R&Os to Defs First ROGS

Counsel,

Please find attached Jane Street's First Supplemental Responses and Objections to Defendants' First ROGs.  Note these are designated Highly Confidential-Attorneys' Eyes Only pursuant to the Confidentiality Agreement and Protective Order (Dkt. 117).

Thanks,
Kaitlin