UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE STREET GROUP, LLC,

                            Plaintiff,

              -v-

MILLENNIUM MANAGEMENT LLC, *et al.*,

                            Defendants.

24 Civ. 2783 (PAE)

<u>ORDER</u>

PAUL A. ENGELMAYER, District Judge:

On October 1, 2024, defendants Millennium Management, LLC, Douglas Schadewald, and Daniel Spottiswood (collectively, "Millennium") moved to compel plaintiff Jane Street, LLC ("Jane Street") to supplement its response to Millennium's damages interrogatory ("Interrogatory No. 3"). Dkt. 205 at 1. On October 2, 2024, the Court denied Millennium's motion without prejudice to renewal, because Millennium's letter motion did not contain a representation that it had met and conferred in good faith with Jane Street regarding this issue, as required by Rule 2.C of the Court's Individual Rules and Practices in Civil Cases. Dkt. 207. That day, Millennium renewed its motion, representing that "[t]he parties have met and conferred but were unable to resolve their disagreement," Dkt. 209 at 1; it filed a declaration in support, Dkt. 210. On October 7, 2024, Jane Street filed an opposition, Dkt. 214, and declarations in support, Dkts. 215–216.

The Court regards the parties' dispute as implicating two categories of information covered by Interrogatory No. 3: (1) the methodology (or methodologies) by which Jane Street proposes to calculate its alleged damages, Dkt. 209 at 2; and (2) Jane Street's "estimates" or "calculations" of its alleged damages, *id.* at 3.

***Methodology:*** Millennium argues that the "basic methodology" disclosed by Jane Street does not provide it with adequate information as to its alleged damages. Dkt. 209, at 2–3 (citing Fed. R. Civ. P. 26(a) and Local Civ. R. 33.3). Jane Street does not appear to dispute that Millennium is entitled to greater information regarding its damages methodology than Jane Street has thus far furnished it. *See* Dkt. 214 at 1–3; *see also* Dkt. 210. Instead, Jane Street terms Millennium's motion "moot" because Jane Street "intends to supplement its disclosures with information obtained through [Millennium's] document productions, which should be substantially complete on October 15, 2024." Dkt. 214 at 1. As Jane Street notes, the deadline for substantial completion of document production is October 15, 2024. Dkt. 200 at 2; *see also* Dkt. 199 at 2. Jane Street notably has not set out a date by which it "intends" to make its "supplemental disclosure." Dkt. 214 at 1.

The Court finds plausible Jane Street's suggestion that it cannot commit to a damages methodology before receiving substantial document discovery. However, Jane Street's representation that it will supply this methodology at an unspecified date does not, in any respect, "moot" the motion at hand, and Jane Street's eliding on this important point is regrettable. The Court accordingly will set a firm deadline for such disclosures. The Court directs Jane Street to supplement its damages disclosures as to methodology by October 29, 2024. Specifically, by that deadline, Jane Street is to commit to and set out in detail the methodology by which it will calculate its claimed damages. To the extent that Millennium seeks to compel Jane Street to "withdraw" its damages claims due to the perceived deficiency of its disclosures to date, Dkt. 209 at 2–3, however, the Court denies Millennium's request.

***Estimates:*** Millennium also seeks disclosure of Jane Street's numeric "estimates" or "calculations" of its "alleged damages," "based on the best information now available to it." *Id.*

at 3; *see* Local Civ. R. 33.3 (restricting interrogatories, as relevant, to seeking "the computation of each category of damage alleged"). Jane Street responds that its "calculation" of damages involves, or is expected to involve, "extensive data analysis and a thorough understanding (and a potential step by step tracing) of highly complex option market transactions numbering in the millions for both Jane Street and Millennium." Dkt. 214 at 2. Jane Street further responds that "damages in this case . . . will be subject to expert analysis and opinion." *Id.*

Jane Street's representation that it is premature to ask it to commit to damages figure(s) is persuasive. As in much complex commercial litigation, the Court expects that a final tabulation of claimed damages in this case will require expert analysis that has not yet been completed and likely cannot yet be completed. However, Jane Street has not explained why it is incapable, on a periodic basis, of providing its present computations of damages "based on the best information now available to it," Dkt. 209 at 2–3, and the expectation of such is clearly consistent with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(e) ("A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—*must* supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ." (emphasis added)); *see also, e.g.*, *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295–96 (2d Cir. 2006).[1]

In light of the parties' limited submissions on this point, the Court lacks information as to the inputs necessary for Jane Street to finalize its calculations of each category of damages that it

---

[1] Jane Street generally claims that there has been some deficiency in Millennium's disclosure of its "trading data," which Jane Street appears to indicate will be an input for Jane Street's "damages analysis," Dkt. 214 at 2 n.2, but it does not explain why that purported deficiency disables it from providing some assessment as to its claimed damages.

claims. *See* Local Civ. R. 33.3. The Court is therefore ill-equipped to set a firm deadline for Jane Street's final disclosures as to these calculations. The Court directs the parties to meet and confer as to this date (or dates, if different by category of damages) and to report back to the Court by joint letter, due October 29, 2024. The Court will, however, direct Jane Street to provide interim good-faith estimates of each category of its alleged damages, including setting out the bases for these estimates, based on the data then available to Jane Street. *See, e.g.*, Fed. R. Civ. P. 26(e) (requiring supplementation or correction of disclosures "in a timely manner"); *Design Strategy*, 469 F.3d at 295 (months into fact discovery, "much greater detail than previously provided" is "necessary to satisfy Rule 26(a)"); *Lawrence v. Goals Aesthetic & Plastic Surgery*, No. 18 Civ. 8649, 2024 WL 3742398, at *7–8 (S.D.N.Y. Aug. 9, 2024) (same); *Thompson v. Jam. Hosp. Med. Ctr.*, No. 13 Civ. 1896, 2015 WL 7430806, at *2–3 (S.D.N.Y. Nov. 20, 2015) (disclosure of "more detailed calculation" of damages required as discovery progresses); *San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 222 (N.D. Cal. 2003) ("As discovery proceeds, Plaintiffs may, indeed must, supplement their initial damages disclosure to reflect the information obtained through discovery."); *Corning Optical Commc'ns Wireless Ltd. v. Solid, Inc.*, 306 F.R.D. 276, 279 (N.D. Cal. 2015) ("To be sure, new information may come to light as the case proceeds that might drastically alter [plaintiff's] position [on damages]. But Rule 26(e) provides a solution for that: supplementation."). Unless the parties agree otherwise, these estimates are to be provided monthly, at the end of each month, beginning October 31, 2024.

The Court grants Millennium's motions to seal at dockets 204 and 208. The Clerk of Court is respectfully directed to close the motions pending at dockets 204, 208, 209, and 219.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: October 9, 2024
      New York, New York