**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700

WRITER'S DIRECT DIAL NO.
**(415) 875-6325**

WRITER'S EMAIL ADDRESS
**jeffnardinelli@quinnemanuel.com**

October 10, 2024

<u>VIA ECF</u>

Hon. Paul A. Engelmayer
United States District Court,
Southern District of New York
40 Foley Square
Room 2201
New York, NY 10007

Re:   **Sealing Motion for Jane Street's Opposition to Defendants' Motion to Compel [Dkt. 214]**
<u>*Jane Street Group, LLC v. Millennium Management LLC*</u>, **No. 1:24-cv-02783 (S.D.N.Y.)**

Dear Judge Engelmayer:

We write on behalf of Plaintiff Jane Street Group, LLC ("Jane Street") in relation to the sealing letter (Dkt. 213) for Jane Street's Opposition to Defendants' Motion to Compel (Dkt. 214) and exhibits thereto (Dkts. 215, 216).

Jane Street has confirmed with Defendants Millennium Management LLC ("Millennium") and Douglas Schadewald and Daniel Spottiswood (collectively, hereinafter "Individual Defendants") that they do not oppose the proposed redactions.

The parties request that certain information containing the parties' proprietary, trade secret, and/or competitively sensitive information be sealed and redacted from the public docket. The narrow set of proposed redactions are limited to particular words, phrases, and portions of sentences that fall within the type of information that courts in the Second Circuit allow to be redacted from the public record. *See, e.g., In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1225-26 (Fed. Cir. 2013) (district court abused its discretion by denying request to seal confidential financial information). Jane Street's proposed limited

**quinn emanuel urquhart & sullivan, llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

redactions provide the public with ample information to understand the dispute. *See, e.g.*, *Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018) (permitting proposed redactions where a "member of the public reviewing the parties' redacted submissions … would have information sufficient to understand the parties' arguments and the Court's adjudication").

Jane Street has a serious and valid competitively sensitive interest in redacting and protecting its trade secrets and confidential information, including any "catnip" that could lead to interested parties deciphering those secrets. (4/19/24 Tr. at 22:12-23:9.) The importance of keeping Jane Street's proprietary and confidential information under seal cannot be overstated—this case has garnered significant media and industry attention, with media outlets reporting about the finance industry's attempts to discover Jane Street's proprietary trading strategies through the publicly available information in the pleadings. *See, e.g.*, Robin Wigglesworth, "Jane Street is big. Like, really, really big," Financial Times, April 29, 2024. (referencing "the now-legendary **Indian options** trade *that half of Wall Street is trying to unearth*.").

The parties request that the Court approve the redactions proposed in highlighting as an attachment to this letter, and identified in the table below.

| Proposed Redactions | Explanation |
|---|---|
| Dkt. 214 (Jane Street's letter brief) | The material redacted at page 1 tends to reveal competitively sensitive information about the nature of Millennium's and Jane Street's trading in the market, and Jane Street believes tends to reveal the nature of Jane Street's asserted trade secrets, including for example Trade Secret Nos. 1,3, described at Dkt. 147-8.<br><br>The redactions at page 2 are to Millennium's PNL information. |
| Dkt. 215-2 | This exhibit is nearly entirely comprised of materials tending to reveal competitively sensitive information about the nature of Millennium's and Jane Street's trading in the market, and Jane Street believes tends to reveal the nature of Jane Street's asserted trade secrets, including for example Trade Secrets Nos. 1, 2, 4, 7, 12, 13, 16, 20, and 21 described at Dkt. 147-8. |
| Dkt. 215-1, 215-3, and 215-4 (text message exchanges) | The parties have redacted personal cell phone numbers, names of third parties, and portions of text messages that are of private character that implicate the privacy interests of such third parties and are irrelevant to this dispute. *United States v. Lopez*, No. 18-CR-0609, 2022 WL 4134423 at *1 (E.D.N.Y. Sept. 12, 2022) (cleaned up) (ordering the parties to "redact from the exhibit all cell phone numbers and names of third parties, as well as any messages sent to and from any third parties not alleged to have played a role in the conspiracy" because it "is well-established that the privacy interests of innocent |

| | |
|---|---|
| | third parties . . . should weigh heavily in a court's balancing equation"); *Kafati v. Kafati*, No. 22-CV-9906 (VSB), 2022 WL 17552457 at *2, (S.D.N.Y. Dec. 9, 2022) (allowing redaction of information "irrelevant to this matter" and information that "implicates the privacy interests of third parties" that "overcome the otherwise strong presumption of public access to judicial documents"). *See also In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir.1987) ("the privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure of the Title III material should weigh heavily in a court's balancing equation in determining what portions of motion papers in question should remain sealed or should be redacted . . . . The job of protecting such interests rests heavily upon the shoulders of the trial judge, since all the parties who may be harmed by disclosure are typically not before the court."). |
| Dkt. 216 (Wazzan Declaration) | The portion sought to be redacted tends to reveal the character of Jane Street's asserted proprietary trading strategies, including Trade Secret Nos. 1-5. |

\* \* \*

The parties respectfully request that this Court approve the redactions identified above, and seal the unredacted version. The parties further respectfully request that, should the Court be inclined to view the parties' proposed redactions as excessive in any way, that the Court afford the parties further opportunity to address the Court's concerns.

Respectfully submitted,


*/s/ Jeffrey W. Nardinelli*
Jeffrey W. Nardinelli

cc:    All Counsel of Record (via ECF)

3