October 29, 2024

**VIA ECF**

Hon. Paul A. Engelmayer
United States District Court, Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re:   **Joint Update Regarding Damages**
       ***Jane Street Grp., LLC v. Millennium Mgmt. LLC*, No. 1:24-cv-02783 (S.D.N.Y.)**

Dear Judge Engelmayer:

The parties respectfully write in response to the Court's Order (Dkt. 222, the "Order") on Defendants' Letter Motion to Compel concerning Jane Street's responses to Defendants' damages interrogatory. In the Order, Your Honor directed Jane Street to supplement its damages disclosures as to methodology by October 29, 2024. Dkt. 222 at 2. The Order also stated that "the Court lacks information as to the inputs necessary for Jane Street to finalize its calculations of each category of damages that it claims… [and] is therefore ill-equipped to set a firm deadline for Jane Street's final disclosures as to these calculations." *Id.* at 3-4. Your Honor directed the parties to "meet and confer as to this date (or dates, if different by category of damages) and to report back to the Court by joint letter, due October 29, 2024." *Id.* The Order also directed Jane Street to "provide interim good-faith estimates of each category of its alleged damages, including setting out the bases for these estimates, based on the data then available to Jane Street," to be provided monthly, at the end of each month, beginning October 31, unless the parties agree otherwise. *Id.* at 4.

The parties have agreed that Jane Street will provide interim good-faith estimates of each category of its alleged damages, including setting out the bases for these estimates, based on the information then available to Jane Street, monthly, at the end of each month, beginning October 31, 2024.

The parties agree that Jane Street shall provide its final damages calculation as to damages accruing through December 13, 2024 on January 24, 2025, simultaneous with Jane Street's opening expert report deadline. The parties have also agreed to exchange raw trading data (trade-by-trade records describing relevant information for each trade) and profit-and-loss ("PNL") data updated through December 13, 2024, according to the following schedule:

| 11/18/2024 | Trading and PNL data updated through 10/31/2024 |
| 12/30/2024 | Trading and PNL data updated through 12/13/2024 |

***Defendants' Position Regarding Potential Additional Discovery:*** Defendants believe that, depending on the damages theories that Jane Street discloses, additional document discovery will likely be necessary to contest Jane Street's damages claim. Moreover, Defendants do not believe that Jane Street can establish liability or damages for any periods based solely on trading data and PNL data, including because Jane Street's PNL data provided to date (i) is not clearly attributable to any trade secret or strategy; and (ii) includes profits and losses from strategies that Jane Street

does not claim as trade secrets in this case. The parties have agreed to meet and confer promptly after Jane Street serves its October supplemental damages disclosures to discuss the scope of any additional continuing discovery.

***Jane Street's Response***: As to Defendants' expectation that "additional document discovery" will be "necessary" following Jane Street's third supplemental damages disclosure, Jane Street is doubtful given the enormous volume of documents already produced, but will of course listen to any of Defendants' requests. As to the evidence that Jane Street will use to support liability and damages, Jane Street never said it will establish liability or damages "based solely on trading data and PNL data." Those are important components, however, because together they reveal every trade made by both parties and the profitability of those trades.

The parties disagree on the procedure that should apply if Jane Street seeks to pursue damages after December 13, 2024 (the cutoff date for the information disclosures described above).

***Jane Street's Position On Post-December 13 Damages***. Jane Street agrees to a December 13, 2024 damages cutoff as a practical necessity; it would be difficult for the parties' experts to submit expert reports against an ever-evolving record. However, Jane Street expects that further discovery, including upcoming depositions, will reveal that Defendants are continuing the conduct that Jane Street alleges to be improper. Should that prove to be the case, Jane Street reserves the right to seek damages beyond December 13, 2024, as long as that can be reasonably accomplished.

In any event, it is premature to resolve this issue now because Jane Street's position regarding post-December 13, 2024 damages will depend on the substantial discovery and expert analysis that are ongoing in this Action. Indeed, if the damages theories that Jane Street ultimately puts forward on January 24, 2025 require additional discovery that make them too unwieldly to practically extend the damages date beyond December 13, 2024, then Jane Street will not seek damages beyond December 13, 2024 in this Action. However, at this point, given the stage of the case, Jane Street is unable to determine whether such calculations would be possible and thus reserves all of its rights with respect to damages. Nor will Jane Street be in position to make that determination by December 20, 2024. Defendants' request that Jane Street be ordered to file a motion to "extend the cutoff date" by December 20, 2024, which is more than a month before the deadline for Jane Street's opening expert reports, is unreasonable and prejudicial. As Defendants are well aware, there is *a lot* of work that goes into preparing a damages expert report after the close of fact discovery, particularly in a complex case like this. Accordingly, Jane Street requests that the Court direct the parties to meet and confer regarding the damages cutoff date no later than February 7, 2025, which is two weeks after Jane Street's opening expert report on damages, and provide an update to the Court by joint letter on February 14, 2025. That will provide plenty of time for any necessary additional discovery. For example, both parties have already established that they are able to provide up to date PNL data and raw trading data in a matter of days. Supplementing that data, coupled with the other documents and testimony already in the record, may prove sufficient to establish damages beyond December 13, 2024.

***Defendants' Position On Post-December 13 Alleged Damages***. Defendants believe that a cutoff date for alleged damages and liability will be necessary in this case. As the Court recognized at the July 19th conference, "at some point the merry-go-round has to stop." Dkt. 178-1 at 18. The

2

parties have agreed to a certain subset of discovery (and have agreed to confer in good faith regarding the full scope of additional necessary discovery) through December 13, 2024. Defendants believe it is highly unlikely that either liability or damages can be proved for periods after the cutoff date without meaningful discovery. This action is not analogous to a trade secret case in which a defined component within a consumer product could be declared to infringe, and supplemental damages discovery consists simply of updated sales records. The alleged trade secrets in this case are incredibly dynamic, changing on a daily (if not hourly or minute by minute) basis largely based on a complex, serially re-trained machine learning model (to which Defendants have no access, as Jane Street has previously conceded), and do not lend themselves to such neat categorization.

The Court has recognized that Plaintiff may seek to extend the date if it "ha[s] a good faith basis to believe that essentially the same conduct replicates itself afterward," though the Court "will view it with some skepticism, because at the end of the day we need to have a fixed universe here." *Id.* at 18. Defendants believe that, should Jane Street elect to seek damages after December 13, 2024, it should request to extend the cutoff date by letter motion no later than December 20, 2024, to which Defendants will respond no later than December 31, 2024. It is imperative that Plaintiff make this determination promptly so that issue can be presented to the Court and, if granted, the parties can arrange for whatever supplemental discovery will be necessary to prove or contest liability and damages. Plaintiff's proposal would keep the "merry-go-round" of interminable discovery in motion for at least an additional six weeks above Defendants' proposal. Moreover, Defendants' proposed timeline does not require Plaintiff to conduct the entirety of its damages analysis by December 20—it merely requires that Defendants make a motion to extend the cutoff date. Depositions will be complete by December 13, so this deadline provides Plaintiff ample time to determine if it wants to pursue later-in-time liability and damages based on the fact discovery record.

Respectfully submitted,

| | | |
|---|---|---|
| */s/ Deborah K. Brown* | */s/ May Chiang* | */s/ Rollo Baker* |
| Deborah K. Brown | May Chiang | Rollo Clyde Baker, IV |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | DECHERT LLP | ELSBERG BAKER & MARURI PLLC |
| 51 Madison Ave., 22nd Floor | 1095 Avenue of the Americas | One Penn Plaza, Ste 4015 |
| New York, NY 10011 | New York, NY 10036 | New York, NY 10119 |
| deborahbrown@quinnemanuel.com | andrew.levander@dechert.com | rbaker@elsberglaw.com |
| | | |
| *Counsel for Plaintiff Jane Street Group, LLC* | *Counsel for Defendant Millennium Management LLC* | *Counsel for Individual Defendants* |

cc: All Counsel of Record (by ECF)

The Court thanks the parties for this status update. The Court sides with defendants as to the deadline by which plaintiff may seek an extension of the present December 13, 2024 cut-off date for liability and damages. *See* Dkt. 178-1 at 18–20. By that date, which is also the deadline for the completion of fact discovery, Dkt. 200 at 2, plaintiff should have sufficient information to determine whether to seek an extension of the cut-off date. Should plaintiff determine to do so, it must file a motion to that effect by December 20, 2024. Upon the receipt of such motion, the Court will solicit the parties' views as to an appropriate and orderly briefing schedule.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: November 1, 2024
       New York, New York