**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7116**

WRITER'S EMAIL ADDRESS
**deborahbrown@quinnemanuel.com**

November 15, 2024

Hon. Paul A. Engelmayer
United States District Court,
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re:   **Sealing Motion for Jane Street's Motion for Protective Order [Dkt. 232],**
       *Jane Street Group, LLC v. Millennium Mgmt. LLC, et al.*, **No. 1:24-cv-2783 (S.D.N.Y.)**

Dear Judge Engelmayer:

We write on behalf of Plaintiff Jane Street Group, LLC ("Jane Street") in relation to the sealing letter (Dkt. 229) for Jane Street's Motion for Protective Order (Dkt. 232) and exhibits thereto (Dkts. 233, 233-1, 233-2, 233-3, 233-4).

Jane Street has confirmed with Defendants Millennium Management LLC ("Millennium"), Douglas Schadewald, and Daniel Spottiswood (together with Millennium, "Defendants") that they do not oppose the proposed redactions.

Jane Street requests that certain information containing Jane Street's proprietary, trade secret, and competitively sensitive information be sealed and redacted from the public docket. The narrow set of redactions Jane Street seeks are limited to particular words, phrases, and portions of sentences that fall within the type of information that courts in the Second Circuit allow to be redacted from the public record. *See, e.g., In re. Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1225-26 (Fed. Cir. 2013) (district court abused its discretion by denying request to seal confidential financial information). Jane Street's proposed limited redactions provide the public with ample information to understand the dispute. *See, e.g., Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018) (permitting proposed redactions where a "member of the public reviewing the parties' redacted submissions … would have information sufficient to understand the parties' arguments and the Court's adjudication").

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

Jane Street has a serious and valid competitively sensitive interest in redacting and protecting its trade secrets and confidential information, including any "catnip" that could lead to interested parties deciphering those secrets. (4/19/24 Tr. at 22:12-23:9.) The importance of keeping Jane Street's proprietary and confidential information under seal cannot be overstated—this case has garnered significant media and industry attention, with media outlets reporting about the finance industry's attempts to discover Jane Street's proprietary trading strategies through the publicly available information in the pleadings. *See, e.g.*, Robin Wigglesworth, "Jane Street is big. Like, really, really big," Financial Times, April 29, 2024. (referencing "the now-legendary **Indian options** trade *that half of Wall Street is trying to unearth*.").

The parties request that the Court approve the redactions proposed in highlighting as an attachment to this letter, and identified in the table below.

| **Proposed Redactions** | **Explanation** |
|---|---|
| Dkt. 233-1 (Reference Chart)<br><br>Dkt. 233-2 (Defendants' 30(b)(6) Notice) at 2 and 7<br><br>Dkt. 233-3 (Defendants' First Set of RFP) at 3-4, 18 | The material redacted relate to or tend to reveal Jane Street's proprietary and commercially sensitive information, including the names and email lists of people at Jane Street who have contributed to Jane Street's proprietary trading strategies. Their names, in relation to Defendant's Topic No. 25, is sensitive information that implicates the privacy interests of such employees and is irrelevant to this dispute. *See, e.g., United States v. Lopez*, 2022 WL 4134423 at *1 (E.D.N.Y. Sept. 12, 2022) (ordering the redaction of names because it "is well-established that the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation"); *Kafati v. Kafati*, 2022 WL 17552457 at *2, (S.D.N.Y. Dec. 9, 2022) (allowing redaction of information "irrelevant to this matter" and information that "implicates the privacy interests of third parties" that "overcome the otherwise strong presumption of public access to judicial documents"). |
| Dkt. 233-2 (Defendants' 30(b)(6) Notice) at 7 | The material redacted reveals and reflects the identity of the public relations firm and its personnel involved in Jane Street's media strategy. |
| Dkt. 233-2 (Defendants' 30(b)(6) Notice) at 2-5<br><br>Dkt. 233-3 (Defendants' First Set of RFP) at 3, 8-11<br><br>Dkt. 233-4 (Email Chain Between A. | The material redacted relates to or tends to reveal elements of Jane Street's trade secret trading strategies, including but not limited to the characters and implications of Jane Street's asserted proprietary trading strategies and Jane Street's proprietary research used to develop those strategies. |

2

| | |
|---|---|
| Sadinsky and K. Sheehan) | |

*   *   *

The parties respectfully request that this Court approve the redactions identified above, and seal the unredacted version. The parties further respectfully request that, should the Court be inclined to view the proposed redactions as excessive in any way, the Court afford the parties further opportunity to address the Court's concerns.

Respectfully submitted,

*/s/ Deborah K. Brown*
Deborah K. Brown

cc:   All Counsel of Record (via ECF)