**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

November 12, 2024

Hon. Paul A. Engelmayer
United States District Court for the Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re:   *Jane Street Group, LLC v. Millennium Mgmt. LLC et al.*, No. 1:24-cv-02783 (S.D.N.Y.)

Dear Judge Engelmayer:

We write on behalf of Plaintiff Jane Street Group, LLC to seek a protective order that: (1) strikes certain of Defendants' Rule 30(b)(6) deposition topics ("Topics"); and (2) bars Defendants from inquiring into the same subjects in Rule 30(b)(1) depositions. On October 30, 2024, the parties exchanged 30(b)(6) deposition notices including Topics for corporate witnesses; on November 4, 2024, the parties exchanged supplemental 30(b)(6) notices; and on November 8, 2024, the parties exchanged objections and responses to those notices. In accordance with Individual Rule 2(C), on November 12, 2024, the parties met and conferred by telephone, but are at impasse.

The first deposition of a Jane Street corporate witness is scheduled to take place on **November 20, 2024**; thus Jane Street respectfully requests that the Court issue a ruling on this motion prior to that date so that 30(b)(6) and 30(b)(1) depositions may proceed in an orderly fashion. The objectionable Topics for which Plaintiff seeks a protective order are:

- Topic 17: Compensation and retention policies, and performance incentives and non-compete agreements, for *all* Jane Street employees.
- Topics 18 and 25: Compensation, ratings, reviews, and performance evaluations for *all* Jane Street employees, and compensation in particular for nine Jane Street personnel.
- Topics 23 and 24: Departures or potential departure by *any* Jane Street trader or manager and *any* adverse action taken or considered for *any* former employee.

Ex. A (chart). On July 19, 2024, this Court held a conference addressing Defendants' motion to compel the production of documents on similar topics. For example, in its July 22, 2024 Order (Dkt. 162), the Court held that employment decisions for Jane Street employees *other* than the Individual Defendants are "overbroad" and not relevant. *Id*. at 4. And when ruling on Jane Street's prior motion to strike affirmative defenses, the Court relied on the importance of "streamlin[ing] the litigation and prevent[ing] the imposition of potential undue burdens on Jane Street," Dkt. 142 at 7, including "by opening up otherwise irrelevant subjects for discovery," *id*. at 10.

Defendants nonetheless persist in pursing discovery into these Topics—not because they relate to any claims or defenses (they don't)—but because Defendants know they are highly sensitive subjects, with even greater sensitivity because Jane Street would be required to disclose this competitively sensitive information, such as all employee compensation data, to a direct competitor. Given that the Court already found this information to be irrelevant, Defendants' purpose appears to be to cause Jane Street the most competitive harm possible as punishment for

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

prosecuting its claims. Defendants' attempt to obtain in depositions the same information that was *already* denied by the Court is an attempt at a workaround this Court's orders and should not be countenanced. The Court should grant a protective order: (1) relieving Jane Street from designating 30(b)(6) witnesses on Topics 17, 18, 23, 24, and 25; and (2) barring Defendants from pursuing the same lines of irrelevant questions during 30(b)(1) fact witness depositions.

I. <u>**Legal Standard**</u>

Rule 30(b)(6) deposition notices are subject to limitations under Rule 26. *City of N.Y. v. Fedex Ground Package Sys., Inc.*, 2016 WL 1718261, at *5 (S.D.N.Y. Apr. 27, 2016). Rule 26(b)(1) allows discovery of nonprivileged matters that are relevant to the parties' claims and defenses and proportional to the needs of the case. *Id.* "The burden of demonstrating relevance is on the party seeking discovery." *Id.* Under Rule 26(c), "[a] court may, for good cause, issue an order to protect a party … from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26. To overcome the presumption of permissive discovery, the harassment or oppression needs to be unreasonable. *See Corbett v. Free Press Ass'n*, 50 F.R.D. 179, 181 (D. Vt. 1970). "Thus even very slight inconvenience may be unreasonable if there is no occasion for the inquiry and it cannot benefit the party making it." 8A Fed. Prac. & Proc. § 2036 (3d ed. 2024). For example, courts in this District will not hesitate to grant a protective order to strike 30(b)(6) topics that are "not relevant to the current … phase of this litigation." *Sanofi-Synthelabo v. Apotex Inc.*, 2009 WL 5247497, at *2-3 (S.D.N.Y. Dec. 30, 2009) (citing *Jones v. Hirschfeld*, 219 F.R.D. 71, 78 (S.D.N.Y. 2003)).

Courts also have the discretion to grant a protective order barring a party from inquiring into particular issues during a fact witness deposition under Rule 30(b)(1) if the topic is irrelevant to the case and is directed to the annoyance, embarrassment, oppression, or undue burden or expense of the deponent. *Id.* at *2 (granting protective order barring party from taking Rule 30(b)(1) fact depositions where court determined, based on party's representations, that it intended to pursue irrelevant topics); *see also, e.g., E-Z Dock, Inc. v. Snap Dock, LLC*, 2023 WL 1219460, at *2 (S.D. Ind. Jan. 30, 2023) (protective order barring party from on certain subjects in 30(b)(1) deposition).

II. <u>**The Court Should Strike Topics 17, 18, 23, 24 & 25 Of Defendants' 30(b)(6) Notice**</u>

***Jane Street's employment practices as applied to employees other than the Individual Defendants***: The objectionable Topics seek corporate testimony on a variety of Jane Street's employment practices, including, among other things, compensation and performance evaluations for ***all*** Jane Street employees, and ***all*** employee departures. *See* Ex. B (Nos. 17, 18, 23-25). Defendants bear the burden of proving the relevance of this discovery, but they cannot do so. Defendants previously sought documents related to these same topics. Ex. C (RFPs 16, 15, 21). In response, Jane Street agreed to produce documents to the extent they related to the Individual Defendants. Dkt. 147-3 (R&Os to D's First Set of RFPs). Defendants moved this Court to compel the production of documents responsive to RFP 21 (seeking documents related to all employee departures), arguing that these documents were necessary to probe whether Jane Street filed this suit to "chill their employees' desire to move to a competitor." Dkt. 180-1 at 50:21-51:2. But Jane Street has every right to defend its intellectual property rights. In its ruling on the motion, the Court held that inquiry into "***any*** employees' ***actual*** or prospective departure—was overbroad,"

2

and limited the RFP to the Individual Defendants. Dkt. 162 at 4. By contrast, it permitted discovery into the rating, performance, valuation, review, and compensation "for the [I]ndividual [D]efendants." *Id.* at 3. Yet through their 30(b)(6) Topics, Defendants seek an end-run around the Court's rulings to obtain the same information for all employees through a corporate witness. This raises the same relevance and burden issues that the Court already considered and credited. Nor have Defendants articulated a new basis for the relevance of Topics 17, 18, 23, 24, and 25 for employees other than the Individual Defendants.[1]

### III. The Court Should Preclude Defendants From Questioning Jane Street's Fact Witnesses On Matters The Court Already Ruled Are Not Relevant

Given Defendants' persistence in pursuing the disclosure of highly competitive and sensitive information—even ***after*** the Court found the information to be irrelevant—Jane Street understands that Defendants intend to use the 30(b)(1) deposition process to try to force the disclosure of this information. Ex. D (Defendants' intent to ask questions on these topics in 30(b)(1) depositions). The Court should reject Defendants' "workaround to try to get discovery" the Court ***already*** expressly denied. *E-Z Dock, Inc.*, 2023 WL 1219460 (precluding irrelevant 30(b)(1) questions); *Sanofi-Synthelabo*, 2009 WL 5247497, at *2 (similar). The information targeted in the objectionable Topics is not only irrelevant to any claims or defenses in this Action, but also squarely directed to harass, embarrass, and oppress Jane Street. "[T]ermination and disciplinary records, … compensation information and employment applications … often implicate privacy concerns and have the potential to embarrass the subject employee if revealed." *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 74 (S.D.N.Y. 2010). Moreover, Defendants' new position that this employment information is relevant to "Jane Street's bad faith" (Ex. D) is frivolous. Finally, the information at issue is concrete and targeted, limited to the Topics above (other than as it pertains to the Individual Defendants). The Court should therefore bar Defendants from questioning Jane Street's 30(b)(1) witnesses about these Topics.

Respectfully submitted,

*/s/ Deborah K. Brown*
Deborah K. Brown

cc: All Attorneys of Record (Via ECF)

---

[1] In the parties' meet-and-confer, Defendants suggested that Jane Street verbally represented on June 28 that discovery into other employees' compensation is an appropriate deposition topic. Not so. In the context of a (now moot) negotiation related to certain RFPs, Defendants' counsel self-summarized a call and noted that Jane Street mentioned that asking a witness about his/her compensation may be an appropriate way to ascertain that information. Regardless, Jane Street's position on this issue was set forth in the parties' subsequent briefing and argument on the motion to compel where Jane Street's position was clearly that such information is irrelevant.