# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE STREET GROUP, LLC,<br><br>        *Plaintiff*,<br><br>  v.<br><br>MILLENNIUM MANAGEMENT LLC, DOUGLAS SCHADEWALD, and DANIEL SPOTTISWOOD<br><br>        *Defendants*. | Case No. 24-CV-02783<br>Hon. Paul A. Engelmayer |

## SUPPLEMENTAL NOTICE OF DEPOSITION OF
## <u>CORPORATE REPRESENTATIVE OF JANE STREET GROUP, LLC</u>

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants, by and through their undersigned counsel, will take the deposition upon oral examination of the person(s) designated by Jane Street Group, LLC, with respect to the topics set forth below. The deposition will take place at a time and date to be mutually agreed by the parties, before a Notary Public or other person authorized by law to administer oaths. The deposition will take place at the offices of Elsberg, Baker & Maruri PLLC, at One Penn Plaza, 40th Floor, New York, New York. The deposition will be recorded by stenographic means and videotaped. You are invited to attend and cross-examine.

    Defendants reserve the right to seek relief from the court in the event that the designated deponent is not properly prepared to testify on behalf of Jane Street Group, LLC, with respect to each of the identified topics.

1

## **RULE 30(b)(6) TOPICS**

### **DEFINITIONS**

1. "Action" refers to the above-captioned action.

2. The "Alleged Trade Secrets" are each alleged trade secret identified in the Trade Secret Identification.

3. "Amended Complaint" refers to Plaintiff's Amended Complaint dated April 26, 2024, filed in this Action, including all exhibits, appendices, or documents incorporated by reference therein.

4. "India Options Trading" refers to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ on any exchange in India.

5. "Individual Defendants" refers to Douglas Schadewald and Daniel Spottiswood.

6. "Interrogatory Responses" refers to Jane Street's Second Supplemental Responses and Objections to Defendants' First Set of Interrogatories, dated July 31, 2024, and any subsequent amendments or supplementations thereof.

7. "▮▮▮▮ Declaration" refers to ▮▮▮▮▮▮▮ declaration of April 17, 2024, filed in support of Plaintiff's proposed order to show cause for a temporary restraining order, expedited limited discovery, and an expedited preliminary injunction hearing.

8. "Plaintiff," "You," and "Jane Street" refer to Jane Street Group, LLC, and its officers, directors, managers, members, employees, partners, corporate parent, subsidiaries, affiliates, agents, representatives, consultants, advisors, attorneys, and any person acting or purporting to act on Your behalf.

9. "Trade Secret Identification" means Jane Street Group, LLC's First Amended Identification of Trade Secrets (July 2, 2024), Jane Street Group, LLC's Initial Identification of Trade Secrets (May 23, 2024), and any subsequent amendments or supplementations thereof.

## TOPICS

1. Each Alleged Trade Secret identified in the Trade Secret Identification, including:

   a. The development and implementation of each Alleged Trade Secret;

   b. The extent to which the Alleged Trade Secret was developed for, or used in, other markets beyond India Options Trading.

   c. The date of discovery of each Alleged Trade Secret;

   d. The capital expended in the development of each Alleged Trade Secret and the manner in which such capital was expended;

   e. Any non-monetary resources committed to develop each Alleged Trade Secret and the monetary value of such non-monetary resources;

   f. The personnel involved in the development of each Alleged Trade Secret and the role and contribution of each such person;

   g. Any market assumptions or beliefs underlying each Alleged Trade Secret;

   h. Any signals, conditions, triggers or other input information associated with or relied upon to implement each Alleged Trade Secret, including the source and development of each such signal, condition, trigger, or other input information;

   i. Any entry rules, exit rules, or other action to be taken by Jane Street in response to a signal, condition, trigger, or other input information pursuant to each Alleged Trade Secret;

   j. Any ███████████████ associated with each Alleged Trade Secret;

3

k. ███████████████████████████████████████ associated with each Alleged Trade Secret;

l. Any execution strategy associated with each Alleged Trade Secret;

m. Any performance metrics or evaluation methodologies used by Jane Street in connection with each Alleged Trade Secret and the results of such performance metrics or evaluation methodologies for each Alleged Trade Secret;

n. Any cancellation, revision, adaptation, re-training, or other modification to each Alleged Trade Secret, and the frequency or pace of any such revision, adaptation, re-training or other modification;

o. Any tools, systems, or infrastructure used in connection with each Alleged Trade Secret.

2. Jane Street's PNL for its India Options Trading and any other markets in which it contends the Alleged Trade Secrets are used, including the specific portions of Jane Street's PNL that are attributable to each Alleged Trade Secret and how such attribution is calculated, and including the extent to which this PNL or any portion thereof has been known by or disclosed to others outside of Jane Street.

3. Jane Street's ████████████████████████████████████████████████████████████████████████████████████

4. All portfolios, accounts, or subaccounts used by Jane Street in connection with India Options Trading, including all portfolios identified in columns C and D of the "Portfolios" tab of JS02860726 and the "account" field of JS02969443, and including the Alleged Trade Secret to which each portfolio, account, or subaccount relates.

4

5. Jane Street's knowledge or belief as to strategies, techniques, tendencies of, or positions held by any Person (such an individual or firm) or group of Persons (such as retail traders or institutional investors) other than Jane Street with respect to India Options Trading.

6. Jane Street's recruitment for positions related to India Options Trading, including information provided to recruiters, potential recruits, or the public, and information provided by recruiters or potential recruits.

7. The recruitment and hiring of either Individual Defendant by Jane Street.

8. Any restrictive covenants, including any nondisclosure, confidentiality, noncompete, non-solicit, garden leave, sunset, or non-interference agreement, between Individual Defendants and Jane Street, whether currently in effect or lapsed, expired, or sunsetted.

9. Jane Street's statements to its employees concerning any noncompetition obligations (or the absence of any noncompetition obligations) to Jane Street, and any changes or potential changes to Jane Street's restrictive covenants, including noncompete obligations.

10. Jane Street's consideration of any changes or potential changes to Jane Street's restrictive covenants, including noncompete obligations.

11. Jane Street's development and implementation of risk limits concerning its India Options Trading from January 1, 2023 to the present.

12. Jane Street's trading in India on March 6, 2024, and March 28, 2024.

13. Any interruption in broker services by ███████████████████████████████████████████████████████████████████████████, including the causes thereof and the method of determining such cause(s).

14. Your understanding of how ███████████████████████████ ███ relating to India Options Trading.

5

15. Jane Street's purported lost profits coinciding with Individual Defendants' trading at Millenium, including the factors Jane Street considered in determining that Individual Defendants have caused Jane Street's alleged lost profits.

16. Jane Street's discussions, evaluations, and decisions concerning each Individual Defendant's compensation and review.

17. Jane Street's discussions and decisions concerning compensation and retention policies, including performance incentives and non-compete agreements, for year-end 2023 and year-end 2024.

18. Jane Street's rating, performance evaluation, review, and compensation decisions for year-end 2023 of Jane Street personnel involved in trading, research, development, or oversight of India Options Trading or personnel involved in the Alleged Trade Secrets.

19. Jane Street's knowledge concerning the possibility that either Individual Defendant would leave Jane Street.

20. Jane Street's knowledge of Individual Defendants' personal or professional plans following their departure from Jane Street, including the means by which Jane Street obtained such knowledge.

21. Jane Street's investigation, analysis, and/or knowledge of any India Options Trading activity it knew or believed may have been conducted by Individual Defendants or Millennium, including the means by which Jane Street obtained such knowledge or belief.

22. Jane Street's investigation into Individual Defendants, including investigation into any of Individual Defendants' acts using Jane Street information technology, and Jane Street's forensic investigation into Individual Defendants.

23. Departures or potential departures by traders or personnel with supervisory responsibility for traders since November 1, 2023, and any action considered or taken by Jane Street in response.

24. Adverse actions taken or considered by Jane Street with respect to any former employee, including letters, correspondence, or legal action.

25. The amount of income, profits, or compensation received by the following individuals for 2022, 2023, and to-date 2024 relating to Jane Street activities, including the amount which is attributable to Indian Options Trading: ████████████████████████████████

████████████████████████████████████████

26. Jane Street's media strategy in connection with this Action, Mr. Schadewald, or Mr. Spottiswood, including any communications (whether by Jane Street or by any agent of Jane Street) with any member of the media.

27. Jane Street's retention of ████████████ in connection with this Action, including the date of ████████████'s retention and the terms of the engagement.

28. Jane Street's decision to initiate the Action.

29. Jane Street's efforts to maintain secrecy over the Alleged Trade Secrets.

30. Jane Street's policies and practices with respect to retention of documents and information, including any policies with respect to communication on personal devices, any IT retention holds, and any litigation hold issued in connection with this Action.

31. The basis for all allegations in the Amended Complaint.

32. The basis for and preparation of Jane Street's Interrogatory Responses.

33. Jane Street's alleged damages, including the basis therefor and method of calculating.

34. Any "adjustments" or "alterations" to Jane Street's trading in India during or after March, 2024, including any adjustments or alterations referred to in Jane Street's Fourth Supplemental Responses and Objections to Defendants' First Set of Interrogatories (at pp. 20-21) and any documents reflecting such adjustments or alterations.

35. Jane Street's assertion that Defendants' trading was the cause of any reduction in Jane Street's profits in March, 2024, and any documents supporting such assertion.

36. Any changes since February, 2024, in the markets in which Jane Street uses the Alleged Trade Secrets.

37. Any trading activities in Indian markets which Jane Street believes Defendants could undertake without violating any contractual obligation to, or intellectual property rights of Jane Street.

38. All communications by Jane Street or its employees or agents with any third party concerning this Action, or the subject matter of this Action.

Dated: November 4, 2024
New York, New York

| **DECHERT LLP** | **ELSBERG BAKER & MARURI PLLC** |
|---|---|
| By: /s/ *May Chiang* | By: */s/ Rollo C. Baker* |
| Andrew J. Levander | Rollo C. Baker |
| May Chiang | David Elsberg |
| 1095 Avenue of the Americas | Vivek Tata |
| New York, NY 10036 | Brian R. Campbell |
| andrew.levander@dechert.com | Alexandra Sadinsky |
| may.chiang@dechert.com | Shams Hirji |
| | Kateryna Shokalo |
| Martin J. Black (*pro hac vice* forthcoming) | One Penn Plaza, Suite 4015 |

Daniel R. Roberts
Cira Centre
2929 Arch Street
martin.black@dechert.com
daniel.roberts@dechert.com

*Counsel for Millennium Management LLC*

New York, NY 10119
rbaker@elsberglaw.com
delsberg@elsberglaw.com
vtata@elsberglaw.com
bcampbell@elsberglaw.com
asadinsky@elsberglaw.com
shirji@elsberglaw.com
kshokalo@elsberglaw.com

*Counsel for Defendants Douglas Schadewald and Daniel Spottiswood*