# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE STREET GROUP, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>MILLENNIUM MANAGEMENT LLC, DOUGLAS SCHADEWALD, and DANIEL SPOTTISWOOD<br><br>*Defendants.* | Case No. 24-CV-02783<br>Hon. Paul A. Engelmayer |

### DEFENDANTS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO JANE STREET

Pursuant to Federal Rules of Civil Procedure 26 and 34, Local Civil Rules 26.3 of the Southern District of New York, and any other applicable federal or local rules, Defendants Douglas Schadewald ("Schadewald") and Daniel Spottiswood ("Spottiswood," and together with Schadewald, "Individual Defendants") and Millennium Management LLC ("Millennium," and together with Individual Defendants, the "Defendants") by and through counsel, Elsberg Baker & Maruri PLLC and Dechert LLP, demand that Plaintiff Jane Street Group LLC ("Plaintiff" or "Jane Street") produce for inspection and copying all documents responsive to the following individual requests (collectively, the "Requests"), at the offices for the undersigned counsel.

### DEFINITIONS

Unless otherwise indicated, the following definitions shall apply to these Requests, unless the context requires otherwise. Nothing set forth below is intended to narrow the scope of discovery permitted by Federal Rules of Civil Procedure 26 and 34 and Local Civil Rule 26.3, and any other applicable federal or local rules, and the Requests should be read as broadly as permitted by those rules:

1. "Action" refers to the above-captioned action.

2. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

4. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5. "Amended Complaint" refers to Plaintiff's Amended Complaint dated April 26, 2024, filed in this Action, including all exhibits, appendices, or documents incorporated by reference therein.

6. "Concerning" means relating to, referring to, describing, evidencing or constituting.

7. "Document" is to be interpreted in the broadest possible sense and includes any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, software, code, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

8. "Electronically stored" shall be afforded the broadest possible definition and shall include any information stored electronically, magnetically, or optically, including (by way of example and not as an exclusive list): (a) digital communications (e.g., email, text messages, Slack messages, voice mail, instant messaging); (b) word-processed documents (e.g., Word documents and drafts); (c) spreadsheets and tables (e.g., Excel worksheets); (d) accounting application data

(e.g., QuickBooks files); (e) image and facsimile files (e.g., .pdf, .tiff, .jpg, .gif images); (f) sound recordings (e.g., .wav and .mp3 files); (g) video and animation (e.g., .avi and .mov files); (h) databases (e.g., Access, Oracle, SAP, SQL server data); (i) contact (e.g., Outlook .pst, blog tools); (k) online access data (e.g., temporary internet files, history, cookies); (l) presentations (e.g., PowerPoint); (m) network access and server activity logs; (n) project management application data; (o) computer aided design/drawing files; and (p) backup and archival files (e.g., .zip), (q) or any other software format in which information may be contained.

9. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

10. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

11. The word "including" means "including without limitation" or "including, but not limited to."

12. "India Options Trading" refers to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ on any exchange in India.

13. "Listserv" means any electronic mailing list, Slack group, or any other discernible regular collection of recipients for any form of communication, including e-mail lists at the following addresses: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

3

███████████████████████████████████████████

████████████████████████████████

14. "█████ Declaration" refers to ██████████ declaration of April 17, 2024, filed in support of Plaintiff's proposed order to show cause for a temporary restraining order, expedited limited discovery, and an expedited preliminary injunction hearing.

15. "Plaintiff," "You," and "Jane Street" refer to Jane Street Group, LLC, and its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, agents, representatives, consultants, advisors, attorneys, and any person acting or purporting to act on Your behalf.

16. A "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

17. The "Instruments" refers to the Confidentiality and Intellectual Property Agreement dated as of December 22, 2023, between Schadewald and Jane Street, the Employment Offer Letter dated as of July 11, 2018, between Schadewald and Jane Street, the Notice, Non-Interference and Restricted Trading Agreement dated as of July 18, 2018, between Schadewald and Jane Street, the Separation Letter dated as of February 7, 2024, between Schadewald and Jane Street, the Confidentiality and Intellectual Property Agreement dated as of August 17, 2020, between Spottiswood and Jane Street, the Employment Offer Letter dated as of August 27, 2019, between Spottiswood and Jane Street, the Separation Letter dated as of March 4, 2024, between Spottiswood and Jane Street, and any agreement between You and either Individual Defendant not previously identified.

18. The "Strategies" refers to any or all of the Trading Strategy alleged in the Amended Complaint, the alleged trade secrets identified in Jane Street's Identification of Trade Secrets dated

May 23, 2024, the codenamed strategies listed at paragraph 52 of the Amended Complaint, and the alleged strategies in paragraphs 12-14 of the ▮▮▮▮ Declaration.

19. The use of the singular form of any word includes the plural and vice versa.

20. The use of the masculine includes the feminine, and the use of the feminine includes the masculine.

## INSTRUCTIONS

A. In responding to these document requests, you shall produce all responsive Documents and tangible things which are in your possession, custody, or control or in the possession, custody, or control of your current or former directors, officers, partners, members, employees, advisors, agents, representatives, subsidiaries, managing agents, affiliates, attorneys, accountants, auditors, investigators, servants, or other persons acting or purporting to act on your behalf. A document shall be deemed to be within your control if you have the right to secure the document or a copy of the document from another person having possession or custody of the document, or if the document is deemed to be within your control under applicable law. If a document is responsive to the requests and is not in your control, identify the person or entity (by name, business address and residential address, occupation, and job title) having possession or custody.

B. Your obligations pursuant to the document requests are not limited or affected by the availability of any document or communication through any other source. The fact that a document or communication is produced by another person does not relieve you of your obligation to produce your iteration of that document or communication, even if identical in all respects.

C. Each requested document shall be produced in its entirety, along with any attachments, drafts, and non-identical copies, including copies that differ by virtue of handwritten or other notes or markings.

D. If any portion of any document or communication is responsive to any request, the entire document or communication, including any attachments or disclosures, must be produced. If a document responsive to the document requests cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

E. All documents and communications should be produced in their original form, as they are maintained in the ordinary course of business, including in the sequence in which they are ordinarily maintained, or shall be organized and labeled to correspond to the specific Requests to which they are responsive. All documents and communications shall be produced in their entirety, including with any attachments or enclosures.

F. All documents or communications stored in electronic format, including email, shall be produced with all electronic data including metadata, sequence, and attached or embedded objects, pursuant to an ESI stipulation to be negotiated between the parties.

G. If a document or communication is responsive to more than one document request, you are not required to duplicate production.

H. You shall produce in their original form all documents and communications that cannot be legibly copied.

I. If any objection is made to any of these document requests, the response shall state with specificity the grounds for the objection, whether any document or communication is being withheld from inspection and production based on such objection, or whether inspection or production of the responsive items will occur notwithstanding such objection. If you object to any document request on grounds of overbreadth or similar bases, you are instructed to respond to the document request as narrowed. For the avoidance of doubt, you must make clear the extent to which you have narrowed your response to any document request and inform defendants as to

whether any requested documents or communications are being withheld because of that narrowing.

J.  If you claim any form of privilege, immunity, or any other objection, whether based on statute, common law, or otherwise, as a ground for not producing any requested document or communication, furnish a list identifying each document or communication for which the privilege, immunity, or other objection is claimed, together with the following information: a description of the type of document or communication (e.g., email, letter, agreement, memorandum, etc.); date; sender; recipients; persons to whom the document or communication (or copies thereof) was provided; subject matter; and basis upon which a privilege, immunity, or other objection is claimed.

K.  If you claim privilege or immunity regarding only part of a document or communication, produce the part as to which there is no claim of privilege or immunity, and furnish a list identifying each item that is partially withheld together with the information listed in Instruction J above. Material should not be redacted except to protect a bona fide privilege or immunity. Redactions based on the purported sensitivity or irrelevance of discovery material are improper.

L.  If you cannot satisfy any request, either in full or in part, you shall produce documents and communications to the extent possible, specifying the reason for your inability to produce further documents or communications.

M.  If there are no documents or communications responsive to any request or subpart thereof, you shall state so in writing.

N.  If any document or communication requested herein was lost, discarded, destroyed, deleted, or otherwise is no longer in your possession, custody, or control, state and specify in detail

7

for each such document or communication: a description of the type of document or communication (e.g., email, letter, agreement, memorandum, etc.); date; sender; recipients; persons to whom the document or communication (or copies thereof) was provided (including their job titles and professional affiliations); the information contained therein; the date upon which it ceased to be in your possession, custody, or control; the manner of disposal; the reasons for disposal; the persons authorizing the disposal; the persons effectuating the disposal; the document requests to which such document or communication is responsive; and the identity of all persons having knowledge of the contents, or circumstances around the disposition, thereof.

O.  These document requests are continuing in nature and any document obtained subsequent to production which would have been produced had it been available or its existence been known at the time of production, shall be produced forthwith.

P.  Unless otherwise stated, the relevant time period (the "Relevant Period") for the requests is January 1, 2018, to the present, provided however, that you shall produce all documents responsive to the requests for production, regardless of the date of such document, if (i) such document, or the contents thereof, was accessed, consulted, reviewed, referred to, or relied upon, directly or indirectly, at any time since January 1, 2018 (ii) such document, or the contents thereof, directly or indirectly, formed the basis, in whole or in part, for any allegation you made in your Complaint; or (iii) you intend to rely on such document, or the contents thereof, in this action in any way.

## REQUESTS FOR PRODUCTION

**Request No. 1.** All documents and communications from January 1, 2023 through the present concerning the Strategies or any individual trades or collection of trades by Jane Street related to the Strategies, including Jane Street's profit and loss, ███████████

**Request No. 2.** All documents and communications from January 1, 2023 through the present concerning Jane Street's India Options Trading, including Jane Street's profit and loss, ██████████████████████████████████████████████

**Request No. 3.** All documents and communications from January 1, 2023 through the present concerning any actual or potential strategies, techniques, or tendencies of, or ████████

██████████████████████████████████████████████

████ with respect to India Options Trading.

**Request No. 4.** All documents and communications from January 1, 2018 through the present concerning the definition, development, effort used to develop, capital used to develop, value, efforts to maintain confidentiality of the Strategies, and any aspects of the Strategies known to persons outside of Jane Street.

**Request No. 5.** All documents and communications from January 1, 2018 through the present concerning any research, data, or information that originated outside of Jane Street or any communications with any person outside of Jane Street that was used in or considered in connection with the development, implementation, or execution of the Strategies.

**Request No. 6.** All documents and communications from January 1, 2023 through the present concerning the 2023 Trading Investigation alleged in the Amended Complaint.

**Request No. 7.** All documents and communications concerning Jane Street's ██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████

**Request No. 8.** All documents and communications concerning ████████████

██████████████████████████████████████████████

**Request No. 9**. All documents and communications concerning ████████████████ described in Paragraphs 153-156 of the Amended Complaint, including any ████████████ ██████████████████ on March 6, 2024, and March 28, 2024, any ████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████.

**Request No. 10**.  All communications dated March 5-7, 2024 or March 27-29, 2024 by or among Jane Street traders, managers, or other personnel involved in India Options Trading.

**Request No. 11**.  All documents and communications concerning any alleged misappropriation of Jane Street trade secrets or Jane Street confidential or proprietary information by any Defendant, including as alleged in the Amended Complaint.

**Request No. 12**.  All documents and communications concerning the solicitation, interviewing, consideration of hiring, or hiring of either Individual Defendant by Jane Street.

**Request No. 13**.  All documents and communications concerning the Instruments, including any drafting, negotiation, or execution of the Instruments by Jane Street or Individual Defendants.

**Request No. 14**.  All documents and communications concerning any noncompete, nonsolicit, restricted trading, non-interference, garden leave, restrictive covenant, or any other obligation of either Individual Defendant to Jane Street, including the sunset, expiration, or termination thereof.

**Request No. 15**.  Documents sufficient to show any rating, performance evaluation, or review of either Individual Defendant at Jane Street, including documents sufficient to show their rating relative to each other and/or to any other Jane Street trader(s).

**Request No. 16**.  Documents sufficient to show total compensation of each person within Jane Street who either trades securities or derivatives or oversees trading of securities or derivatives for 2020, 2021, 2022 and 2023.

**Request No. 17**.  All documents and communications concerning Jane Street's rating, performance valuation, review, year-end bonus determination, or any other employment or compensation decision by Jane Street with respect to either Individual Defendant between October 1, 2023 and April 12, 2024.

**Request No. 18**.  All documents and communications concerning any consideration of, purpose of, or decision to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

**Request No. 19**.  All documents and communications concerning any India Options Trading ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ between July 1, 2023 and February 28, 2024.

**Request No. 20**.  All documents and communications between October 1, 2023 and April 12, 2024 concerning the actual or potential departure of either Individual Defendant from Jane Street, including the fact or possibility of either Individual Defendant seeking new employment or interviewing with potential employers other than Jane Street.

**Request No. 21**.  All documents and communications between December 1, 2023 and April 12, 2024 concerning the actual or potential departure of any Jane Street personnel from Jane Street, including any actions or measures discussed, considered, or taken by Jane Street in respect of any such actual or potential departures.

**Request No. 22**.  All documents and communications between January 1, 2023 and April 12, 2024 concerning any policies, decisions, or questions regarding the use of any Listserv to communicate information related to India Options Trading or the Strategies, or regarding the restriction of any such information to only certain personnel within Jane Street.

**Request No. 23**.  All documents and communications between January 1, 2023 and the present concerning hiring for positions related to India Options Trading.

**Request No. 24**.  All documents and communications between January 1, 2018, and April 12, 2024 concerning regulatory approvals, exchange approvals, custodian approvals, broker approvals, filings, registrations, or any other barriers to entry related to India Options Trading.

**Request No. 25**.  All communications between April 15, 2024 and April 22, 2024 between You or any agent, representative, or person acting on Your behalf and any third party concerning the Complaint dated April 22, 2024 any draft of said complaint, or the dispute that is the subject of this Action.

**Request No. 26**.  All documents and communications between February 5 and April 22, 2024 concerning Douglas Schadewald, and between February 23 and April 22, 2024 concerning Daniel Spottiswood, including any analysis or discussion of India Options Trading activity You knew or suspected may have been conduct or performed by either Individual Defendant.

**Request No. 27**. All documents and communications between February 5, 2024 to present concerning Millennium, including any analysis or discussion of India Options Trading activity You knew or suspected may have been conducted or performed by Millennium.

**Request No. 28**.  All documents and communications concerning Your alleged damages.

**Request No. 29**.  All documents and communications used, relied upon, or referred to in support of any allegation in the Amended Complaint.

**Request No. 30**.  All documents and communications relied on by any expert witness you intend to call in this Action.

**Request No. 31**.  All documents and communications You receive from any nonparty to this Action pursuant to any subpoena issued by You or any other request for documents by You in connection with this Action.

**Request No. 32**.  All documents and communications You may seek to introduce into evidence in this Action.


Dated:  May 24, 2024
New York, New York

| **DECHERT LLP** | **ELSBERG BAKER & MARURI PLLC** |
|---|---|
| By: /s/ *Andrew J. Levander* | By: */s/ Brian R. Campbell* |
| Andrew J. Levander | Rollo C. Baker |
| May Chiang | David Elsberg |
| 1095 Avenue of the Americas | Vivek Tata |
| New York, NY 10036 | Brian R. Campbell |
| andrew.levander@dechert.com | Nicholas Martin |
| may.chiang@dechert.com | One Penn Plaza, Suite 4015 |
|  | New York, NY 10119 |
| Martin J. Black (*pro hac vice forthcoming*) | rbaker@elsberglaw.com |
| Daniel R. Roberts (*pro hac vice forthcoming*) | delsberg@elsberglaw.com |
| Cira Centre | vtata@elsberglaw.com |
| 2929 Arch Street | bcampbell@elsberglaw.com |
| martin.black@dechert.com | nmartin@elsberglaw.com |
| daniel.roberts@dechert.com |  |
|  | *Attorneys for Defendants Douglas* |
| *Counsel for Millennium Management LLC* | *Schadewald and Daniel Spottiswood* |