UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JANE STREET GROUP, LLC,

                              Plaintiff,

              -v-

MILLENNIUM MANAGEMENT LLC, *et al.*,

                              Defendants.

24 Civ. 2783 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On November 12, 2024, plaintiff Jane Street, LLC ("Jane Street") moved for a protective order that would (1) strike certain of the Rule 30(b)(6) deposition topics proposed by defendants Millennium Management, LLC, Douglas Schadewald, and Daniel Spottiswood (collectively, "Millennium"); and (2) bar Millennium from eliciting testimony in Rule 30(b)(1) depositions with respect to certain topics. *See* Dkt. 232; *see also* Dkt. 233. On November 18, 2024, Millennium filed an opposition and a supporting declaration. Dkts. 241, 242.

The parties' dispute implicates five topics on which Millennium seeks to elicit deposition testimony (the "Disputed Topics"), defined by Millennium as follows:

- **Topic 17:** "Jane Street's discussions and decisions concerning compensation and retention policies, including performance incentives and non-compete agreements, for year-end 2023 and year-end 2024."

- **Topic 18:** "Jane Street's rating, performance evaluation, review, and compensation decisions for year-end 2023 of Jane Street personnel involved in trading, research, development, or oversight of India Options Trading or personnel involved in the Alleged Trade Secrets."

- **Topic 23:** "Departures or potential departures by traders or personnel with supervisory responsibility for traders since November 1, 2023, and any action considered or taken by Jane Street in response."

- **Topic 24:** "Adverse actions taken or considered by Jane Street with respect to any former employee, including letters, correspondence, or legal action."

- **Topic 25:** "The amount of income, profits, or compensation received by [eight identified senior officers of Jane Street] for 2022, 2023, and to-date 2024 relating to Jane Street activities, including the amount which is attributable to Indian Options Trading."

Dkt. 236-4, at 7–8 (suppl. notice of deposition of Jane Street's corporate representative).

The Court has carefully reviewed the parties' letters on this point. *See* Dkts. 232, 241. Based on the Court's assessment of the relevance of the Disputed Topics to the claims and defenses at issue, and mindful of Jane Street's legitimate interests in keeping discovery in proper proportion to the needs of the case, the Court (1) grants Jane Street's motion to strike Topic 25 in its entirety; (2) denies in its entirety Jane Street's motion to strike Topic 23; and (3) modifies the remaining three topics by adding the following words of limitation in italics:

- **Topic 17:** Jane Street's discussions and decisions concerning compensation and retention policies, including performance incentives and non-compete agreements, for year-end 2023 and year-end 2024, *limited to (1) defendants Schadewald and Spottiswood and (2) persons holding the same job title as either Schadewald or Spottiswood and who worked wholly or in part on India Options Trading.*[1]

---

[1] For avoidance of doubt, "India Options Trading" and "Alleged Trade Secrets" are defined at Docket 236-4, at 3.

2

- **Topic 18**: Jane Street's rating, performance evaluation, review, and compensation decisions for year-end 2023 of Jane Street personnel involved in trading, research, development, or oversight of India Options Trading or personnel involved in the Alleged Trade Secrets, *limited to (1) defendants Schadewald and Spottiswood and (2) persons holding the same job title as either Schadewald or Spottiswood.*
- **Topic 24:** Adverse actions taken or considered by Jane Street *in the five years leading up to Jane Street's filing of this lawsuit* with respect to any former employee *accused of or believed to have misappropriated trade secrets or other confidential information*, including letters, correspondence, or legal action.

The above modifications are intended to more narrowly tailor Topics 17, 18, and 24 to the claims and defenses which Millennium cited in support of inquiring into these topics. These include: the existence of a good-faith basis for Jane Street's initiation of this litigation; the reasons for the departures of Schadewald and Spottiswood from Jane Street; and Jane Street's compensation of Schadewald and Spottiswood relative to other traders who worked on India Options Trading. *See, e.g., U.S. Commodity Futures Trading Comm'n v. Parnon Energy, Inc.*, 593 Fed. App'x. 32, 36 (2d Cir. 2014) (Rule 26 "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required" (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984))); *Ambac Assurance Corp. v. Adelanto Pub. Util. Auth.*, No. 09 Civ. 5087 (JFK), 2012 WL 1589597 (S.D.N.Y. May 7, 2012) ("Rule 26(c) allows for the crafting of appropriate relief, including that the disclosure or discovery may be had only on specified terms and conditions." (internal quotation marks omitted)).

SO ORDERED.

_Paul A. Engelmayer_
PAUL A. ENGELMAYER
United States District Judge

Dated: November 19, 2024
       New York, New York

4