Hon. Paul A. Engelmayer
United States District Court
for the Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

**Via ECF (FILED UNDER SEAL, ATTORNEYS EYES ONLY)**

November 18, 2024

<u>Re: *Jane Street Group, LLC v. Millennium Mgmt. LLC, et al.*, No. 1:24-cv-02783</u>

Dear Judge Engelmayer:

    We write on behalf of Defendants Douglas Schadewald, Daniel Spottiswood, and Millennium in response to Plaintiff Jane Street's motion (Dkt. 232) to bar Defendants from obtaining 30(b)(6) and 30(b)(1) deposition testimony regarding Jane Street's compensation and retention policies as well as trader departures and adverse actions against them. (Topics 17, 18, 23–25). These Topics are plainly relevant to several issues in this case, including Jane Street's bad faith in bringing this lawsuit. Accordingly, the Motion should be denied in its entirety.

    Jane Street's allegations of trade secret misappropriation are baseless. Instead, this lawsuit is about Jane Street's desire to stifle competition, punish talented traders for daring to bet on themselves and seeking market-based-compensation, and to send a signal to current employees—most of whom lack any non-compete—that if they dare to do the same, they too will face unfair attacks on their character and frivolous litigation. Jane Street carefully orchestrated the filing of the lawsuit to maximize media attention, giving an advanced copy to a Bloomberg reporter on an embargoed basis, and making sure that the ███ with the Individual Defendants' ███ Ex. 1 at -839. And when their TRO gambit failed (as it should have, the key allegations are demonstrably false and ███ *see* Ex. 2 at -621) Jane Street's own PR team remarked that given ███ they were ███ questioning whether Jane Street should ███ to attempt to counteract the narrative. Ex. 3 at -934. Jane Street now seeks to stifle discovery into key topics because, much like their attempt to close the courtroom, the topics make them uncomfortable. But Jane Street chose to continue this case despite their TRO loss, and the topics are highly relevant and proportional. Jane Street has not (and cannot) meet its burden to show otherwise.

    <u>***The Topics are Highly Relevant to the Claims and Defenses in this Case***</u>. Jane Street's compensation and retention policies, especially as applied to the firm's Indian options personnel, (Topics 17, 18, 25) go to the heart of this case. Indeed, Jane Street injected the issue of these employees' performance and compensation into this litigation by alleging that Mr. Schadewald's "compensation at Millennium is atypical and above-market as compared to a competitor's typical arm's length offer to a trader with Schadewald's experience and performance." Dkt 163 ¶ 127. Defendants should be allowed to test that allegation. ***Moreover, Jane Street itself is seeking and obtaining*** 30(b)(6) deposition testimony from Millennium on "[t]he compensation structure for …

1

each member of Schadewald's trading pod." Ex. 4 at 12. In fact, during the very first 30(b)(1) deposition in this case, counsel for Jane Street began questioning a member of Mr. Schadewald's trading team (someone other than the Individual Defendants) about his compensation less than ten minutes after the start of the deposition. Ex. 5 at 8–12. Furthermore, this information relates implicitly to the departures of the Individual Defendants. Jane Street's senior officers, including the individuals listed in Topic 25,[1] ■■■■■■—and, as will be shown in discovery—■■■■■■. And Jane Street's documents show, among other things, (i) that the departure of Individual Defendants *and other traders* ■■■■■■[2]; (ii) Jane Street questioning whether ■■■■■■; and (iii) *another* Jane Street Indian options trader ■■■■■■ and ■■■■■■.[4]

The issues of other Jane Street trader departures and adverse actions against them (Topics 23-24) are relevant to Jane Street's claims that it has never filed suit against a former employee and that Millennium was aware of Individual Defendants' confidentiality obligations based on a separate group of traders who left Jane Street for Millennium in 2022. Dkt. 163 ¶¶ 13, 121; Ex. 10 at -318. Topics 23 and 24 are also relevant to Jane Street's bad faith and improper purpose in bringing this lawsuit to chill additional employee defections. Dkt. 106 at 7-8; *see also* 18 U.S.C. § 1836(b)(3)(D). For instance, document discovery has now confirmed that—*before* any of the "evidence" alleged in the Complaint as indicative of misconduct by Defendants[5]—Jane Street ■■■■■■.[6] Weeks later, and as noted above, Jane Street worked with a PR firm to maximize the negative impact on Defendants' livelihoods and chill further employee defections the moment this lawsuit was filed. *See supra* at 1. Jane Street cannot avoid inquiry into the Topics based on privacy concerns where, as here, the Topics are vitally connected to the issues in the case and the parties' existing confidentiality agreement can accommodate any such concerns to the extent they are justified. *See Condit v. Dunne*, 225 F.R.D. 100, 113 (S.D.N.Y. 2004); Dkt. 117 ¶¶ 6-7.

**Jane Street Misreads Defendants' Deposition Topics**. Further, Jane Street misstates the scope of the Topics. Defendants do *not* seek testimony on Jane Street's "employment practices … for *all* Jane Street employees, and *all* employee departures." Dkt. 232 at 2.

- Topic 17 seeks information about "Jane Street's discussions and decisions concerning compensation and retention *policies, including performance incentives and non-compete agreements*, for year-end 2023 and year-end 2024." Dkt 233-2 at 6. Testifying about Jane

---

[1] *See, e.g.*, Ex. 6 at 4 (■■), 2 (■■■■), 5 (■■), 6 (■■■), 3–4 (■■■■), 2–3 (■■■■), 6 (■■■), 11 (■).
[2] Ex. 7 at -346; Ex. 8 at -063 (Jane Street acknowledging that the ■■■■■■")
[3] Ex. 8 at -063.
[4] Ex. 9 at -270.
[5] *See* Dkt. 63 ¶¶ 140-58
[6] Ex. 7 at -346 ■■■■■■)

- Street's *policies* will not require knowledge of Jane Street's roughly 2500 employees.[7] Indeed, Jane Street **has produced** a document showing the ███████████████ who have or have had restrictive employment covenants. Ex. 11.
- Topic 18 seeks information about Jane Street's "rating, performance evaluation, review, and compensation decisions for year-end 2023 of Jane Street personnel involved in … ***India Options Trading*** or personnel involved in … ***the Alleged Trade Secrets***." Dkt 233-2 at 6. Jane Street has specifically identified the personnel that fall within these categories. Ex. 12 at 5-9.
- Topic 23 seeks information about "[d]epartures or potential departures ***by traders or personnel with supervisory responsibility for traders since November 1, 2023***, and any action considered or taken by Jane Street in response." Dkt 233-2 at 6. Topic 23 is thus limited to traders and supervisors who have left or considering leaving Jane Street in the past year.[8]
- Topic 24 applies to "[a]*dverse actions* taken or considered by Jane Street with respect to any *former employees*." *Id.* Jane Street injected this very issue into the litigation, and Defendants are entitled to test those allegations. Dkt. 63 ¶¶ 13, 121.
- Topic 25 seeks compensation information for ███████████████—not, as Jane Street contends, "*all* Jane Street employees,"—for each of the last three years. Dkt. 232 at 1. Each of these senior officers was heavily involved in discussions regarding the Individual Defendants' contributions to and departures from Jane Street.

**Jane Street Misreads the Court's Discovery Conference Order**. Jane Street misstates the Court's July 19 Discovery Conference Order too. Dkt. 162. Jane Street claims that this Court has already held that discovery into departures of employees other than the Individual Defendants was impermissible. Dkt. 232 at 1. But the Court did not limit discovery to documents that "relate" "explicitly … to the tenure and departures of the two individual defendants," but also allowed Defendants to seek documents that that relate "implicitly" to that issue. Dkt. 180-1 at 53. **The Court also agreed that "any discussion of potential concern about future departures" would be "fair game" if those discussions were "close in proximity" and "stirred up by [Individual Defendants'] departure."** *Id.* at 54. As for the compensation and performance evaluations of other traders, those issues were ***not*** before the Court, and Jane Street is wrong to suggest otherwise.[9] *See* Dkt. 162 at 1–4.

The Court should deny Jane Street's Motion in its entirety.

---

[7] If the Court is so inclined, the Court could limit this line of inquiry to such policies applicable to personnel associated with Jane Street's Indian options trading.

[8] Defendants are most interested in questioning Jane Street witnesses about departures and potential departures associated with Jane Street's Indian options trading, to the extent this Court is inclined to limit this line of inquiry.

[9] The parties contested whether Defendants were entitled to not just *formal* performance reviews but also *informal* discussions of Individual Defendants' performance. In granting Defendants' request, the Court merely observed that Jane Street would not be disproportionately burdened by the request because it was limited to the Individual Defendants. *See* Dkt. 162 at 3. Defendants did not litigate their entitlement to receive such documents concerning other Jane Street employees in part because Jane Street's counsel had already represented that Defendants would be allowed to ask about those issues during depositions (Ex. 13 at 6)—a commitment that Jane Street has now abandoned.

3

Respectfully submitted,

/s/ _Rollo Baker_____                    /s/ _Andrew Levander_____
Rollo Baker                                     Andrew Levander
ELSBERG BAKER & MARURI PLLC      DECHERT LLP
One Penn Plaza, Suite 4015              1095 Avenue of the Americas
New York, NY 10119                     New York, NY 10036
rbaker@elsberglaw.com                 andrew.levander@dechert.com

*Counsel for Defendants*                  *Counsel for Defendant*
*Douglas Schadewald and*                *Millennium Management LLC*
*Daniel Spottiswood*