# Exhibit 4

*Confidential*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANE STREET GROUP, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>MILLENNIUM MANAGEMENT LLC, DOUGLAS SCHADEWALD, and DANIEL SPOTTISWOOD<br><br>*Defendants*. | Civil Action No. 1:24-cv-02783 (PAE) |

**DEFENDANT MILLENNIUM'S RESPONSES AND OBJECTIONS TO JANE STREET'S SUPPLEMENTAL NOTICE OF RULE 30(B)(6) DEPOSITION**

Pursuant to Federal Rules of Civil Procedure 30, Defendant Millennium Management LLC ("Millennium), by and through its undersigned counsel, hereby submits the following objections and responses to the Supplemental Notice of Rule 30(b)(6) Deposition ("Notice") served by Plaintiff Jane Street ("Plaintiff") on November 4, 2024.

**GENERAL OBJECTIONS & RESPONSES**

Millennium references and incorporates the General Objections and Responses to Jane Street's Frist Set of Requests for Production, dated June 21, 2024.

**TOPICS ON WHICH EXAMINATION IS REQUESTED**

1. Millennium's communications with the press since January 1, 2024 relating to trading in Indian markets, including but not limited to Millennium's involvement with the May 22, 2024 Bloomberg article entitled: "Options Traders Pile Into Big Short on India Volatility."

**RESPONSE:**

Millennium objects to this topic as overbroad and unduly burdensome because it seeks testimony regarding information from January 1, 2024, over three months before this action was initiated, and information generally relating to "trading in Indian markets."

Case 1:24-cv-02783-PAE Document 242-4 Filed 11/19/24 Page 3 of 31

*Confidential*

Subject to and without waiving any of its General and Specific Objections, Millennium designates [REDACTED] to testify regarding Millennium's communications with the press trading [REDACTED] [REDACTED] in India for the period from April 5, 2024 to April 22, 2024.

2. Millennium's communications with any third party relating to this Action, including but not limited to the press, since January 1, 2024.

**RESPONSE:**

Millennium objects to this topic as overbroad and unduly burdensome because it seeks testimony regarding "any third party" and information from January 1, 2024, over three months before this action was initiated. Millennium further objects to this topic to the extent it seeks testimony regarding information not relevant to any claim or defense in this action. Millennium further objects to this topic to the extent it seeks testimony regarding information protected by the attorney-client privilege, work product protection, or any other privilege or immunity from disclosure.

Subject to and without waiving any of its General and Specific Objections, Millennium designates [REDACTED] to testify regarding Millennium's non-privileged communications with the press relating to this Action for the period from April 5, 2024 to April 22, 2024.

3. Millennium's corporate organization and departmental structure from founding to the present.

**RESPONSE:**

Millennium objects to this topic as overbroad and unduly burdensome because it seeks testimony regarding information "from founding to the present." Millennium further objects

to this topic to the extent it seeks testimony regarding information not relevant to any claim or defense in this action.

Subject to and without waiving any of its General and Specific Objections, Millennium designates [REDACTED] to testify regarding Millennium's corporate organization and departmental structure with respect to SOCAP for the period from January 1, 2023 to April 22, 2024.

4. The identities and positions of every member of SOCAP.

**RESPONSE:**

Subject to and without waiving any of its General Objections, Millennium designates [REDACTED] to testify regarding the identities and positions of every member of SOCAP.

5. The pod structure used at Millennium (including but not limited to its history, purpose, and role related to intellectual property and other confidential material).

**RESPONSE:**

Millennium objects to this topic as vague, ambiguous, overbroad, and unduly burdensome. Millennium further objects to the term "pod" as vague and ambiguous. Millennium further objects to this topic to the extent it seeks testimony regarding information not relevant to any claim or defense in this action. Millennium further objects to this topic to the extent it seeks testimony regarding information protected by the attorney-client privilege, work product protection, or any other privilege or immunity from disclosure.

Subject to and without waiving any of its General and Specific Objections, Millennium designates [REDACTED] to testify regarding the team structure used at Millennium.

Case 1:24-cv-02783-PAE Document 242-4 Filed 11/19/24 Page 5 of 31

***Confidential***

6. Millennium's Document storage systems, including the identities of all Document repositories used to store or maintain Documents relating to the India markets, and Millennium's policies or procedures for Document Retention.

**RESPONSE:**

Millennium objects to this topic as overbroad and unduly burdensome to the extent it seeks testimony regarding information generally relating to "the India Markets." Millennium further objects to this topic to the extent it seeks testimony regarding information not relevant to any claim or defense in this action.

Subject to and without waiving any of its General and Specific Objections, Millennium designates [redacted] to testify regarding Millennium's Document storage systems, including the identities of all Document repositories used to store or maintain Documents relating to SOCAP's trading [redacted] in India, and Millennium's policies or procedures for Document Retention.

7. Millennium's use of non-compete and/or non-solicitation agreements.

**RESPONSE:**

Millennium objects to this topic as overbroad and unduly burdensome. Millennium further objects to this topic to the extent it seeks testimony regarding information not relevant to any claim or defense in this action. Millennium further objects to this topic to the extent it seeks testimony regarding information protected by the attorney-client privilege, work product protection, or any other privilege or immunity from disclosure.

Subject to and without waiving any of its General and Specific Objections, Millennium designates [redacted] to testify regarding Millennium's use of non-compete and/or non-solicitation agreements.

8. Millennium's use of confidentiality agreements with respect to its own confidential information.

**RESPONSE:**

Millennium objects to this topic as overbroad and unduly burdensome. Millennium further objects to this topic to the extent it seeks testimony regarding information not relevant to any claim or defense in this action. Millennium further objects to this topic to the extent it seeks testimony regarding information protected by the attorney-client privilege, work product protection, or any other privilege or immunity from disclosure.

Subject to and without waiving any of its General and Specific Objections, Millennium designates [REDACTED] to testify regarding Millennium's use of confidentiality agreements with respect to its own confidential information.

9. Millennium's policies and/or procedures – formal or informal, official or unofficial – now and previously in effect, relating to employee hiring and onboarding, including instructions provided to such employees relating to their knowledge and/or use of confidential information or documents from their prior employment, and prevention of trade secret misappropriation, including which such policies and/or procedures were applied to Schadewald and Spottiswood.

**RESPONSE:**

Millennium objects to this topic as overbroad and unduly burdensome because it seeks testimony regarding Millennium's policies and/or procedures that are "now and previously in effect." Millennium further objects to this topic to the extent it seeks testimony regarding information not relevant to any claim or defense in this action. Millennium further objects to this topic to the extent it seeks testimony regarding information protected by the attorney-client privilege, work product protection, or any other privilege or immunity from disclosure.

*Confidential*

Subject to and without waiving any of its General and Specific Objections, Millennium designates [REDACTED] to testify regarding Millennium's policies and/or procedures that were applied to Schadewald and Spottiswood relating to employee hiring and onboarding, including instructions provided to them relating to their knowledge and/or use of confidential information or documents from their prior employment, and prevention of trade secret misappropriation.

10. Millennium's awareness of Jane Street's agreements with its employees related to intellectual property or any other confidential information, including those applicable to Schadewald and Spottiswood.

**RESPONSE:**

Millennium objects to this topic as overbroad and unduly burdensome. Millennium further objects to this topic to the extent it seeks testimony regarding information not relevant to any claim or defense in this action. Millennium further objects to this topic to the extent it seeks testimony regarding information protected by the attorney-client privilege, work product protection, or any other privilege or immunity from disclosure.

Subject to and without waiving any of its General and Specific Objections, Millennium designates [REDACTED] to testify regarding Millennium's awareness of Jane Street's agreements with Schadewald and Spottiswood related to intellectual property or any other confidential information.

11. Millennium's awareness of (a) Jane Street employees', including former employees', obligations to maintain the confidentiality of Jane Street's intellectual property or other confidential information, and (b) Jane Street's restrictions with respect to those employees' use and disclosure of Jane Street's trade secrets or other confidential information.

Case 1:24-cv-02783-PAE Document 242-4 Filed 11/19/24 Page 8 of 31

**RESPONSE:**

Millennium objects to this topic as overbroad and unduly burdensome. Millennium further objects to this topic to the extent it seeks testimony regarding information not relevant to any claim or defense in this action. Millennium further objects to this topic to the extent it seeks testimony regarding information protected by the attorney-client privilege, work product protection, or any other privilege or immunity from disclosure.

Subject to and without waiving any of its General and Specific Objections, Millennium designates [REDACTED] to testify regarding Millennium's awareness of Schadewald's and Spottiswood's obligations to maintain the confidentiality of Jane Street's intellectual property or other confidential information, and Jane Street's restrictions with respect to those employees' use and disclosure of Jane Street's trade secrets or other confidential information.

12. Any communications, efforts, policies or actions by Millennium, if any, regarding the correspondence from Jane Street to Millennium referenced in ¶ 121 of the Complaint, including any formal or informal changes instituted by Millennium following the referenced correspondence.

**RESPONSE:**

Millennium objects to this topic as vague, ambiguous, overbroad, and unduly burdensome. Millennium further objects to this topic to the extent it seeks testimony regarding information protected by the attorney-client privilege, work product protection, or any other privilege or immunity from disclosure.

Subject to and without waiving any of its General and Specific Objections, Millennium designates [REDACTED] to testify regarding Millennium's communications, efforts, policies or actions, if any, regarding the correspondence from Jane Street to Millennium referenced in ¶ 121 of the Complaint.

Case 1:24-cv-02783-PAE Document 212-4 Filed 11/19/24 Page 9 of 31

13. Millennium's awareness of Schadewald's and/or Spottiswood's use of Jane Street's trading strategies or any other confidential information at Millennium.

**RESPONSE:**

Subject to and without waiving any of its General Objections, Millennium responds that it is not aware of Schadewald's and/or Spottiswood's use of Jane Street's trading strategies or any other confidential information at Millennium. Subject to and without waiving any of its General and Specific Objections, Millennium designates [redacted] to testify to that effect.

14. Millennium's efforts to ensure that Schadewald and Spottiswood would not use Jane Street's trading strategies or any other confidential information at Millennium.

**RESPONSE:**

Millennium objects to this topic as vague, ambiguous, overbroad, and unduly burdensome. Millennium further objects to this topic to the extent it seeks testimony regarding information protected by the attorney-client privilege, work product protection, or any other privilege or immunity from disclosure.

Subject to and without waiving any of its General and Specific Objections, Millennium designates [redacted] to testify regarding Millennium's efforts to ensure that Schadewald and Spottiswood would not use Jane Street's trading strategies or any other confidential information at Millennium.

15. Past, present, and planned trainings Schadewald and Spottiswood have attended or will attend at Millennium, and materials Schadewald and Spottiswood have ever received from Millennium, relating to (a) Millennium's employment contracts, non-solicitation agreements, intellectual property agreements, and any other form of confidentiality agreements; or (b) Schadewald's and Spottiswood's obligations under any employment contracts, non-solicitation agreements, intellectual property agreements, and any other form of confidentiality agreements with their prior employers before Millennium.

Case 1:24-cv-02783-PAE Document 250-4 Filed 11/21/24 Page 10 of 31

*Confidential*

**RESPONSE:**

Millennium objects to this topic as overbroad and unduly burdensome because it seeks testimony regarding "[p]ast, present, and planned trainings" and "materials Schadewald and Spottiswood have ever received from Millennium." Millennium further objects to this topic to the extent it seeks testimony regarding information protected by the attorney-client privilege, work product protection, or any other privilege or immunity from disclosure.

Subject to and without waiving any of its General and Specific Objections, Millennium designates [REDACTED] to testify regarding trainings Schadewald and Spottiswood have attended at Millennium, and materials Schadewald and Spottiswood have received from Millennium, relating to (a) Millennium's employment contracts, non-solicitation agreements, intellectual property agreements, and any other form of confidentiality agreements; or (b) Schadewald's and Spottiswood's obligations under any employment contracts, non-solicitation agreements, intellectual property agreements, and any other form of confidentiality agreements with their prior employers before Millennium.

16. Communications between Schadewald, Spottiswood, and/or Millennium relating to any obligations they owed Jane Street, including non-disclosure, non-solicitation, intellectual property and any other form of confidentiality obligations.

**RESPONSE:**

Millennium further objects to this topic to the extent it seeks testimony regarding information protected by the attorney-client privilege, work product protection, or any other privilege or immunity from disclosure.

Subject to and without waiving any of its General and Specific Objections, Millennium designates [REDACTED] to testify regarding communications between Schadewald, Spottiswood, and/or Millennium relating to any obligations they owed Jane Street, including

non-disclosure, non-solicitation, intellectual property and any other form of confidentiality obligations.

17. Schadewald's and Spottiswood's notification of Millennium "of their continuing obligations to Jane Street, including in respect of their IP Agreements with Jane Street," as stated in ¶ 10 of the Answer.

**RESPONSE:**

Millennium objects to this topic to the extent it seeks testimony regarding information protected by the attorney-client privilege, work product protection, or any other privilege or immunity from disclosure.

Subject to and without waiving any of its General and Specific Objections, Millennium designates [REDACTED] to testify regarding Schadewald's and Spottiswood's notification of Millennium of their continuing obligations to Jane Street, including in respect of their IP Agreements with Jane Street.

18. Millennium's efforts to recruit and hire traders (including but not limited to Spottiswood and Schadewald) to trade options in Indian markets.

**RESPONSE:**

Millennium objects to this topic as overbroad and unduly burdensome to the extent it seeks testimony regarding information without temporal limitation.

Subject to and without waiving any of its General and Specific Objections, Millennium designates [REDACTED] to testify regarding Millennium's efforts to recruit and hire traders (including but not limited to Spottiswood and Schadewald) to trade options in Indian markets.

19. The content of Millennium's interviews and related information with Schadewald and Spottiswood.

Case 1:24-cv-02783-PAE Document 252-4 Filed 11/21/24 Page 12 of 31

*Confidential*

**RESPONSE:**

Millennium objects to this topic as vague, ambiguous, overbroad, and unduly burdensome. Millennium also objects to this topic as a 30(b)(6) topic, since it will be the subject of fact witness depositions.

Subject to and without waiving any of its General and Specific Objections, Millennium designates [redacted] to testify regarding the content of Millennium's interviews with Schadewald and Spottiswood to hire them.

20. Millennium's attempts to interview or hire any current or former Jane Street employee from January 1, 2023 to present to trade in India, including but not limited to the Individual Defendants, [redacted], and [redacted], and the reasons for doing so.

**RESPONSE:**

Millennium objects to this topic as overbroad, and unduly burdensome because it seeks testimony regarding information "from January 1, 2023 to present" and information generally relating to "trade in India." Millennium further objects to this topic to the extent it seeks testimony regarding information not relevant to any claim or defense in this action.

Subject to and without waiving any of its General and Specific Objections, Millennium designates [redacted] to testify regarding Millennium's attempts to interview or hire the Individual Defendants, [redacted], and/or [redacted].

21. Millennium's decision to hire Schadewald and Spottiswood.

**RESPONSE:**

Subject to and without waiving any of its General Objections, Millennium designates [redacted] to testify regarding Millennium's decision to hire Schadewald and Spottiswood.

Case 1:24-cv-02783-PAE Document 250-4 Filed 11/21/24 Page 13 of 31

22. The drafting, negotiation, or execution of any employment, compensation, confidentiality, trade secret, or intellectual property agreements between Schadewald or Spottiswood on one hand, and Millennium on the other hand.

**RESPONSE:**

Millennium objects to this topic to the extent it seeks testimony regarding information protected by the attorney-client privilege, work product protection, or any other privilege or immunity from disclosure.

Subject to and without waiving any of its General and Specific Objections, Millennium designates [REDACTED] to testify regarding the drafting, negotiation, or execution of any employment, compensation, confidentiality, trade secret, or intellectual property agreements between Schadewald or Spottiswood on one hand, and Millennium on the other hand.

23. The compensation structure for Schadewald, and each member of Schadewald's trading pod, including but not limited to: (a) the precise distribution of trading profits from Schadewald's team, including what percentage of trading profits is retained by Millennium, (b) what percentage of trading profits is paid to any individual as compensation, and (c) any and all formulas for determining the allocation of trading profits.

**RESPONSE:**

Millennium objects to the term "pod" as vague and ambiguous. Millennium further objects to this topic as overbroad and unduly burdensome because it seeks testimony on all formulas for determining compensation and profits.

Subject to and without waiving any of its General and Specific Objections, Millennium designates [REDACTED] to testify regarding the compensation structure for Schadewald, and each member of Schadewald's trading team.

Case 1:24-cv-02783-PAE Document 242-4 Filed 11/19/24 Page 14 of 31

24. Millennium's practices for compensation related to new hires, including payments of any "commencement stipends" or similar types of compensation.

**RESPONSE:**

Millennium objects to this topic as overbroad and unduly burdensome. Millennium further objects to the term "commencement stipends" as vague and ambiguous. Millennium further objects to this topic to the extent it seeks testimony regarding information not relevant to any claim or defense in this action.

Subject to and without waiving any of its General and Specific Objections, Millennium designates [redacted] to testify regarding Millennium's practices for compensation related to new hires.

25. Millennium's knowledge of any documents in its employees' possession, custody, or control that: (a) originated from Jane Street, (b) are owned by Jane Street, (c) were accessed on or through Jane Street's computers, systems, or network, (d) were created in the course of Schadewald's or Spottiswood's employment with Jane Street, (e) were otherwise developed, created, or possessed by Jane Street, or (f) comprise information originating from Jane Street.

**RESPONSE:**

Subject to and without waiving any of its General Objections, Millennium responds that it had no knowledge of any documents in its employees' possession, custody, or control as described in this topic. Subject to and without waiving any of its General and Specific Objections, Millennium designates [redacted] to testify to that effect.

26. Millennium's reviews and evaluations of Schadewald and Spottiswood.

**RESPONSE:**

Millennium objects to this topic as overbroad and unduly burdensome to the extent it seeks testimony regarding information without temporal limitation.

Subject to and without waiving any of its General Objections, Millennium designates [REDACTED] to testify regarding Millennium's reviews and evaluations of Schadewald and Spottiswood for the period from their hiring to June 30, 2024.

27. Millennium's decision to trade options in Indian markets.

**RESPONSE:**

Subject to and without waiving any of its General Objections, Millennium designates [REDACTED] to testify regarding Millennium's decision to trade options in Indian markets.

28. Millennium's trading in the India markets between January 1, 2020 and present, including but not limited to all efforts to identify or implement trading strategies in the India markets relating to options.

**RESPONSE:**

Millennium objects to this topic as overbroad and unduly burdensome because it seeks testimony regarding information "between January 1, 2020 and present" and information generally relating to "trading in the India Markets." Millennium further objects to the term "trading strategies" as vague and ambiguous. Millennium further objects to this topic to the extent it seeks testimony regarding information not relevant to any claim or defense in this action.

Subject to and without waiving any of its General and Specific Objections, Millennium designates [REDACTED] to testify regarding Millennium's trading [REDACTED] [REDACTED] in India for the period from January 1, 2023 to June 30, 2024.

*Confidential*

29. Defendants' knowledge, estimates, models, and predictions of [redacted] in the India markets.

**RESPONSE:**

Millennium objects to this topic as vague, ambiguous, overbroad, and unduly burdensome.

Subject to and without waiving any of its General and Specific Objections, Millennium designates [redacted] to testify regarding Defendants' knowledge, estimates, models, and predictions of [redacted].

30. Defendants' knowledge, estimates, models, and predictions of any trading performed by Jane Street in the India markets since March 1, 2024.

**RESPONSE:**

Millennium objects to this topic as overbroad and unduly burdensome because it seeks testimony regarding information generally relating to "any trading" "in the India Markets."

Subject to and without waiving any of its General and Specific Objections, Millennium designates [redacted] to testify regarding Defendants' knowledge, estimates, models, and predictions of options trading performed by Jane Street in the India markets since March 1, 2024.

31. The November 2023 presentation cited in paragraph 7 of the Declaration of Michael Asmar filed in this Action dated April 18, 2024 (Doc. 26), including any influence that the presentation had on Millennium's goals or activities in the India markets.

**RESPONSE:**

Subject to and without waiving any of its General Objections, Millennium designates to testify regarding the November 2023 presentation cited in paragraph 7 of the Declaration of Michael Asmar filed in this Action dated April 18, 2024 (Doc. 26).

32. Millennium's relationship with in India, including identification of by quarter from January 1, 2020 to present.

**RESPONSE:**

Millennium objects to this topic as overbroad and unduly burdensome because it seeks testimony regarding information "from January 1, 2020 to present," identification of , and the entirety of Millennium's relationship with other teams at Millennium that have no relevance to the allegations in the Complaint. Millennium further objects to this topic to the extent it seeks testimony regarding information not relevant to any claim or defense in this action.

Subject to and without waiving any of its General and Specific Objections, Millennium designates to testify regarding Millennium's relationship with in India as it relates to SOCAP for the period from February 12, 2024 to June 30, 2024.

33. All trading limits imposed by Millennium on all pods that trade in any India market (including but not limited to SOCAP), including

**RESPONSE:**

Millennium objects to this topic as overbroad and unduly burdensome because it seeks testimony regarding information generally relating to "any India market." Millennium further objects to the term "pod" as vague and ambiguous. Millennium further objects to this topic to

Case 1:24-cv-02783-PAE Document 252-4 Filed 11/21/24 Page 18 of 31

the extent it seeks testimony regarding information not relevant to any claim or defense in this action.

Subject to and without waiving any of its General and Specific Objections, Millennium designates [REDACTED] to testify regarding the trading limits imposed by Millennium on Schadewald's team's trading [REDACTED] [REDACTED] in India.

34. Millennium's knowledge of any of Jane Street's trading in any India markets prior to Schadewald joining Millennium.

**RESPONSE:**

Millennium objects to this topic as overbroad and unduly burdensome because it seeks testimony regarding information generally relating to "trading in any India markets."

Subject to and without waiving any of its General and Specific Objections, Millennium designates [REDACTED] to testify regarding Millennium's knowledge of Jane Street's options trading in any India markets prior to Schadewald joining Millennium.

35. Any effort by Millennium to independently reverse engineer or discover Jane Street's trading activities, trading methodologies or trading strategies in the India options market, including through publicly available trading data.

**RESPONSE:**

Millennium objects to this topic as vague, ambiguous, overbroad, and unduly burdensome. Millennium further objects to the terms "trading methodologies" and "trading strategies" as vague and ambiguous.

Subject to and without waiving any of its General and Specific Objections, Millennium designates [REDACTED] to testify regarding any effort by SOCAP to independently

reverse engineer or discover Jane Street's trading activities, trading methodologies or trading strategies in the India options market.

36. Millennium's efforts to maintain the secrecy of its trading activities in India, including SOCAP's trading activity.

**RESPONSE:**

Millennium objects to this topic as vague, ambiguous, overbroad, and unduly burdensome and to the extent it seeks information on other teams.

Subject to and without waiving any of its General and Specific Objections, Millennium designates [REDACTED] to testify regarding Millennium's efforts to maintain the secrecy of SOCAP's trading activities in India.

37. All facts concerning any contention, if you so contend, that the trade secrets alleged by Jane Street in this Action were publicly available prior to Schadewald or Spottiswood joining Millennium.

**RESPONSE:**

Millennium objects to this topic to the extent it seeks testimony regarding information protected by the attorney-client privilege, work product protection, or any other privilege or immunity from disclosure.

38. All facts concerning Millennium's statement that Schadewald's and Spottiswood's options trading techniques "are literally as well as figuratively textbook techniques that are the subject of numerous books and courses," as stated in ¶ 135 of the Answer.

Case 1:24-cv-02783-PAE Document 250-4 Filed 11/21/24 Page 20 of 31



**RESPONSE:**

Millennium objects to this topic to the extent it seeks testimony regarding information protected by the attorney-client privilege, work product protection, or any other privilege or immunity from disclosure.

39. All facts concerning Millennium's statement that "Schadewald and Spottiswood trade manually based on their personal knowledge and expertise," as stated in ¶ 148 of the Answer.

**RESPONSE:**

Subject to and without waiving any of its General Objections, Millennium designates [REDACTED] to testify regarding all facts concerning Millennium's statement that "Schadewald and Spottiswood trade manually based on their personal knowledge and expertise," as stated in ¶ 148 of the Answer.

40. Millennium's treatment of Schadewald's and Spottiswood's trading activities in India, including (a) how widely known those activities are within Millennium, and (b) whether those activities are known or discussed freely with people who are not employees of Millennium.

**RESPONSE:**

Millennium objects to this topic as vague, ambiguous, overbroad, and unduly burdensome. Millennium further objects to the term "treatment" as vague and ambiguous.

Subject to and without waiving any of its General and Specific Objections, Millennium designates [REDACTED] to testify regarding Millennium's treatment of Schadewald's and Spottiswood's trading [REDACTED] [REDACTED] in India.

Case 1:24-cv-02783-PAE Document 250-4 Filed 11/21/24 Page 21 of 31

41. Millennium's awareness of and investigation into allegations of trade secret misappropriation or breach of contract made by Jane Street in early 2024, including Millennium's investigation into allegations contained in any letters sent to Millennium by Jane Street's outside counsel.

**RESPONSE:**

Millennium objects to this topic because it seeks testimony regarding information protected by the attorney-client privilege, work product protection, or any other privilege or immunity from disclosure. Subject to and without waiving any of its General and Specific Objections, Millennium designates [REDACTED] to testify as to any non-privileged facts on this topic.

42. Millennium's awareness of and investigation into allegations of trade secret misappropriation by Millennium or any Millennium employee made by any third party.

**RESPONSE:**

Millennium objects to this topic because it seeks testimony regarding information protected by the attorney-client privilege, work product protection, or any other privilege or immunity from disclosure. Millennium also objects on relevance grounds.

43. Millennium's knowledge regarding SOCAP pod members' retention of, possession of, or failure to delete documents and/or information that originated from Jane Street or during prior employ at Jane Street.

**RESPONSE:**

Millennium objects to the term "pod" as vague and ambiguous.

Subject to and without waiving any of its General Objections, Millennium responds that it has no knowledge regarding SOCAP pod members' retention of, possession of, or failure to delete documents and/or information that originated from Jane Street or during prior employ

Case 1:24-cv-02783-PAE Document 242-4 Filed 11/19/24 Page 22 of 31

at Jane Street. Subject to and without waiving any of its General and Specific Objections, Millennium designates [REDACTED] to testify to that effect.

44. Analysis, reports and other documents which SOCAP consulted or relied on for trading in Indian markets between January 1, 2024 and April 3, 2024.

**RESPONSE:**

Millennium objects to this topic as overbroad and unduly burdensome.

Subject to and without waiving any of its General and Specific Objections, Millennium designates [REDACTED] to testify regarding the analysis, reports and other documents which SOCAP consulted or relied on for trading [REDACTED] in Indian markets between January 1, 2024 and April 3, 2024.

45. Analysis, reports and other documents which SOCAP consulted or relied on for trading in Indian markets from April 3, 2024 to present.

**RESPONSE:**

Millennium objects to this topic as overbroad and unduly burdensome because it seeks testimony regarding information "to present."

Subject to and without waiving any of its General and Specific Objections, Millennium designates [REDACTED] to testify regarding the analysis, reports and other documents which SOCAP consulted or relied on for trading [REDACTED] in Indian markets for the period from April 3, 2024 to June 30, 2024.

46. [REDACTED]

Case 1:24-cv-02783-PAE Document 240-4 Filed 11/19/24 Page 23 of 31

*Confidential*

[redacted]

**RESPONSE:**

Millennium objects to this topic as vague, ambiguous, overbroad, and unduly burdensome. Millennium further objects to this topic to the extent it seeks testimony regarding information not relevant to any claim or defense in this action.

Subject to and without waiving any of its General and Specific Objections, Millennium designates [redacted] to testify regarding SOCAP's trading of [redacted] in Indian markets.

47. Financial forecasts, goals, or expectations, including gross revenue and PNL, concerning SOCAP's trading activity in the India options market.

**RESPONSE:**

Subject to and without waiving any of its General Objections, Millennium designates [redacted] to testify regarding financial forecasts, goals, or expectations, including gross revenue and PNL, concerning SOCAP's trading activity in the India options market.

48. The roles and responsibilities of Schadewald and Spottiswood in the design, development, testing, and operation of Millennium's India options trading activity since joining Millennium, including the design, development and testing of all models and heuristics used to trade in India.

**RESPONSE:**

Subject to and without waiving any of its General Objections, Millennium designates [redacted] to testify regarding the roles and responsibilities of Schadewald and Spottiswood in the design, development, testing, and operation of Millennium's India options trading activity since joining Millennium.

*Confidential*

49. Millennium's trading activity, exclusive of SOCAP, in the Indian markets from January 1, 2023 to present, including its profit and loss statements.

**RESPONSE:**

Millennium objects to this topic as overbroad and unduly burdensome because it seeks testimony regarding information "from January 1, 2023 to present" and information generally relating to "trading activity" "in the Indian markets." Millennium further objects to this topic to the extent it seeks testimony regarding information not relevant to any claim or defense in this action.

Subject to and without waiving any of its General and Specific Objections, Millennium designates [REDACTED] to testify regarding the summary data on pre-Schadewald India options trading already produced in this action.

50. SOCAP's trading activity in the Indian markets from January 1, 2024 to present, including its profit and loss statements.

**RESPONSE:**

Subject to and without waiving any of its General Objections, Millennium designates [REDACTED] to testify regarding SOCAP's trading [REDACTED] in India from January 1, 2024 to present, including its profit and loss statements.

51. All facts relating to SOCAP's PNL, including both [REDACTED], and all distinctions between the two.

**RESPONSE:**

Subject to and without waiving any of its General Objections, Millennium designates [REDACTED] to testify regarding all facts relating to SOCAP's PNL, including both [REDACTED], and all distinctions between the two.

52. Millennium's knowledge of any trading outage/halts imposed by [REDACTED], including the outage/halts in March 2024.

**RESPONSE:**

Millennium objects to this topic as overbroad and unduly burdensome to the extent it seeks testimony regarding information without temporal limitation and to the extent it seeks information regarding other teams.

Subject to and without waiving any of its General Objections, Millennium designates [REDACTED] to testify regarding Millennium's knowledge of trading outage/halts imposed by [REDACTED] in March 2024 with respect to SOCAP.

53. Millennium's historical and current use of [REDACTED] including the data referenced at MLP-JS-0017477, including Millennium's first use of such data, and all reasons and purposes for Millennium's use of such data.

**RESPONSE:**

Millennium objects to this topic as overbroad and unduly burdensome to the extent it seeks testimony regarding information without temporal limitation and seeking testimony regarding teams that are not relevant to the claims and defenses in this case.

Subject to and without waiving any of its General and Specific Objections, Millennium designates [REDACTED] to testify regarding SOCAP's historical and current use of [REDACTED] [REDACTED] including the data referenced at MLP-JS-0017477.

54. [REDACTED] [REDACTED] used by Millennium to inform Millennium's India trading activities, including the methodology to develop and refine all such [REDACTED] [REDACTED]

*Confidential*

**RESPONSE:**

Millennium objects to this topic as overbroad and unduly burdensome because it seeks testimony regarding information generally relating to "India trading activities." Millennium further objects to this topic to the extent it seeks testimony regarding information not relevant to any claim or defense in this action.

Subject to and without waiving any of its General and Specific Objections, Millennium designates [REDACTED] to testify regarding all [REDACTED] in India.

55. Millennium's first Affirmative Defense of "Failure to State a Claim," including that Jane Street "fails to identify its alleged trade secrets and other confidential/proprietary information with reasonable particularity," that "Jane Street's alleged trade secrets are not trade secrets or confidential to Jane Street," and that "even if Millennium had knowledge of Jane Street's confidential information or trade secrets, it has not disclosed or used such information for any improper purpose."

**RESPONSE:**

Millennium objects to this topic to the extent it seeks testimony regarding information protected by the attorney-client privilege, work product protection, or any other privilege or immunity from disclosure.

56. Millennium's second Affirmative Defense of "Discovery through Fair and Proper Means," including that any similar trading strategies implemented by Millennium are the result of independent development and discovery by Millennium employees, including Schadewald and Spottiswood.

Case 1:24-cv-02783-PAE Document 252-4 Filed 11/19/24 Page 27 of 31

**RESPONSE:**

Millennium objects to this topic to the extent it seeks testimony regarding information protected by the attorney-client privilege, work product protection, or any other privilege or immunity from disclosure.

57. Millennium's fourth Affirmative Defense of "Bad Faith Claim of Trade Secret Misappropriation," including that Jane Street allegedly "is prosecuting its claims in bad faith and for an improper purpose."

**RESPONSE:**

Millennium objects to this topic to the extent it seeks testimony regarding information protected by the attorney-client privilege, work product protection, or any other privilege or immunity from disclosure.

58. Millennium's sixth Affirmative Defense of "No Damages," including that Jane Street allegedly failed to mitigate its damages.

**RESPONSE:**

Millennium objects to this topic to the extent it seeks testimony regarding information protected by the attorney-client privilege, work product protection, or any other privilege or immunity from disclosure.

59. Millennium's eighth Affirmative Defense of "No Vicarious Liability/Respondeat Superior," including that "Millennium is not liable for any damages" "based on its employment of Schadewald and Spottiswood."

**RESPONSE:**

Millennium objects to this topic to the extent it seeks testimony regarding information protected by the attorney-client privilege, work product protection, or any other privilege or immunity from disclosure. Subject to and without waiving any of its General Objections,

Case 1:24-cv-02783-PAE Document 250-4 Filed 11/21/24 Page 28 of 31

Millennium designates [REDACTED] to testify regarding Millennium's eighth Affirmative Defense of "No Vicarious Liability/Respondeat Superior."

60. Millennium's ninth Affirmative Defense of "No Joint and Several Liability."

**RESPONSE:**

Millennium objects to this topic to the extent it seeks testimony regarding information protected by the attorney-client privilege, work product protection, or any other privilege or immunity from disclosure.

Subject to and without waiving any of its General Objections, Millennium designates [REDACTED] to testify regarding Millennium's ninth Affirmative Defense of "No Joint and Several Liability."

61. Millennium's search for and collection of documents responsive to Jane Street's document requests served in this Action.

**RESPONSE:**

Subject to and without waiving any of its General Objections, Millennium designates [REDACTED] to testify regarding Millennium's search for and collection of documents responsive to Jane Street's document requests served in this Action.

62. Millennium's responses to Jane Street's interrogatories served in this Action.

**RESPONSE:**

Subject to and without waiving any of its General Objections, Millennium designates [REDACTED] to testify regarding Millennium's responses to Jane Street's interrogatories served in this Action.

63. Millennium's denials of allegations in its Answer.

Case 1:24-cv-02783-PAE Document 250-4 Filed 11/21/24 Page 29 of 31

**RESPONSE:**

Subject to and without waiving any of its General Objections, Millennium designates [REDACTED] to testify regarding Millennium's denials of allegations in its Answer.

64. Any disciplinary or remedial measures you have taken with respect to any current or former Jane Street employee relating to the issues or allegations in this Action.

**RESPONSE:**

Subject to and without waiving any of its General Objections, Millennium responds that it is not aware of any disciplinary or remedial measures it has taken with respect to any current or former Jane Street employee relating to the issues or allegations in this Action. Millennium therefore will not designate a witness to testify regarding this topic.

65. Millennium's response to learning that one or more of its employees may have misappropriated confidential information originating at Jane Street, or may have breached an agreement he or she had with Jane Street.

**RESPONSE:**

Millennium objects to this topic to the extent it seeks testimony regarding information protected by the attorney-client privilege, work product protection, or any other privilege or immunity from disclosure.

Subject to and without waiving any of its General and Specific Objections, Millennium designates [REDACTED] to testify regarding Millennium's response to learning that one or more of its employees may have misappropriated confidential information originating at Jane Street, or may have breached an agreement he or she had with Jane Street.

66. All communications between Millennium and [REDACTED] trading in the India options market since Schadewald joined Millennium.

**RESPONSE:**

Millennium objects to this topic as overbroad and unduly burdensome because it seeks testimony regarding all communications between Millennium and [redacted] by other teams at Millennium that have no relevance to the allegations in the Complaint. Millennium further objects to this topic to the extent it seeks testimony regarding information not relevant to any claim or defense in this action.

Subject to and without waiving any of its General and Specific Objections, Millennium designates [redacted] to testify regarding communications between Millennium and [redacted] trading in the India options market as it relates to Schadewald's team since Schadewald joined Millennium.

67. Any changes made by Schadewald, Spottiswood, or Millennium to any trading activity in the India market following the receipt by Schadewald, Spottiswood, and Millennium of the letters sent by counsel for Jane Street on April 3, 2024.

**RESPONSE:**

Millennium objects to this topic as vague, ambiguous, overbroad, and unduly burdensome because it seeks testimony regarding "[a]ny changes" relating to "any trading activity in the India market." Millennium further objects to this topic to the extent it seeks testimony regarding information not relevant to any claim or defense in this action.

Subject to and without waiving any of its General and Specific Objections, Millennium designates [redacted] to testify regarding any changes made by Schadewald, Spottiswood, or Millennium to any trading [redacted] in the India market following the receipt by Schadewald, Spottiswood, and Millennium of the letters sent by counsel for Jane Street on April 3, 2024.

Case 1:24-cv-02783-PAE Document 242-4 Filed 11/19/24 Page 31 of 31

***Confidential***

Dated: New York, NY
November 8, 2024

**DECHERT LLP**

By: /s/ May Chiang

Andrew J. Levander
May Chiang
1095 Avenue of the Americas
New York, NY 10036
andrew.levander@dechert.com
may.chiang@dechert.com

Martin J. Black (*pro hac vice forthcoming*)
Daniel R. Roberts (*pro hac vice forthcoming*)
Cira Centre
2929 Arch Street
martin.black@dechert.com
daniel.roberts@dechert.com

*Counsel for Millennium Management LLC*