# Exhibit 5

HIGHLY CONFIDENTIAL -
ATTORNEYS AND INDIVIDUAL DEFENDANTS ONLY

```
1                 UNITED STATES DISTRICT COURT
2                 SOUTHERN DISTRICT OF NEW YORK
3
4        JANE STREET GROUP, LLC,      )
                                      )
5                   Plaintiff,        )
                                      )
6               vs.                   )   No. 24-cv-2783
                                      )
7        MILLENNIUM MANAGEMENT        )
         LLC, DOUGLAS SCHADEWALD,     )
8        and DANIEL SPOTTISWOOD,      )
                                      )
9                   Defendants.       )
         -------------------------    )
10
11
12             * * * HIGHLY CONFIDENTIAL -
13      ATTORNEYS AND INDIVIDUAL DEFENDANTS ONLY * * *
14
15
16                     November 14, 2024
17                        8:46 a.m.
18
19            Deposition of CHIRAG AGRAWAL, held at
20      the offices of Quinn Emanuel Urquhart &
21      Sullivan, LLP, 51 Madison Avenue, 22nd Floor,
22      New York, New York, pursuant to notice, before
23      Laurie A. Collins, a Registered Professional
24      Reporter and Notary Public of the State of New
25      York.
```

Page 1

1   A P P E A R A N C E S:

2

3        QUINN EMANUEL URQUHART & SULLIVAN, LLP

4        Attorneys for Plaintiff

5             50 California Street, 22nd Floor

6             San Francisco, California 94111

7        BY:  JEFF NARDINELLI, ESQ.

8                 jeffnardinelli@quinnemanuel.com

9                      - and -

10       QUINN EMANUEL URQUHART & SULLIVAN, LLP

11            51 Madison Avenue, 22nd Floor

12            New York, New York 10010

13       BY:  SHANE FLANAGAN, ESQ.

14                shaneflanagan@quinnemanuel.com

15                     - and -

16       QUINN EMANUEL URQUHART & SULLIVAN, LLP

17            300 West 6th Street, Suite 2010

18            Austin, Texas 78701

19       BY:  GREGORY M. MIRAGLIA, ESQ. (p.m. only)

20            (via videoconference)

21                gregmiraglia@quinnemanuel.com

22

23

24

25

1    A P P E A R A N C E S (continued):

2

3         DECHERT LLP

4         Attorneys for Defendant Millennium Management

5             1095 Avenue of the Americas

6             New York, New York 10036-6797

7         BY:   MAY K. CHIANG, ESQ.

8                 may.chiang@dechert.com

9               RYAN STRONG, ESQ.

10                ryan.strong@dechert.com

11

12        ELSBERG BAKER & MARURI PLLC

13        Attorneys for Defendants Douglas

14        Schadewald and Daniel Spottiswood

15            One Penn Plaza

16            New York, New York 10119

17        BY:   BRIAN CAMPBELL, ESQ.

18                bcampbell@elsberglaw.com

19

20   ALSO PRESENT:

21        KATRINA BAKER, ESQ. (Jane Street)

22        ANTON EVANGELISTA, Videographer

23

24

25

1         THE VIDEOGRAPHER:  Good morning.  We
2    are going on the record at 8:46 a.m. on
3    November 14th, 2024.
4         Please note that the microphones are
5    sensitive and may pick up whispering and
6    private conversations.
7         Please mute your phones at this time.
8         Audio and video recording will continue
9    to take place unless all parties agree to go
10   off the record.                                08:47:20
11        This is media unit 1 of the video-
12   recorded deposition of Chirag Agrawal taken by
13   counsel for plaintiff in the matter of Jane
14   Street Group, LLC, versus Millennium
15   Management, LLC, Douglas Schadewald and Daniel  08:47:34
16   Spottiswood, filed in the United States
17   District Court, Southern District of New York,
18   Case Number 24CV02782.
19        The location of the deposition is Quinn
20   Emanuel, 51 Madison Avenue, in New York City.  08:47:53
21        My name is Anton Evangelista,
22   representing Veritext, and I am the
23   videographer.  The court reporter is Laurie
24   Collins from the firm Veritext.
25        I'm not authorized to administer an        08:48:06

1    oath.  I am not related to any party in this

2    action, nor am I financially interested in the

3    outcome.

4        If there are any objections to

5    proceeding, please state them at the time of   08:48:16

6    your appearance.

7        Counsel and all present will now state

8    their appearances and affiliations for the

9    record, beginning with the noticing attorney.

10       ATTORNEY NARDINELLI:  This is Jeff    08:48:25

11   Nardinelli from Quinn Emanuel on behalf of

12   Jane Street.  With me is Shane Flanagan, also

13   from Quinn Emanuel; and from Jane Street we

14   have Katrina Baker.

15       ATTORNEY CHIANG:  My name is May     08:48:38

16   Chiang.  I'm defending the witness.  I'm here

17   for Millennium Management.

18       ATTORNEY CAMPBELL:  I'm Brian Campbell

19   from Elsberg Baker & Maruri.  I'm here on

20   behalf of Douglas Schadewald and Daniel     08:48:47

21   Spottiswood.

22       ATTORNEY STRONG:  Ryan Strong, Dechert,

23   representing Millennium.

24       THE VIDEOGRAPHER:  And will the court

25   reporter please swear in the witness, and then 08:48:58

```
 1          counsel may proceed.
 2     C H I R A G   A G R A W A L ,
 3          called as a witness, having been duly sworn
 4          by the notary public, was examined and
 5          testified as follows:
 6     EXAMINATION BY
 7     ATTORNEY NARDINELLI:
 8          Q.   Please start by stating your full name
 9     for the record.
10          A.   My name is Chirag Agrawal.              08:49:16
11          Q.   Have you ever been deposed before?
12          A.   No.
13          Q.   You understand that you're under oath
14     today just as though you were under oath giving
15     testimony in a courtroom?                         08:49:26
16          A.   Yes.
17          Q.   And I like to just remind people we
18     have Laurie here, who's our court reporter.  She
19     is able to transcribe our words at a really
20     impressive and amazing pace, but if we talk too   08:49:38
21     quickly, it gets too difficult; and if we talk at
22     the same time, it's basically impossible.
23               So just remember to try not to talk too
24     quickly and remember to let me finish my question
25     before you start answering; and I'll remember to  08:49:53
```

Veritext Legal Solutions
Calendar-CA@veritext.com 866-299-5127

| | | |
|---|---|---|
| 1 | let you finish your answer before I ask you a | |
| 2 | question.  All right? | |
| 3 |     A.    Sounds good. | |
| 4 |     Q.    I assume you went over sort of | |
| 5 | deposition basics and procedures with your | 08:50:03 |
| 6 | attorneys as you were preparing for the | |
| 7 | deposition? | |
| 8 |     A.    Yes. | |
| 9 |     Q.    And when was that prep and who did you | |
| 10 | prep with? | 08:50:09 |
| 11 |     A.    Yesterday and it was with the people in | |
| 12 | this room. | |
| 13 |     Q.    Did you speak with any nonattorneys at | |
| 14 | the prep session? | |
| 15 |     A.    Not that I know of. | 08:50:20 |
| 16 |     Q.    Have you spoken to anybody about this | |
| 17 | deposition other than the attorneys? | |
| 18 |     A.    Yes, just that it's taking place. | |
| 19 |     Q.    Okay.  And who did you tell that it was | |
| 20 | taking place? | 08:50:32 |
| 21 |     A.    My fiancée and the people I work with. | |
| 22 |     Q.    So let's go back to February of this | |
| 23 | year.  So that's February of 2024.  You get a text | |
| 24 | from Doug Schadewald about a job opportunity at | |
| 25 | Millennium; right? | 08:50:52 |

Page 7

| | | |
|---|---|---|
| 1 | A. Uh-huh. | |
| 2 | Q. Remember to not uh-huhs; say yes, | |
| 3 | things like that. | |
| 4 | A. Sure. | |
| 5 | Q. So I'll just ask it again for the | 08:51:00 |
| 6 | cleanliness of the record. | |
| 7 | In February of 2024 you get a text | |
| 8 | message from Doug Schadewald about a job | |
| 9 | opportunity at Millennium; right? | |
| 10 | A. Yes. | 08:51:11 |
| 11 | Q. When is the last time you had talked to | |
| 12 | Doug before that text message or communicated with | |
| 13 | him in any way? | |
| 14 | A. I don't remember. | |
| 15 | Q. And at the time you were working on | 08:51:20 |
| 16 | your own sort of automated computerized trading | |
| 17 | system; is that right? | |
| 18 | A. Yes. | |
| 19 | Q. Other than that you weren't working? | |
| 20 | A. Correct. | 08:51:32 |
| 21 | Q. And you told Doug initially that you | |
| 22 | would require something like ▮▮▮▮▮▮▮ a year to | |
| 23 | take the job at Millennium; otherwise you were | |
| 24 | happy to keep doing what you were doing; right? | |
| 25 | A. I gave a ballpark figure. | 08:51:44 |

| | | |
|---|---|---|
| 1 | Q. | And do you recall that that ballpark |
| 2 | figure was about ▇▇▇▇ a year? | |
| 3 | A. | Yes. |
| 4 | Q. | If Mr. Schadewald had offered you ▇ |
| 5 | ▇▇▇▇, would you have taken that offer or no? | 08:51:56 |
| 6 | A. | It depends. |
| 7 | Q. | Depends on what? |
| 8 | A. | The quality of work, the lifestyle, and |
| 9 | the upside, et cetera. | |
| 10 | Q. | What do you mean by "upside"? | 08:52:11 |
| 11 | A. | For example, year one salary may not be |
| 12 | the only thing that matters, and also potential to | |
| 13 | do the type of work I would like to do. | |
| 14 | Q. | If he had offered you ▇▇▇▇▇▇ |
| 15 | guaranteed compensation for the first year and an | 08:52:35 |
| 16 | automatic 5 percent increase for the next however | |
| 17 | many years you wanted to work but there was no | |
| 18 | upside beyond that -- with me so far? | |
| 19 | A. | Yes. |
| 20 | Q. | You would be able to stay in the United | 08:52:47 |
| 21 | States and work wherever you wanted, whether | |
| 22 | that's Durham or Texas, but you would occasionally | |
| 23 | have to work, like, international hours -- with me | |
| 24 | so far? | |
| 25 | A. | Yes. | 08:53:01 |

| | | |
|---|---|---|
| 1 | Q.  Would you have accepted that offer or | |
| 2 | no? | |
| 3 | A.  It's hard to say.  I think a big input | |
| 4 | is the type of work I'd be doing. | |
| 5 | Q.  Had you interviewed for any other jobs | 08:53:12 |
| 6 | or had any other job offers since you left Jane | |
| 7 | Street back in 2021? | |
| 8 | A.  No. | |
| 9 | Q.  So ultimately, of course, you did | |
| 10 | accept the job offer at Millennium? | 08:53:28 |
| 11 | A.  Yes. | |
| 12 | Q.  So walk me through your thought | |
| 13 | process.  How was it that Mr. Schadewald persuaded | |
| 14 | you to accept the job that he was offering you at | |
| 15 | Millennium? | 08:53:39 |
| 16 | A.  I think Doug is a very smart person.  I | |
| 17 | also enjoyed working with him, and I was intrigued | |
| 18 | at the opportunity of being able to work with him | |
| 19 | again. | |
| 20 | Q.  Mr. Schadewald told you that he | 08:53:57 |
| 21 | expected that in the first year you'd be able to | |
| 22 | make around ████████.  Do you remember that? | |
| 23 | A.  Yes. | |
| 24 | Q.  And that ████████, your understanding | |
| 25 | was that would include some portion of the profits | 08:54:07 |

1  that you and the team would be making; right?
2      A.   Yes.
3      Q.   So let me be clear.  I'm not going
4  to -- I'm going to do my best not to ask you
5  specifically how much money you've made this year.   08:54:21
6  I'm just not going to try to do that.  But
7  structurally I want to know is it your
8  understanding that the share of the profits that
9  was going to go to you would be coming from
10 Mr. Schadewald's share as opposed to being paid to  08:54:37
11 you by Millennium.
12          ATTORNEY CHIANG:  Objection.
13          You can answer.
14          ATTORNEY CAMPBELL:  Objection.
15          And, counsel, is it all right if we can   08:54:44
16     have a standing agreement that we can join in
17     one another's objections?
18          ATTORNEY NARDINELLI:  Yeah, that's
19     fine.  You don't even have to say it.  If May
20     objects, then I'm happy to considered you guys  08:54:55
21     to have objected also.
22          ATTORNEY CAMPBELL:  Perfect.
23     Q.   So did you understand that your
24 percentage of the profits were coming out of
25 Doug's percentage of the profits?                   08:55:06

Page 11

```
 1                ATTORNEY CHIANG:  Objection.
 2                You can answer.
 3        A.      That was my rough understanding.
 4        Q.      So when you were talking to Doug about
 5   this projection, that you'd make around  ▓▓▓▓▓▓   08:55:22
 6   the first year, how did you pressure the test
 7   that?  What did you ask him about it?
 8                ATTORNEY CHIANG:  Objection.
 9        A.      I trusted Doug.
10        Q.      Can you expand on that?                08:55:42
11        A.      I figured Doug is a smart person.  I
12   enjoyed working with him.  And I'm confident in my
13   ability to add value.  So I thought we could do
14   well.
15        Q.      What did he say to you about what type 08:56:05
16   of work you would be doing at Millennium?
17        A.      He said I would have flexibility to do
18   the type of work that I would enjoy doing.  I
19   mentioned that I was working on my own you could
20   say automated trading, and he said, If you enjoy   08:56:26
21   that, you can work on something similar.
22        Q.      Did he give you an expectation of how
23   much profit he expected the group to make in the
24   first year?
25        A.      He gave ballpark figures.  I'd say more 08:56:42
```

Page 12