# Exhibit 12

*Confidential*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANE STREET GROUP, LLC,<br><br>                *Plaintiff*,<br><br>    v.<br><br>MILLENNIUM MANAGEMENT LLC, DOUGLAS SCHADEWALD, and DANIEL SPOTTISWOOD<br><br>                *Defendants*. | Civil Action No. 24-cv-2783<br>Hon. Paul A. Engelmayer |

**JANE STREET'S RESPONSES AND OBJECTIONS TO**
**DEFENDANTS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Civil Rule 33.3 of the Southern District of New York's Local Rules, Plaintiff Jane Street Group, LLC ("Jane Street") hereby responds and objects to Defendants' First Set of Interrogatories to Plaintiff (Nos. 1–5) (the "Interrogatories" or, individually, each an "Interrogatory") served in the above-captioned action ("Action"), without waiving any claims that Plaintiff has or hereafter may assert in the Action.

Plaintiff's responses are made subject to the requirements and protections of the Protective Order entered in this action (Dkt. 117). Plaintiff's responses, and the information provided therein, are not intended, and shall not be construed, as an admission that any factual predicates stated in the Interrogatories are accurate. In responding to the Interrogatories, Plaintiff does not admit the correctness of any allegation or assertion.

## **GENERAL OBJECTIONS**

1.      Plaintiff objects to the Interrogatories on the ground and to the extent that they exceed the scope of interrogatories permitted at the commencement of discovery by Local Civil Rule 33.3 of the Southern District of New York Local Rules.

2.      Plaintiff objects and reserves its right to contend that each subpart of the Interrogatories should be separately counted against the number of interrogatories permitted by the Federal Rules of Civil Procedure.

3.      Plaintiff objects to each and every Interrogatory on the ground and to the extent it requires Plaintiff to provide information beyond what can be obtained by a reasonably diligent investigation.

4.      Plaintiff objects to each and every Interrogatory on the ground and to the extent it seeks information outside of Plaintiff's possession, custody, or control.

5.      Plaintiff objects to each and every Interrogatory on the ground and to the extent it seeks information that is publicly available, is already in Defendants' possession or has been provided to Defendants, or to which Defendants have equal or greater access.

6.      Plaintiff objects to each and every Interrogatory on the ground and to the extent it seeks information that is the subject of expert discovery and will be disclosed as part of expert discovery.  Plaintiff reserves the right to rely on information that may be disclosed as part of expert discovery, and Plaintiff's responses should not be interpreted as limiting Plaintiff's reliance on arguments or evidence that may be disclosed as part of expert discovery.

7.      Plaintiff's responses are given without prejudice to its right to produce or rely on subsequently discovered information, facts, or documents.  Plaintiff accordingly reserves its right to produce or rely on subsequently discovered documents as additional facts are ascertained.  Discovery and Plaintiff's investigation in this matter are ongoing, and Plaintiff reserves the right

to supplement or amend its responses pursuant to Rule 26(e) with additional information as its investigation continues and discovery progresses. Plaintiff's responses should not be interpreted as limiting, in any way, Plaintiff's trial presentation, the evidence Plaintiff may seek to admit, or any argument or evidence that Plaintiff may rely on in connection with any motion.

## **OBJECTIONS TO DEFINITIONS**

1. Plaintiff objects to the definition of "Plaintiff," "You," and "Jane Street" to the extent it purports to incorporate any non-parties to this action, including any attorneys, agents, or representatives.

2. Plaintiff objects to the definition of "document" and "communication" to the extent they purport to include documents not in Plaintiff's possession, custody, or control.

3. Plaintiff objects to the definition of "to identify," to the extent it purports to impose obligations beyond what is required under the Federal Rules of Civil Procedure, the Southern District of New York Local Rules, and any other applicable laws or rules.

4. Plaintiff objects to the definition of "India Options Trading" to the extent that it purports to include any trading not done by Jane Street or Defendants and to the extent that it purports to include any trading not relevant to Jane Street's trade secrets.

5. Plaintiff objects to the definition of "Listserv" to the extent that it purports to include any electronic mailing list, Slack group, or any other discernible regular collection of recipients for any form of communications, including e-mail lists, not created or managed by Jane Street and to the extent that it purports to include any mailing list not relevant to Jane Street's trade secrets.

## OBJECTIONS TO INSTRUCTIONS

1. Plaintiff objects to Instruction Ltrs. A through K to the extent they purport to impose obligations beyond what is required under the Federal Rules of Civil Procedure, the Southern District of New York Local Rules, and any other applicable laws or rules.

2. Plaintiff objects to Instruction K to the extent that it unreasonably and burdensomely expands the Relevant Period and imposes an obligation beyond what is required under the Federal Rules of Civil Procedure.

3. Plaintiff objects to Instruction L the extent that it requests that Plaintiff continue supplementing its answers to each Interrogatory even after the close of the discovery period in the Action on the ground that it imposes an obligation beyond what is required under the Federal Rules of Civil Procedure.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1:**

Identify all Persons who were involved in, who contributed to, or who supervised the discovery, development, or refinement of the Strategies.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein. Plaintiff objects to this Interrogatory to the extent that it is compound and should be counted as multiple Interrogatories per Rule 33(a)(1). Plaintiff further objects to this Interrogatory to the extent that it seeks information that is privileged or that is otherwise protected from discovery. Plaintiff also objects to this Interrogatory to the extent it purports to impose requirements other than, or in addition to, the requirements of the Federal Rules of Civil Procedure. Plaintiff further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including to

*Confidential*

the extent it asks Plaintiff to identify "all" individuals "who were involved in, who contributed to, or who supervised" the "discovery, development, or refinement" of the Strategies. Plaintiff objects to this Interrogatory to the extent it seeks the identification of individuals who have developed and refined the Strategies after Defendants were no longer employed by Jane Street. Jane Street also objects on grounds of vagueness regarding who was "involved in," "contributed to," or "supervised" the discovery, development, or refinement of the strategies.

Subject to and without waiving or limiting the foregoing objections, Jane Street identifies the following as Persons who worked on, were involved in, contributed to, or supervised the discovery, development, or refinement of the Strategies, in Response to Interrogatory No. 1:

- ■ ███████████
- ■ ████████
- ■ █████████
- ■ █████
- ■ █████████████
- ■ ████████
- ■ █████████████
- ■ ████████
- ■ ██████
- ■ ████████
- ■ █████████
- ■ █████████████
- ■ █████████
- ■ █████████
- ■ ██████

5

- ████████████
- ████████████
- █████
- ██████████
- ██████████
- ████████████
- ████████
- ████████████
- ██████████████
- ███
- ██████████
- █████████
- ██████████
- ██████████████
- █████████
- ██████████
- ██████████
- ████████████████
- █████████
- █████████
- █████████
- █████
- ██████████
- ██████████
- █████████

6

- ███
- ███
- ███
- ████
- ███████
- ███
- █████
- ███████
- █████
- ███
- ████
- █████
- █████
- █████
- ███████
- ███
- ████
- ███████
- ███
- ███
- █████
- ███
- ████
- █████

7

**INTERROGATORY NO. 2:**

Identify all Persons employed by Jane Street with knowledge of India Options Trading activities by Defendants, or by any "new competitor" (███████████) believed to be Defendants.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein. Plaintiff further objects to this Interrogatory to the extent that it seeks information that is privileged or that is otherwise protected from discovery. Plaintiff further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including to the extent it asks Plaintiff to identify "all" Persons employed by Jane Street with knowledge of Defendants activities. Plaintiff object to this Interrogatory to the extent it purports to impose requirements other than, or in addition to, the requirements of the Federal Rules of Civil Procedure. Plaintiff objects to this Interrogatory to the extent it seeks the identification of individuals after the Complaint was filed. Jane Street also objects on grounds of vagueness regarding who has "knowledge" of Defendants' or a competitor's India Options Trading.

Subject to and without waiving or limiting the foregoing objections, Jane Street identifies the following Persons in Response to Interrogatory No. 2:





**INTERROGATORY NO. 3:**

Identify in detail the amount and method of computation of each category of damages alleged by You in this Action, including identifying any document(s) supporting such alleged damages.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein.  Plaintiff further objects to this Interrogatory to the extent it purports to impose requirements other than, or in addition to, the requirements of the Federal Rules of Civil Procedure.  Plaintiff also objects to this Interrogatory as premature at this stage of the litigation because it seeks information that will be the subject of expert discovery.

9

Plaintiff will submit expert materials in accordance with the Federal Rules of Civil Procedure, the Local Rules, any other applicable laws or rules, and the Court's Case Management Schedule.

Subject to and without waiving or limiting the foregoing objections, Jane Street further responds that it seeks compensatory damages, exemplary damages, punitive damages, consequential damages, specific performance, pre-judgment interest, post-judgment interest, reasonable attorneys' fees, expert witness fees, other reasonable costs and expenses, and such other and further relief as the Court may deem just and proper. Jane Street will provide Defendants with an expert damages report in accordance with the Court's Civil Case Management Plan and Scheduling Order, or any modifications to that schedule that are subsequently entered by the Court.

**INTERROGATORY NO. 4:**

Identify all Persons outside of Jane Street with whom Jane Street or any Person employed by Jane Street has discussed the Strategies, in whole or in part, including but not limited to brokers in India.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein. Plaintiff further objects to this Interrogatory to the extent that it seeks information that is privileged or that is otherwise protected from discovery. Plaintiff also objects to this Interrogatory to the extent it purports to impose requirements other than, or in addition to, the requirements of the Federal Rules of Civil Procedure. Plaintiff further objects Interrogatory on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including to the extent it asks Plaintiff to identify "all" individuals it has discussed the Strategies with, including those outside of Jane Street necessary to effectuate their execution, and/or those individuals who did so without Jane Street's knowledge. Plaintiff objects to this Interrogatory to the extent it seeks the identification of individuals who

10

Jane Street has communicated with after Defendants were no longer employed by Jane Street. Plaintiff also objects on grounds of vagueness regarding the definition of "part" of the Strategies, and Plaintiff objects on grounds of breadth, burden, and relevance to the extent this Interrogatory seeks to define trade orders, or other efforts to research, develop, implement, execute, or use the Strategies that do not involve a material discussion or disclosure of the Strategies themselves, as "part" of the Strategy. Plaintiff further objects to the extent this Interrogatory does not delineate between Persons who were never employees of Jane Street and Persons who are now former employees of Jane Street (*e.g.*, Mr. Schadewald and Mr. Spottiswood).

Subject to and without waiving or limiting the foregoing objections, Jane Street identifies the following Persons in Response to Interrogatory No. 4:

- To the best of Jane Street's knowledge, Jane Street and its employees have not discussed the Strategies with Persons outside of Jane Street at the time of the discussion, including any brokers in India.

**INTERROGATORY NO. 5:**

Identify all Persons with knowledge of any efforts made by, or on behalf of Jane Street (including by agencies, representatives, or counsel), successful or unsuccessful, to communicate with any member of the press from January 1, 2024 to the present regarding this litigation or its subject matter, including in Your response the date(s), participant(s) and form(s) of each attempted or actual communication with the press.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff incorporates by reference its General Objections, Objections to Instructions, and Objections to Definitions as if fully set forth herein. Plaintiff further objects to this Interrogatory to the extent that it seeks information that is privileged or that is otherwise protected from discovery. Plaintiff also objects to this Interrogatory to the extent it purports to impose

11

*Confidential*

requirements other than, or in addition to, the requirements of the Federal Rules of Civil Procedure. Plaintiff further objects Interrogatory on the grounds that it is overbroad, unduly burdensome, and disproportionate to the needs of this Action, including to the extent it asks Plaintiff to identify "all" Persons with knowledge, including those Jane Street can have no way of knowing of.

Subject to and without waiving or limiting the foregoing objections, Jane Street identifies the following Persons in Response to Interrogatory No. 5:

- On April 12, 2024, ▮▮▮▮▮, the ▮▮▮▮▮ at Jane Street's public relations firm, ▮▮▮▮▮., provided the redacted, publicly-filed version of the Complaint to ▮▮▮▮▮, a reporter at ▮▮▮▮▮.

Dated: New York, New York
June 28, 2024

            QUINN EMANUEL URQUHART &
            SULLIVAN, LLP
      By:   */s/ Deborah K. Brown*
            Alex Spiro
            Deborah K. Brown
            Jeffrey C. Miller
            Kaitlin P. Sheehan
            51 Madison Avenue, 22nd Floor
            New York, New York 10010
            Telephone: (212) 849-7000
            alexspiro@quinnemanuel.com
            deborahbrown@quinnemanuel.com
            jeffreymiller@quinnemanuel.com
            kaitlinsheehan@quinnemanuel.com

            Greg Miraglia
            300 West 6th Street
            Austin, Texas 78701
            Telephone: (737) 667-6100
            gregmiraglia@quinnemanuel.com

            Jeff Nardinelli
            50 California Street, 22nd Floor
            San Francisco, CA 94111

*Confidential*

        Telephone: (415) 875-6600
        jeffnardinelli@quinnemanuel.com

*Attorneys for Plaintiff Jane Street*

13

## VERIFICATION

I, ▇▇▇▇▇▇▇▇▇▇, declare:

I am a senior trader at Jane Street Group, LLC ("Jane Street"). I am authorized to make this verification for and on behalf of Jane Street.

I have read Jane Street's June 28, 2024 Responses and Objections to Defendants' First Set of Interrogatories (Nos. 1-5) served upon Jane Street (the "Responses"), and know the contents thereof. The factual information set forth in the Responses is not entirely within my personal knowledge, but such facts have been determined by authorized employees or agents of Jane Street and have been provided to me after reasonable inquiry. The Responses, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected, and thus far discovered in the course and preparation of the Responses. Consequently, Jane Street reserves the right to make any changes to the Responses if it appears at any time that omissions or errors have been made or that more accurate information is available. Subject to the limitations set forth herein, based on my personal knowledge, information that is reasonably available to me at this time as an employee of Jane Street, and/or determined by authorized employees and/or agents of Jane Street and provided to me after reasonable inquiry, I hereby represent the factual information stated in the Responses is true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury' that the foregoing is true and correct.

Executed on  June 28 , 2024 in  New York City .

_Andrew Westerdale_
Andrew Westerdale