# Exhibit 13

**Shams Hirji**

| | |
|---|---|
| **From:** | Jeffrey Miller <jeffreymiller@quinnemanuel.com> |
| **Sent:** | Wednesday, July 3, 2024 3:56 PM |
| **To:** | Brian Campbell; Jeff Nardinelli; Kaitlin P. Sheehan; Gavin Coyle |
| **Cc:** | QE Jane Street; Chiang, May; Levander, Andrew; Black, Martin; Roberts, Daniel; Strong, Ryan; Alexandra Sadinsky; Rollo Baker; Kateryna Shokalo |
| **Subject:** | RE: Jane Street v. Millennium - M&C follow-up |

Counsel,

On Friday, June 28, you e-mailed a search protocol that proposed Jane Street run **over 250 search strings** in whole or in part over **25 custodians** across **9 different time periods**, including 30 search strings going back **six years**. You have also requested additional, unknown custodians based on job titles from 2018 through the present, as well as over 20 requests for collection from ad-hoc sources. These requests are facially outrageous, overly broad and burdensome, highly cumulative, disproportionate to the claims and defenses at-issue, and untenable in light of the schedule entered in this action—the expediency of which was demanded by Defendants.

We do not believe it is fruitful to engage in term-by-term negotiations concerning Defendants' June 28 proposal, and instead will propose a reasonable and realistic set of search terms, custodians, and time periods in response. We will also provide our positions on the items discussed on our June 26 meet-and-confer, where Defendants' repeatedly reiterated their requests for a disproportionately broad scope of discovery going back, in many instances, for six years.

We are also preparing proposed search terms and custodians for Defendants' production. Further, as communicated yesterday, we expect to make a re-designated production of documents supporting the trade secret disclosure shortly.

Of course, your allegations that Jane Street is "slow-walking discovery" to "deprive" Defendants and "drag out the case" are baseless. Jane Street has requested targeted and limited discovery commensurate with the allegations and defenses in this case that would allow this trial to proceed on a timely basis; Defendants have thus far insisted on an unreasonably broad scope of discovery that defies both legal requirements and the schedule.

Further, your rehashing of the parties' dispute over the protective order is both needless and ahistorical. Defendants repeatedly requested that Mr. Schadewald and Mr. Spottiswood, as well as an unnamed business person at Millennium, have access to Jane Street's competitively sensitive material. The Court, and the Protective Order, limited the Individual Defendants' access to documents they sent or received and rejected Defendants' request for a business person to have access altogether. Defendants "forced" that contest, not Jane Street.

Nonetheless, we do think the parties should schedule a time in the very near future to discuss the current state of discovery and the operative schedule. Please advise times on Friday, June 5 that work for your schedule.

Best,
Jeff

---

**From:** Brian Campbell <BCampbell@elsberglaw.com>
**Sent:** Wednesday, July 3, 2024 1:46 PM
**To:** Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Jeffrey Miller <jeffreymiller@quinnemanuel.com>; Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; Gavin Coyle <gavincoyle@quinnemanuel.com>
**Cc:** QE Jane Street <qejanestreet@quinnemanuel.com>; Chiang, May <May.Chiang@dechert.com>; Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Alexandra Sadinsky

<ASadinsky@elsberglaw.com>; Rollo Baker <rbaker@elsberglaw.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>
**Subject:** RE: Jane Street v. Millennium - M&C follow-up

**[EXTERNAL EMAIL from bcampbell@elsberglaw.com]**

Counsel,

We have yet to hear from you regarding the deficiencies in Jane Street's Responses & Objections to Defendants' First RFPs, which we identified by letter two weeks ago and discussed on our meet and confer one week ago. In our follow-up email after the meet and confer, we asked for your final positions by June 28 so that we could bring any remaining disagreements to resolution. Jane Street has still not responded.

It is very apparent that Jane Street's delay here is part of a broader tactic of slow-walking discovery so that Defendants will be deprived of the information they need to defend Jane Street's claims, or to drag out the case so that Jane Street's allegations are never put to the test. Jane Street withdrew its demand for injunctive relief to forestall any kind of merits hearing; forced weeks of litigation over whether the Individual Defendants could even access the trade secret disclosure identifying what Jane Street alleges they misappropriated; Jane Street has not provided a hit report or counterproposal with respect to the proposed search terms we sent a week ago; Jane Street has not proposed search terms or custodians for Defendants; and even last night, after *weeks* of Defendants pushing Jane Street to confirm that Individual Defendants may access the documents Jane Street claims support its trade secret disclosure, and Jane Street finally promising an appropriately re-designated reproduction of those documents yesterday, Jane Street now claims that "metadata" issues are preventing it from making the promised production. These tactics cannot continue.

We need your response on the issues below by end of day Friday, along with the long-delayed production of the trade secret disclosure documents.

Sincerely,
Brian

---

**From:** Brian Campbell
**Sent:** Tuesday, July 2, 2024 2:32 PM
**To:** Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Jeffrey Miller <jeffreymiller@quinnemanuel.com>; Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; Gavin Coyle <gavincoyle@quinnemanuel.com>
**Cc:** QE Jane Street <qejanestreet@quinnemanuel.com>; Chiang, May <May.Chiang@dechert.com>; Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Rollo Baker <rbaker@elsberglaw.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>
**Subject:** RE: Jane Street v. Millennium - M&C follow-up

Counsel,

It has been 12 days since we sent our deficiency letter on June 20th. Please let us know your positions on the open items we discussed on our June 26th meet and confer, as outlined in the follow-up email we sent on the 27th, as soon as possible.

Separately, when do you expect to be able to share a hit report?

Best
Brian

**From:** Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>
**Sent:** Thursday, June 27, 2024 10:48 PM
**To:** Brian Campbell <BCampbell@elsberglaw.com>; Jeffrey Miller <jeffreymiller@quinnemanuel.com>; Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; Gavin Coyle <gavincoyle@quinnemanuel.com>
**Cc:** QE Jane Street <qejanestreet@quinnemanuel.com>; Chiang, May <May.Chiang@dechert.com>; Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Rollo Baker <rbaker@elsberglaw.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>
**Subject:** Re: Jane Street v. Millennium - M&C follow-up

Brian, thanks for this lengthy email including your 254 proposed search terms. We'll get back to you.

**From:** Brian Campbell <BCampbell@elsberglaw.com>
**Sent:** Thursday, June 27, 2024 9:39:41 PM
**To:** Jeffrey Miller <jeffreymiller@quinnemanuel.com>; Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Gavin Coyle <gavincoyle@quinnemanuel.com>
**Cc:** QE Jane Street <qejanestreet@quinnemanuel.com>; Chiang, May <May.Chiang@dechert.com>; Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Rollo Baker <rbaker@elsberglaw.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>
**Subject:** Jane Street v. Millennium - M&C follow-up

**[EXTERNAL EMAIL from bcampbell@elsberglaw.com]**

Jeffs, Kaitlin, and Gavin,

Thank you for the call yesterday. I write with a recap of our meet and confer and the draft proposed Jane Street search parameters that I indicated we would send. I know Jane Street is still working on its own parameters, so we send this in the interest of moving forward expeditiously. We have tried to be as comprehensive as possible but we reserve the right to add to this if necessary as our discussions progress. One area I expect may need supplementation is post-complaint discovery, which both sides are still thinking through. Please note that there are two tabs in the attached excel.

The following summarizes our meet and confer discussion. Please let us know your position on the open topics we discussed yesterday by end of day Friday, June 28.

**Production Accompanying Jane Street's Trade Secret Identification of Trade Secrets**:

- We reiterated our request for a response to the question we asked on Friday, June 21, concerning the document production that accompanied and was incorporated into Jane Street's trade secret identification. We asked Jane Street to confirm that Individual Defendants can have access to the 41 documents in the production. You stated that you did not believe that there should be an issue with providing Individual Defendants with access to the documents in the production and agreed to provide a response to our request by <u>Friday, June 28</u>.

**Jane Street's R&Os to Defendants' First RFPs**:

- Boilerplate objections:  You confirmed that Jane Street will not withhold documents on the basis of any General Objection except for privilege.  You also confirmed that Jane Street is not withholding documents that <u>are</u> in Jane Street's possession, custody, or control on the basis of objections that the Request calls for some documents outside Jane Street's possession, custody or control (RFPs 3, 11-20, 23-24, 29, 31-32).

- "Sufficient to Show" limitation:  We discussed fourteen RFPs (1-10, 14, 22, 26, 27) for which Jane Street's responses were limited to "documents sufficient to show" the particular subject matter.  You confirmed that, as a general matter, Jane Street did not intend to withhold any documents responsive to the particular subject matter, and that generally documents regarding Jane Street's Strategies in India are responsive and will be produced, (and which are located through a reasonable search for review) on the basis of the "sufficient to show" responses but could not definitively confirm this for all fourteen RFPs.   You agreed to get back to us in writing regarding whether Jane Street is going to withhold any responsive documents in response to any of RFPs 1-10, 14, 22, 26, and 27 on the basis of the "sufficient to show" formulation in Jane Street's Responses and Objections.  We asked that Jane Street produce all responsive documents that are identified pursuant to an agreed-upon search protocol in response to these Requests.

-  You stated that this limitation was intended to exclude documents regarding Jane Street's trading in other countries.  We explained that RFPs 4, 5, and 7 are narrowly tailored to seek documents regarding the Strategies (as defined) and that if, for example, some of the Strategies originated from techniques employed in other countries, we would expect responsive documents pertaining to those other countries to be produced.  You stated that to your knowledge this was not the case, but if it were, you would not withhold such documents on the basis of this limitation.

- RFPs 1 & 2:  *First*, we asked whether you were seeking to exclude any documents on the basis of your limitation in RFP 2 to produce information concerning Jane Street's India Options Trading "relating to Jane Street's Strategies." ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  We asked for confirmation that you would not withhold any documents on the basis of this limitation.  You agreed to look into it and get back to us.

    *Second*, we discussed whether Jane Street would produce ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ We asked you to confirm what data is available, and you stated you were looking into what format was feasible for Jane Street and agreed to get back to us.  Millennium is also finding out what data is available.

*Third*, we explained that RFPs 1 and 2 do not just seek trading data, but also seek responsive documents and communications such as emails discussing trades, trade recaps, and emails discussing trading at an aggregate level.  We asked you to confirm that you will be producing responsive documents.  You agreed that Jane Street's response did not intend to exclude such documents.

- RFP 3:  You agreed that Jane Street would not withhold documents on the basis of Jane Street's "analysis or discussion of" qualifier, subject to the parties agreeing to a reasonable search protocol.

- RFPs 4 & 5:  We explained that the discovery period must begin on January 1, 2018, for these requests, which seek documents that will generally be relevant to the development of the alleged trade secrets, based on Jane Street's allegations that Jane Street began developing and employing the alleged trade secrets in 2018.  You explained that in practice most or all of this work took place in 2023, and expressed that producing documents back to 2018 may be too burdensome and irrelevant to the Strategies.  We discussed that search parameters may be able to address the burden, but responsive documents located through a reasonable search for review should be produced.  You agreed to get back to us regarding whether Jane Street will produce documents dating back to January 1, 2018.

    With respect to the ending date for the document discovery period, we explained that Jane Street's trading techniques now are relevant to the calculation of damages, mitigation of damages, as well as the ongoing existence (or non-existence) of any trade secret.  You asked whether there is any limitation as to the end date, and we explained that the end date depends in large part on what Jane Street intends to claim as damages.  You stated that Jane Street is interested in a quid pro quo on trading data through the present.  Both sides agreed to discuss further.

- RFPs 7 & 8:  *First*, you agreed that Jane Street will not withhold ▮▮▮▮▮▮▮▮▮▮ in response to RFP 8.  *Second*, you agreed to get back to us on whether Jane Street will produce documents dating back to January 1, 2018, in response to RFPs 7 & 8, as opposed to January 1, 2023, as Jane Street stated in its R&Os.  You explained that the date limitation was intended to address a concern about burden, and we stated that burden concerns may be able to be addressed through search parameters.  *Third*, you agreed that you would not withhold documents on the basis of Jane Street's "analysis of" qualifier to RFP 8, subject to the parties agreeing to a reasonable search protocol.

- RFPs 9 & 10:  *First*, with respect to Jane Street's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is a fact in dispute, so we need surrounding facts.  You agreed to get back to us regarding whether Jane Street is intending to withhold documents based on that qualifier.

    *Second*, you also agreed to get back to us regarding whether Jane Street is willing to produce any documents or communications relating to margin or exchange limitations or potential exchange actions beyond the events of March 6 and March 28, and we agreed to get back to you on whether a start date of January 1, 2023, would be sufficient for these requests (as opposed to January 1, 2018, as originally requested).

5

*Third*, with respect to RFP 10, we explained that the rationale for seeking all communications among traders and managers in the India Options Market over the two particular days in March referred to in Jane Street's complaint, plus the day before and after each (six days total), is to understand the factors that may have caused or contributed to the events of those dates.  Jane Street alleges that the only possible cause of the events of those dates is Defendants' misappropriation; we want discovery into those days so that we can draw our own conclusions as to what happened and what caused it.  We advised that we are not looking for, e.g., personal communications, and agreed to limit to this request to any documents or communications related to these traders' and supervisors' work at Jane Street.  You stated that some of this information will be responsive to other requests, and expressed concerns about relevance, but agreed to consider and get back to us.

- RFPs 11 & 29:  We explained that the date limitation does not make sense with these requests, which seek documents and communications relating to the alleged misappropriation and the allegations in the complaint.  We agreed to consider a qualification to RFP 11 that would limit the request to any misappropriation *at issue in this case* in exchange for Jane Street withdrawing its date limitation.  You agreed to consider this request.  We can confirm that we will limit the request to "All documents and communications concerning any alleged misappropriation **at issue in this Action** of Jane Street trade secrets or Jane Street confidential or proprietary information by any Defendant, including as alleged in the Amended Complaint" in exchange for Jane Street withdrawing its date limitation.  On RFP 29, you asked for clarification that RFP 29 is not so broad as to seek all documents "relevant to" the allegations of the Amended Complaint; we confirmed it only seeks documents used in, relied upon for, or referred to in support of any allegation in the Amended Complaint.  With that clarification, you confirmed that such documents would be produced.

- RFP 13:  We asked you to confirm that Jane Street would not withhold documents (including, for example, internal discussions about the Instruments) on the basis of its objections, subject to the parties agreeing to a reasonable search protocol.  You stated that you would discuss with your clients and get back to us.

- RFPs 15 & 16:  We explained that information regarding the compensation and rating of other Jane Street traders is relevant to, among other things, (a) the reasons for Individual Defendants' departure from Jane Street, (b) Jane Street's allegations that the allegedly above-market compensation Individual Defendants received from Millennium is evidence that they misappropriated Jane Street's trade secrets, and (c) showing that Jane Street's success while it employed Individual Defendants (and Millennium's success going forward) is more driven by Individual Defendants own high level of skill and ability, which Jane Street recognized, than the use of some specific strategy.  You stated that this information is very sensitive to Jane Street, but some of it could be obtained at a deposition.  We stated that the confidentiality agreement in place has a very restrictive highest tier that Jane Street could use to protect this information.  We also asked you to confirm how many Jane Street traders or managers would be implicated by these requests, and for confirmation that this information is accessible (even if it is sensitive) and, if so, how this information is kept (e.g., whether there is a spreadsheet for the compensation and ratings of all Jane Street traders for each year).  You agreed to consider the request and respond on your position.

6

- RFP 17: We discussed what was being sought in RFP 17, the reasoning for it, and the time limitations. You agreed to get back to us regarding whether you'd produce internal communications about the Individual Defendants' departure with Jane Street, as opposed to just communications *with* the Individual Defendants about their departure.

- RFPs 18 & 19: We explained that these requests go to several issues, including the circumstances of Individual Defendants' departure from Jane Street, Jane Street's allegation that Individual Defendants received above-market compensation from Millennium, and implementation of the Strategies, which happened in both  that are unrelated to Schadewald that are not otherwise responsive to a different RFP, but would discuss internally and get back to us.

- RFP 21: We explained that this request seeking communications about the departure or potential departure of other Jane Street personnel is related to Jane Street's allegations in its complaint (e.g., in ¶¶ 12-13), as well as our belief that Jane Street's rationale in this Action is to use a non-viable trade secret claim as a surrogate for non-compete covenants that it does not have from the Individual Defendants. You expressed that you did not expect to agree to produce this, but would discuss internally. Separately, we previewed that we expected to serve a supplemental RFP seeking documents concerning the communications between Jane Street and Millennium alleged in ¶ 121 of the Complaint, but we no longer intend to do so—the letters referred to in ¶ 121 are responsive to RFP 29.

- RFP 22: You agreed that Jane Street would not withhold documents on the basis of Jane Street's "trade secret information" qualifier, subject to the parties agreeing to a reasonable search protocol.

- RFP 23: You asked why third-party recruitment is relevant. We explained that the information that Jane Street is disclosing to third parties about its trading is India is relevant to the scope of trade secret and confidential information that Jane Street seeks to assert against Defendants in this case, and Jane Street's discussions about how candidates' experience and general skills would be important to successfully trading in India options markets for Jane Street is relevant to the importance of our clients' prior experience and skill. You stated that you were unlikely to change your position, but would get back to us in short order.

- RFP 24: You asked why regulatory approvals and barriers to entry would be relevant.  We explained that the cause for why Jane Street has been profitable is in part because it's difficult to enter the India markets—not just based on the Strategies themselves.  You stated that seeking this information over six years was burdensome.  You stated that you were unlikely to change your position, but would get back to us in short order.  After consideration, we are willing to limit this request to start at January 1, 2023.

- RFP 25: With respect to the start date for RFP 25, you agreed that amending the start date of this RFP could be done in writing.  You stated that you would produce documents to the extent they are not privileged.  We asked if you would produce communications that Quinn had with the press.  You said you would get back to us with a firm answer, assuming it would be reciprocal.

- RFPs 26 & 27: We clarified that the time period should have ended with April 12, 2024, not April 22, 2024.  You agreed to get back to us and confirm that Jane Street will not withhold documents on the basis of Jane Street's "[redacted]" qualifier, subject to the parties agreeing to a reasonable search protocol.

**Production Process**:

- Document Collection: We generally discussed each party's progress in document discovery.  All parties have begun document collections and are formulating search terms and custodian proposals.  We discussed that we expected to send you a proposed set of search terms and custodians for Jane Street in the near term.  That draft proposal is attached hereto.

- ESI Protocol: You said you have a draft ESI Protocol and would share it in the near term.

Defendants reserve all rights and waive none.


Regards,

Brian



**Brian R. Campbell**

Senior Attorney [Bio]

_____

**ELSBERG BAKER & MARURI PLLC** [Web]

212.597.2618 (o)

502.314.3919 (m)

(he/him/his)