quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

November 22, 2024

Hon. Paul A. Engelmayer
United States District Court, Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re:   *Jane Street Group, LLC v. Millennium Mgmt. LLC*, No. 1:24-cv-02783 (S.D.N.Y.)

Dear Judge Engelmayer:

Jane Street Group, LLC respectfully requests that the Court compel Millennium Management LLC to provide corporate testimony on Rule 30(b)(6) Topics 28, 37, 49 and 54 ("Topics").  *See* Ex. A. The parties have conferred, including by telephone on November 16 and 22, but are at impasse.[1] The first deposition of a Millennium designee is scheduled for December 3, 2024.

Document discovery has made clear that Defendants are using several of the Trading Strategies Jane Street asserts as trade secrets.  Millennium contends that these strategies are not trade secrets because they supposedly are "textbook" and generic.  *See* Dkt. 122 at 20; *see also id.* at 32 (alleging these "are not trade secrets" because "these broad categories of information are generally known to the public"); *id.* at 45 (same, "based on publicly available signals and information").  To test this contention, Jane Street issued 30(b)(6) topics to determine whether anyone at Millennium—***other than*** Schadewald's team ("SOCAP")—is using the Trading Strategies.  If those strategies are well-known, one would expect them to have been used by others at Millennium.  Discovery, however, indicates these strategies were ***not*** broadly used at Millennium.  Indeed, before he joined Millennium, Schadewald derided Millennium's volatility traders, saying "none of those guys can make money" because "they all do the same dumb strategies."  Ex. B at -04598.  Millennium nonetheless refuses to prepare a witness to provide testimony on its own supposed awareness or use of these "textbook" strategies outside of SOCAP.  Millennium cannot take the position that these Trading Strategies are well-known, while simultaneously refusing to provide testimony about its knowledge of those strategies outside of Schadewald's team.  Jane Street thus requests that for each of these four Topics, Millennium prepare a witness to testify on its awareness of these strategies it contends to be well-known or "textbook," as relating to Millennium's trading in India.

I.   **Legal Standard**

When issued a Rule 30(b)(6) notice, an organization must designate one or more individuals to "give complete, knowledgeable and binding answers on its behalf." *Bush v. Element Fin. Corp.*, 2016 WL 8814347, at *2 (S.D.N.Y. Dec. 13, 2016).  Courts apply Rule 26's broad relevance standard to resolve disputes over 30(b)(6) topics.  *See, e.g., Honda Lease Tr. v. Middlesex Mut. Assur. Co.*, 2008 WL 3285242, at *4 (D. Conn. Aug. 7, 2008) (denying motion for protective order: even where 30(b)(6) topic is "rather distant from the central issues in this case, it does fall within the broad relevancy standard").

---

[1] While the preferred approach would have been for Millennium to file a motion for a protective order, *see e.g., Ft. Worth Empls.' Ret. Fund v. J.P. Morgan Chase & Co.*, 2013 WL 6439069, at *2 (S.D.N.Y. Dec. 9, 2013), Jane Street proactively raises the issues herein to avoid unnecessary post-deposition disputes.

quinn emanuel urquhart & sullivan, llp
ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

*Highly Confidential – Attorneys' Eyes Only*

## II.     Millennium Should Provide Testimony On Topics Relating To Its Trading In India

*Topic 37: All facts concerning any contention, if you so contend, that the trade secrets alleged by Jane Street in this Action were publicly available prior to Schadewald or Spottiswood joining Millennium.*

This Topic seeks the factual bases for Defendants' contention that Jane Street's asserted trade secrets were publicly known by the time Schadewald joined Millennium. Millennium most recently offered to prepare a witness for this Topic, but only on (1) facts already known to Millennium as of June 21, 2024 (the date it filed its Amended Answer); and (2) as specifically pleaded in Millennium's first and second affirmative defenses. These limitations are improper: if Millennium contends that Jane Street's asserted trade secrets were already publicly available by the time Schadewald was hired, it should be prepared to testify as to those facts, whether that contention is based on its as-pleaded affirmative defenses *or any other contention* of such public availability. Moreover, the date Millennium learned of those facts should not serve as a cutoff if such facts form the basis of its contention. And unless Millennium stipulates that any contention of "public availability" in this case will not extend beyond what it specifically asserts in its affirmative defenses (which it has not), it should not be permitted to place an undisclosed limitation on the facts supporting this undisclosed contention. *See Woelfle v. Black & Decker (U.S.) Inc.*, 2020 WL 1180749, at *4 (W.D.N.Y. Mar. 12, 2020) ("factual bases of contentions, denials, and affirmative defenses are properly subject to questioning under [Rule] 30(b)(6)"); *Coty Inc. v. Excell Brands, LLC*, 2016 WL 7187630, at *3 (S.D.N.Y. Dec. 9, 2016) (precluding party that failed to prepare 30(b)(6) witness from introducing testimony or documents on those topics at trial). Rather than permit such hidden vagaries, Millennium should prepare a witness on this Topic as written.[2]

*Topic 28: Millennium's trading in the India markets between January 1, 2020 and present, including but not limited to all efforts to identify or implement trading strategies in the India markets relating to options.*

Millennium admits it has been trading in India "for years" before hiring Schadewald (Dkt. 8-13 at 3), so Jane Street is entitled to testimony on whether Millennium employed Jane Street's allegedly "textbook" strategies during those "years," and if so, for how long. Moreover, whether other Millennium's traders used these strategies bears on whether they are generally known or readily ascertainable, *see* 18 U.S.C. § 1839(3)(B), and on damages if those traders learned the strategies from SOCAP. Millennium first responded it would only prepare a witness "to testify regarding Millennium's trading of ▇▇▇ … from January 1, 2023 to June 30, 2024" (Ex. A at 2), and then later agreed to extend the window from January 1, 2023 through present. Millennium should be compelled to reasonably prepare a witness to provide testimony from January 1, 2020, and not 2023, consistent with its representation that it had been trading in India "for years" prior to 2024.

*First*, January 1, 2020 is a reasonable cutoff date in light of Millennium's own admission of trading in India "for years." *See also* Dkt. 27 ¶ 5 (obtained approval for trading in India in 2016). *Second*,

---

[2]  On the parties' November 22 meet-and-confer, Millennium suggested that its preferred designee cannot sufficiently prepare for this Topic because of restrictions in the Protective Order. Millennium's relief is to designate a witness who *can* adequately prepare, not deprive Jane Street of responsive, relevant testimony.

such relief is similar in scope to this Court's Order that Millennium produce "Pre-Schadewald materials," reasoning such materials would assist "in isolating the distinct contributions that the individual defendants brought with them," and identify "aspects of market knowledge as to this area of trading that Jane Street cannot claim to have been its alone." Dkt. 179 at 2. In meet-and-confer, Millennium argued that it need not provide *any* testimony about its India trading strategies pre-dating 2023 because of the Court's Order that Millennium need not produce "extensive trading data" prior to that time. *Id.* at 3. But Jane Street is not seeking "extensive" testimony on every trade before 2023; rather, as to those earlier years, it asks for a witness prepared to testify to Millennium's knowledge (outside of SOCAP) of use of the Trading Strategies in its India trading.

*Topic 49*: *Millennium's trading activity, exclusive of SOCAP, in the Indian markets from January 1, 2023 to present, including its profit and loss statements.*

*Topic 54*: *All intraday signals*  *used by Millennium to inform Millennium's India trading activities, including the methodology to develop and refine all such intraday signals.*

Topics 49 and 54 seek testimony relating to Millennium's trading activity exclusive of SOCAP, which plainly informs which information Millennium was and was not aware of prior to Schadewald's hiring—if Jane Street's Trading Strategies were "well known," it would be expected for Millennium to have already been aware of them prior to Schadewald's onboarding and creation of his SOCAP team. Millennium, however, refuses to provide testimony on its non-SOCAP trading activity. *See* Ex. A at 4 (Topic 49: limiting testimony to "the summary data on pre-Schadewald India options trading already produced in this action"); *id.* at 5-6 (Topic 54: agreeing to provide testimony as to SOCAP, but not to any other teams).

Millennium initially stated that its designee would not be prepared to testify on any details related to the India trading strategies used by non-SOCAP teams because the *only* person with such information is one former employee, ▒▒▒▒▒▒ who lives abroad and refuses to cooperate (despite having a cooperation clause in his agreement with Millennium). Putting aside that there is no basis to believe *no one* at Millennium other than this one ex-employee has any information about its non-SOCAP India trading strategies, that does not relieve Millennium of its burden to prepare a witness on these Topics. *See, e.g., Bank of N.Y. v. Meridien BIAO Bank Tanzania Ltd.,* 171 F.R.D. 135, 151 (S.D.N.Y. 1997) ("The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources.").

Millennium later agreed to provide a witness "prepared to testify generally as to the Indian options trading done by ▒▒▒▒ team, including a general description of particular Indian options strategies ▒▒▒▒ team used," admitting such "general description" would not include the signals used by ▒▒▒▒ team to trade. This is insufficient for two reasons: (1) Jane Street asserts multiple trade secrets that involve intraday signals (*see* Dkt. 147-8 at TS Nos. 2, 7, 8, 10, 11, 15); and (2) Millennium refuses to prepare its witness to testify to *any* trading done by any *other* non-SOCAP team, even though other teams trade options in India. Accordingly, Millennium should be compelled to prepare a witness to testify as to the trading strategies used by any non-SOCAP teams that trade in India options, so that Jane Street may determine whether those teams were using the Trading Strategies that Millennium contends to be textbook and well-known, and if so, when.

*Highly Confidential – Attorneys' Eyes Only*

Respectfully submitted,

*/s/ Deborah K. Brown*
    Deborah K. Brown

*Attorney for Plaintiff Jane Street Group, LLC*