Hon. Paul A. Engelmayer
United States District Court
for the Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

**Via ECF (FILED UNDER SEAL); ATTORNEYS EYES ONLY**

November 22, 2024

<u>Re: *Jane Street Grp., LLC v. Millennium Mgmt. LLC et al.*, No. 1:24-cv-02783</u>

Dear Judge Engelmayer:

    We write on behalf of Defendants Douglas Schadewald, Daniel Spottiswood, and Millennium to respectfully request that the Court order Plaintiff Jane Street to produce (1) a clawed-back document (D.I. 242-1), which reflects notes that ▓▓▓▓▓▓▓▓▓▓▓▓ (Ex. 1 at 1) took during a call with Jane Street's public relations firm, ▓▓▓▓▓▓ regarding Jane Street's efforts to protect its public image in connection with the filing of this lawsuit; and (2) financial performance information that Jane Street has submitted, either directly or through one of its affiliated entities, to regulatory bodies regarding their Indian Options Trading that has or will become public or semi-public (Ex. 2, Ex. 3 at 1, 6-7). The parties met and conferred on November 21, and did not resolve the disagreement. Exs. 4-5.

    ***Clawed-Back Document.*** Jane Street clawed back a document attached as Exhibit 1 to Defendants' response to Jane Street's recent motion for a protective order. D.I. 242-1. Defendants respectfully request that the Court review that document *in camera*. The clawed-back document is not entitled to the protections of the attorney-client privilege or the work product doctrine because it was created by a Jane Street employee who "works in public relations" (Ex. 1 at 1) and is not a lawyer, contains notes from a meeting that Jane Street had with its third-party public relations firm, and concerns Jane Street's *media* strategy, which is a business strategy, not a *litigation* strategy.[1]

    Jane Street cannot meet its burden of proving that these documents are protected or that no waiver has occurred. *Egiazaryan v. Zalmayev*, 290 F.R.D. 421, 428 (S.D.N.Y. 2013). Jane Street's media strategy is not a "litigation strategy" entitled to the protection of the attorney-client privilege. *Haugh v. Schroder Inv. Mgmt. N. Am. Inc.*, 2003 WL 21998674, at *3 (S.D.N.Y. Aug. 25, 2003). Courts construe the privilege narrowly because "it renders relevant information undiscoverable." *Bloomingburg Jewish Educ. Ctr. v. Bloomingburg*, 171 F. Supp. 3d 136, 140 (S.D.N.Y. 2016). The disputed documents are squarely relevant to Jane Street's motives and bases for filing suit, as well as defendants' affirmative defenses. D.I. 106 (Tenth Defense); D.I. 122 (Fourth Defense).

    Even if the information contained in the clawed-back document could be privileged, sharing it with ▓▓▓▓▓▓ results in waiver. *See Universal Standard. Inc. v. Target Corp.*,

---

[1] Jane Street previously sought to assert privilege and/or work product over ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. After many meet-and-confer discussions, Jane Street withdrew those assertions to avoid motion practice. Ex. 6 at 1.

331 F.R.D. 80, 86 (S.D.N.Y. 2019). Courts in this district have recognized four exceptions to this rule, *id.* at 87 (collecting cases), none of which applies here:

(1) The functional equivalent exception applies where an independent contractor "assume[s] the functions and duties of a full-time employee." *Id.* at 89. ▮▮▮▮ *See id.* at 90-91.[2] ▮▮▮▮ took direction from Jane Street and does not have "primary responsibility for a key corporate job." *Church & Dwight Co. v. SPD Swiss Precision, Diagnostics, GmbH*, 2014 WL 7238354, at *3 (S.D.N.Y. Dec. 19, 2014).[3]

(2) The exception in *In re Grand Jury Subpoenas*, 265 F. Supp. 2d 321 (S.D.N.Y. 2003)—which involved a PR firm hired to engage in media tactics to lessen pressure on prosecutors to secure an indictment, *see id.* at 323-24—is generally inapplicable where civil litigants seek to avoid waiver as to communications disclosed to ordinary PR consultants. *In re Chevron Corp.*, 749 F. Supp. 2d 170, 184 n.64 (S.D.N.Y. 2010); *Bloomingburg*, 171 F. Supp. 3d at 145 n.2 (recognizing "the unusual considerations present in" *In re Grand Jury Subpoenas*); *Universal*, 331 F.R.D. at 91-92; *NXIVM Corp. v. O'Hara*, 241 F.R.D. 109, 141 (N.D.N.Y. 2007). ▮▮▮▮ was engaged *by Jane Street*—not Jane Street's outside litigation counsel—well before this litigation (Ex. 7), and Jane Street's outside counsel was not involved in the communication reflected in the document at issue. Ex. 8 at 1. There is no evidence that the purpose of the communication was to assist counsel in this (or any other) litigation. *See Universal*, 331 F.R.D. at 92.

(3) The exception in *United States v. Kovel*, 296 F.2d 918, 921-22 (2d Cir. 1961) applies where a third party is necessary "to allow an attorney to understand the client's situation." *Universal*, 331 F.R.D. at 88. ▮▮▮▮ services—"reviewing press coverage, making calls to various media to comment on developments in the litigation, and even 'finding friendly reporters,'" *Calvin Klein Trademark Tr. v. Wachner*, 198 F.R.D. 53, 55-56 (S.D.N.Y. 2000)—do not fit.[4]

(4) The common interest exception does not apply because Jane Street and ▮▮▮▮ do not have a common legal interest in the outcome of this dispute. ▮▮▮▮ desire for Jane Street to win "does not reflect a common defense or legal strategy" to prevent waiver. *Egiazaryan*, 290 F.R.D. at 434.

Jane Street also cannot rely on the work product doctrine because the clawed-back document did not "result from the conduct of investigative or analytical tasks to aid counsel in preparing for litigation." *Universal*, 331 F.R.D. at 93 (quoting *Wultz v. Bank of China Ltd.*, 304 F.R.D. 384, 393-94 (S.D.N.Y. 2015)). Settled law makes clear that "public relations advice, even

---

[2] ▮▮▮▮

[3] During previous meet-and-confers related to disputes regarding ▮▮▮▮ production, Jane Street suggested that its relationship with ▮▮▮▮ is analogous to that in *In re Copper Market Antitrust Litig.*, 200 F.R.D. 213 (S.D.N.Y. 2001). But unlike in *Copper*, Jane Street's "outside marketing firm was not hired as part of a litigation strategy to assist a foreign company completely unfamiliar with how to handle local media." *Church*, 2014 WL 7238354, at *4 n.3; *see also S.E.C. v. Rayat*, 2023 WL 4420325, at *4 (S.D.N.Y. July 10, 2023) (distinguishing *Copper* because corporation there "did not have experience in dealing with Western media and retained the outside firm to deal with Western press" and the communications were thus also protected under the *Kovel* exception). Indeed, Jane Street has conceded that it has its own public relations personnel. *See* Ex. 1 at 1.

[4] *See also Church*, 2014 WL 7238354, at *2 ("[C]ourts have generally rejected application of the 'translator' exception in the context of outside marketing firms."); *Haugh*, 2003 WL 21998674, at *3.

2

if it bears on anticipated litigation, falls outside the ambit of protection of the so-called 'work product' doctrine . . . . That is because the purpose of the rule is to provide a zone of privacy for strategizing about the conduct of litigation itself, not for strategizing about the effects of the litigation on the client's customers, the media, or on the public generally." *Calvin Klein*, 198 F.R.D. at 55. The clawed-back document concerns how to manage Jane Street's public image—not how to "aid counsel in preparing for litigation." *Universal*, 331 F.R.D. at 93.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Jane Street has asserted that the records of its trading activities (either directly or through one of its affiliated entities) in the Indian options market, including its profits, are a trade secret. Dkt. 147-8 (Trade Secret No. 20). It now seeks to withhold documents that directly bear on that issue: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

These documents disprove Jane Street's assertion that its profitability in the Indian options market is a trade secret. Indeed, Jane Street's productions show that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *see also* Exs. 9-11, and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *E.g.*, Ex. 12; *see Broker Genius, Inc. v. Zalta*, 280 F. Supp. 3d 495, 514 (S.D.N.Y. 2017) ("[T]he 'most important consideration' in determining whether information is a trade secret is 'whether the information was secret.'" (citations omitted)).[5] These documents are therefore plainly relevant to the claims and defenses in this case, and are also directly responsive to Defendants' Request No. 4, which requests "documents and communications from January 1, 2018 through the present concerning . . . any aspects of the Strategies known to persons outside of Jane Street." Ex. 13 at 8-9.

Jane Street agreed to produce documents in response to Request No. 4, but has refused to produce these ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ because Defendants did not move to compel when Jane Street refused to produce documents in response to a ***different*** request (Request No. 24) for documents "concerning regulatory approvals, . . . filings, registrations, or any other barriers to entry related to India Options Trading." *Id.* at 27-28; Ex. 4 at 2, 4. As Defendants explained, these ▮▮▮▮▮▮▮▮▮ are responsive to other document requests too, including Request No. 4. Ex. 4 at 3; Ex. 13 at 8-9. Jane Street should be required to produce them without further delay.

---

[5] *See also Big Vision Private Ltd. v. E.I. DuPont De Nemours & Co.*, 1 F. Supp. 3d 224, 270 (S.D.N.Y. 2014), *aff'd sub nom.* 610 F. Appx. 69 (2d Cir. 2015) (quoting *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002 (1984)); *Ashland Mgmt. Inc. v. Janien*, 624 N.E.2d 1007, 1013 (N.Y. 1993) ("[A] trade secret must first of all be secret . . . ."). Indeed, under the Individual Defendants' Confidentiality and Intellectual Property Agreements with Jane Street, Jane Street's confidential information does ***not*** include information that is publicly available. D.I. 8-1 ¶ 1.3; D.I. 8-2 ¶ 2.5.

3

Respectfully submitted,

| | |
|---|---|
| */s/ Alexandra P. Sadinsky* | */s/ May Chiang* |
| Alexandra P. Sadinsky | May Chiang |
| ELSBERG BAKER & MARURI PLLC | DECHERT LLP |
| One Penn Plaza, Suite 4015 | 1095 Avenue of the Americas |
| New York, NY 10119 | New York, NY 10036 |
| asadinsky@elsberglaw.com | may.chiang@dechert.com |
| | |
| *Counsel for Defendants* | *Counsel for Defendant* |
| *Douglas Schadewald and* | *Millennium Management LLC* |
| *Daniel Spottiswood* | |