# Exhibit 1

| From: | Jeffrey Miller |
|---|---|
| To: | Brian Campbell; Alexandra Sadinsky; Kaitlin P. Sheehan; Chiang, May; Jeff Nardinelli; Gavin Coyle; QE Jane Street Levander, Andrew; Black, Martin; Strong, Ryan; Rollo Baker; Vivek Tata; Roberts, Daniel; Kateryna Shokalo; Shams Hirji |
| Cc: | |
| Subject: | RE: JS v. Millennium |
| Date: | Wednesday, September 25, 2024 5:05:21 PM |

Brian,

Regarding Defendants' proposed additions to the Employment RFPs:

- **Regarding searches 62, 65, and 66,** we agree to add ███████ as a custodian for these searches. However, we note that ███████ engaged with the Individual Defendants' employment agreements primarily in a legal role, and Jane Street does not waive privilege or other protections by agreeing to his addition as a custodian. This caveat applies to all instances where we agree to add ███████ as a custodian.

- **Regarding search 68,** we agree to your edits to the search string. ███████ is already included as a custodian. We agree to add ███████ and ███████ as custodians for this search.

- **Regarding search 69,** we agree to your edits to the search string. We agree to add ███ ███ and ███████ as custodians for this search.

- **Regarding search 70,** we agree to your edits to the search string. We agree to add ███ ███ and ███████ as custodians for this search.

- **Regarding search 71,** we agree to your edits to the search string. We agree to add ███████ and ███████ as custodians for this search.

- **Regarding search 72,** the parties already agreed to a search string concerning Defendants' ███████ RFP pursuant to the July 19 Court ███████████████████ ███ . We therefore do not agree with your addition of "Singap*" to this search string. We agree to your other edits for this search string. We confirm that Messrs. Schadewald and Spottiswood are custodians for this search. We agree to add ███████ ███████ ██ ███████ as custodians for this search.

- **Regarding search 73** (targeted at documents relating to the Individual Defendants' review and departure), we agree to your edits to the search string. You requested we run this search over all custodians, regardless of the basis of each custodian's previous agreement or inclusion. Our original proposal was for seven custodians involved in trading, management, legal, and human resources, which was a reasonable search proposal. Nevertheless, in the interests of compromise and finality, we agree to add the remaining trade secret custodians. We do not agree to adding ███████ or ███████ , who are in-house counsel; ███████ , who works in public relations; ███████ , ███████ , or ███████ , who work in recruiting and had no involvement in the Individual Defendants' departures, or ███████ or ███████ , who also had no involvement in their departures. We have therefore agreed

to **19 custodians** for this search.

- **Regarding search 75** (targeted at documents relating to ███████), we accept this search proposal. As with search 73, you requested we run this search over all custodians. In the interests of compromise and finality, we agree to add the 15 trade secret custodians; ███████, ███████, and ███████, who work in recruiting; and ███████, ███, ███████, and ███████, who we previously offered as custodians for the Employment RFPs. We do not agree to add ███████ and ███████, who are in-house counsel, or ███████, ███████, or ███████, who had no involvement with Omerta. We have therefore agreed to **22 custodians** for this search.

- **Regarding searches 76-77** (targeted at documents relating to the Individual Defendants' post-departure trading activities), you again requested we run this search over all custodians. In the interests of compromise and finality, we agree to add the 15 trade secret custodians; and ███████████████, who we previously offered as custodians for the Employment RFPs. We do not agree to add ███████████, who are in-house counsel; ███████, who works in public relations; ███████████████, who work in recruiting and had no involvement in the Individual Defendants' departure; or ███████████, who also had no involvement in their departures. We have therefore agreed to **19 custodians** for this search.

- **Regarding search 78** (targeted at documents relating to Millennium following the Individual Defendants' departure), you again requested we run this search over all custodians. In the interests of compromise and finality, we agree to search all 15 trade secret custodians through June 30, 2024 (the parties previously agreed to run the same "Millennium" term through April 12, 2024). We also agree to add ███████████, who we previously offered as custodians for the Employment RFPs. We do not agree to add ███████████████, who are in-house counsel; ███████, who works in public relations; ███████████████, who work in recruiting and had no involvement in the Individual Defendants' departure; or ███████████, who also had no involvement in their departures. We have therefore agreed to **19 custodians** for this search.

- **Regarding searches 79-83,** you requested we search for documents relating to Jane Street's communications and any purported press strategy regarding the case, and add ███████ ███████████████ as custodians. For the reasons we have explained in prior correspondence, this search is unnecessary because ███████ has agreed to and will produce its communications with Jane Street or the press regarding this case, thereby satisfying Defendants' RFP 33. In effect, Defendants' requests for these custodians and search terms amounts to a new and unnecessary RFP. Nevertheless, in the interests of compromise and finality, we agree to add ███████████████ as custodians for these searches. ███████████████ are in-house counsel, and as such their addition as custodians for these search terms would primarily serve to vex Jane Street with an unnecessarily burdensome privilege log. And, as is clear from their its production, with regards to communications with ███████████████████████ would be cumulative with ███████. We note that Defendants only agreed to a single search string and custodian relating to communications with the press, which hit on ~17,600 documents. Even Defendants proposal of 79-83 hits on ~21,600 documents.

Regarding the other points you raise in your September 23 e-mail, we agree communications concerning a purported press strategy would be responsive to certain RFPs, and would be produced in response to other RFPs and pursuant to other search terms and custodians, to the extent they are identified and not privileged.

Please let us know if the parties are in final agreement as to Defendants' proposed search terms to Jane Street.

Best,
Jeff

---

**From:** Brian Campbell <BCampbell@elsberglaw.com>
**Sent:** Monday, September 23, 2024 4:24 PM
**To:** Jeffrey Miller <jeffreymiller@quinnemanuel.com>; Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; Chiang, May <May.Chiang@dechert.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Gavin Coyle <gavincoyle@quinnemanuel.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Cc:** Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>
**Subject:** RE: JS v. Millennium

**[EXTERNAL EMAIL from bcampbell@elsberglaw.com]**

---

Jeff,

We received the production from ███████ last week, thank you.

As to Jane Street's production of documents relating to this general topic, I do not think we are that far apart in substance. We understand your position that the types of documents described in the July 24th letter (communications concerning Jane Street's press strategy vis a vis Schadewald and Spottiswood, such as talking points) are not necessarily responsive to the letter of RFP 33, but would be produced if they are responsive to other RFPs. Regardless of RFP 33, we think that those types of documents would be responsive to other requests, such as RFPs 11, 20-21, 25-27. If you can confirm that such documents would be treated as responsive, we do not need to continue litigating the history of our discussions and the parties' agreements on what would be produced under RFP 33.

With respect to the burden of conducting the review proposed in the July 24th letter, we can compromise on the strings used. Per your Aug. 8th hit report, the substantial majority of the hits came from one string (String #84 per our 8/19 consolidated strings); the remaining strings should bring back on the order of 5,000 documents. We can drop String #84 if you will run the remainder. And as per our Aug. 19th search proposal confirmed by my email on Sept. 17th, we would expect

███████████████████████████ to be custodians on Strings 73, 75-78.

To summarize the compromise proposal:

- Jane Street agrees that documents concerning Jane Street's press strategy vis a vis Schadewald/Spottiswood will be treated as responsive;
- Jane Street will run Strings 79-83 (per Aug. 19th consolidated strings) and include ████████████████████████ on Strings 73, 75-78.
- Defendants withdraw their request for String 84.

Please let us know by COB Wednesday if we are in agreement.  Otherwise we will understand that we are at an impasse on this issue.

We reserve all rights.

Thanks,
Brian

---

**From:** Jeffrey Miller <jeffreymiller@quinnemanuel.com>
**Sent:** Wednesday, September 4, 2024 4:44 PM
**To:** Brian Campbell <BCampbell@elsberglaw.com>; Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; Chiang, May <May.Chiang@dechert.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Gavin Coyle <gavincoyle@quinnemanuel.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Cc:** Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>
**Subject:** RE: JS v. Millennium

Brian,

I am following up regarding the ████████ items you raise below. Regarding your three bulleted items: (1) Yes, █████████████ is the custodian for the ████████ collection; (2) We are collecting from █████████████ e-mail inbox; and (3) We expect to make the ████████ production by September 16, and produce any privilege log in the regular course thereafter.

Regarding the potential overlap between documents identified via other RFPs (*e.g.*, RFPs 26-27, which request documents relating to Schadewald, Spottiswood, or Millennium) and your July 24 requests relating to Jane Street's press strategy, yes, we would expect to produce any responsive, non-privileged documents relating to the relevant topics agreed to by the parties that are identified pursuant to a reasonable search conducted through the use of the search terms and custodians the parties have reached agreement on to date.

Regarding Defendants' RFP 33 ("All Communications from April 5, 2024 through April 22, 2024

between You or any attorney, agent, representative, or Person acting on Your behalf and any journalist, member of the press, or media organization . . . regarding the allegations or conduct of this litigation."), we agreed to produce any such documents in response to RFP 33, and disclosed the one known instance of such a document in response to Defendants' Interrogatory No. 5, which was submitted on July 12. We will produce this document and any additional documents, if discovered, that are responsive to RFP 33.

However, your July 24 letter envisions a fishing expedition into Jane Street's "press strategy" that is unmoored from Defendants' RFPs (in particular, RFP 33), the ███████ Subpoena, and Interrogatory No. 5, and proposes an entirely new slate of search terms, custodians, and topics beyond the ongoing search term and custodian negotiations between the parties. To be clear, on our July 23 meet-and-confer, Jane Street did not agree to review and produce documents going to any supposed "press strategy." As stated in my August 9 e-mail, Jane Street proposed to produce documents duplicative of those requested by the ███████ Subpoena, which properly first should have been sought from Jane Street and not ███████ Jane Street agreed to provide hit reports in response to Defendants' requests, as has become the custom between the parties following direction by the Court during the July 19 hearing, and did so, which illustrated the expansive and burdensome nature of Defendants' July 24 requests. But in any event, Defendants' July 24 request for an entirely new slate of custodians, search terms, and topics ("relating to Jane Street's press strategy") has no basis in Defendants' RFPs or potential relevance beyond the topics already agreed to by the parties.

Rather, Defendants' July 24 request—seeking documents from an additional five custodians, including three lawyers; and relating to the substance of this litigation over a seven month period—beyond being an irrelevant fishing expedition, appears calculated toward burdening Jane Street with a massive privilege log and converting Jane Street's in-house counsel into fact witnesses for purely vexatious reasons.

In the interest of timing, and given that our review of the documents we collected from ███████ is already underway, we will withdraw our objection to producing would-be duplicative documents from ███████ As such, ███████ will produce any responsive communications with Jane Street, subject to its other responses and objections, itself.

Again, to be clear, this is our position:

- Jane Street has answered Defendants' Interrogatory No 5.

- Jane Street will produce communications with the press regarding this litigation pursuant to its responses and objections for Defendants' RFP 33.

- ███████ will produce documents in response to the ███████ Subpoena, including responsive communications with Jane Street, otherwise subject to its responses and objections. To do this, ███████ will undertake the collection and review the parties have been discussing.

Regarding the ███████ Subpoena, regarding strings 1 and 3, ███████ will be implementing the search term limiters proposed in my August 9 e-mail. As we noted, Defendants' search terms were

not properly tailored to this action. ████ is involved in multiple matters for Jane Street and has multiple other clients, and considers each of these to be sensitive. ████ proposed common sense limiters to these strings—India, Jane Street, Millennium, Schadewald, and Spottiswood—and will be implementing them. We will agree to your counterproposals for search strings 4 and 6.

Best,
Jeff

---

**From:** Jeffrey Miller
**Sent:** Wednesday, August 28, 2024 3:33 PM
**To:** Brian Campbell <BCampbell@elsberglaw.com>; Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; Chiang, May <May.Chiang@dechert.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Gavin Coyle <gavincoyle@quinnemanuel.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Cc:** Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>
**Subject:** RE: JS v. Millennium

Brian,

Thank you for the below counterproposal. Responding in turn:

***Search Terms.*** We will accept the proposed revised terms for what Defendants have designated as strings 1b, 1c, and 44. While we don't necessarily agree with the reasonableness and/or justification of the disputed terms, in the interest of compromise and moving this process forward, we will agree to review the August 6 version of your proposed terms for strings 16a, 23, 28, and 46, assuming reciprocity from Defendants with regards to their search terms. We will reply further regarding Defendants' proposed revisions to the employment RFPs.

***Listservs.*** Our review found **no** responsive documents in a sample of documents from the ████ ████████████████████████████████████████████████████████████████. As such, we will apply search terms to those mailing lists. We understand your request is to review <u>all</u> documents for the remaining eight at-issue listservs for January 1, 2023 – June 30, 2024. We have repeatedly asked for confirmation that Defendants will do the same for their relevant listservs, but we have not received a commitment from Defendants. Please confirm whether Defendants will agree to this.

***J: Drive Documents.*** We are declining to provide a complete directory listing given the lack of relevance, and potential sensitivity, of the file names for the vast majority of documents that would be involved in this request. However, given the extension to the schedule, we will collect, process, and search the ~1.5 million custodial J: drive documents (~200 GB) for the 15 trade secret custodians. We will also collect, process, and search the ~165,000 documents (~60 GB) from the options group folder that were created by those 15 custodians. Finally, we have run the below search terms, based on a broad interpretation of your August 6 proposal, across the file names of the remaining files in the options group folder that were *not* created by the 15 trade secret custodians, and will collect,

process, and search the ~675,000 files (~400 GB) that were identified. This will result in the collection, processing, and searching of approximately 2.34 million files (~660 GB) from the J: drive. The magnitude and scope of this discovery is above and beyond a reasonable search and collection of the J: drive.

Note that, for the below search terms, searching across the J: drive automatically uses wild cards, such that ███████████████████████████ etc.

███████ *Search Terms.* We will reply separately regarding the ███████ review and production.

Best,
Jeff

---

**From:** Brian Campbell <BCampbell@elsberglaw.com>
**Sent:** Monday, August 19, 2024 1:26 PM
**To:** Jeffrey Miller <jeffreymiller@quinnemanuel.com>; Alexandra Sadinsky
<ASadinsky@elsberglaw.com>; Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; Chiang, May
<May.Chiang@dechert.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Gavin Coyle
<gavincoyle@quinnemanuel.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Cc:** Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>;
Strong, Ryan <Ryan.Strong@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Vivek Tata
<vtata@elsberglaw.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Kateryna Shokalo
<kshokalo@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>
**Subject:** RE: JS v. Millennium

[EXTERNAL EMAIL from bcampbell@elsberglaw.com]

---

Jeff,

Thank you for sending the hit reports across. We're glad to hear all of the 15 custodians (per our 7/22 email narrowing the custodian proposal) are now included in the latest round of hit reports. We have reviewed the reports and the points in your email and have adopted several of your suggestions, and respond to others. We also attach an updated, narrowed counterproposal.

We believe the narrowing proposals we have adopted will reduce hit counts very substantially. However, we do not agree that all of your proposed edits are warranted, as described below.

- **String 46** ███████████████████████ ). This string uses terms related to certain professional trading competitors of Jane Street (██████████████████████ ███████ and will capture discussions internal to Jane Street concerning these competing firms and this market. Jane Street suggests removing all but Millennium (and spelling variants). But documents referring to these other firms are also likely to contain responsive documents.



- **String 16a** ██████████████████ Jane Street suggests that this term should be limited by

the "India..." string because terms like ███████████████████████ At the outset, we think the term ██████ is highly likely to return relevant documents among this custodian population. ███████████████████████████████████████ most of the documents Jane Street cites in its Trade Secret Disclosure use the term ██████ Also, we understood from the partial reports you provided on 8/1 that the problematic terms here ███████████████ ████████████ which we have already agreed to narrow. We understand that Jane Street has ingested additional custodians since 8/1, including ███████████, who you indicate has an extraordinarily large number of documents. We would be open to tailoring the term for ████████ specifically if your investigation shows that ████████ is driving the volume of hits and that his volume is disproportionately nonresponsive, but otherwise think the term should remain as is.

- **String 28** ████████████████ Per our emails below, it appears that the vast majority of hits on this string were brought in with the recently ingested custodians. Instead of adding the India+ limiter we propose to replace ████████ with all variants of the ██████ account numbers ████████ ████████████████ We don't know how many ██████ account numbers are used in India trading; our proposed terms in the attached go through ████████ but if higher numbers are used we ask that you include them.

- **String 23** ████████████████████████ This is another string where it seems the recently ingested custodians have dramatically impacted the results. The 7/31 hit report had 4500 hits (8200 with family) on this string, and the 8/12 report shows 25,000 hits (173,000 with family). Especially given the disproportionately high family counts in the 8/12 report, have you done any sort of sampling to see if there's a particular type of irrelevant document that is driving the new hits? We are also open to a narrowed proposal with respect to ████████ if his documents are driving the volume.

We also believe that emails sent to the following eight listservs ████████████████████████ ████████████████████████████████████████████████████████ ████████████████ should be reviewed without search terms for 1/1/2023 – 6/30/2024, as they principally or exclusively relate to relevant trading in India. We ask that you include these within the next aggregate hit count. The other listservs we inquired about ████████████████████████████ ████████████████████████████████████ are areas where search terms are appropriate, assuming (which we ask you to confirm) that most emails on these listservs likely relate to other markets.

## ██████████ Search Terms

We received your Aug. 9 counterproposal as to ████████████ review and production of documents, and provide the attached counterproposal in the interest of compromise. We would also appreciate confirmation of a few points:

- Please confirm whether ████████████████████████ only custodian.
- Please confirm the data sources for ████████████ collection and review.
- Please confirm your expected timing for ████████████ production and privilege log.

Your Aug. 9 email also states that communications between Jane Street and  responsive to the subpoena will be produced by Jane Street, not ████. This is OK so long as Jane Street ensures that this does not result in any responsive documents in ████ possession that would otherwise be produced, not being produced. E.g. if a non-JS-custodian emails ████ we want to be sure that ████ will produce that document.

Your Aug. 9 email also suggests that "the scope of [Defendants'] requests in [their] July 24 letter are far beyond the scope of RFP 33, Interrogatory 5, and the ████ Subpoena." As I'm sure you can appreciate, the parties' discussion on this topic have been principally focused on RFP 33, Interrogatory 5, and the ████ subpoena because those three discovery devices are the most closely related. However, we would also expect the types of documents described in the 7/24 letter (e.g. communications or "talking points" concerning "press strategy" surrounding this action) would typically be produced as responsive to other RFPs as well (e.g. RFP 22, 26). Please advise if we are not aligned; we will otherwise expect that Jane Street will produce the types of documents described in the 7/24 letter.

Finally, on the related subject of RFP 33, we received Jane Street's position in your Aug. 9 email that based on the parties' discussions, the press strategy interrogatories are not "coterminous" with the timespan of RFP 33. However, the parties' discussions on this point have been very clear that the document discovery would follow the same timeframe. We discussed this on July 9 (see 7/16 email from M. Chiang; see also 7/17 letter from R. Baker and A. Levander at 2 ("Defendants agree to produce their direct and/or indirect communications with the press, if any, in response to Jane Street's Request No. 31 for the time period of January 1, 2024, to July 12, 2024 (the date of the parties' amended Interrogatory responses), if Jane Street agrees to produce its direct and/or indirect communications with the press in response to Defendants' Request No. 33 for the same time period.")). We discussed this again on our July 23 meet and confer, and were told that the parties were aligned on this point (see 7/24 letter at 4 ("We understand that Jane Street and ████ will each produce documents relating to Jane Street's press strategy for the period of January 1, 2024 to July 12, 2024...")). Your Aug. 9 email suggests that Jane Street's objection is a technical one based on the letter of the RFP, notwithstanding the parties' subsequent negotiations. While we think it is needless paper-making given that the parties were previously in alignment as to what would be produced, please advise if Jane Street is requesting that we serve an additional RFP and will then produce the requested scope of information.

**J Drive documents**

We appreciate the file extension breakdown you provided on Aug. 7. We also understand that Jane Street is still assessing whether it can provide a directory listing as we discussed on Aug. 5 and referred to in our Aug. 6 email. Please advise if there is any update on this front.

Best

Brian R. Campbell
Senior Attorney [Bio]
_____

ELSBERG BAKER & MARURI PLLC [Web]
212.597.2618 (o)
502.314.3919 (m)
(he/him/his)

---

**From:** Jeffrey Miller jeffreymiller@quinnemanuel.com
**Sent:** Tuesday, August 13, 2024 11:16 AM
**To:** Brian Campbell BCampbell@elsberglaw.com; Alexandra Sadinsky ASadinsky@elsberglaw.com; Kaitlin P. Sheehan kaitlinsheehan@quinnemanuel.com; Chiang, May May.Chiang@dechert.com; Jeff Nardinelli jeffnardinelli@quinnemanuel.com; Gavin Coyle gavincoyle@quinnemanuel.com; QE Jane Street qejanestreet@quinnemanuel.com
**Cc:** Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>
**Subject:** RE: JS v. Millennium

Hi Brian,

The aggregate, de-duplicated number of documents across the hit reports I sent yesterday is 1,407,890. Those hit reports encompassed the 15 custodians requested on July 21. Those custodians have all been loaded.

All reports have been accurate. My understanding is ▮▮▮▮▮ collection is very large. He was one of the last to load, so hits driven by his documents were not part of the July 31 hit reports.

Best,
Jeff

---

**From:** Brian Campbell <BCampbell@elsberglaw.com>
**Sent:** Monday, August 12, 2024 6:00 PM
**To:** Jeffrey Miller <jeffreymiller@quinnemanuel.com>; Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; Chiang, May <May.Chiang@dechert.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Gavin Coyle <gavincoyle@quinnemanuel.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Cc:** Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>
**Subject:** RE: JS v. Millennium

[EXTERNAL EMAIL from bcampbell@elsberglaw.com]

---

Thanks for the information, Jeff, which we're reviewing. We have a few questions—

Could you confirm which custodians are encompassed in these reports? Are there any whose data is still processing?

Could you confirm what the aggregate number of reviewable hits is based on this set?

And finally, a couple of the strings (#4 and #5 in your email, the ████ and "static..." terms) you're showing as having 100k+ hit counts. I believe the prior hit reports from 7/30 and your email of 8/3 showed these strings as having relatively low hit counts, on the order of 5,000. Were the prior reports inaccurate? Anything you can do to help me understand the discrepancy is appreciated.

Thanks,
Brian

---

**From:** Jeffrey Miller <jeffreymiller@quinnemanuel.com>
**Sent:** Monday, August 12, 2024 3:42 PM
**To:** Brian Campbell <BCampbell@elsberglaw.com>; Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; Chiang, May <May.Chiang@dechert.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Gavin Coyle <gavincoyle@quinnemanuel.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Cc:** Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>
**Subject:** RE: JS v. Millennium

Thank you, Brian. We appreciate that Defendants revised some of these searches to more reasonable terms in response to our analysis. However, there remains a handful of proposed search strings that are both overwhelmingly non-responsive and unnecessarily burdensome. On August 3 and August 5, we proposed reasonable limiters to these strings, which Defendants appear to have rejected without explanation. As discussed below, we request you accept our proposed limiters or propose your own reasonable limiters for Jane Street's review for these strings. I've set out our first slate below – we are continuing to review your revised counterproposal:

1. You've agreed to the India+ limiter for ████ but not ███ for 2023-2024. We believe it should be applied to both. Please provide a basis for not applying the India+ limiter to ███ for 2023-2024.

2. Please explain the basis for the following search string and why Jane Street's proposed limiter was rejected: ████████████████████
████████████████████
████████

3. ████████████████████
████████████

a. This largely non-responsive search string is still driving a huge number of hits (617,320), as we explained on August 3 and as demonstrated by the hit report we are providing today.

b. Running terms like █████ across traders and managers responsible for many different markets and strategies is overbroad and unreasonable. We again propose the India+ limiter. Please provide a basis for rejecting it or propose an alternate limiter.

c. ████████████████████████████ is also driving a huge number of hits (173,634) and we propose the same limiter for this search string.

4. ██████████ is generating a huge number of hits (252,268), as we explained on August 3 and as demonstrated by the hit report we are providing today. Please agree to the India+ limiter or provide a basis for rejecting it.

5. ████████████████████████████ is generating a huge number of hits (172,666), as we explained on August 3 and as demonstrated by the hit report we are providing today. Please agree to the India+ limiter or provide a basis for rejecting it.

6. ████████████████████████████████████

a. In your August 6 counterproposal, you agreed to apply the India+ limiter to ████████, but you still propose the term ██████ being searched on its own. This makes the limiter meaningless since the terms overlap: all documents hitting on ████████ also hit on ████████. As you can see in the attached hit report, ██████ has zero unique hits. Meanwhile, the ██████ string has 632,507 hits, including 203,619 unique hits.

b. This largely non-responsive search string is still driving a huge number of hits (632,507), as we explained on August 3 and as demonstrated by the hit report we are providing today.

c. Running terms like ██████ across traders and managers responsible for many different markets and strategies is overbroad and unreasonable. We again propose the India+ limiter. Please provide a basis for rejecting it or propose an alternate limiter.

Best,
Jeff

---

**From:** Brian Campbell <BCampbell@elsberglaw.com>
**Sent:** Tuesday, August 6, 2024 10:44 PM
**To:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Jeffrey Miller <jeffreymiller@quinnemanuel.com>; Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; Chiang, May <May.Chiang@dechert.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Gavin Coyle <gavincoyle@quinnemanuel.com>; QE Jane Street <qejanestreet@quinnemanuel.com>

Cc: Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>
**Subject:** RE: JS v. Millennium

**[EXTERNAL EMAIL from bcampbell@elsberglaw.com]**

Jeff,

As discussed on yesterday's meet and confer, I am attaching a draft set of search strings for JS to test. Since there have been various subsets of strings that have been proposed and discussed since our 7/21 set, we have attempted to consolidate all of your proposals (including the 7/23 set, the 8/2 limiters you proposed, and the 8/5 limiters you proposed) in the "QE 8/2 counterproposals" column. The "Defs 8/6 counterproposals" column includes our current suggested terms and the ones from our 7/24 letter regarding ▮▮▮▮▮▮▮ We hope consolidating will prevent confusion or miscommunication. Please let me know if you think I've missed anything.

For purposes of generating an aggregate reviewable document count, if it is technically feasible, we would appreciate if you can also include the eight listservs referred to below for the period of 1/1/2023 – 6/30/2024.

We are sending these to test in the interest of reaching an appropriately tailored set of search parameters, and reserve the right to revise these as needed. Particularly as we did not receive hit counts along with the proposed narrowing strings from your 8/2 and 8/5 emails, we have incorporated most of them here for testing but do not yet know that they are appropriately tailored. We also reiterate the additional items to be captured as referred to in our 7/19 and 6/27 emails.

We appreciate your cooperation in working through these and hope to be able to resolve them soon. Please reach out if you have any questions.

Thanks,
Brian

**From:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>
**Sent:** Tuesday, August 6, 2024 4:37 PM
**To:** Jeffrey Miller <jeffreymiller@quinnemanuel.com>; Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; Chiang, May <May.Chiang@dechert.com>; Brian Campbell <BCampbell@elsberglaw.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Gavin Coyle <gavincoyle@quinnemanuel.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Cc:** Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Kateryna Shokalo

<kshokalo@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>
**Subject:** RE: JS v. Millennium

Thanks for the update, Jeff. Can you please let us know the de-duplicated count if we limit the time period to January 1, 2023 through June 30, 2024? And can you also please let us know the de-duplicated count if we limit the time period to January 1, 2023 through June 30, 2024 **and** exclude the listserv ██████████?

**From:** Jeffrey Miller <jeffreymiller@quinnemanuel.com>
**Sent:** Tuesday, August 6, 2024 2:42 PM
**To:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; Chiang, May <May.Chiang@dechert.com>; Brian Campbell <BCampbell@elsberglaw.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Gavin Coyle <gavincoyle@quinnemanuel.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Cc:** Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>
**Subject:** Re: JS v. Millennium

Counsel,

Following up on your August 1 request that Jane Street collect and review the eight listservs you identify: From 2018 – 2024, there were 34 million communications through those listservs. Our estimate at a de-duplicative count is at least 400,000. We continue to believe custodians and search terms are a far more reasonable, targeted, and responsive manner of collecting relevant communications.

Regarding our previous offer to collect and review approximately 40,000 listservs communications, we continue to await on a reciprocal agreement from Millennium as to reviewing the relevant listservs used by Millennium's India options trading desk.

Best,
Jeff


On Aug 2, 2024, at 11:12 PM, Jeffrey Miller <jeffreymiller@quinnemanuel.com> wrote:


Counsel,

Regarding your e-mail of **August 1 at 6:48pm:**

We did locate those four listservs—through our proposed custodians and search terms. We did not locate the other listservs you requested ████████████████ because they do not exist.

Your request that Jane Street collect yet more listservs exemplifies Defendants' limitless approach to

discovery, and ignores the custodian and search term negotiations the parties are engaged in. As custodians and search terms are agreed to, the relevant listserv communications contained in those custodial files will be collected. An agreement to collect a certain custodian does not mean we can or will collect every listserv in which that custodian appears, which could exponentially increase Jane Street's burden. It may also, apparently, yield only cumulative documents. Nevertheless, Jane Street will investigate the below listservs and consider your request for their collection.

Regarding your e-mail of **July 30 at 6:11pm:**

On July 28, we identified a possible alternate listserv titled ███████████████████ That was a typo—the listserv is ███████████████████ We informed you our search for this listserv returned no hits. You wrote that our search returned no hits because "the search terms Jane Street has proposed for its review are improper." That is incorrect. Our search returned no hits because that listserv is empty and contains no messages.

Best,
Jeff

**From:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>
**Sent:** Thursday, August 1, 2024 6:48 PM
**To:** Jeffrey Miller <jeffreymiller@quinnemanuel.com>; Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; Chiang, May <May.Chiang@dechert.com>; Brian Campbell <BCampbell@elsberglaw.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Gavin Coyle <gavincoyle@quinnemanuel.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Cc:** Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>
**Subject:** RE: JS v. Millennium

**[EXTERNAL EMAIL from asadinsky@elsberglaw.com]**

Counsel,

We are following up on your emails regarding certain listservs you were unable to locate. Based on the production you made last night, the exact names of those listservs appear to be:



Based on our preliminary review, the following listservs also appear to be highly relevant, and we request that you review them:



Please confirm you are reviewing these listservs and the others previously identified.

Thanks,
Alex

---

**From:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>
**Sent:** Thursday, August 1, 2024 2:50 PM
**To:** Jeffrey Miller <jeffreymiller@quinnemanuel.com>; Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; Chiang, May <May.Chiang@dechert.com>; Brian Campbell <BCampbell@elsberglaw.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Gavin Coyle <gavincoyle@quinnemanuel.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Cc:** Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>
**Subject:** RE: JS v. Millennium

Counsel,

We respond to certain of the points raised in your July 31 7:11pm email below.

1. **Forensic Analysis**: Thank you for withdrawing your relevance objection. We disagree that these materials are necessarily privileged or protected by the work produce doctrine. We understand that any disputes regarding privilege or work product as it relates to this request will be addressed after we receive Jane Street's production and privilege log. We understand that the questions we asked regarding who conducted the forensic review, who engaged that firm, and when the review took place will be reflected in Jane Street's forthcoming production.

2. **J-Drive Collection**: We would like to meet and confer regarding this issue. Please advise us of your availability tomorrow.

3. ███████ **Subpoena**: We understand that we are at an impasse regarding ███████ objections to producing communications that also include Jane Street personnel. We further understand that ███████ position is not based on burden. With respect to paragraph 4 of ███████ General Objections, we understand that ███████ will not be withholding documents that relate to this case.

4. **RFP 33**: Your email states that you have collected emails for the period of January 1, 2024 to June 30, 2024. Please explain why you are ending collection at June 30, 2024 instead of July 12, 2024. The July 12, 2024 end date was one that Jane Street insisted on during the parties'

negotiations over each parties' response to Interrogatory No. 5, and we maintain that the July 12, 2024 end date is appropriate with respect to Jane Street's response to RFP No. 33. Please confirm that you will supplement your collection for the full time period. In addition, we understand, based on Jane Street's July 23 partial proposal, that ███████ and ███████ have potentially responsive documents during other time periods: 7/1/18-4/12/24 for ███ and 10/1/23-4/12/24 for ███. Please confirm that ███ and ███ documents are being collected for those periods as well. For the avoidance of doubt, we believe that collection for these five custodians should be based on the following time periods:



Please confirm.

5. **July 23 Partial Proposal**: Given the overlapping search terms/personnel involved, we will respond regarding your July 23 partial proposal after we have Jane Street's final position on our July 21 counterproposal and our July 22 custodian proposal.

Defendants reserve all rights and waive none.

**Alexandra Sadinsky**
Associate
_____
**ELSBERG BAKER & MARURI PLLC** [Web]
212.597.2627 (o)
860.287.2578 (m)
(she/her/hers)

---

**From:** Jeffrey Miller <jeffreymiller@quinnemanuel.com>
**Sent:** Wednesday, July 31, 2024 7:11 PM
**To:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; Chiang, May <May.Chiang@dechert.com>; Brian Campbell <BCampbell@elsberglaw.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Gavin Coyle <gavincoyle@quinnemanuel.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Cc:** Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>
**Subject:** RE: JS v. Millennium

Counsel,

We write to follow up on our July 29 meet-and-confer and the items you raised in your e-mails yesterday:



**_Google Drive Collection._** Jane Street confirms that its Google Drive collection includes documents shared with its custodians. Jane Street agrees to run any agreed-upon search terms for any agreed-upon custodians and review those documents as part of its Google Drive collection. We note that Defendants' July 21-22 search term and custodian proposals, and Jane Street's July 23 search term and custodian proposals, remain subject to good faith negotiations by the parties, as directed by the Court. As reiterated in our July 30 e-mail, Jane Street is awaiting hit reports from Millennium and Millennium's updated positions on proposed custodians and search terms. Jane Street will continue to engage in these negotiations as part of a reciprocal good faith process.

**_J: Drive Collection._** We confirm we are reviewing all documents contained in the " █████████████████████████████ " J: drive folder for responsiveness.

You have requested that Jane Street run its July 21 and July 24 search terms "over the contents of files on the JDrives as well as the file names for all custodians identified" by Defendants on July 22. As we explained on our recent meet-and-confer, Jane Street is unable to run search terms across the contents of J: drive files. For the 15 custodians proposed by Defendants on July 22, the J: drive contains approximately 1.5 million custodial files, 207GB in size. It is a disproportionate and unnecessary burden for Jane Street to collect, transfer, extract, and search these 1.5 million files.

Instead, as we discussed and disclosed, Jane Street conducted a targeted search. However, in the interest of compromise and to avoid burdening the Court, Jane Street is willing to expand its proposal for its J: drive collection. Jane Street will run an expanded set of general search terms across custodial

J: drive file names and collect those for further reasonable searching and review, as discussed further below.

You further inquire into the "options" drive. As discussed and disclosed, Jane Street previously ran search terms and collected files from this drive, which is located at ██████████████████████
With regards to collecting and searching the contents of the entire options drive, that set of folders contains approximately 7 million files and is 6.6 terabytes in size. It is a disproportionate and unnecessary burden for Jane Street to collect, transfer, extract, and search these 7 million files.

Instead, as with the custodial J: drive files, Jane Street proposes conducting a targeted search using a set of general search terms run across "options" drive file names and collecting those documents for further reasonable searching and review.

We propose running the following 27 search terms across file names for the requested July 22 custodians and the Jane Street "options" drive. The document hits for each term are as follows:

██████ ████  ████    ███  ██  ████

Regarding custodians, as described in our July 30 e-mails, Jane Street is continuing to process custodial documents into Relativity, provide hit reports, and engage in a good faith, reciprocal negotiation for custodians.

████ *Subpoena.* ████ will not be withdrawing its responses and objections to duplicative discovery sought by Defendants' subpoena. The cases you cite rely on the existence of "discrepancies" in the case party's production, and none have been identified here. Any need to "test" Jane Street's production of ████ communications is pure speculation by Defendants.

Regarding paragraph 4 of ████ General Objections, that is a relevance and disproportionate burden objection and ████ maintains it. To the extent you seek documents unrelated to the claims and defenses of this action (and subject to ████ other objections), ████ will not search for or produce those documents.

*RFP 33.* Regarding RFP 33, Jane Street has collected the e-mail inboxes for ████ ████ for January 1, 2024 – June 30, 2024. Those files are in the process of being extracted and loaded into Relativity. Once those are ready, we will run your requested search terms and provide a hit report.

With regards to your request that Jane Street collect the Google Drive and/or J: Drive folders for those five custodians, we are unwilling to do so. RFP 33 requests "communications," and in any event, the collection of yet more Google Drives and J: Drive documents from custodians with no relation to the Trading Strategy would only further drive up the disproportionate burden and unnecessary delay and expenses that Defendants' tangential fishing expeditions repeatedly seek to impose on Jane Street.

*Listservs & Slack Channels.* Jane Street confirms it will collect the listserv ████ ████ ████ As discussed in our July 30 e-mail to Defendants, Jane Street is willing to undertake a reasonable search and review of these Slack channels and Listservs if Millennium makes a reciprocal effort to search and review the relevant Slack channels and Listservs it identified.

In your e-mail of 6:11pm ET yesterday, you requested Jane Street ████ ████ Jane Street is undertaking this search and will provide information as it is developed.

We are available to meet-and-confer regarding the above. Jane Street also expressly reserves its rights and also does not waive any.

Best,
Jeff

**From:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>
**Sent:** Tuesday, July 30, 2024 6:11 PM
**To:** Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; Chiang, May <May.Chiang@dechert.com>; Brian Campbell <BCampbell@elsberglaw.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Gavin Coyle <gavincoyle@quinnemanuel.com>; Jeffrey Miller <jeffreymiller@quinnemanuel.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Cc:** Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>
**Subject:** RE: JS v. Millennium

**[EXTERNAL EMAIL from asadinsky@elsberglaw.com]**

Counsel,

We write to follow up on the parties' discussions during the July 29 meet and confer regarding (1) Jane Street's collection and review of data sources as described in your July 28 2:23pm and July 29 7:32am emails, and (2) ▮▮▮▮▮▮ July 26 Responses and Objections.

**We need a response from you on these issues—and all other outstanding issues—no later than end of day tomorrow (July 31).**

Listservs & Slack Channels

Your July 28 email states: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ We have previously applied some search terms to this listserv and it returned no hits." We do not know which search terms you applied but are surprised to hear that those terms "returned no hits" given that the title of this listserv indicates that it was used by the India trading desk. This is evidence that the search terms Jane Street has proposed for its review are improper. Please confirm that you will collect and review the listserv titled ▮▮▮▮▮▮▮▮▮▮▮▮▮.

Your July 29 email states that you have collected two Slack channels: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ By contrast, your July 28 email states that you have collected three Slack channels—the two identified in your July 29 email and another one titled ▮▮▮▮▮▮▮▮▮▮▮ Please confirm that you are reviewing all three Slack channels identified in your July 28 email.

Your July 28 email states that you have been unable to locate certain of the listservs ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮ and Slack channels ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ that Defendants identified (in their June 27 proposed search protocol and in my July 22 1:10pm email). We understand that Jane Street personnel discussed Jane Street's position sizing and loss limits in the India options market on the ▮▮▮▮▮▮▮, and that Mr. Schadewald was a member of the ▮▮▮▮▮ (and both of the Individual Defendants received emails from the ▮▮▮▮▮▮▮▮▮▮▮▮). As

previously noted (in my July 22 1:10pm email), the listservs and Slack channels that Individual Defendants identified are based on their memory of communications from ~6 months ago, and Jane Street must identify any and all listservs and Slack channels containing potentially responsive information. To ensure that all listservs and Slack channels containing potentially responsive information are within the review universe, please identify any and all listservs and Slack channels that contain any of the following terms: ████████████████████████

<u>J-Drive Documents</u>

Your July 28 email states that you "collected all of the contents" from the J-Drive folder titled ██████████████████████████████ for the period of 1/1/2018 to 6/20/2024.  Please clarify whether you are reviewing all of the documents collected from that folder, or whether you are applying search terms to narrow that review universe in any respect.  If the latter, please identify the number of documents collected from that folder and the search terms being applied to that review.

Your July 28 email also states that you ran search terms "***over the file names*** contained in the JDrives" for 5 custodians (████████████████████████).  This collection method is deficient on its face.  First, search terms should be run over the ***contents of the documents*** as well as to the file names.  Indeed, as you state in your July 28 email, Jane Street collected Google Drive files by running search terms "***across the contents of files on Google Drive as well as file names***."  Second, the list of custodians is too limited—you must include all of the custodians identified in my July 22 1:10pm email.  Third, the search terms (including the date limiter of ██████████████████████) identified in your July 28 email are improper and not designed to capture all potentially responsive information.  Please confirm that Jane Street will collect JDrive documents by applying the search terms identified in Defendants' July 21 counterproposal and the search terms identified in Defendants' July 24 letter for RFP 33 <u>over the contents of files on the JDrives as well as the file names</u> for all custodians identified in my July 22 1:10pm email.

Your July 28 email also states that you ran search terms over the file names contained in the "████" drives.  Please explain what this means, including by identifying any and all "████" drives.  Furthermore, please confirm that a proper collection of documents from the "████" drives will be done, i.e., Jane Street should run the search terms in Defendants' July 21 counterproposal and Defendants' July 24 letter over both the contents and file names of documents in the "████" drives.

<u>Google Drive Documents</u>

Your July 28 email states that you collected Google Drive files from 47 Jane Street personnel, which includes all of the proposed custodians that we identified (in my July 22 1:10pm email) except for ██████████████████████.  Please confirm that, for each of the 47 Jane Street personnel from which you collected Google Drive files, your collection was not limited to just documents that those personnel authored, but also included documents that were shared with those personnel.

Furthermore, although Jane Street's method for collecting Google Drive files was proper (i.e., by

running search terms "across the contents of files on Google Drive as well as file names"), the search terms that Jane Street used were not. Please confirm that Jane Street will run the search terms identified in Defendants' July 21 counterproposal and Defendants' July 24 letter for the collection of Google Drive documents.



██████    Subpoena

As we explained during our July 29 meet and confer, Individual Defendants have reviewed ████████ Responses & Objections to the Subpoena. In each of ████████ responses to Request Nos. 1, 2, 3, 5, 6, and 7 (and in paragraph 5 of its General Objections), ████████ states that it will not produce documents or communications that can be obtained through Jane Street or states that it will not produce documents or communications in response to the Request because it has no non-duplicative documents or communications. This response is improper. During the July 29 meet and confer call, you represented that ████████████████████████████████████████████ will produce documents and communications from ████████ files. By contrast, Jane Street has not yet confirmed that it will produce documents from all persons identified in its response to Interrogatory No. 5 using Defendants' July 24 search terms. In any event, the potential for duplicative discovery does not by itself make a subpoena improper, and you have not identified any undue burden or expense in producing any of █ ████████ communications with Jane Street and/or Quinn Emanuel that are also in Jane Street's files. *See Amphenol Corp. v. Fractus, S.A.*, No. 19 Misc. 160 (PAE), 2019 WL 2521300, at *11 (S.D.N.Y. June 19, 2019) (holding that it was appropriate for a plaintiff to "test the accuracy and completeness of the defendants' discovery responses and their denials that additional information exists" through a third party subpoena (citation omitted)); *Frazier v. Morgan Stanley & Co.*, No. 16-CV-804 (RJS), 2021 WL 2709250, at *5 (S.D.N.Y. July 1, 2021) ("Although the DM Subpoenas request discovery that may overlap significantly with discovery from Morgan Stanley, the potential for duplicative discovery does not by itself make a subpoena improper."). Please confirm ████████ will withdraw these objections and produce responsive documents and communications irrespective of whether such documents and communications are also in Jane Street's files.

In addition, paragraph 4 of ████████ General Objections states: "████████ objects to any request that seeks documents or information relating solely to ████████ and having no relationship to the knowledge or actions undertaken by any party to the above-captioned action. ████████ will not produce documents in response to any request that seeks documents or information relating solely to

████████ ████████ knowledge, or actions undertaken by ████████ This objection is vague, ambiguous, and not a proper objection.  Please confirm that ████████ is not withholding documents in response to the Subpoena on the basis of General Objection #4.

Defendants expressly reserve, and do not waive, all rights.


**Alexandra Sadinsky**
Associate
_____

**ELSBERG BAKER & MARURI PLLC** [Web]
212.597.2627 (o)
860.287.2578 (m)
(she/her/hers)

---

**From:** Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>
**Sent:** Monday, July 29, 2024 7:32 AM
**To:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Chiang, May <May.Chiang@dechert.com>; Brian Campbell <BCampbell@elsberglaw.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Gavin Coyle <gavincoyle@quinnemanuel.com>; Jeffrey Miller <jeffreymiller@quinnemanuel.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Cc:** Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>
**Subject:** RE: JS v. Millennium

Counsel,

Following up on Defendants' request that Jane Street review the entirety of certain listservs and slack chat channels.  As noted in my email from yesterday (July 28) at 2:23 pm ET, there are a couple of listservs and slack chat channels that Jane Street has not been able to identify or locate.  In addition, there are some listservs/slack chat channels that we are still working to confirm numbers.

For those listservs and slack chat channels that Jane Street has been able to identify and pull information on—specifically:





Jane Street understands that Defendants are asking Jane Street to review the entirety of the listservs and slack chat channels identified above (regardless of whether the email and/or chat hits on a search term) and produce responsive communications. Undertaking this effort will result in Jane Street reviewing an additional 35,000 documents it otherwise would not have to review. Jane Street is willing to discuss on today's meet-and-confer, if Defendants agree to undertake a mutual/reciprocal effort.

Thanks,
Kaitlin

**From:** Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>
**Sent:** Sunday, July 28, 2024 5:02 PM
**To:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Chiang, May <May.Chiang@dechert.com>; Brian Campbell <BCampbell@elsberglaw.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Gavin Coyle <gavincoyle@quinnemanuel.com>; Jeffrey Miller <jeffreymiller@quinnemanuel.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Cc:** Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>
**Subject:** RE: JS v. Millennium

Counsel,

Following up on the email below, attached please find a zip file titled: JS Hit Report 6.28 Proposal (5 Custodians). This zip file contains hit reports detailing the hits of ███████████████████████████████ emails against Defendants' June 28th search term proposal.

This satisfies Defendants' hit report request (a) below.

Jane Street will provide the final requested hit report (c)—all requested custodians based on Defendants July 21st proposal—as soon as it is available.

Thanks,
Kaitlin

**From:** Kaitlin P. Sheehan
**Sent:** Sunday, July 28, 2024 2:23 PM
**To:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Chiang, May <May.Chiang@dechert.com>; Brian Campbell <BCampbell@elsberglaw.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Gavin Coyle <gavincoyle@quinnemanuel.com>; Jeffrey Miller <jeffreymiller@quinnemanuel.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Cc:** Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>;

Strong, Ryan <Ryan.Strong@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Vivek Tata
<vtata@elsberglaw.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Kateryna Shokalo
<kshokalo@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>
**Subject:** RE: JS v. Millennium

### _**HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY**_

Counsel,

Below please find Jane Street's responses to each item raised in your email on Friday, July 26 at 5:20
pm ET.  Jane Street will continue to send additional information and hit reports on a rolling basis.

We note that we have not received a response from the Individual Defendants on the 6 items raised
in my email from Friday, July 26 at 6:36 pm ET and we have not received any updated hit reports from
either the Individual Defendants or Millennium.

We can discuss any questions you may have about the email below during our meet and confer call
tomorrow.

Thanks,
Kaitlin

### Search Terms & Custodians (other than with respect to RFP 33).

1. **_Defendants' Request for 3 New Hit Reports._**  Your email below again notes Defendants'
   request for the following three hit reports: (a)
   ██████████████████/Schadewald/Spottiswood based on the June 27th proposal; (b)
   the same 5 custodians based on the July 21st proposal; and (c) all requested custodians based
   on the July 21st proposal.

   _**Jane Street's Position:**_  Since last Saturday, July 20, Jane Street has provided Defendants with
   5 different sets of hit reports—three on July 20, one on July 24, and one on July 25.
   Defendants first made the request for these three specific hit reports on Monday, July 22.  As
   Jane Street has told Defendants in numerous emails over the course of the last week—**Jane
   Street is working to provide Defendants with the reports they have requested**.  However,
   generating the type of reports Defendants have demanded takes time to compile, including
   because it requires loading and processing of several terabytes of data.  For example, in order
   for Jane Street to run the specific reports Defendants have requested, Jane Street has had to
   process and upload 3.06 terabytes of data.  The tech time associated with this amount of data
   is significant and there is nothing that can speed up that process—it is a pure tech issue.
   Once this additional data is available, Jane Street will run the reports and share it with
   Defendants.  Moreover, in the interim, we have been providing Defendants with hit reports
   on a rolling basis.  On Thursday, July 25, Jane Street provided Defendants with a preliminary
   hit report generated by Google Vault.  On Friday, July 26, Jane Street provided Defendants
   with a more detailed hit report for Defendants' July 21 counterproposal run against the full
   email boxes for custodians Schadewald and Spottiswood.  These two hit reports are in

addition to the three sets of hit reports Jane Street provided on Saturday, July 20.

Attached please find a zip file titled "JS Hit Reports 7.21 Proposal (5 Custodians)." This zip file contains hit reports detailing the hits of ████████████████/Schadewald/Spottiswood emails against Defendants July 21st search term proposal. This hit report satisfies Defendants request (b) above.

Jane Street will provide additional hit reports—items (a) and (c) above—as soon as they are available.

As noted above and stated in our email from yesterday (7/27) as well as numerous other emails this week, Jane Street maintains that an exchange of hit reports on Defendants' July 21 search terms should be reciprocal.

1. ***7 Listservs and 6 Slack Channels.*** On Monday, July 22, Defendants proposed that Jane Street collect 7 listservs and 6 slack channels in their entirety and review them in their entirely without applying ***any*** search terms.

   ***Jane Street's Position:*** This is a new request—*i.e.*, to not apply search terms to slack chats and listservs and review them in their entirety. Defendants also have not explained why such documents should not be subjected to search terms. Nonetheless, Jane Street agreed to look into the burden associated with this request. At this time, Jane Street provides the following updates:



   ████ ████████████ **We have collected the entirety of this Listserv and are confirming the total number of emails from January 1, 2018-June 30, 2024.**

   ████ ████████████ **We have collected the entirety of this Listserv and are confirming the total number of emails from January 1, 2018-June 30, 2024.**

   ████ ████████████ **We have collected the entirety of this Listserv and are confirming the total number of emails from January 1, 2018-June 30, 2024.**

   ████ ████████ **We have collected the entirety of this Listserv and are confirming the total number of emails from January 1, 2018-June 30, 2024.**

   ████ ████████████ **We looked into this and this listserv does not appear to exist. There is a listserv titled** ████████████████ **We have previously applied some search terms to this listserv and it returned no hits.**

   ████ ████ **There is no listserv at Jane Street titled** ████ **Please clarify what Defendants are seeking.**

   ████ ████████ **There is no listserv at Jane Street titled** ████████ **Please clarify what Defendants are seeking.**

   ████ ████████ **We have collected the entirety of this slack channel and**

are confirming the total volume of communications from January 1, 2018-June 30, 2024.

■ ██████████ Jane Street has not identified a slack channel with this name. It does have listserv with this name. Please advise.

■ ████████ Jane Street has not identified a slack channel with this name. It does have listserv with this name. Please advise.

■ ██████████ We have collected the entirety of this slack channel and are confirming the total volume of communications from January 1, 2018-June 30, 2024.

■ ████████ We have collected the entirety of this slack channel and are confirming the total volume of communications from January 1, 2018-June 30, 2024.

■ ████████ Jane Street has not identified a slack channel or a listserv with this name.

1. **_Custodians._** On Monday, July 22, Defendants narrowed their set of proposed custodians for issues related to **_trading strategy discovery only_** down from over 25 to 17.

**_Jane Street's Position:_** To date, Jane Street has proposed 5 custodians for discovery requests related to its trading strategy—Messrs. Schadewald, Spottiswood, ████████ ████. As Jane Street has advised Defendants before, it believes that the custodians it has proposed are sufficient, as ████████████████ were S&S's colleague and manager on the India options trading desk, respectively, and were the principal personnel involved in India options trading and the development and implementation of the Trading Strategy. ████████ is the global head of options at Jane Street and supervised ████ and his desk's work relating to India options and the Trading Strategy.

In terms of adding additional custodians, it is difficult for Jane Street to agree to add any additional custodians without knowing how much those individuals' documents will increase the total review count. Nonetheless, as of right now and in an effort to avoid further dispute, Jane Street is amenable to adding two of Defendants proposed additional custodians: (a) ████████; and (b) ████████.

Jane Street may be amenable to adding more custodians, but it cannot agree to do so at this time without further information regarding hit counts.

Jane Street provides the following information regarding why Defendants' proposed custodians from the July 22 proposal—beyond the 7 Jane Street has agreed to—for the trading strategy discovery RFPs are unnecessary:

1. ████████ Senior-level individual who was not involved in Jane Street's India options trading and was not identified in any of Jane Street's interrogatories.

2. ██████████ **: Senior-level individual who is the** ██████████**. He was not involved in India options trading, business developments and/or strategy development, and would not provide anything substantively unique beyond what Jane Street is collecting from** ██████████**.**

3. ██████████ **: Defendants proposed** ██ **as a custodian for the first time on July 22.** ██ **is a document custodian for RFP 23. He was not a member of the India options team and is based in New York.**

4. ██████████ **: Defendants proposed** ██████ **as a custodian for the first time on July 22. He would largely be duplicative of other custodians.**

5. ██████████ **:** ██ **is a trader, but does not trade India options and he was not significantly involved in the development of the trading strategy development. Accordingly, any knowledge would be cumulative of other custodians.**

6. ██████████ **:** ██████████ **worked on the** ██████████████ **While he did do some options work, he is duplicative of Spottiswood and Schadewald. He transitioned off working on India options post S&S departure.**

7. ██████████ **:** ██████████ **was a research trader who was based in NYC. He was not part of the primary team operating out of Hong Kong. He has knowledge of one of the trading strategies** ██████**, but his knowledge is not unique to himself—e.g., duplicative of Jane Street's 5 proposed custodians— and he was not involved in other trading strategies.**

8. ██████████ **:** ██████ **worked on India options trading under Schadewald and Spottiswood and thus anything he has would be duplicative of what is captured by Schadewald and Spottiwsood. Has since transitioned off India Options trading.**

1. ***Search Terms and Custodians for RFPs 12-17, 20-21, 23, and 26-27.*** Defendants acknowledge receipt of Jane Street's proposed custodians, search terms, and date ranges for these RFPs, but rejected them without basis and summarily state that Defendants' July 21 counterproposal is "appropriate." Jane Street provided its unique hit count for each of these RFPs, totaling over 60,000 documents (hits + families). Defendants' response does not acknowledge this or even provide a counter proposal. Moreover, Jane Street's proposed search terms on a number of these RFPs were tailored consistent with the Court's statements during the July 19 hearing and July 22 Order. Defendants' proposed search terms do not appear to be as tailored—e.g., search terms for RFP 23. As noted above, Jane Street provides herein the hit report Defendants have requested for their July 21 counterproposal and the parties can discuss further, but Jane Street maintains at this time that its proposal is appropriate.

**Sampling Process.** In accordance with the Court's July 22 Order, Jane Street provided Defendants with information regarding its sampling process and results for RFP Nos. 26 and 27 on Friday, July 26.

**Collection Process.**

1. **J-Drive.** Jane Street collected all of the contents dated between January 1, 2018-June 30, 2024 from the following J-Drive folder that was specifically identified by Jane Street's document custodians: ██████████████████████

    In addition, Jane Street also ran the search terms below over the file names contained in the JDrives for custodians Schadewald, Spottiswood, ██████████████████████ as well as the "options" drives dated between January 1, 2018-June 30, 2024:



1. **Google Drive.** Jane Street collected Google Drive files by a running date limiter (January 1, 2018- June 30, 2024) and the search terms listed below across the contents of files on Google Drive as well as file names for the following custodians:





The search terms Jane Street applied are listed below:



1. ███████████████  We are discussing this issue further.  We will work to get you an answer as soon as possible.

**Interrogatory No. 3**.  Jane Street has agreed to amend its response by July 31.  We understand from the response below that Defendants understand that and there is no dispute on this interrogatory at this time.

**Search Terms & Custodians for RFP 33 and the** ████████ **Subpoena.**  Jane Street will provide information, including hit reports, when it has those available.  ████████ served its response to the subpoena on Friday, July 26.

**RFPs 37-40.**  Your email below fails to note that the parties first met and conferred on RFPs 37-40 on Tuesday, July 23.  Jane Street has been working on the various items discussed during that meet and confer call and can provide the following update at this time:

1. *RFP 37:* Jane Street confirms that to the extent we see documents about the "composition" of Jane Street's India options trading desk as described in Defendants' July 24 letter, such documents are being marked responsive.

2. *RFP 38:* Given that Jane Street has not put any forensic analysis at issue, any forensic analysis performed on the Individual Defendants' accounts or devices would be irrelevant.

3. *RFP 39:* Jane Street agrees to search for discussions regarding any compensation analyses that Jane Street received.

4. *RFP 40:* Although we are awaiting final confirmation from Jane Street, it is currently our understanding that Jane Street has not made statements to any potential lenders or investors concerning Jane Street's profits or losses in India options trading, or about any Defendant.

---

**From:** Kaitlin P. Sheehan
**Sent:** Sunday, July 28, 2024 2:17 PM
**To:** 'Alexandra Sadinsky' <ASadinsky@elsberglaw.com>; Chiang, May <May.Chiang@dechert.com>; Brian Campbell <BCampbell@elsberglaw.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Gavin Coyle <gavincoyle@quinnemanuel.com>; Jeffrey Miller <jeffreymiller@quinnemanuel.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Cc:** Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>
**Subject:** RE: JS v. Millennium

Thanks, lets plan to meet and confer tomorrow at 9:30 am ET as proposed by Millennium's counsel. I will circulate a calendar invite.

Thanks,
Kaitlin

---

**From:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>
**Sent:** Saturday, July 27, 2024 10:25 AM
**To:** Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; Chiang, May <May.Chiang@dechert.com>; Brian Campbell <BCampbell@elsberglaw.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Gavin Coyle <gavincoyle@quinnemanuel.com>; Jeffrey Miller <jeffreymiller@quinnemanuel.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Cc:** Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>
**Subject:** Re: JS v. Millennium

**[EXTERNAL EMAIL from asadinsky@elsberglaw.com]**

We are available at the times on Monday that Millennium offered.

Get Outlook for iOS

**From:** Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>
**Sent:** Saturday, July 27, 2024 8:30:47 AM
**To:** Chiang, May <May.Chiang@dechert.com>; Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Brian Campbell <BCampbell@elsberglaw.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Gavin Coyle <gavincoyle@quinnemanuel.com>; Jeffrey Miller <jeffreymiller@quinnemanuel.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Cc:** Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>
**Subject:** RE: JS v. Millennium

Counsel,

Confirming receipt of the email and responses below sent on behalf of Millennium.  We are reviewing the substance and will respond.

In the meantime, we write specifically regarding the timing of a meet and confer, further exchange of hit reports, and time for raising additional disputes with the Court.

Over this last week, Jane Street has provided additional hit reports on a rolling basis, and will continue to do so over the weekend.  Moreover, we have explained in detail the reasons why Jane Street was not able to provide the specific hit reports Defendants have requested in the time demanded—but that Jane Street is working to do so as quickly as possible.

Conversely, Defendants have not provide us with any updated hit reports and have not provided any explanation for the delay.

Jane Street wants to work cooperatively, exchange information, and hopes to avoid further disputes with the Court.

However, at the same time Jane Street understands that the Individual Defendants intend to go to the Court on Monday absent immediate resolution of certain issues, including hit reports, which are still being negotiated and Jane Street is still working to provide.  Should the Individual Defendants do so, it may be necessary for Jane Street to raise its own related issues for joint consideration.

Accordingly, we propose that Defendants coordinate and propose a time by which they will provide Jane Street with some additional hit reports and then after receipt of those, the parties can meet and confer.  Jane Street is amenable to that being early next week, but thinks further coordination would be helpful and appreciated by the Court in order to streamline certain similar disputes.

Thanks,

Kaitlin

**From:** Chiang, May <May.Chiang@dechert.com>
**Sent:** Friday, July 26, 2024 7:32 PM
**To:** Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Brian Campbell <BCampbell@elsberglaw.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Gavin Coyle <gavincoyle@quinnemanuel.com>; Jeffrey Miller <jeffreymiller@quinnemanuel.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Cc:** Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>
**Subject:** RE: JS v. Millennium

[EXTERNAL EMAIL from may.chiang@dechert.com]

Counsel, we respond on behalf of Millennium to your 7/23 email.

**Trade Secret Search Terms:** We will run the 7/23 proposed trade secret terms over our current

custodial collection and will provide a hit report on Monday.

**Identification of Individuals Responsive to Jane Street Interrogatory No. 2:**  In light of the Court's order this afternoon on Jane Street's motion to compel, we will supplement our response no later than Wednesday, July 31.

**Schadewald India Options Terms:** Though we are not required to do so, we are undertaking a review of Mr. Schadewald's and Mr. Spottiswood's custodial files for the relevant period to ensure that material relevant to their India options trading activity is marked responsive and will be produced. Accordingly, identification of such terms, keywords, shorthand, etc. or signals is not necessary at this time.

**India Options Listservs and Slack Chats:**  Mr. Schadewald's team primarily uses a listserv for their trading team (SOCAP).  There are also two other listservs that are rarely used (socap-trading and socap-dev listserv).  All three listservs will be reviewed for responsive material.

As for Slack chats, Mr. Schadewald's team uses the following channels: "trading-plan" "general" "research" "infra-live" "infra-historical" "dev" and "recruiting".  These channels will also be reviewed for responsive material.

**India Options Structured Data Sources:** Mr. Schadewald's team uses a Sharepoint, OneNote, a Confluence page.  They also use a database for data and modeling, and we are exploring how to capture that database.

**Jane Street's Demand for Production of All Communications between the Individual Defendants and their Trading team:** For the avoidance of doubt, we share in the Individual Defendants' objection to the full production of the Individual Defendants' communications with their trading team, regardless of content.  Defendants' request as to Jane Street's India options slack channels and listservs was for Jane Street to collect and review of responsiveness, not for full production.

**Meet and confer**: Millennium appreciates your offer to meet and confer tomorrow at 11:30 am, but we are not available.  If a meet and confer remains necessary, we propose instead for the parties to meet and confer on open issues Monday morning.  We are available 9:30 am to 11 am.   If that time doesn't work for your side, we could also do 1-2 pm or after 3 pm.

Thanks,

**May Chiang**

Partner

**Dechert LLP**

+1 212 649 8734 Direct

may.chiang@dechert.com

dechert.com

---

**From:** Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>
**Sent:** Friday, July 26, 2024 6:36 PM
**To:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Brian Campbell
<BCampbell@elsberglaw.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Gavin Coyle
<gavincoyle@quinnemanuel.com>; Jeffrey Miller <jeffreymiller@quinnemanuel.com>; QE Jane Street
<qejanestreet@quinnemanuel.com>
**Cc:** Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>;
Chiang, May <May.Chiang@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Rollo Baker
<rbaker@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Roberts, Daniel
<Daniel.Roberts@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Shams Hirji
<SHirji@elsberglaw.com>
**Subject:** RE: JS v. Millennium

████████████████████████████████████████████████████

Counsel,

Confirming receipt of your email sent at 5:20 pm ET.  We will separately respond to that email.
Below, we write in response to Mr. Campbell's emails below from 7/24 and 7/25 and follow up on my
7/23 email.  Responding to each item:

1. **Jane Street's Google Vault Hit Report re Defendants' 7/21/2024 Search Terms.**

    1. Confirming that the custodians for the preliminary report were:

        ████████████████████████
        ███████████████████████████████
        ██████████████████████████
        ██████████████████████████
        ██████████████████████████████
        ████████████████

2. **Defendants Request For 3 New Hit Reports.** As noted in my 7/25 emails at 12:33 pm ET and 2:00 pm ET, the hit reports Defendants have requested are not hit reports that Jane Street has in its possession. Nonetheless, we are working to provide Defendants with the reports they have requested. However, for reasons we've previously discussed generating the type of reports Defendants have demanded takes time to compile, including because it requires loading and processing of several terabytes of data. For example, in order for Jane Street to run the specific reports Defendants have requested, Jane Street has had to process and upload 3.06 Terabytes of data. The tech time associated with this amount of data is significant and there is nothing that can speed up that process—it is a pure tech issue. Once the additional data needed to prepare the reports Defendants have requested is available, Jane Street will run and share it with Defendants.

In the meantime, Jane Street is able to provide the attached zip file titled "JS Hit Report Defs 6.21 Terms S&S." This hit report details hits for Defendants' 7/21 counterproposal run against the full email boxes for custodians: Schadewald and Spottiswood.

We are providing these reports to you on a rolling basis and anticipate having additional reports over the weekend. We will send additional reports as they become available.

1. **Individual Defendants' iMessage Communications.** Thank you for confirming scope on this.

2. **Individual Defendants' App and In-App Messaging.** Your email response below notes that "[t]he sources of potentially relevant communications are Gmail, text messages (including iMessage, WhatsApp, and LinkedIn direct message." Please identify what the basis and/or source for that statement is.

3. **Individual Defendants' Personal Email.** Your email response below notes that "[t]heir personal email accounts that may contain potentially relevant communications are ███████████████████████████████████████████ Please identify what the basis and/or source for that statement is.

4. **Trade Secret Search Terms.** The Individual Defendants have refused to run Jane Street's 7/23 proposed search terms. The email below fails to identify any basis for the objection other than the fact that the review is purportedly well underway. Jane Street appreciates that, but its review is also well underway—nonetheless Jane Street continues to run additional search terms and provide Defendants with hit reports. Also, as noted in Jane Street's email, if Defendants believe the search terms it proposed on 7/21 are reasonable terms for India options trading strategies, the Individual Defendants have an obligation to run them as well.

The email below generally references burden, but provides no data to substantiate the objection. Have the Individual Defendants run Jane Street's 7/23 proposed search terms to see what, if any, burden there is? Pursuant to the Court's directive at the July 19 hearing and July 22nd Order, please produce a corresponding hit report, so that Jane Street can review. Also, the Individual Defendants' assertion that Jane Street is attempting to renege on its prior proposal is not true. Jane Street sent its July 17 proposal noting that Jane Street "reserve[s] all rights to amend." Please provide a hit report on Jane Street's 7/23 proposed terms or confirm that the Individual Defendants refuse to do so.

1. **Individual Defendants' Photos.** We appreciate the review of the Individual Defendants'

photos from November 1, 2023 to present but understand that the Individual Defendants refuse to review photos for the earlier time period requested—*i.e.,* January 1, 2023-October 31, 2023.  Your email generally references burden, but again provides no information or data to substantiate that claim.  Please provide further information regarding any such burden associated with reviewing the Individual Defendants' photos from January 1, 2023-October 31, 2023.  Your email also notes a "sample review to confirm."  Please provide further information related to the "sample" you are conducting.

2. **Individual Defendants' Communications With Each Other and Pod Team Members.**  The Individual Defendants have refused to produce in full their communications with each other and/or their Millennium pod team members.  The email below is devoid of any basis for doing so—other than at one point in time Jane Street previously objected to a different request.  As the email notes, Defendants recently asked Jane Street to produce entire listservs and slack chat channels in full for 6 years' time.  Jane Street is considering this request (and will likely agree) but it must be reciprocal with the Individual Defendants agreeing to produce in full all correspondence between themselves and/or their Millennium pod members from January 1, 2023-June 30, 2024.  If the Individual Defendants are unwilling to do so, please confirm and provide a basis for the objection including data to substantiate the objection, including burden.

3. **Millennium**.  We have not received any response from Millennium on any of the issues raised in the July 23 email.  We also have not received any hit reports and/or further information regarding questions related to relevant slack chat channels, list servs, and/or structured data sources.  Please send.

We believe the parties should continue to work together and exchange information in an effort to resolve these issues.  However, absent resolution we may have no choice but to seek relief from the Court.  We hope that will not be necessary.

We are available to meet and confer over the weekend—***please let us know if 11:30 am ET tomorrow works for Defendants.***

Thanks,

Kaitlin

---

**From:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>
**Sent:** Friday, July 26, 2024 5:20 PM
**To:** Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; Brian Campbell

<BCampbell@elsberglaw.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Gavin Coyle
<gavincoyle@quinnemanuel.com>; Jeffrey Miller <jeffreymiller@quinnemanuel.com>; QE Jane Street
<qejanestreet@quinnemanuel.com>
**Cc:** Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>;
Chiang, May <May.Chiang@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Rollo Baker
<rbaker@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Roberts, Daniel
<Daniel.Roberts@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Shams Hirji
<SHirji@elsberglaw.com>
**Subject:** RE: JS v. Millennium

<mark>[EXTERNAL EMAIL from asadinsky@elsberglaw.com]</mark>

Counsel,

We write in response to your 12pm and 3:26 emails from July 25 and to advise you that we are
planning to seek relief from the Court.  Please let us know no later than Sunday whether you
have changed your position on any of the points below so that it can be accurately reflected in
our forthcoming motion—which we would like to avoid but feel we have no choice given the
delays and lack of progress.

Search Terms & Custodians (other than with respect to RFP 33)

We continue to maintain that the search terms in the counterproposal we sent on July 21 are
appropriate for Jane Street's document review.  In addition, we need a hit report based on our
June 27 proposal to determine whether any of the compromise positions we proposed on July
21 (based on your misstatement that our June 27 proposal returned 3 million documents) are
inappropriate.  Specifically, we reiterate our prior requests for hit reports for (a)
███████████████████████/Schadewald/Spottiswood based on the June 27th proposal; (b)
the same 5 custodians based on the July 21st proposal; and (c) all requested custodians based
on the July 21st proposal.  We also continue to maintain that it is appropriate that Jane Street
review all communications exchanged on the 7 Listservs and 6 Slack channels that Jane Street
has used to communicate about its trading on the India options markets.

In your 12pm email from yesterday, you state that "many of" our requests "were raised for the first time by Defendants on the meet and confer calls on July 19, 20, 22." We're not sure what you are referring to. Sheet 1 of our June 27 proposal lists the names of the 7 Listservs that we asked you to review. Sheet 1 of our June 27 proposal also asks Jane Street to identify and review relevant Slack channels. The 6 Slack channels we identified by name on July 22 all have the words ███████████ in them—wouldn't those have already been captured by Jane Street for review? Or is there some other request that you are claiming was "raised for the first time" this past week?

With respect to Jane Street's custodians, on Monday, July 22, we narrowed (from our June 27 proposal) our proposed set of custodians. We explained, on a custodian-by-custodian basis, why we were asking you to collect and produce documents from each of the custodians we proposed (and we provided detailed factual information on the relevance of ██████ and ██████ at your request), and we understood you would respond to our proposal by Wednesday, July 24. We haven't received a response.

On Tuesday, July 23, you proposed search terms and custodians for RFPs 12-17, 20-21, 23, and 26-27. We already included search terms relevant to these requests in our July 21 counterproposal—we believe the ones we provided are appropriate and look forward to receiving hit reports on our proposal. (The search terms you propose are excluding information the Court has already determined to be relevant. ████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████

We also understand based on the proposal that you provided that you are adding additional custodians that you have identified as having responsive information, including, for example, ██████████████████████████ All of the search terms proposed in the July 21 counterproposal should be run over all custodians—we will propose limiters as appropriate once we receive a hit report.

Sampling Process

The Court sustained RFPs 26 & 27. The Court's Order states: "The Court orders Jane Street to

respond to RFPs 26 and 27, with the understanding reviewed at the July 19 conference that Jane Street will test search terms and promptly produce a representative sample to the defense, and that the parties will promptly collaborate to tailor the search used terms to more closely match the proper scope of this request...."  Dkt. 162 at 4-5.

We proposed search parameters for Jane Street's document review on June 27, and many of those search terms applied to overlapping requests.  The terms that we believe are particularly important for RFPs 26 & 27 are in Rows 168, 169, 250, 251, 252, 253, and 254 of the June 27 proposal.  Those terms are also included in our July 21 counterproposal at Nos. 12, 63, 54, 65, and 66.  All of these terms are a variant of the Defendants' names.

To comply with the Court's order, we would expect you to provide "a representative sample" of non-privileged documents that hit on whichever of those terms you seek to narrow on the basis that those terms bring back overwhelmingly non-responsive material.  Based on that sample, we will be able to work together to tailor the terms in a way that reduces the burden of reviewing irrelevant material.  The purpose of this process is exactly what the Court said at the July 19 hearing: "to test whether what is being stirred up by a request like this is dominantly irrelevant material."  Tr. 64:12-14.  We look forward to receiving information regarding your sampling review with respect to these RFPs in accordance with the Court's July 22 Order by end of day today so that the parties can work together to tailor any problematic terms.

Collection Process

Your 12pm email calls our request for information about your collection process "discovery on discovery."  That is not correct—we are seeking good faith transparency concerning Jane Street's discovery parameters. Moreover, you requested the same information from us, which we provided.  In any event, during Monday's meet and confer, you stated that you collected Google Drive and J-Drive documents by collecting filepath information and running search terms over file names.  We are asking you to be transparent about the filepaths collected and the search terms run over file names, so we can consider that approach and identify any gaps or concerns.



Interrogatory No. 3

Your 12pm email says you will amend your response to Interrogatory No. 3 by July 31. We've been asking for additional information—so that Defendants can serve appropriate discovery—for weeks. We reject your assertion that Defendants should be able to formulate search terms about Jane Street's capital expenditures without a proper response to Interrogatory No. 3. It is not fair to ask Defendants to shoot in the dark; we have asked for a proper response to Interrogatory No. 3 so that we can make an informed decision in proposing targeted search terms regarding this topic.

Search Terms & Custodians for RFP 33 and the ███████ Subpoena

Our July 24 letter included proposed search parameters (search terms, custodians, and targeted collections of non-custodial data) for Jane Street's response to RFP 33 and ███████ response to the subpoena. Those search terms were crafted based on the information you shared on our July 23 meet and confer discussion. Your 12pm email suggests that you will be starting from scratch ("Jane Street will propose its custodians and search terms for RFP 33 to Defendants and provide a hit count for the search."). That is not an efficient process, as the past month of back-and-forth has demonstrated. Please provide hit reports based on our proposal so we can engage in transparent and sincere negotiations regarding appropriate search terms and custodians.

<u>RFPs 37-40</u>

We explained what we were looking for with regards to these requests in our letter dated July 17.  It's been 9 days and all we've heard is that "Jane Street is investigating and will get back to you."

\*     \*     \*

As noted, although we would like to avoid burdening the Court with another discovery motion, we intend to seek relief from the Court if we are unable to reach swift resolution of these open issues.  Defendants continue to reserve all rights and waive none.

---

**From:** Kaitlin P. Sheehan <<u>kaitlinsheehan@quinnemanuel.com</u>>
**Sent:** Friday, July 26, 2024 4:05 PM
**To:** Brian Campbell <<u>BCampbell@elsberglaw.com</u>>; Alexandra Sadinsky <<u>ASadinsky@elsberglaw.com</u>>; Jeff Nardinelli <<u>jeffnardinelli@quinnemanuel.com</u>>; Gavin Coyle <<u>gavincoyle@quinnemanuel.com</u>>; Jeffrey Miller <<u>jeffreymiller@quinnemanuel.com</u>>; QE Jane Street <<u>qejanestreet@quinnemanuel.com</u>>
**Cc:** Levander, Andrew <<u>andrew.levander@dechert.com</u>>; Black, Martin <<u>martin.black@dechert.com</u>>; Chiang, May <<u>May.Chiang@dechert.com</u>>; Strong, Ryan <<u>Ryan.Strong@dechert.com</u>>; Rollo Baker <<u>rbaker@elsberglaw.com</u>>; Vivek Tata <<u>vtata@elsberglaw.com</u>>; Roberts, Daniel <<u>Daniel.Roberts@dechert.com</u>>; Kateryna Shokalo <<u>kshokalo@elsberglaw.com</u>>; Shams Hirji <<u>SHirji@elsberglaw.com</u>>
**Subject:** RE: JS v. Millennium

Counsel,

We are confirming that, by the end of today, Jane Street anticipates producing information regarding its sampling review with respect to RFP Nos. 26 and 27 in accordance with the Court's July 22nd

Order. Dkt. 162 at 4-5.


Thanks,

Kaitlin

---

**From:** Kaitlin P. Sheehan
**Sent:** Thursday, July 25, 2024 3:26 PM
**To:** Brian Campbell <BCampbell@elsberglaw.com>; Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Gavin Coyle <gavincoyle@quinnemanuel.com>; Jeffrey Miller <jeffreymiller@quinnemanuel.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Cc:** Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>; Chiang, May <May.Chiang@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>
**Subject:** RE: JS v. Millennium


Brian,


We stated that Jane Street was amenable to a sampling process, but since none of us have ever done any such sampling process before, we raised the following points:


1. Is it Defendants' position that Jane Street should produce non-responsive documents to Defendants? If so, that strikes Jane Street as an unprecedented request, and inconsistent with the Court's statements that his understanding of the search term / hit count process was informed by his time in private practice. Have any of you ever been involved in a case in which one party produced a set of non-responsive documents to another party as part of search term negotiations?


1. Please let us know what Defendants would want Jane Street to produce in terms of a "representative sample" and we will consider that specific proposal. Please be specific—for example, we assume the documents would not use the same Bates-numbered scheme as produced documents, given that they are not relevant to the case. We just aren't sure what

you are looking for because none of us has ever done anything like what it sounds like Defendants are proposing.  Also, let us know the precedent for your proposal (*e.g.*, a specific prior case in which parties exchanged similar samples, and the procedures for doing so), if you have any.

Finally, please advise, as we requested, whether the Individual Defendants and Millennium are amenable to a reciprocal sampling process.

Thanks,

Kaitlin

**From:** Brian Campbell <BCampbell@elsberglaw.com>
**Sent:** Thursday, July 25, 2024 3:06 PM
**To:** Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Gavin Coyle <gavincoyle@quinnemanuel.com>; Jeffrey Miller <jeffreymiller@quinnemanuel.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Cc:** Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>; Chiang, May <May.Chiang@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>
**Subject:** RE: JS v. Millennium

[EXTERNAL EMAIL from bcampbell@elsberglaw.com]

Counsel,

It wasn't clear from your email below.  What is Jane Street doing to comply with the emphasized aspect of the Court's order?

(RFPs 26 and 27): The Court orders Jane Street to respond to RFPs 26 and 27, with the understanding reviewed at the July 19 conference that Jane Street will test search terms **and promptly produce a representative sample to the defense**, and that the parties will promptly collaborate to tailor the search used terms to more closely match the proper scope of this request. Certain materials responsive to these RFPs are clearly relevant to this case (e.g., bearing on the individual defendants' trading at Jane Street). But, as Jane Street notes, other communications within Jane Street about the individual defendants are apt to be irrelevant.

Thanks,
Brian

---

**From:** Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>
**Sent:** Thursday, July 25, 2024 12:00 PM
**To:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Gavin Coyle <gavincoyle@quinnemanuel.com>; Jeffrey Miller <jeffreymiller@quinnemanuel.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Cc:** Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>; Chiang, May <May.Chiang@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Brian Campbell <BCampbell@elsberglaw.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>
**Subject:** RE: JS v. Millennium

Counsel,

Without responding in detail to each point raised in your July 24 letter, here are Jane Street's positions on the subjects discussed on July 23 and/or raised in your letter:

As an initial matter, we disagree with your mischaracterization of Jane Street's reciprocal requests related to discovery efforts that were set forth in my July 23 email. Jane Street's requests are reciprocal to Defendants' requests, many of which were raised for the first time by Defendants during the meet and confer calls on July 19, 20, 22. Also, Jane Street's request for reciprocal information from Defendants was set forth in our July 22nd email as well. [*See* J. Miller 7/22 Email at 7:17 pm ET].

We also disagree with and reject your assertion that Jane Street's requests are made to increase burdens on Defendants or are unrelated to the case.

**Hit Reports.**  Defendants' accusation that Jane Street misrepresented its hit report to the Court is baseless.  Defendants acknowledge that the sum of the "Counts" column in Jane Street's hit report titled "Partial Hit Report re Defs Search Terms" exceeds 3,000,000, but takes issue with what constitutes a "hit" as compared to a "document."  Defendants go on to hypothesize that had Jane Street run a different hit report based off of different information, the total number of hits might be lower.  Regardless of whether that hypothetical is true or not, it does not warrant Defendants meritless and inflammatory accusations against Jane Street and its counsel.

Turning to Defendants request that Jane Street provide the 3 hit reports detailed on page 2 of your letter.  To be clear, those are hit reports that Jane Street has not created and if created would be done solely at Defendants request.  Defendants request for Jane Street to create hit reports is contrary to Judge Engelmayer's statements during the July 19 hearing: "[i]t's anther story entirely whether you are obligated to create something at defense counsel's request.  I am not ordering any of that, but I certainly expect you to work together as professionals."  7/19 Tr. at 67:15-20.  Moreover, it is entirely unclear what purpose these newly demanded reports will serve as they relate to outdated sets of search proposals.

Nonetheless, despite having no obligation to do what Defendants are now asking Jane Street to do, Jane Street is willing to run the reports Defendants are requesting.  Jane Street will provide those hit reports to Defendants when they are available.

**Collection Process.**  To be clear, during Monday's meet and confer calls, counsel for Jane Street explained and responded to questions regarding its document collection process.  Again, it is unclear that purpose these requests about Jane Street's collection process serve other than unnecessary and unwarranted discovery on discovery.

Nonetheless, in an effort to provide a written summary of its document collection process, Jane Street provides the following:  Jane Street identified locations where relevant documents were likely to be located based upon custodial interviews.  Upon identification of those data sources, Jane Street collected materials from those identified sources using a variety of methods—e.g., sometimes collecting data sources in full and other times running search terms and/or date ranges across data sources and only collecting documents that hit on terms and/or were within date ranges.



████████████████     The parties have been discussing these data sources in connection with the ESI protocol and the documents cited in support of Jane Street's First Amended Trade Secret Disclosure.  Jane Street will respond in full on these issues on those respective chains.

**Representative Samples For RFPs 26 & 27.**  On July 23, Jane Street proposed search terms, data ranges, and custodians for RFPs 26 and 27—a search that will have Jane Street review over 17,000 unique documents.  Defendants do not respond to Jane Street's proposed search—which on its face is broad and fulsome.  Instead, Defendants use the letter as an opportunity to misrepresent and twist counsel's statements, cherry-picking a word in a sentence in an effort to manufacture yet another dispute.  Counsel's references to "spot-checks" on Defendants' June 28th search terms were reference to the fact that Jane Street "spot-checked" the breadth of the Defendants terms by running Defendants 253 proposed search strings across 5 custodians and 1 data source and it returned over 3,000,000 hits.  That is clear from a review of the July 19 transcript.  *See e.g.*, 7/19 Tr. at 57:8-15.

Accordingly, any request for sampling and/or information about sampling will be an entirely new request that Defendants are making of Jane Street.  To get further clarity on this request, Jane Street raises the following:

1. Is it Defendants' position that Jane Street should produce non-responsive documents to Defendants?  If so, that strikes Jane Street as an unprecedented request, and inconsistent with the Court's statements that his understanding of the search term / hit count process was informed by his time in private practice.  Have any of you ever been involved in a case in which one party produced a set of non-responsive documents to another party as part of search term negotiations?

1. Please let us know what Defendants would want Jane Street to produce in terms of a "representative sample" and we will consider that specific proposal.  Please be specific—for example, we assume the documents would not use the same Bates-numbered scheme as produced documents, given that they are not relevant to the case.  We just aren't sure what you are looking for because none of us has ever done anything like what it sounds like Defendants are proposing.  Also, let us know the precedent for your proposal (*e.g.*, a specific prior case in which parties exchanged similar samples, and the procedures for doing so), if you

have any.

Finally, any sampling process would need to be reciprocal—so please advise whether the Individual Defendants and Millennium are amenable to a reciprocal sampling process.

Short of that, we understand the Court's guidance that the parties must be transparent with hit reports, and we of course agree to do that.

**RFPs 18-19:** The parties are in agreement on this issue.

**Interrogatory No. 3:** We will provide a supplemental response no later than July 31, and earlier than that if we are reasonably able.

████████: Jane Street does not agree that all documents that alone reference ████ and/or ████ are, on their own responsive to any RFP or relevant to this case. Nonetheless, Jane Street has made clear that it is not holding back documents discussing India Options algo trading data, including ████████. Accordingly, confirming that if a document hits on agreed search terms and discusses ████████ it will be produced. This is not an admission that those documents are relevant, or related to the asserted trade secrets.

**RFP 33:** Jane Street will propose its custodians and search terms for RFP 33 to Defendants and provide a hit count for the search.

████████ **Subpoena:** ████████ will provide its specific objections and responses to the subpoena on Friday, July 26—consistent with the return date requested by Defendants. Nonetheless, as discussed during our meet and confer call on 7/23, ████████ position in response to the subpoena will be: (a) ████████ will not search for and/or produce any documents that Defendants can get from other sources—primarily through Jane Street; (b) the documents do not exist; or (c) ████████ will conduct a good faith search for documents/communications that are uniquely within his possession, custody, and control, and produce non-privileged responsive documents that relate to the litigation.

**RFP 34-35:** Jane Street is running a host of search terms dating back to January 1, 2018, and to the extent that documents hitting on those terms relate to Jane Street's alleged profits or lost profits, we

will produce them.  Jane Street is also producing separate pnl data at least dating back to 1/1/2023, and we are investigating whether we can produce similar pnl data going back to 1/1/2018.  We are at a loss to understand how Defendants are unable to formulate search terms "regarding Jane Street's capital expenditures" without a further response to Interrogatory No. 3.  We remind you that your clients were there for and know all about those capital expenditures.

**RFPs 37-40**:  Jane Street is investigating and will get back to you.

**Privilege**:  Jane Street does not intend to withhold documents on privilege grounds unless the document is privileged, and Jane Street will serve one or more privilege logs on a schedule to be worked out by the parties.

Thanks,

Kaitlin

**From:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>
**Sent:** Wednesday, July 24, 2024 12:15 PM
**To:** Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Gavin Coyle <gavincoyle@quinnemanuel.com>; Jeffrey Miller <jeffreymiller@quinnemanuel.com>; Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Cc:** Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>; Chiang, May <May.Chiang@dechert.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Brian Campbell <BCampbell@elsberglaw.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>
**Subject:** JS v. Millennium

[EXTERNAL EMAIL from asadinsky@elsberglaw.com]

Counsel,

Please see the attached letter regarding the parties' meet-and-confer discussions from this week, which includes proposed search parameters for RFP 33 and the ███████ subpoena.


Thanks,

Alex


**Alexandra Sadinsky**

Associate

_____

**ELSBERG BAKER & MARURI PLLC** [Web]

212.597.2627 (o)

860.287.2578 (m)

(she/her/hers)

---

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.