# Exhibit 4

| | |
|---|---|
| **From:** | Jeffrey Miller |
| **To:** | Alexandra Sadinsky; Shams Hirji; Kateryna Shokalo; Kaitlin P. Sheehan; QE Jane Street |
| **Cc:** | Brian Campbell; May Chiang; Andrew Levander; Martin Black; Rollo Baker; Ryan Strong; Vivek Tata; Daniel Roberts; Hayoung Park; Molly O'Keefe; Davy Perlman |
| **Subject:** | RE: JS Response to ID's Emails |
| **Date:** | Friday, November 22, 2024 11:45:48 AM |

Counsel,

Following up on our meet-and-confer yesterday, ████████████████████████████████
████████████████. We are reviewing and will confirm whether those documents have already been produced or will produce any additional materials. We reserve the right to withhold these for privilege or any other applicable protection and will inform you if we do so.

Best,
Jeff

---

**From:** Jeffrey Miller
**Sent:** Thursday, November 21, 2024 7:24 PM
**To:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Cc:** Brian Campbell <BCampbell@elsberglaw.com>; May Chiang <May.Chiang@dechert.com>; Andrew Levander <andrew.levander@dechert.com>; Martin Black <martin.black@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Ryan Strong <Ryan.Strong@dechert.com>; Vivek Tata <vtata@elsberglaw.com>; Daniel Roberts <Daniel.Roberts@dechert.com>; Hayoung Park <Hayoung.Park@dechert.com>; Molly O'Keefe <mokeefe@elsberglaw.com>; Davy Perlman <dperlman@elsberglaw.com>
**Subject:** RE: JS Response to ID's Emails

Alex,

I can speak now or at 8pm.

Thanks,
Jeff

---

**From:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>
**Sent:** Thursday, November 21, 2024 6:42 PM
**To:** Jeffrey Miller <jeffreymiller@quinnemanuel.com>; Shams Hirji <SHirji@elsberglaw.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Cc:** Brian Campbell <BCampbell@elsberglaw.com>; May Chiang <May.Chiang@dechert.com>; Andrew Levander <andrew.levander@dechert.com>; Martin Black <martin.black@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Ryan Strong <Ryan.Strong@dechert.com>; Vivek Tata <vtata@elsberglaw.com>; Daniel Roberts <Daniel.Roberts@dechert.com>; Hayoung Park <Hayoung.Park@dechert.com>; Molly O'Keefe <mokeefe@elsberglaw.com>; Davy Perlman <dperlman@elsberglaw.com>
**Subject:** RE: JS Response to ID's Emails

[EXTERNAL EMAIL from asadinsky@elsberglaw.com]

Jeff,

Please let us know your availability to meet and confer this evening. We intend to raise the ███████████████████
████████████████████████ with the court.

Thanks,
Alex

Alexandra Sadinsky
Associate [Bio]

ELSBERG BAKER & MARURI PLLC [Web]
212.597.2636 (o)
860.287.2578 (m)
(she/her/hers)

---

**From:** Jeffrey Miller <jeffreymiller@quinnemanuel.com>
**Sent:** Thursday, November 21, 2024 4:56 PM
**To:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Cc:** Brian Campbell <BCampbell@elsberglaw.com>; May Chiang <May.Chiang@dechert.com>; Andrew Levander <andrew.levander@dechert.com>; Martin Black <martin.black@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Ryan Strong

<Ryan.Strong@dechert.com>; Vivek Tata <vtata@elsberglaw.com>; Daniel Roberts <Daniel.Roberts@dechert.com>; Hayoung Park <Hayoung.Park@dechert.com>; Molly O'Keefe <mokeefe@elsberglaw.com>; Davy Perlman <dperlman@elsberglaw.com>
**Subject:** RE: JS Response to ID's Emails

Counsel,



***Privilege challenges.*** As you know, your privilege log e-mail made demands that relate to far more than 19 individual entries. As I noted below, we will respond separately to that correspondence, which we plan to do today.



Best,
Jeff

---

**From:** Jeffrey Miller
**Sent:** Thursday, November 21, 2024 11:47 AM
**To:** 'Alexandra Sadinsky' <ASadinsky@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Cc:** Brian Campbell <BCampbell@elsberglaw.com>; May Chiang <May.Chiang@dechert.com>; Andrew Levander <andrew.levander@dechert.com>; Martin Black <martin.black@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Ryan Strong <Ryan.Strong@dechert.com>; Vivek Tata <vtata@elsberglaw.com>; Daniel Roberts <Daniel.Roberts@dechert.com>; Hayoung Park <Hayoung.Park@dechert.com>; Molly O'Keefe <mokeefe@elsberglaw.com>; Davy Perlman <dperlman@elsberglaw.com>
**Subject:** RE: JS Response to ID's Emails

Counsel,

It is not reasonable for Defendants to e-mail us at 9:51pm threatening to go to Court if we don't agree to each of your demands by noon the next day. We will respond to the below items by COB today.

Best,
Jeff

---

**From:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>
**Sent:** Wednesday, November 20, 2024 9:51 PM
**To:** Jeffrey Miller <jeffreymiller@quinnemanuel.com>; Shams Hirji <SHirji@elsberglaw.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Cc:** Brian Campbell <BCampbell@elsberglaw.com>; May Chiang <May.Chiang@dechert.com>; Andrew Levander <andrew.levander@dechert.com>; Martin Black <martin.black@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Ryan Strong <Ryan.Strong@dechert.com>; Vivek Tata <vtata@elsberglaw.com>; Daniel Roberts <Daniel.Roberts@dechert.com>; Hayoung Park <Hayoung.Park@dechert.com>; Molly O'Keefe <mokeefe@elsberglaw.com>; Davy Perlman <dperlman@elsberglaw.com>
**Subject:** RE: JS Response to ID's Emails

[EXTERNAL EMAIL from asadinsky@elsberglaw.com]

Counsel,

We write in response to your email below:



**Privilege challenges.**  We sent challenges to *19* documents five days ago.  There is no reason it should take five days to respond to challenges regarding 19 documents.  We intend to raise these challenges with the court as well, unless they are resolved by 12pm tomorrow.

**Hyperlinked documents.**  We are reviewing your chart, and look forward to receiving your production tomorrow.

As we explained to you yesterday, we will take ▮▮▮▮▮▮ on the date previously reserved for ▮▮▮▮▮, and ▮▮▮▮▮ during the week we understand that you would make ▮▮▮▮▮ available (the week of December 16).

We are available to meet and confer on these issues tomorrow morning.  We intend to raise them with the court promptly if not resolved by early tomorrow.

We reserve all rights and waive none.


Alexandra Sadinsky

Associate [Bio]

───────────────
ELSBERG BAKER & MARURI PLLC [Web]
212.597.2636 (o)
860.287.2578 (m)
(she/her/hers)

**From:** Jeffrey Miller <jeffreymiller@quinnemanuel.com>
**Sent:** Wednesday, November 20, 2024 8:15 PM
**To:** Shams Hirji <SHirji@elsberglaw.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; QE Jane Street <qejanestreet@quinnemanuel.com>;
**Cc:** Brian Campbell <BCampbell@elsberglaw.com>; May Chiang <May.Chiang@dechert.com>; Andrew Levander <andrew.levander@dechert.com>; Martin Black <martin.black@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Ryan Strong <Ryan.Strong@dechert.com>; Vivek Tata <vtata@elsberglaw.com>; Daniel Roberts <Daniel.Roberts@dechert.com>; Hayoung Park <Hayoung.Park@dechert.com>; Molly O'Keefe <mokeefe@elsberglaw.com>; Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Davy Perlman <dperlman@elsberglaw.com>
**Subject:** RE: JS Response to ID's Emails

Counsel,

Thank you for your e-mail. Responding to your topics in turn:



**Privilege challenges.** We will address separately in response to Defendants' e-mail.

**Hyperlinked documents.** As you know, we produced documents requested by Defendants via their chart of hyperlinked documents on November 9 and 15. We expect to make a production of documents that required additional collection steps tomorrow. We are attaching an updated hyperlinked chart with our responses.



Best,
Jeff

_____

**From:** Shams Hirji <SHirji@elsberglaw.com>
**Sent:** Wednesday, November 20, 2024 11:29 AM
**To:** Kateryna Shokalo <kshokalo@elsberglaw.com>; Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Cc:** Brian Campbell <BCampbell@elsberglaw.com>; May Chiang <May.Chiang@dechert.com>; Andrew Levander <andrew.levander@dechert.com>; Martin Black <martin.black@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Ryan Strong <Ryan.Strong@dechert.com>; Vivek Tata <vtata@elsberglaw.com>; Daniel Roberts <Daniel.Roberts@dechert.com>; Hayoung Park <Hayoung.Park@dechert.com>; Molly O'Keefe <mokeefe@elsberglaw.com>; Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Davy Perlman <dperlman@elsberglaw.com>
**Subject:** RE: JS Response to ID's Emails

<mark>[EXTERNAL EMAIL from shirji@elsberglaw.com]</mark>

Counsel,

We write to follow up on several outstanding discovery deficiencies that you have either promised to follow-up on but failed to do so or have not responded to at all.  Neither is acceptable and counsel's failure to address these deficiencies diligently only exacerbates the prejudice they are each causing Defendants.  As a courtesy, we are attaching some of the correspondence the parties have exchanged that relate to these deficiencies.

███████████████████████████████████████████████████
███████████████████████████████████████████████████
█████████████████████████

████████████████████████████████████████████████████████
█████████████████████████████████████████████
██████████████████████████████████

***Privilege challenges***.  On Friday, November 15th at 8:55pm, we identified specific deficiencies with a discrete set of entries (nineteen) on Jane Street's privilege log.  We have heard nothing from Jane Street in response.  We expect Jane Street to withdraw its erroneous assertions of privilege ***today***.  We can be available to meet and confer today, if necessary.

***Hyperlinked documents***.  On Tuesday, November 12, at 6:39pm, as required by the parties' ESI Stip, counsel for Jane Street agreed to identify the linked Bates numbers of all the hyperlinked documents listed in counsel for Defendants' November 9, 11:11pm email and counsel for Defendants' November 11, 5:28pm email.  We understand that Jane Street has since served productions of documents that purportedly include some of the hyperlinked documents that counsel for Defendants requested on November 9.  But Jane Street has ***not*** identified the requested hyperlinked documents by Bates numbers despite committing to do so on November 12, and despite being required to do so under the parties' ESI Stip.  We expect to receive this identification from Jane Street ***today***.  We expect Jane Street to have produced ***and*** identified all hyperlinked-documents requested.  But to the extent Jane Street has failed to produce any of the requested hyperlinked documents by then, Jane Street should note that in its identification and also state whether it is withholding those documents for privilege.

██████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
█████████████████████████████████████████████
████████████████████████████████████████████████
█████████████████████████████████████████

Thank you,

Shams Hirji
Associate [Bio]

_____
ELSBERG BAKER & MARURI PLLC [Web]
212.597.2614 (o)
347.673.3270 (m)
(he/him/his)
Not admitted in New York. Supervised by a member of the New York Bar.

**From:** Kateryna Shokalo <kshokalo@elsberglaw.com>
**Sent:** Friday, November 15, 2024 7:50 PM
**To:** Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Cc:** Brian Campbell <BCampbell@elsberglaw.com>; May Chiang <May.Chiang@dechert.com>; Andrew Levander <andrew.levander@dechert.com>; Martin Black <martin.black@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Ryan Strong <Ryan.Strong@dechert.com>; Shams Hirji <SHirji@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Daniel Roberts <Daniel.Roberts@dechert.com>; Hayoung Park <Hayoung.Park@dechert.com>; Molly O'Keefe <mokeefe@elsberglaw.com>; Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Davy Perlman <dperlman@elsberglaw.com>
**Subject:** RE: JS Response to ID's Emails

Counsel

Please clarify the following questions about Jane Street's forensic review.

At JS02997984, ████████ stated that they "have copied the contents of the message into the following document within the investigative share

drive." Please confirm that all documents and communications from the "investigative share drive" have been produced or logged.

███████████████████████████████████████████████████
███████████████████████████████

Finally, Exhibit G attached to Jane Street's Proposed Order to Show Cause is a copy of a Slack conversation between Doug Schadewald and ███
███ dated September 11, 2023. This conversation was processed by "Global Relay Slack Converter | 2023-09-12 01:08:40 UTC" and includes the audit trail. The same slack conversation was produced at JS02524813 and appears to be processed by the same tool at the same time, "Global Relay Slack Converter | 2023-09-12 01:08:40 UTC." JS02524813, however, does not include the "audit trail" information. Like JS02524813, it appears that other similar documents produced by Jane Street do not contain the audit trails. Please explain this discrepancy. Additionally, please confirm that all documents and communications from a folder "Message Viewed – dschadewald" mentioned in the comment section of the audit trail (Exhibit G) have been produced or logged.

Defendants reserve all rights and waive none.

Thanks
Kate

Kateryna Shokalo
Associate [Bio]

ELSBERG BAKER & MARURI PLLC [Web]
212.597.2621 (o)
646.244.5825 (m)
(she/her/hers)

---

**From:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>
**Sent:** Tuesday, November 12, 2024 10:57 PM
**To:** Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>; Davy Perlman <dperlman@elsberglaw.com>
**Cc:** Brian Campbell <BCampbell@elsberglaw.com>; May Chiang <May.Chiang@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Andrew Levander <andrew.levander@dechert.com>; Martin Black <martin.black@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Ryan Strong <Ryan.Strong@dechert.com>; Shams Hirji <SHirji@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Daniel Roberts <Daniel.Roberts@dechert.com>; Hayoung Park <Hayoung.Park@dechert.com>; Molly O'Keefe <mokeefe@elsberglaw.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Subject:** RE: JS Response to ID's Emails

Counsel,

We do not agree that any of the language that you redacted ████████████ is competitively sensitive or properly designated AEO. In the interest of compromise, we will accept your proposal, while reserving the right to challenge the AEO designations at a later time. Please send redacted reports that we can share with our clients by 10am tomorrow.

As for the use of AEO designated documents at depositions, it is our expectation that this is not likely to be an issue. We assume you made your AEO designations in good faith and that anything you designated as AEO would be things you would **not** want to show our witnesses (since you are prohibiting us from doing so). We can accept the parameters laid out in your email below, but expect Jane Street to act in good faith and not view this agreement as license for gamesmanship, such as by, for example, identifying a large volume of documents just 48 hours before a scheduled deposition or more than 1-2 documents within the 48 hours before the deposition.

We reserve all rights and waive none.

Thanks,
Alex

Alexandra Sadinsky
Associate [Bio]

ELSBERG BAKER & MARURI PLLC [Web]
212.597.2636 (o)
860.287.2578 (m)
(she/her/hers)

---

**From:** Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>
**Sent:** Tuesday, November 12, 2024 8:27 PM
**To:** Davy Perlman <dperlman@elsberglaw.com>
**Cc:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Brian Campbell <BCampbell@elsberglaw.com>; May Chiang <May.Chiang@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Andrew Levander <andrew.levander@dechert.com>; Martin Black <martin.black@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Ryan Strong <Ryan.Strong@dechert.com>; Shams Hirji <SHirji@elsberglaw.com>; Vivek Tata

<ytata@elsberglaw.com>; Daniel Roberts <Daniel.Roberts@dechert.com>; Hayoung Park <Hayoung.Park@dechert.com>; Molly O'Keefe <mokeefe@elsberglaw.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Subject:** RE: JS Response to ID's Emails

Counsel,

Following up on our meet and confer call this afternoon:

███████ **AEO Designation:** As discussed below and on our meet and confer call, we propose that Jane Street redact the reports in such a way that removes certain information and that Defendants be allowed to show only the specifically redacted reports to S&S. Attached is a template example of the types of information that we would propose redacting from the ███████ that once redacted could be shown to S&S under and HC-A&IDO designation. Please let us know if you agree with this proposal. Note that the attached is a proposed redacted document for counsel review only. The attached should not be shared with S&S.

**JS Privilege Log Entries 339 and 1069:** As we pointed out and discussed during today's meet and confer call, Jane Street's privilege log entries for both 339 and 1069 clearly reflect the involvement of counsel.

**AEO Designations/Use At Deposition:** We provide the following counter-proposal to Defendants' proposal from Friday, November 8. Please let us know if Defendants agree.

> If the producing party wants to show a deponent a document that the producing party has designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", ~~at least five days before the deposition,~~ the producing party must (1) provide written notice to counsel for the deponent that the producing party may use that document during the deposition and (2) confirm that counsel for the deponent may show that document to the deponent in advance of the deposition. **The parties agree to make best efforts to identify any such documents and provide the requisite notice 48 hours in advance of the deposition. The parties agree that failure to meet this 48-hour disclosure deadline does not preclude a party from showing any document that falls into this category to a witness at a deposition, so long as counsel for the deponent has had an opportunity to show the deponent the document before asking the deponent questions about the document. The parties agree to operate in good faith with respect to agreement.**

Thanks,
Kaitlin

**From:** Davy Perlman <dperlman@elsberglaw.com>
**Sent:** Tuesday, November 12, 2024 1:38 PM
**To:** Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>
**Cc:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Brian Campbell <BCampbell@elsberglaw.com>; May Chiang <May.Chiang@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Andrew Levander <andrew.levander@dechert.com>; Martin Black <martin.black@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Ryan Strong <Ryan.Strong@dechert.com>; Shams Hirji <SHirji@elsberglaw.com>; Vivek Tata <ytata@elsberglaw.com>; Daniel Roberts <Daniel.Roberts@dechert.com>; Hayoung Park <Hayoung.Park@dechert.com>; Molly O'Keefe <mokeefe@elsberglaw.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Subject:** RE: JS Response to ID's Emails

**[EXTERNAL EMAIL from dperlman@elsberglaw.com]**

Counsel,

We do not agree that any part of the ██████████████████████████ ███ —can be shielded from the Individual Defendants. We likewise do not agree that privilege log entries 339 and 1069 are properly withheld. Those communications relate to ███████ and ███████ review of the Individual Defendants' slack communications, as made clear by JS02592580, and entry 339—an email dated 10 days after the slack review by non-attorneys began—does not involve counsel.

We intend to file a motion with the Court on both issues today, as well as your refusal to agree to provide advance notice of Jane Street's intent to use documents that it designated as AEO in depositions of defendants' witnesses. Advance notice is required to prevent prejudice and unfair surprise and there is no reasonable basis for your refusal to agree. It is Jane Street's burden to justify the use of the AEO designation for good cause. Good cause requires a showing of a serious injury upon disclosure. Jane Street can't claim a serious injury to avoid its discovery obligations and then disclose the same documents in a deposition of defendants.

We reserve all rights and waive none.

Davy Perlman
Law Clerk [Bio]

ELSBERG BAKER & MARURI PLLC [Web]
212.597.2639 (o)
319.541.3854 (m)
(he/him/his)
Not admitted in New York. Supervised by a member of the New York Bar.

**From:** Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>
**Sent:** Tuesday, November 12, 2024 12:18 PM
**To:** Davy Perlman <dperlman@elsberglaw.com>
**Cc:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Brian Campbell <BCampbell@elsberglaw.com>; May Chiang <May.Chiang@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Andrew Levander <andrew.levander@dechert.com>; Martin Black <martin.black@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Ryan Strong <Ryan.Strong@dechert.com>; Shams Hirji <SHirji@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Daniel Roberts <Daniel.Roberts@dechert.com>; Hayoung Park <Hayoung.Park@dechert.com>; Molly O'Keefe <mokeefe@elsberglaw.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Subject:** RE: JS Response to ID's Emails

Counsel,

Responses on a few items from below:

**AEO Designation of** ████████████ Jane Street maintains that the ██████████ are properly designated HC-AEO consistent with the terms of the Protective Order as the ██████████ are not documents that S&S ever had access to while they were at Jane Street. As a compromise, and solely to avoid raising this dispute with the Court, Jane Street will agree, for the ██████████ only to provide Defendants' counsel with an HC-A&IDO version of the two documents that redacts information from the ██████████ that is Highly Confidential and competitively sensitive. Jane Street's agreement and proposal is solely with respect to these two documents and does not otherwise waive any of Jane Street's other confidentiality designations on any other document.

**JS02592580—** As we have stated repeatedly, Jane Street has reviewed and produced all responsive, non-privileged slack chats between the Individual Defendants and all other responsive, non-privileged documents and communications discussing the Individual Defendants' slack chats that Jane Street located following a reasonable search conducted using the parties agreed-upon search terms. With regards to Jane Street's privilege log, entry numbers 339 and 1069 are properly designated as attorney-client privileged and attorney work product and, as identified on the log, involve the provision of legal advice by in-house counsel regarding anticipated or ongoing litigation.

Thanks,
Kaitlin

**From:** Kaitlin P. Sheehan
**Sent:** Tuesday, November 12, 2024 10:39 AM
**To:** Davy Perlman <dperlman@elsberglaw.com>
**Cc:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Brian Campbell <BCampbell@elsberglaw.com>; May Chiang <May.Chiang@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Andrew Levander <andrew.levander@dechert.com>; Martin Black <martin.black@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Ryan Strong <Ryan.Strong@dechert.com>; Shams Hirji <SHirji@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Daniel Roberts <Daniel.Roberts@dechert.com>; Hayoung Park <Hayoung.Park@dechert.com>; Molly O'Keefe <mokeefe@elsberglaw.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Subject:** RE: JS Response to ID's Emails

Counsel,

Confirming that we will respond on each item below. But in the meantime, for one of the outstanding issues—AEO Designations Generally and Defendants' proposal re pre-disclosure of an opposing party's HC-AEO documents in advance of a deposition—do you have any case law you can share to support Defendants' position/proposal?

Thanks,
Kaitlin

**From:** Davy Perlman <dperlman@elsberglaw.com>
**Sent:** Monday, November 11, 2024 5:31 PM
**To:** Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>
**Cc:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Brian Campbell <BCampbell@elsberglaw.com>; May Chiang <May.Chiang@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Andrew Levander <andrew.levander@dechert.com>; Martin Black <martin.black@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Ryan Strong <Ryan.Strong@dechert.com>; Shams Hirji <SHirji@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Daniel Roberts <Daniel.Roberts@dechert.com>; Hayoung Park <Hayoung.Park@dechert.com>; Molly O'Keefe <mokeefe@elsberglaw.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Subject:** RE: JS Response to ID's Emails

[EXTERNAL EMAIL from dperlman@elsberglaw.com]

Counsel,

We write in response to your email below.

**JS02592580**.  Regarding the investigation by non-attorney Jane Street personnel of messages between Individual Defendants—which we discussed during our meet and confer last Thursday—we understand that Jane Street's position is "Jane Street has produced all responsive, non-privileged communications that could be identified by a reasonable search using the parties agreed-upon search terms."  On an initial review of the privilege log, Jane Street is improperly asserting privilege over discussions among non-attorney personnel of Individual Defendants' slack communications.  For example, Priv. Log. Doc. No. 339 is an email chain ████████████████████████████████████████████████  This email chain between two non-attorneys was withheld in full on the basis of privilege and work product. Priv. Log. Doc. No. 1069 similarly improperly withholds in full a discussion of slack communications.  The attorney-client privilege attaches to legal advice rendered by an attorney to the client, not the underlying facts. *Bennett v. Cuomo*, No. 22-CV-7846 (VSB) (SLC), 2024 WL 80271, at *4 (S.D.N.Y. Jan. 8, 2024).  Simply copying a lawyer on a communication does not make it privileged.  *In re Signet Jewelers Ltd. Sec. Litig.*, 332 F.R.D. 131, 136 (S.D.N.Y. 2019), *aff'd*, No. 16-CV-6728, 2019 WL 5558081 (S.D.N.Y. Oct. 23, 2019).  Further, Rule 26(b)(3), which governs work product protection, is "intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy." *United States v. Adlman*, 134 F.3d 1194, 1196-97 (2d Cir. 1998).  Work product protection does not, however, extend to the underlying facts of the litigation. *SR Int'l Bus. Ins. Co. v. World Trade Ctr. Properties, LLC.*, No. 01-CV-9291 (JSM), 2002 WL 1998195, at *3 (S.D.N.Y. Aug. 29, 2002). Jane Street is improperly asserting privilege and work product to shield from discovery (1) communications between the Individual Defendants and (2) Jane Street's views as to the meaning of those communications.  These documents bear on substantive issues that are highly relevant to the claims and defenses in this case. We intend to raise these issues with the court tomorrow; please let us know by **12pm tomorrow, November 12**, if Jane Street would like to moot our motion by producing all documents concerning Jane Street's review and discussion of the Individual Defendants' slack communications.

**AEO Designations**.  We understand that Jane Street is confirming its position on AEO designation, both for the ████████████ and for the use of AEO-designated documents in depositions.  Given the timing of depositions this week and next week, we intend to raise these issues with the court tomorrow.  Please let us know if you would like to moot our motion with respect to the ████████████ and provide your final position on the use of AEO-designated documents in depositions, by **12pm tomorrow, November 12**.

**Withheld/Redacted Communications** ████████████.  We are continuing to review your privilege log.  In the meantime, please confirm that all communications not involving outside counsel ████████████ have been produced.

Defendants reserve all rights and waive none.

Thanks,
Davy

**Davy Perlman**
Law Clerk [Bio]

ELSBERG BAKER & MARURI PLLC [Web]
212.597.2639 (o)
319.541.3854 (m)
(he/him/his)
Not admitted in New York. Supervised by a member of the New York Bar.

**From:** Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>
**Sent:** Monday, November 11, 2024 10:53 AM
**To:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>
**Cc:** Brian Campbell <BCampbell@elsberglaw.com>; May Chiang <May.Chiang@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Andrew Levander <andrew.levander@dechert.com>; Martin Black <martin.black@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Ryan Strong <Ryan.Strong@dechert.com>; Shams Hirji <SHirji@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Daniel Roberts <Daniel.Roberts@dechert.com>; Hayoung Park <Hayoung.Park@dechert.com>; Molly O'Keefe <mokeefe@elsberglaw.com>; Davy Perlman <dperlman@elsberglaw.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Subject:** RE: JS Response to ID's Emails

Counsel,

Confirming receipt of this email.  Responses to each item in **red** below.

Thanks,
Kaitlin

**From:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>
**Sent:** Friday, November 8, 2024 12:56 PM
**To:** Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>
**Cc:** Brian Campbell <BCampbell@elsberglaw.com>; May Chiang <May.Chiang@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Andrew Levander <andrew.levander@dechert.com>; Martin Black <martin.black@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Ryan Strong <Ryan.Strong@dechert.com>; Shams Hirji <SHirji@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Daniel Roberts <Daniel.Roberts@dechert.com>; Hayoung Park <Hayoung.Park@dechert.com>; Molly O'Keefe <mokeefe@elsberglaw.com>; Davy Perlman <dperlman@elsberglaw.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Subject:** RE: JS Response to ID's Emails

[EXTERNAL EMAIL from asadinsky@elsberglaw.com]

Counsel,

Attached please find a fully executed ESI protocol.  In addition, we respond to your email below:

**Google Drive Documents With Cut-Off Text:**  We look forward to receiving your production of 3,500 documents in native form today, and the remaining ~2,000 documents in native form next week.  **Confirming that Jane Street reproduced 3,839 Google Drive Documents in Native format on November 8 and expect reproduce the remaining approximately 2,000 in the next few days.**

**Other Documents With Cut-Off Text:**  We look forward to receiving your production of the 31 documents identified in our October 31 email today.  We understand based on our discussion yesterday that Jane Street will produce natives of other documents with similar imaging issues as soon as practicable after defendants identify such documents.  **Confirming that Jane Street produced the document identified in Defendants' October 31 email on November 8.  Confirming that Jane Street will continue to reproduce other documents with similar imaging issues as soon as practicable after Defendants identify such documents, consistent with Defendants' agreement to do the same when we identify the same issues in Defendants' productions.**



We disagree with your contention that we are "re-trading on an issue that was resolved by compromise during RFP negotiations." The email record speaks for itself. In any event:

- We look forward to receiving the unredacted reports and communications concerning those reports today.  As we stated on our meet-and-confer, our position is that the reports and communications are not privileged or protected by the work product doctrine and therefore we agree that the production cannot result in subject-matter waiver.  **Confirming that Jane Street produced unredacted versions of the ▇▇▇▇▇▇ November 8.  We understand Defendants agree they will not argue this production constituted any sort of waiver of any applicable privilege—subject matter or otherwise.**

- We understand that you have withheld communications about the ▇▇▇▇▇▇ involving counsel on the basis of privilege and work product.  As we explained during our meet and confer yesterday, we do not agree that withholding communications about the reports is proper, but we will assess further after receiving your privilege log tonight.  **Please let us know your availability to meet-and-confer about this issue over the weekend; we intend to raise this issue with the Court on Monday, if necessary. We are available to meet and confer on this issue this week.  Defendants have Jane Street's privilege log; if there are entries on Jane Street's log that relate to this issue that Defendants contend are improperly withheld, please identify those log entries so the parties can have a productive meet and confer call.**

▇▇▇▇▇▇ **AEO Designation:**  Thank you for confirming you will correct the imaging issues with the ▇▇▇▇▇▇  We understand that we are at an impasse with respect to the AEO designations over those reports and intend to raise this issue with the Court on Monday.  Please let us know before 9am on Monday if you would like to moot our motion by agreeing to de-designate the ▇▇▇▇▇▇ from HC-AEO to HC-A&IDO.  We would be willing to accept a compromise whereby Jane Street maintains the HC-AEO designation over the summary section of the reports (i.e., the portion that is currently redacted), but downgrades the rest of the report to HC-A&IDO.

For the avoidance of doubt, we reiterate our position as to why the AEO designation is improper:  You maintain that the AEO designation is proper because "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ That is not the standard by which to assess the propriety of an AEO designation. As we explained on our call yesterday, Jane Street bears the burden of demonstrating that good cause exists for the AEO designation. *Schiller v. City of New York*, No. 04 CIV. 7921 (KMK) (JCF), 2007 WL 136149, at *4 (S.D.N.Y. Jan. 19, 2007).  Good cause exists "when a party shows that disclosure will result in a clearly defined, specific and serious injury." *Austin v. Fordham Univ.*, No. 23 CIV. 4696 (PAC) (GS), 2024 WL 749636, at *3 (S.D.N.Y. Feb. 23, 2024); *see also Errant Gene Therapeutics, LLC v. Sloan-Kettering Inst. for Cancer Rsch.*, No. 15-CV-2044, 2016 WL 4618972, at *2 (S.D.N.Y. Sept. 2, 2016).  Jane Street has not shown *any* injury that would result from the Individual Defendants seeing ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ conveying any new information to the Individual Defendants.  **We are confirming Jane Street's final position on this issue and will respond.**

**JS02592580.**  Your email states that "Jane Street has produced the responsive ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ that have been located following a reasonable search *using the parties agreed-upon search terms*." We understand based on your response that (1) Jane Street has withheld relevant communications on the basis of privilege, and (2) Jane Street has not confirmed that there are relevant communications related to this email thread that were not captured by search terms. That is improper and we intend to raise this issue with the Court on Monday. Please let us know before 9am on Monday if you would like to moot our motion.

For the avoidance of doubt, we reiterate our position here:   JS02592580 concerns a ███████████ ███████████████████████████████████████████, neither of whom are attorneys.  There is no basis to claim privilege and/or work product over those documents and communications.  We note that in JS02592580, ████████████████████ ████████████████ "  Jane Street has not produced ██████████████████████ after the date of this email.

**We reiterate that Jane Street has produced all responsive, non-privileged communications that could be identified by a reasonable search using the parties agreed-upon search terms.**

████████████████████  **Documents:**  Your email states that "Jane Street has produced the non-privileged, responsive documents that were subject to the additional collections/searches agreed upon."  Please confirm that no communications with ██████ were withheld on the basis of privilege and/or work product.

**Confirmed.**

**AEO Designations Generally.**  During yesterday's meet and confer, we asked you to confirm that you will not use any documents that Jane Street has designated as AEO during depositions of defendants' witnesses without prior notice.  You asked if this agreement would be reciprocal.  Please let us know if you are amenable to an agreement whereby all parties agree to the following:

> If the producing party wants to show a deponent a document that the producing party has designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", then, at least five days before the deposition, the producing party must (1) provide written notice to counsel for the deponent that the producing party may use that document during the deposition and (2) confirm that counsel for the deponent may show that document to the deponent in advance of the deposition.

**We are considering this request and will respond.**

Defendants reserve all rights and waive none.

Thanks,
Alex


Alexandra Sadinsky
Associate [Bio]

ELSBERG BAKER & MARURI PLLC [Web]
212.597.2636 (o)
860.287.2578 (m)
(she/her/hers)

---

**From:** Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>
**Sent:** Thursday, November 7, 2024 10:19 PM
**To:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>
**Cc:** Brian Campbell <BCampbell@elsberglaw.com>; May Chiang <May.Chiang@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Andrew Levander <andrew.levander@dechert.com>; Martin Black <martin.black@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Ryan Strong <Ryan.Strong@dechert.com>; Shams Hirji <SHirji@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Daniel Roberts <Daniel.Roberts@dechert.com>; Hayoung Park <Hayoung.Park@dechert.com>; Molly O'Keefe <mokeefe@elsberglaw.com>; Davy Perlman <dperlman@elsberglaw.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Subject:** RE: JS Response to ID's Emails

Counsel,

Following up on additional items discussed during our meet and confer call this afternoon:

**A. Sadinsky October 31 Email Item No. 6— JS02592580:**  We confirm that Jane Street has produced the responsive communications between ███ ████████████████████████████, that have been located following a reasonable search using the parties agreed-upon search terms.

**Google Drive Documents With Cut-Off Text:**  Jane Street will reproduce the approximately 3,500 documents identified in counsel's October 17 email in native format tomorrow.  The remaining Google Drive documents that Jane Street has produced (approx. 2,000) will follow next week.

**Other Documents With Cut-Off Text:**  Jane Street will reproduce the 31 documents identified in your October 31 email with corrected text (to the extent it is possible for Jane Street to do so) tomorrow.

████████████████    ████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████

█████████ As we noted during our meet-and-confer today, Defendants are re-trading on an issue that was resolved by compromise during RFP negotiations, wherein Jane Street agreed to voluntarily produce ████████████████████ in satisfaction of Defendants' RFP, with any summary/analysis redacted and logged accordingly. Defendants now demand ████████████ ████████████████ .

First, in an effort to avoid burdening the Court, Jane Street is willing to produce ████████████ on the condition that Jane Street's voluntary production of the unredacted reports does not constitute a waiver of privilege, subject matter or otherwise. Based on our call today, we understand the parties agree on this issue and Jane Street can move forward with production. However, if Defendants contend that Jane Street's production constitutes any sort of waiver, please advise.

Second, Jane Street maintains that █████████████████ are privileged and confidential because the reports themselves are privileged and confidential. However, again in an effort to avoid burdening the Court, Jane Street is willing to produce ████████████ ██████████████████████████ again on the condition that Jane Street's voluntary production does not contain a waiver of privilege, subject matter or otherwise. Based on our call today, we understand the parties agree on this issue; however, if Defendants contend that Jane Street's production of any communications constitutes a waiver of any sort, please advise. Other communications ██████ ██████ may be withheld fully or partially as attorney-client or work product privilege, as warranted, and will be reflected on Jane Street's privilege log.

████████████ **AEO Designation:** As discussed today, when Jane Street reproduces ████████████ without the privilege redactions, Jane Street will attempt to remedy the image issue identified in the emails below. We also discussed Defendants demand for Jane Street to modify the confidentiality designation on the █████████████ from HC-AEO to HC-A&IDO. Jane Street does not agree to redesignate the ████████ Its confidentiality designations of the █████████████ are consistent with the terms of the protective order and that an HC-A&IDO designation would not be appropriate as the ██████████ do not fall into the HC categories of documents that Messrs. Schadewald and Spottiswood are allowed to see. Simply put— ███████████████████████████████████████████████████ ████████████████████████████████████████████

**ESI Protocol:** A final, signed copy was sent over earlier today.

████████████ **Documents:** Jane Street has produced the non-privileged, responsive documents that were subject to the additional collections/searches agreed upon.

Thanks,
Kaitlin

---

**From:** Kaitlin P. Sheehan
**Sent:** Thursday, November 7, 2024 2:39 PM
**To:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>
**Cc:** Brian Campbell <BCampbell@elsberglaw.com>; May Chiang <May.Chiang@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Andrew Levander <andrew.levander@dechert.com>; Martin Black <martin.black@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Ryan Strong <Ryan.Strong@dechert.com>; Shams Hirji <SHirji@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Daniel Roberts <Daniel.Roberts@dechert.com>; Hayoung Park <Hayoung.Park@dechert.com>; Molly O'Keefe <mokeefe@elsberglaw.com>; Davy Perlman <dperlman@elsberglaw.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Subject:** RE: JS Response to ID's Emails

Counsel,

Following up on one of the items discussed during our meet and confer call this afternoon, attached please find a final version of the ESI Protocol with my signature.

Additional items and follow up based upon our discussion today and emails below will follow.

Thanks,
Kaitlin

---

**From:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>
**Sent:** Wednesday, November 6, 2024 5:59 PM
**To:** Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>
**Cc:** Brian Campbell <BCampbell@elsberglaw.com>; May Chiang <May.Chiang@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Andrew Levander <andrew.levander@dechert.com>; Martin Black <martin.black@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Ryan Strong <Ryan.Strong@dechert.com>; Shams Hirji <SHirji@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Daniel Roberts <Daniel.Roberts@dechert.com>; Hayoung Park <Hayoung.Park@dechert.com>; Molly O'Keefe <mokeefe@elsberglaw.com>; Davy Perlman <dperlman@elsberglaw.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Subject:** RE: JS Response to ID's Emails

**[EXTERNAL EMAIL from asadinsky@elsberglaw.com]**

I sent an invite for 12:30pm ET tomorrow.

Alexandra Sadinsky
Associate [Bio]

ELSBERG BAKER & MARURI PLLC [Web]
212.597.2636 (o)
860.287.2578 (m)
(she/her/hers)

**From:** Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>
**Sent:** Wednesday, November 6, 2024 5:26 PM
**To:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>
**Cc:** Brian Campbell <BCampbell@elsberglaw.com>; May Chiang <May.Chiang@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Andrew Levander <andrew.levander@dechert.com>; Martin Black <martin.black@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Ryan Strong <Ryan.Strong@dechert.com>; Shams Hirji <SHirji@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Daniel Roberts <Daniel.Roberts@dechert.com>; Hayoung Park <Hayoung.Park@dechert.com>; Molly O'Keefe <mokeefe@elsberglaw.com>; Davy Perlman <dperlman@elsberglaw.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Subject:** RE: JS Response to ID's Emails

Counsel,

Confirming receipt of your email. Your demand for a meet and confer call and have final positions within 2.5 hours after receiving an email that is approximately 4 pages long is unreasonable. We are working to connect with Jane Street to discuss your email. After we've had a chance to do so, we will be in a position to meet and confer. We can agree to do that by tomorrow afternoon—within 24 hours of receipt of your email. Please let me know a time that works for you all tomorrow afternoon. I am free anytime from 12:30-4 pm ET.

Thanks,
Kaitlin

**From:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>
**Sent:** Wednesday, November 6, 2024 3:28 PM
**To:** Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>
**Cc:** Brian Campbell <BCampbell@elsberglaw.com>; May Chiang <May.Chiang@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Andrew Levander <andrew.levander@dechert.com>; Martin Black <martin.black@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Ryan Strong <Ryan.Strong@dechert.com>; Shams Hirji <SHirji@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Daniel Roberts <Daniel.Roberts@dechert.com>; Hayoung Park <Hayoung.Park@dechert.com>; Molly O'Keefe <mokeefe@elsberglaw.com>; Davy Perlman <dperlman@elsberglaw.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Subject:** RE: JS Response to ID's Emails

[EXTERNAL EMAIL from asadinsky@elsberglaw.com]

Kaitlin,

Please let us know your availability to meet and confer before 6pm today. We respond to each item in your email below:

**Google Drive Documents with cut off text**. We have been raising the issue of comments being cut off, authors being unknown, and text being illegible in Google Drive Docs since Jane Street's very first production in this case made on May 23, 2024. We know the solution to this deficiency—Jane Street must produce these Google Docs in native form. Your October 28th email acknowledged that Jane Street was able to do this November 1st or November 4th—it is now November 6th, and Jane Street is withholding the production overlay that would rectify its deficient prior productions solely for leverage. This is improper, and we intend to raise it to the Court, unless Jane Street commits to making this corrective production tomorrow, November 7th. Please be prepared to provide your final position when we meet and confer.

**Emails with cut off text or illegible contents**. Jane Street raised an issue with some of Millennium's emails being produced in a way that cuts off some portion of the contents. As you acknowledge, this is a recurring issue in the emails that Jane Street produced as well. We have not heard from Jane Street any proposed solution for this problem. Jane Street's attempt to delay remedying its deficient Google Drive Documents productions by linking it to the separate issue of emails is improper. We await your proposal on how Jane Street intends to remedy its deficient email productions, but we do not accept any further delay in resolving the Google Drive Documents deficiencies.

[black redaction bars]

- In your email below, you repeatedly state that Defendants reference only "a single document" or "two communications" in support of their

demand that Jane Street collect and produce ████████████████████████████████
██████████████████████████████████

- ████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████
████████████████

- ████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████
███

  ○ ████████████████████████████████████████████████

  ○ ████████████████████████████████████████████████
█████████████████████████████

- ████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████

- ████████████████████████████████████████████████████
████████████████████████████████████████████████████
███████████████████

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████  Your email below does not provide a response to
even one of those questions—presumably because you know the answer will defeat your assertion of work product. We intend to raise your improper use of the work product doctrine to shield relevant communications from discovery with the Court, unless Jane Street commits to producing ████████████ in their entirety by tomorrow, November 7ᵗʰ, and commits to producing *all discussion regarding those reports* by next week. We also intend to raise your improper AEO designations, which are based solely on the fact that the Individual Defendants "never had access to these reports." That is not the standard by which to assess the propriety of an AEO designation, which the Court's June 12 Order (Dkt. 111) and the Protective Order (Dkt. 117) make clear. Please be prepared to provide your final position when we meet and confer.

For the avoidance of doubt: Jane Street's interpretation of work product protections extends far beyond the limits that the Second Circuit has laid out. Work product does not attach to any "potential claim"; "a mere 'possibility of litigation is insufficient to obtain work product protection." *Complex Sys., Inc. v. ABN AMRO Bank N.V.*, 279 F.R.D. 140, 146 (S.D.N.Y. 2011). Rather, "the party asserting the privilege must demonstrate that a 'substantial probability' of litigation existed at the time the material was created." *A.I.A. Holdings v. Lehman Bro., Inc.*, No. 97-CV-4978, 2002 WL 31556382, at *5 (S.D.N.Y. Nov. 15, 2002); *see also Gould Inc. v. Mitsui Mining & Smelting Co., Ltd.*, 825 F.2d 676, 680 (2d Cir. 1987) (requiring the "existence of a real, rather than speculative," prospect of litigation for the work-product rule to apply). Further, work product protection extends only to materials created "because of" the anticipated litigation, *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir.1998), and cannot be used to protect materials that "were prepared in the ordinary course of business," even if useful to potential litigation. Wright & Miller, 8 Fed. Prac. & Proc. Civ. § 2024 (3d ed.).

Jane Street's attempt to shield the portions of ████████████████ that "summarizes and analyzes the facts reflected in Jane Street's production"— as well as *every single communication* discussing ████████████ fails because it is attempting to obtain work product that was prepared in the ordinary course of business—at the direction of non-attorney personnel (JS02552089)—before a "substantial probability" of litigation existed. We note that you cited JS02986938 in your email below, which is an incomplete thread of JS02552089, presumably because JS02552089 shows

that 

Jane Street's arguments fail even according to the cases it cites.  In *A.I.A. Holdings v. Lehman Bro., Inc.*, the party sought work product protection for materials produced after a consumer complaint.  2002 WL 31556382, at *6.  But the existence of a dispute did not automatically confer work product protection, because "[i]n all businesses, there will be customer disputes, some of which will result in litigation and some of which will not."  *Id.*  In *Lehman Bro.*, the court required disclosure of early conversations and only protected the party's work product once it became clear that litigation was likely. *Id.* at *6-7.  The ▮▮▮▮▮▮▮ was similarly created before a "substantial probability of litigation" existed.  ▮▮▮

▮▮▮▮▮▮▮    *Complex Sys., Inc.*, 279 F.R.D. at 146.  That is not enough.

▮▮▮▮▮▮▮

*See Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 547, 553 (S.D.N.Y. 2013) ("While legal risks may ripen into litigation, not all risk management qualifies as anticipation of litigation."); *see also Prince v. Madison Square Garden, L.P.*, 240 F.R.D. 126, 127-28 (S.D.N.Y. 2007).  As in *Lehman Bro.*, any dispute that occurs in the ordinary course of business can become litigation, but that does convert all diligence into any dispute into protected work product.  2002 WL 31556382, at *6.  When risk management and protection of intellectual property is "standard" in the ordinary course of business, work product protection does not apply.  *Gucci Am., Inc. v. Guess?, Inc.*, 271 F.R.D. 58, 75 (S.D.N.Y. 2010) (finding that work product protection did not apply to documents related to the creation of cease-and-desist letters because such letters were "standard" and issued in the ordinary course of a luxury goods company's business without necessarily implying anticipated litigation).  As is clear from the discussion that instigated ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮

▮▮▮▮▮▮▮    and it therefore not protected as work product.

**JS02592580**.  We raised this issue a week ago and have not received a response.  We intend to raise this issue with the Court as well, unless Jane Street commits to making a production of all relevant communications related to ▮▮▮▮▮▮▮, by tomorrow, November 7th.

**AEO Designations Generally**.  Please confirm that you will not use any documents that you designated AEO during depositions of any of Defendants' witnesses.

**ESI Protocol**.  We still have not received an execution version of the ESI Protocol, even though all terms are agreed.  Please send that over today.

Defendants reserve all rights and waive none.

Thanks,
Alex

Alexandra Sadinsky
Associate [Bio]

ELSBERG BAKER & MARURI PLLC [Web]
212.597.2636 (o)
860.287.2578 (m)
(she/her/hers)

**From:** Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>
**Sent:** Tuesday, November 5, 2024 11:01 PM
**To:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>
**Cc:** Brian Campbell <BCampbell@elsberglaw.com>; May Chiang <May.Chiang@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Andrew Levander <andrew.levander@dechert.com>; Martin Black <martin.black@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Ryan Strong <Ryan.Strong@dechert.com>; Shams Hirji <SHirji@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Daniel Roberts <Daniel.Roberts@dechert.com>; Hayoung Park <Hayoung.Park@dechert.com>; Molly O'Keefe <mokeefe@elsberglaw.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Subject:** RE: JS Response to ID's Emails

Counsel,

Following up on the remainder of the items in your email. Note that with respect to item no. 6—we will respond on that tomorrow.

After you've had a chance to review, please let us know if you would like to meet and confer to discuss any of these items.

Thanks,
Kaitlin

- **A. Sadinsky October 31 Email Item No. 1—Documents with Cut-Off Text.** The email is inaccurate—my October 28th email made clear that Jane Street was willing to reproduce Google Documents and other documents with cut off text in native format or in such a way that renders the image corrected. Jane Street notes that this issue is something not unique to Jane Street, but rather something both sides have present in their productions and thinks a mutual agreement on this is reasonable. Please confirm Defendants willingness to do resolve any such issues consistent with Jane Street's agreement to do the same.

Item Nos. 2 and 3 in A. Sadinsky's October 31 email were addressed via my email sent earlier today.

- **A. Sadinsky October 31 Email Item No. 4—** ███████████████  The email again is inaccurate and attempts to revive an issue that was resolved months ago. For the avoidance of doubt, Jane Street produced, almost in its entirety ████████████████████

  ████████████████████████████████████████████████████████████████

  ████████████████████████████████████  This analysis and summary was done at the direction of Jane Street's counsel. When this issue was raised back in July, Jane Street made its position clear in my email dated July 31 at 7:11 pm ET. Specifically, Jane Street said:

  ████████████████████████████████████████████████████████████████
  ████████████████████████████████████████████████████████████████
  ████████████████████████████████████████████████████████████████
  ████████████████████████████████████████████████████████████████
  ████████████████████████████████████████████████████████████████
  ████████████████████████████████████████████████████████████████

  Defendants' counsel noted that to the extent there was any dispute about privilege or work product as it relates to this request, it would be addressed after Defendants receive Jane Street's production and privilege log. Accordingly, this request is not even timely as Jane Street has not produced its privilege log. Nonetheless, with respect to the additional challenges raised in your email, Jane Street maintains that the limited redactions applied to the ████████  is protected work product, as it was prepared in anticipation of litigation (indeed, the entirety of the ████████  can be viewed as work product, but we agreed to produce them to you voluntarily as part of a compromise agreement). As you are aware, the Second Circuit interprets the "anticipation of litigation" requirement broadly. "To prevail, the non-producing party must show that the document was prepared because of the prospect of litigation when the preparer faced a … potential claim following an actual event or series of events that reasonably could result in litigation." *See Complex Sys., Inc. v. ABN AMRO Bank N.V.*, 279 F.R.D. 140, 145–46 (S.D.N.Y. 2011) (holding that work privilege attaches prior to actual litigation when there is investigation into a potentially litigable matter); *A.I.A. Holdings v. Lehman Bros., Inc.*, No. 97 Civ. 4978, 2002 WL 31556382, at *5-*6 (S.D.N.Y. Nov. 15, 2002) (holding that work product protection attaches once management is involved and begins directing the gathering of information, even though litigation has not yet commenced).

  As Defendants' counsel are aware, ████████████████████████████████████████████████████████
  ████████████████████████████████████  were taken with the express understanding that information

gathered could lead to the need to protect Jane Street's trade secrets. *See* e.g., JS02986938; JS02194957.

Moreover, it is irrelevant that ███████████████████████████████ *See United States Sec. & Exch. Comm'n v. Collector's Coffee Inc.*, 337 F.R.D. 70, 76 (S.D.N.Y. 2020) (holding that work product protection exists regardless of whether "significant time elapsed" between the internal actions taken and the actual initiation of the litigation).

Finally, we confirm that Jane Street can reproduce the reports to render any issues with readability. However, we will not agree to produce the reports HC-A&IDO. The Individual Defendants never had access to these reports which, as you note, were created after they left Jane Street.



- **A. Sadinsky October 31 Email Item No. 6— JS02592580:** we will respond on this issue tomorrow.

Item No. 7 in A. Sadinsky's October 31 email was addressed via my email sent earlier today.

- **A. Sadinsky October 31 Email Item No. 8—Lender Disclosures (RFP 40):** Confirming that Jane Street has not made any statements to actual or potential lenders or investors about its actual or expected profits or losses from India trading or about any of the Defendants.

**From:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>
**Sent:** Tuesday, November 5, 2024 10:32 AM
**To:** Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>
**Cc:** Brian Campbell <BCampbell@elsberglaw.com>; May Chiang <May.Chiang@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Andrew Levander <andrew.levander@dechert.com>; Martin Black <martin.black@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Ryan Strong <Ryan.Strong@dechert.com>; Shams Hirji <Shirji@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Daniel Roberts <Daniel.Roberts@dechert.com>; Hayoung Park <Hayoung.Park@dechert.com>; Molly O'Keefe <mokeefe@elsberglaw.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Subject:** RE: JS Response to ID's Emails

<mark>[EXTERNAL EMAIL from asadinsky@elsberglaw.com]</mark>

Counsel,

We agree to exchange privilege logs on Friday, November 8. Please send us an execution version of the ESI protocol when ready.

We need a response from you on items #1, 4, 5, 6, and 8 today. We have been raising items 1, 4, 5, and 8 for several months, and item 6 is discrete and should not take a week to address. If we do not hear back from you today, and resolve any disagreements by tomorrow, we intend to raise these issues with the Court.

We reserve all rights and waive none.

Thanks,
Alex

Alexandra Sadinsky
Associate [Bio]

---
**ELSBERG BAKER & MARURI PLLC** [Web]
212.597.2636 (o)
860.287.2578 (m)
(she/her/hers)

---

**From:** Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>
**Sent:** Tuesday, November 5, 2024 9:52 AM
**To:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>
**Cc:** Brian Campbell <BCampbell@elsberglaw.com>; May Chiang <May.Chiang@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Andrew Levander <andrew.levander@dechert.com>; Martin Black <martin.black@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Ryan Strong <Ryan.Strong@dechert.com>; Shams Hirji <Shirji@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Daniel Roberts <Daniel.Roberts@dechert.com>; Hayoung Park <Hayoung.Park@dechert.com>; Molly O'Keefe <mokeefe@elsberglaw.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Subject:** RE: JS Response to ID's Emails

Counsel,

Following up on the emails below, we continue to work through the items in your email from Thursday evening and will respond to each. For now, I write to update specifically on the following:

**ESI Protocol.** Confirming that we are amenable to exchanging priv logs this week, but request we do so by **Friday, November 8**. Please let us know if that works for Defendants. If so, we will revise the date in the ESI protocol and we can sign today.



_____ We provided a response to this weeks ago and the response remains the same—(i) _____ is evaluating who will represent him should Defendants seek to depose him; and (ii) we understand that he is traveling internationally for the next two months and thus generally unavailable for a deposition.

**Password Protected Documents.** The passwords for the documents identified in the email below are as follows: JS02552520 (password: _____ ), JS02780527 (password: ___ ), JS02780488 (password: ___ ), JS02279548 (password: _____ ).

Thanks,
Kaitlin

---

**From:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>
**Sent:** Tuesday, November 5, 2024 9:24 AM

**To:** Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>
**Cc:** Brian Campbell <BCampbell@elsberglaw.com>; May Chiang <May.Chiang@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Andrew Levander <andrew.levander@dechert.com>; Martin Black <martin.black@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Ryan Strong <Ryan.Strong@dechert.com>; Shams Hirji <SHirji@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Daniel Roberts <Daniel.Roberts@dechert.com>; Hayoung Park <Hayoung.Park@dechert.com>; Molly O'Keefe <mokeefe@elsberglaw.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Subject:** RE: JS Response to ID's Emails

[EXTERNAL EMAIL from asadinsky@elsberglaw.com]

Counsel,

We need your response on the below today. Depositions are quickly approaching, and these issues are impeding our ability to prepare. If these issues are not resolved by tomorrow, we intend to raise them with the Court.

Thanks,
Alex

Alexandra Sadinsky
Associate [Bio]

ELSBERG BAKER & MARURI PLLC [Web]
212.597.2636 (o)
860.287.2578 (m)
(she/her/hers)

**From:** Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>
**Sent:** Friday, November 1, 2024 10:40 PM
**To:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>
**Cc:** Brian Campbell <BCampbell@elsberglaw.com>; May Chiang <May.Chiang@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Andrew Levander <andrew.levander@dechert.com>; Martin Black <martin.black@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Ryan Strong <Ryan.Strong@dechert.com>; Shams Hirji <SHirji@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Daniel Roberts <Daniel.Roberts@dechert.com>; Hayoung Park <Hayoung.Park@dechert.com>; Molly O'Keefe <mokeefe@elsberglaw.com>; QE Jane Street <qejanestreet@quinnemanuel.com>
**Subject:** Re: JS Response to ID's Emails

Counsel,

Confirming receipt of your email, we are working diligently with Jane Street to respond to each item raised below and will do so in the coming days.

Thanks,
Kaitlin

> On Oct 31, 2024, at 7:24 PM, Alexandra Sadinsky <ASadinsky@elsberglaw.com> wrote:

[EXTERNAL EMAIL from asadinsky@elsberglaw.com]

Counsel,

We write in response to your October 28 and 31 emails below, and to raise additional deficiencies with Jane Street's document productions. Our review of Jane Street's productions is ongoing, and this email does not purport to provide an exhaustive list of all deficiencies in Jane Street's productions.

**Form of Production**

1. **Documents with cut-off text**: With respect to the Google documents, we need Jane Street to remedy this defect. This is a deficiency, Jane Street has a solution available to it, and Jane Street is withholding the fix as leverage. This is inappropriate. Please make the production no later than **Monday, November 4**.

   Apart from the Google Docs issue, the problem you describe concerning text being cut off or illegible (in emails, for example) is repeatedly present in Jane Street's production as well. There are also numerous examples of graphs with colored lines being printed in black and white so that the graphs are impossible to understand. Please investigate and remedy this issue in all of Jane Street's productions as well **by Monday, November 4**. The below list contains examples of these repeated deficiencies

in Jane Street's productions.  This is not an exhaustive list.

1. JS02987650
2. JS02987615
3. JS00218283
4. JS00071822
5. JS00071817
6. JS00067422
7. JS00088618
8. JS02309663
9. JS02266805
10. JS00043122
11. JS02794858
12. JS02259962
13. JS02299758
14. JS02442434
15. JS02295748
16. JS00094911
17. JS00236655
18. JS02828200
19. JS02261705
20. JS02485320
21. JS02987615
22. JS02987650
23. JS02987297
24. JS01897777
25. JS02987254
26. JS02550941
27. JS02551148
28. JS02549599
29. JS02773346
30. JS02826863
31. JS02819829

2. **Password Protected Documents**:  Several documents in Jane Street's production are password-protected and thus inaccessible.  *See, e.g.*, JS02552520, JS02780527, JS02780488, JS02279548.  Please produce these documents **by Monday, November 4.**

3. **ESI Stipulation**:  Your revisions to the ESI stipulation are acceptable.  We would also like to add in a privilege log exchange date of November 7—we don't think it can be pushed off any later given the impending depositions.  If you agree, we are ready to sign the ESI stipulation.

**Production Gaps**

4. ███████████████         Jane Street has improperly redacted ████████████████████████████
███████████████████████████████████  on the basis of privilege and/or work product, and Jane Street appears to have withheld substantially all communications concerning those reports and their creation.



There is no valid basis to assert privilege or work product over these ████████████  and no valid basis to withhold discussions concerning these reports and their creation.  Please confirm **by tomorrow** that you will withdraw those baseless privilege and/or work product assertions and produce by tomorrow unredacted versions of the ████████████  and all discussion

regarding those reports and their creation. If you are unwilling to do so, please explain **by tomorrow** the basis for anticipating litigation as of February 7, 2024, and provide support for that assertion, including (a) when any litigation hold notice was sent out/implemented, (b) when Jane Street first retained/engaged counsel to represent it in connection with this dispute, (c) that Jane Street's ███████████████████████████████████████████████ and (d) that Jane Street ██████████████████████████████████████████████████████.

Finally, in addition to being improperly redacted on the basis of privilege and/or work product, the ████████ are improperly designated as AEO and the text of the reports is cut out and illegible. These documents are logs of the Individual Defendants' computer activities, which is all known to them already. Please confirm that you are withdrawing the AEO assertion or explain the basis for that assertion, and produce reports that are legible.

5. ████████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████

██████████████████████████████████████████
████████████████████████████████████████████
████████████████

6. **JS02592580**: In this March 8, 2024 email thread, ██████████████████████████ The remainder of the thread makes clear that ████████████████████████████ Please produce all relevant communications related to ████████████ and █████████ review and/or discussion of the Individual Defendants' Slack messages, including "████████████" themselves that are referred to in JS02592580, **by Monday, November 4.**

7. ████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████

8. ████████████████ **(RFP 40)**: You stated in your July 28, 2:23 p.m. email that you were awaiting "final confirmation from Jane Street" that ████████████. It has been more than 3 months, and we still have not heard back from you. Please provide confirmation that Jane Street ███████████████████████████████████ **by tomorrow.**

To the extent you have any questions or want to discuss, please let us know. We reserve all rights and waive none.

Thanks,
Alex

Alexandra Sadinsky
Associate [Bio]

ELSBERG BAKER & MARURI PLLC [Web]
212.597.2636 (o)
860.287.2578 (m)
(she/her/hers)

**From:** Kaitlin P. Sheehan <kaitlinsheehan@quinnemanuel.com>
**Sent:** Thursday, October 31, 2024 7:33 AM

**To:** Brian Campbell <BCampbell@elsberglaw.com>; Chiang, May <May.Chiang@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Shams Hirji <SHirji@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Park, Hayoung <Hayoung.Park@dechert.com>; Molly O'Keefe <mokeefe@elsberglaw.com>
**Cc:** QE Jane Street <qejanestreet@quinnemanuel.com>
**Subject:** RE: JS Response to ID's Emails

Counsel,

Following up on item no. 1 below, attached please find an updated draft of the ESI Protocol. The attached draft largely accepts all of the edits made in the version we received back from Defendants on August 29th. There are a few minor additional edits in redline.

Please let us know if you have any comments, questions, or want to discuss. Otherwise, we are amenable to moving forward and signing this version.

Thanks,
Kaitlin

---

**From:** Kaitlin P. Sheehan
**Sent:** Monday, October 28, 2024 10:07 PM
**To:** Brian Campbell <BCampbell@elsberglaw.com>; Chiang, May <May.Chiang@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Levander, Andrew <andrew.levander@dechert.com>; Black, Martin <martin.black@dechert.com>; Rollo Baker <rbaker@elsberglaw.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Shams Hirji <SHirji@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Park, Hayoung <Hayoung.Park@dechert.com>; Molly O'Keefe <mokeefe@elsberglaw.com>
**Cc:** QE Jane Street <qejanestreet@quinnemanuel.com>
**Subject:** JS Response to ID's Emails

Counsel,

We write in response to four e-mails recently received from Individual Defendants' counsel. As an initial matter, with regards to A. Sadinsky's October 23 and 25 communications regarding document discovery, Jane Street rejects counsel's by-now-standard hyperbole, mischaracterizations, and misreadings of the Court's instructions and procedures for resolving discovery disputes. In an effort to be productive, Jane Street responds regarding the following substantive items:

1. **In response to B. Campbell's October 23 e-mail:**

   1. **Google Documents with cut-off text:** Jane Street is reviewing this issue but is amenable to the Individual Defendants' request—*i.e.*, that Jane Street reproduce all of its Google Documents as native documents – if Millennium agrees to do the same, as this issue is present in many of Millennium's documents. This was raised in my October 22nd email. Please confirm Millennium agrees to do the same. Assuming there is agreement, this implicates approximately 6,000 of Jane Street's documents; we anticipate any reproduction of documents in native format would likely be made by the end of this week or early next week.

   2. **ESI Stipulation:** We expect to provide an updated draft to Defendants' counsel by Wednesday, October 30.

2. **In response to A. Sadinsky's October 23 e-mail:**

   1.  ███████████████████████████████████████. Jane Street is making this production voluntarily to avoid burdening the Court and in the interest of compromise and does not waive any attorney-client privileges or attorney work production protections.

      ████████████████████████████████████████████
      ████████████████████████████████████████████
      ████████████████████████████████████████████
      ██████████████████████████████

      ████████████████████████████████████████████
      ████████████████████████████████

3. **In response to A. Sadinsky's October 25 e-mail:**

1. **████████ Documents:** We recently received ████████ documents and consistent with my October 16th e-mail, will produce any documents to Defendants that are responsive/non-privileged and are not duplicative of those already found in ████████ productions to date.

2. **Additional Documents from ████████ and ████████:** Jane Street agreed to collect these documents less than two weeks ago and is in the process of reviewing and producing responsive, not privileged, non-duplicative documents.

3. **Alleged "Gaps" in ████████ Documents:** First, it is unsurprising that ████████ custodial documents would number significantly less than other Jane Street custodians—████████ is not involved in the day-to-day activity of Jane Street's India options trading and, as such, his relevance to the case is limited to discrete intersections with the Individual Defendants (*e.g.*, ████████). Second, as we have made clear to Defendants over the course of our discovery negotiations, ████████ acts in part as in-house counsel at Jane Street. Accordingly, ████████ documents require additional time and attention to review for privilege. Nevertheless, Jane Street expects to complete the production of ████████ non-privileged or partially-privileged documents this week, which we expect will remedy the Individual Defendants' concerns.

4. **In response to B. Campbell's October 26 e-mail:**

   1. ████████: We will advise as to ████████ availability to sit for a deposition when we are able. In the meantime, we confirm that we consent to service of a subpoena on ████████ by e-mail to Quinn Emanuel.

If you have any questions or want to discuss, please let us know.

Thanks,
Kaitlin

<2024.10.31 Draft ESI Protocol EBM Edits 10-31.docx>
<JS02987615.pdf>
<JS02987650.pdf>