# Exhibit 6

| | |
|---|---|
| **From:** | Jeffrey Miller |
| **To:** | Alexandra Sadinsky; Ari Wugalter; Chiang, May; Brian Campbell; Rollo Baker; Levander, Andrew; Roberts, Daniel; Black, Martin; Kateryna Shokalo; Strong, Ryan; Vivek Tata; Shams Hirji; Park, Hayoung |
| **Cc:** | QE Jane Street |
| **Subject:** | RE: Jane Street v. Millennium \| ███████ Document Production (09/18/2024) |
| **Date:** | Thursday, October 10, 2024 3:55:31 PM |

Counsel,

████████ will agree to voluntarily produce the documents and communications contained on the October 8, 2024 ██████ privilege log. We consider the attorney-client privilege and work-product protection assertions regarding these documents legitimate, but are producing these documents solely to avoid unnecessary motion practice. The production of these documents does not constitute a waiver of any applicable privilege—subject matter or otherwise. Moreover, the production will be made without any prejudice to Jane Street's ability to assert privilege over other documents, including any involving ████████ and/or similar topics and issues, as appropriate.

We expect to make this production this week.

Best,
Jeff

**From:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>
**Sent:** Wednesday, October 9, 2024 7:13 PM
**To:** Jeffrey Miller <jeffreymiller@quinnemanuel.com>; Ari Wugalter <ariwugalter@quinnemanuel.com>; Chiang, May <May.Chiang@dechert.com>; Brian Campbell <BCampbell@elsberglaw.com>; Rollo Baker <rbaker@elsberglaw.com>; Levander, Andrew <andrew.levander@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Black, Martin <martin.black@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Vivek Tata <vtata@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>; Park, Hayoung <Hayoung.Park@dechert.com>
**Cc:** QE Jane Street <qejanestreet@quinnemanuel.com>
**Subject:** RE: Jane Street v. Millennium \| ███████████ Document Production (09/18/2024)

**[EXTERNAL EMAIL from asadinsky@elsberglaw.com]**

Jeff – In the interests of trying to avoid unnecessarily burdening the Court, and based on your representation that your client is sincerely considering mooting the dispute, we will agree to wait to hear back from you tomorrow.  We note that under very similar circumstances in the past Jane Street gave immediate deadlines and then filed even though we asked for additional time to respond.  We hope that this courtesy is extended by Jane Street to defendants in the future.

Alexandra Sadinsky
Associate [Bio]

1

_____

ELSBERG BAKER & MARURI PLLC [Web]
212.597.2636 (o)
860.287.2578 (m)
(she/her/hers)

---

**From:** Jeffrey Miller <jeffreymiller@quinnemanuel.com>
**Sent:** Wednesday, October 9, 2024 6:47 PM
**To:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Ari Wugalter
<ariwugalter@quinnemanuel.com>; Chiang, May <May.Chiang@dechert.com>; Brian Campbell
<BCampbell@elsberglaw.com>; Rollo Baker <rbaker@elsberglaw.com>; Levander, Andrew
<andrew.levander@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Black, Martin
<martin.black@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Strong, Ryan
<Ryan.Strong@dechert.com>; Vivek Tata <vtata@elsberglaw.com>; Shams Hirji
<SHirji@elsberglaw.com>; Park, Hayoung <Hayoung.Park@dechert.com>
**Cc:** QE Jane Street <qejanestreet@quinnemanuel.com>
**Subject:** RE: Jane Street v. Millennium | ██████████████ Document Production (09/18/2024)

Counsel,

We made our production on September 18 and 28. We provided our privilege log on Tue., Oct. 8 (yesterday). You provided your responses to our privilege log on Wed., Oct. 9 (today), and we met-and-conferred today as well. There is no looming deadline that necessitates Defendants filing this motion today and no prejudice to Defendants if the motion is filed tomorrow (i.e., the one-day difference between Jane Street filing its response on Oct. 15 vs. Oct. 16).

As we stated, we are investigating whether unnecessary motion practice could be avoided in light of our call this afternoon. The waiver of privilege is a heavy decision and our client deserves time to consider it. Clearly, the parties are not yet at an impasse: the purpose of a good-faith meet and confer is to allow the parties to determine whether motion practice may be avoided, and we committed to providing an answer tomorrow.

Jeff

---

**From:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>
**Sent:** Wednesday, October 9, 2024 6:08 PM
**To:** Jeffrey Miller <jeffreymiller@quinnemanuel.com>; Ari Wugalter
<ariwugalter@quinnemanuel.com>; Chiang, May <May.Chiang@dechert.com>; Brian Campbell
<BCampbell@elsberglaw.com>; Rollo Baker <rbaker@elsberglaw.com>; Levander, Andrew
<andrew.levander@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Black, Martin
<martin.black@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Strong, Ryan
<Ryan.Strong@dechert.com>; Vivek Tata <vtata@elsberglaw.com>; Shams Hirji
<SHirji@elsberglaw.com>; Park, Hayoung <Hayoung.Park@dechert.com>
**Cc:** QE Jane Street <qejanestreet@quinnemanuel.com>
**Subject:** RE: Jane Street v. Millennium | ██████████████ Document Production (09/18/2024)

[EXTERNAL EMAIL from asadinsky@elsberglaw.com]

Counsel,

Given the case schedule and time left until the substantial completion deadline, as well as the Court's guidance to bring discovery issues before it as soon as possible, we will follow the process you have used previously and file the motion this evening, and, if the parties reach agreement tomorrow, we will withdraw our motion.

There are just 9 unique documents at issue, you have had our legal authority for months, and we gave you our position on a document-by-document basis within 2 hours of you providing your privilege log last night. We discussed these positions on today's meet-and-confer and you confirmed that the parties were at an impasse.

In addition, on the meet and confer, we followed up on our inquiry from last night as to who was on ███████████████████ distribution list. You stated that, to the best of our knowledge, the members are ████████████████████████████████████████ ██████████████ You agreed to confirm the membership in writing. You also agreed to follow up regarding (1) the date Quinn Emanuel was engaged to represent ██████████ in connection with the subpoena, and (2) that the only communications (written or oral) that ████████████████████ ████████████████████████████████████████████████████████ ██████████████ are the ones listed in entry #2 of the privilege log.

Individual Defendants reserve all rights and waive none.

Thanks,
Alex

Alexandra Sadinsky
Associate [Bio]

_____

ELSBERG BAKER & MARURI PLLC [Web]
212.597.2636 (o)
860.287.2578 (m)
(she/her/hers)

_____

**From:** Jeffrey Miller <jeffreymiller@quinnemanuel.com>
**Sent:** Wednesday, October 9, 2024 4:03 PM
**To:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Ari Wugalter <ariwugalter@quinnemanuel.com>; Chiang, May <May.Chiang@dechert.com>; Brian Campbell <BCampbell@elsberglaw.com>; Rollo Baker <rbaker@elsberglaw.com>; Levander, Andrew <andrew.levander@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Black, Martin <martin.black@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Vivek Tata <vtata@elsberglaw.com>; Shams Hirji

<SHirji@elsberglaw.com>; Park, Hayoung <Hayoung.Park@dechert.com>
**Cc:** QE Jane Street <qejanestreet@quinnemanuel.com>
**Subject:** RE: Jane Street v. Millennium |███████████ Document Production (09/18/2024)

Counsel,

Regarding the parties' privilege dispute as to the ███████ production, we are assessing whether these documents will be voluntarily produced notwithstanding the parties' dispute. To be clear, we view all privilege claims (including attorney-client and work product) as valid, but in order to determine whether this disagreement may be resolved without resorting to unnecessary motion practice, Jane Street is reviewing these documents to determine whether it will voluntarily produce any of the disputed documents in unredacted form, and if so, which.

However, our client requires additional time to make this determination. We request that you withhold any filing until tomorrow, and we plan to provide a final position by 4pm ET.

Best,
Jeff

**From:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>
**Sent:** Wednesday, October 9, 2024 12:04 AM
**To:** Jeffrey Miller <jeffreymiller@quinnemanuel.com>; Ari Wugalter
<ariwugalter@quinnemanuel.com>; Chiang, May <May.Chiang@dechert.com>; Brian Campbell
<BCampbell@elsberglaw.com>; Rollo Baker <rbaker@elsberglaw.com>; Levander, Andrew
<andrew.levander@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Black, Martin
<martin.black@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Strong, Ryan
<Ryan.Strong@dechert.com>; Vivek Tata <vtata@elsberglaw.com>; Shams Hirji
<SHirji@elsberglaw.com>; Park, Hayoung <Hayoung.Park@dechert.com>
**Cc:** QE Jane Street <qejanestreet@quinnemanuel.com>
**Subject:** RE: Jane Street v. Millennium |███████████ Document Production (09/18/2024)

[EXTERNAL EMAIL from asadinsky@elsberglaw.com]

Counsel,

We have sent an invite for 2pm tomorrow. We have reviewed your log. As an initial matter, , we note that the privilege log includes entries showing the ██████████████████████" We understand that this listserv name is drawn from the metadata, but we need a key to understand who is actually on these communications. Please let us know tomorrow all individuals who are on this listserv.

Additionally, please be prepared to explain when ████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████ Accordingly, there are no documents response to RFPs 25 and 33 that are in Quinn Emanuel's possession, custody, or control

or for Quinn Emanuel to provide to Jane Street." You likewise stated on July 16: "the email below continues to err and reference communications between ████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ "

Despite those repeated—and very clear—representations, Quinn Emanuel first appears on ████████████ privilege log on April 4, 2024, and is referenced in the privilege descriptions for *six* of the ten categories of documents. Please be prepared to explain clear error tomorrow, including by confirming (1) ██████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████████ ████████████████████████████████████

Furthermore, after reviewing your log, we continue to maintain, as we have since the parties first discussed Jane Street's improper privilege assertion on July 5, that all documents concerning Jane Street's ██████████████████████████████████████████ should be produced in full. The legal authority cited in your email below does not support your assertions of privilege and/or work product over these documents.

Our July 17 letter set forth our position clearly:

> [C]ommunications between a party and a public relations firm "in order to advance their litigation goals" or to "burnish[] [the party's] image" are not protected by the attorney-client privilege. *See, e.g.*, *In re Signet Jewelers Ltd. Sec. Litig.*, 332 F.R.D. 131, 136 (S.D.N.Y. 2019) (finding that none of the correspondence with the PR firm was "directed at giving or obtaining legal advice" and was therefore not protected by the attorney-client privilege), *aff'd*, No. 16 Civ. 6728 (CM) (SDA), 2019 WL 5558081 (S.D.N.Y. Oct. 23, 2019); *Haugh v. Schroder Inv. Mgmt. N. Am., Inc.*, No. 02 Civ. 7955 (DLC), 2003 WL 21998674, at *3 (S.D.N.Y. Aug. 25, 2003) ("Since [the plaintiff] has failed to show that the communications were made for the purpose of obtaining legal advice from her attorney as opposed to public relations advice from [the PR firm], the communications are not protected by the attorney-client privilege."). And even if any communications regarding ████████████████ ██████████████████████████████████████████████████████████████████████████
>
> ██████████████████ constitutes a waiver of the attorney-client privilege. *See, e.g.*, *In re Signet*, 332 F.R.D. at 137 ("The redacted portions of this document include communications with an attorney at Weil Gotshal, which would be privileged but for the fact that the communications included third parties from the PR firms, including Burson Marsteller and Ogilvy. The presence of these third parties on the communications acts as a waiver of the privilege."); *Ebin v. Kangadis Food Inc.*, No. 13-CV-02311 (JSR), 2013 WL 6085443, at *1 (S.D.N.Y. Nov. 12, 2013) ("These emails were sent to, *inter alia* non-attorney public relations agents ... and plaintiffs asserted that defendant had waived any attorney client privilege by copying such parties on the redacted emails .... The Court agrees.").

Although this email is not meant to be a complete recitation of all the reasons your privilege and/or

work product assertions are improper, a summary of our positions on a document-by-document basis are provided below.  **Please be prepared to give us your final position on each document on tomorrow's meet-and-confer.  We intend to raise this issue with the Court promptly thereafter, if necessary.**

Defendants reserve all rights and waive none.

Thanks,
Alex

| Document | Lower Thread | Defendants' Position |
|---|---|---|
| ██████████ ████████ | ██████████ ██████████ ██████████ ████████ | ███████████████████ ███████████████████ █████████████████████ █████████████████████ █████████████████████ ██████████████████ ████████████████ ██████████████████ ████████████████████ ██████████████ ████████████ ████████████████████ ██████████████████ ████████████████████ ███████████████████ |
| ████████████ ████████ | █████████████ █████████████ █████████████ █████████████ █████████████ █████████████ █████████████ █████████████ █████████████ █████████████ █████████████ █████████████ █████████████ █████████████ | █████████████████████ ██████████████████████ ██████████████████████ ████████████████████ ████████████████████ █████████████████████ █████████████████████ ██████████████████████ █████████████████████ ████████████████████ ██████████████████████ █████████████ |







Alexandra Sadinsky

Associate [Bio]

---

ELSBERG BAKER & MARURI PLLC [Web]

212.597.2636 (o)

860.287.2578 (m)

(she/her/hers)

---

**From:** Jeffrey Miller <jeffreymiller@quinnemanuel.com>

**Sent:** Tuesday, October 8, 2024 10:29 PM

**To:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Ari Wugalter <ariwugalter@quinnemanuel.com>; Chiang, May <May.Chiang@dechert.com>; Brian Campbell <BCampbell@elsberglaw.com>; Rollo Baker <rbaker@elsberglaw.com>; Levander, Andrew <andrew.levander@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Black, Martin <martin.black@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Strong, Ryan

<Ryan.Strong@dechert.com>; Vivek Tata <vtata@elsberglaw.com>; Shams Hirji
<SHirji@elsberglaw.com>; Park, Hayoung <Hayoung.Park@dechert.com>
**Cc:** QE Jane Street <qejanestreet@quinnemanuel.com>
**Subject:** RE: Jane Street v. Millennium | ▮▮▮▮▮▮  Document Production (09/18/2024)

Counsel,

We are providing the attached privilege log for the ▮▮▮▮ production. This privilege log is designated HC-AEO.
We reserve the right to modify, amend, or supplement this privilege log. Please note that this privilege log places e-
mails contained in the same chain in a single entry.

Regarding the below, the authorities you cite in your July 8 and July 17 communications expressly allow for
attorney-client privilege and work-product privilege to protect communications between a client, counsel, and a
public relations firm. We note that, consistent with *In re Signet Jewelers Ltd. Sec. Litig.*, 332 F.R.D. 131 (S.D.N.Y.
2019), protection has been asserted over documents and communications made or provided for the purpose of
performing "litigation task[s] that the attorneys needed to accomplish in order to advance their litigation goals." *Id.*
at 136; *see also Haugh v. Schroder Inv. Mgmt. N. Am., Inc.*, 2003 WL 21998674 (S.D.N.Y. Aug. 25, 2003) ("Where the
communications from the client to a consultant are made in confidence and 'for the purpose of obtaining legal
advice' from the attorney, the communication is privileged."). We further note that *Haugh* found that virtually all
challenged communications were protected by the work product privilege, and in *Ebin v. Kangadis Food Inc.*, 2013
WL 6085443 (S.D.N.Y. Nov. 12, 2013) the defendant, unlike here, did not assert work product protections.

Further, in response to your request, we will agree to withdraw the privilege claim for GAST00002973.

We are available to meet-and-confer regarding the privilege log at 2pm ET tomorrow.

Best,
Jeff

**From:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>
**Sent:** Tuesday, October 8, 2024 1:28 PM
**To:** Jeffrey Miller <jeffreymiller@quinnemanuel.com>; Ari Wugalter
<ariwugalter@quinnemanuel.com>; Chiang, May <May.Chiang@dechert.com>; Brian Campbell
<BCampbell@elsberglaw.com>; Rollo Baker <rbaker@elsberglaw.com>; Levander, Andrew
<andrew.levander@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Black, Martin
<martin.black@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Strong, Ryan
<Ryan.Strong@dechert.com>; Vivek Tata <vtata@elsberglaw.com>; Shams Hirji
<SHirji@elsberglaw.com>; Park, Hayoung <Hayoung.Park@dechert.com>
**Cc:** QE Jane Street <qejanestreet@quinnemanuel.com>
**Subject:** RE: Jane Street v. Millennium | ▮▮▮▮▮▮  Document Production (09/18/2024)

==[EXTERNAL EMAIL from asadinsky@elsberglaw.com]==

Counsel,

The parties discussed Jane Street's assertion of privilege over communications with ▮▮▮▮▮
during meet and confers on July 5 and July 23, and by email on July 5, July 8, July 10, July 11, July 12,

July 16, July 17, July 18, and July 24. We are familiar with the distinguishable authority you have cited and have provided you with applicable authority that holds that communications by and with public relations/media representatives are not privileged (absent circumstances not present here), including in our July 8 email and July 17 letter. At each turn, Jane Street has attempted to postpone resolution of this issue. *E.g.*, July 10 email from K. Sheehan (responding to our legal authority by stating: "Further discussions about which documents Jane Street may withhold on the basis of privilege are premature."); July 11 email from K. Sheehan (reiterating "Jane Street's position is that the parties are not at an impasse and any issues raised regarding privilege are premature"). Our position has not changed, and we are concerned that Jane Street's insistence on yet another meet-and-confer is an attempt to further delay court intervention on an issue on which the parties are clearly at impasse.

Nevertheless, we will review the privilege log you will provide today. Please let us know when you are available for a meet and confer tomorrow; we can be available between 8am-10am and 11am-3pm. In light of the parties' extensive discussions on this topic, please be prepared with your final positions so that we can seek relief from the Court after tomorrow's meet-and-confer if necessary.

Defendants reserve all rights and waive none.

Alexandra Sadinsky
Associate [Bio]

———————————
ELSBERG BAKER & MARURI PLLC [Web]
212.597.2636 (o)
860.287.2578 (m)
(she/her/hers)

---

**From:** Jeffrey Miller <jeffreymiller@quinnemanuel.com>
**Sent:** Tuesday, October 8, 2024 11:59 AM
**To:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Ari Wugalter <ariwugalter@quinnemanuel.com>; Chiang, May <May.Chiang@dechert.com>; Brian Campbell <BCampbell@elsberglaw.com>; Rollo Baker <rbaker@elsberglaw.com>; Levander, Andrew <andrew.levander@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Black, Martin <martin.black@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Vivek Tata <vtata@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>; Park, Hayoung <Hayoung.Park@dechert.com>
**Cc:** QE Jane Street <qejanestreet@quinnemanuel.com>
**Subject:** RE: Jane Street v. Millennium | ███████████ Document Production (09/18/2024)

Counsel,

The ███████ productions were made on September 18 and September 28. Writing to us on

October 7, demanding a response by noon of the following day on 59 separate documents is improper. We plan to produce the ████████ privilege log today, at which point we expect Defendants to engage in a good faith meet and confer process to discuss any challenges on these specific documents should they maintain those entries are deficient. We do not agree that the parties have "met and conferred extensively" given ████████ had not even conducted its document collection and counsel had not conducted its review at the time the Individual Defendants broadly asserted that it was impossible for privileged communications to exist, let alone as to these 59 documents.

Further, your view that communications involving a third-party agent are categorically not privileged is incorrect. There is ample authority that communications involving third parties can retain privilege (including attorney-client and/or work product). *See, e.g.*, *Pac. Life Ins. Co. v. Bank of N.Y. Mellon*, 2020 WL 6875170 (S.D.N.Y. Nov. 23, 2020) (finding certain communications between law firm, client, and third parties hired by client to be privileged); *In re Grand Jury Subpoenas Dated Mar. 24, 2003 Directed to (A) Grand Jury Witness Firm & (B) Grand Jury Witness*, 265 F. Supp. 2d 321 (S.D.N.Y. 2003) (finding communications between counsel, client, and public relations firm privileged); *In re Copper Mkt. Antitrust Litig.*, 200 F.R.D. 213 (S.D.N.Y. 2001) (finding communications between counsel, client, and public relations firm privileged); *Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, 2008 WL 4452134 (S.D.N.Y. Oct. 2, 2008) (finding disclosures to third-party retained work-product privilege); *see also Ramchandani v. CitiBank Nat'l Ass'n*, 2022 WL 2156225 (S.D.N.Y. June 15, 2022) (finding communications with internal public relations personnel related to dispute retained privileged). If you have case law to the contrary—*i.e.*, that communications involving third party agents categorically eliminate privilege—then please present that to us and we will consider it.

Best,
Jeff

**From:** Alexandra Sadinsky <ASadinsky@elsberglaw.com>
**Sent:** Monday, October 7, 2024 9:02 AM
**To:** Ari Wugalter <ariwugalter@quinnemanuel.com>; Chiang, May <May.Chiang@dechert.com>; Brian Campbell <BCampbell@elsberglaw.com>; Rollo Baker <rbaker@elsberglaw.com>; Levander, Andrew <andrew.levander@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Black, Martin <martin.black@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Vivek Tata <vtata@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>; Park, Hayoung <Hayoung.Park@dechert.com>
**Cc:** QE Jane Street <qejanestreet@quinnemanuel.com>
**Subject:** RE: Jane Street v. Millennium | ████████ Document Production (09/18/2024)

[EXTERNAL EMAIL from asadinsky@elsberglaw.com]

Counsel,

We have met and conferred extensively over Jane Street's ability to assert privilege over communications that Jane Street had with ████████ We informed you in our July 24 letter that "it

would be inappropriate to withhold *any* communications between Jane Street and ▮▮▮▮▮▮ ... on the basis of privilege," and we informed you that we would "promptly seek relief from the Court" if such documents were withheld.  Nonetheless, ▮▮▮▮▮▮ production includes 59 documents that were redacted or withheld on privilege grounds.  Please let us know by **noon tomorrow (October 8)** whether you are withdrawing any of these privilege assertions and, if so, which ones.





Defendants reserve all rights and waive none.

Thanks,

Alex


Alexandra Sadinsky

Associate [Bio]

---

**ELSBERG BAKER & MARURI PLLC** [Web]

212.597.2636 (o)

860.287.2578 (m)

(she/her/hers)

---

**From:** Ari Wugalter <ariwugalter@quinnemanuel.com>
**Sent:** Wednesday, September 18, 2024 6:10 PM
**To:** Chiang, May <May.Chiang@dechert.com>; Brian Campbell <BCampbell@elsberglaw.com>; Rollo Baker <rbaker@elsberglaw.com>; Levander, Andrew <andrew.levander@dechert.com>; Roberts, Daniel <Daniel.Roberts@dechert.com>; Black, Martin <martin.black@dechert.com>; Kateryna Shokalo <kshokalo@elsberglaw.com>; Strong, Ryan <Ryan.Strong@dechert.com>; Alexandra Sadinsky <ASadinsky@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Shams Hirji <SHirji@elsberglaw.com>; Park, Hayoung <Hayoung.Park@dechert.com>
**Cc:** QE Jane Street <qejanestreet@quinnemanuel.com>
**Subject:** RE: Jane Street v. Millennium | ███████████ Document Production (09/18/2024)

Dear Counsel:

Please see attached ███████ production letter. You can find the production at the ShareFile link below. The password for the zip archive will follow under separate cover momentarily.

████████████████

Sincerely,

Ari


**Ari Wugalter**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7692 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
ariwugalter@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.