**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
(212) 849-7116

WRITER'S EMAIL ADDRESS
deborahbrown@quinnemanuel.com

November 27, 2024

Hon. Paul A. Engelmayer
United States District Court,
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re: **Sealing Motion for Jane Street's Motion to Compel [Dkt. 257],**
*Jane Street Group, LLC v. Millennium Mgmt. LLC, et al.*, **No. 1:24-cv-2783 (S.D.N.Y.)**

Dear Judge Engelmayer:

We write on behalf of Plaintiff Jane Street Group, LLC ("Jane Street") in relation to the sealing letter (Dkt. 256) for Jane Street's Motion to Compel (Dkt. 257) and exhibits thereto (Dkts. 258, 258-1, 258-2).

Jane Street has confirmed with Defendants Millennium Management LLC ("Millennium"), Douglas Schadewald, and Daniel Spottiswood (together with Millennium, "Defendants") that they do not oppose the proposed redactions.

Jane Street requests that certain information containing Jane Street's proprietary, trade secret, and competitively sensitive information be sealed and redacted from the public docket. The narrow set of redactions Jane Street seeks are limited to particular words, phrases, and portions of sentences that fall within the type of information that courts in the Second Circuit allow to be redacted from the public record. *See, e.g., In re. Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1225-26 (Fed. Cir. 2013) (district court abused its discretion by denying request to seal confidential financial information). Jane Street's proposed limited redactions provide the public with ample information to understand the dispute. *See, e.g., Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018) (permitting proposed redactions where a "member of the public reviewing the parties' redacted submissions … would have information sufficient to understand the parties' arguments and the Court's adjudication").

**quinn emanuel urquhart & sullivan, llp**
ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

Jane Street has a serious and valid competitively sensitive interest in redacting and protecting its trade secrets and confidential information, including any "catnip" that could lead to interested parties deciphering those secrets. (4/19/24 Tr. at 22:12-23:9.) The importance of keeping Jane Street's proprietary and confidential information under seal cannot be overstated—this case has garnered significant media and industry attention, with media outlets reporting about the finance industry's attempts to discover Jane Street's proprietary trading strategies through the publicly available information in the pleadings. *See, e.g.*, Robin Wigglesworth, "Jane Street is big. Like, really, really big," Financial Times, April 29, 2024. (referencing "the now-legendary **Indian options** trade *that half of Wall Street is trying to unearth*.").

The parties request that the Court approve the redactions proposed in highlighting as an attachment to this letter, and identified in the table below.

| Proposed Redactions | Explanation |
|---|---|
| Dkt. 257 (Jane Street's Letter Motion to Compel) | First, the material redacted relates to or tends to reveal elements of Jane Street's trade secret trading strategies, including but not limited to the characters and implications of Jane Street's asserted proprietary trading strategies and Jane Street's proprietary research used to develop those strategies.<br><br>Second, the material redacted relates to the privacy of a third party former employee of Millennium. *See Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018). |
| Dkt. 258-1 (Millennium's Responses and Objections to Jane Street's Rule 30(b)(6) Notice, excerpted) | First, the material redacted relates to or tends to reveal elements of Jane Street's trade secret trading strategies, including but not limited to the characters and implications of Jane Street's asserted proprietary trading strategies and Jane Street's proprietary research used to develop those strategies.<br><br>Second, the material redacted relates to the privacy of Millennium personnel and witnesses; names of witnesses who have been proposed to provide corporate testimony but have not yet testified in this action. *See Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018). |
| Dkt. 258-2 (Text messages) | The material redacted relates to sensitive personal financial information of Individual Defendants; sensitive PII of Individual Defendants; and sensitive communications regarding potential contract negotiation, business strategy, and compensation. *See, e.g., Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017) (citing *Lown v. Salvation Army, Inc.*, No. 04-cv-01562 (SHS), 2012 WL 4888534, at *2 (S.D.N.Y. Oct. 12, 2012)); *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021). |

\*   \*   \*

The parties respectfully request that this Court approve the redactions identified above, and seal the unredacted version. The parties further respectfully request that, should the Court be inclined to view the proposed redactions as excessive in any way, the Court afford the parties further opportunity to address the Court's concerns.

Respectfully submitted,

*/s/ Deborah K. Brown*
Deborah K. Brown

Cc:   All Counsel of Record (via ECF)

GRANTED. The Court respectfully directs the Clerk of Court to terminate the motions pending at Dockets 256 and 262.
SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: December 2, 2024
        New York, New York